IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., and T.H.,<br><br>Plaintiffs,<br><br>v.<br><br>RED ROOF INNS, INC., FMW RRI NC, LLC, RED ROOF FRANCHISING, LLC, RRI WEST MANAGEMENT, LLC, VARAHI HOTEL, LLC, WESTMONT HOSPITALITY GROUP, INC., and RRI III, LLC,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-5263-MHC<br><br>JURY TRIAL DEMANDED<br>Pursuant to Fed. R. Civ. P. 38 |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This action involves claims by Plaintiffs W.K., E.H., M.M., R.P., M.B., D.P., and A.F. against Defendants Westmont Hospitality Group, Inc. ("Westmont"), Red Roof Inns, Inc. ("RRI"), FMW RRI NC, LLC ("FMW"), Red Roof Franchising, LLC ("Red Roof Franchising"), RRI West Management, LLC ("RRI West"), RRI III, LLC ("RRI III") (collectively "RRI Westmont Defendants"), and Varahi Hotel, LLC ("Varahi"), for damages arising out of

1

Defendants' alleged negligence and alleged violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (O.C.G.A. § 16-14-4) and the Trafficking Victims Protection Reauthorization Act ("TVPRA") (18 U.S.C. § 1595). Plaintiffs allege that Defendants allowed them to be sold for sex at hotels under the Defendants' control in violation of state and federal law. Plaintiffs further allege that Defendants knowingly profited from the sex trafficking of Plaintiffs. Plaintiffs seek all relief available to them, including, but not limited to, damages and attorneys' fees.

Defendants deny all of Plaintiffs' claims and reserve the right to assert affirmative defenses.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiffs' summary of facts:

Plaintiffs allege injuries and damages arising from the sex trafficking of W.K., E.H., M.M., R.P., M.B., D.P., and A.F. at 2200 Corporate Plaza, Smyrna, Georgia, 30080 (the "Smyrna Red Roof") and the sex trafficking of W.K. and R.P. at the Red Roof Plus+ located at 1960 North Druid Hills Road NE, Atlanta, Georgia, 30329 ("Atlanta Red Roof") from 2010 to 2018.

Plaintiffs specifically allege that Defendants controlled the Smyrna and Atlanta Red Roofs and profited from sex trafficking at both locations, making

them liable for damages. During the relevant times, FMW and Varahi acted as the franchisee owners of the Smyrna Red Roof, while RRI III acted as the franchisee owner of the Atlanta Red Roof. RRI West acted as the manager of the Smyrna and Atlanta Red Roofs. Red Roof Franchising had franchise agreements with FMW, Varahi, and RRI III and acted as the franchisor for the Atlanta and Smyrna Red Roofs. RRI owns Red Roof Franchising. And Westmont owns RRI, RRI III, FMW, and RRI West.

Plaintiffs assert that (1) Defendants knew or should have known that the Smyrna and Atlanta Red Roofs violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") and knowingly benefited from participation in ventures that it knew or should have known engaged in sex trafficking in violation of the TVPRA; (2) Defendants knowingly permitted the Smyrna and Atlanta Red Roofs to be used for prostitution in violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO") and (3) Defendants knew or should have known of the foreseeable risk of sex trafficking, prostitution, and other crimes at the Smyrna and Atlanta Red Roofs and are liable to Plaintiffs for their negligence under Georgia law in not taking steps to address the risk.

RRI Westmont Defendants' summary of facts:

RRI Westmont Defendants deny sex trafficking occurred at the Smyrna and Atlanta Red Roof Inns. To the extent Plaintiffs were trafficked, RRI Westmont Defendants deny they knew, or should have known sex trafficking was occurring at the Smyrna and Atlanta Red Roof Inns. Additionally, Defendant Red Roof Franchising was a franchisor of the subject properties and it did not exert control over the operations of the Smyrna and Atlanta Red Roof Inns, and was not inextricably connected to the renting of rooms at these properties. As a result, the RRI Westmont Defendants cannot be liable for the claims Plaintiffs have asserted.

Varahi's summary of facts:

Varahi denies sex trafficking occurred at the Smyrna Roof Inn while it owned that franchise location. To the extent Plaintiffs were trafficked, Varahi denies that it knew, or should have known sex trafficking was occurring at the Smyrna Red Roof Inn. Additionally, Varahi owned the Smyrna Red Roof Inn after December 2012 and cannot be liable for the claims Plaintiffs have asserted for incidents occurring before that time.

    (c)    The legal issues to be tried are as follows:

        (1)    Whether Defendants engaged in racketeering activity, in violation of O.C.G.A. §§ 16-6-9, 16-6-10, 16-6-11, 16-14-3, and/or 16-5-46.

(2) Whether Westmont, FMW, RRI West, RRI, Red Roof Franchising, and Varahi (Collectively "Smyrna Red Roof Defendants") violated the TVPRA, 18 U.S.C. § 1595.

(3) Whether Westmont, RRI III, RRI West, RRI, and Red Roof Franchising (Collectively "Atlanta Red Roof Defendants") violated the TVPRA, 18 U.S.C. § 1595.

(4) Whether Smyrna Red Roof Defendants RRI, Red Roof Franchising, and Varahi violated the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-4.

(5) Whether Atlanta Red Roof Defendants violated the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-4.

(6) Whether Smyrna Red Roof Defendants are liable to Plaintiffs W.K., E.H., M.M., R.P., M.B., and D.P. in negligence.

(7) Whether Atlanta Red Roof Defendants are liable to Plaintiffs W.K. and R.P. in negligence.

(8) Whether the Defendants are liable to Plaintiffs for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, punitive damages.

(9) Whether the Defendants are liable to Plaintiffs for reasonable attorneys' fees.

(10)   Any additional legal issues raised by any affirmative defenses or counterclaims Defendants may assert.

## **By Defendants:**

1. Whether Defendants owed any duty to Plaintiffs;

2. Whether Defendants breached any duty owed to Plaintiffs;

3. Whether Defendants breached any duty owed to Plaintiffs that were the proximate cause of their alleged injuries;

4. Whether Defendants can be held liable under the Georgia RICO Act;

5. Whether Defendants can be held liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a);

6. Whether RRI Westmont Defendants can be held vicariously liable for the acts or omissions of its franchisees;

7. Whether Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative or contributory negligence;

8. Whether any of Plaintiffs' claims are barred by the applicable statute of limitation(s);

9. Whether Plaintiffs are entitled to punitive damages;

10. Whether Plaintiffs are entitled to any damages, and if so, the amount of said damages;

11. The type of damages to be awarded, if any

12. Other issues that may be identified later during discovery.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

- *Jane Doe 1 v. Red Roof Inns, Inc., et al.*, Civil Action No. 1:19-cv-3840 (N.D. Ga.)
- *Jane Doe 2 v. Red Roof Inns, Inc., et al.*, Civil Action No. 1:19-cv-3841 (N.D. Ga.)
- *Jane Doe 3 v. Red Roof Inns, Inc., et al.*, Civil Action No. 1:19-cv-3843 (N.D. Ga.)
- *Jane Doe 4 v. Red Roof Inns, Inc., et al.,* Civil Action No. 1:19-cv-3845 (N.D. Ga.)
- *E.F. v. Red Roof Inns, Inc., et al.,* Civil Action No. 1:20-cv-04373 (N.D. Ga.) (RRI Westmont Defendants believe this case is related, but Plaintiff disagree.)

- *C.A., et al. v. Extended Stay America, et al.*, Civil Action No. 1:21-cv-00957-SDG (N.D. Ga.)

    (2) Previously Adjudicated Related Cases:

    None.

2. **This case is complex because it posses one or more of the features listed below (please check):**

    ___ (1) Unusually large number of parties
    ___ (2) Unusually large number of claims or defenses
    _X_ (3) Factual issues are exceptionally complex
    _X_ (4) Greater than normal volume of evidence
    _X_ (5) Extended discovery period is needed
    _X_ (6) Problems locating or preserving evidence
    ___ (7) Pending parallel investigations or action by government
    _X_ (8) Multiple use of experts
    ___ (9) Need for discovery outside United States boundaries
    ___ (10) Existence of highly technical issues and proof
    ___ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

    The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| Plaintiffs: | John E. Floyd<br>Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-4100<br>Facsimile:  (404) 881-4111 |
| Defendants FMW RRI NC, LLC; Red Roof Franchising, LLC; Red Roof Inns, Inc.; | Charles K. Reed<br>Lewis Brisbois Bisgaard & Smith LLP<br>1180 Peachtree Street, N.E., Suite 2900 |

7

#3193257v1

| | |
|---|---|
| RRI III, LLC; RRI West Management, LLC; and Westmont Hospitality Group, Inc.: | Atlanta, Georgia 30309<br>Telephone: (404) 348-8585<br>Facsimile:  (404) 467-8845 |
| For Defendant Varahi Hotel, LLC: | C. Shane Keith<br>Hawkins Parnell & Young, LLP<br>303 Peachtree Street, N.E., Suite 4000<br>Atlanta, Georgia 30308<br>Telephone: (404) 614-7400<br>Facsimile:  (404) 614-7500 |

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____ Yes          __X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  Where there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

None

By Defendants: Defendants reserve the right to assert the fault of non-parties as allowed by Georgia law.

(b)     The following persons are improperly joined as parties:

None

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

At this time, the parties do not anticipate the need to amend the pleadings.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties agree that initial disclosures are appropriate in this action.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed
<u>Plaintiff believes that discovery will be needed on the following topics:</u>

- Defendants' communications, policies, and procedures regarding sex trafficking and signs of sex trafficking.

- Defendants' knowledge of sex trafficking at Smyrna and Atlanta Red Roofs.

- Defendants' relationships with each other and the Smyrna and Atlanta Red Roofs.

- Defendants' employee training policies and practices.

- Defendants' hiring policies and practices.

- Defendants' security policies and practices.

- Defendants' policies and procedures concerning customer complaints.

- Defendants' policies and procedures concerning employee complaints.

- Defendants' policies and procedures concerning hotel incidents involving police.

- Smyrna and Atlanta Red Roofs' refund policy after check-in.

- Defendants' responses to complaints of sex trafficking.

<u>Defendants believe that discovery will be needed on the following topics:</u>

- The alleged incidents of trafficking of Plaintiffs.

11

#3193257v1

- The identities of the alleged traffickers.

- The actions of the alleged traffickers.

- The relationships between Plaintiffs and between Plaintiffs and the alleged traffickers.

- Plaintiffs' communications to include but not limited to communications with alleged traffickers, other victims, sex trafficking advocates, medical providers, and law enforcement.

- Plaintiffs' relationships with sex traffickers, other victims, and sexual encounters at the subject properties.

- Plaintiffs' sex advertisements and solicitation methods.

- Plaintiffs' factual allegations regarding Defendants.

- The nature and extent of Plaintiffs' damages.

- Expert opinions and discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties have discussed the need for some flexibility in the discovery schedule in this action, to permit the parties, where possible, to coordinate with discovery in the related cases (*Jane Does 1-4*, identified above). Specifically, the parties intend to commence with written and document discovery, and then proceed with depositions and expert discovery with the goal of coordinating

depositions of Plaintiffs, Defendants and other witnesses who overlap in the related cases.

A proposed scheduling order is attached as Exhibit A.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties state that no limitations are required at this time. However, the parties reserve the right to change the discovery limitations by mutual agreement of the parties, for good cause shown, or by order of the Court.

(b) Is any party seeking discovery of electronically stored information?

__X_ Yes  ____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties are actively discussing the production of electronically stored information, including potential sources of information and the scope of such productions. The parties anticipate reaching an agreement that will govern the production of ESI in this action.

13

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties are actively discussing the production of electronically stored information, including the format for the production.  The parties anticipate reaching an agreement and will enter an ESI protocol that will govern the production of ESI in this action.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

In the event the parties are unable to reach an agreement within a reasonable time following the submission of the Joint Preliminary Report and Discovery Plan, the parties will request a scheduling conference.

**12.   Other Orders:**

What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

At this time, the parties anticipate filing a proposed stipulated protective order.  Other than this proposed order, the parties do not believe any orders under Rule 26(c) or Rule 16(b) and (c) are necessary at this time.

**13.   Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 5, 2021, and that

14

#3193257v1

they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs:
Lead counsel (signature):                                     /s/ John E. Floyd

        Other participants: Tiana S. Mykkeltvedt

For Defendants:
FMW RRI NC, LLC; Red Roof
Franchising, LLC; Red Roof Inns, Inc.;
RRI III, LLC; RRI West Management, LLC;
and Westmont Hospitality Group, Inc.
Lead counsel (signature):                                     /s/ Charles K. Reed

        Other participants:

For Defendant Varahi Hotel, LLC:
Lead counsel (signature):                                     /s/ C. Shane Keith

        Other participants:
        P. Michael Freed, Adi Allushi, and Elliott C. Ream

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (\_\_\_\_) A possibility of settlement before discovery.
        (\_X\_\_) A possibility of settlement after discovery.
        (\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
        (\_\_\_\_) No possibility of settlement.

    (c)    Counsel (\_\_\_\_) do or (\_X\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____, 20\_\_\_.

    (d)    The following specific problems have created a hindrance to settlement of this case.

15

14. **Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

This 19th day of  April 2021

| | |
|---|---|
| */s/ Tiana S. Mykkeltvedt* | */s/Adi Allushi* |
| John E. Floyd | Charles K. Reed |
| Georgia Bar No. 266413 | Georgia Bar No. 597597 |
| floyd@bmelaw.com | chuck.reed@lewisbrisbois.com |
| Tiana S. Mykkeltvedt | P. Michael Freed |
| Georgia Bar No. 533512 | Georgia Bar No. 061128 |
| mykkeltvedt@bmelaw.com | michael.freed@lewisbrisbois.com |
| Manoj S. Varghese | Adi Allushi |
| Georgia Bar No. 734668 | Georgia Bar No. 852810 |
| varghese@bmelaw.com | adi.allushi@lewisbrisbois.com |
| Amanda Kay Seals | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
| Georgia Bar No. 502720 | 1180 Peachtree Street, N.E. |
| seals@bmelaw.com | Suite 2900 |
| Michael R. Baumrind | Atlanta, Georgia 30309 |
| Georgia Bar No. 960296 | (404) 348-8585 – Telephone |
| baumrind@bmelaw.com | (404) 467-8845 – Facsimile |
| Amanda D. Bradley | |
| Georgia Bar No. 560602 | *Attorneys for Defendants Red Roof Inns, Inc.; FMW RRI NC, LLC; Red Roof Franchising, LLC; RRI West Management, LLC; Westmont Hospitality Group, Inc., and RRI III, LLC* |
| bradley@bmelaw.com | |
| **BONDURANT, MIXSON & ELMORE, LLP** | |
| 1201 W. Peachtree St., N.W., Suite 3900 | |
| Atlanta, Georgia 30309 | |
| (404) 881-4100 – Telephone | |
| (404) 881-4111 – Facsimile | |

| | |
|---|---|
| Patrick J. McDonough<br>Georgia Bar No. 489855<br>pmcdonough@atclawfirm.com<br>Jonathan S. Tonge<br>jtonge@atclawfirm.com<br>Georgia Bar No. 303999<br>**ANDERSEN, TATE & CARR, P.C.**<br>One Sugarloaf Centre<br>1960 Satellite Boulevard, Suite 4000<br>Duluth, Georgia 30097<br>(770) 822-0900 – Telephone<br>(770) 822-9680 – Facsimile<br><br>*Attorneys for Plaintiffs* | */s/ C. Shane Keith*<br>C. Shane Keith<br>Georgia Bar No. 411317<br>skeith@hpylaw.com<br>Elliott C. Ream<br>Georgia Bar No. 528281<br>eream@hpylaw.com<br>Warner S. Fox<br>Georgia Bar No. 272654<br>wfox@hpylaw.com<br>**HAWKINS PARNELL & YOUNG, LLP**<br>303 Peachtree Street, N.E.<br>Suite 4000<br>Atlanta, Georgia 30308<br>(404) 614-7400 – Telephone<br>(404) 614-7500 – Facsimile<br><br>*Attorneys for Defendant Varahi Hotel, LLC* |

#3193257v1

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Honorable Mark H. Cohen
Judge, USDC
Northern District of Georgia

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2021, I filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN using the Court's CM/ECF system which will automatically send notification to counsel of record.

*/s/Tiana S. Mykkeltvedt*

#3193257v1

## Exhibit A:  Scheduling Order

| | |
|---|---|
| April 19, 2021 | Discovery opens |
| August 15, 2021 | Substantial completion of written, document & ESI discovery |
| November 15, 2021 | Completion of fact witness depositions<br><br>(The parties will cooperate to schedule fact witness depositions to reduce the need for multiple depositions of the same witness). |
| December 15, 2021 | Designation of expert witnesses and disclosure of expert reports |
| February 1, 2022 | Designation of rebuttal experts (experts whose testimony is solely in rebuttal to expert witness disclosure previously made) and disclosure of rebuttal expert reports |
| March 15, 2022 | Completion of depositions of expert witnesses |
| April 15, 2022 | Deadline for motions for summary judgment and Daubert motions |