**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P.,<br>A.F., C.A., R.K., T.H., and K.P.,<br>Plaintiffs,<br>v.<br><br>RED ROOF INNS, INC., et al.,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.<br>1:20-CV-05263-VMC |

**DEFENDANT WESTMONT HOSPITALITY GROUP, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS**

Defendant Westmont Hospitality Group, Inc.'s ("Defendant" or "Westmont") respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment Against Plaintiffs W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., T.H., and K.P (collectively "Plaintiffs").[1]

## I. INTRODUCTION

This action involves claims by Plaintiffs against Defendant Westmont for damages arising out of alleged violations of: (1) the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A § 16-14-4(a) and (c) (Counts V-

[1] Plaintiffs' Second Amended Complaint alleges that Westmont is liable to Plaintiffs W.K., M.M., R.P., A.F., C.A., R.K., and K.P. as the remaining Plaintiffs do not allege they were trafficked at a corporate location. (Pls.' Sec. Am. Compl. ¶ 367).

VI and IX-X); (2) the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, (Counts III, VII, and XI); (3) and negligence (Counts IV, VIII, and XII). Plaintiffs' Second Amended Complaint contains allegations of sex trafficking involving two separate Red Roof Inn locations: (1) the Red Roof property at 2200 Corporate Plaza, Smyrna, Georgia 30080 ("Smyrna RRI" or "Smyrna Property"), and (2) the Red Roof property at 1960 North Druid Hills Road, Atlanta, GA 30329 ("Buckhead RRI" or "Buckhead Property"). (Pls.' Sec. Am. Compl. ("SAC") ¶¶ 1, 4, 11).

Plaintiffs' claims fail as a matter of law because there is no evidence Westmont controlled either the Smyrna RRI or the Buckhead RRI via Red Roof Inns, Inc. ("RRI"), FMW RRI NC, LLC ("FMW"), Red Roof Franchising, LLC ("RRF"), RRI West Management, LLC ("RRI West"), and RRI III, LLC ("RRI III"), Varahi Hotel, LLC ("Varahi") (collectively "Remaining Defendants"). Westmont, therefore, is entitled to summary judgment as to each of Plaintiffs' claims.

## II. RELEVANT FACTS

### A. <u>Plaintiffs' Complaints and Allegations</u>.

Plaintiffs claim that Westmont RRI jointly own, operate, and profit from Red Roof hotels around the country, including the Buckhead RRI and Smyrna RRI. (SAC ¶ 363). Plaintiffs further allege that Westmont owns RRI. (*Id.* ¶ 364). Plaintiffs claim

that Westmont, with and through FMW and RRI West, controlled the Smyrna RRI during the 2010-2012 period of corporate ownership of the property. (*Id.* ¶ 370). Plaintiffs further allege that Westmont, with and through RRI III and RRI West, controlled the Buckhead RRI from 2009 through 2017. (*Id.* ¶ 380).

**B. <u>Westmont Hospitality Group, Inc</u>.**

Plaintiffs present no evidence Westmont has any relationship whatsoever to the Remaining Defendants or the subject properties. Plaintiffs simply based their allegations on speculations based on a Westmont Hospitality Group website ("WHG Website").[2] According to the WHG Website, Westmont Hospitality Group ("WHG") is an owner and operator of hotels around the globe. The legal entity and Defendant Westmont, however, is not related to WHG or the business represented in its website. Instead, Westmont was created to hold common shares of stock. (Westmont 30(b)(6) Dep. at 34:23–35:6). Westmont has no employees, board of directors, officers or directors, partners, or affiliates. (*Id.* at 35:13-23, 41:24-25). Westmont does not hold direct interest in any Red Roof hotels. (*Id.* at 36:5-7). Westmont does not hold interest in any entity that has an ownership interest in any Red Roof hotels. (*Id.* at 36:8-10). Westmont, therefore, has no direct or indirect

---

[2] Westmont Hospitality Group, www.whg.com, (last visited January 20, 2023).

interest in either the Buckhead RRI or the Smyrna RRI. (*See* Westmont 30(b)(6) Dep. at 36:5-15). Moreover, Westmont does not hold any interest in RRI or RRI West. (*Id.* at 38:12-22). Essentially, "the company does nothing. It owns nothing. It has no employees." (*Id.* at 36:23-24).

Westmont does not have any corporate affiliations or interest in other companies. (*Id.* at 42:7-9). Westmont has no affiliations with any properties or hotels and does not own or operate any hotels. (*Id.* at 42:19-21). Because Westmont does not own or operate any hotels or otherwise affiliate with any hotels, "Westmont does receive any profits from any hotels[.]" (*Id.* at 43:1-3). There is no relationship between Westmont and RRI. (*Id.* at 98:3-8). Further, there is no relationship between Westmont and Varahi. (*Id.* at 139:24-6).

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. **The Summary Judgment Standard**.

Federal Rule of Civil Procedure 56(c) allows for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Herzog v. Castle Rock Entm't*, 193 F.3d

1241, 1246 (11th Cir. 1999). However, once the moving party has met this burden, the burden shifts to the nonmovant who must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("[W]here the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.").

**B. Westmont is Entitled to Summary Judgment on all Plaintiffs' Claims Because it Has No Relationship to Any of The Defendants or Properties**

There is no evidence Westmont controlled either the Smyrna RRI or the Buckhead RRI via RRI, FMW, RRF, RRI West, RRI III, or Varahi. Westmont was not, and is not, a parent or subsidiary of any of the Remaining Defendants; Westmont, in fact, does not have any affiliation to the Remaining Defendants. (Westmont 30(b)(6) Dep. 36:5-10). At best, Plaintiffs allege an agency relationship between Westmont and the Remaining Defendants.

The Eleventh Circuit has made it clear that "Generally, the existence of an agency relationship is a question of fact; however, when the moving party fails to produce any supportive evidence or when the evidence presented is so unequivocal that reasonable persons could reach but one conclusion, that question of fact becomes a question of law to be determined by the court. *Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1311 (11th Cir. 2019) (citing *Hickman v.*

*Barclay's Int'l Realty, Inc.*, 5 So. 3d 804, 806 (Fla. 4th Dist. Ct. App. 2009)). "[A]n agency relationship may be express or implied from apparent authority, and the burden of proving the agency belongs to the party asserting it." *Id.* (citing *Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 255 (Fla. 3d Dist. Ct. App. 2013)).

"Essential to the existence of an actual agency relationship is (1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." *Id*. (citing Goldschmidt v. Holman, 571 So. 2d 422, 424 n.5 (Fla. 1990)). "The key element in establishing actual agency is the control by the principal over the actions of the agent." Hickman, 5 So. 3d at 806. "And it is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship." *Id.*

Here, Westmont has presented evidence under oath by its corporate 30(b)(6) representative, Brianne Austin, that Westmont did not, and does not, have any relationship with the Remaining Defendants or the two subject properties. (Westmont 30(b)(6) Dep. at 36:5-10). Thus, the agency allegations are a question of law, and the burden is on Plaintiffs to prove agency. Moreover, no evidence exists to show that: (1) Westmont acknowledged the Remaining Defendants acted on its

behalf; (2) the Remaining Defendants accepted any undertaking by Westmont; or (3) Westmont controlled the Remaining Defendants. Thus, Westmont is not, and cannot be, liable to Plaintiffs for any of the claims and counts alleged in Plaintiffs' Second Amended Complaint as a matter of law because at no time did Westmont ever own, occupy, or manage either the Smyrna or Buckhead Property, and in no way did Westmont exercise control or possession over these properties.

Respectfully submitted this 20th day of January, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

LEWIS BRISBOIS BISGAARD
& SMITH LLP
Bank of America Plaza
600 Peachtree Street, NE, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com
Emma.Fennelly@lewisbrisbois.com

*/s/ Adi Allushi*
CHARLES K. REED
Georgia Bar No. 597597
ADI ALLUSHI
Georgia Bar No. 852810
EMMA J. FENNELLY
Georgia Bar No. 610587

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, Westmont Hospitality Group, Inc. and RRI III, LLC*