IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K., *et al.*, | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | 1:20-cv-05263-VMC |
| RED ROOF INNS, INC., *et al.*, | |
| Defendants. | |

## Defendant Varahi Hotel, LLC's Motion to Sever

Varahi Hotel, LLC, one of the Defendants in this case, hereby moves, pursuant to Fed. R. Civ. P. 21 or 42(b), to either (1) sever the claims of the plaintiffs against the Smyrna Red Roof so that each Plaintiff with a claim for alleged trafficking at that hotel proceeds individually against the Defendants that she claims damaged her at that hotel or (2) sever the claims against the Varahi-owned Smyrna Red Roof from those against the Atlanta Red Roof and the other Red Roof Defendants, such that the claims of the five Plaintiffs with claims against Varahi are severed from the claims against the Atlanta Red Roof and those that predate Varahi's ownership of the Smyrna Red Roof.[1]

In either event, Varahi seeks to finally impart some fairness into this proceeding such that it is not (1) lumped together with a different hotel over which it has no

---

[1] While this Motion speaks in terms of "severance," which involves Rule 21, the relief sought could also be accomplished by ordering separate trials under Rule 42. Given the sheer number of unrelated claims, this case is already complicated enough and trying to term the relief sought as "either severance or separation" seems needlessly wordy given the relief sought. Moreover, since "the [separate trial] considerations under Rule 42(b) are similar to the [severance] considerations under Rule 21," Varahi will simply speak in terms of Rule 21 severance. *Brown v. Vivint Solar, Inc.*, 2020 U.S. Dist. LEXIS 81484, at *5 (M.D. Fla. May 8, 2020). But, Varahi notes, it is not tied to mechanism by which the separate trials are ordered, only the result.

control and (2) forced to try the claims against it tried alongside the claims of many, many individuals that have no claims against it. While Varahi recognizes that this will require additional trials (assuming the claims survive summary judgment), the notions of fairness, reduction of confusion and a complete lack of overlapping evidence as to the vast majority of the claims all weigh in favor of severance here.

Pursuant to Fed. R. Civ. P. 21, severance of the claims of individual Plaintiffs' claims *or* the Varahi-only claims is proper here because (1) each Plaintiff presents individual and particularized claims, (2) the distinct claims against the Atlanta Red Roof Defendants do not present common questions of fact or law with the claims against Varahi, (3) the majority of the claims involve different witnesses and evidence, and (4) trying all claims together would severely prejudice Varahi. As such, Varahi respectfully requests that the Court sever Plaintiffs' claims.

Respectfully submitted this 16th day of February 2023.

|  | **HAWKINS PARNELL & YOUNG, LLP** |
|---|---|
|  | /s/ *C. Shane Keith* |
| 303 Peachtree Street, N.E. | Warner S. Fox |
| Suite 4000 | Georgia Bar No. 272654 |
| Atlanta, Georgia 30308-3243 | C. Shane Keith |
| (404) 614-7400 | Georgia Bar No. 411317 |
| (855) 889-4588 (facsimile) | Elliott C. Ream |
| wfox@hpylaw.com | Georgia Bar No. 528281 |
| skeith@hpylaw.com |  |
| eream@hpylaw.com | *Counsel for Defendant* |
|  | *Varahi Hotel, LLC* |

### LR 7.1(D), N.D. Ga. Certificate of Compliance

I certify this motion was prepared with Book Antiqua, 13-point font, one of the font and point selections approved by the Court in LR 5.1C, N.D. Ga.

> */s/ C. Shane Keith*
> C. Shane Keith
> Georgia Bar. No. 411317

### Certificate of Service

This is to certify that on the 16th day of February 2023, the foregoing **Defendant Varahi Hotel, LLC's Motion to Sever** was filed with the Clerk of Court using the EM/ECF system which will send e-mail notification to all counsel of record for this matter.

> */s/ C. Shane Keith*
> C. Shane Keith
> Georgia Bar. No. 411317