# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| W.K., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RED ROOF INNS, INC., et al.<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-05263-VMC<br><br>JURY TRIAL DEMANDED<br><br>Pursuant to Fed. R. Civ. P. 38 |

## PLAINTIFFS' RESPONSE TO RED ROOF'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFFS' EXPERT

This Court should defer ruling on Red Roof's Motion in Limine #9, which seeks to preclude Anique Whitmore from offering any assessment of the individual Plaintiffs. As Plaintiffs explained in their motion for leave to recall Ms. Whitmore, her expert testimony falls into two categories: (1) general testimony regarding sex trafficking without regard to any specific Plaintiff, which Red Roof does not seek to exclude; and (2) a psychological assessment of the individual Plaintiffs.

As to this second category, and contrary to Red Roof's assertion, Ms. Whitmore did not base her assessment on outlines provided by counsel. Red Roof asked her directly if those outlines informed her interviews of the Plaintiffs "at all"

1

and Ms. Whitmore said "No."[1] When asked again in 2024, she testified that she simply "used [the outlines] as an introduction."[2] As she has repeatedly testified, her conclusions are based on her decades of experience interviewing hundreds of sex trafficking victims and her similar interviews with the Plaintiffs, along with a review of various documents in this case.[3]

Plaintiffs expect Ms. Whitmore to draw on this experience and information and observe Plaintiffs' testimony at trial to offer testimony, *if necessary*, that each Plaintiff's account of her experiences—including vulnerabilities, the traffickers' methods of recruitment and control, and the Plaintiff's conduct before, during, and after trafficking—is consistent with what Ms. Whitmore has seen from other sex trafficking victims.

This is particularly important if, as Red Roof did in discovery, Red Roof's cross examination of Plaintiffs suggests they were not victims but "voluntary" prostitutes. For example, Red Roof has suggested that if a Plaintiff had access to a phone but did not call for help or interacted with police and family members but did not tell them she was being trafficked, this means they weren't behaving like a sex

---

[1] *See* Whitmore Nov. 17, 2022 Dep. Tr. (Doc. 351) 146:14–147:4.
[2] Whitmore May 2, 2024 Dep. Tr. (Doc. 480-2) 288:16–289:4.
[3] *See, e.g.*, Whitmore Nov. 17, 2022 Dep. Tr. (Doc. 351) at 238:2–24 (explaining that her individual assessment was based on "self-report … [m]edical reports, witness reports"); *id.* 292:21–293:2 (explaining that her individual assessment was also based on her experience).

trafficking victim.[4] If Red Roof asks similar questions at trial, Ms. Whitmore can address it, if appropriate, and explain whether that testimony is or is not consistent with what she has seen from other sex trafficking victims. It may be that Ms. Whitmore's general testimony offered earlier in trial obviates the need for this additional testimony as to the specific Plaintiffs, which is one reason why Plaintiffs requested leave to recall her later in the trial. But this assessment is better made after the Plaintiffs have testified.

Likewise, this Court should not determine whether Ms. Whitmore's testimony will be cumulative of the testimony of other witnesses until it views the other testimony at trial. As one district court has observed, courts generally wait until trial to rule on Rule 403 motions based on purported cumulative testimony "so that the Court can ascertain whether the evidence is cumulative of other admissible evidence in the proper context."[5] Plaintiffs do not intend to offer Ms. Whitmore's opinions

---

[4] *See, e.g.*, M.M. Dep. Tr. (Doc. 242) 235:20–236:14 (explaining that she did not use the phone to call for help or seek help from her brother); R.K. Dep. Tr. (Doc. 245) 276:5–15; C.A. Dep. Tr. (Doc. 252) 91:8–92:13 (testifying about how she did not ask police for help); A.F. Dep. Tr. 186:6–187:9, 188:12–189:6 (explaining how her trafficker initially was "pretty nice," luring her out of her parents' house, and how she later was too afraid to ask for help); D.P. Dep. Tr. (Doc. 240) 169:24–170:15.

[5] *Griffin v. Coffee Cnty.*, 623 F. Supp. 3d 1365, 1380 (S.D. Ga. 2022) (internal quotation marked omitted); *accord Sampson v. Carnival Corp.*, No. 15-24339-CIV, 2016 WL 11547658, at *3 (S.D. Fla. Dec. 12, 2016) (collecting cases).

3

regarding individual Plaintiffs if such opinions simply repeat the testimony of other witnesses, including the Plaintiffs themselves.

Because this Court will be better positioned to rule on Motion in Limine #9 at trial, this Court should deny the motion *in limine* and defer ruling on admissibility until the testimony is proffered, if at all, at trial.

*Signature follows on the next page.*

This 22nd day of May, 2024.

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*/s/ Michael R. Baumrind*
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com
Manoj S. Varghese
Georgia Bar No. 734668
varghese@bmelaw.com
Amanda Kay Seals
Georgia Bar No. 502720
seals@bmelaw.com
Michael R. Baumrind
Georgia Bar No. 960296
baumrind@bmelaw.com
Juliana Mesa
Georgia Bar No. 585087
mesa@bmelaw.com

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree St., NW, Ste 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

***Attorneys for Plaintiffs***

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1.  This document was prepared in Times New Roman 14 point font.

*/s/ Michael R. Baumrind*
Michael R. Baumrind
Georgia Bar No. 960296

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFFS' RESPONSE TO RED ROOF'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFFS' EXPERT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 22nd day of May 2024.

/s/ *Michael R. Baumrind*
Michael R. Baumrind
Georgia Bar No. 960296