EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., AND K.P. | * * | |
| Plaintiffs, | * | Civil Action File No.: |
| v. | * | 1:20-cv-05263-VMC |
| RED ROOF INNS, INC., *et. al.*, | * | |
| Defendants. | * | |
| JANE DOE 1-4, | * | |
| Plaintiffs, | * | Civil Action File No.: |
| v. | * | 1:21-04278-WMR |
| RED ROOF INNS, INC., *et. al.*, | * | |
| Defendants. | * | |
| J.A., | * | |
| Plaintiff | * | Civil Action File No.: |
| v. | * | 1:21-CV-03655-TWT |
| RED ROOF INNS, INC., *et. al.*, | * | |
| Defendants. | * | |

**EXPERT WITNESS REPORT OF MATTHEW W. NORMAN, M.D.**

those individuals that develop PTSD, about thirty (30%) percent recover completely, forty (40%) percent continue to have mild symptoms, twenty (20%) percent continue to have moderate symptoms, and ten (10%) percent remain unchanged or become worse over time.  In at least one study, ninety-one (91%) percent of participants in an intensive treatment program showed a significant reduction in their PTSD symptoms after twelve weeks and rapid engagement of treatment has been shown to be an important prognostic indicator.  It is also estimated that up to eighty (80%) percent of individuals with PTSD have a comorbid disorder, with the most common comorbidities being depression, anxiety, and substance use disorder.  Some literature supports that individuals exposed to multiple traumas are more likely to experience more severe symptoms of PTSD and depression than those who experience a single trauma.

In examining individuals within the context of claims and litigation, a clinician's obligation is to strive for scientific objectivity.  In the face of comorbidities, it is difficult to provide a bright line regarding where one condition begins and ends.  In the presence of multiple traumas (usually over the course of one's life), it is extremely difficult to assign any particular PTSD-related symptom to a particular trauma exposure.  In some cases, documentation of pre-existing PTSD prior to exposure to another trauma can eliminate the subsequent trauma as causative of the PTSD.  In the presence of similar trauma exposure at

different locations or settings, it is all but impossible to parse apart or apportion symptoms to one traumatic exposure over another. Finally, having numerous PTSD symptoms is not enough to reach a *DSM-5-TR* diagnosis. An individual must have clinically significant distress or impairment in important areas of functioning (*i.e.*, Criterion H).

In my opinion, for the foregoing reasons in combination with each individual examination (as separately summarized below), any alleged commercial sex activity specifically occurring at Smyrna and Atlanta Red Roof cannot be scientifically causative for the Plaintiffs' alleged psychological or psychiatric injuries, including but not limited to PTSD. It would be impossible for a reasonable clinician to assign, parse out, or apportion causation of the Plaintiffs' disorders to the Smyrna and Atlanta Red Roof. If an individual had validated PTSD, the individual should engage in targeted PTSD treatment. These treatments have been shown to improve the condition in over ninety (90%) percent of individuals. There was no evidence that any of these Plaintiffs have undergone those scientifically accepted and targeted treatments for PSTD, which could have improved their condition (if present).

In order to scientifically assess each plaintiff for psychiatric issues, I conducted an independent medical examination (IME) of each individual and utilized the same methodology. As is standard for forensic psychiatric IMEs, I