**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P. and T.H.,<br><br> Plaintiffs,<br><br>v.<br><br>RED ROOF INNS, INC.;<br>FMW RRI NC, LLC;<br>RED ROOF FRANCHISING, LLC;<br>RRI WEST MANAGEMENT, LLC;<br>and RRI III, LLC,<br><br> Defendants. | Civil Action No.<br>1:20-CV-05263-VMC |

## <u>SUPPLEMENTAL PROPOSED CONSOLIDATED PRETRIAL ORDER</u>

Plaintiffs W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., and T.H. and Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC, by and through their undersigned counsel, submit this supplemental proposed consolidated pretrial order. This supplemental order replaces the pretrial order submitted on October 13, 2023 (Doc. 425) and reflects the parties' further efforts to prepare the case for trial.

1

**1.**

**There are no motions or other matters pending for consideration by the court except as noted:**

Upon review of the Court's order on the Parties' summary judgment motions (Doc. 421), the Parties noticed what appears to be an error. In Footnote 4, the Court stated that it was "omit[ting] background information about Plaintiffs E.H., M.B., and D.P., as each of them only held claims against Defendant Varahi." However, all three of these Plaintiffs have the following live claims against the Red Roof Inn Defendants relating to trafficking at the Smyrna Red Roof:

- Count 1 (RICO, OCGA § 16-14-4(a))
- Count 2 (RICO, OCGA § 16-14-4(c))
- Count 3 (TVPRA)

(See Am. Compl., Doc. 31 at PDF 102–115.)

As part of their settlement with Varahi, these plaintiffs agreed to dismiss count 4 (the negligence count relating to the Smyrna Red Roof) against the Red Roof Inn Defendants, which the Court did when it adopted Plaintiffs' proposed order on September 8, 2023. (Doc. 420.) But the settlement with Varahi had no impact on Plaintiffs' claims in Counts 1, 2 and 3 against the Red Roof Inn Defendants relating to the Smyrna Red Roof.

6407014.1

The Parties see no need for reconsideration or even an amended summary judgment order because the order denied the Red Roof Inn Defendants' motions for summary judgment as to E.H., M.B., and D.P. (Docs. 271, 275, and 282).  (Doc. 421 at 2–3, 32.) Plaintiffs also believe that such denial is consistent with the Court's substantive rulings, rejecting the Defendants' arguments.

Defendants' Motion to Sever (Doc. 434) remains pending.  Plaintiffs oppose that motion. The parties are aware of no other motions or matters pending for consideration by the court.

Plaintiffs' intend to file a motion for protective order to permit Plaintiffs to be referred to by their initials during trial.  Defendants intend to oppose this motion.

Defendants' motion to strike portions of Dr. Bliss' opinion is still outstanding. The parties did meet and confer and were unable to reach agreement. Further, Defendants intend to move to strike portions of Dr. Whitmore's testimony, whose deposition was just completed.  Plaintiffs intend to oppose these motions.

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

6407014.1

Pursuant to agreement, the parties are completing the depositions of expert witnesses and will cooperate to schedule trial depositions, if any.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under 18 U.S.C. § 1595(a), and pursuant to 28 U.S.C. § 1367 because Plaintiffs' state law claims form part of the same case or controversy as their federal law claims.  There is no dispute as to jurisdiction.

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Patrick J. McDonough

4

6407014.1

Georgia Bar No. 489855
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

**Defendants:**
Chelsea R. Mikula
Ohio Bar No. 0086453
chelsea.mikula@tuckerellis.com
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
(216) 592-5000 – Telephone
(216) 592-5009 – Facsimile

Sandra J. Wunderlich
Missouri Bar No. 39019
sandra.wunderlich@tuckerellis.com
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
(314) 256-2544 - Telephone

6407014.1

**Other parties:**

None

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

**7.**

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiffs request to bifurcate the consideration of punitive damages pursuant to O.C.G.A. §51-12-5.1(d), which provides that "the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made." Then, "[i]f it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case."

6

Defendants agree the issue of punitive damages will be bifurcated to the extent the procedure is consistent with O.C.G.A. 51-12-5.1.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

The parties do not request any additions to Judge Calvert's standard jury qualification questions.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.**

**State any objections to plaintiff's voir dire questions:** *See* below.

**State any objections to defendant's voir dire questions:** *See* below.

**State any objections to the voir dire questions of the other parties, if any:**

The parties filed their voir dire questions and objections, per the Court's instructions.

## 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  *See* Fed.R.Civ.P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which may involve discussion of sex trafficking and prostitution, including physical violence, sexual violence, and sexual trauma, the parties propose a larger panel of 40 potential jurors and a total of 6 peremptory challenges.

Furthermore, given the nature of the facts at issue, the parties also propose that the jurors complete a questionnaire in advance of voir dire. A questionnaire permits jurors to disclose sensitive information in a more discreet manner than if questions were posed in open court. The parties will confer with the goal of submitting a joint questionnaire in advance of the pre-trial conference.

## 13.

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

8

**Plaintiffs' position**: *Jane Does 1–4 v. Red Roof Inns, Inc. et al,* civil action no. 1:21-cv-4278-WMR, involved similar factual allegations and legal claims arising out of alleged sex trafficking and prostitution at the same two Red Roof Inn hotels. This case has now settled.

**Defendants' position**: There are no related cases. The *Jane Doe* case involved different plaintiffs, different traffickers, at different time periods and therefore did not arise out of the same or similar occurrences as this case.

**14.**

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**15.**

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that

6407014.1

particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

## 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

The parties are in the process of meeting and conferring on stipulations of fact and will submit any in advance of the pre-trial conference.

## 17.

The legal issues to be tried are as follows:

**By Plaintiffs:**

(1) Whether Defendants engaged in racketeering activity, in violation of state and federal law, including but not limited to O.C.G.A. §§ 16-6-9, 16-6-10, 16-6-11, 16-14-3, 16-5-46, 18 U.S.C. § 1591, and 18 U.S.C. § 1595.

(2) Whether FMW, RRI West, RRI, and Red Roof Franchising (Collectively "Smyrna Red Roof Defendants") are liable to Plaintiffs under the TVPRA, 18 U.S.C. § 1595.

(3) Whether RRI III, RRI West, RRI, and Red Roof Franchising (Collectively "Buckhead Red Roof Defendants") are liable to Plaintiffs under the TVPRA, 18 U.S.C. § 1595.

(4) Whether Smyrna Red Roof Defendants RRI, and Red Roof Franchising, and RRI West are liable to Plaintiffs for violating the

6407014.1

Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. §§ 16-14-4, 16-14-6.

(5) Whether Buckhead Red Roof Defendants are liable to Plaintiffs for violating the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. §§ 16-14-4, 16-14-6.

(6) Whether Smyrna Red Roof Defendants are liable to Plaintiffs in negligence for the time period prior to December 14, 2012.

(7) Whether Buckhead Red Roof Defendants are liable to Plaintiffs in negligence.

(8) Whether the totality of the circumstances show that the Smyrna Red Roof Defendants were negligent in the operation of the Smyrna hotel.

(9) Whether the totality of the circumstances show that the Buckhead Red Roof Defendants were negligent in the operation of the Buckhead hotel.

(10)     Whether the Defendants are liable to Plaintiffs for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, punitive damages and treble damages under Georgia RICO.

(11)     Whether the Defendants are liable to Plaintiffs for costs, expenses and reasonable attorneys' fees including fees pursuant to the TVPRA, Georgia RICO, O.C.G.A. § 13-6-11, and O.C.G.A. §9-11-68(e) and any other fee-shifting statute.

(12)     Whether Georgia law, O.C.G.A. § 51-12-33, permits Defendants to apportion damages to non-parties for Plaintiffs claims under the TVPRA, 18 U.S.C. § 1595, a federal statute to which the default rule of joint and several liability applies.

(13)     Whether Plaintiffs are entitled to punitive damages against Defendants.

(14)     Any additional legal issues raised by any affirmative defenses or counterclaims Defendants may assert.

**By Defendants:**

(1) Whether Plaintiffs' negligence claims are time-barred by the two-year statute of limitations, which accrued when there was a negligent act coupled with a proximately resulting injury. O.C.G.A. § 9-3-33.

(2) Whether Plaintiffs' Georgia civil RICO claims are time-barred by the five-year statute of limitations. O.C.G.A. § 16-14-8.

(3) Whether Defendants can be held liable for allegations of trafficking occurring at the Smyrna location after Varahi Hotels, LLC (Varahi) franchised Smyrna on December 14, 2012 or thereafter, including whether franchisee Varahi was an agent or apparent agent of Defendants, and whether Defendants owed a duty to Plaintiffs after that time.

(4) Whether Defendant Red Roof Franchising, as the franchisor of the Smyrna property after December 14, 2012, or any Red Roof Defendant can be held vicariously liable for the acts or omissions of the franchisee, Varahi, including whether any Defendant obligated itself to pay the debts of Varahi, and whether Varahi was an alter ego of the franchisor.

(5) Whether Red Roof Defendants maintained ownership, operation, and/or control of the Smyrna property after it was franchised to Varahi on December 14, 2012.

(6) Whether Plaintiffs can meet their burden to prove that Defendants are liable for negligence, including whether the  intervening criminal actions of third parties (the traffickers, John Doe Johns, and John/Jane Doe Accomplices) were reasonably foreseeable, which would trigger a duty to take ordinary precautions to protect against a third party's intervening criminal acts. O.C.G.A. § 51-3-1.

(7) Whether Plaintiffs had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

(8) Whether and what percentage of fault should be apportioned to various non-parties identified in Defendants' Notices of Intent to Seek Apportionment of Fault Against Non-Parties (ECF Doc. Nos. 66, 67, 68, 69, 302, and 312), including: Plaintiffs' various alleged traffickers; the

alleged purchasers of sex and sexual acts performed by Plaintiffs (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiffs' traffickers (John and Jane Doe Accomplices); owners and operators of additional hotels where Plaintiffs were allegedly trafficked; online websites were Plaintiffs were allegedly subjected to online advertising for the sale of illegal commercial sex; Varahi Hotels, LLC (Varahi) franchisee and owner/operator of the Smyrna location starting on December 14, 2012; and security companies providing security services at the Smyrna and Buckhead locations during some or all of the time periods of Plaintiffs' alleged trafficking. O.C.G.A. § 51-12-33.

(9) Whether the acts or omissions of any third party (including those for whom apportionment of fault is sought) constitutes a superseding/intervening cause such that the alleged causal connection was broken between Defendants' alleged acts or omissions and Plaintiffs' alleged injuries.

(10) Whether Plaintiffs engaged in acts of voluntary commercial sex (prostitution) or were trafficked as required by the TVPRA by means of force, threats of force, fraud, or coercion. 18 U.S.C. § 1591.

(11) Whether Defendants can be held liable as a beneficiary under the TVPRA, including whether Defendants directly and knowingly participated in a venture with Plaintiffs' alleged traffickers, which they knew or should have known was a violation of the TVPRA, whether Defendants knowingly benefitted from Plaintiffs' alleged trafficking, and whether Defendants knew or should have known that each individual Plaintiff was being trafficked in violation of the TVPRA. 18 U.S.C. § 1595.

(12) Whether Plaintiffs' recovery is barred because they engaged in the commission of any alleged predicate act under GA RICO, and cannot recover for any crimes that they committed.

(13) Whether recovery for each Plaintiff's injuries should be limited or barred as a result of her own contributory and comparative fault, due to her own intentional, negligent, or criminal conduct which contributed to or caused her alleged injuries and damages, including whether each Plaintiff assumed the risk of injury.

(14) Whether Plaintiffs' alleged injuries and damages are fully or partially due to pre-existing and subsequent conditions and events unrelated to the alleged trafficking, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, and drug use, abuse, and dependence.

(15) Whether Defendants can be held liable for claims by W.K., R.P., E.H., M.B., and D.P., with respect to allegations of trafficking occurring at the Smyrna location, including whether franchisee Varahi (or any agent or employee of Varahi) was an agent or apparent agent of any of the Defendants.

(16) Whether Plaintiffs can meet their burden to prove that Defendants violated GA RICO, including whether Defendants were involved in a pattern of racketeering activity, whether each Plaintiff was the intended target of any alleged predicate act, and whether each Plaintiff's injury was the direct result of a predicate act targeted toward her, such that she was the intended victim. O.C.G.A § 16-14-4.

(17) Whether Plaintiffs can meet their burden to prove that Defendants directly and knowingly engaged in trafficking an individual for sexual servitude or keeping a place of prostitution in violation of GA RICO, or intentionally encouraged, aided, or abetted another to commit those crimes. O.C.G.A. § 16-14-1, *et. seq.*

(18) Whether Plaintiffs can meet their burden to prove that any act or omission allegedly committed by an agent or employee of Defendants, and that is alleged to constitute evidence of negligence, a violation of the TVPRA, or of Georgia RICO, whether such act was committed within the course and scope of his employment and on behalf of Defendants.

(19) Whether Plaintiffs can meet their burden to prove that Defendants knowingly and willfully joined a conspiracy with a common plan or purpose to commit two or more predicate acts in violation of GA RICO, and whether an overt act to effect the object of the conspiracy was committed.

(20) Whether Plaintiffs' claims are barred or limited by the doctrines of acquiescence, waiver, estoppel, or laches.

6407014.1

(21) Whether Plaintiffs' GA RICO claims are barred by the defense of *in pari delicto*, which prohibits a plaintiff from recovering from a conspiracy that they participated in.

(22) Whether Plaintiffs' claims are barred because they have released, settled, entered into accord and satisfaction, or otherwise compromised their claims.

(23) The amount and extent of alleged injuries and damages incurred by each Plaintiff, and whether Plaintiffs' alleged injuries and damages were proximately caused by Defendants.

(24) Whether fault should be apportioned under the TVPRA because joint and several liability does not apply.

(25) Whether Plaintiffs are entitled to an award of punitive damages under any claim, and if so if the punitive damages are capped.

(26) Whether Plaintiffs are entitled to an award of attorney's fees.

**18.**

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

**19.**

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.  Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.  Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

For the Court's convenience, the Parties' objections to the other sides' exhibits are noted in an "Objections" column on each exhibit list, rather than on a separate page attached to the exhibit list. The parties will confer in an attempt to resolve or

16

reduce the number of objections in advance of trial and believe many should be resolved by this Court's rulings on the various motions in limine.

**20.**

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The Parties exchanged their proposed deposition designations, attached hereto as Attachment J-1 and J-2.  The Parties are continuing to confer and anticipate that the Court's rulings on motions in limine will assist the parties in resolving additional objections.  The parties will submit any remaining objections to the Court in advance of trial.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.  Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

**21.**

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

6407014.1

The parties will submit trial briefs, if any, to the Court at least fourteen (14) days before the start of the trial.

## 22.

**In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

## 23.

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

The parties will submit proposed verdict forms to the Court pursuant to the Court's Instructions.

## 24.

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

18

6407014.1

The parties request that they be permitted up to one hour (for each side) for opening statements and closing arguments.

**25.**

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

**26.**

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on March 14, 2023, and plan to meet again on May 13, 2024, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (___X_) has not discussed settlement of this case with counsel.  It appears at this time that there is: (_____) A good possibility of settlement. (_____) Some possibility of settlement. (__X__) Little possibility of settlement. (_____) No possibility of settlement.**

**27.**

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

**28.**

**The plaintiff estimates that it will require 7–10 days to present its evidence.  The defendant estimates that it will require 5-7 days to present its evidence.  The other parties estimate that it will require _____ days to present their evidence. It is estimated that the total trial time is 12–17 days.**

**29.**

**IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.**

**IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it**

6407014.1

**supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court. IT IS SO ORDERED this _____ day of _____, 20\_\_\_\_\_.**

_____
**UNITED STATES DISTRICT JUDGE**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/ Tiana S. Mykkeltvedt*
Tiana S. Mykkeltvedt
**Counsel for Plaintiffs**

*/s/ Chelsea R. Mikula*
Chelsea R. Mikula
**Counsel for Defendants**

6407014.1

**Attachment "C"**
**Plaintiffs' Outline of the Case**

Plaintiffs allege injuries and damages arising from the sex trafficking of W.K., E.H., M.M., R.P., M.B., D.P., and A.F. at 2200 Corporate Plaza, Smyrna, Georgia, 30080 (the "Smyrna Red Roof") and the sex trafficking of R.K., T.H., K.P., C.A., W.K., and R.P. at 1960 North Druid Hills Road NE, Atlanta, Georgia, 30329 (the "Buckhead Red Roof") from 2009 to 2018.

Plaintiffs specifically allege that Defendants profited from the operation of the Smyrna and Buckhead hotels and knew of prostitution and sex trafficking at both locations, making them liable to Plaintiffs for damages. Prior to December 14, 2012, FMW acted as the franchisee owner of the Smyrna Red Roof.  During the relevant time period, RRI III acted as the franchisee owner of the Buckhead Red Roof. RRI West acted as the manager of the Smyrna and Buckhead Red Roofs. Red Roof Franchising had franchise agreements with FMW and RRI III and acted as the franchisor for the Smyrna and Buckhead Red Roofs. RRI owns Red Roof Franchising.  Plaintiffs allege these Defendants are liable for their own knowledge and conduct, which violated the law.

Plaintiffs assert that (1) Defendants knew or should have known that the Smyrna and Buckhead Red Roofs violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") and knowingly benefited from participation in ventures that it knew or should have known engaged in sex

1

trafficking in violation of the TVPRA; (2) Defendants knowingly permitted the Smyrna and Buckhead Red Roofs to be used for prostitution and sex trafficking in violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"), O.C.G.A. § 16-14-4(c) and O.C.G.A. § 16-14-4(a), by engaging in racketeering activity in violation of state and federal law including but not limited to violations of O.C.G.A. §§ 16-6-9, 16-6-10, 16-6-11, 16-14-3, 16-5-46, and 18 U.S.C. § 1595 and (3) Defendants knew or should have known of the foreseeable risk of sex trafficking, prostitution, and other crimes at the Smyrna and Buckhead Red Roof Inns and are liable to Plaintiffs for their negligence under Georgia law in not taking steps to address the risk.

Smyrna Red Roof Defendants, FMW, RRI West, RRI, and Red Roof Franchising negligently failed to keep the Smyrna Red Roof location safe and negligently failed to protect their invitees adequately and properly in breach of their duty of care prior to December 14, 2012.  These Smyrna Red Roof Defendants were negligent, and their negligence proximately caused Plaintiffs' injuries by:

    a.    Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

    b.    Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

    c.    Negligently failing to provide appropriate and effective security

personnel during Plaintiffs' trafficking at the hotel;

d.     Negligently failing to properly inspect and maintain the premises;

e.     Negligently failing to properly train and supervise their employees regarding sex trafficking at the hotel;

f.     Negligently failing to properly retain, hire, train, and supervise said employees;

g.     Negligently failing to select a franchisee qualified to operate the hotel in a safe and secure manner;

h.     Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

i.     Negligently failing to inspect, patrol, or appropriately monitor the property;

j.     Negligently failing to remediate a long history of crime at the Smyrna Red Roof and the area nearby;

k.     Negligently failing to warn invitees of known hazards at the property; and

l.     Negligently representing to invitees that the property was safe.

Buckhead Red Roof Defendants, RRI III, RRI West, RRI, and Red Roof Franchising negligently failed to keep the Buckhead Red Roof location safe and negligently failed to protect their invitees adequately and properly in breach of their

3

duty of care. These Buckhead Red Roof Defendants were negligent, and their negligence proximately caused Plaintiffs' injuries by:

m.  Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

n.  Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

o.  Negligently failing to provide appropriate and effective security personnel during Plaintiffs' trafficking at the hotel;

p.  Negligently failing to properly inspect and maintain the premises;

q.  Negligently failing to properly train and supervise their employees regarding sex trafficking at the hotel;

r.  Negligently failing to properly retain, hire, train, and supervise said employees;

s.  Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

t.  Negligently failing to inspect, patrol, or appropriately monitor the property;

u.  Negligently failing to remediate a long history of crime at the Buckhead Red Roof and the area nearby;

4

v.      Negligently failing to warn invitees of known hazards at the property; and

w.      Negligently representing to invitees that the property was safe.

Plaintiffs will seek general non-economic damages, under the TVPRA, Georgia RICO, and Georgia negligence including recovery for their past, present, and future physical and mental harm and pain and suffering in a range of $2 million to $50 million per Plaintiff to be determined by the enlightened conscience of the jury. Further, any damages awarded by the jury to Plaintiffs for Defendants' violations of Georgia RICO will be trebled (*i.e.*, an amount that is three times the compensatory damages award) as a matter of law.  Plaintiffs will seek to hold Defendants jointly and severally liable for injuries arising out of their claims under the TVPRA.

Plaintiffs also seek punitive damages under the TVPRA, Georgia RICO, and Georgia negligence in an amount to be determined by the jury.  Plaintiffs intend to request between $10 million and $100 million per Plaintiff in punitive damages.

Finally, Plaintiffs will seek to recover their reasonable attorney's fees, costs, and expenses under the TVPRA, Georgia RICO, O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e) and any other fee-shifting authority.

Plaintiffs reserve the right to pursue all damages allowed under Georgia and Federal law for their injuries and Defendants' unlawful actions.

Plaintiffs incorporate the representative caselaw contained in their response to Defendants' motions for summary judgement.  That case law includes but is not limited to:

Representative caselaw

- *Dorsey v. State*, 279 Ga. 534, 540 (2005)

- *Williams General Corp. v. Stone*, 279 Ga. 428, 429 (2005)

- *Coggins v. State*, 275 Ga. 479, 480 (2002);

- *Whaley v. State,* 343 Ga. App. 701, 704 (2017)

- *Clemmons v. State*, 361 Ga. App. 666 (2021).

- *Fitts v. State,* 312 Ga. 134, 142 (2021).

- *Cox v. Adm'r U.S. Steel & Carnegie,* 17 F.3d 1386, 1398 (11th Cir.)

- *Fitzgerald v. State,* 10 Ga. App. 70, 77 (1911).

- *Peters v. State*, 72 Ga. App. 157, 158 (1945)*; see*

- *Shealy v. State,* 142 Ga. App. 850, 850 (1977)

- *Brannan v. State*, 43 Ga. App. 231 (1931)

- *Ward v. State,* 22 Ga. App. 786 (1918)

- *Platt v. State,* 335 Ga. App. 49, 53 (2015)

- *Basil v. State,* 22 Ga. App. 765 (1918)

- *Whaley v. State,* 343 Ga. App. 01, 704 (2017)

- *Lemery v. State*, 330 Ga. App. 623, 623 (2015)

6

- *Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 654 (2008)

- *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451*,* 461 (2006)

- *InterAgency v. Danco,* 203 Ga. App. 418, 424 (1992)

- *S. Intermodal Logistics, Inc. v. D.J. Powers Co*., 10 F.Supp.2d 1337, 1354 (S.D. Ga. 1998)

- *United States v. Pipkins,* 378 F.3d 1281, 1291 (11th Cir. 2004), *vacated on other grounds by* 544 U.S. 902

- *Pasha v. State*, 273 Ga. App. 788, 790 (2005)

- *Akintoye v. State*, 340 Ga. App. 777, 781 (2017)

- *Brown v. State,* 177 Ga. App. 284, 295 (1985)

-  *Studivant v. State,* 309 Ga. 650, 651 (2020)

- *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 499 (1985)

- *Reaugh v. Inner Harbour Hosp.,* 214 Ga. App. 259, 264 (1994)

- *Doe#1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021)

- *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000)

- *United States v. Perez*, 698 F.2d 1168, 1171 (11th Cir. 1983)

- *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306 (11th Cir. 2007)

- *Matt v. Days Inns of Am., Inc.*, 212 Ga. App. 792, 794–95 (1994)

- *M.A. v. Wyndham Hotel & Resorts, Inc.,* 425 F.Supp.3d 959, 968 (S.D. Ohio 2019)

- *J.G. v. Northbrook Indus., Inc.*, 2022 WL 4482735, at *6–7 (N.D. Ga. Aug. 2, 2022)

- *G.W. v. Northbrook Indus., Inc.*, 2022 WL 1644923, at *1–4 (N.D. Ga. May 24, 2022)

- *Lundstrom v. Choice Hotels Int'l, Inc.*, 2021 WL 5579117, at *4 (D. Colo. Nov. 30, 2021)

- *S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 1610101, at *4 (M.D. Fla. Apr. 26, 2021)

- *Frazier v. Godley Park Homeowners Ass'n, Inc.*, 342 Ga. App. 608, 609 (2017)

- *McGarity v. Hart Elec. Membership Corp.*, 307 Ga. App. 739, 744 (2011)

- *Handberry v. Stuckey Timberland, Inc.,* 345 Ga. App. 191, 195 (2018)

- *TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga. App. 456, 462 (2003) (*en banc*)

- *Walker v. Aderhold Props., Inc.*, 303 Ga. App. 710, 713 (2010) (*en banc*)

- *Six Flags Over Ga. II, L.P. v. Martin*, 335 Ga. App. 350, 361 (2015)

- *Wade v. Findlay Mgmt., Inc.*, 253 Ga. App. 688, 690 (2002)

- *Wallace v. Boys Club*, 211 Ga. App. 534, 536 n.2 (1993)

- *Gustin v. Nicoll*, 824 F. App'x 875, 877–78 (11th Cir. 2020)

- *Kahn v. Visador Holding Corp.*, No. 2:07-cv-73, 2009 WL 10668538, **2–3

(N.D. Ga. Jul. 17, 2009)

- *Marietta v. Godwin*, 106 Ga. App. 113, 116–17 (1962)

- *German Am. Mut. Life Ass'n v. Farley*, 102 Ga. 720, 737 (1897)

- *Shadow v. Fed. Exp. Corp.*, 359 Ga. App. 772, 779 (2021)

- *Sturbridge Partners v. Walker*, 267 Ga. 785 786(1997)

- *Remediation Res., Inc. v. Balding*, 281 Ga. App. 31 (2006).

- *Georgia CVS Pharmacy v. Carmichael,* 362 Ga. App. 59 (2023)

**Attachment "D"**
**Defendants' Statement of the Case**

Defendants deny that they are liable to Plaintiffs for sex trafficking that allegedly occurred at various hotels, over different periods of time, by different traffickers, under any theory of liability, including negligence, violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA"), or pursuant to Georgia's civil RICO statute, O.C.G.A. § 16-14-4 (a) & (c) (GA RICO). Plaintiffs allege that that they were trafficked at multiple hotels, including two hotel properties under the Red Roof brand: (1) 2200 Corporate Plaza, Smyrna, Georgia 30080 (Smyrna property); and (2) 1960 N. Druid Hills, Atlanta, Georgia 30329 (Buckhead property). Prior to December 14, 2012, the Smyrna property was owned by Defendant FMW RRI NC, LLC and operated by Defendant RRI West Management, LLC (RRI West). On December 14, 2012, the Smyrna property was purchased by an independent third-party franchisee, former Defendant Varahi Hotels, LLC (Varahi), who entered into a franchise agreement with Red Roof Franchising (RRF) to operate the Smyrna property as a franchise Red Roof location. At all relevant times, the Buckhead location was owned by RRI III, LLC and was operated by RRI West. Red Roof Inns, Inc. employed certain employees at the Buckhead property, and at the Smyrna property prior to December 14, 2012.

Any alleged injuries and damages incurred by Plaintiffs were not proximately caused by any acts or omissions of Defendants, and instead were caused

by the acts or omissions of others for whom Defendants bear no legal responsibility, including: Plaintiffs' various alleged traffickers; the alleged purchasers of sex and sexual acts allegedly performed by Plaintiffs (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiffs' traffickers (John and Jane Doe Accomplices); owners and operators of other hotels where Plaintiffs were allegedly trafficked; online websites where Plaintiffs were allegedly subjected to online advertising for the sale of illegal commercial sex; Varahi Hotels, LLC (Varahi), the franchisee and owner/operator of the Smyrna location starting on December 14, 2012; and security companies providing security services at the Smyrna and Buckhead locations during some or all of the time periods of Plaintiffs' alleged trafficking. The acts and omissions of these third parties are superseding/intervening actions such that the causal chain is broken between any act or omission by Defendants and Plaintiffs' alleged injuries.

Each Plaintiff's alleged injuries and damages were caused by her own intentional, negligent, or criminal conduct. Each Plaintiff assumed the risk of injury. Plaintiffs' alleged injuries and damages are fully or partially due to her own pre-existing or subsequent conditions and events unrelated to the alleged trafficking at Red Roof properties, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, childhood or other trauma, criminal history, and drug use, abuse, and dependence, etc.

Plaintiffs' negligence claims are time barred by the two-year statute of limitations, which accrued on the date that the alleged sex trafficking occurred. Likewise, one or more Plaintiffs' GA RICO claims are time-barred by the five-year statute of limitations.

Defendants did not owe or breach any legal duty to Plaintiffs and had no knowledge of sex trafficking with respect to the individual Plaintiffs and/or their alleged traffickers at the Smyrna or Buckhead properties, and had no knowledge, nor should they have known that each Plaintiff specifically was being trafficked. The Smyrna property was not owned, operated, or controlled by any Defendant after it was franchised by former Defendant, Varahi Hotels, LLC (Varahi) on December 14, 2012. Varahi was neither an actual nor apparent agent of any Defendants, and Plaintiffs have expressly disclaimed any claims against or liability of Defendants arising out of the acts or omissions of Varahi and its employees and agents.

The intervening criminal acts of the third-party traffickers, John Doe Johns, and John/Jane Doe Accomplices as alleged by Plaintiffs were not reasonably foreseeable, because Defendants had no knowledge of sex trafficking with respect to the individual Plaintiffs and/or their alleged traffickers at the Smyrna or Buckhead properties. Accordingly, Defendants owed no duty to protect Plaintiffs from unforeseeable criminal acts of their traffickers John Doe Johns, or the John/Jane Doe

Accomplices. Additionally, Plaintiffs had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

Defendants did not knowingly and directly participate in a venture with Plaintiffs' traffickers, John Doe Johns, or the John/Jane Doe Accomplices that Defendants knew or should have known was a violation of the TVPRA. Defendants, including RRI West, did not knowingly benefit from Plaintiffs' alleged trafficking, and Defendants did not know, nor should they have known, that each individual Plaintiff was being trafficked.

Defendants did not violate GA RICO, because they were not involved in any pattern of racketeering activity and did not intend that any Plaintiff would be the targeted and intentional victim of any predicate acts. Plaintiffs' injuries are not the direct result of any predicate act targeted toward her such that she was the intended victim. Defendants did not directly and knowingly engage in trafficking an individual for sexual servitude or keeping a place of prostitution in violation of GA RICO, and did not intentionally encourage, aid, or abet another to commit those crimes. Defendants did not knowingly and willfully join a conspiracy with a common plan or purpose to commit two or more predicate acts in violation of GA RICO.

Any act or omission allegedly committed by an agent or employee of Defendants, which is alleged to constitute evidence of negligence, a violation of the

TVPRA, or of GA RICO, was not committed within the course and scope of employment, and was not committed on behalf of any Defendant. Further, Plaintiffs' GA RICO claims are barred by the defense of in pari delicto. The doctrine of *in pari delicto* is an equitable doctrine that states "a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." Black's Law Dictionary 794 (7th ed.1999). This defense applies to claims under GA RICO. In addition, Plaintiffs' claims are barred or limited by the doctrines of acquiescence, waiver, estoppel, or laches. Furthermore, Plaintiffs have released, settled, entered accord and satisfaction, or otherwise compromised their claims, and accordingly, their claims are limited or barred as a matter of law.

**LAW TO BE RELIED UPON BY DEFENDANTS**:

Defendants may rely on the statutes and representative case law listed below, and similar cases, and expressly incorporate by reference as if fully rewritten herein, all statutes and representative case law cited in any parties' summary judgment briefing.

- 18 U.S.C. § 1591, *et. seq.*
- 42 U.S.C. § 1988(a)
- 42 U.S.C. § 2000a(a)
- O.C.G.A. § 13-4-10
- O.C.G.A. § 13-5-7

- O.C.G.A. § 16-5-46

- O.C.G.A. § 16-6-10

- O.C.G.A. § 16-6-9

- O.C.G.A. § 16-2-1, *et seq.*

- O.C.G.A. § 16-2-22

- O.C.G.A. § 16-2-20

- O.C.G.A. § 23-1-25

- O.C.G.A. § 24-14-29

- O.C.G.A. § 43-21-3

- O.C.G.A. § 51-3-1

- O.C.G.A. § 51-11-7

- O.C.G.A. § 51-12-5.1

- O.C.G.A. § 51-12-33

- O.C.G.A. § 9-3-33

- O.C.G.A. §51-12-11

- O.C.G.A. § 16-14-1, *et. seq.*

- *A.B. v. Hilton Worldwide Holdings Inc*., 484 F. Supp. 3d 921 (D. Or. 2020)

- *A.B. v. Marriott Int'l, Inc*., 455 F. Supp. 3d 171, 182 (E.D. Pa. 2020)

- *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d at 1018 (D. Or. 2021)

- *A.D. v. Holistic Health Healing Inc*., No. 2:22-CV-641-JES-NPM, 2023 WL 2242507 (M.D. Fla. Feb. 27, 2023)

- *Ahn v. State*, 631 S.E.2d 711 (Ga.App. 2006)

- *Allum v. Valley Bank*, 849 P.2d 297 (Nev. 1993)

- *Anderson v. Turton Dev.*, 225 Ga. App 270, 271, 274 (1997)

- *Atlanta Gas Light Co. v. Jennings*, 86 Ga. App. 868 (1952)

- *B.M. v. Wyndham Hotels & Resorts, Inc.,* No. 20-cv-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020)

- *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 105 S. Ct. 2622, 86 L. Ed. 2d 215 (1985)

- *Baillie Lumber Co. v. Thompson*, 279 Ga. 288 (2005)

- *Birdwell v. State*, 146 S.E.2d 374 (Ga.App. 1965)

- *Blakely v. Johnson*, 220 Ga. 572, 140 S.E.2d 857 (1965)

- *C.C. v. H.K. Grp. of Co., Inc.*, No. 1:21-CV-1345-TCB, 2022 WL 467813 (N.D. Ga. Feb. 9, 2022)

- *Carlson v. BRGA Assocs., LLC*, 82 F. Supp. 3d 1333 (S.D. Ga. 2015)

- *Cox v. Mayan Lagoon Estates Ltd.*, 734 S.E.2d 883 (Ga. Ct. App. 2012)

- *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38 (2008).

- *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)

- *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003)

- *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022)

- *Duvall v. Cronic*, 820 S.E.2d 780 (Ga. Ct. App. 2018)

- *Fitts v. State*, 312 Ga. 134 (2021)

- *G.G. v. Salesforce.com, Inc.*, No. 22-2621, 2023 WL 4944015 (7th Cir. Aug. 3, 2023)

6407011.1

- *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2022 WL 1644923 (N.D. Ga. May 24, 2022)

- *Garner v. Driver*, 155 Ga. App. 322, 270 S.E.2d 863 (1980)

- *Geiss v. Weinstein Co. Holdings, LLC, et al.*, 383 F.Supp.3d 156 (S.D.N.Y. 2019)

- *Gentry v. Volkswagen of America*, 238 Ga. App. 785 (1999)

- *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840 (2017)

- *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020)

- *J.B. v. G6 Hosp., LLC*, No. 19-cv-07848-HSG, 2020 WL 4901196 (N.D. Cal. Aug. 20, 2020)

- *J.C. v. I Shri Khodiyar, LLC*, 624 F. Supp. 3d 1307 (N.D. Ga. 2022)

- *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048 (D. Colo. 2021)

- *Kettner v. Compass Grp. USA, Inc.*, 570 F. Supp. 2d 1121 (D. Minn. 2008)

- *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024)

- *Kids R Kids Intl, Inc. v. Cope*, 330 Ga. App. 891 (2015)

- *King v. Georgia Dep't of Corr.*, 347 Ga. App. 606, 820 S.E.2d 445 (2018)

- *L.H. v. Marriot Int'l, Inc.*, 604 F. Supp. 3d 1346 (S.D. Fla. 2022)

- *Leo v. Waffle Howe, Inc.*, 298 Ga. App. 838 (2009)

- *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994)

- *New Star Realty, Inc. v. Jungang PRI USA, LLC*, 346 Ga. App. 548 (2018);

- *Nicholson v. Windham et al.*, 571 S.E.2d 466 (Ga. Ct. App. 2002)

- *Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018)

- *Off. Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145 (11th Cir. 2006)

- *Reaugh v. Inner Harbour Hosp*., 447 S.E.2d 617 (Ga. Ct. App. 1994)

- *Rent to Own, Inc. v. Bragg*, 248 Ga. App. 130 (2011)

- *Rice v. Six Flags Over Georgia*, 257 Ga. App. 864, 572 S.E.2d 322 (2002)

- *Rogers v. McDorman*, 521 F.3d 381 (5th Cir. 2008)

- *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147 (E.D.N.Y. 2020)

- *Schlotzsky's, Inc. v. Hyde*, 245 Ga. App. 888 (2000)

- *Summit Auto. Grp., LLC v. Clark*, 298 Ga. App. 875 (2009);

- *Sun Trust Banks, Inc. v. Killebrew*, 266 Ga. 109 (1995)

- *Travis v. QuikTrip Corp*., 339 Ga. App. 551 (2016)

- *Wade v. McDade*, 67 F.4th 1363 (11th Cir. 2023)

- *Waters v. Steak & Ale of Ga.*, 241 Ga. App. 709 (2000)

- *Whelan v. Moone*, 242 Ga. App. 795, 531 S.E.2d 727 (2000)

- *Wilks v. Overall Const. Inc.*, S.E.2d 320  (Ga. Ct. App. 2009)

- *Wylie v. Denton*, 746 S.E.2d 689 (Ga. Ct. App. 2015)

## ATTACHMENT F-1 – PLAINTIFFS' WITNESS LIST

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| C.A. | Contact through Plaintiffs' counsel | Will |
| M.B. | Contact through Plaintiffs' counsel | Will |
| T.H. | Contact through Plaintiffs' counsel | Will |
| E.H. | Contact through Plaintiffs' counsel | Will |
| W.K. | Contact through Plaintiffs' counsel | Will |
| R.K. | Contact through Plaintiffs' counsel | Will |
| M.M. | Contact through Plaintiffs' counsel | Will |
| A.F. | Contact through Plaintiffs' counsel | Will |
| K.P. | Contact through Plaintiffs' counsel | Will |
| R.P. | Contact through Plaintiffs' counsel | Will |
| D.P. | Contact through Plaintiffs' counsel | Will |
| Jane Doe 2 | Contact through Plaintiffs' counsel | May |
| Jane Doe 3 | Contact through Plaintiffs' counsel | May |
| Jane Doe 4 | Contact through Plaintiffs' counsel | May |
| Anique Whitmore | 3500 Lenox Road, Suite 1500<br>Atlanta, GA 30326<br>(404) 419-2138 | May |
| Dr. David Williamson | Walter Reed National Military Medical Center<br>8901 Rockville Pike<br>Bethesda, MD 20889<br>-and-<br>9710 Traville Gateway Drive, No. 296<br>Rockville, MD 20850<br>(410) 463-0560 | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Dr. Melanie Bliss | 111 North McDonough Street<br>Decatur, GA 30030<br>(404) 387-0780 | May |
| Allan Tallis | 11919 Edgestone Road<br>Dallas, TX 75230<br>(972) 960-8450 | May |
| Andrew Alexander | 100 Main Street North<br>St. Petersburg, FL 33716<br>(216) 496-9122 | May |
| Vanessa Cole | 1393 Tysons Corner<br>Marietta, GA 30062<br>(770) 313-5756 | May |
| Glenn Galbraith | Contact through defense counsel | May |
| Vickie Lam | Contact through defense counsel | May |
| George Limbert | Contact through defense counsel | May |
| Marina MacDonald | Contact through defense counsel | May |
| Tom McElroy | 83 River Rise Way<br>Inlet Beach, FL 32461<br>(901) 488-8135 | May |
| Jay Moyer | 1329 Moher Boulevard<br>Franklin, TN 37069 | May |
| John Park | Contact through defense counsel | May |
| Greg Stocker | Contact through defense counsel | May |
| Vince Vittatoe | Contact through defense counsel | May |
| Michelle Wehrle | Contact through defense counsel | May |
| Brianne Austin | Contact through defense counsel | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Forrest Castille | 1408 Adams Lake Boulevard SE<br>Atlanta, GA 30339<br>(762) 359-1595 | May |
| Brenda Conner | 880 Rock Street NW<br>Apartment 82<br>Atlanta, GA 30314<br>(404) 438-4794 | May |
| Sirin Sirinsapasitti | 6546 Deerings Lane<br>Norcross, GA 30092<br>(678) 641-8973 | May |
| Monica Nash Hamilton | 7334 Exeter Court<br>Riverdale, GA 30296<br>(318) 228-5986 | May |
| Michael Thomas | 851 E 169th Street, Apt C<br>Bronx, NY 10459<br>(972) 800-8525 | May |
| Bharat Patel | 3572 Guildhall Trail<br>Marietta, GA 30066 | May |
| Peggy Christensen | 8163 Broken Ridge Drive<br>Lincoln, Nebraska 68526 | May |
| Laurie Ausley | 14 North Broad Street<br>Porterdale, Georgia, 30014 | May |
| Shannon Stovall | 328 County Road 1140<br>Ravenna, Texas, 75476. | May |
| Shawn Hogue | 6635 SW 49th Terrace<br>South Miami, Florida 33155<br>404-434-6351 | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| James Carson | 1996 Kimberly Rd.<br>Atlanta, Georgia 30331<br>770-710-8358 | May |
| Althea Foster | 11027 Lorin Way,<br>Duluth, GA 30097<br>817-856-9200 | May |
| Ricky Foster | 11027 Lorin Way,<br>Duluth, GA 30097<br>817-832-5318 | May |
| Kimberly Dawn Collins | 110 Amberidge Drive<br>Cartersville, Georgia 30121 | May |
| Kristopher Seabrooks | (470) 992-9714<br>Economy Hotel<br>2100 NW Pkwy SE<br>Marietta, GA 30067 | May |
| Cynthia Pountain | 6625 Cow Hollow Dr.<br>Charlotte, NC 28226<br>(231) 233-8102 | May |
| Michelle Sarkisian | 315 West Country Drive<br>Duluth, GA 30097<br>(770) 235-8402 | May |
| Susan Norris | 1750 Powder Springs Road<br>Suite 190, Box 112<br>Marietta, GA 30064<br>(678) 388-9551 | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Kimberly McDevitt | Sunrise Ministries<br>PO Box 801303<br>Acworth, GA 30101<br>(678) 379-5194 | May |
| Kasey McClure | P.O. Box 82685<br>Conyers, GA 30012<br>(404) 312-6793 | May |
| Ann Bailey | P.O. Box 82685<br>Conyers, GA 30012<br>(470) 362-8808 | May |
| Jeff Thomas | 10 Dodd Trail<br>Greenville, SC 29605<br>(404) 314-8742<br>(404) 468-7277 | May |
| Joe Fonseca | 971 Deron Drive<br>Lawrenceville, GA 30044<br>(678) 682-0575 | May |
| Officer Brian Graham<br>Cobb County Police | 1665 Windchase Dr.<br>Marietta, GA 30064<br>(404) 451-0901 | May |
| Officer Brian C. Moore<br>Cobb County Police | 1149 Roselawn Lane SE<br>Marietta, GA 30067<br>(404) 545-5372 | May |
| Officer John Clifford<br>Brookhaven Police | 4045 George Busbee Parkway, #6304<br>Kennesaw, GA 30144<br>(770) 843-4112 | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Officer Lonnie D. Green<br>Cobb County Police | 2800 Camp Creek Parkway, L-5<br>Atlanta, GA 30337<br>(334) 354-4080 | May |
| Angie Burnette | Alston & Bird LLP<br>1201 W. Peachtree Street<br>Atlanta, GA 30309-3424 | May |
| Tiana Mykkeltvedt (solely as to attorneys' fees and expenses) | Bondurant, Mixson & Elmore, LLP<br>1201 West Peachtree Street, N.W., Suite 3900<br>Atlanta, GA 30309<br>(404) 881-4144 | May |
| Pat McDonough (solely as to attorneys' fees and expenses) | Andersen, Tate & Carr, P.C.<br>1960 Satellite Boulevard, Suite 4000<br>Duluth, GA 30097<br>(678) 518-6859 | May |
| Any witness identified on the Defendants' witness list | N/A | N/A |

## Summary of Expert Witness Testimony

The following is a summary of the expected testimony of each of Plaintiffs' expert witnesses:

1. <u>Anique Whitmore</u>: Ms. Whitmore will testify about the psychological dynamics involved in sex trafficking, including the psychology behind common behaviors seen in victims of sex trafficking. She will also address other aspects of sex trafficking that may be unfamiliar to the jury. And she will also testify about how these dynamics have manifested in the Plaintiffs' specific trafficking experience, as well as other issues addressed in her expert report served on or about September 6, 2022. Ms. Whitmore may also serve to rebut the testimony of defense experts.

2. <u>Dr. Melanie Bliss</u>: Dr. Bliss will testify about the neurobiology of trauma, the effects of trauma on memory, and common dynamics in repeated sexual assault. She will also address other issues identified in her expert report of September 6, 2022. And she may also serve to rebut the testimony of defense experts.

3. <u>Dr. David Williamson:</u> Dr. Williamson will testify about the psychiatric conditions of the Plaintiffs, including that the Plaintiffs suffer from psychiatric issues as a result of the traumatic experiences endured while being trafficked for sex, along with other issues addressed in his September 6, 2022 expert report. Dr. Williamson may also serve to rebut the testimony of defense expert Dr. Matthew Norman.

4. <u>Alan L. Tallis</u>: Mr. Tallis will testify about the standard of care a reasonable hotelier should exercise in the face of known signs of prostitution and sex trafficking, including that these signs of trafficking have been known in the hotel industry for decades. He will also opine regarding the Defendants' failure to take sufficient steps to address prostitution and sex trafficking occurring at the two hotels at issue in this case and beyond. He will also address other issues identified in his September 6, 2022 expert report. And he may serve to rebut the testimony of defense expert Greg Bristol.

**ATTACHMENT F-2**

**Defendants' Fact Witness List**

At trial, Defendants will call the following fact witness:

1. Glenn Galbraith, can be contacted through counsel for Red Roof Inns

Defendants may call the following fact witnesses:

2. A.F., can be contacted through counsel
3. C.A., can be contacted through counsel
4. D.P., can be contacted through counsel
5. E.H., can be contacted through counsel
6. K.P., can be contacted through counsel
7. M.B., can be contacted through counsel
8. M.M., can be contacted through counsel
9. R.K., can be contacted through counsel
10. R.P., can be contacted through counsel
11. T.H., can be contacted through counsel
12. W.K., can be contacted through counsel
13. Plaintiff's alleged traffickers, including but not limited to Michael Beene and Tradelle Lacey
14. Meghan Harrsch, 516 Bluff Ct., Woodstock, GA 30188
15. Lavan Chandra, 2015 Powers Ferry Rd., S.E., Apt C, Marietta GA 30067
16. Sandra Taylor, 2379 Tiffany Circle, Decatur, GA 30035
17. Carlos Johnson, 1895 Stockton St Apt 1, Decatur, GA 30032
18. Tyray Monroe, 1314 Taylor Way, Stone Mountain, GA 30083
19. Christopher Maxwell, 866 Churchill Court, Stone Mountain, GA 30083
20. Joe Fonseca, 971 Deron Drive, Lawrenceville, GA 30044
21. Henry Herrera, 785 Walnut Creek Drive, Lilbrum, GA 30047
22. Andrew Alexander, 100 Main Street North, St. Petersburg, FL 33716
23. Vanessa Cole, 1393 Tysons Corner, Marietta, Georgia 30062
24. Monica Hamilton, Atlanta, Georgia
25. Vickie Lam, 2144 E Walnut Creek Pkwy, West Covina, CA 91791
26. George Limbert, 104 Kastlekove Dr., Lewis Center, OH 43035
27. Marina MacDonald, can be contacted through counsel for Red Roof Inns
28. James Moyer, 1329 Moher Blvd., Franklin, Tennessee 37069
29. John Park, can be contacted through counsel for Red Roof Inns
30. Gregory Stocker, can be contacted through counsel for Red Roof Inns
31. Vincent Vittatoe, McKinney, Texas
32. Michelle Wehrle, can be contacted through counsel for Red Roof Inns
33. Bernard Mitchell, 3705 Meadow Vista Trail, Lithonia, GA 30038
34. Robert Allen, 92 Fairwind Court, Stone Mountain, GA 30083
35. Ella Bowen, 2000 Mallory Ln, St. 130, Franklin, TN 37067
36. Bob Patel, 2200 Corporate Plaza, Smyrna, GA 30080
37. Rita Patel, 2200 Corporate Plaza, Smyrna, GA 30080
38. Rakesh Patel, 2200 Corporate Plaza, Smyrna, GA 30080

39. Dorraine Lallani, 2011 Larimer Point Crt, Sugar Land, TX 77479
40. President and/or Custodian of records for Banneret Security, Inc., 160 Clairemont Ave, Suite 200, Decatur, GA 30030
41. President and/or Custodian of records for B.E.S.T., Inc. d/b/a Best Security, P.O. Box 961774, Riverdale, GA 30274
42. Custodian of records for Cobb County Police Department, 545 Fairground ST SE Unit 101, Marietta, GA 30060
43. Custodian of records for LifeStance, 1899 Powers Ferry Rd., Marietta, GA 30339
44. Custodian of records for Northside Hospital Duluth, 3620 Howell Ferry Rd NW, Duluth, GA 30096
45. Custodian of records for Cobb County Sherriff's Office, 185 Roswell St NE, Marietta, GA 30060
46. Custodian of records for Bibb County, 668 Oglethorpe St., Macon, GA 31201
47. Custodian of records for Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043
48. Custodian of records for Gwinnett County Police Department, 770 Hi Hope Road Lawrenceville, GA 30044
49. Custodian of records for DeKalb Community Service Board, 445 Win Way 2nd Fl., Suite 220, Decatur, GA 30030
50. Custodian of records for Carroll County State Court, 311 Newnan Street, Carrollton, GA 30117
51. Custodian of records for Northside Hospital Atlanta, 1000 Johnson Ferry Rd NE, Atlanta, GA 30342
52. Custodian of records for Juvenile Court of Forsyth County, 101 East Courthouse Square, First Floor – Suite 1007, Cumming, GA 30040
53. Custodian of records for DeKalb County Police Department, 1960 W Exchange Pl, Tucker GA 30084
54. Custodian of records for Marietta Police Department, 240 Lemon St NE, Marietta GA 30060
55. Custodian of records for GA Regional Hospital, 3073 Panthersville Rd, Decatur, GA 30034
56. Custodian of records for Piedmont Cartersville, 960 Joe Frank Harris Pkwy SE, Cartersville, GA 30120
57. Custodian of records for Arlington Police Department, 567 Pioneer Rd., Arlington GA 39813
58. Custodian of records for Wellstar Kennestone Hospital, 677 Church St. NE, Marietta, GA 30060
59. Custodian or records for other documents produced in discovery to be supplemented in advance of the final pre-trial
60. Any and all witnesses necessary to rebut any testimony or documents used by Plaintiffs in their case in chief.

### Defendant's Expert Witness List

At trial, Defendants will call the following expert witnesses:

1. Matthew Norman, M.D., 4401 Northside Parkway, NW Suit 25, Atlanta, GA 30327
2. Greg Bristol, 15920 Fairway Drive, Montclair, Virginia 22025
3. Dr. Kimberly Mehlman-Orozco, 15920 Fairway Drive, Montclair, Virginia 22025

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX001 | RRI000777-RRI000800 | 1/1/13 | Lam 001.pdf; Galbraith 001.pdf | Guest Redi Expectations | |
| | PX002 | RRI_WK_00004227-RRI_WK_00004245 | 9/24/14 | Lam 002.pdf; Patel 002.pdf; RE You have 58 new reviews.msg | Email re: You have 58 new reviews | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX003 | RRI_WK_00004248-RRI_WK_00004296 | 10/22/14 | Lam 003.pdf | Email re: GR Alert - NEGATIVE Case Created for 088:Atlanta - Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX004 | RRI_WK_00018645-RRI_WK_00018646&RRI_WK_00018647(excerpt) | | Lam 004.pdf | Email re: September Mid Month NR | |
| | PX005 | RRI_WK_00018312-RRI_WK_00018331 | | Guest_Relations_Presentation by Vickie.ppt; Lam 005.pdf | Medallia & Guest Relations Presentation PowerPoint Presentation | |
| | PX006 | RRI_WK_00001234-RRI_WK_00001237 | | Lam 006.pdf | RRI 88 Smyrna YTD Summary, Executive Summary emails | |
| | PX007 | VARAHI000057-VARAHI000631 | | Lam 007.pdf | RRI Manager in Training Manual | |
| | PX008 | RRI000223-RRI000262 | June 2012 | Lam 008.pdf | Red Roof Inn Inn Management Innsider June 2012 | |
| | PX009 | RRI_WK_00005586 | | Lam 009.pdf | Chart of Complaints of Atlanta RRIs | Privilege |
| | PX010 | RRI_WK_00005269-RRI_WK_00005271 | 10/22/16 | Lam 010.pdf | Email Re: All Atlanta Properties Need Immediate Attention | duplicate? |
| | PX011 | RRI_WK_00005596-RRI_WK_00005598;RRI_WK_00004268-RRI_WK_00004269 | 1/25/16 | Lam 011.pdf | Email re: RRI #88 Smyrna, GA - UPDATE | |
| | PX012 | RRI_WK_00018574 | Mar-16 | Lam 012.pdf | Vickie Lam - Region 4 Chart | |
| | PX013 | RRI_WK_00018654-RRI_WK_00018657 | 10/5/16 | Lam 013.pdf | Email re: Reputology 10.5.16 - VICKIE LAM - APPROVAL NEEDED | |
| | PX014 | RRI_WK_00001258-RRI_WK_00001271 | 10/5/16 | Lam 014.pdf; Galbraith 014.pdf | Email re: FOR RALEIGH MEETING - VICKIE LAM'S BOTTOM 20% PRESENTATION | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX015 | RRI_WK_00005613-RRI_WK_00005614 | 12/28/16 | Lam 015.pdf | Email re: RRI #88 Smyrna, GA | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX016 | RRI_WK_00004304-RRI_WK_00004311 | 4/18/17 | Lam 016.pdf; Patel 002.pdf | Email re: legal notice | |
| | PX017 | RRI_WK_00002998-RRI_WK_00003007 | 8/10/17 | Lam 017.pdf | Email re: Red Roof 2200 Corporate Plaza | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX018 | RRI_WK_00001364-RRI_WK_00001375 | 10/2/17 | Lam 018.pdf | Email re: Bad Apples & Terminations Slides (E-mail 1 of 2) | |
| | PX019 | RRI_WK_00001359-RRI_WK_00001363 | 2/21/17 | Lam 19; Galbraith 019.pdf | Email re: FEEBACK - Bad Apple Slides - SMYRNA, GA | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX020 | RRI_WK_00002901-RRI_WK_00002904 | 1/19/17 | Lam 020.pdf | Email re: Shout out to the francise ops team (TRIP ADVISOR) | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (redact unrelated properties) |
| | PX021 | RRI_WK_00005686-RRI_WK_00005699 | 6/27/18 | Lam 021.pdf | Email re: Week of July 2 to July 6 - NASSER JARRAH | |
| | PX022 | RRI_EF_00009877-RRI_EF_00009878 | 7/21/16 | Lam 022.pdf | Email re: What's the Plans to Change the Image??? | |
| | PX022-2 | RRI_EF_00009909-RRI_EF_00009910 | 10/7/16 | Lam 022-2.pdf | Email re: Red Roof Inn, 4430 Frederick Drive, Atlanta, GA 30336 | |
| | PX023 | RRI_EF_00009924-RRI_EF_00009937 | 10/14/16 | Lam 023.pdf | Email re: Please Use Bottom 20% Presentation | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX024 | RRI_EF_00010004-RRI_EF_00010008 | 4/6/17 | Lam 024.pdf | Email re: 793 Atlanta Six Flags | |
| | PX025 | RRI_WK_000038266-RRI_WK_000038267 | 6/13/18 | Lam 025.pdf | Email re: RRI 793 Six Flags, GA | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX026 | RRI_WK_00002994-RRI_WK_00002997 | 6/27/17 | Lam 026.pdf | Email re: *RISK CASE* Property 793 Guest Russ Weber | |
| | PX027 | RRI_EF_00003972-RRI_EF_00003973 | | Lam 027.pdf | Prostitution Ranker Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (other hotels) |
| | PX028 | RRI_EF_00006673 | 7/20/17 | Lam 028.pdf | Email re: GR Alert - NEGATIVE Case Created for 793:Atlanta - Six Flags | |
| | PX029 | RRI_WK_00038327-RRI_WK_00038328 | 9/13/18 | Lam 029.pdf | Email re: #793 Atlanta Six Flags, GA - WEDNESDAY, SEPTEMBER 26, 2018 | |
| | PX030 | PLAINTIFF-00009516(RRI) | 6/15/19 | Lam 030. pdf | RRI Six Flags Hotel Reviews-Orbitz | |
| | PX031 | PLAINTIFF-00009515(RRI) | 6/30/19 | Lam 031.pdf | RRI Six Flags Hotel Reviews-Orbitz | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated property in 2019 - RRI Six Flags), and authentication |
| | PX032 | PLAINTIFF-00009514(RRI) | 6/29/19 | Lam 032.pdf | RRI Six Flags Hotel Reviews-Orbitz | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated property in 2019 - RRI Six Flags), and authentication |
| | PX033 | PLAINTIFF-00009513(RRI) | 10/19/19 | Lam 033.pdf | RRI Six Flags Hotel Reviews-Orbitz | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated property in 2019 - RRI Six Flags), and authentication |
| | PX034 | RRI_EF_00010103-RRI_EF_00010104 | 10/30/19 | Lam 034.pdf | 2019/10/30 Emails about Fox News Article | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX035 | RRI_WK_00000416-RRI_WK_00000417 | | Protection of the Rights of Children Policy.docx | RRI Protection and Rights of Children Policy | Authenticity; Foundation |
| | PX036 | RRI_WK_00014791-RRI_WK_00014792 | | Hotel Training Outline.pdf | Hotel Training Video Outline | |
| | PX037 | | | Exhibit Withdrawn | | |
| | PX038 | RRI_WK_00001752-RRI_WK_00001778 | 3/23/08 | Red Roof Inn - MIT Training-3-23-2008.ppt | PowerPoint: General Manager Training Safety and Security Presentation | |
| | PX039 | RRI_WK_00001791-RRI_WK_00001803 | 3/10/11 | 2022-01-19 -Hamilton-4.pdf;011922-Hamilton-4.pdf | Safety Services Agreement between B.E.S.T. Inc. and Red Roof Inn # 10130 | |
| | PX040 | RRI_WK_00020970-RRI_WK_00020973 | 7/26/12 | Travel Risk Management Conference Focusing on Corporate & Government Travel.msg | Email re: Travel Risk Management Conference: Focusing on Corporate & Government Travel | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX041 | RRI_WK_00013502-RRI_WK_00013504 | 3/6/14 | RE ECPAT .msg | 2014/03/06 Email re: ECPAT and training | |
| | PX042 | RRI_WK_00000423-RRI_WK_00000455 | 9/17/14 | Preventing and Reacting to Child Sex Trafficking (corporate and franchise for 9.17.14).pptx | PowerPoint: Preventing & Reacting to Child Sex Trafficking with speaker notes | |
| | PX043 | RRI_WK_00000134-RRI_WK_00000136 | 1/24/19 | RE Human Trafficking Training - Franchise 1.23.19.docx.msg | Email re: Human Trafficking - Francise 1.23.19.docx | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX044 | RRI_WK_00004146-RRI_WK_00004171 | Nov-20 | Human Trafficking Investigative Protocol Summary and Recommendations FINAL November 2020.pptx | Human Trafficking Investigative Protocol Summary and Recommendations, November 2020 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX045 | RRI_WK_00005968-RRI_WK_00006025 | 2/16/12 | FW Red Roof January 2012 Monthly Activity Report.msg | Email re: Red Roof January 2012 Monthly Activity Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX046 | RRI_WK_00013148-RRI_WK_00013152 | 10/4/13 | RED ROOF WEEKLY REPORT, September 30 - October 4.msg | Email re: Red Roof WEEKLY REPORT, September 30 - October 4 | |
| | PX047 | RRI_WK_00013153-RRI_WK_00013155 | 10/10/16 | Today's Clips.msg | Email re: Today's Clips | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX048 | RRI_WK_00013391-RRI_WK_00013392 | 12/5/13 | RE Media Hotline Call -- fu on alleged rape from 1127.msg | Email re: Media hotline call -- f/u on alleged rape from 11/27 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX049 | RRI_WK_00002545-RRI_WK_00002557 | 9/24/14 | You have 58 new reviews.msg | Reputology Monitor Review Summaries - Red Roof Inn Daily Summaries | |
| | PX050 | RRI_WK_00014486 | 5/1/15 | RE Media hotline call.msg | Email re: Media hotline call | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX051 | RRI_WK_00014846-RRI_WK_00014847 | 9/18/15 | Today's Clips.msg | Email re: Today's clips email | |
| | PX052 | RRI_WK_00005226-RRI_WK_00005230 | 10/6/15 | Clarabridge Comment Reports.msg; Comment List - July 2015.xlsx; Comment List - September 2015.xlsx; Comment List - August 2015.xlsx | Email re: Clarabridge Comment Reports and attachments | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403(unrelated properties) |
| | PX053 | RRI_WK_00015681-RRI_WK_00015682 | 10/21/15 | Today's Clips.msg | Email re: Today's clips email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX054 | | | Exhibit Number Intentionally Omitted | | |
| | PX055 | RRI_WK_00050261-RRI_WK_00050280 | 11/18/15 | RE RRI Crisis Monitoring Monthly Report - July to October, 2015.msg | Email Re: Crisis Monitoring Monthly Report email | Privilege |
| | PX056 | RRI_WK_00015907-RRI_WK_00015932 | 1/14/16 | Re Assistance needed.msg | Email re: Assistance needed- 2016 RRI Crisis Training Presentation | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX057 | RRI_WK_00015980-RRI_WK_00015988 | 1/22/16 | RED ROOF WEEKLY REPORT January 18 – January 22, 2016.msg | Email re: RED ROOF WEEKLY REPORT - January 18-January 22, 2016 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403(unrelated properties) |
| | PX058 | RRI_WK_00005478-RRI_WK_00005479 | 2/3/16 | UPDATE Red Roof Caves...or Did They.msg | Email re: ATL Trafficking article "Red Roof Caves … or Did They?" | |
| | PX059 | RRI_WK_00050688 | 2/7/19 | #793-Six Flags.msg | Email re: #793-Six Flags | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX060 | WK-Tallis-000854-WK-Tallis-000871 | | Tallis Materials 068.pdf | Polaris Project Tips for First Interactions with Victims | |
| | PX061 | WK-Whitmore000001-WK-Whitmore000140 | Jan-08 | UN Introduction to Human Trafficking.pdf;13.pdf | UN Office on Drugs and Crime: An Introduction to Human Trafficking: Vulnerability, Impact and Action | |
| | PX062 | RRI_WK_00000412-RRI_WK_00000415 | | ECPATUSA_hotelcompanyimplementationprintRedRoof.pdf | ECPAT USA Hotel Company Code Implementation | Authenticity; Foundation |
| | PX063 | WK-Whitmore000141 | 2012 | 2.pdf | Article: Polaris Project, "Understanding the Definition of Human Trafficking: The Action-Means-Purpose Model" | |
| | PX064 | | | Exhibit Withdrawn | | |
| | PX065 | WK-Tallis-000142-WK-Tallis-000148 | 3/15/13 | Kimberly Ritter stands up to child sex trafficking in US hotels - CSMonitor.com.pdf | Article: The Christian Science Monitor, "Kimberly Ritter stands up to child sex trafficking in US hotels" | |
| | PX066 | WK-Tallis-000241-WK-Tallis-000246 | Jun-13 | Tallis Materials 009.pdf | Center for Public Policy Studies Georgia Human Trafficking Fact Sheet | |
| | PX067 | | | Exhibit Withdrawn | | |
| | PX068 | Pltf.-RRI0006361-Pltf.-RRI0006363 | 2015 | 102021-Sarkisian-P6.pdf | The Code article | |
| | PX069 | Pltf.-RRI0006364-Pltf.-RRI0006365 | 2015 | 102021-Sarkisian-P5.pdf | Article: ECPAT USA Releases First-Ever guide to States to Stop Child Sex Trafficking Victims from Falling Through the Cracks | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX070 | Pltf-RRI0006203-Pltf-RRI0006216 | 2015 | 102021-Sarkisian-P2.pdf | Article: Cornell Hospitality Report "Adopting the Code: Human Trafficking and the Hospitality Industry" | Authenticity; Foundation |
| | PX071 | RRI_WK_00045910 | 6/26/17 | BEST - Inhospitable to Human Trafficking.msg | Email re: BEST - Inhospitable to Human Trafficking | |
| | PX072 | | | Exhibit Number Intentionally Omitted | | |
| | PX073 | JDX0005547; JDX0005549-JDX0005550; JDX0005552; JDX0005632-JDX0005635; JDX0005637-JDX0005640 | | Online Reviews-RRI-DH-Expedia.pdf | Online Reviews Compilation-Expedia- RRI-Druid Hills (Buckhead) | Authentication |
| | PX074 | JDX0005566-JDX0005575 | | Online Reviews-RRI-DH-Google.pdf | Online Reviews Compilation- Google-RRI-Druid Hills (Buckhead) | Authentication |
| | PX075 | JDX0005517-JDX0005521; JDX0005545; JDX0005548; JDX0005551; JDX0005553; JDX0005556-JDX0005563; JDX0005576;JDX0005636 | | Online Reviews-RRI-DH-TripAdvisor.pdf | Online Reviews Compilation- Trip Advisor- RRI-Druid Hills (Buckhead) | Authentication |
| | PX076 | JDX0005314-JDX0005315; JDX0005617 | | Online Reviews-RRI-Smyrna-Facebook.pdf | Online Reviews Compilation- Facebook- RRI-Smyrna | Authentication |
| | PX077 | JDX0005577-JDX0005583;JDX0005604-JDX0005606 | | Online Reviews-RRI-Smyrna-Google.pdf | Online Reviews Compilation- Google-RRI-Smyrna | Authentication |
| | PX078 | JDX0005522-JDX0005544;JDX0005546;JDX0005554-JDX0005555;JDX0005590-JDX0005603;JDX0005607-JDX0005616;JDX0005618-JDX0005631 | | Online Reviews-RRI-Smyrna-TripAdvisor.pdf | Online Reviews Compilation-TripAdvisor- RRI-Smyrna | Authentication |
| | PX079 | N/A | 10/5/12 | CONFMichaelBeene_16.pdf | 2012/10/05 Beene Tweet | |
| | PX080 | N/A | | CONFMichaelBeene_5.pdf | Beene Twitter Page | |
| | PX081 | N/A | 9/30/12 | CONFMichaelBeene_6.pdf | 2012/09/30 Tweet with added labels | |
| | PX082 | N/A | 4/16/12 | CONFMichaelBeene_19.pdf | 2012/04/16 Beene Tweet | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX083 | Pltf.C.A.004427 | | CA_21.pdf | Choose Up or Lose Up Logo | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff), and authentication |
| | PX084 | Pltf.C.A.009135 | | CONFMichaelBeene_7.pdf | Photo of men wearing Choose up or Lose up t-shirts | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff), and authentication |
| | PX085 | Pltf.K.P.001505 | | CONFMichaelBeene_14.pdf | Photo of men with cash | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff), and authentication |
| | PX086 | Pltf.C.A.008975 | | File127.txt;File3.txt;File2.jpeg; File126.jpeg | Photo of man wearing "Choose Up" shirt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff) |
| | PX087 | Pltf.C.A.009136 | | File37.jpeg | Mugshot of Bagz - Earnest Lloyd Wright | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff) |
| | PX088 | WK-Tallis-000828 | | AlanLTallisVolI_16.pdf | Tallis RRI, RRF Franchising | |
| | PX089 | RRI002683-RRI002704 | | RRI 002683-RRI 002704.pdf | Operating Agreement of RRF Holding Company, LLC | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (not a party to the case); also marked AEO |
| | PX090 | RRI002631-RRI002682 | | RRI 002631-RRI 002682.pdf | Second Amended and Restated Operating Agreement of Red Roof Franchising, LLC | |
| | PX091 | JDX0008922;Pltf-RRI-0010181 | 3/2/15 | March 2.docx | 2015/03/02 Word document from Dorraine Lallani re Confidential Ownership Information | |
| | PX092 | | | | Exhibit Number Intentionally Omitted | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX093 | RRI000466-RRI000508 | 2016 | 102221-Castille-D4.pdf; 101821-Cole-D4.pdf; 020222-Thomas-D4.pdf | RRI InnSider Employee Handbook January 2016 | |
| | PX094 | VARAHI001314-VARAHI001315 | 2/21/13 | Conner BC-001.pdf | Acknowledgement - Employee Handbook | |
| | PX095 | VARAHI001313 | 2/22/13 | Conner BC-002.pdf | Acknowledgement/Consent - Drug-Free Workplace/Criminal Background Check | |
| | PX096 | VARAHI001297 | 1/22/16 | Conner BC-003.pdf | Separation Notice | |
| | PX097 | RRI_000541-RRI_000543 | Dec-10 | 102221-Castille-D2.pdf; 101821-Cole-D2.pdf; 020222-Thomas-D2.pdf | RRI Safety and Security Housekeeping | |
| | PX098 | RRI000509-RRI000540 | | 102221-Castille-D3.pdf; 101821-Cole-D3.pdf; 020222-Thomas-D3.pdf | RRI Presentation Preventing & Reacting to Child Sex Trafficking (no speaker notes) | |
| | PX099 | RRI000544-RRI000545 | Dec-10 | 102221-Castille-D1.pdf | Dec 2010 RRI Prostitution Notice | |
| | PX100 | RRI_WK_00038055-RRI_WK_00038077 | 3/30/12 | e-Pak 3.30.2012 Continuing Ed, April promotions_ April 2012 Pet Friendly_ Human trafficking_ golden shovel contest_ WIS memo_ February 2012 Inn rankings.msg | 2012/03/30 Weekly e-Pak for 3.30.12 email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX101 | N/A | | Moyer 101.pdf | Red Roof Smyrna Photo | |
| | PX102 | N/A | | Moyer 102.pdf | Red Roof Buckhead Photo | |
| | PX103 | RRI000120-RRI000122 | 2/16/14 | Moyer 103.pdf | 2013 Robert Allen Performance Evaluation | |
| | PX104 | RRI000135-RRI000136 | 12/12/19 | Moyer 104.pdf | Robert Earnest Allen II Status and Key Dates | |
| | PX105 | RRI000117-RRI000119 | 3/12/17 | Moyer 105.pdf | 2016 Robert Allen Performance Evaluation | |
| | PX106 | RRI_WK_00001779-RRI_WK_00001790 | 1/17/08 | Moyer 106.pdf | Safety Services Agreement | |
| | PX107 | RRI_WK_00011787-RRI_WK_00011846 | 11/29/10 | Moyer 107.pdf | Email re: S&S Training | |
| | PX108 | RRI000923-RRI000940 | 3/28/12 | RRI 000923-RRI 000940.pdf; Moyer 108.pdf | RRI Weekly E-pak | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX109 | RRI_WK_00012074-RRI_WK_00012076;RRI_WK_00001150-RRI_WK_00001181 | 8/14/14 | Moyer 109.pdf | Email re: Webinar Link "Preventing and reacting to child sex trafficking" webinar | |
| | PX110 | JDX0005295-JDX0005298 | 7/10/13 | Moyer 110.pdf | Dekalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX111 | JDX0000149-JDX0000152 | 9/20/13 | Moyer 111.pdf; CONFMeghanHarrsch_1.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX112 | JDX0000192-JDX0000198 | 10/24/13 | Moyer 112.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX113 | JDX0000216-JDX0000219 | 10/31/13 | Moyer 113.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX114 | RRI_EF_00007425-RRI_EF_00007426 | 11/12/13 | Moyer 114.pdf | Notes for Budget Reviews FMC and Dune email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX115 | RRI_WK_00004955 | 11/12/13 | Moyer 115.pdf | Email re: 2014 Budget | duplicate |
| | PX116 | RRI_WK_00000791-RRI_WK_00000794 | 8/15/12 | Moyer 116.pdf | Email re: July/July YTD Results - NR (Feedback Requested) | |
| | PX117 | RRI_WK_00004873;RRI_WK_00004871-RRI_WK_0004872 | 8/17/12 | Moyer 117.pdf | Email re: Prostitutes | |
| | PX118 | RRI_WK_00031069-RRI_WK_00031076 | 9/17/12 | Moyer 118.pdf | Email re: Due Monday or sooner! | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX119 | RRI_WK_00004874-RRI_WK_00004875 | 12/19/12 | Moyer 119.pdf | Email re: Red Roof Inn - Atlanta (Buckhead) - Marhonda Norman - Satisfaction Survey results | |
| | PX120 | RRI_WK_00004883-RRI_WK_00004886 | 10/22/12 | Moyer 120.pdf | Email Re: Druid Hills Buckhead #130 | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX121 | RRI_WK_00000817-RRI_WK_00000828 | 11/10/12 | Moyer 121.pdf | Email re: Red Roof Inn- Atlanta (Buckhead) - Jaguar Eisele - Satisfaction Survey Results | duplicate |
| | PX122 | RRI_WK_00004900-RRI_WK_00004901 | 11/27/12 | Moyer 122.pdf; Patel 122.pdf | Email re: Red Roof Inn - Atlanta - Smyrna - Kelly Keammann - Satisfaction Survey Results | |
| | PX123 | RRI_WK_00000829-RRI_WK_00000831 | 12/17/12 | Moyer 123.pdf | Email re: Red Roof Inn - Atlanta (Buckhead) - Renee Huber - Satisfaction Survey Results | |
| | PX123A | RRI_WK_00004902-RRI_WK_00004903 | 12/17/12 | Moyer 123a.pdf | Email re: Red Roof Inn - Atlanta (Buckhead) - Joseph Kraut - Satisfaction Survey Results | |
| | PX124 | RRI_WK_00000832-RRI_WK_00000836 | 6/22/12 | Moyer 124.pdf | Email re: FYI - Karesma Hendrix email | |
| | PX125 | RRI_WK_00004742-RRI_WK_00004746 | 10/7/13 | Moyer 125.pdf | Email re: Service Manager Task Assigned - Sandra Watson | |
| | PX126 | RRI_WK_00004952-RRI_WK_00004954 | 10/31/13 | Moyer 126.pdf | Email re: Tricia LeTempt | |
| | PX127 | RRI_WK_00004957-RRI_WK_00004958 | 4/26/15 | Moyer 127.pdf; Fwd RRI130 - Red Roof PLUS+ Atlanta - Buckhead  Complaint of guest at property. .msg | Email re: RRI130 - Red Roof PLUS+ Atlanta - Buckhead Complaint of guest at property | |
| | PX128 | RRI_WK_00004982-RRI_WK_00004986 | 12/30/15 | Moyer 128.pdf | Email re: Red Roof Plus Guest Relations Case Created for Scott Ernster | |
| | PX129 | RRI_WK_00004999-RRI_WK_00005001 | 6/14/16 | Moyer 129.pdf | Email re: Red Roof Plus Guest Relations Case Created for John Foster | |
| | PX130 | RRI_WK_0012585-RRI_WK_0012587 | 9/1/16 | Moyer 130.pdf | Email re: 130 Buckhead Reclass Sierria Jordon | |
| | PX131 | RRI_WK_00005021-RRI_WK_00005025; RRI_WK_00004766-RRI_WK_00004770 ;RRI_WK_00005050-RRI_WK_00005055 | 9/16/16 | Moyer 131.pdf | Email re: Kyle Miller | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX132 | RRI_WK_00000897-RRI_WK_00000900 | 4/17/17 | Moyer 132.pdf | Email re: 130 Buckhead, Reclass 130509434, Christina Schroer | |
| | PX133 | RRI_WK_00000903 | 11/13/17 | Moyer 133.pdf | Email re: Red Roof PLUS Case for Dijon Rice has been open for 12 hours | |
| | PX134 | RRI000466-RRI000497 | 2013 | Limbert 134.pdf | PowerPoint: Preventing & Reacting to Child Sex Trafficking no speaker notes | |
| | PX135 | RRI_WK_00043402-RRI_WK_00043403 | 9/16/15 | Limbert 135.pdf | Email re: WSOC-TV request - Federal investigation into Clt Franchise | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX136 | RRI_WK_00050250-RRI_WK_00050260 | 11/16/15 | Limbert 136.pdf; RE RRI Crisis Monitoring Monthly Report - July to October, 2015.msg ; PowerPoint Presentation;RRI Crisis Monitoring Monthly Report - July to October_FINAL.pptx | Email re: RRI Crisis Monitoring Monthly Report - July to October 2015 with attachment | Privilege |
| | PX137 | RRI_WK_00050321-RRI_WK_00050323 | 11/20/15 | Limbert 137.pdf | Email re: RRI Crisis Monitoring Monthly Report - July to October 2015 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX138 | RRI_WK_00043415-RRI_WK_00043460 | 12/4/15 | Limbert 138.pdf | Email re: Attorney Client Privileged - Confidential | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX139 | RRI_WK_00001723 | 12/14/15 | Limbert 139.pdf | Email re: Training and ECPAT | |
| | PX140 | RRI_WK_00050396-RRI_WK_00050414 | 12/17/15 | Limbert 140.pdf | Email re: RRI Crisis Monitoring Monthly Report - November 2015 | Privilege |
| | PX141 | RRI_WK_00043466-RRI_WK_00043469 | 12/24/15 | Limbert 141.pdf | Email re: Trafficking-one example at Red Roof Inn | |
| | PX142 | RRI_WK_00045313-RRI_WK_00045317 | 1/19/16 | Limbert 142.pdf | Email re: Press Release | |
| | PX143 | RRI_WK_00045335-RRI_WK_00045336 | 1/19/16 | Limbert 143.pdf | Email Re: All Atlanta Properties Need Immediate Attention | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX144 | RRI_WK_00045442-RRI_WK_00045446 | 1/21/16 | Limbert 144.pdf | Email re: Red Roof Inn in Smyrna, GA | duplicate |
| | PX145 | RRI_WK_00045362-RRI_WK_00045363 | 1/21/16 | Limbert 145.pdf | Email re: Anonymous Caller RRI #088 | |
| | PX146 | RRI_WK_00045469-RRI_WK_00045471 | 1/22/16 | Limbert 146.pdf | Email re: #88 Smyrna, GA - Contact Us Form Submission on web | duplicate |
| | PX147 | RRI_WK_00045472-RRI_WK_00045475 | 1/22/16 | Limbert 147.pdf | Email re: Smyrna Letter - needs completed today to be sent out today | |
| | PX147A | RRI005311-RRI005312 | 1/22/16 | Limbert 147A.pdf; Patel 147A.pdf; AlanLTallisVolI_11.pdf | Letter re: Recent Issues at Red Roof Inn #088 located in Smyrna, GA | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX148 | RRI_WK_00045531-RRI_WK_00045533 | 1/28/16 | Limbert 148.pdf | Email re: What is your response to Human Trafficking at Cobb County Red Roof Inn on Windy Hill? | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX149 | RRI_WK_00043560-RRI_WK_00043563 | 1/26/16 | Limbert 149.pdf | Email re: RRI #88 Smyrna, GA - UPDATE | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX150 | RRI_WK_00050482-RRI_WK_00050495 | 2/2/16 | Limbert 150.pdf | Email re: 2015 RRI Crisis Monitoring Report: May to December 2015 | |
| | PX151 | RRI_WK_00050496-RRI_WK_00050507 | 2/28/16 | Limbert 151.pdf | Email re: RRI Crisis Monitoring Monthly Report Jan 2016 | Attorney Work Product |
| | PX152 | RRI_WK_00045615 | 3/23/16 | Limbert 152.pdf | Email re: Tom again he posted on our pets page and I removed it this is his response | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX153 | RRI_WK_00045856-RRI_WK_00045864 | 4/18/17 | Limbert 153.pdf | Email re: legal notice - RRI #88 Smyrna, GA | |
| | PX154 | RRI_WK_00045963 | 8/9/17 | Limbert 154.pdf | Email re: RRI#88 Smyrna, GA - Officer Jeffrey Adcock (Abatement Concerns) | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX155 | RRI_WK_00001721 | 12/10/15 | Limbert 155.pdf | Email Re: Training and EPCAT | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX156 | RRI_WK_00045342-RRI_WK_00045354 | 1/20/16 | Limbert 156.pdf | Email re: ECPAT USA Tourism and Child-Protection Code Follow-Up email | |
| | PX157 | RRI_WK_00045693-RRI_WK_00045698 | 6/28/16 | Limbert 157.pdf | Email Re: EPCAT-USA Tourism Child-Protection Code Follow-Up | |
| | PX158 | RRI_WK_00047523-RRI_WK_00047527 | 8/13/19 | Limbert 158.pdf; FW ECPAT-USA Rubric Report - Red Roof Inns.msg; ECPAT-USA Rubric Report_Red Roof Inns.pdf | Email re: EPCAT-USA Rubric Report - Red Roof Inns | |
| | PX159 | RRI_WK_00045809-RRI_WK_00045810 | 1/15/17 | Limbert 159.pdf | Email re: Sex Trafficking Video - Comments | |
| | PX160 | N/A | 1/9/22 | Limbert 160.pdf | RRI FaceBook Posts on Human Trafficking | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post trafficking period) |
| | PX161 | N/A | 4/23/21 | Limbert 161.pdf | Red Roof's Instagram Post re: Denim Day Campaign | |
| | PX162 | RRI_WK_00002938-RRI_WK_00002993 | 12/31/2015-01/01/2016 | Limbert 162.pdf | PowerPoint Presentation: Safety & Security the Address Hotel Dubai 12/31/2015-1/1/2016 | |
| | PX163 | RRI_WK_00000548-RRI_WK_00000609 | 1/28/16 | Limbert 163.pdf; Patel 163.pdf | Do Not Rent List for RRI Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX164 | RRI_WK_00001150-RRI_WK_00001181 | | Limbert 164.pdf | PowerPoint Presentation: Preventing & Reacting to Child Sex Trafficking | duplicate |
| | PX165 | N/A | 10/24/21 | Limbert 165.pdf | Article: The Vindicator, "Raising the Roof" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX166 | N/A | 10/15/21 | Limbert 166.pdf | Article: Hotel Business, "Listen & Grow - This is the foundation of Red Roof's future under the leadership of its new president, George Limbert | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX167 | N/A | 11/12/21 | Limbert 167.pdf | Article: Lodging Magazine, "Crisis Management and Beyond: RR's New CEO on Pivoting to Survive and Prosper" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX168 | RRI_WK_00024102-RRI_WK_00024118 | 1/12/17 | Limbert 168.pdf | Red Roof Plus Weekly e-Pak | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (jurors need instructed on the law through jury instructions, not a proper exhibit) |
| | PX169 | AHLA_WK_RR_0001945-AHLA_WK_RR_0001950 | 5/5/14 | Limbert 169.pdf | Email re: Purchasing the Role of Hospitality in Preventing and Reacting to Child Sex Trafficking | |
| | PX170 | | | Exhibit Withdrawn | | |
| | PX171 | | | Exhibit Withdrawn | | |
| | PX172 | RRI001423-RRI001476 | 12/14/12 | Limbert 172.pdf | Franchise Agreement Between RRF, LLC and Varahi Hotel, LLC | duplicate |
| | PX173 | RRI_WK_00050250-RRI_WK_00050251 | 11/16/15 | Limbert 173.pdf; MacDonald 173.pdf | Email re: RRI Crisis Monitoring Monthly Report - July to Oct 2015 | Privilege |
| | PX174 | RRI_WK_00011307-RRI_WK_00011315 | 9/2/15 | Limbert 174.pdf | Affidavit of Shawna Drummond | Inadmissible hearsay |
| | PX175 | RRI_WK_00050426-RRI_WK_00050434 | Nov-15 | Limbert 175.pdf | Red Roof Plus+ Crisis Monitoring Monthly Report | Privilege |
| | PX176 | RRI_WK_00050777-RRI_WK_00050779 | 1/7/16 | Limbert 176.pdf | Email re: RRI #357 Atlanta Midtown, GA - Crisis Monitoring | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property) |
| | PX177 | RRI_WK_00050510-RRI_WK_00050520 | May 2015 - Dec. 2015 | Limbert 177.pdf | Red Roof Plus+ Crisis Monitoring Report | Privilege |
| | PX178 | RRI_WK_00050498-RRI_WK_00050507 | Jan-16 | Limbert 178.pdf | Red Roof Plus+ Crisis Monitoring Report | Privilege |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX179 | RRI_WK_00002998-RRI_WK_00002999 & RRI_WK_00003000 & RRI_WK_00003002-RRI_WK_00003007 | 8/10/17 | Limbert 179.pdf; Patel 179.pdf | Email re: Red Roof 2200 Corporate Plaza | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX180 | RRI_WK_00046582-RRI_WK_00046584 | 11/4/18 | Limbert 180.pdf | Email re: Motel 'frequently involved in criminal activity' sees more than 200 class for service this year - absactionnews.com WFTS-TV | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX181 | RRI_WK_00001285-RRI_WK_00001298 | 10/14/16 | Limbert 181.pdf | Email re: Please Use Bottom 20% Presentation | |
| | PX182 | RRI_WK_00001359-RRI_WK_00001363 | 2/21/17 | Limbert 182.pdf; Galbraith 019.pdf; Lam 19 | Email re: FEEBACK - Bad Apple Slides - SMYRNA, GA | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX183 | Miscellaneous | 1/18/12 | Limbert 183.pdf | 2012/01/18 Smyrna Composite | |
| | PX184 | N/A | 2012-2021 | Limbert 184.pdf | Texas Franchise Public Information Report re Westmont Hospitality Group, Inc. 2012-2021 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX185 | WRRH000236 | | Limbert 185.pdf; Austin 185.pdf | RRI Organizational Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403; AEO |
| | PX186 | WRRH000235 | | Limbert 186.pdf; Austin 186.pdf | RRI - FMC Structure Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403; AEO |
| | PX187 | WRRH000234 | | Limbert 187.pdf; Austin 187.pdf | RRI - Dune Structure Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403; AEO |
| | PX188 | | | Exhibit Withdrawn | | |
| | PX189 | | | Exhibit Withdrawn | | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX190 | | | Exhibit Withdrawn | | |
| | PX191 | | | Exhibit Withdrawn | | |
| | PX192 | N/A | | Vittatoe 192.pdf | Vittatoe Linked in Resume | |
| | PX193 | RRI_WK_00001779-RRI_WK_00001790 | 1/17/08 | Vittatoe 193.pdf | Security Services Agreement between Best Security and Red Roof Inns, Inc. | |
| | PX194 | RRI_WK_00011660 | 9/1/07 | Vittatoe 194.pdf | Red Roof Hotline Numbers | |
| | PX195 | RRI_WK_00001752-RRI_WK_00001778 | | Vittatoe 195.pdf | PowerPoint Presentation: RRI General Manager Training Safety and Security | |
| | PX196 | RRI_WK_00011787-RRI_WK_00011817 | 11/29/10 | Vittatoe 196.pdf | Email re: S&S Training | |
| | PX197 | RRI_WK_00011324-RRI_WK_00011326 | 3/9/08 | Vittatoe 197.pdf | Email re: Prostitution Incident Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property in South Carolina) |
| | PX198 | | | Exhibit Withdrawn | | |
| | PX199 | | | Exhibit Withdrawn | | |
| | PX200 | | | Exhibit Withdrawn | | |
| | PX201 | | | Exhibit Withdrawn | | |
| | PX202 | | | Exhibit Withdrawn | | |
| | PX203 | N/A | | Stocker 203.pdf | Greg Stocker Linked in Resume | |
| | PX204 | | | Exhibit Number Intentionally Omitted | | |
| | PX205 | RRI_WK_00011168-RRI_WK_00011306 | Dec-10 | Stocker 205.pdf | RRI Assaults Operating and Reporting Procedures- December 2010 | |
| | PX206 | RRI000178-RRI000222 | Jun-12 | Stocker 206.pdf | Red Roof Inn GSR Innsider June 2012 | |
| | PX207 | N/A | | 3/21/08 Stocker 207.pdf | Article: Detroit News "5 Charged in federal probe of child prostitution rings" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property) |
| | PX208 | RRI_WK_00004874-RRI_WK_00004875 | | Stocker 208.pdf | 2012/09/17 Marhonda Norman Satisfaction Survey Results | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX209 | RRI_WK_00004900-RRI_WK_00004901 | 11/27/12 | Stocker 209.pdf | Email re: Red Roof Inn - Atlanta - Smyrna - Kelly Keammann - Satisfaction Survey Results | |
| | PX210 | RRI_WK_00004942 | 10/7/13 | Stocker 210.pdf | Email re: GR Alert - Negative Case Created for 130:Atlanta (Buckhead) | |
| | PX211 | RRI_WK_00005242-RRI_WK_00005251 | 11/13/15 | Stocker 211.pdf | Email re: RRI Crisis Monitoring Monthly Report - July to October 2015 | Privilege |
| | PX212 | RRI_WK_00002844-RRI_WK_00002854 | May 2015 - Dec. 2015 | Stocker 212.pdf | Red Roof Plus+ Crisis Monitoring Report | Privilege; relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (redact unrelated properties and Varahi conduct) |
| | PX213 | RRI_WK_00005446-RRI_WK_00005447 | 12/3/15 | Stocker 213.pdf | Email re: Crisis Grid | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX214 | RRI_WK_00003800-RRI_WK_00003804 | 4/16/20 | Stocker 214.pdf | Email re: Red Roof Guest Complaints | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX215 | RRI_WK_00005483-RRI_WK_00005490 | 4/18/17 | Stocker 215.pdf; Patel 215.pdf | Email re: legal notice | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX216 | RRI_WK_00045964-RRI_WK_00045965 | 8/18/17 | Stocker 216.pdf | Email re: Red Roof T15 17077718 - #88 Smyrna, GA | |
| | PX217 | RRI_WK_00003033-RRI_WK_00003036 | 9/18/17 | Stocker 217.pdf; Patel 217.pdf | Email re: Employee Meeting Notes - Red Roof Inn Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX218 | RRI_WK_00003980 | 7/15/20 | Stocker 218.pdf | Summary of Meeting with RRI-Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX219 | RRI_WK_00003813-RRI_WK_00003862 | 6/5/20 | Human Trafficking 6.5.2020.pptx | PowerPoint Presentation: Human Trafficking with speaker notes | |
| | PX220 | n/a | | 102221-Castille-D9.pdf | Photos | Foundation |
| | PX221 | Pltf-RRI00002223-Pltf-RRI00002225 | 9/23/19 | 102221-Castille-P10.pdf | Affidavit of Forrest Castille | Inadmissible hearsay |
| | PX222 | | | Exhibit Withdrawn | | |
| | PX223 | Pltf-RRI0005336-Pltf-RRI0005339 | 7/10/13 | 011922-Hamilton-6.pdf | Dekalb Police Incident Report | Hearsay to narrative reports/statements within, authentication |
| | PX224 | | | Exhibit Number Intentionally Omitted | | |
| | PX225 | Pltf-RRI00005117-Pltf-RRI00005119 | | 101821-Cole-P1.pdf | Affidavit of Vanessa Cole | Inadmissible hearsay |
| | PX226 | RRI_WK_00042263-RRI_WK_00042569 | 4/1/20 | Park Exhibit No. 226.pdf; Austin 226.pdf | RRI Franchise Disclosure Document | |
| | PX227 | Pltf-RRI0000075 - Pltf-RRI0000085 | | 102021-Sarkisian-P9.pdf | Article: Red Roofie Blog, "Avoid Red Roof Inn Smyrna Georgia" | |
| | PX228 | RRI_WK_00002651-RRI_WK_00002696 | 12/4/15 | FW Trafficking-one example at Red Roof Inn.msg | Email re Trafficking-one example at Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX229 | RRI_WK_00045060-RRI_WK_00045107 | 12/22/15 | FW Trafficking-one example at Red Roof Inn.msg; Red Rood Inn Smyrna GA - Oct 2015 - Copy.doc | Email re Trafficking-one example at Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX230 | Pltf-RRI0006220-Pltf-RRI0006221 | 12/22/15 | 102021-Sarkisian-P4.pdf | Email re: Trafficking-one example at Red Roof Inn | |
| | PX231 | RRI_WK_00002699-RRI_WK_00002701 | 1/18/18 | Press Release.msg | Email Re: Press Release | |
| | PX232 | RRI_WK_00005262-RRI_WK_00005264 | 1/18/16 | Important Press Release.msg | Email re: Important: Press Release | |
| | PX233 | RRI004934-RRI004936 | 1/29/16 | RRI 004934-RRI 004936.pdf | Email re: What is your response to Human Trafficking at Cobb County Red Roof Inn on Windy Hill? | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX234 | Pltf-RRI0006390-Pltf-RRI0006391 | 10/15/21 | 102021-Sarkisian-P8.pdf | Email re: yikes! | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX235 | N/A | 8/21/21 | 102021-Sarkisian-D1.pdf | 2021/08/21 Sarkisian Email to McDonough re Conversation with George Limbert | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX236 | Pltf-RRI0006120 | | 00516.MTS | Operation Liberate Video 516 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX237 | Pltf-RRI0006121 | | 00517.MTS | Operation Liberate Video 517 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX238 | Pltf-RRI0006124 | | 00520.MTS | Operation Liberate Video 520 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX239 | Pltf-RRI0006125 | | 00521.MTS | Operation Liberate Video 521 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX240 | Pltf-RRI0006126 | | 00522.MTS | Operation Liberate Video 522 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX241 | Pltf-RRI0006127 | | 00528.MTS | Operation Liberate Video 528 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX242 | Pltf-RRI0006130 | | 00531.MTS | Operation Liberate Video 531 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX243 | Pltf-RRI0006137 | | 00538.MTS | Operation Liberate Video 538 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX244 | Pltf-RRI0006139 | | 00540.MTS | Operation Liberate Video 540 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX245 | Pltf-RRI0006144 | | 00545.MTS | Operation Liberate Video 545 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX246 | Pltf-RRI0006148 | | 00549.MTS | Operation Liberate Video 549 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX247 | Pltf-RRI0006152 | | 00553.MTS | Operation Liberate Video 553 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX248 | Pltf-RRI0006162 | | 00563.MTS | Operation Liberate Video 563 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX249 | Pltf-RRI0006180 | | 00586.MTS | Operation Liberate Video 586 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX250 | Pltf-RRI0006186 | | 00592.MTS | Operation Liberate Video 592 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX251 | Pltf-RRI0006188 | | 00594.MTS | Operation Liberate Video 594 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX252 | Pltf-RRI0006189 | | 00595.MTS | Operation Liberate Video 595 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX253 | Pltf-RRI0006193 | | 00599.MTS | Operation Liberate Video 599 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX254 | Pltf-RRI0006196 | | 00602.MTS | Operation Liberate Video 602 | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX255 | RRI000544-RRI00545 | | 020222-Thomas-D1.pdf; 101821-Cole-D1.pdf | Dec 2010 RRI Prostitution Notice | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX256 | | | Exhibit Number Intentionally Omitted | | |
| | PX257 | | | Exhibit Number Intentionally Omitted | | |
| | PX258 | | | Exhibit Number Intentionally Omitted | | |
| | PX259 | | | Exhibit Withdrawn | | |
| | PX260 | RRI_WK_00004253 | 1/22/16 | Patel 260.pdf | Email re: Police Officer Help Needed at Red Roof Inn, Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX261 | VARAHI000632-VARAHI000680 | Jan-10 | Patel 261.pdf; Conner 007.pdf; 102221-Castille-D7.pdf | Varahi Hotels Employee Handbook | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX262 | RRI_WK_000004297-RRI_WK_000004303 | 4/10/17 | Patel 262.pdf | Email re: legal notice | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX263 | n/a | | RP-001.pdf | Article: "Red Roof Admits Sex Trafficking Occurs in its Rooms!" | |
| | PX264 | VARAHI00244-VARAHI00297 | Mar-12 | Patel 264.pdf | Franchise Agreement between RRF and Varahi Hotels | |
| | PX265 | RRI_WK_00001450-RRI_WK_00001501 | Sep-14 | Patel 265.pdf | RRI Standards Manual | |
| | PX266 | VARAHI002697 | | Patel 266.pdf | DHS.gov Human Trafficking Poster | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX267 | RRI_WK_00004222 | 12/21/13 | Patel 267.pdf | Email re: GREYHOUND TRUST & ALLIANCE VP + 502799 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX268 | RRI_WK_00004225 | 4/29/14 | Patel 268.pdf | Email re Prostitutes | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX269 | RRI_WK_00004248-RRI_WK_00004296 | 10/22/14 | Patel 269.pdf | Email re: GR Alert - NEGATIVE Case Created for 088:Atlanta - Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX270 | Pltf-RRI0005549;Pltf-RRI0005509;Pltf-RRI0005545;Pltf.-RRI0006339-Pltf.-RRI0006340;Pltf-RRI0005510-Pltf-RRI0005512;Pltf-RRI0005517;Pltf-RRI0005455-Pltf-RRI0005456;Pltf-RRI0005520;Pltf-RRI0005519;Pltf-RRI0005516;Pltf-RRI0005515;Pltf-RRI0005514;Pltf-RRI0005542;Pltf-RRI0005444;Pltf-RRI0005443;Pltf-RRI0005550;Pltf-RRI0005538 | | Patel 270.pdf | Compilation RRI Smyrna TripAdvisor Reviews | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX271 | RRI_WK_00004251-RRI_WK_00004252 | 12/22/15 | Patel 271.pdf | Email re: Service Manager Task Assignment - Shalandria Detry | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX272 | JDX0000027-JDX0000033 | 1/13/16 | Patel 272.pdf | Article: ATL Trafficking "Red Roof Inn Runs Rampant" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX273 | JDX0000021-JDX0000026 | 1/21/16 | Patel 273.pdf | Article: ATL Trafficking: "Red Roof Admits Sex Trafficking Occurs in its Rooms!" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX274 | RRI_WK_00005703-RRI_WK_00005704 | 8/28/19 | Patel 274.pdf | Email re: Police Officer Help Needed at Red Roof Inn, Smyrna | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX275 | RRI_WK-00004265-RRI_WK_00004266 | 1/29/16 | Patel 275.pdf | Email re: Police Officer Needed at Red Roof Inn, Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX276 | RRI_WK_00000610-RRI_WK_00000611 | 1/29/16 | Patel 276.pdf | Email Re: Part Time Slot | |
| | PX277 | RRI_WK-00004270-RRI_WK_00004271 | 2/2/16 | Patel 277.pdf | Email re: Service Manager Task Assigned - Wylene Myers | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX278 | RRI_WK_00004295-RRI_WK_00004296 | 4/15/16 | Patel 278.pdf | Email re: Service Manager Task Assigned - Tracey Strickland | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX279 | RRI_WK_00000612-RRI_WK_00000613 | 9/1/16 | Patel 279.pdf | Email re: One Call Resolution Case Created for Keniefah Martin | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX280 | RRI_WK_00001879-RRI_WK_00001888;Varahi01381-Varahi01382 | 4/19/17 | Patel 280.pdf | Security Guard Protection Agreement between Banneret Security Inc. and Motel 6 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX281 | RRI_WK_00000614-RRI_WK_00000615 | 6/26/17 | Patel 281.pdf | Email re: One Call Resolution Case Created for Phillip Vasseur | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX282 | RRI_WK_00003033 | 9/18/17 | Patel 282.pdf | Email re: Employee Meeting Notes Smyrna - Red Roof Inn Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX283 | VARAHI01110 | Sep-17 | Patel 283.pdf | Red Roof Inn Public Safety Action Plan after Sept.2017 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX284 | VARAHI01317-VARAHI01366 | 12/21/15 | Patel 284.pdf | Security Solutions of America Invoice Smyrna RRI | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX285 | VARAHI01367-VARAHI01380 | 12/17/12 | Patel 285.pdf | Security Timecard | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX286 | Varahi1035-Varahi1064 | | Patel 286.pdf | Incident Logbook for GSR/Security/Police Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX287 | RRI_WK_00004869-RRI_WK_00004870 | 6/22/12 | Patel 287.pdf | Email re: District 11 Analysis | |
| | PX288 | Prtf-RRI0005450 | 7/7/13 | Patel 288.pdf | TripAdvisor review "Prostitutes everywhere" | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX289 | RRI_WK_00004246-RRI_WK_00004247 | 10/21/14 | Patel 289.pdf | Email re: GR Alert - Negative case Created for 088:Atlanta - Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX290 | N/A | | Patel 290.pdf | Handwritten Note: 13 Negative Reviews | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX291 | N/A | 4/6/22 | MacDonald 291.pdf | Red Roof Franchising, LLC's Objections and Responses to Plaintiffs' Second Interrogatories | |
| | PX292 | RRI_WK_00014780-RRI_WK_00014789 | 9/15/15 | MacDonald 292.pdf | Email re: Follow up - training video - sex and labor trafficking in hotels | |
| | PX293 | RRI_WK_00005763-RRI_WK_00005764 | 11/11/11 | MacDonald 293.pdf | Email re: Red Roof October 2011 Monthly Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX294 | RRI_WK_00050960-RRI_WK_00050968 | 3/2/13 | MacDonald 294.pdf | Email Re: Red Roof Weekly Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX295 | RRI_WK_00015978-RRI_WK_00015979 | 1/22/16 | MacDonald 295.pdf | Email Re: All Atlanta Properties Need Immediate Attention | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX296 | RRI_WK_00050339-RRI_WK_00050340 | 11/23/15 | MacDonald 296.pdf | Emails re: RRI Crisis Monitoring Monthly Report - July to October, 2015 | Privilege |
| | PX297 | RRI_WK_00015110 | 10/13/15 | MacDonald 297.pdf | Email re: You got 324 reviews between 2015-10-05 to 2015-10-11 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX298 | RRI_WK_00050475-RRI_WK_00050476 | 1/21/16 | MacDonald 298.pdf | Email re: 2015 RRI Crisis Monitoring Report: May to December 2015 | Privilege |
| | PX299 | RRI_WK_00015030-RRI_WK_00015069 | 10/13/15 | MacDonald 299.pdf | Email re: You got 324 reviews between 2015-10-05 to 2015-10-11 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX300 | RRI_WK_00050450-RRI_WK_00050481 | 1/17/16 | MacDonald 300.pdf | Email re: Review from Expedia | Relevance (unrelated property) |
| | PX301 | RRI_WK_00005325-RRI_WK_00050536 | 7/1/16 | MacDonald 301.pdf | Email re: Your CX Studio Dashboard PDF is ready | Privilege |
| | PX302 | RRI_WK_00050691-RRI_WK_00050699 | | MacDonald 302.pdf | YTD All Brands - Ranker | |
| | PX303 | Composite | | MacDonald 303.pdf | Composite of news articles and Email clips used at the MacDonald Deposition | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX304 | RRI_WK_00065018-RRI_WK_00065019 | 3/9/16 | MacDonald 304.pdf | Email re: Cyber | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX305 | RRI_WK_00000074-RRI_WK_00000207 | 1/16/20 | Alexander 305.pdf | Email re: Special Message from Andrew Alexander Human Trafficking Training & Update | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX306 | RRI_WK_00043397-RRI_WK_00043398 | 5/2/15 | Alexander 306.pdf | Email re: Media hotline call | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX307 | RRI_WK_00050900-RRI_WK_00050903 | 9/14/12 | Alexander 307.pdf | Email re: Meeting on Friday, Suggested Amanda | Relevance under Rule 401 |
| | PX308 | RRI_WK_00002514-RRI_WK_00002602 | 9/4/14 | Alexander 308.pdf | Email re: You have 157 new reviews | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX309 | RRI_WK_00051792-RRI_WK_00051793 | 12/4/15 | Alexander 309.pdf | Email re: Smyrna GA 88 - Operational Summary | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX310 | RRI_WK_00001392 | 12/14/15 | Alexander 310.pdf | Email re: Training and ECPAT | |
| | PX311 | RRI_WK_00008499-RRI_WK_00008501 | 3/6/13 | Alexander 311.pdf | Email re: EPCAT | |
| | PX312 | | | Exhibit Number Intentionally Omitted | | |
| | PX313 | RRI_WK_00031920-RRI_WK_00031937 | 12/20/17 | Alexander 313.pdf | Red Roof Inn Plus+ Weekly e-Pak | |
| | PX314 | RRI_WK_00009323-RRI_WK_00009327 | 1/14/15 | Alexander 314.pdf | Email re: quality | |
| | PX315 | RRI_WK_00050883-RRI_WK_00050885 | 7/15/12 | Alexander 315.pdf | Email re: Severe Incident | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX316 | RRI_WK_00020954-RRI_WK_00020958 | 7/24/12 | Alexander 316.pdf | Email re: Did we stay at the seacucus RRI????? | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX317 | N/A | | McElroy 317.pdf | Tom McElroy Tweets re Human Trafficking Awareness Resources | Inadmissible hearsay |
| | PX318 | RRI_WK_00016105-RRI_WK_00016106 | 3/21/16 | McElroy 318.pdf | Email re: He just doesn't give up | |
| | PX319 | RRIunredacted000941-RRIunredacted000984 | 8/25/11 | Wehrle 319.pdf | RRI Franchise Agreement between RRF and FMW RRI NC Smyrna | |
| | PX320 | RRI000223-RRI000262 | 2012 | Wehrle 320.pdf; Lam 008.pdf | June 2012 RRI Inn Management InnSider | |
| | PX321 | RRI_WK_00008494-RRI_WK_00008495 | 3/6/14 | Wehrle 321.pdf | Email re: EPCAT | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX322 | RRI_WK_00068385-RRI_WK_00068389 | 1/23/16 | Wehrle 322.pdf | Email re: Smyrna Property | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX323 | RRI_WK_00000422 | 12/20/17 | Wehrle 323.pdf | Email re: Human Trafficking | |
| | PX324 | VARAHI000057-VARAHI000631 | | Wehrle 324.pdf | RRI Manager in Training Manual | duplicate |
| | PX325 | RRIF000382-RRIF000405 | 2016 | MacDonald 325.pdf | 2016 Crisis Communications | AEO |
| | PX326 | N/A | | Park Exhibit No. 326.pdf | RRF, RRI, and RRI West Organizational Map | |
| | PX327 | Westmont002727 | | Park Exhibit No. 327.pdf | RRI Structure Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated entities) |
| | PX328 | RRIUnredacted002741-RRIUnredacted002753 | 1/13/14 | Park Exhibit No. 328.pdf | Minutes of Annual Meeting of the Sole Shareholder RRI | duplicate |
| | PX329 | Westmont002726;RRI000941-RRI000984 | 8/25/11 | Park Exhibit No. 329.pdf | RRI - FMC Structure Chart and 2011/08/25 Franchise Agreement between Red Roof Franchising, LLC and FMW RRI NC LLC | |
| | PX330 | Westmont002725 | | Park Exhibit No. 330.pdf | RRI - Dune Structure Chart | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated entities) |
| | PX331 | RRIunredacted000991-RRIunredacted001102 | 8/25/11 | Park Exhibit No. 331.pdf | Unredacted Property Management Agreement between FMW RRI NC and RRI West Management | |
| | PX332 | RRIunredacted000722-RRIunredacted000758 | 3/2/11 | Park Exhibit No. 332.pdf | Exclusive Property Management Agreement Hospitality Property Druid Hills | |
| | PX333 | RRIunredacted001423-RRIunredacted001476 | 12/14/12 | Park Exhibit No. 333.pdf; Galbraith 333.pdf; Patel 333.pdf | Unredacted RRI Franchise Agreement between RRF and Varahi Hotels | duplicate |
| | PX334 | RRIUnredacted002705-RRIUnredacted002740 | 1/20/15 | Park Exhibit No. 334.pdf | Unredacted Minutes of Annual Meeting of the Sole Shareholder RRI Canada and RRI Financial | Replace redacted copy - AEO |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX335 | RRI002763-RRI002774 | 1/22/13 | Park Exhibit No. 335.pdf | Action of the Manager of Red Roof Franchising, LLC by Written Consent | AEO |
| | PX336 | RRI002754-RRI002762 | 3/1/10 | Park Exhibit No. 336.pdf | Unanimous Written Consent of the Sole Member of RRF Holding Company in Lieu of Special Meeting | AEO |
| | PX337 | RRIunredated000677-RRIunredated000721 | 11/11/10 | Park Exhibit No. 337.pdf | Unredacted RRI Franchise Agreement between RRF and Druid Hills | duplicate |
| | PX338 | N/A | 31-Dec | Park Exhibit No. 338.pdf | List of fiscal years, room revenue, royalty %, and franchise royalty | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 until a finding of punitive damages |
| | PX339 | WHM_WK_000076-WHM_WK_000114 | Dec-14 | Park Exhibit No. 339.pdf | RRI Franchise Operations Executive Summary | |
| | PX340 | RRI012014 | 2015-2018 | Park Exhibit No. 340.pdf | RRI West Statement of Income 2015-2018 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 until a finding of punitive damages |
| | PX341 | RRI011682-RRI012013 | 2010, 2009, 2008 | Park Exhibit No. 341.pdf | RRF Consolidated Financial Statements for the years ended December 31, 2010, 2009, and 2008 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 until a finding of punitive damages |
| | PX342 | RRI011695-RRI011994 | 2010, 2009 | Park Exhibit No. 342.pdf | RRI Consolidated Financial Statements for the years ended December 31, 2010, and 2009 | duplicate |
| | PX343 | N/A | 4/26/22 | Park Exhibit No. 343.pdf | 2022/04/26 Red Roof Inns, Inc.'s Objections and Responses to Plaintiffs' Second Interrogatories to RRI West Management, LLC | |
| | PX344 | RRI_WK_00005461 | 1/28/16 | Park Exhibit No. 344.pdf | Email re: Red Roof Inn in Cobb County, Georgia | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX345 | RRIF000381 | | Park Exhibit No. 345.pdf | List of Inns, Termination Dates, and Termination Reasons | |
| | PX346 | RRI_WK_00064527-RRI_WK_00064535 | 9/15/15 | Park Exhibit No. 346.pdf | Email re: Charlotte Coverage Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property) |
| | PX347 | RRI_WK_00047614-RRI_WK_00047617 | 10/28/17 | Park Exhibit No. 347.pdf | Email re: FYI: RRI085 Columbia West, SC Police Departmen Called | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX348 | RRI_WK_00064490-RRI_WK_00064491 | 9/16/15 | Park Exhibit No. 348.pdf | Email re: Red Roof Statement | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property) |
| | PX349 | RRI_WK_00068385-RRI_WK_00068389 | 1/23/16 | RE Smyrna Property.msg; Park Exhibit No 349.pdf | 2016/01/23 Email Re: Smyrna Property | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX350 | RRIF000382-RRIF000435 | May-11 | Galbraith 350.pdf | Red Roof Standards Manual | |
| | PX351 | RRI_WK_00005659-RRI_WK_00005671 | 10/2/17 | Bad Apple Slides_Region F11.msg; Galbraith 351.pdf. | Email re: Bad Apple Slides_Region F11 | |
| | PX352 | RRI_WK_00000141-RRI_WK_00000153 | 8/18/19 | Galbraith 352.pdf | Eamil re: 88 Smyrna FVR | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX353 | RRI_WK_00043385-RRI_WK_00043386 | 5/30/13 | McElroy 316.pdf | Email re: TV Reporter 10143 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX354 | VARAHI001258-VARAHI001264 | 12/31/12 | Patel 354.pdf | Statistics Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX355 | RRIF000495-RRIF000550 | Apr-13 | Patel 355.pdf | Red Roof Standards Manual | |
| | PX356 | RRI_WK_00002604-RRI_WK_00002650 | 12/4/15 | Patel 356.pdf | Email re: Trafficking-one example at Red Roof Inn | |
| | PX357 | RRI_WK_00001718 | 12/8/15 | Patel 357.pdf | Email re: Training and ECPAT | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX358 | RRI_WK_00051794 | 12/22/15 | Patel 358.pdf | Email re: Trafficking-one example at Red Roof Inn | |
| | PX359 | RRI_WK_00051842-RRI_WK_00051843 | 12/24/15 | Patel 359.pdf | Email re: Trafficking-one example at Red Roof Inn | |
| | PX360 | Pltf-RRI0002284-Pltf-RRI0002285 | 9/5/17 | Patel 360.pdf | Red Roof Inn Public Safety Nuisance Abatement Meeting Agenda | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post period of alleged trafficking and Varahi conduct) |
| | PX361 | VARAHI01106-VARAHI01109 | | Patel 361.pdf | Public Safety Nuisance Abatement Plan | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX362 | VARAHI01111-VARAHI01112 | 9/19/17 | Patel 362.pdf | Memo re: Red Roof Inn/Changes from recent Abatement Notice | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX363 | Pltf-RRI0005549 | | Patel 363.pdf | TripAdvisor Review "Skin Still Crawling" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX364 | Pltf-RRI0005509 | 6/16/14 | Patel 364.pdf | TripAdvisor Review "Wow" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX365 | Pltf-RRI0005511 | 8/25/14 | Patel 365.pdf | TripAdvisor review "Red Roof Inn-Smyrna" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX366 | Pltf-RRI0005512 | 8/30/14 | Patel 366.pdf | TripAdvisor review "This place should be condemned and avoided by all means" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX367 | Pltf-RRI0005517 | 9/7/14 | Patel 367.pdf | TripAdvisor review "Nothing but a dope and prostitution den!!" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX368 | Pltf-RRI0005520 | 7/25/15 | Patel 368.pdf | TripAdvisor review "Dive" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX369 | Pltf-RRI0005519 | 8/9/15 | Patel 369.pdf | TripAdvisor review "Family trip turn nightmare" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX370 | Pltf-RRI0005516 | 8/13/15 | Patel 370.pdf | TripAdvisor review "Horrible alert horrible" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX371 | Pltf-RRI0005515 | 8/25/15 | Patel 371.pdf | TripAdvisor review "Unsafe and Disgusting!" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX372 | Pltf-RRI0005514 | 9/8/15 | Patel 372.pdf | TripAdvisor review "Don't stay here" | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), and authenticity |
| | PX373 | RRI_WK_00000616-RRI_WK_00000617 | 6/21/19 | Patel 373.pdf | Email re: You have a positive Real-time Feedback at Red Roof Inn Atlanta - Smyrna/Ballpark | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX374 | RRI_WK_00004559-RRI_WK_00004560 | 11/17/19 | Patel 374.pdf | Email re: You have a new review | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |
| | PX375 | RRI_WK_00000419-RRI_WK_00000421 | 7/5/17 | Patel 375.pdf | Email re: Red Roof Inn - Smyrna - MICHAEL COMPANY - Satisfaction Survey Results | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX376 | RRI_WK_00050474 | | Patel 376.pdf | Spreadsheet of Inn, Region, Date, Categories (Police, Prostitution, Drug, Weapon), and Comment | Relevance under Rule 401 and unfair prejudice and confusion of the issues and cumulative evidence under Rule 403 |
| | PX377 | RRI_WK_00004552-RRI_WK_00004554 | 11/11/19 | Patel 377.pdf | Email re: Contact Center Guest Relations Escalation | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |
| | PX378 | RRI_WK_00004642-RRI_WK_00004643 | 8/24/20 | Patel 378.pdf | Email re: One Call Resolution Case Created for Adam Witherspoon | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |
| | PX379 | RRI_WK_00004680-RRI_WK_00004681 | 11/16/20 | Patel 379.pdf | Email re: New Guest Relations Case has been created for Cassandra Ferguson | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |
| | PX380 | RRI_WK_00000635-RRI_WK_00000636 | 10/23/19 | Patel 380.pdf | Email re: Human Trafficking | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct) |
| | PX381 | N/A | Jun-12 | McElroy MCD 1.pdf | 2012/06 RRI Corporate Office InnSider | |
| | PX382 | N/A | | McElroy MCD 3.pdf | Statement of Thomas McElroy | Inadmissible hearsay |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX383 | N/A | 5/1/14 | McElroy MCD 4.pdf | US Dept of Labor Re: RRI West Management/ McElroy | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX384 | RRI011734-RRI011754 | 2012, 2011 | RRI 011734-RRI 011754.pdf | RRI Consolidated Financial Statements for the Years Ended December 31, 2012, and 2011 | |
| | PX385 | N/A | 12/14/14 | WK_14.pdf | 2014/12/14 Marietta Police Report | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Red Roof Inn on Windy Hill Rd), and authentication |
| | PX386 | Pltf.W.K.-00367-Pltf.W.K.-000369 | 12/7/14 | WK_15.pdf | 2014/12/07 Cobb County Incident/Investigative Report | Authentication |
| | PX387 | N/A | 2/2/15 | DP_12.pdf | 2015/02/02 Cobb County Incident/Investigative Report | Authentication |
| | PX388 | N/A | 11/9/06 | CONFMichaelBeene_3.pdf | 2011/09/06 Dekalb County Police Department Incident Report | Hearsay to narrative reports/statements within, authentication |
| | PX389 | JDX0005109–5111 | 1/2410-5/22/14 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX390 | JDX0005179–80 | 9/6/11 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX391 | JDX0005181–83 | 9/9/11 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX392 | JDX0005184–5190 | 9/15/11 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX393 | JDX0005191–5193 | 11/11/11 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX394 | JDX0005197–98 | 11/7/11 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX395 | JDX0005250–53 | 9/20/12 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX396 | JDX0005268–70 | 4/17/13 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX397 | JDX0005275–77 | 5/5/13 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX398 | JDX0005278–80 | 5/8/13 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX399 | JDX0005304–5308 | 5/22/14 | Dekalb Police- RRI-DH.pdf | DeKalb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX400 | JDX0000149–152 | 9/20/13 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX401 | JDX0000192–198 | 10/24/13 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX402 | JDX0000216–219 | 10/31/13 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX403 | JDX00000655–665 | 11/24/15 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX404 | JDX0000711–716 | 1/7/16 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX405 | JDC0000801–809 | 4/10/16 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX406 | JDX0000844–849 | 5/10/16 | Brookhaven Police Reports- RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX407 | JDX0001162–1165 | 8/15/17 | Brookhaven Police Reports-RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX408 | JDX0001377–1380 | 6/4/20 | Brookhaven Police Reports-RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX409 | JDX0001640–1643 | 11/25/20 | Brookhaven Police Reports-RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX410 | JDX002221–2224 | 8/12/20 | Brookhaven Police Reports-RRI-DH.pdf | Brookhaven Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX411 | JDX0005317-339 | 12/16/10 | Marietta Police- RRI-Smyrna.pdf | Smyrna Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX412 | JDX0005423-425 | 6/19/11 | Smyrna-RRI Misc Police Reports.pdf | Marrietta & Cobb Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX413 | JDX0005426-5429 | 4/18/12 | Smyrna-RRI Misc Police Reports.pdf | Marrietta & Cobb Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX414 | JDX0005430-5434 | 6/18/12 | Smyrna-RRI Misc Police Reports.pdf | Marrietta & Cobb Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX415 | JDX0005435-5439 | 3/6/13 | Smyrna-RRI Misc Police Reports.pdf | Marrietta & Cobb Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX416 | JDX0005440-5451 | 10/1/17 | Smyrna-RRI Misc Police Reports.pdf | Marrietta & Cobb Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX417 | JDX0002278–2300 | 10/16/10 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX418 | JDX0002462–2467 | 12/21/11 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX419 | JDX0002477–2480 | 4/18/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX420 | JDX0002500–2504 | 2/20/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX421 | JDX0002538–2541 | 5/7/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX422 | JDX0002562–2569 | 6/18/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX423 | JDX0002570–2574 | 6/28/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX424 | JDX0002616–2625 | 9/19/12 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX425 | JDX0002721–2725 | 3/6/13 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX426 | JDX0002748-2752 | 4/25/13 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX427 | JDX0002841–2844 | 9/4/13 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX428 | JDX0002845-2849 | 9/3/13 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX429 | JDX0003003–3007 | 3/20/14 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX430 | JDX0003065–3069 | 3/21/14 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX431 | JDX0003109-3113 | 8/4/14 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX432 | JDX0003211–3213 | 10/24/14 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX433 | JDX0003310–3314 | 3/21/16 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX434 | JDX0003326–3329 | 6/20/16 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX435 | JDX0003330–3334 | 6/22/16 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX436 | JDX0003352–3357 | 6/28/16 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX437 | JDX0003445-3451 | 3/2/11 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX438 | JDX0003569–3571 | 8/29/17 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX439 | JDX0003587–3598 | 10/1/17 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX440 | JDX0003772-3778 | 2/27/17 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX441 | JDX0003832–3837 | 3/12/18 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX442 | JDX0003844–3848 | 4/2/18 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX443 | JDX0004033-4039 | 1/12/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX444 | JDX0004075–4077 | 2/16/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX445 | JDX0004136–4137 | 4/14/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX446 | JDX0004233–4237 | 7/2/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX447 | JDX0004238–4241 | 7/8/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX448 | JDX0004336-JDX0004343 | 8/27/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX449 | JDX0004346–4349 | 9/4/15 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX450 | JDX0004882–4887 | 4/2/19 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX451 | Pltf.-RRI0006503 | 4/30/21 | Cobb County Police- Smyrna-RRI.pdf | Cobb County Police Report | Hearsay to narrative reports/statements within, authentication |
| | PX452 | | | Exhibit Withdrawn | | |
| | PX453 | RRI_WK_00002385-RRI_WK_00002476 | 4/5/11 | FW Dorraine's request for LP6 Information.msg | Email re: Dorraine's request for LP6 Information with attachments | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX454 | RRI_WK_00050853-RRI_WK_00050857 | 2/1/12 | Feb. 1, 2012 The dawning of a comprehensively new day for Hilton's breakfast program.msg | Emil re: February 1, 2012: The dawning of a comprehensively new day for Hilton's breakfast program | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated hotel) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX455 | RRI_WK_00005964-RRI_WK_00005965 | 2/8/12 | Calfee Report on Ohio Government February 2012.msg | Email re: Calfee Report on Ohio Government: February 2012 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX456 | RRI_WK_00005966-RRI_WK_00005967 | 2/15/12 | OH&LA Recap of Columbus Meeting 2.9.12.msg | Email re: OH&LA:Recap of Columbus Meeting 2.9.12 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403(unrelated properties) |
| | PX457 | RRI_WK_00022156-RRI_WK_00022157 | 9/18/12 | RE Questions from Star Tribune- Privileged Confidential.msg | Email Re: Questions from Star Tribune - Privileged/Confidential | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX458 | RRI_WK_00006026-RRI_WK_00006028 | 2/19/12 | RE Google Alert - red roof inn.msg | Email re: Google Alert Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX459 | RRI_WK_00050866-RRI_WK_00050867 | 2/21/12 | Re Google Alert - red roof inn.msg | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX460 | RRI_WK_00020959-RRI_WK_00020963 | 7/24/12 | Re Did we stay at the seacucus RRI.msg | Email re: Did we stay at the seacucus RRI????? | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX461 | RRI_WK_00050890-RRI_WK_00050893 | 8/28/12 | St Louis-Forest Park Notice.msg; 20120828142825738.pdf | Email re: St Louis-Forrest Park Notice email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX462 | RRI_WK_00022150-RRI_WK_00022155 | 9/15/12 | Re Meeting on Friday, Suggested Agenda.msg | Email re: Meeting on Friday, Suggested Agenda | |
| | PX463 | RRI_WK_00069656-RRI_WK_00069657 | 11/15/12 | Miller 11.15.12.pdf | Timonium Preliminary Liability Incident Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX464 | RRI_WK_00012915 | 6/9/13 | Google Alert - Red Roof Inn.msg | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX465 | RRI_WK_00043387-RRI_WK_00043391 | 8/2/13 | Fwd RRI  Framingham.msg | Email re: RRI Framingham | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX466 | RRI_WK_00012068 | 3/26/14 | 250 CC Request.msg | Email re: 250 CC Request | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX467 | RRI_WK_00013666 | 4/28/14 | Media Hotline Calls.msg | Email re: Media Hotline Calls | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX468 | RRI_WK_00013667 | 4/30/14 | Google Alert - Red Roof Inn.msg | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX469 | RRI_WK_00048407-RRI_WK_00048410 | 6/11/14 | RE Google Alert - Red Roof Inn.msg; Nashville Airport, Tn - Inn 10206 - prostitution 6-11-14.doc | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX470 | RRI_WK_00014056-RRI_WK_00014058 | 6/25/14 | RE Today's Clips.msg | Email Re: Today's Clips | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX471 | RRI_WK_00012069-RRI_WK_00012070 | 6/25/14 | Fwd Today's Clips.msg | Email Re: Today's Clips | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX472 | RRI_WK_00045005-RRI_WK_00045006 | 9/23/15 | FW Google Alert - red roof inn.msg | Email re: Google Alert - red roof inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX473 | RRI_WK_00012358-RRI_WK_00012360 | 11/16/15 | RE Google Alert - red roof inn, news.msg | Email re: Google Alert - red roof inn, news | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX474 | RRI_WK_00014215 | 11/16/14 | Google Alert - Red Roof Inn.msg | Email re: Google Alert Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX475 | WHM_WK_000122 | 3/26/15 | Google Alert - red roof inn.msg | Email re: Google Alert Red Roof Inn | Authentication |
| | PX476 | RRI_WK_00018430-RRI_WK_00018433 | 1/14/16 | Fwd Red Roof Inn - Atlanta Midtown - JUSTIN RILEY - Satisfaction Survey Results.msg | Email re: Red Roof Inn - Atlanta Midtown - JUSTIN RILEY - Satisfaction Survey Results | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX477 | RRI_WK_00018555-RRI_WK_00018557 | 1/19/16 | RE Need to put this guest in national DNR Fraud payments.msg | Email re: Need to put this guest in national DNR Fraud payments | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX478 | RRI_WK_00018256 | 5/6/16 | Today's Clips.msg | Email re: Today's Clips | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX479 | RRI_WK_00016329 | 8/25/16 | Google Alert - Red Roof Inn.msg | Email re: Google Alert - red roof inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX480 | RRI_WK_00065387-RRI_WK_00065388 | 12/30/16 | Google Alert - Red Roof Inn.msg | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX481 | RRI_WK_00045841-RRI_WK_00045842 | 4/5/17 | Re RRI793 Atlanta Six Flags, GA --- Safety and Risk.msg | Email re: RRI793 Atlanta Six Falgs, GA -- Safety and Risk | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX482 | | | Exhibit Number Intentionally Omitted | | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX483 | RRI_WK_00000905-RRI_WK_00000907 | 12/27/17 | RE Changes to Age and Payment Check In Requirements.msg; CCCashAgeCancellation R6.xlsx | Email re: Changes to Age and Payment Check In Requirements and attachment | |
| | PX484 | RRI_WK_00043564-RRI_WK_00043566 | 12/28/17 | FW City of Columbus.msg | Email re: City of Columbus | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX485 | RRI_WK_00035083-RRI_WK_00035084 | 1/30/18 | Google Alert - Red Roof Inn.msg | Email Re: Google Alert - Red Roof Inn | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX486 | RRI_WK_00047887-RRI_WK_00047890 | 3/23/18 | Fwd 131 Jackson Fairgrounds Possible Human Trafficking-Privileged .msg | Email re: 131 Jackson Fairgrounds - Possible Human Trafficking - Privileged | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX487 | RRI_WK_00038264-RRI_WK_00038265 | 6/6/18 | 085 Columbia W, SC Employee Complaint.msg | Email re: 085 Columbia W, SC Employee Complaint | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX488 | RRI_WK_00047614-RRI_WK_00047617 | 10/28/17 | RE FYI RRI085 Columbia West, SC Police Department Called.msg | Email re: FYI: RRI 085 Columbia West, SC Police Department Called | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX489 | RRI_WK_00046570-RRI_WK_00046572 | 11/4/18 | FW Motel 'frequently involved in criminal activity' sees more than 200 calls for service this year - abcactionnews.com WFTS-TV.msg | Email re: Motel 'frequently involved in criminal activity' sees more than 200 class for service this year - absactionnews.com WFTS-TV | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX490 | RRI_WK_00045993-RRI_WK_00045997 | 12/7/17 | RRI #85 Columbia, SC - Follow Up to Visit .msg | Email re: RRI #85 Columbus, SC Follow Up to Visit and attachments | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX491 | RRI_WK_00048061-RRI_WK_00048062 | 11/9/18 | Agenda for Next Week.msg; 111318- Red Roof Brand Health Meeting Agenda.pdf; Austin 249.pdf | 2018/11/09 RR Brand Health Meeting Agenda email and attachment | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking) |
| | PX492 | RRI_WK_00054424-RRI_WK_00054431 | 9/6/19 | RRI 140 Lafayette LA Notice of Multiple Default 06.20.19.pdf | 2019/06/20 Red Roof Letter to Imran Ali re: Notice of Multiple Defaults Relating to Red Roof Inn #140 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX493 | Pltf.W.K.-000352-Pltf.W.K.-000359;Pltf.W.K.-000363-Pltf.W.K.-000366;Pltf.W.K.-000369-Pltf.W.K.-000379-Pltf.W.K.-000407;Pltf.W.K.-000432-Pltf.W.K.-000483-Pltf.W.K.-000485;Pltf.W.K.-000487-Pltf.W.K.-000488;Pltf.W.K.-000491-Pltf.W.K.-000492;Pltf.W.K.-000533-Pltf.W.K.-000549;Pltf.W.K.-001004-Pltf.W.K.-001007;Pltf.W.K.-001011-Pltf.W.K.-001013;Pltf.W.K.-001025-Pltf.W.K.-001044 | | Armstead Files | Armstead Files | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated plaintiff) |
| | PX494 | Pltf.W.K.-000380 | 12/7/14 | WK_16.pdf | Cobb County Police Supplemental Report, Dec. 7, 2014 | |
| | PX495 | Pltf.-RRI0006394 | | 102221-Castille-P11.pdf | Photo of M.M. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX496 | Pltf.M.M.002152-Pltf.M.M.002175 | 10/19/19 | MM0375-2021-10-19 - PDF of MM Petition for Record Restriction 16FT6656_1 (35-3-37).PDF | 2019/10/19 M.M. Petition to Restrict Criminal History Record Information | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX497 | Pltf.M.M.002176-Pltf.M.M.002223 | 10/19/21 | MM0376-2021-10-19 - PDF of MM Petition to Vacate 16FT6656_1 (17-10-21).PDF | 2021/10/19 MM Petition to Vacate Conviction | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX498 | Pltf.M.M.002224-Pltf.M.M.002252 | 10/19/21 | MM0377-2021-10-19 - PDF of MM Pleadings - Cobb State_1 (17-10-21).PDF | 2021/10/19 MM Petition to Vacate Conviction | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX499 | Pltf.M.M.002253-Pltf.M.M.002354 | 10/19/21 | MM0378-2021-10-19 - PDF of MM Pleadings - Cobb Superior (17-10-21).pdf | 2021/10/19 MM Petition to Vacate Conviction | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX500 | Pltf.M.M.002355-Pltf.M.M.002361 | 11/2/21 | MM0379-2021-11-02 - 12-9-0941 - Stip of Consent to Proposed Order for Vacatur of Convictions & Restric of Access.pdf | 2021/11/02 MM Stipulation of Consent to Proposed Order for Vacatur of Convictions and Restriction of Access | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX501 | Pltf.M.M.002362-Pltf.M.M.002363 | 11/8/21 | MM0380-2021-11-02 - 12-9-0941---Order Limiting Public Access to Criminal History Record Info Under OCGA 35-3-37.pdf | 2021/11/02 MM Order Limiting Public Access to Criminal History Record Information | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX502 | Pltf.M.M.002364-Pltf.M.M.002365 | 11/2/21 | MM0381-2021-11-02 - 19-9-4753---Order Limiting Public Access to Crim History Record Info Under OCGA 35-3-37.pdf | 2021/11/02 MM Order Limiting Public Access to Criminal History Record Info | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX503 | Pltf.M.M.002366-Pltf.M.M.002383 | 11/2/21 | MM0382-2021-11-02 - Certified Copies MM Orders - Cobb Superior (17-10-21).pdf | 2021/11/02 MM Stipulation of Consent to Proposed Order for Vacatur of Convictions and Restriction of Access | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX504 | Pltf.M.M.002384-Pltf.M.M.002390 | 11/2/21 | MM0383-2021-11-02 -20-9-0581- Stip of Consent to Proposed Order for Vacatur of Convictions & Restric of Access.pdf | 2021-11-02 Stipulation of Consent to Proposed Order for Vacatur of Convictions and Restriction of Access | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX505 | Pltf.M.M.-000135 | | MM0068.pdf | Gwinnett County Detention Center Record for M.M. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX506 | Pltf.M.M.-000133 | | MM0066.pdf | Gwinnett County Detention Center Record for M.M. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX507 | | 3/21/22 | Correspondence re GCIC Report for M.M. | Letter to GVCF re: M.M. | Relevance; never produced during discovery |
| | PX508 | | | | Correspondence and documents relating to MM's Motions to Vacate/Seal | Relevance; never produced during discovery |
| | PX509 | Pltf.E.H.005037-Pltf.E.H.005038 | 8/11/14 | Welcome to RediCard.eml | 2014/08/11 EH RediCard Rewards Email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX510 | Pltf.E.H.004432-Pltf.E.H.004435 | 8/21/18 | =UTF-8QYour_Tuesday_afternoon_order_with_Uber_Eats=.eml | 2018/08/21 EH Uber Eats Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX511 | Pltf.E.H.004444-Pltf.E.H.004447 | 8/22/18 | =UTF-8QYour_Wednesday_morning_trip_with_Uber=.eml | 2018/08/22 EH Uber Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX512 | Pltf.E.H.004436-Pltf.E.H.004439 | 8/22/18 | =UTF-8QYour_Wednesday_evening_order_with_Uber_Eats=.em | 2018/08/22 EH Uber Eats Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX513 | Pltf.E.H.004440-Pltf.E.H.004443 | 8/22/18 | =UTF-8QYour_Wednesday_evening_trip_with_Uber=.eml | 2018/08/22 EH Uber Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX514 | Pltf.E.H.004411-Pltf.E.H.004414 | 8/25/18 | =UTF-8QYour_Saturday_evening_trip_with_Uber=.eml | 2018/08/25 EH Uber Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX515 | Pltf.E.H.005004-Pltf.E.H.005006 | 9/21/17 | Thank you for your Pizza Hut order.eml | 2017/09/21 EH Pizza Hut Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX516 | Pltf.E.H.005007-Pltf.E.H.005009 | 5/31/18 | Thank you for your Pizza Hut order.eml | 2018/05/31 EH Pizza Hut Receipt | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX517 | Pltf.E.H.005211 | 9/30/15 | IMG_20150930_150059.jpg | 2015/09/30 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX518 | Pltf.E.H.007577 | 8/26/17 | 20170826_101325.jpg | 2017/08/26 EH Photo on RRI Balcony | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX519 | Pltf.E.H.007579 | 8/27/17 | 20170827_100145.jpg | 2017/08/27 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX520 | Pltf.E.H.007581 | 8/28/17 | 20170828_104110.jpg | 2017/08/28 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX521 | Pltf.E.H.007583 | 9/2/17 | 20170902_175734.jpg | 2017/09/02 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX522 | Pltf.E.H.007593 | 9/13/17 | 20170913_084342.jpg | 2017/09/13 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX523 | Pltf.E.H.007595 | 9/17/17 | 20170917_150847.jpg | 2017/09/17 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX524 | Pltf.E.H.007597 | 9/18/17 | 20170918_094407.jpg | 2017/09/18 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX525 | Pltf.E.H.007619 | 5/30/18 | 20180530_175250.jpg | 2018/05/30 EH Photo on RRI Balcony | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX526 | Pltf.E.H.007621 | 5/31/18 | 20180531_100331.jpg | 2018/05/31 EH Photo in RRI Bathroom | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX527 | Pltf.E.H.007623 | 6/30/18 | 20180603_224025.jpg | 2018/06/03 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX528 | Pltf.E.H.007629 | 6/5/18 | 20180605_135027.jpg | 2018/06/05 EH Photo on RRI Balcony | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX529 | Pltf.E.H.007631 | 6/16/18 | 20180616_195647.jpg | 2018/06/16 EH Photo in RRI Room | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX530 | Pltf.E.H.007639 | 6/30/18 | 20180630_154911.jpg | 2018/06/30 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX531 | Pltf.E.H.007641 | 6/30/18 | 20180630_171124.jpg | 2018/06/30 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX532 | Pltf.E.H.007643 | 6/30/18 | 20180630_175338.jpg | 2018/06/30 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX533 | Pltf.E.H.007651 | 7/13/18 | 20180713_123623.jpg | 2018/07/13 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX534 | Pltf.E.H.007653 | 7/18/18 | 20180718_123317.jpg | 2018/07/18 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX535 | Pltf.E.H.007659 | 7/27/18 | 20180727_181553.jpg | 2018/07/27 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX536 | Pltf.E.H.007665 | 8/1/18 | 20180801_231457.jpg | 2018/08/01 Photo of RRI-Smyrna Parking Lot | |
| | PX537 | Pltf.E.H.007667 | 8/3/18 | 20180803_203747.jpg | 2018/08/03 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX538 | Pltf.E.H.007669 | 8/6/18 | 20180806_200426.jpg | 2018/08/06 EH Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX539 | Pltf.E.H.007710 | 11/14/16 | IMG_20161114_124200.jpg | 2016/11/14 Photo of Branding | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX540 | Pltf.E.H.007943 | 8/5/15 | IMG_20150805_171910.jpg | 2015/08/05 Photo of branding | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX541 | Pltf.E.H.007068 | | PicsArt_1435547964460.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX542 | Pltf.E.H.009154 | | IMG_20150724_144438~2.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX543 | Pltf.E.H.007706 | | IMG_20150719_154852.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX544 | Pltf.E.H.007585 | | 20170902_175745.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX545 | Pltf.E.H.007589 | | 20170907_193745.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX546 | Pltf.E.H.007645 | | 20180630_180212.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX547 | n/a | | 338097706469847041-BLEqEp3CcAEBLqk.jpg | Photo of EH | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX548 | Pltf.C.A.009071 | | File242.jpeg;File243.txt | Photo of Victim | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX549 | Pltf.C.A.004372 | | File134.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX550 | Pltf.C.A.004530 | | File371.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX551 | Pltf.C.A.004531 | | File372.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX552 | Pltf.C.A.004532 | | File373.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX553 | Pltf.C.A.004534 | | File375.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX554 | Pltf.C.A.004535 | | File376.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX555 | Pltf.C.A.004537 | | File378.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX556 | Pltf.C.A.004538 | | File379.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX557 | Pltf.C.A.005312 | | File549.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX558 | Pltf.C.A.005744 | | File636.jpeg;File609.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX559 | Pltf.C.A.005764 | | File627.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX560 | Pltf.C.A.005900 | | File68.png | Bagz photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX561 | Pltf.C.A.005905 | | File684.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX562 | Pltf.C.A.005970 | | File743.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX563 | Pltf.C.A.005976 | | File749.jpeg | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX564 | Pltf.C.A.008987 | | File394.jpeg;File41.txt;File40.jpeg;File395.txt | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX565 | Pltf.C.A.009195 | | File496.jpeg;File497.txt | RK Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX566 | Pltf.C.A.009221 | | File540.jpeg;File541.txt | CA Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX567 | Pltf.C.A.000468-Pltf.C.A.000481 | 2010 | CA0151.PDF;CA0166.PDF | 2010 Planner for C.A. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX568 | Pltf.C.A.001320 | 1/29/10 | CA_11.pdf | 2010/01/29 CA Craigslist Account Welcome email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX569 | PltfCA001195 | 3/11/10 | CA_12.pdf | Email re: Backpage.com New Account: cjbunnyatl@gmail.com | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX570 | Pltf.C.A.-000012-Pltf.C.A.-000065 | | CA0032.pdf | Emory Healthcare Record for C.A. | Foundation; relevance |
| | PX571 | Pltf.K.P.000458 | | 431563_3409471272573_11437 11064_3475423_2027734048_n .jpg.jpg | Traffickers Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX572 | Pltf.K.P.000484 | 6/12/13 | File55.jpeg;IMG_20130612_20 1712.jpg;IMG_20130612_2017 12#1.jpg | 2013/06/12 Trafficker Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX573 | Pltf.D.P.017847 | | 20170323_174103.jpg | DP Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX574 | Pltf.D.P.017850 | | 20170320_071529.jpg | DP Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX575 | Pltf.R.K.-000014-Pltf.R.K.-000015 | | RK_13.pdf | Georgia Department of Corrections Offender Report- R.K. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX576 | Pltf.R.K.-000016-Pltf.R.K.-000025 | 10/26/11 | RK_9.pdf | Gwinnett Police Incident Report | Hearsay to narrative reports/statements within, authentication |
| | PX577 | JDX0005641-42 | | _Conner Affidavit.pdf | Conner Affidavit | Inadmissible hearsay |
| | PX578 | JDX0005646 | | Conner Affidavit Ex 4.pdf | Exhibit 4 to Conner Affidavit | Inadmissible hearsay |
| | PX579 | JDX00056545 | | Conner Affidavit Ex 3.pdf | Exhibit 3 to Conner Affidavit | Inadmissible hearsay |
| | PX580 | JDX0005643 | | Conner Affidavit Ex 1.pdf | Exhibit 1 to Conner Affidavit | Inadmissible hearsay |
| | PX581 | JDX0005647 | | Conner Affidavit Ex 5.pdf | Exhibit 5 to Conner Affidavit | Inadmissible hearsay |
| | PX582 | JDX0005644 | | Conner Affidavit Ex 2.pdf | Exhibit 2 to Conner Affidavit | Inadmissible hearsay |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX583 | N/A | | 102221-Castille-D8.pdf | Photos | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (includes photos of plaintiffs other than Jane Does 1-4) |
| | PX584 | N/A | | 102221-Castille-P12.pdf | Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX585 | N/A | | 102221-Castille-P13.pdf | Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX586 | N/A | 6/18/10 | CONFMichaelBeene_22.pdf | Online Order for Beene | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX587 | JANEDOE02-MR000001;JD20001325 | | JANEDOE02-MR000001.pdf | Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX588 | JD20003895 | | IMG_20130908_010903.jpg | Jane Doe 2 Photo | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX589 | JD20001922-JD20001923 | 6/17/14 | JANEDOE02-MR000373.pdf | Jane Doe 2 Peachford Behavioral Health Expressive Therapy Assessment | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX590 | JD20001938 | 6/16/14 | JANEDOE02-MR000379.pdf | Jane Doe 2 Peachford Behavioral Health Patient Discharge Order | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX591 | JD20002264-JD20002270 | 3/24/20 | JANEDOE02-MR000467.pdf | Jane Doe 2 Peachford Behavioral Health Psychological Assessment | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX592 | JD20002271-JD20002277 | 3/24/20 | JANEDOE02-MR000468.pdf | Jane Doe 2 Peachford Behavioral Health Psychological Assessment | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX593 | RRI004456 | 2018 | RRI 004456-RRI 004456.pdf | 2018 JD2 Arrival and Departure | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX594 | JD30000068-JD30000069 | 6/6/11 | JANEDOE03-SV000101.pdf | Jane Doe 3 LSU Health Sciences Center Emergency Dept Record | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX595 | JD30000071-JD30000074 | | JANEDOE03-SV000100.1.pdf | Jane Doe 3 LSU Hospital Records Certification | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX596 | JD30000335-JD30000341 | 10/26/11 | JANEDOE03-SV000351.pdf | JD3 Gwinnett County Police Department Report | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX597 | n/a | | message_1.html | Messages between Jane Doe 3 and witness | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX598 | JD30000233 - JD30000237 | 5/29/11 | Untitled.msg | Email to JD3 attaching pictures | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX599 | JD40000047 | 1/31/12 | JANEDOE04-CE000045.pdf | Jane Doe 4 Peachford Behavioral Health Crisis Recovery/Safety Plan-Triggers and Stressors | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX600 | JD40001243 | 4/12/12 | 0333.pdf | Letter from JD4's Grandmother | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX601 | | | Exhibit Number Intentionally Omitted | | |
| | PX602 | RRI000621-RRI000624 | 2014 | RRI 000621-RRI 000624.pdf | 2014 Guest Complaints | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX603 | | | Exhibit Number Intentionally Omitted | | |
| | PX604 | RRI000625-RRI000634 | 2015 | RRI 000625-RRI 000634.pdf | 2015 Guest Complaints | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX605 | RRI_WK_00002843 | 2015 | RRI Crisis Moniotring_Top Properties_May-December 2015.xlsx | RRI Crisis Monitoring Top Priorities May-December 2015 | Privilege; relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (redact unrelated properties and Varahi conduct) |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX606 | | | Exhibit Number Intentionally Omitted | | |
| | PX607 | | | Exhibit Number Intentionally Omitted | | |
| | PX608 | | | Exhibit Number Intentionally Omitted | | |
| | PX609 | | | Exhibit Number Intentionally Omitted | | |
| | PX610 | RRI_WK_00050752 | 11/20/15 | Top 10 Properties .xlsx | Top 10 Properties List | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX611 | RRI_WK_00050437 | Dec-15 | RRI Crisis Monitoring_Nov Top Properties.xlsx | RRI Crisis Monitoring List- November Top Properties | Privilege |
| | PX612 | RRI_WK_00005586 | 12/31/15 | 12.31.2015RRI Crisis Monitoring_Top 10 Pro (1).xlsx | 2015/12/31 Crisis Monitoring Top Properties | |
| | PX613 | RRI000635-RRI000641 | 2016 | RRI 000635-RRI 000641.pdf | 2016 Guest Complaints | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX614 | | | Exhibit Number Intentionally Omitted | | |
| | PX615 | | | Exhibit Number Intentionally Omitted | | |
| | PX616 | RRI_WK_00002388-RRI_WK_00002475 | 3/18/11 | LP 6 Asset Review Comments on asset summaries from VPOs 3-18-2011.docx | 2011/03/18 LP6 VPO Comments on Assets | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 |
| | PX617 | | | Exhibit Number Intentionally Omitted | | |
| | PX618 | RRI_WK_00004862-RRI_WK_00004868 | Mar-12 | FW Customer Satisfaction Report- FebruaryFebruary YTD.msg | Email re: Customer Satisfaction Report February/February YTD with attachments | |
| | PX619 | RRI_WK_00048265-RRI_WK_00048267 | 9/7/12 | Incident Report ~ Inn #88 ~ Chanee Norris 9712.msg; 9-7-12 Chanee Norris.docx | Email re: Inn 88 Incident Report email | |
| | PX620 | RRI_WK_00004879-RRI_WK_00004882 | 10/22/12 | RE Druid Hills Buckhead #130.msg | Email Re: Druid Hills Buckhead #130 | |
| | PX621 | RRI_WK_00004876-RRI_WK_00004878 | 12/19/12 | Druid Hills Buckhead #130.msg | Email Re: Druid Hills Buckhead #130 | |
| | PX622 | RRI000772-RRI000776 | 5/7/13 | RRI 000772-RRI 000776.pdf | Franchise Visitation Report  RRI Smyrna | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX623 | RRI_WK_00002477-RRI_WK_00002479 | 7/12/13 | Review Alert for Red Roof Inn Atlanta North and more.msg | Email re: Trip Advisor Review Alert for RRI Atl North | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX624 | RRI_WK_00002480-RRI_WK_00002482 | 10/18/13 | Mid Month NR - October.msg | Email re: Mid-Month NR - October | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX625 | RRI_WK_00004956 | 4/25/15 | RRI130 - Red Roof PLUS+ Atlanta - Buckhead  Complaint of guest at property. .msg | Email re RRI130 - Red Roof Plus+ Atlanta - Buckhead Complaint of guest at property | |
| | PX626 | RRI000985-RRI000990 | 10/6/15 | RRI 000985-RRI 000990.pdf | 2015/10/06 Franchise Visitation Report | |
| | PX627 | RRI_WK_00005587 | 1/21/16 | Anonymous Caller RRI #088.msg | 2016/01/21 Email re Anonymous Caller re Sex Trafficking at RRI Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX628 | RRI_WK_00005265-RRI_WK_00005266 | 1/22/16 | Fwd Press Release - Red Roof in Smyrna Admits Sex Trafficking Occurs in its Rooms.msg | 2016/01/22 Internal email re ATLTrafficking.com Press Release | |
| | PX629 | RRI_WK_00005267-RRI_WK_00005268 | 1/22/16 | RE All Atlanta Properties Need Immediate Attention.msg | 2016/01/22 Email re Atlanta properties Needing Immediate Attention | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (redact unrelated properties) |
| | PX630 | RRI_WK_00005286-RRI_WK_00005288 | 1/29/16 | Fwd What is your response to Human Trafficking at Cobb County Red Roof Inn on Windy Hill.msg | 2016/01/29 Email re Response to Human Trafficking at RRI Smyrna | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (redact unrelated properties and Varahi conduct) |
| | PX631 | RRI_WK_00005020 | 9/16/16 | Kyle Miller .msg | Email re: Kyle Miller | |

Attachment G-1 Plaintiffs' Trial Exhibit List

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX632 | RRI_WK_00001245-RRI_WK_00001257 | 10/5/16 | BOTTOM 20% PRESENTATION RALEIGH, NC V. LAM 10.5.2016.pptx;BOTTOM 20%25 PRESENTATION RALEIGH, NC V. LAM 10.5.2016.pptx | RRI Bottom 20% Presentation | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX633 | RRI_WK_00005485-RRI_WK_00005490 | 4/7/17 | Cobb County Attorney's office.pdf | Cobb Co. Notice of Possible Public Safety Nuisance and Meeting Report | Relevance under Rule 401, unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct), hearsay |
| | PX634 | RRI_WK_00045856-RRI_WK_00045857 | 4/18/17 | FW legal notice - RRI #88 Smyrna, GA .msg | Email re: legal notice - RRI #88 Smyrna, GA | |
| | PX635 | RRI_WK_00045963 | 8/9/17 | RRI #88 Smyrna, GA - Officer Jeffrey Adcock (Abatement Concerns).msg | 2017/08/09 Smyrna Officer Adcock's abatement concerns email | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) |
| | PX636 | | | Exhibit Number Intentionally Omitted | | |
| | PX637 | RRI_WK_00003810-RRI_WK_00003811 | 2020 | Human Trafficking Investigative Protocol June 2020 Selections.docx | June 2020 Human Trafficking Investigative Protocol | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) |
| | PX638 | N/A | | DP_25.pdf | RRI Lobby Photo | |
| | PX639 | N/A | | CONFMichaelBeene_2.pdf | RRI Atlanta Buckhead photos | |
| | PX640 | N/A | | CONFMichaelBeene_4.pdf | RRI Smyrna Photos | |
| | PX641 | N/A | | 2022-01-19 -Hamilton-1.pdf;011922-Hamilton-1.pdf | Aerial Photo of RRI Atlanta RRI | |
| | PX642 | N/A | | 2022-01-19 -Hamilton-3.pdf;011922-Hamilton-3.pdf | Photos of Atlanta RRI | |
| | PX643 | N/A | | 011922-Hamilton-2.pdf;2022-01-19 -Hamilton-2.pdf | Photo of Atlanta RRI | |
| | PX644 | N/A | | 020222-Thomas-P3.pdf | RRI Atlanta Buckhead photo | |
| | PX645 | N/A | | 020222-Thomas-P2.pdf | RRI Atlanta Buckhead photo | |
| | PX646 | N/A | | 020222-Thomas-P1.pdf | RRI Atlanta Buckhead photo | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX647 | N/A | | JD1 2ndAm Comp Para33.pdf | JD1 2nd Amended Complaint, Paragraph 33- No Refunds Signs Smyrna RRI | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct); also use of Complaint is an improper exhibit (it is not evidence) ok to just use pictures as Exhibit |
| | PX648 | | | Exhibit Number Intentionally Omitted | | |
| | PX649 | N/A | | Scan - 2022-09-02 12.20.21.pdf | Norman Fee Schedule-RRI | |
| | PX650 | N/A | | Norman 006A.pdf | Norman Handwritten Notes | |
| | PX651 | N/A | | Norman 007.pdf | National Center for PTSD Checklist for DSM-5 With Life Events Checklist for DSM-5 and Criterion A | |
| | PX652 | NORMAN0152-NORMAN000153;NORMAN000145;NORMAN000148;NORMAN000142 | | Norman 011.pdf | Matthew Norman, MD LLC Service Invoice | |
| | PX653 | N/A | | Norman 008.pdf | National Center for PTSD Checklist for DSM-5 | |
| | PX654 | N/A | 05/00/2005 | Norman 005.pdf | 2005/05 AAPL Ethics Guideline for the Practice of Forensic Psychiatry | |
| | PX655 | N/A | | Norman 004.pdf | AAPL Practice Guideline for the Forensic Assessment.  Journal of the American Academy of Psychiatry and the Law 42[2]: S3-S53 (2015 Supplement). | |
| | PX656 | N/A | 2020 | Mehlman-Orozco 002.pdf | 2020 Return of Organization Exempt from Income Tax, FLI d/b/a Freedom Light | |
| | PX657 | N/A | | Mehlman-Orozco 001.pdf | USA Sex Guide Posts mentioning Red Roof | |
| | PX658 | NORMAN0141-NORMAN0181 | | Norman 0141-181.pdf | Emails regarding invoices produced by Dr. Norman Prior to Deposition | |
| | PX659 | NORMAN0030-NORMAN0037 | | Norman 010.pdf | Matthew Norman Consulting Invoices | |

| Admitted | New Ex. No. | BatesNumber | Date | Filename/Deposition Exhibit | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| | PX660 | NORMAN0123-140 | | Norman- WK.pdf | Dr. Norman's Notes re: WK | |
| | PX661 | WK-Bliss-000083-WK-Bliss-000105 | | MelanieJBlissPhD_7.pdf | Melanie Bliss - Health and Mental Health Consequences from Sexual Trauma Victimizations | |
| | PX662 | WK-Tallis-000256-WK-Tallis-000257 | | Tallis Materials 014.pdf | Tallis Handwritten Notes | |
| | PX663 | WK-Whitmore000142-WK-Whitmore000152 | | 14.pdf | Fuchs, E; Flugge G. Adult Neuroplasty: More than 40 Years of Research.  Neural Plasticity 2014 | |
| | PX664 | WK-Whitmore001023-WK-Whitmore001028 | | 11.pdf | Sanchez, R; Stark SW.  The Hard Truth About Human Trafficking. Nursing Management 2014 (Jan), pp. 18-23 | |
| | PX665 | WK-Whitmore000538-WK-Whitmore001014 | | 4.pdf | Institute of Medicine and National Research Council article on Confronting Commercial Sexual Exploitation of Minors in the US | |
| | PX666 | | | | Invoices of Bondurant, Mixson & Elmore | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403; Foundation; Authentication; Not a jury issue |
| | PX667 | | | | Invoices of Andersen Tate & Carr, P.C. | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403; Foundation; Authentication; Not a jury issue |
| | PX668 | Pltf. M.M.002416 | 4/6/24 | | City of Cartersville Criminal History Consent Form | |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 1 | Plt. A.F. 000005-Pltf.A.F.000008 | | Atlanta Police Department Records | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 2 | Pltf. A.F.000046 | | Video of A.F. | |
| Defx 3 | Pltf. A.F.000047 | | Video of A.F. | Relevance, Confusion, Waste of Time |
| Defx 4 | Pltf. A.F.000048 | | Video of A.F. | Relevance, Confusion, Waste of Time |
| Defx 5 | Pltf. A.F.000049-Pltf. A.F.000209 | | Copy of "Memoir of a Teen Sex Trafficked." | |
| Defx 6 | Pltf. A.F.000210 | | Q&A for "Memoir of a Teen Sex Trafficked." | |
| Defx 7 | Pltf. A.F.000211 | | Video of A.F. | |
| Defx 8 | Pltf. A.F.000212-Pltf. A.F.000324 | | Copy of "Untold Stories of a Teen Call Girl." | |
| Defx 9 | Pltf. A.F.000325 | | Video of A.F. summarizing her past | |
| Defx 10 | Pltf. A.F.000326 | | "Memoir of a Teen Sex Trafficked" | Cumulative, Waste of time Confusion |
| Defx 11 | Pltf. A.F.000332-Pltf. A.F.000335 | | Post Trauma Anxiety Screen | Hearsay, Authenticity |
| Defx 12 | Pltf. A.F.000336-Pltf. A.F.000344 | | SafeWay Psychological Services screen - DSM-5 symptoms of PTSD and MDD | Authenticity, Hearsay |
| Defx 13 | | Deposition Exhibit 1 to A.F. Deposition 8/31/2022 | Deposition Exhibit 1 to A.F. Deposition 8/31/2022 | Relevance; Rule 404(b); confusion |
| Defx 14 | | Deposition Exhibit 2 to A.F. Deposition 8/31/2022 | Deposition Exhibit 2 to A.F. Deposition 8/31/2022 | Relevance; Rule 404(b); confusion |
| Defx 15 | | Deposition Exhibit 3 to A.F. Deposition 8/31/2022 | Deposition Exhibit 3 to A.F. Deposition 8/31/2022 | Relevance, confusion |
| Defx 16 | | Deposition Exhibit 4 to A.F. Deposition 8/31/2022 | Deposition Exhibit 4 to A.F. Deposition 8/31/2022 | |
| Defx 17 | | Deposition Exhibit 7 to A.F. Deposition 8/31/2022 | Twitter posts | Relevance, Prejudice, Hearsay, Confusion, Rule 412 |
| Defx 18 | | Deposition Exhibit 8 to A.F. Deposition 8/31/2022 | Clips 4 Sale | Relevance, Prejudice, Misleading, Confusion, Rule 412 |
| Defx 19 | | Deposition Exhibit 9-10 to A.F. Deposition 8/31/2022 | QueenAva Twitter | Relevance, Prejudice, Misleading, Confusion, Rule 413 |
| Defx 20 | | | Plaintiff A.F.'s Objections and Responses to Requests for Admission | Rule 412, Relevance, Prejudice, Rule 404(b) |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 21 | Pltf. C.A. 004332-004557; Pltf. C.A. 004576; Pltf. C.A. 004586-004609; Pltf. C.A. 004626-004628; Pltf. C.A. 004690-004692; Pltf. C.A. 004712-004716; Pltf. C.A. 004737; Pltf. C.A. 004764-004774; Pltf. C.A. 004798; Pltf. C.A. 004849-004850; Pltf. C.A. 004866; Pltf. C.A. 004906-004909; Pltf. C.A. 004925-004942; Pltf. C.A. 004967; Pltf. C.A. 004989; Pltf. C.A. 005004-005013; Pltf. C.A. 005035-005041; Pltf. C.A. 005055-005056; Pltf. C.A. 005087-005093; Pltf. C.A. 005109; Pltf. C.A. 005130; Pltf. C.A. 005176-005188; Pltf. C.A. 005204; Pltf. C.A. 005225; Pltf. C.A. 005243-005244; Pltf. C.A. 005260-005261; Pltf. C.A. 005276-005277; Pltf. C.A. 005297-005316; Pltf. C.A. 005364-005365; Pltf. C.A. 005412-005423; Pltf. C.A. 005456-005464; Pltf. C.A. 005500-005503; Pltf. C.A. 005535; Pltf. C.A. 005558-005562; Pltf. C.A. 005574-005575; Pltf. C.A. 005603-005604; Pltf. C.A. 005616-005622; Pltf. C.A. 005639; Pltf. C.A. 005665; Pltf. C.A. 005702; Pltf. C.A. 005728; Pltf. C.A. 005744-005805; Pltf. C.A. 005825; Pltf. C.A. 005840 | | Photographs/Screenshots | Authenticity, Hearsay, Relevance, Prejudice, Confusion, Waste of Time |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 22 | Pltf. C.A. 007655-007687; Pltf. C.A. 007691-007747; Pltf. C.A. 007750-007775; Pltf. C.A. 007777-007782; Pltf. C.A. 007784-007845; Pltf. C.A. 007848-008014; Pltf. C.A. 008249-008251; Pltf. C.A. 008257; Pltf. C.A. 008; Pltf. C.A. 008320; Pltf. C.A. 008342-008343; Pltf. C.A. 008357; Pltf. C.A. 008365; Pltf. C.A. 008368; Pltf. C.A. 008391; Pltf. C.A. 008436; Pltf. C.A. 008452; Pltf. C.A. 008461; Pltf. C.A. 008466; Pltf. C.A. 008472; Pltf. C.A. 008533; Pltf. C.A. 008547; Pltf. C.A. 008557; Pltf. C.A. 008564; Pltf. C.A. 008580 | | Text Messages | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 23 | Pltf. C.A. 007847 | | Video | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 24 | Pltf. C.A. 008411; Pltf. C.A. 008529; Pltf. C.A. 010085-010087; Pltf. C.A. 010113-010115; Pltf. C.A. 010151-010152; Pltf. C.A. 010462 | | Hotel Reservation | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 25 | Pltf. C.A. 008679-008745; Pltf. C.A. 008747-008754; Pltf. C.A. 008756-008759; Pltf. C.A. 008761-008770; Pltf. C.A. 008772-008775; Pltf. C.A. 008777-008885; Pltf. C.A. 008887-008901; Pltf. C.A. 008903-008957; Pltf. C.A. 010013; Pltf. C.A. 010015-010018; Pltf. C.A. 010023-010024; Pltf. C.A. 010072-010076; Pltf. C.A. 010136; | | Backpage Emails/Voicemails | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 26 | Pltf. C.A. 0011635-0011641 | | Police Reports | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 27 | Pltf. C.A. 0011642-0011646 | | Gwinnett County Police Record | Authenticity, Hearsay, Relevance, Rule 404(b) |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 28 | Pltf. C.A. 009948-009949; Pltf. C.A. 009962-009963; Pltf. C.A. 009967-009968; Pltf. C.A. 009972-009977; Pltf. C.A. 009981; Pltf. C.A. 009983-010000; Pltf. C.A. 010004-010007; Pltf. C.A. 010009-010012; Pltf. C.A. 010014; Pltf. C.A. 010019-010022; Pltf. C.A. 010026-010033; Pltf. C.A. 010035-010046; Pltf. 010057-010067; Pltf. C.A. 010069-010071; Pltf. C.A. 010077-010084; Pltf. C.A. 010090-010091; Pltf. C.A. 010097-010098; Pltf. C.A. 010107-010112; Pltf. C.A. 010116-010128; Pltf. C.A. 010132-010135; Pltf. C.A. 010140; Pltf. C.A. 010143-010148; Pltf. C.A. 010153; Pltf. C.a. 010157-010158; Pltf. C.A. 010160-010173; Pltf. C.A. 010176-010190; Pltf. C.A. 010192-010236; Pltf. C.A. 010240-010268; Pltf. C.A. 010271-010319; Pltf. C.A. 010324-010364; Pltf. C.A. 010366-010461; Pltf. C.A. 010463-010466 | | Various emails (Virgin Mobile, Skype, Twitter, Extended Stay Hotel offers) | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 29 | Pltf. C.A. 009961 | | Email Lifting Warrant | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 30 | Pltf. C.A. 009964-009965; Pltf. C.A. 010321-010323 | | C.A. Email Conversations w/ family/friends | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice |
| Defx 31 | Pltf. C.A. 009966; Pltf. C.A. 009969-009970 | | Letter of Recommendations/character letters | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 32 | Pltf. C.A. 009979; Pltf. C.A. 010034; | | Facebook Notifications | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 33 | Pltf. C.A. 010047; Pltf. C.A. 010055-010056 | | Hotel Reviews | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 34 | Pltf. C.A. 010048-010054 | | Lavan Chandra Resume | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 35 | Pltf. C.A. 010068; Pltf. C.A. 010092-010096; Pltf. C.A. 010099-010106; Pltf. C.A. 010467-010469 | | Emails w/ Lavan Chandra | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 36 | Pltf. C.A. 010470-010510; Pltf. C.A. 010547-010675 | | C.A. Search Activity | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 37 | Pltf. C.A. 010677-010769 | | LifeStance Medical Records | Authenticitiy; Hearsay; Relevance |
| Defx 38 | Pltf. C.A. 010770-011504 | | Northside Hospital Medical Records | Authenticitiy; Hearsay; Relevance |
| Defx 39 | Pltf. C.A.-SM000001-000034; Pltf. C.A.-SM000042-000066; Pltf. C.A.-SM000069-000206; Pltf. C.A.-SM000267-000285; Pltf. C.A.-SM000288 | | Facebook Messages | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 40 | Pltf. C.A.-SM000035-000041; Pltf. C.A.-SM000067-000068; Pltf. C.A.-SM000207-000266 | | Photos sent on Facebook | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 41 | Pltf. C.A.-SM000286-000287 | | Category of messages exchanged on Facebook | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 42 | Pltf. C.A.-SM000289-000294 | | Group Interactions on Facebook | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 43 | Pltf. C.A.-SM000295-001110 | | Comments made on Facebook | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 44 | Pltf. C.A.-SM001111-001148 | | Areas of Facebook recently visited (profiles, pages, groups, and events) | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 45 | | Exhibit 2 to C.A.'s August 12, 2022 deposition | C.A.'s Objections and Responses to RRI's First Interrogatories | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 46 | | Exhibit 26 C.A.'s August 12, 2022 deposition | 5/6/2013 Text Message | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 47 | | Exhibit 27 C.A.'s August 12, 2022 deposition | Text Message | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 48 | | Exhibit 28 C.A.'s August 12, 2022 deposition | Sugardaddyforme.com Profile | Authenticity, Relevance, Rule 403, Prejudice, Confusion, Rule 412 |
| Defx 49 | | Exhibit 29 C.A.'s August 12, 2022 deposition | a_kayy Instagram Post | Authenticity, Relevance, Rule 404(b),Rule 403, Prejudice, Confusion |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 50 | | Exhibit 30 C.A.'s August 12, 2022 deposition | mulahbunny Instagram Post | Authenticity, Relevance, Rule 403, Prejudice, Confusion |
| Defx 51 | | Exhibit 31 C.A.'s August 12, 2022 deposition | Fasionfloozies Instagram post | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 52 | | Exhibit 32 C.A.'s August 12, 2022 deposition | Email chain | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 53 | | Exhibit 33 C.A.'s August 12, 2022 deposition | Photograph | Authenticity, Relevance, Rule 404(b) |
| Defx 54 | | Exhibit 34 C.A.'s August 12, 2022 deposition | Handwritten notes | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 55 | | Exhibit 35 C.A.'s August 12, 2022 deposition | Instagram posts | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 56 | | Exhibit 36 C.A.'s August 12, 2022 deposition | Instagram posts | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 57 | | Exhibit 37 C.A.'s August 12, 2022 deposition | Birthday invitation | |
| Defx 58 | | Exhibit 38 C.A.'s August 12, 2022 deposition | Photo | Authenticity, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 59 | | Exhibit 39 C.A.'s August 12, 2022 deposition | Photo | Authenticity, Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 60 | | Exhibit 40 C.A.'s August 12, 2022 deposition | Text messages | Authenticity, Hearsay, Relevance, Rule 404(b), Rule 403, Prejudice |
| Defx 61 | | Exhibit 41 C.A.'s August 12, 2022 deposition | Email | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 62 | | | Plaintiff C.A.'s Objections and Responses to Requests for Admission | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion, Rule 412 |
| Defx 63 | Pltf. D.P.010308-Pltf.D.P.010339 | | Backpage and Craigslist responses | Relevance, Prejudice, Rule 412, Confusion |
| Defx 64 | Pltf. D.P.011455; 11278; 11210 | | Social Media Texts | Relevance, Hearsay, Prejudice, Confusion, Rule 404(b), Rule 412 |
| Defx 65 | Pltf. D.P. 017810-Pltf.D.P.017830 | | TextNow Exported Conversations Text | Hearsay, Relevance, Prejudice, Rule 412 |
| Defx 66 | Pltf. D.P.017878 | | "Selfie" Picture | |
| Defx 67 | Pltf. D.P.017879 | | Mirror "Selfie" Picture | |
| Defx 68 | Pltf. D.P.017880 | | "Selfie" Picture | |
| Defx 69 | Pltf. D.P.017881 | | Mirror "Selfie" Picture | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 70 | Pltf. D.P.017882 | | "Selfie" Picture | |
| Defx 71 | Pltf. D.P.017883 | | Cobb Sheriff's Office Arrest/Booking Report - 10/09/21 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 72 | Pltf. D.P.017884 | | Cobb Sheriff's Office Arrest/Booking Report - 12/20/20 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 73 | Pltf. D.P.017885 | | Cobb Sheriff's Office Arrest/Booking Report - 12/16/19 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 74 | Pltf. D.P.017886 | | Cobb Sheriff's Office Arrest/Booking Report - 11/18/19 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 75 | Pltf. D.P.017887 | | Cobb Sheriff's Office Arrest/Booking Report - 12/10/18 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 76 | Pltf. D.P.017888 | | Cobb Sheriff's Office Arrest/Booking Report - 06/27/18 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 77 | Pltf. D.P.017889 | | Cobb Sheriff's Office Arrest/Booking Report - 06/04/18 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 78 | Pltf. D.P.017890 | | Cobb Sheriff's Office Arrest/Booking Report - 04/15/18 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 79 | Pltf. D.P.017891-Pltf. D.P.017892 | | Cobb Sheriff's Office Arrest/Booking Report - 06/04/18 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 80 | Pltf. D.P.017893 | | Cobb Sheriff's Office Arrest/Booking Report - 11/03/17 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 81 | Pltf. D.P.017894 | | Cobb Sheriff's Office Arrest/Booking Report - 07/02/17 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 82 | Pltf. D.P.017895 | | Cobb Sheriff's Office Arrest/Booking Report - 05/17/17 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 83 | Pltf. D.P.017896 | | Cobb Sheriff's Office Arrest/Booking Report - 03/19/15 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 84 | Pltf. D.P.017897 | | Cobb Sheriff's Office Arrest/Booking Report - 08/27/14 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 85 | Pltf. D.P.017898 | | Cobb Sheriff's Office Arrest/Booking Report - 08/08/14 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 86 | Pltf. D.P.017899 | | Cobb Sheriff's Office Arrest/Booking Report - 05/08/14 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 87 | Pltf. D.P.017900 | | Arrest Information I.D. | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 88 | Pltf. D.P.017901-Pltf. D.P.017902 | | DeKalb County Sheriff's Office Arrest Information Record - 03/22/2018 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 89 | Pltf. D.P.017903 | | DeKalb County Court Order | Relevance, Authenticity, Hearsay, Prejudice, Confusion, Rule 404(b) |
| Defx 90 | Pltf. D.P.017904 | | DeKalb County Bench Warrant for Failure to Appear on Tuesday, July 25, 2017 | Relevance, Authenticity, Hearsay, Prejudice, Confusion, Rule 404(b) |
| Defx 91 | Pltf. D.P.017905 | | DeKalb County Sheriff's Office Arrest Information Record - 12/06/2016 | Relevance, Authenticity, Hearsay, Prejudice, Confusion, Rule 404(b) |
| Defx 92 | Pltf. D.P.017906 | | Arrest Information I.D. | Relevance, Authenticity, Hearsay, Prejudice, Confusion, Rule 404(b) |
| Defx 93 | | Exhibit 1 to Deposition of D.P. 6/30/2022 | Exhibit 1 to Deposition of D.P. 6/30/2022 | |
| Defx 94 | | Exhibit 2 to Deposition of D.P. 6/30/2022 | Exhibit 2 to Deposition of D.P. 6/30/2022 | Relevance; Rule 404(b); confusion |
| Defx 95 | | Deposition Exs 3&4 to 6/30/22 Deposition of D.P. | Plaintiff D.P.' s Verification and Amended and Supplemental Objections and Responses to Defendant RRI's First Interrogatories | Relevance; Rule 404(b); confusion |
| Defx 96 | | Deposition Exhibit 5-7 to 6/30/22 Deposition of D.P. | Photographs of males | |
| Defx 97 | | Deposition Exhibit 8 to 6/30/22 Deposition of D.P. | Cobb Sheriff's Office Arrest/Booking Report | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 98 | | Deposition Exhibit 9 to 6/30/22 Deposition of D.P. | Atlanta Police Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 99 | | Deposition Exhibit 10 to 6/30/22 Deposition of D.P. | Marietta Police Records 5/30/2014 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 100 | | Deposition Exhibit 11 to 6/30/22 Deposition of D.P. | OMS Offender Management System printout on DP | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 101 | | Deposition Exhibit 12 to 6/30/22 Deposition of D.P. | Cobb County Police Reports 2/2/2015 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 102 | | Deposition Exhibit 13 to 6/30/22 Deposition of D.P. | Marietta Police Records 1/21/2017 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 103 | | Deposition Exhibit 14 to 6/30/22 Deposition of D.P. | Facebook Profile Picture | Relevance, Prejudice, Rule 404(a) |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 104 | | Deposition Exhibit 15 to 6/30/22 Deposition of D.P. | Mobile upload photograph | Relevance, Prejudice, Rule 412, Confusion |
| Defx 105 | | Deposition Exhibit 16 to 6/30/22 Deposition of D.P. | Facebook Post | Relevance, Hearsay, Prejudice |
| Defx 106 | | Deposition Exhibit 19 to 6/30/22 Deposition of D.P. | Video screenshots | Relevance, Prejudice, Misleading, hearsay, Rule 412 |
| Defx 107 | | Deposition Exhibit 20 to 6/30/22 Deposition of D.P. | Cobb County Police Reports 4/7/2017 | Authenticity, Hearsay, Confusion |
| Defx 108 | | Deposition Exhibit 21  to 6/30/22 Deposition of D.P. | Cobb County Police Reports 5/17/2017 | Authenticity, Hearsay, Rule 404(b) |
| Defx 109 | | Deposition Exhibit 22 to 6/30/22 Deposition of D.P. | Mobile upload photograph | |
| Defx 110 | | Deposition Exhibit 23 to 6/30/22 Deposition of D.P. | Cobb County Police Reports 7/26/2017 | Authenticity, Hearsay, Relevance |
| Defx 111 | | Deposition Exhibit 24 to 6/30/22 Deposition of D.P. | Powder Springs Police Department -Family Violence Incident Report | Rule 404(a), Rule 404(b), Prejudice, Hearsay, Authenticity |
| Defx 112 | | Deposition Exhibit 25 to 6/30/22 Deposition of D.P. | Red Roof Inn photograph of lobby | |
| Defx 113 | | Deposition Exhibit 26 to 6/30/22 Deposition of D.P. | Red Roof Inn signage This Inn is independently owned and operated by a Red Roof franchisee | |
| Defx 114 | | Deposition Exhibit 27 to 6/30/22 Deposition of D.P. | Kent County Sheriff's Office records | Rule 609(a), Prejudice, Relevance, Confusion, Hearsay, Authenticity |
| Defx 115 | | | Plaintiff D.P.'s Objections and Responses to Requests for Admission | Rule 412, prejudice, relevance, Rule 404(b) |
| Defx 116 | Pltf.E.H. 006545; 7219; | Deposition Exhibit 9 | Photographs E.H. | Rule 404(a), prejudice, relevance |
| Defx 117 | Pltf. E.H.007812-7814 | | Bibb County Sheriff's Records | Hearsay, Relevance, Rule 404(b), Prejudice |
| Defx 118 | Pltf. E.H.007815-7824 | | Cobb County Police and Sheriff's Records | Hearsay, Relevance, Authenticity, Rule 404(b), Prejudice |
| Defx 119 | Pltf. E.H.007825-Pltf. E.H.007831 | | Cobb County State Court Records | Prejudice, Relevance, Rule 404(b), Hearsay, Authenticity |
| Defx 120 | Pltf. E.H.007854-Pltf. E.H.007855 | | SmartCop Inmate Records | Prejudice, Relevance, Rule 404(b), Hearsay, Authenticity |
| Defx 121 | Pltf. E.H.007856-Pltf. E.H.007857 | | Municipal Court of Tuscaloosa records - Charge Solicitation | Prejudice, Relevance, Rule 404(b), Hearsay, Authenticity |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 122 | Pltf. E.H.007858-7868;7907; 7923-7932; 7935-8278 | | E.H. Photographs | Prejudice, relevance, confusion, cumulative |
| Defx 123 | Pltf. E.H.007869-7905 | | Backpage emails | |
| Defx 124 | Pltf. E.H.007906; 7908-7917; 7933-7934; 8279-9597 | | Social Media photographs, Mp4s | Prejudice, Rule 412, Relevance, Confusion |
| Defx 125 | Pltf. E.H.007918-7922 | | Megapersonals ads | |
| Defx 126 | Pltf. E.H.009597-Pltf. E.H.009615 | | Google Activity | Confusion, Waste of Time |
| Defx 127 | Pltf. E.H.009616-Pltf. E.H.009620 | | Cobb County, GA Juvenile Court Records | Relevance, Prejudice, Rule 404(b), Authenticity, Hearsay |
| Defx 128 | Pltf. E.H.009621 | | Medication List | Relevance, Authentication |
| Defx 129 | Pltf. E.H.009622-Pltf. E.H.009631 | | Western Psychological Services records | Relevance, Confusion, Prejudice, Waste of Time |
| Defx 130 | Pltf. E.H.009632-Pltf. E.H.009634 | | Behavior list | Relevance, Confusion, Prejudice, Waste of Time, Authenticity |
| Defx 131 | Pltf. E.H.009635-Pltf. E.H.009644 | | Muscogee County School District records | Relevance, Confusion, Prejudice, Waste of Time, Authenticity |
| Defx 132 | Pltf. E.H.009645-Pltf. E.H.009657 | | Wellstar Medical Records | Relevance, Confusion, Waste of Time |
| Defx 133 | Pltf. E.H.009658-Pltf. E.H.009659 | | Itemized rules for school | Relevance, Confusion, Waste of Time, Prejudice |
| Defx 134 | Pltf. E.H.009660-Pltf. E.H.009689 | | School Records | Relevance, Confusion, Waste of Time, Prejudice |
| Defx 135 | Pltf. E.H.009690-Pltf. E.H.009896 | | Cobb County School District records | Relevance, Confusion, Waste of Time, Prejudice |
| Defx 136 | Pltf. E.H.009897-Pltf. E.H.009990 | | Snap Chat History | hearsay, confusion, waste of time |
| Defx 137 | Pltf. E.H.009991-Pltf. E.H.010120 | | Wellstar Medical Records | authentictiy, hearsay, relevance |
| Defx 138 | Pltf. E.H.010121-Pltf. E.H.010135 | | Psychological Services, Cobb County School District - Psychoeducational Report | Relevance, Confusion, Waste of Time, Prejudice, authenticity, hearsay |
| Defx 139 | Pltf. E.H.010136-Pltf. E.H.010166 | | Teen Challenge Columbus Girls Academy records | Relevance, Confusion, Waste of Time, Prejudice, authenticity, hearsay |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 140 | Pltf. E.H.010167-Pltf. E.H.010184 | | Psychological Sciences Institute medical records | Relevance, Confusion, Waste of Time, Authenticity, Hearsay |
| Defx 141 | | Exhibit 1 to Deposition of E.H. 10/12/2022 | Exhibit 1 to Deposition of E.H. 10/12/2022 | Relevance, Confusion, Prejudice, Rule 609(b), Rule 404(b) |
| Defx 142 | | Deposition Exhibit 2 to Deposition of E.H. 10/12/2022 | Photographs of male | |
| Defx 143 | | Deposition Exhibit 3 to Deposition of E.H. 10/12/2022 | Photograph | |
| Defx 144 | | Deposition Exhibit 4 to Deposition of E.H. 10/12/2022 | Plaintiff E.H.'s Amended and Supplemental Objections and Responses to Defendant Red Roof Inns, Inc.s' First Interrogatories | Relevance, Confusion, Prejudice, Rule 609(b), Rule 404(b) |
| Defx 145 | | Deposition Exhibit 5 to Deposition of E.H. 10/12/2022 | Gwinnett County Police records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice |
| Defx 146 | | Deposition Exhibit 6 to Deposition of E.H. 10/12/2022 | State of Georgia v. EH Final Disposition case 14D-2438-2 | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice |
| Defx 147 | | Deposition Exhibit 7 to Deposition of E.H. 10/12/2022 | State Court of Cobb County charge | Rule 412, Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice |
| Defx 148 | | Deposition Exhibit 8 to Deposition of E.H. 10/12/2022 | Photographs | Prejudice, Rule 404(a), Relevance |
| Defx 149 | | Deposition Exhibit 10 to Deposition of E.H. 10/12/2022 | News Article "Arrests made in Tuscaloosa prostitution detail" | Rule 404(b), Rule 412, Authenticity, Hearsay |
| Defx 150 | | Deposition Exhibit 11 to Deposition of E.H. 10/12/2022 | Photograph | |
| Defx 151 | | Deposition Exhibit 12 to Deposition of E.H. 10/12/2022 | Photograph | |
| Defx 152 | | | Plaintiff E.H.'s Objections and Responses to Requests for Admission | Relevance, Rule 404(b), Rule 412, prejudice |
| Defx 153 | K.P. 000003 - 000009 | | Sandy Springs Police Department Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 154 | K.P. 000037 - 48 | | Ridgeview Institute Medical Records | Relevance, Authenticity, Hearsay, |
| Defx 155 | K.P. 000017 - 35 | | DeKalb Community Service Board Medical Records | Relevance, Authenticity, Hearsay |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 156 | K.P. 0000053 - 77 | | DeKalb Community Service Board Psychiatric Records | Relevance, Authenticity, Hearsay |
| Defx 157 | K.P. 0000078 - 101 | | Sozo Family Services Medical Records | Relevance, Authenticity, Hearsay |
| Defx 158 | K.P. 0000102 - 113 | | Carroll County State Court Criminal Records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 159 | K.P. 0000114 - 206 | | Northside Hospital Atlanta Medical Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 160 | K.P. 00004836 - 4940 | | Wellstar Medical Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 161 | K.P. 0004941 - 4981 | | Jose Nadala Medical Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 162 | K.P. 231 – 236, 329 – 330, 346 – 348, 354 – 364, 368 – 421, 445 – 454, 456 – 476, 478 – 538, 558 – 577, 742 – 745, 756 – 855, 1235 – 1544, 1546 – 1573, 1590 – 1682 – 1682, 3095 – 3178 | | Various Photos Produced by K.P. | Relevance, Authenticity, Rule 404(b) |
| Defx 163 | K.P. 000539 - 000545 | | Marital History 1984 to Present | Relevance, Authenticity, Hearsay, Rule 412 |
| Defx 164 | K.P. 0000546 - 557 | | Juvenile Court of Forsyth County Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 165 | K.P. 0000578 - 741 | | Facebook Messages | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 166 | K.P. 000872 - 873 | | Letter from Kenneth Schatten | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 167 | K.P. 1686 - 3094; 3179 - 3198; 3179 - 4835 | | Various Computer/Internet Histories and Downloads | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 168 | | Exhibit 2 to July 14, 2022 Deposition | Plaintiff K.P.'s Amended and Supplemental Objections and Responses to Defendant Red Roof's First Interrogatories | Relevance, Rule 404(b), Prejudice, Confusion |
| Defx 169 | | Exhibit 3 to July 14, 2022 Deposition of K.P. | Photographs | Relevance, Authenticity |
| Defx 170 | | Exhibit 4 to July 14, 2022 Deposition of K.P. | 5/7/10 Incident/Investigation Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 171 | | Exhibit 5 to July 14, 2022 Deposition of K.P. | 8/24/11 Northside Hospital Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 172 | | Exhibit 6 to July 14, 2022 Deposition of K.P. | Medical Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 173 | | Exhibit 7 to July 14, 2022 Deposition of K.P. | SGN Nutrition Documents | Relevance, Authenticity, Hearsay |
| Defx 174 | | Exhibit 8 to July 14, 2022 Deposition of K.P. | 7/20/12 Cherokee County Sheriff's Office Record | Relevance, Authenticity, Hearsay, |
| Defx 175 | | Exhibit 9 to July 14, 2022 Deposition of K.P. | 8/6/12 Georgia Uniform Motor Vehicle Accident Report | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice |
| Defx 176 | | Exhibit 10 to July 14, 2022 Deposition of K.P. | 12/6/12 Unique Business Solutions, LLC Letter | Relevance, Authenticity, Hearsay, Rule 404(b) |
| Defx 177 | | Exhibit 11 to July 14, 2022 Deposition of K.P. | Northside Hospital Records | Relevance, Authenticity, Hearsay, Prejudice, Confusion |
| Defx 178 | | Exhibit 12 to July 14, 2022 Deposition of K.P. | Tradelle Lacy CV | Relevance, Authenticity |
| Defx 179 | | Exhibit 13 to July 14, 2022 Deposition of K.P. | Conversation | Relevance, Authenticity, Hearsay, Confusion |
| Defx 180 | | Exhibit 14 to July 14, 2022 Deposition of K.P. | Conversation | Relevance, Authenticity, Hearsay, Confusion |
| Defx 181 | | Exhibit 15 to July 14, 2022 Deposition of K.P. | 10 Questions | Relevance, Authenticity, Hearsay |
| Defx 182 | | Exhibit 16 to July 14, 2022 Deposition of K.P. | 12/27/15 Incident/Investigation Report | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 183 | | Exhibit 17 to July 14, 2022 Deposition of K.P. | Choose up or Loose up Document | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 184 | | | Plaintiff K.P.'s Objections and Responses to Defendants Red Roof Inns, Inc.'s Request for Admission. | Duplicate, Relevance, Rule 404(b), Prejudice, Confusion |
| Defx 185 | | | Plaintiff K.P.'s Objections and Responses to Requests for Admission | Duplicate, Relevance, Rule 404(b), Prejudice, Confusion |
| Defx 186 | | Exhibit 1 to March 22, 2022 Deposition of M.B. | Notice of Video Deposition | Relevance, Confusion |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 187 | | Exhibit 2 to March 22, 2022 Deposition of M.B. | M.B. Objections to Varahi Hotel's First Interrogatories | Relevance, Confusion, Prejudice, Rule 404(b) |
| Defx 188 | | Exhibits 3 and 11 to March 22, 2022 Deposition of M.B. | M.B. Objections/Responses to RRI's First Interrogatories | Relevance, Confusion,  Prejudice Rule 404(b) |
| Defx 189 | | Exhibit 4 to March 22, 2022 Deposition of M.B. | DeKalb County Arrest Record | Relevance, Confusion, Prejudice, Hearsay, Authenticity, Rule 404(b) |
| Defx 190 | | Exhibits 5-7 to March 22, 2022 Deposition of M.B. | SafeWay Psychological Services Records | Authenticity, Hearsay |
| Defx 191 | | Exhibits 8-9 to March 22, 2022 Deposition of M.B. | Photographs | Relevance, Confusion |
| Defx 192 | | Exhibits 10 and 12 to March 22, 2022 Deposition of M.B. | ML Healthcare Medical Billing Summary/Distribution Agreement | Authenticity, Hearsay |
| Defx 193 | | | Plaintiff M.B.'s Objections and Responses to Requests for Admission | Relevance, Prejudice, Rule 404(b), Rule 412 |
| Defx 194 | Pltf. M.M. 000974-001075 | | Phone locations | relevance, confusion |
| Defx 195 | Pltf. M.M.001076-Pltf. M.M.001081; 1083-1086 | | Red Roof Inn emails to customer | |
| Defx 196 | Pltf. M.M.001082 | | The Ritz-Carlton-Reynolds Plantation email to customers | authenticity, hearsay, relevance, confusion |
| Defx 197 | Pltf. M.M.001088 | | Georgia Bureau of Investigation Georgia Crime Information Center Consent Form | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 198 | Pltf. M.M.001089-90 | | Email re 4Sarah | authenticity, hearsay, relevance, confusion |
| Defx 199 | Pltf. M.M.001091-92 | | Photographs | authenticity, relevance, 404(a), 403 |
| Defx 200 | Pltf. M.M.001093-Pltf. M.M.001094 | | Backpage post re survivor of human trafficking | |
| Defx 201 | Pltf. M.M.001095-1115; 1118-1176; 1598; 1600-1629; 1635-1659; 1665-1671; 1673-1695; 1866-1909; 1912-1917; 1928-1932; 1967-1972 | | Craigslist Emails/Communications | hearsay, relevance, confusion, 404(a), 412, 403 |
| Defx 202 | Pltf. M.M.001116-1117; 1599; 1630-1632-1634; 1664; 1672; 1910-1911; 1918-1921 | | Eros documents | authenticity, hearsay, relevance, confusion, 404(a), 412, 403 |
| Defx 203 | Pltf. M.M.001177-1532; 1590-1597; 1696-1865 | | Backpage emails/communications | authenticity, hearsay, relevance, confusion, 404(a), 412, 403 |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 204 | Pltf. M.M.001533-1589 | | Backpage payments/credit purchase | authenticity, hearsay, relevance, confusion, 404(a), 412, 403 |
| Defx 205 | Pltf. M.M.001660-Pltf. M.M.001663 | | Quora Digest request on call history | authenticity, hearsay, relevance, confusion, 403 |
| Defx 206 | Pltf. M.M.001922-Pltf. M.M.001927; 1933-1966 | | Paxful | authenticity, hearsay, relevance, confusion, 403 |
| Defx 207 | Pltf. M.M.001973-1981 | | ML Healthcare Services LLC / SafewWay Psychological Services medical records | Authenticity, Hearsay |
| Defx 208 | Pltf. M.M.002413-Pltf. M.M.002415 | | Mixson Dental & Associates Medical Records | Authenticity, Hearsay, relevance |
| Defx 209 | | Deposition Exhibit 55 | Plaintiff M.M.'s Objections and Responses to Defendant Red Roof Inns, Inc.'s First Interrogatories | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 210 | | Exhibit 56 to Deposition of M.M. 11/11/2021 | Exhibit 56 to Deposition of M.M. 11/11/2021 | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 211 | | Exhibit 57 to Deposition of M.M. 11/11/2021 to Deposition of M.M. 11/11/2021 | Exhibit 57 to Deposition of M.M. 11/11/2021 | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 212 | | Deposition Exhibit 58 to Deposition of M.M. 11/11/2021 | Color Photograph | Relevence |
| Defx 213 | | Deposition Exhibit 59 to Deposition of M.M. 11/11/2021 | Palm Beach County Sheriff's Office records | hearsay, authenticity, relevance, 403, confusion |
| Defx 214 | | Deposition Exhibit 60 to Deposition of M.M. 11/11/2021 | Coral Springs Police Department records | hearsay, authenticity, relevance, 403 |
| Defx 215 | | Deposition Exhibit 62 to Deposition of M.M. 11/11/2021 | Cobb County Police records | hearsay, authenticity, relevance, 403, 404(b) |
| Defx 216 | | Deposition Exhibit 64 to Deposition of M.M. 11/11/2021 | Marietta Police Department records | hearsay, authenticity, relevance, 403, 404(b) |
| Defx 217 | | Deposition Exhibit 65 to Deposition of M.M. 11/11/2021 | Cobb County Sheriff's Office photograph | hearsay, authenticity, relevance, 403, 404(b) |
| Defx 218 | | Deposition Exhibit 66 to Deposition of M.M. 11/11/2021 | Color Photograph | authenticity, relevance |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 219 | | | Plaintiff M.M.'s Objections and Responses to Requests for Admission | Prejudice, Rule 404(b), Relevance, Rule 412 |
| Defx 220 | Pltf.R.K.000011-Pltf.R.K.000013 | | State Court Case Summary Case No. 12-cr-380671 | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 221 | Pltf. R.K.000014-Pltf.R.K. 000015 | | Georgia Department of Corrections offender search results | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 222 | Pltf. R.K.000016-Pltf. R.K.000025 | | Gwinnett County Police records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 223 | Pltf. R.K.-000027-Pltf.R.K.000031 | | Gwinnett Superior Court records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 224 | Pltf. R.K.000035-Pltf.R.K. 000037 | | Gwinnett Superior Court Petition for Adjudication of Guild and Imposition of Sentence | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 225 | Plt. R.K. 000047-Pltf. R.K.000055 | | Atlanta Medical Center medical records | Relevance, Authenticity, Hearsay |
| Defx 226 | Pltf. R.K.000056-Pltf. R.K.000357 | | Dallas Children's Health Complete Medical File Including documentation from birth at Irving Healthcare | Relevance, Authenticity, Hearsay |
| Defx 227 | Pltf. R.K.000358-Pltf. R.K.000387 | | metadata from emails/location | Relevance, Authenticity, Hearsay |
| Defx 228 | Pltf. R.K.000388-Pltf. R.K.000391 | | R.K. email to Craigslist | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 229 | Pltf. R.K.000395-Pltf. R.K.000421 | | USMD Hospital at Arlington Admissions for OD on Tylenol | Relevance, Authenticity, Hearsay |
| Defx 230 | Pltf. R.K.001874-Pltf. R.K.002558 | | Google search history | Relevance, Authenticity, Hearsay |
| Defx 231 | Pltf. R.K.002559-Pltf. R.K.002836 | | Image search history | Relevance, Authenticity, Hearsay |
| Defx 232 | Pltf. R.K.002837-Pltf. R.K.004025 | | YouTube history | Relevance, Authenticity, Hearsay |
| Defx 233 | Pltf. R.K.004026-Pltf. R.K.004035 | | Arlington Municipal Court records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 234 | Pltf. R.K.004036 | | Bradford County Sheriff's Office records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 235 | Pltf. R.K.004037-Pltf. R.K.004038 | | Report of inmate search | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 236 | | Exhibit 1 to Deposition of R.K. 5/6/2022 | Plaintiff R.K.'s Objections and Responses to Interrogatories | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 237 | | Exhibit 2 to Deposition of R.K. 5/6/2022 | Verification | |
| Defx 238 | | Deposition Exhibit 3 to Deposition of R.K.  5/6/2022 | House locations | Relevance, Authenticity, Prejudice, Confusion |
| Defx 239 | | Exhibit 4 to Deposition of R.K. 5/6/2022 | Exhibit 4 to Deposition of R.K.  5/6/2022 | Relevance, Authenticity, Hearsay, Rule 404(b) |
| Defx 240 | | Deposition Exhibit 5 to Deposition of R.K.  5/6/2022 | Arlington Police Department Records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 403, Rule 609, Prejudice, Confusion |
| Defx 241 | | Deposition Exhibit 6 to Deposition of R.K.  5/6/2022 | Miscellaneous hotel locations and photographs | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 242 | | Deposition Exhibit 7 to Deposition of R.K.  5/6/2022 | Admission Records | |
| Defx 243 | | Deposition Exhibit 8 to Deposition of R.K.  5/6/2022 | CJIS Record Check | Relevance, Authenticity |
| Defx 244 | | Deposition Exhibit 9 to Deposition of R.K.  5/6/2022 | CJIS Data | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 245 | | Deposition Exhibit 10 to Deposition of R.K.  5/6/2022 | Accusation | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 246 | | Deposition Exhibit 11 to Deposition of R.K.  5/6/2022 | Final Disposition | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 247 | | Deposition Exhibit 12 to Deposition of R.K.  5/6/2022 | Petition for Adjudication of Guilt | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 248 | | Deposition Exhibit 13 to Deposition of R.K.  5/6/2022 | Photos sent on Facebook | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 249 | | Deposition Exhibit 14 to Deposition of R.K.  5/6/2022 | Atlanta Police Department Records | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 250 | | Deposition Exhibit 15 to Deposition of R.K.  5/6/2022 | Case Summary | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 251 | | Deposition Exhibit 16 to Deposition of R.K.  5/6/2022 | Dunwoody Police Department Records | Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 252 | | Deposition Exhibit 17 to Deposition of R.K.  5/6/2022 | Atlanta Police /Fulton County Police Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 253 | | Deposition Exhibits 18-30 to Deposition of R.K.  5/6/2022 | Facebook pages | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 254 | | | Plaintiff R.K.'s Objections and Responses to Requests for Admission | |
| Defx 255 | Pltf. R.P.000050 - 202 | | Cobb County Community Services Board Medical Records | Hearsay, Relevance, Authenticity |
| Defx 256 | Pltf. R.P.000202 | | Wellstar Behavioral Health Medical Records | Hearsay, Relevance, Authenticity |
| Defx 257 | Pltf. R.P.000203 | | Peachford Behavioral Health System of Atlanta Medical Records | Hearsay, Relevance, Authenticity |
| Defx 258 | Pltf. R.P.000204 - 000524 | | Tampa Community Hospital Medical Records | Hearsay, Relevance, Authenticity |
| Defx 259 | Pltf. R.P.000525-Pltf. R.P.000906 | | Wellstar Health System Records | Hearsay, Relevance, Authenticity |
| Defx 260 | Pltf. R.P.000907-Pltf. R.P.001267; 3717 - 3976 | | GA Regional Hospital Medical Records | Hearsay, Relevance, Authenticity |
| Defx 261 | Pltf. R.P.003408 - 003711 | | Piedmont Cartersville Hospital | Hearsay, Relevance, Authenticity |
| Defx 262 | Pltf. R.P.003712 - 3716 | | Social Media Posts of Plaintiff | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 263 | Pltf. R.P.003977 | | State of Georgia, County of Gwinnett Criminal Record | hearsay, authenticity, 404(b), 403 |
| Defx 264 | | Exhibit 2 to Plaintiff R.P.'s April 14, 2022 Deposition | Plaintiff R.P.'s Supplemental Objections and Responses to Defendant Varahi Hotel's First Interrogatories | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 265 | | Exhibit 3 to Plaintiff R.P.'s April 14, 2022 Deposition | Verification | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 266 | | Exhibit 4 to Plaintiff R.P.'s April 14, 2022 Deposition | Plaintiff R.P.'s Supplemental Objections and Responses to Defendant Red Roof Inn's First Interrogatories | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 267 | | Exhibit 5 to Plaintiff R.P.'s April 14, 2022 Deposition | Verification | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 268 | | Exhibit 6 to Plaintiff R.P.'s April 14, 2022 Deposition | Handwritten notes | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 269 | | Exhibit 7 to Plaintiff R.P.'s April 14, 2022 Deposition | 4/27/12 DeKalb County Police Incident | hearsay, authenticity, 404(b), 403 |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 270 | | Exhibit 8 to Plaintiff R.P.'s April 14, 2022 Deposition | Twitter Records | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 271 | | Exhibit 9 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook post | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 272 | | Exhibit 10 to Plaintiff R.P.'s April 14, 2022 Deposition | Norcross Police Department Incident | hearsay, authenticity, 404(b), 403(b) |
| Defx 273 | | Exhibit 11 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Posts | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 274 | | Exhibit 12 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Posts | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 275 | | Exhibit 13 to Plaintiff R.P.'s April 14, 2022 Deposition | 12/9/13 Gwinnett County Police Incident Report | hearsay, authenticity, 404(b), 403 |
| Defx 276 | | Exhibit 14 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Post | authenticity, hearsay, relevance, 404(b), prejudicial |
| Defx 277 | | Exhibit 15 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Post | Authenticity, Hearsay, Relevance, Rule 404(b) |
| Defx 278 | | Exhibit 16 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Post | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial |
| Defx 279 | | Exhibit 17 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Post | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial |
| Defx 280 | | Exhibit 18 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Post | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial |
| Defx 281 | | Exhibit 19 to Plaintiff R.P.'s April 14, 2022 Deposition | 4/12/16 Gwinnett County Police Department | hearsay, authenticity, 404(b), 403 |
| Defx 282 | | Exhibit 20 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Posts | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial |
| Defx 283 | | Exhibit 21 to Plaintiff R.P.'s April 14, 2022 Deposition | Norcross Police Department Records | hearsay, authenticity, 404(b), 403 |
| Defx 284 | | Exhibit 22 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Posts | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial, 412 |
| Defx 285 | | Exhibit 23 to Plaintiff R.P.'s April 14, 2022 Deposition | 4/25/18 DeKalb County Police Records | hearsay, authenticity, 404(b), 403, 412 |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 286 | | Exhibit 24 to Plaintiff R.P.'s April 14, 2022 Deposition | Facebook Posts | Authenticity, Hearsay, Relevance, Rule 404(b), prejudicial |
| Defx 287 | | Exhibit 25 to Plaintiff R.P.'s April 14, 2022 Deposition | Photographs | Authenticity, Hearsay, Relevance |
| Defx 288 | | Exhibit 26 to Plaintiff R.P.'s April 14, 2022 Deposition | Photographs | Authenticity, Hearsay, Relevance |
| Defx 289 | | | Plaintiff R.P.'s Objections and Responses to Requests for Admission | |
| Defx 290 | Pltf. T.H.000012-Pltf. T.H.000018 | | Arlington Police Department Records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 291 | Pltf. T.H.000019-Pltf. T.H.000030 | | Fort Worth Police Department Records | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 292 | Pltf. T.H.000031-33 | | Texas Warrants | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 293 | Pltf. T.H.000034-310 | | Millwood Hospital/Excel Center Medical Records | Relevance, Authenticity, Hearsay |
| Defx 294 | Pltf. T.H.000311-Pltf. T.H.000317 | | Emails shared from Pinterest | Relevance, Authenticity, Hearsay, Rule 404(b) |
| Defx 295 | Pltf. T.H.000401 | | Williamson County Sheriff's Office Incarceration Verification Form | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 296 | Pltf. T.H.000403-Pltf. T.H.000410 | | Round Rock Police Department Reports | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 297 | | Deposition Exhibit 2 to T.H. Deposition 5/5/2022 | Plaintiff T.H.'s Objections and Responses to Interrogatories | Relevance, Rule 404(b) |
| Defx 298 | | Deposition Exhibit 2a to T.H. Deposition 5/5/2022 | Verification | |
| Defx 299 | | Deposition Exhibit 3 to TT.H. Deposition 5/5/2022 | Perfect 10 AD | Relevance, Authenticity, Rule 404(b), Rule 412,  Prejudice |
| Defx 300 | | Deposition Exhibit 4 to T.H. Deposition 5/5/2022 | Incident Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 301 | | Deposition Exhibit 5 to T.H. Deposition 5/5/2022 | Arrest Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 302 | | Deposition Exhibit 6 to T.H. Deposition 5/5/2022 | Call Sheet Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 303 | | Deposition Exhibit 7 to T.H. Deposition 5/5/2022 | Suspect Rap Sheet | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 304 | | Deposition Exhibit 8 to T.H. Deposition 5/5/2022 | Offense/Incident Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 305 | | Deposition Exhibit 9 to T.H. Deposition 5/5/2022 | Offender Details | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 306 | | Deposition Exhibit 10 to T.H. Deposition 5/5/2022 | Incident/Investigation Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 307 | | Deposition Exhibit 11 to T.H. Deposition 5/5/2022 | Incident/Arrest Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 308 | | Deposition Exhibit 12 to T.H. Deposition 5/5/2022 | Incident/Investigation Report | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609, Prejudice |
| Defx 309 | | Deposition Exhibit 13 to T.H. Deposition 5/5/2022 | Facebook Profile | Relevance, Authenticity, Hearsay |
| Defx 310 | | Deposition Exhibit 14 to T.H. Deposition 5/5/2022 | Facebook Post | Relevance, Authenticity, Hearsay |
| Defx 311 | | Deposition Exhibit 15 to T.H. Deposition 5/5/2022 | Facebook Post | Relevance, Authenticity, Hearsay |
| Defx 312 | | Deposition Exhibit 16 to T.H. Deposition 5/5/2022 | Medical Record | Relevance, Authenticity, Hearsay, Rule 404(b) |
| Defx 313 | | Deposition Exhibit 17 to T.H. Deposition 5/5/2022 | ML Healthcare Letter | Relevance, Authenticity, Hearsay |
| Defx 314 | | Deposition Exhibit 18 to T.H. Deposition 5/5/2022 | ML Healthcare Distriction Agreement | Relevance, Authenticity, Hearsay |
| Defx 315 | | Deposition Exhibit 19 to T.H. Deposition 5/5/2022 | ML Healthcare Billing Summary | Relevance, Authenticity, Hearsay |
| Defx 316 | | Deposition Exhibit 20 to T.H. Deposition 5/5/2022 | ML Healthcare Letter | Relevance, Authenticity, Hearsay |
| Defx 317 | | Deposition Exhibit 21 to T.H. Deposition 5/5/2022 | Safeway Evaluation | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 318 | | Deposition Exhibit 22 to T.H. Deposition 5/5/2022 | Bradford County Booking Information | Relevance, Authenticity, Hearsay, Rule 404(b), Rule 609 |
| Defx 319 | | Deposition Exhibit 23 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 320 | | Deposition Exhibit 24 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 321 | | Deposition Exhibit 25 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 322 | | Deposition Exhibit 26 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 323 | | Deposition Exhibit 27 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 324 | | Deposition Exhibit 28 to T.H. Deposition 5/5/2022 | Facebook Photo | Relevance, Authenticity |
| Defx 325 | | Deposition Exhibit 29 to T.H. Deposition 5/5/2022 | Photo | Relevance, Authenticity |
| Defx 326 | | | Plaintiff T.H.'s Objections and Responses to RRI's Request for Admissions | |
| Defx 327 | Pltf. W.K.-000012-Pltf. W.K.-001267 | | Georgia v. Aldontae Court Records | Hearsay, authenticity, relevance |
| Defx 328 | Pltf. W.K.-001249-Pltf. W.K.-001252 | | State of Georgia License Bureau | Hearsay, authenticity, relevance |
| Defx 329 | Pltf. W.K.-001268 | | Cobb County Marijuana Analysis Unit | Hearsay, authenticity, relevance |
| Defx 330 | Pltf. W.K.-001269-Pltf. W.K.-001270 | | Georgia Division of Forensic Sciences | Hearsay, authenticity, relevance |
| Defx 331 | Pltf. W.K.-001271 | | Vehicle Registration & Tags Run | Hearsay, authenticity, relevance |
| Defx 332 | Pltf. W.K.-001272-Pltf. W.K.-001282 | | Cobb County Police Incident/Investigation Report 3/1/16 | Hearsay, authenticity, relevance |
| Defx 333 | Pltf. W.K.-001283-Pltf. W.K.-001359 | | Cobb County Application for Arrest | Hearsay, authenticity, relevance |
| Defx 334 | Pltf. W.K.-001360- Pltf. W.K.-001362 | | Cobb County High Tech Crimes Examination Submission Form | Hearsay, authenticity, relevance |
| Defx 335 | Pltf. W.K.-001363- Pltf. W.K.-001374 | | Cobb County Police Property/Evidence Control Record | Hearsay, authenticity, relevance |
| Defx 336 | Pltf. W.K.-001375 Pltf. W.K.-002122 | | Wellstar Kennestone Hospital Records | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 337 | Pltf. W.K.-002123 | | Signed affidavit of Youth Villages Records Custodian | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 338 | | Exhibit 8 to the 11/04/2021 Deposition of W.K. | Photos | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 339 | | Exhibit 9 to the 11/04/2021 Deposition of W.K. | Photos | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 340 | | Exhibit 10 to the 11/04/2021 Deposition of W.K. | PL Discovery Responses | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 341 | | Exhibit 11 to the 11/04/2021 Deposition of W.K. | Verification of Discovery Responses | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 342 | | Exhibit 12 to the 11/04/2021 Deposition of W.K. | Supplemental Discovery Responses | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 343 | | Exhibit 13 to the 11/04/2021 Deposition of W.K. | 8/16/21 Inmate Recidivism | hearsay, authenticity, relevance, 404(b), 403(b) |
| Defx 344 | | Exhibit 14 to the 11/04/2021 Deposition of W.K. | 12/14/14 Marietta PD Incident Report | |
| Defx 345 | | Exhibit 15 to the 11/04/2021 Deposition of W.K. | 12/7/14 Cobb County Police Incident Report | |
| Defx 346 | | Exhibit 16 to the 11/04/2021 Deposition of W.K. | 12/7/14 Case Supplemental Report | |
| Defx 347 | | Exhibit 17 to the 11/04/2021 Deposition of W.K. | 12/7/14 Case Supplemental Report | |
| Defx 348 | | Exhibit 18 to the 11/04/2021 Deposition of W.K. | 12/7/14 Case Supplemental Report | |
| Defx 349 | | Exhibit 19 to the 11/04/2021 Deposition of W.K. | 12/8/14 Case Supplemental Report | |
| Defx 350 | | Exhibit 20 to the 11/04/2021 Deposition of W.K. | 2/23/15 Case Supplemental Report | |
| Defx 351 | | Exhibit 21 to the 11/04/2021 Deposition of W.K. | Facebook screenshots | Authenticity, Hearsay, Prejudice |
| Defx 352 | | Exhibit 22 to the 11/04/2021 Deposition of W.K. | Crimes Against Children's Unit Prosecution Checklist | hearsay, authenticity, relevance, 404(b), 403 |
| Defx 353 | | Exhibit 23 to the 11/04/2021 Deposition of W.K. | Terrance Holt written statement | hearsay, authenticity, 404(b), 403, 412 |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 354 | | Exhibit 24 to the 11/04/2021 Deposition of W.K. | 11/3/13 Incident Report | hearsay, authenticity, relevance, 404(b), 403(b), 412 |
| Defx 355 | | Exhibit 25 to the 11/04/2021 Deposition of W.K. | 5/13/12 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 356 | | Exhibit 26 to the 11/04/2021 Deposition of W.K. | 5/14/12 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 357 | | Exhibit 27 to the 11/04/2021 Deposition of W.K. | 5/14/12 Highland Rivers Crisis Stabilization Programs Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 358 | | Exhibit 28 to the 11/04/2021 Deposition of W.K. | 10/15/13 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 359 | | Exhibit 29 to the 11/04/2021 Deposition of W.K. | 2/4/14 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 360 | | Exhibit 30 to the 11/04/2021 Deposition of W.K. | 5/3/14 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 361 | | Exhibit 31 to the 11/04/2021 Deposition of W.K. | 11/28/15 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 362 | | Exhibit 32 to the 11/04/2021 Deposition of W.K. | 9/21/16 WellStar ED Record | Relevance, Authenticity, Hearsay, Rule 404(b), Prejudice, Confusion |
| Defx 363 | | Exhibit 33 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice, relevance |
| Defx 364 | | Exhibit 34 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice, relevence |
| Defx 365 | | Exhibit 35 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice, relevence, 404(b), 403 |
| Defx 366 | | Exhibit 36 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice |
| Defx 367 | | Exhibit 37 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice |
| Defx 368 | | Exhibit 38 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice |
| Defx 369 | | Exhibit 39 to the 11/04/2021 Deposition of W.K. | Photo | Authenticity, Hearsay, Prejudice |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 370 | | Exhibit 40 to the 11/04/2021 Deposition of W.K. | Photos from escortindex.com | prejudice |
| Defx 371 | | | Plaintiff W.K.'s Response to Defendant RRI's Request for Admissions | Relevance, Rule 404(b), Rule 403, Prejudice, Confusion |
| Defx 372 | RRI 000677 - 000721 | | Franchise Agreement by and between Red Roof Franchising, LLC and DMARC 2007-CD5 Druid Hills, LP | |
| Defx 373 | RRI 000722 – 000758 | | Exclusive Property Management Agreement for Atlanta Druid Hills | |
| Defx 374 | RRI 000991 - 001102 | | Property Management Agreement by and between FMW RRI NC LLC and RRI West Management, LLC | |
| Defx 375 | RRI 000766 - 000771 | | Limited Warranty Deed between RRI III LLC and DMARC 2007-CD5 Druid Hills Limited Partnership | |
| Defx 376 | RRI 000263 - 000305 | | Red Roof InnSider Employee Handbook | |
| Defx 377 | RRI_WK_00011505 – 00011527 | | Housekeeping Handbook, | |
| Defx 378 | HB_NDGA_Red_Roof_00000140 - 193 | | Red Roof Standards Manual, | |
| Defx 379 | HB_NDGA_Red_Roof_00000402 - 00000424 | | Safety and Security Presentation | |
| Defx 380 | RRI_WK_000028347-000028365 | | Safety and Security Presentation | |
| Defx 381 | HB_NDGA_Red_Roof_00000708 - 00001504 | | Manager in Training Manual | |
| Defx 382 | RRI_WK_00011168 – 00011306 | | Operations Manual, Safety and Security December 2010 | |
| Defx 383 | RRI_WK_00011789 - 00011817 | | Red Roof Inn General Manager Safety and Security Presentation | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 384 | RRI 000809 - 000821 | | Security Services Agreement between B.E.S.T., Inc. and Red Roof Inn #10130 | |
| Defx 385 | RRI 001594 – 001605 | | Security Services Agreement between Best Security and Red Roof Inns, Inc. | |
| Defx 386 | | | Security Services Agreement between Allegiance Security Group and Red Roof Inns, Inc. | |
| Defx 387 | RRI 001423 – 001476 | | Franchise Agreement by and between Red Roof Franchising, LLC and Varahi Hotel, LLC | |
| Defx 388 | RRI 000941 – 000984 | | Franchise Agreement by and between Red Roof Franchising, LLC and FMW RRI NC LLC | |
| Defx 389 | RRI 000137 – 000177 | | GSR Inn Sider | |
| Defx 390 | RRI 000178 – 000222 | | GSR Inn Sider | |
| Defx 391 | RRI000223 - 000262 | | Inn Management Insider | |
| Defx 392 | RRI_WK_00001879 - 00001888 | | Security Guard Protection Agreement | |
| Defx 393 | RRI 000466 – 000497 | | Preventing & Reacting to Child Sex Trafficking | |
| Defx 394 | RRI_WK_00001150 - 00001181 | | Preventing & Reacting to Child Sex Trafficking | |
| Defx 395 | RRI_WK_00012179  - 00012200 | | Preventing & Reacting to Child Sex Trafficking Quiz, | |
| Defx 396 | RRI 000923 - 000940 | | Red Roof Inn Weekly e-Pak | |
| Defx 397 | RRI 005311 - 005312 | | January 22, 2016 Letter | Authenticity; Hearsay |
| Defx 398 | RRI_WK_00005596 – 00005598 | | Email correspondence | Authenticity; Hearsay |
| Defx 399 | RRI_WK_00068385 – 00068389 | | Email correspondence | |
| Defx 400 | RRI_WK_00004246 – RRI_WK_00004247 | | Email correspondence | |
| Defx 401 | RRI_WK_00005613 – 00005614 | | Email correspondence | |
| Defx 402 | RRI_WK_00003033 (if you want attachment - its through 3036) | | Email correspondence | |
| Defx 403 | RRI_WK_00000419 – 00000421 | | Email correspondence | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 404 | RRI_WK_00004225 | | Email correspondence | |
| Defx 405 | RRI_WK_00001248-00001249 | | Smyrna Action Plan | |
| Defx 406 | RRI_WK_00004312 – 00004315 | | Email correspondence | |
| Defx 407 | RRI_WK_00000548 – 00000609 | | Smyrna Do Not Rent List | |
| Defx 408 | RRI_WK_00005483 – 00005484 | | Email correspondence | |
| Defx 409 | RRI_WK_00004222 | | Email correspondence | |
| Defx 410 | RRI_WK_00000142 – 00000153 | | Smyrna Franchise Visit | |
| Defx 411 | RRI_WK_00005267 – 00005268 | | Email correspondence | |
| Defx 412 | RRI_WK_00045335 – 00045336 | | Email correspondence | |
| Defx 413 | RRI_WK_00003033 – 3036 | | Smyrna safety and security | |
| Defx 414 | RRI_WK_00069567 – 00069568 | | Incident Report | |
| Defx 415 | RRI_WK_00048240 – 00048241 | | Incident Report | |
| Defx 416 | RRI_WK_00048266 – 00048267 | | Incident Report | |
| Defx 417 | RRI_WK_00000821 – 00000824 | | Email correspondence | |
| Defx 418 | RRI_WK_00000825 – 00000828 | | Email correspondence | |
| Defx 419 | RRI_WK_00005037 – 00005042 | | Email correspondence | |
| Defx 420 | RRI_WK_00004761 – 00004762 | | Email correspondence | |
| Defx 421 | RRI_WK_00004735 – 00004736 | | Email correspondence | |
| Defx 422 | RRI_WK_00033880 – 00033881 | | Email correspondence | |
| Defx 423 | RRI_WK_00000670 – 00000677 | | Internal Audit Report | |
| Defx 424 | RRI_WK_00061262 – 00061264 | | Email correspondence | |
| Defx 425 | RRI_WK_00012547 – 00012549 | | Email correspondence | |
| Defx 426 | | | AAPL Task Force, "Video Recording of Forensic Psychiatric American Academy of Psychiatry and the Law, Revised May 2013 Evaluations." | Inadmissible learned treatise; Hearsay; Relevance |
| Defx 427 | | | Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, (DSM-5-TR), American Psychiatric Association, March 2022 Text Revision | Inadmissible learned treatise; Hearsay; Relevance |
| Defx 428 | | | American Psychiatric Association, "CPT Primer for Psychiatrists," | Inadmissible learned treatise; Hearsay; Relevance |
| Defx 429 | | | Centers for Medicare and Medicaid Services, "Medicare Physician (MPFS)," Fee Schedule | Authenticitiy; Hearsay; Relevance |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 430 | | | Centers for Medicare and Medicaid Services, "Billing and Coding: Psychiatric Diagnostic Evaluation and Psychotherapy Service," | Authenticity; Hearsay; Relevance |
| Defx 431 | | | Hidden in Plain Sight: America's Slaves of the New Millennium | Inadmissible learned treatise; Hearsay; |
| Defx 432 | | | Reid, Joan A. "Entrapment and enmeshment schemes used by sex traffickers." Sexual Abuse 28.6 (2016): 491-511 | Inadmissible learned treatise; Hearsay; |
| Defx 433 | | | United Nations Office on Drugs and Crime (2008). An Introduction to Human Trafficking: Vulnerability, Impact and Action | Inadmissible learned treatise; Hearsay; |
| Defx 434 | | | Department of Justice, Federal Bureau of Investigation. N.d. Human Trafficking in the Uniform Crime Reporting (UCR) Program | |
| Defx 435 | | | Song, Sandra. 2019. When Anti-Sex Trafficking Policies Like the Marriott's Do More Harm Than Good. Paper Magazine | Hearsay |
| Defx 436 | | | Operational indicators of trafficking in human beings | |
| Defx 437 | | | Farley M, Barkan H. Prostitution, violence, and posttraumatic stress disorder. Women Health. 1998;27(3):37-49. doi: 10.1300/J013v27n03_03. PMID: 9698636 | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 438 | | | Farley, Melissa. (2003). Prostitution and Trafficking in 9 Countries: Update on Violence and Posttraumatic Stress Disorder. Journal of Trauma Practice. 2. 33-74 | |
| Defx 439 | | | Park JN, Decker MR, Bass JK, Galai N, Tomko C, Jain KM, Footer KHA, Sherman SG. Cumulative Violence and PTSD Symptom Severity Among Urban Street- Based Female Sex Workers. J Interpers Violence. 2021 Nov;36(21- 22):10383- 10404. doi: 10.1177/0886260519884694. Epub 2019 Nov 2. PMID: 31679445; PMCID: PMC7195245. | |
| Defx 440 | | | Hopper, E. K., and L. D. Gonzalez. "A comparison of psychological symptoms in survivors of sex and labor trafficking." Behavioral medicine 44.3 (2018): 177-188 | |
| Defx 441 | | | Trafficking to the Rescue?, 54 U.C. Davis Law Review 1 (2020) | |
| Defx 442 | | | Cook, Rhonda, "Human Trafficking Documented in Georgia." The Atlanta Journal Constitution, May 2, 2014, accessed October 1, 2022 | |
| Defx 443 | | | FBI CJIS Report: 2014 Crime in the United States | |
| Defx 444 | | | Public Law 115-393 – December 21, 2018, Section 2 (Findings)(2)(6) | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 445 | | | DHS Blue Campaign: Hospitality Toolkit. U.S. Department of Homeland Security. https://www.dhs.gov/sites/default/files/publications/blue- campaign/toolkits/hospitality-toolkit-eng.pdf, accessed September 3, 2022 | |
| Defx 446 | | Exhibit D2 to Deposition of Michael Beene | Exhibit D2 to Deposition of Michael Beene | |
| Defx 447 | | Exhibit 1 to Deposition of Michael Beene | Exhibit 1 to Deposition of Michael Beene | Hearsay; Relevance |
| Defx 448 | | Exhibit 2 to Deposition of Michael Beene | Exhibit 2 to Deposition of Michael Beene | |
| Defx 449 | | Exhibit 3 to Deposition of Michael Beene | Exhibit 3 to Deposition of Michael Beene | |
| Defx 450 | | Exhibit 5 to Deposition of Michael Beene | Exhibit 5 to Deposition of Michael Beene | |
| Defx 451 | | Exhibit 6 to Deposition of Michael Beene | Exhibit 6 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 452 | | Exhibit 7 to Deposition of Michael Beene | Exhibit 7 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 453 | | Exhibit 8 to Deposition of Michael Beene | Exhibit 8 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 454 | | Exhibit 9 to Deposition of Michael Beene | Exhibit 9 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 455 | | Exhibit 10 to Deposition of Michael Beene | Exhibit 10 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 456 | | Exhibit 11 to Deposition of Michael Beene | Exhibit 11 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 457 | | Exhibit 12 to Deposition of Michael Beene | Exhibit 12 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 458 | | Exhibit 13 to Deposition of Michael Beene | Exhibit 13 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 459 | | Exhibit 14 to Deposition of Michael Beene | Exhibit 14 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 460 | | Exhibit 15 to Deposition of Michael Beene | Exhibit 15 to Deposition of Michael Beene | |
| Defx 461 | | Exhibit 16 to Deposition of Michael Beene | Exhibit 16 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 462 | | Exhibit 17 to Deposition of Michael Beene | Exhibit 17 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 463 | | Exhibit 18 to Deposition of Michael Beene | Exhibit 18 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 464 | | Exhibit 19 to Deposition of Michael Beene | Exhibit 19 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 465 | | Exhibit 20 to Deposition of Michael Beene | Exhibit 20 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 466 | | Exhibit 21 to Deposition of Michael Beene | Exhibit 21 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 467 | | Exhibit 22 to Deposition of Michael Beene | Exhibit 22 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 468 | | Exhibit D2 to Deposition of Michael Beene | Exhibit D2 to Deposition of Michael Beene | Authenticity; Hearsay; Relevance |
| Defx 469 | | Exhibit D8 to Deposition of Anthony Crumbley | Exhibit D8 to Deposition of Anthony Crumbley | Authenticity; Hearsay; Relevance |
| Defx 470 | | Exhibit D9 to Deposition of Anthony Crumbley | Exhibit D9 to Deposition of Anthony Crumbley | Authenticity; Hearsay; Relevance |
| Defx 471 | | Exhibit D1 to Deposition of Tradelle Lacy | Exhibit D1 to Deposition of Tradelle Lacy | Hearsay; Relevance |
| Defx 472 | | Exhibit 1 to Deposition of Tradelle Lacy | Exhibit 1 to Deposition of Tradelle Lacy | Hearsay; Relevance |
| Defx 473 | | Exhibit 3 to Deposition of Tradelle Lacy | Exhibit 3 to Deposition of Tradelle Lacy | Authenticity; Hearsay; |
| Defx 474 | | Exhibit 4 to Deposition of Tradelle Lacy | Exhibit 4 to Deposition of Tradelle Lacy | Authenticity; Hearsay; Relevance |
| Defx 475 | | Exhibit 5 to Deposition of Tradelle Lacy | Exhibit 5 to Deposition of Tradelle Lacy | Authenticity; Relevance |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 476 | | Exhibit D8 to Deposition of Tradelle Lacy | Exhibit D8 to Deposition of Tradelle Lacy | Authenticity; Relevance; Prejudicial |
| Defx 477 | | Exhibit D9 to Deposition of Tradelle Lacy | Exhibit D9 to Deposition of Tradelle Lacy | Authenticity; Relevance; Prejudicial |
| Defx 478 | | | Invoices from Anique Whitmore | |
| Defx 479 | | | Invoices from David Williamson, MD | |
| Defx 480 | | | Invoices from Melanie Bliss, Ph.D. | |
| Defx 481 | OMIT - see | | Invoices from Alan Tallis | |
| Defx 482 | | | IME Video of A.F. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 483 | | | IME Video of C.A. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 484 | | | IME Video of D.P. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 485 | | | IME Video of E.H. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 486 | | | IME Video of K.P. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 487 | | | IME Video of M.M. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 488 | | | IME Video of M.B. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 489 | | | IME Video of R.K. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 490 | | | IME Video of R.P. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 491 | | | IME Video of T.H. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 492 | | | IME Video of W.K. | Prejudicial, Confusing, Waste of Time, Cumulative, Misleading |
| Defx 493 | Pltf. C.A. 000467 | | Gwinett County Public School Records | Irrelevant, Confusing, Waste of Time |
| Defx 494 | Pltf. C.A. 000468-000481 | | 2010 Planner/Calender | |
| Defx 495 | Pltf. C.A. 000482 | | Corinthian-Everest Institute Records | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 496 | Pltf. C.A. 000483-000500; Pltf. C.A. 000503-000512; Pltf. C.A. 000517-000520; Pltf. C.A. 005943; Pltf. C.A. 005971 | | SunTrust Investment Services | |
| Defx 497 | Pltf. C.A. 000501-000502 | | Emory Healthcare Records | |
| Defx 498 | Pltf. C.A. 000513-000516; Pltf. C.A. 000521-000523 | | BestBank Account Records | |
| Defx 499 | Pltf. C.A. 000524-000528 | | Receipts/Money Orders | |
| Defx 500 | Pltf. C.A. 000529-000573 | C.A. 3 | Personal Notebook | |
| Defx 501 | Pltf. C.A. 000574; Pltf. C.A. 005364 | | Personal Documents/IDs | Confidential; Irrelevant |
| Defx 502 | Pltf. C.A. 000575 | | Gwinnett Center for Counseling/Family Therapy | Authenticity |
| Defx 503 | Pltf. C.A. 000576 | | Employment Documents | |
| Defx 504 | Pltf. C.A. 000578-000585 | | Atlanta SurgiCenter | |
| Defx 505 | Pltf. C.A. 000586 | | Dunwoody Women's Medical Group | |
| Defx 506 | Pltf. C.A. 000587-000588; Pltf. C.A. 000594; Pltf. C.A. 000598; Pltf. C.A. 000604; Pltf. C.A. 000606; Pltf. C.A. 000610-000618; Pltf. C.A. 000701-000704 | | Outgoing Emails/solicitation | |
| Defx 507 | Pltf. C.A. 000589; Pltf. C.A. 000669-000672; Pltf. C.A. 001319; Pltf. C.A. 001419; Pltf. C.A. 004150-004151; Pltf. C.A. 004255-004259; Pltf. C.A. 005298; Pltf. C.A. 005420; Pltf. C.A. 005786; Pltf. C.A. 005901; Pltf. C.A. 008411 | | Incoming emails about hotels/reviews; misc. emails | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 508 | Pltf. C.A. 000595; Pltf. C.A. 000666; Pltf. C.A. 000689-000690; Pltf. C.A. 000709-000745; Pltf. C.A. 000881; Pltf. C.A. 000928; Pltf. C.A. 000973; Pltf. C.A. 000975; Pltf. C.A. 000985; Pltf. C.A. 001015; Pltf. C.A. 001065; Pltf. C.A. 001067; Pltf. C.A. 001130; Pltf. C.A. 001175; Pltf. C.A. 001192; Pltf. C.A. 001398-001399; Pltf. C.A. 001722-001748; Pltf. C.A. 002019; Pltf. C.A. 002078; Pltf. C.A. 002400; Pltf. C.A. 002426; Pltf. C.A. 003371; Pltf. C.A. 003401; Pltf. C.A. 003445; Pltf. C.A. 003448; Pltf. C.A. 003450; Pltf. C.A. 003492; Pltf. C.A. 003496; Pltf. C.A. 003498; Pltf. C.A. 003500; Pltf. C.A. 003535; Pltf. C.A. 003555; Pltf. C.A. 003586; Pltf. C.A. 003675; Pltf. C.A. 003699; Pltf. C.A. 003705; Pltf. C.A. 003708; Pltf. C.A. 003729; Pltf. C.A. 003736; Pltf. C.A. 003740; Pltf. C.A. 003742; Pltf. C.A. 003744; Pltf. C.A. 003798; Pltf. C.A. 003809; Pltf. C.A. 003855; Pltf. C.A. 003916; Pltf. C.A. 003936; Pltf. C.A. 003943; Pltf. C.A. 003952; Pltf. C.A. 003970; Pltf. C.A. 003982; Pltf. C.A. | | Photographs | Prejudicial, Cumulative, Relevance, Authentication, hearsay, Rule 412 |
| Defx 509 | Pltf. C.A. 000619 | | Inmate money deposit statement | |
| Defx 510 | Pltf. C.A. 000620-000665; Pltf. C.A. 000673-000689; Pltf. C.A. 000691-696; Pltf. C.A. 000698-000700 | | Emails w/ Lavan Chandra | Hearsay, Cumulative, Rule 412 |
| Defx 511 | Pltf. C.A. 000667-000668 | | Letters of rec for court | |
| Defx 512 | Pltf. C.A. 000705 | | VitalChek Records | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 513 | Pltf. C.A. 000706-000708; Pltf. C.A. 000746-000776; Pltf. C.A. 001320-001321; Pltf. C.A. 001395-001397; Pltf. C.A. 001400-001409; Pltf. C.A. 001412-001414; Pltf. C.A. 001418; Pltf. C.A. 001422-001425; Pltf. C.A. 001473-001478; Pltf. C.A. 001486-001721 | | Craigslist Emails | Cumulative, Waste of time Confusion |
| Defx 514 | Pltf. C.A. 000777-000880; Pltf. C.A. 000882-000927; Pltf. C.A. 000929-000972; Pltf. C.A. 000974; Pltf. C.A. 000976-000984; Pltf. C.A. 000986-001014; Pltf. C.A. 001016-001064; Pltf. C.A. 001066; Pltf. C.A. 001068-001129; Pltf. C.A. 001131-001174; Pltf. C.A. 001176-001191; Pltf. C.A. 001193-001318; Pltf. C.A. 001322-001394; Pltf. C.A. 001410-001411; Pltf. C.A. 001415-001417; Pltf. C.A. 001420-001421; Pltf. C.A. 001426-001472; Pltf. C.A. 001479-001485; Pltf. C.A. 001770-002018; Pltf. C.A. 002020-002077; Pltf. C.A. 002079-002233; Pltf. C.A. 002235-002399; Pltf. C.A. 002401-002425; Pltf. C.A. 002427-002515; Pltf. C.A. 002517-003370; Pltf. C.A. 003372-003400; Pltf. C.A. 003402-003444; Pltf. C.A. 003446-003447; Pltf. C.A. 003449; Pltf. C.A. 003451-003491; Pltf. C.A. 003493-003495; Pltf. C.A. 003497; Pltf. C.A. 003499; Pltf. C.A. 003501-003504; Pltf. C.A. 003506-003509; Pltf. C.A. 003511-003534; Pltf. C.A. 003536-003554; Pltf. C.A. 003556-003585; Pltf. C.A. 003587-003674; Pltf. C.A. 003676-003698; Pltf. C.A. 003700-003704; Pltf. | | Backpage Emails | Cumulative, Waste of time, Confusion, hearsay, prejudice |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 515 | Pltf. C.A. 001749-001768; Pltf. C.A. 004336; Pltf. C.A. 004340; Pltf. C.A. 004433; Pltf. C.A. 004441; Pltf. C.A. 004540-004541; Pltf. C.A. 004547; Pltf. C.A. 004772; Pltf. C.A. 004934-004935; Pltf. C.A. 005006; Pltf. C.A. 005035; Pltf. C.A. 005037; Pltf. C.A. 005090; Pltf. C.A. 005180; Pltf. C.A. 005186; Pltf. C.A. 005413; Pltf. C.A. 005456; Pltf. C.A. 005459; Pltf. C.A. 005502; Pltf. C.A. 005560; Pltf. C.A. 005603; Pltf. C.A. 005761; Pltf. C.A. 005790; Pltf. C.A. 005803; Pltf. C.A. 005896; Pltf. C.A. 005903; Pltf. C.A. 005919; Pltf. C.A. 006000-006001; Pltf. C.A. 007655-007687; Pltf. C.A. 007691-007747; Pltf. C.A. 007750-007776; Pltf. C.A. 007777-007782; Pltf. C.A. 007784-007845; Pltf. C.A. 007848-008014; Pltf. C.A. 008019; Pltf. C.A. 008023; Pltf. C.A. 008134-008135; Pltf. C.A. 008186; Pltf. C.A. 008236; Pltf. C.A. 008249-008251; Pltf. C.A. 008257; Pltf. C.A. 008320; Pltf. C.A. 008342-008343; Pltf. C.A. 008357; Pltf. C.A. 008365; Pltf. C.A. 008368; Pltf. C.A. 008380; Pltf. C.A. 008381; Pltf. C.A. 008436; Pltf. C.A. | | Messages | Cumulative, Waste of Time, Confusion, Hearsay, Prejudice, Relevance |
| Defx 516 | Pltf. C.A. 004267-004271 | | LifeStance Health | |
| Defx 517 | Pltf. C.A. 004272 | | ML Healthcare | |
| Defx 518 | Pltf. C.A. 004273-004291 | | Northside Hospital | Relevance |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 519 | Pltf. C.A. 004405-004409; Pltf. C.A. 004411-004412; Pltf. C.A. 004414; Pltf. C.A. 004417-004418; Pltf. C.A. 004430-004432; Pltf. C.A. 004434; Pltf. C.A. 004436-004440; Pltf. C.A. 004442-004446; Pltf. C.A. 004448-004452; Pltf. C.A. 004454-004459; Pltf. C.A. 004460; Pltf. C.A. 004462-004464; Pltf. C.A. 004467-004470; Pltf. C.A. 004472-004476; Pltf. C.A. 004486-004488; Pltf. C.A. 004492-004493; Pltf. C.A. 004495; Pltf. C.A. 004497-004501; Pltf. C.A. 004503-004504; Pltf. C.A. 004516; Pltf. C.A. 004597; Pltf. C.A. 008051; Pltf. C.A. 008074; Pltf. C.A. 008089; Pltf. C.A. 008092-008096; Pltf. C.A. 008099-008100; Pltf. C.A. 008102; Pltf. C.A. 008106-008107; Pltf. C.A. 008122-008123; Pltf. C.A. 008126; Pltf. C.A. 008129-008133; Pltf. C.A. 008136-008140; Pltf. C.A. 008143-008147; Pltf. C.A. 008150-008154; Pltf. C.A. 008157: Pltf. C.A. 008159-008161; Pltf. C.A. 008165-008168; Pltf. C.A. 008171-008175; Pltf. C.A. 008188-008190; Pltf. C.A. 008195-008196; Pltf. C.A. 008198; Pltf. C.A. 008201-008205; Pltf. C.A. 008208-008200; Pltf. C.A. | | Backpage Ads | Cumulative, Waste of time, Confusion, hearsay, prejudice, Rule 412 |
| Defx 520 | Pltf. C.A. 004479-004482; Pltf. C.A. 004485; Pltf. C.A. 004513; Pltf. C.A. 008179-008182; Pltf. C.A. 008187; Pltf. C.A. 008219 | | SugarDaddyForMe | Authentication, Relevance, Rule 412 |
| Defx 521 | Pltf. C.A. 004489; Pltf. C.A. 008191 | | Adam4Adam | Authentication, Relevance |
| Defx 522 | Pltf. C.A. 007847 | | Videos | authentication |
| Defx 523 | Pltf. D.P.-000001 | | Traffic Court | Relevance, Prejudice, Rule 404(b) |
| Defx 524 | Pltf. D.P.-000004-Pltf. D.P.-000006 | | Atlanta Municipal Court Records | Relevance, Prejudice, Rule 404(b) |
| Defx 525 | Pltf. D.P.-000007-Pltf. D.P.-000012 | | City of Kennesaw Police Records | Relevance, Prejudice, Rule 404(b) |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 526 | Pltf. D.P.-000013-Pltf.D.P.003219 | | Cobb County Community Services Board medical and billing records | Confusion, Waste of Time, Cumulative, Prejudice, Relevance, hearsay |
| Defx 527 | Pltf. D.P.-003220-Pltf. D.P.-003325 | | Cobb County Detention medical and inmate records | Confusion, Waste of Time, Cumulative, Prejudice, Relevance, hearsay |
| Defx 528 | Pltf. D.P.-003326-3340 | | Cobb County State Court Records | Rule 404(b), Relevance, Prejudice, Rule 609(b) |
| Defx 529 | Pltf. D.P.-003341-3385 | | Cobb County Superior Court | Rule 404(b), Relevance, Prejudice |
| Defx 530 | Pltf. D.P.-003386-3390 | | Dekalb Police Records | Rule 404(b), Relevance, Prejudice, Rule 609(b) |
| Defx 531 | Pltf. D.P.-003391-3401 | | Doraville Police Records | Rule 404(b), Relevance, Prejudice, Rule 609(b) |
| Defx 532 | Pltf. D.P.-003402-3475 | | Highland River Health | Hearsay, Relevance, Confusion |
| Defx 533 | Pltf. D.P.-003476-3517 | | Marietta Police Records | Rule 404(b), Relevance, Prejudice, Confusion, Hearsay |
| Defx 534 | Pltf. D.P.-003518-3543 | | Medical University of SC Records | Relevance, Confusion, Hearsay |
| Defx 535 | Pltf. D.P.-003544-3547 | | Smyrna Police Records | Hearsay |
| Defx 536 | Pltf. D.P.-003548-4272 | | Wellstar Kennestone Hospital Records | Relevance, Confusion, Hearsay |
| Defx 537 | Pltf. D.P.-004273-4516 | | Wellstar NW Women's Care | Relevance, Confusion, Hearsay |
| Defx 538 | Pltf. D.P.-010303-010307 | | Craigslist/Backpage emails | |
| Defx 539 | Pltf. D.P.-010340-10341 | | series of text messages | hearsay, relevance |
| Defx 540 | Pltf. D.P.-010365-013280 | | Facebook account messages, photos, posts | Relevance, Confusion, Hearsay |
| Defx 541 | Pltf. D.P.-013281-017805 | | Phone location printouts | Confusion, Authentication, Relevance (Requires Expert Testimony) |
| Defx 542 | Pltf. D.P.-017831-17843 | | text messages | Rule 412, Relevance, Prejudice, Hearsay |
| Defx 543 | Pltf. D.P.-010343 | | MP3 Audio | Authentication, Relevance |
| Defx 544 | Pltf. D.P.-017809 | | Solicitation Email | |
| Defx 545 | Pltf. D.P.-010762 | | Cobb Judicial Circuit Domestic Violence Arrainment Hearing Notice | |
| Defx 546 | Pltf. D.P.-017808 | | Booking Confirmation for Crossland Economy Suites - Atlanta Peachtree Corners | |
| Defx 547 | Pltf.E.H.-000001-000011 | | Alabama Uniform Incident Report | Rule 404(b), Hearsay, Prejudice |
| Defx 548 | Pltf.E.H.-000012-000017 | | Bibb County Sheriff's Office Records | Rule 404(b), Hearsay, Prejudice |
| Defx 549 | Pltf.E.H.-000018-000051 | | Cobb County Police Records | Rule 404(b), Hearsay, Prejudice, Relevance, Confusion |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 550 | Pltf.E.H.-000052-000107 | | Gwinnett County Police Records | Rule 404(b), Heasay, Prejudice, Relevance, Confusion |
| Defx 551 | Pltf.E.H.-000108-000116 | | Marietta Police Records | Rule 404(b), Hearsay, Prejudice, Relevance, Confusion |
| Defx 552 | Pltf. E.H.000117 | | Photographs | Relevance, Confusion, Authentication |
| Defx 553 | Pltf. E.H.000118-637; Pltf.E.H.000640-3687; 3689-4136 | | Location Services | Confusion, Authentication, Relevance (Requires Expert Testimony) |
| Defx 554 | Pltf. E.H. 000638-639; Pltf.E.H.003688 | | Photographs | Relevance, Prejudice, Confusion |
| Defx 555 | Pltf. E.H. 004137-4170 | | Call Details with Mr. McCoy | Relevance |
| Defx 556 | Pltf.E.H.4171 | | Text Message | Confusion, Authentication, Relevance (Requires Expert Testimony) |
| Defx 557 | Pltf.E.H.004172-4182 | | Solicitation Emails | |
| Defx 558 | Pltf.E.H.004183-84; 4448-4449; 4894-4897; 4899-4902; 4956-4959;4966-4984; 4990-4992; 5073-5074 | | Red Roof email | |
| Defx 559 | Pltf.E.H.004185-4186 | | Casting 360 email | Relevance |
| Defx 560 | Pltf.E.H.004187-004402;4456-4892;4948-4951;4954-4955;4962-4965; 4993-5000; 5063-5066;5162-5174; 5471-6251 | | Backpage emails | Confusion, Cumulative, Relevance |
| Defx 561 | Pltf.E.H.004403-4447 | | Uber receipts | |
| Defx 562 | Pltf.E.H.004450-4454; 4893; 4898; 4931-4947;4952-4953; 5067-5069 | | Chaturbate emails | Relevance, Rule 412, Prejudice |
| Defx 563 | Pltf.E.H.004903 | | Craigslist Emails | |
| Defx 564 | Pltf. E.H.004904-4911 | | Rover/Checkr reports on criminal charges | Relevance, Confusion, Prejudice, Rule 404(b), |
| Defx 565 | Pltf.E.H.004987-4989 | | pof.com emails | |
| Defx 566 | Pltf E.H.005001; 5072 | | LaQuinta emails | |
| Defx 567 | Pltf. E.H.005004-5009 | | Pizza Hut emails | |
| Defx 568 | Pltf. E.H.005041-5062; 6266-6281 | | paxful | Relevance |
| Defx 569 | Pltf. E.H.005141-5161;5175-5220 | | Facebook posts | Relevance, Prejudice |
| Defx 570 | Pltf. E.H.005221-5462 | | Mature Kiss post | Relevance, Cumulative, Confusion, Prejudice |
| Defx 571 | Pltf. E.H.006282-6288 | | Emails to E.H. | |
| Defx 572 | Pltf. E.H.006302-7200 | | Instagram messages and photographs | Relevance, Confusion, Waste of Time, Prejudice |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 573 | Pltf. E.H.007201-7285; 7460-7492 | | Snapchat and videos | Relevance, Confusion, Prejudice |
| Defx 574 | Pltf. E.H.007292 | | Photographs | Relevance, Confusion, Prejudice |
| Defx 575 | Pltf. E.H.007495-7562 | | Wellstar Medical Records | Relevance, Waste of Time, Hearsay |
| Defx 576 | Pltf. E.H.007563-7785 | | Android phone records - videos/photos | Confusion, Authentication, Relevance (Requires Expert Testimony); Prejudice |
| Defx 577 | Pltf. E.H.007794-7811 | | Gwinnett County Superior Court and Sheriff Records | Rule 404(b), Prejudice, Relevance |
| Defx 578 | Pltf. M.B.-000001-14 | | Miami Dade Police Department Records | Relevance, Confusion, Prejudice Rule 404(b) |
| Defx 579 | Pltf. M.B.-0000015-16 | | Jacksonville Sheriff's Office Records | Relevance, Confusion, Prejudice Rule 404(b) |
| Defx 580 | Pltf.M.B.000017 | | Photograph | |
| Defx 581 | Pltf. M.B.000018-000051 | | Psychotherapy Records | |
| Defx 582 | Pltf.-M.B.000052-000108 | | Psychotherapy Records | |
| Defx 583 | Pltf.M.B.000110-115 | | ML Healthcare Services LLC Medical Records | |
| Defx 584 | Pltf. M.M. - 000001 - Pltf. M.M. - 000003 | | Atlanta Redemption Ink: scholarship to remove branding/tag from her trafficker | |
| Defx 585 | Pltf. M.M. - 000004 - Pltf. M.M. - 000097 | | Cobb County Court & Detention Records | 404(b), 403 (prejudice, relevance, confusion); hearsay; |
| Defx 586 | Pltf. M.M. - 000098 - Pltf. M.M. - 000351 | | Gwinnett County Police & Court Records | 404(b), 403 (prejudice, relevance, confusion); hearsay; |
| Defx 587 | Pltf. M.M. - 000362 - Pltf. M.M. - 000366 | | SafeWay Psych Services | relevance |
| Defx 588 | Pltf. M.M. - 000367 - Pltf. M.M. - 000405 | | Palm Beach Florida Sheriff's Office Records | 404(b), 403 (prejudice, relevance, confusion); hearsay; |
| Defx 589 | Pltf. M.M. 000406 - Pltf. M.M. 000586 | | St. Marys Hospital | hearsay, confusion |
| Defx 590 | Pltf. M.M. - 000587 | | Street Grace Justice Project Application | |
| Defx 591 | Pltf. M.M. 000588 - Pltf. M.M. 000973 | | Viewpoint Health | 403 (prejudice, relevance, confusion), hearsay, 412 |
| Defx 592 | Pltf. M.M. 001982 - Pltf. M.M. 002390 | | Cobb County Detention Records | 403 (relevance, prejudice, confusion); hearsay |
| Defx 593 | Pltf. M.M. 002073- Pltf. M.M. 002151 | | Affidavit of M.M. re Trafficking | |
| Defx 594 | Pltf. M.M. 002391 - Pltf. M.M. 002398 | | M.M. Story/Presentation of Human Trafficking | |
| Defx 595 | Pltf. M.M. 002399- Pltf. 002412 | | MI Health Safeway Psych Services | 403 (prejudice, relevance, confusion), hearsay, 412 |
| Defx 596 | Pltf. R.K. 000422- Pltf. R.K. 001852 | | Phone locations data | relevance, confusion, authenticity, hearsay |
| Defx 597 | Pltf. R.K. 001853 - Pltf. R.K. 001858 | | Dekalb State Court Records | 404(b), 403 (prejudice, relevance) |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 598 | Pltf. R.K. 001859 - Pltf. R.K. 001870 | | Cobb County Police Department | 404(b), 403 (prejudice, relevance), 412, hearsay |
| Defx 599 | Pltf. R.K. 001871 | | Gwinnett County Police Department | |
| Defx 600 | Pltf. R.K. 001872 - Pltf. R.K. 001873 | | Cleveland County Court Records | 404(b), 403 (prejudice, relevance) |
| Defx 601 | Pltf. R.K. 001874 - Pltf. R.K. 004025 | | Search Engine Records | authentiticy, relevance, confusion, waste of time |
| Defx 602 | Pltf. RP 001268 - Pltf. R.P. 001270 | | Georgia Regional Hospital Records (inmate hospital records) | Authenticity, Hearsay, relevance |
| Defx 603 | Pltf. RP 001271 | | Approved Medical Lien Application | Authenticity, Hearsay, relevance |
| Defx 604 | Pltf. RP 001272 - Pltf. R.P. 001802 | | Wellstar Cobb Hospital Records | Authenticity, Hearsay, relevance, prejudice, confusion, waste of time |
| Defx 605 | Pltf. RP 001803 - Pltf. R.P. 002059 | | Willbrooke at Tanner Inpatient Records | Authenticity, Hearsay, relevance, prejudice, confusion, waste of time |
| Defx 606 | Pltf. RP 002060 - Pltf. R.P. 003407 | | Wellstar Cobb Hospital Records | Authenticity, Hearsay, relevance, prejudice, confusion, waste of time |
| Defx 607 | Pltf. RP 003408 - Pltf. R.P. 003711 | | Cartersville/Piedmont Cartersville Medical Records | Authenticity, Hearsay, relevance, prejudice, confusion, waste of time |
| Defx 608 | Pltf. RP 003712 - Pltf. R.P. 003716 | | Social Media Pictures (username: b_therealestbitch) | Authenticity, Relevance |
| Defx 609 | RRI_WK_00001752-RRI_WK_00001778 | | 2008 Presentation | |
| Defx 610 | RRI_WK_00004262- RRI_WK_00004264 | | Email correspondence | |
| Defx 611 | RRI_WK_00024126 -RRI_WK_00024142 | | Red Roof Weekly e-Pak | |
| Defx 612 | RRI_WK_00038058 - RRI_WK_00038077 | | Red Roof Weekly e-Pak | |
| Defx 613 | RRI_WK_00045166 - RRI_WK_00045168 | | Email correspondence | |
| Defx 614 | RRI_WK_0045450 - RRI_WK_0045453 | | Email correspondence | |
| Defx 615 | RRI_WK_00050342 - RRI_WK_00050344 | | Email correspondence | |
| Defx 616 | RRI_WK_00051792 - RRI_WK_00051793 | | Email correspondence | |
| Defx 617 | RRI_WK_00055741- RRI_WK_00055747 | | Email correspondence | |
| Defx 618 | RRI_WK_00069705 - RRI_WK_00069706 | | Email correspondence | Fed. R. Civ. P. 37(c); hearsay; document/information withheld on the basis of privilege; Parties' stipulation |
| Defx 619 | | | Vahari Settlement Agreement | Relevance, Prejudice, Confusion (Rule 403) |
| Defx 620 | WK-Whitmore000168 | | Trick Roll Study:  Forced Criminality in Sex Trafficking Situations | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 621 | WK-Whitmore000182 | | Email re: billing 8/24/2020 | |
| Defx 622 | WK-Whitmore000184 | | Email re: retainer 4/27/2021 | |
| Defx 623 | WK-Whitmore000191 | | Retainer Invoice 4/27/2021 | |
| Defx 624 | WK-Whitmore000192 | | Email re: invoice of A. Whitmore | |
| Defx 625 | WK-Whitmore000195 | | Invoice 8/6/21 | |
| Defx 626 | WK-Whitmore000197 | | Email about invoicing | |
| Defx 627 | WK-Whitmore000204 | | Email with invoice to Plaintiff's lawyers | |
| Defx 628 | WK-Whitmore000205 | | Invoice 12/21/2021 | |
| Defx 629 | WK-Whitmore000207 | | PPT The Psychological Impact on Trafficked Victims | |
| Defx 630 | WK-Whitmore000248 | | Email re: invoicing | |
| Defx 631 | WK-Whitmore000252 | | Email re: Invoicing | |
| Defx 632 | WK-Whitmore000253 | | Invoice in other HT case 1/25/22 | |
| Defx 633 | WK-Whitmore000486 | | Summary of Ms. Whitmore's expected testimony? | Authenticity; Hearsay; Relevance (unrelated case) |
| Defx 634 | WK-Whitmore000492 | | Handwritten Notes 10/15/2021 (redaction) | |
| Defx 635 | WK-Whitmore000527 | | Invoice 12/21/21 | |
| Defx 636 | WK-Whitmore000533 | | Email re: invoices | |
| Defx 637 | WK-Whitmore001029 | | Email re: invoice | |
| Defx 638 | WK-Whitmore001030 | | Invoice | |
| Defx 639 | WK-Whitmore001044 | | Handwritten nots of MB | |
| Defx 640 | WK-Whitmore001050 | | Handwritten notes for RP | |
| Defx 641 | WK-Whitmore001067 | | Handwritten notes of EH | |
| Defx 642 | WK-Whitmore001074 | | Handwritten notes of AF | |
| Defx 643 | WK-Whitmore001079 | | Handwritten notes of WK | |
| Defx 644 | WK-Whitmore001102 | | Handwritten notes of CA | |
| Defx 645 | WK-Whitmore001110 | | Handwritten notes of MM | |
| Defx 646 | WK-Whitmore001115 | | Handwritten notes of DP | |
| Defx 647 | WK-Whitmore001128 | | Handwritten notes of KP | |
| Defx 648 | WK-Whitmore001137 | | Handwritten notes of RK | |
| Defx 649 | WK-Whitmore001156 | | Invoice for Plaintiffs | |
| Defx 650 | WK-Whitmore001157 | | Invoice for Plaintiffs  (consultation with team) | |
| Defx 651 | WK-Whitmore001159 | | Invoice | |
| Defx 652 | WK-Whitmore001161 | | Invoice | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 653 | WK-Whitmore001162 | | Invoice | |
| Defx 654 | WK-Whitmore001164 | | Email confirming MB's Zoom meeting 6/9/21 | |
| Defx 655 | WK-Whitmore001165 | | MB Outline from Plaintiffs | |
| Defx 656 | WK-Whitmore001166 | | Email with EH's Outline for Zoom meeting | |
| Defx 657 | WK-Whitmore001167 | | EH Outline | |
| Defx 658 | WK-Whitmore001168 | | Email related to CA's Outline | |
| Defx 659 | WK-Whitmore001169 | | CA's Outline from Plaintiff's Firm | |
| Defx 660 | WK-Whitmore001171 | | Email with DP's outline from Plaintiffs | |
| Defx 661 | WK-Whitmore001172 | | DP's Outline | |
| Defx 662 | WK-Whitmore001173 | | Email re: DP's Medical Records from Highland Rivers | Hearsay, Relevance, Prejudice, Rule 412 |
| Defx 663 | WK-Whitmore001211 | | Email related to MM's Outline | |
| Defx 664 | WK-Whitmore001212 | | MM's Outline | |
| Defx 665 | WK-Whitmore001286 | | Email related to WK's Zoom Outline (redacted) | |
| Defx 666 | WK-Whitmore001287 | | WK's Outline | |
| Defx 667 | WK-Whitmore001288 | | Email re: AF's Zoom Outline | |
| Defx 668 | WK-Whitmore001289 | | AF's Outline | |
| Defx 669 | WK-Whitmore001291 | | SafeWay Records for TH | Hearsay, Relevance, Prejudice |
| Defx 670 | WK-Whitmore001299 | | TH Psychotherapy Notes 2/7/22 | Hearsay, Relevance, Prejudice |
| Defx 671 | WK-Whitmore001301 | | TH Psychotherapy Notes 2/12/21 | Hearsay, Relevance, Prejudice |
| Defx 672 | WK-Whitmore001303 | | TH Post Trauma Anxiety Screen | Hearsay, Relevance, Prejudice |
| Defx 673 | WK-Whitmore001307 | | TH Psychotherapy Notes 1/14/21 | Hearsay, Relevance, Prejudice |
| Defx 674 | WK-Whitmore001310 | | MR's Psychotherapy Notes 5/4/21 Jane Doe 4+ | Hearsay, Relevance, Prejudice |
| Defx 675 | WK-Whitmore001312 | | MR's Psychotherapy Notes 2/23/21 Jane Doe 4 | Hearsay, Relevance, Prejudice |
| Defx 676 | WK-Whitmore001316 | | MR's SafeWay Psychological Services Jane Doe 4 | Hearsay, Relevance, Prejudice |
| Defx 677 | WK-Whitmore001324 | | MR's Psychotherapy Notes 3/15/21 Jane Doe 4 | Hearsay, Relevance, Prejudice |
| Defx 678 | WK-Whitmore001326 | | MR Pscyhotherapy notes | Hearsay, Relevance, Prejudice |
| Defx 679 | WK-Whitmore001328 | | MRPscyhotherapy Notes | Hearsay, Relevance, Prejudice |
| Defx 680 | WK-Whitmore001333 | | MR Post Trauma Anxiety Screen | Hearsay, Relevance, Prejudice |
| Defx 681 | WK-Whitmore001336 | | AF SafeWay Psychological Notes | Hearsay, Relevance, Prejudice |
| Defx 682 | WK-Whitmore001345 | | AF Post Trauma Anxiety Screen | Hearsay, Relevance, Prejudice |
| Defx 683 | WK-Whitmore001349 | | Email re KP's Outline to Experts | |
| Defx 684 | WK-Whitmore001350 | | KP Outline | |

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 685 | WK-Whitmore001631 | | MM Post Trauma Anxiety Screen Safeway | Hearsay, Relevance, Prejudice |
| Defx 686 | WK-Whitmore001636 | | MB's Psychotherapy Notes 7/16/21 | Hearsay, Relevance, Prejudice |
| Defx 687 | WK-Whitmore001638 | | MB's Pscychotherapy Notes 5/5/21 | Hearsay, Relevance, Prejudice |
| Defx 688 | WK-Whitmore001640 | | More Safeway Records for MB | Hearsay, Relevance, Prejudice |
| Defx 689 | WK-Whitmore001652 | | MB Psychothreapy Notes 4/19/21 | Hearsay, Relevance, Prejudice |
| Defx 690 | WK-Whitmore001654 | | MB Psychotherapy Notes 5/28/21 | Hearsay, Relevance, Prejudice |
| Defx 691 | WK-Whitmore001656 | | MB Pscychotherapy Notes 5/19/21 | Hearsay, Relevance, Prejudice |
| Defx 692 | WK-Whitmore001658 | | MB Post Traumatic Anxiety Screen 3/30/21 | Hearsay, Relevance, Prejudice |
| Defx 693 | WK-Whitmore001662 | | MB Psychotherapy Notes 6/26/21 | Hearsay, Relevance, Prejudice |
| Defx 694 | WK-Whitmore001664 | | MB Psychotherapy Notes 7/03/21 | Hearsay, Relevance, Prejudice |
| Defx 695 | WK-Whitmore001666 | | MB Pscyhotherapy Notes 6/14/21 | Hearsay, Relevance, Prejudice |
| Defx 696 | WK-Whitmore001668 | | MB Psychotherapy Notes 5/12/21 references sex trafficking | Hearsay, Relevance, Prejudice |
| Defx 697 | WK-Whitmore002537 | | Confirming TH Zoom meeting 5/12/21 with outline from Plaintiff's counsel | |
| Defx 698 | WK-Whitmore002542 | | TH Outline from Plaintiff's counsel | |
| Defx 699 | WK-Whitmore002548 | | Email from A. Whitmore asks as she explores "each hotel" whether they want her to explore each pimp?" whether they trafficked other girls? | |
| Defx 700 | WK-Whitmore002550 | | Email confirming WK's Zoom; team meeting at 3, client joins at 3:30 says outline is attached. | |
| Defx 701 | WK-Whitmore002551 | | W.K. Notes from Plaintiff's Counsel | |
| Defx 702 | WK-Whitmore002555 | | Email re: W.K. Zoom outline provided by Plaintiff's counsel | |
| Defx 703 | WK-Whitmore002556 | | W.K Notes from Plaintiff's Counsel (duplicate) | |
| Defx 704 | WK-Whitmore002557 | | Email re: R.P. Zoom Outline from Plaintiff's counsel | |
| Defx 705 | WK-Whitmore002558 | | R.P. Notes from Plaintiff's Counsel | |
| Defx 706 | WK-Whitmore002559 | | Email re: RP (mom texted to say that RP forgot to say that her father was severely depressed and bi polar and was also suicidal throughout the 10 years of their marriage) | |

**Attachment G-2 Defendants' Trial Exhibit List**

| Exhibit Number | Bates Number | Deposition Exhibit Number | Description | Plaintiffs' Objections |
|---|---|---|---|---|
| Defx 707 | WK-Whitmore002760 | | W.K.'s Records from Riverwoods Behavioral (reports relationship problems; no mention of trafficking? | Hearsay, Relevance, Prejudice |
| Defx 708 | WK-Whitmore002980 | | Email chain with Plaintiff's counsel sending documents for each plaintiff and a table of contents; notebook; | |
| Defx 709 | | Tallis Deposition Exhibit 5 | Emails with invoices | |
| Defx 710 | WK-Tallis-000088-000090 | Tallis Deposition Exhibit 6 | Engagment letter | |
| Defx 711 | | Tallis Deposition Exhibit 10 | Houston Chronicle news article | |
| Defx 712 | Pltf. C.A.000592-593; Pltf. C.A.000598-Pltf. C.A.000600; Pltf. C.A.000701-Pltf. C.A.000704 | C.A. 6 | Email lists | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Alexander, Andrew |
|---|---|
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 9 | 13 | 9 | 15 | | | | | | | | | | | | | | |
| 10 | 21 | 10 | 23 | | | | | | | | | | | | | | |
| 15 | 2 | 15 | 17 | | | | | | | | | | | | | | |
| 18 | 8 | 18 | 15 | | | | | | | | | | | | | | |
| 18 | 21 | 18 | 23 | | | | | | | | | | | | | | |
| 21 | 2 | 21 | 5 | | | | | | | | | | | | | | |
| 21 | 6 | 21 | 9 | | | | | | | | | | | | | | |
| 21 | 10 | 21 | 14 | | | | | | | | | | | | | | |
| 23 | 9 | 23 | 12 | | | | | | | | | | | | | | |
| 24 | 12 | 24 | 14 | | | | | | | | | | | | | | |
| 25 | 4 | 25 | 9 | | | | | | | | | | | | | | |
| 25 | 14 | 25 | 18 | | | | | | | | | | | | | | |
| 25 | 20 | 26 | 1 | | | | | | | | | | | | | | |
| 26 | 4 | 26 | 24 | | | 26 | 25 | 27 | 13 | | | | | | | | |
| 27 | 14 | 27 | 18 | | | 27 | 19 | 27 | 25 | | | | | | | | |
| 28 | 1 | 28 | 7 | | | | | | | | | | | | | | |
| 28 | 12 | 28 | 16 | | | 28 | 17 | 28 | 21 | | | | | | | | |
| 31 | 4 | 31 | 7 | | | | | | | | | | | | | | |
| 31 | 14 | 31 | 18 | | | 31 | 19 | 32 | 2 | | | | | | | | |
| 32 | 3 | 32 | 8 | | | | | | | | | | | | | | |
| 32 | 13 | 32 | 14 | | | | | | | | | | | | | | |
| 36 | 5 (begin with "Were") | 36 | 13 | | | 36 | 14 | 36 | 22 | | | | | | | | |
| 37 | 20 | 38 | 11 | | | 38 | 20 | 39 | 4 | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Alexander, Andrew |
|---|---|
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 40 | 14 (begin with "you") | 40 | 17 | 40 | 18 | 41 | 15 | | | | |
| 42 | 1 (begin with "And") | 42 | 11 | | | | | | | | |
| 45 | 6 | 45 | 7 | | | | | | | | |
| 45 | 9 | 45 | 15 | | | | | | | | |
| 59 | 24 | 60 | 2 | | | | | | | | |
| 60 | 10 (begin with "Red") | 60 | 13 | | | | | | | | |
| 60 | 15 | 60 | 15 | | | | | | | | |
| 61 | 21 (begin with "While") | 61 | 23 | | | | | | | | |
| 62 | 8 | 62 | 11 | | | | | | | | |
| 66 | 24 | 67 | 10 | | | | | | | | |
| 67 | 15 | 67 | 24 | | | | | | | | |
| 69 | 2 | 69 | 5 | | | | | | | | |
| 69 | 8 | 69 | 13 | | | | | | | | |
| 70 | 13 | 70 | 20 | | | | | | | | |
| 71 | 23 | 72 | 3 | | | | | | | | |
| 82 | 1 | 82 | 4 | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Alexander, Andrew |
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 82 | 16 | 82 | 20 | | | | | | | | |
| 86 | 11 (begin with "But") | 86 | 23 | | | | | | | | |
| 86 | 25 | 87 | 11 | | | | | | | | |
| 91 | 9 (begin with "you") | 91 | 23 | | | | | | | | |
| 95 | 15 (begin with "Did") | 95 | 24 | | | | | | | | |
| 98 | 11 (begin with "And") | 98 | 15 | | | | | | | | |
| 100 | 17 (begin with "When") | 101 | 8 | | | | | | | | |
| 102 | 7 | 102 | 16 | | | | | | | | |
| 102 | 19 | 102 | 25 | | | | | | | | |
| 104 | 19 | 104 | 24 | | | | | | | | |
| 105 | 4 | 105 | 11 | | | | | | | | |
| 107 | 19 | 108 | 7 | | | | | | | | |
| 108 | 10 | 108 | 11 | | | | | | | | |
| 108 | 19 | 108 | 25 | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Alexander, Andrew |
|---|---|
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 110 | 25 | 111 | 25 | | | | | | | | | | |
| 114 | 13 | 114 | 22 | | | | | | | | | | |
| 116 | 3 | 116 | 10 | | | | | | | | | | |
| 117 | 1 | 117 | 7 | | | | | | | | | | |
| 121 | 11 (begin with "I'm") | 121 | 13 | | | | | | | | | | |
| 122 | 2 | 122 | 11 | | | | | | | | | | |
| 123 | 20 (begin with "there") | 124 | 3 | | | | | | | | | | |
| 124 | 6 | 124 | 10 | | | | | | | | | | |
| 124 | 13 | 124 | 22 | | | | | | | | | | |
| 124 | 25 | 126 | 3 | | | | | | | | | | |
| 125 | 18 | 126 | 17 | | | | | | | | | | |
| 127 | 1 | 127 | 3 | | | | | | | | | | |
| 127 | 23 | 127 | 24 | | | | | | | | | | |
| 128 | 15 | 128 | 17 | | | | | | | | | | |
| 128 | 20 | 128 | 24 | | | | | | | | | | |
| 129 | 2 | 129 | 6 | | | | | | | | | | |
| 129 | 8 | 129 | 13 | | | | | | | | | | |
| 129 | 24 | 129 | 25 | | | | | | | | | | |
| 130 | 5 (begin with "I") | 130 | 8 | | | | | | | | | | |

| WITNESS NAME: | | | | Alexander, Andrew | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 6/27/22 | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 130 | 16 | 130 | 17 | | | | | | | | |
| 130 | 19 | 131 | 12 | | | | | | | | |
| 132 | 7 (begin with "I") | 132 | 19 | | | | | | | | |
| 135 | 6 | 135 | 15 | | | | | | | | |
| 135 | 18 | 135 | 23 | | | | | | | | |
| 136 | 6 | 136 | 9 | | | | | | | | |
| 136 | 19 | 137 | 3 | | | | | | | | |
| 142 | 23 | 143 | 4 | | | | | | | | |
| 171 | 24 | 172 | 5 | | | | | | | | |
| 173 | 20 | 174 | 15 | | | | | | | | |
| 178 | 24 | 179 | 6 | | | | | | | | |
| 179 | 9 | 179 | 20 | | | | | | | | |
| 179 | 23 (begin with "I") | 180 | 14 | | | | | | | | |
| 183 | 5 (begin with "I'm") | 183 | 9 | | | | | | | | |
| 186 | 9 | 186 | 11 | | | | | | | | |
| 186 | 19 | 186 | 21 | | | | | | | | |
| 189 | 8 | 189 | 11 | | | | | | | | |
| 189 | 16 | 190 | 5 | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| WITNESS NAME: | Alexander, Andrew |
|---|---|
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| | | | | | | | | | | | |

| WITNESS NAME: | Castille, Forrest |
| DEPOSITION DATE: | 10/22/21 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 15 | 15 | 15 | 15 | | #NAME? | | | | | | | | | | | | |
| 16 | 3 | 16 | 5 | | | | | | | | | | | | | | |
| 17 | 15 (begin with "did") | 17 | 21 | | | | | | | | | | | | | | |
| 18 | 1 | 18 | 23 | | | 18 | 24 | 18 | 25 | | | | | | | | |
| 19 | 1 | 20 | 9 | | | | | | | | | | | | | | |
| 20 | 19 | 21 | 7 | | | | | | | | | | | | | | |
| 21 | 11 | 22 | 2 | Foundation (based on inadmissible hearsay at 22:3-11); lack of personal knowledge - speculation; | Objections waived by failure to assert at deposition; while foundation objection is waived, testimony also based on deponents knowledge of "what they were doing", see 22:9-11. | 21 191 | 8 10 | 21 192 | 10 11 | | | | | | | | |
| 22 | 12 | 23 | 23 | Foundation (based on inadmissible hearsay at 22:3-11 and 23:6-8); lack of personal knowledge - speculation; hearsay | See response above | 144 | 7 | 144 | 25 | | | 145 | 1 | 145 | 2 (end at "knew.") | speculation; lack of personal knowledge; |
| 24 | 6 | 27 | 22 | Speculation - lack of personal knowledge; lay witness opinion; Hearsay; Foundation; relevance, unduly prejudicial under 403; 24:6-8 Mischaracterizes prior testimony; relevance; 25:5-15 Non-responsive; | Speculation, lack of personal knowledge, opinion, foundation, micharacterization, and non responsive objections waived by failure to assert at deposition; no hearsay contained within designation and objection fails to identify any; relevant to what Red Roo | | | | | | | | | | | | |
| 28 | 4 | 29 | 1 | Foundation; speculation; assumes facts not in evidence; lay witness opinion; unduly prejudicial under 403; | all objections but 403 waive by failure to assert at deposition; probative value as to Red Roof's knowledge of sex trafficking at Smyrna location is not substantially outweighed by risk of unfair prejudice | 131 131 132 132 132 | 14 20 4 17 20 | 131 132 132 132 132 | 18 2 13 18 23 | 131:17-132:2 foundation, mischaracterizes prior testimony, argumentative; 132:17-23 asked and answered | | | | | | | |
| 30 | 13 | 31 | 15 | Relevance; hearsay | Relevant to Red Roof's knowledge of sex trafficking and prostitution at its Smyrna location; no hearsay in designation, and none identified by objection | | | | | | | | | | | | |
| 32 | 4 | 33 | 6 | Relevance; speculation; foundation; | objections waived by failure to assert at deposition | | | | | | | | | | | | |
| 33 | 11 | 33 | 25 | foundation; speculation - lack of personal knowledge; | See response above | 137 | 12 (start at I was drinking) | 138 | 8 | | | | | | | | |

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | | |

**Designations Can Only be Used if Witness is Unavailable to Testify Live**

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | 16 | 37 | 5 | Foundation; misstates prior testimony; improper attorney testimony; non-responsive; leading; foundation; speculation; unduly prejudicial under 403; | All objections but 403 waived by failure to assert at deposition; testimony is probative of Red Roof's knowledge of sex trafficking and prostitution occurring at the Red Roof Smyrna and probative value not substantially outweighed by danger of unfair prej | 135 135 135 | 8 13 24 | 135 135 136 | 10 17 2 | | | 135 135 | 11 18 | 135 135 | 12 23 | speculation; lack of personal knowledge; foundation - based on hearsay; As to 135:18-23 - relevance; speculation; foundation; |
| 37 | 14 | 37 | 23 | speculation; | objection waived by failure to assert at deposition | 38 39 39 | 13 1 7 | 38 39 39 | 18 2 19 | | | 38 | 18 | 38 | 25 | speculation; lack of personal knowledge; foundation |
| 40 | 7 | 42 | 5 | Speculation; relevance; 41:8-16, irrelevant and unduly prejudicial under 403; | speculation objection waived by failure to assert at deposition; testimony is relevant to Red Roof's knowledge of prostitution, sex trafficking, and drug activity at the Smyrna location; Red Roof's own policy manual suggests that prostitution is connected | 133 145 | 7 7 | 133 145 | 17 16 | | | 133 145 | 18 17 | 133 146 | 20 5 | Assume first designation is meant to be 133:18-20 (relevance - management being discussed is Varahi only; rule of completeness - requires inclusion of identification of managers as Bob and Rita - 133:21-25 (end at "things."). As for 146:1-5: speculation |
| 42 | 13 | 42 | 14 | Vague and ambiguous | not vague or ambiguous; question and answer clear in light of preceding testimony | 42 | 6 | 42 | 12 | | | | | | | |
| 42 | 16 | 42 | 16 | Vague and ambiguous | See response above | | | | | | | | | | | |
| 42 | 19 | 43 | 11 | Speculation; | objection waived by failure to assert at deposition | 43 | 12 | 43 | 15 | | | | | | | |
| 43 | 16 (begin with "So") | 45 | 16 | Relevance; foundation; speculation; (45:15-16 - misstates prior testimony; improper attorney testimony; unduly prejudicial under 403, and answer is non-responsive) | All objections other than 403 waived by failure to assert at deposition; probative value of testimony as to what Red Roof knew or should have known about prostitution and sex trafficking at Smyrna location is not substantially outweighed by risk of unfair | 193 | 11 | 193 | 17 (end at "corporate") | | | | | | | |

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 45 | 18 | 46 | 8 | (45:18-20 non-responsive); Speculation; lack of foundation; non-responsive; | Only objections to 45:15-16 preserved; not speculation, based on deponent's personal observations at Smyrna location; objection to responsiveness of 45:18-20 waived by failure to assert at deposition | | | | | | | | | | |
| 46 | 11 | 46 | 22 | 46:11-12 - Speculation, lack of foundation | Not speculation, based on deponents personal interaction with Mr. Moyer and his observations of the same | 172 175 176 186 | 20 20 25 14 | 174 176 177 187 | 11 6 6 7 | | | 187 | 8 | 187 | 20 | hearsay; speculation; lack of personal knowledge; |
| 47 | 19 | 48 | 14 | 48:13-14 - vague/ambiguous, relevance, unduly prejudicial under 403; answer non-responsive | Not vague or ambiguous; relevant to what Red Roof knew or should have known about criminal activity at Smyrna location, probative value not substantially outweighed by risk of unfair prejudice; answer is responsive to question and objection to responsiven | 49 | 1 | 49 | 19 | | | | | | | |
| 48 | 16 | 48 | 17 | non-responsive, vague/ambigous; speculation; foundation; | objection waived by failure to assert at deposition | | | | | | | | | | |
| 49 | 20 | 49 | 23 | | | | | | | | | | | | |
| 50 | 10 (begin with "besides") | 50 | 12 | Answer non-responsive; | Objection to responsiveness of answer waived by failure to assert at deposition | | | | | | | | | | |
| 50 | 17 (begin with "But") | 50 | 24 | Non-responsive; | See response above | 50 | 25 | 51 | 7 | | | | | | |
| 51 | 12 | 51 | 18 | | | | | | | | | | | | |
| 51 | 20 | 52 | 9 | (51:20-24, 52:7-8 - non-responsive); | objection waived by failure to assert at deposition | 52 | 17 | 52 | 17 | | | | | | |
| 52 | 11 | 52 | 14 | | | | | | | | | | | | |
| 52 | 18 (begin with "I'm") | 53 | 9 | | | | | | | | | | | | |
| 53 | 12 | 53 | 21 | (53:17-21 - non-responsive); | objection waived by failure to assert at deposition | 54 | 7 | 54 | 23 (end at too much). | | | 54 | 23 | 55 | 1 | non-responsive; speculation; lack of personal knowledge; |
| 55 | 2 | 55 | 8 | Foundation; speculation; | See response above | | | | | | | | | | |
| 55 | 16 | 55 | 20 | | | | | | | | | | | | |
| 56 | 6 | 56 | 24 | | | | | | | | | | | | |
| 58 | 21 | 58 | 22 | | | | | | | | | | | | |
| 59 | 2 | 59 | 5 | | | | | | | | | | | | |
| 59 | 11 | 59 | 24 | foundation; speculation; | objection waived by failure to assert at deposition | | | | | | | | | | |
| 60 | 4 | 60 | 20 | foundation; speculation; | See response above | 106 138 138 | 9 9 19 | 106 138 139 | 25 12 1 | | | 138 | 14 | 138 | 18 | |

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 61 | 8 | 61 | 17 | Relevance, speculation; assumes facts not in evidence; unduly prejudicial under 403; | Objections other than 403 and relevance waived by failure to assert at deposition; relevant to what Red Roof knew or should have known about sex trafficking at the Red Roof Smyrna; probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | | |
| 65 | 24 | 68 | 5 | Relevance; | Relevant to the knowledge of Red Roof and its co-conspirator, Varahi, about the prostitution and sex trafficking taking place at the Smyrna location | | | | | | | | | | |
| 68 | 8 | 69 | 4 (end with "sometimes." | Relevance; speculation; lay witness opinion; | Objections other than relevance waived by failure to assert at deposition; testimony relevant to the knowledge of Red Roof and its co-conspirator, Varahi, of sex trafficking occurring at Red Roof Smyrna | | | | | | | | | | |
| 70 | 2 | 70 | 7 | | | | | | | | | | | | |
| 70 | 11 | 70 | 16 | foundation; speculation; lay witness opinion; | objections to 70:11-14 waived by failure to assert at deposition; 70:15-19 have proper foundation as witness has testified to his observations, and not opinion testimony | | | | | | | | | | |
| 70 | 18 | 70 | 19 | foundation; speculation; lay witness opinion; vague/ambiguous; | See response above | | | | | | | | | | |
| 71 | 2 | 72 | 12 | Relevance; speculation, unduly prejudicial under 403; legal conclusion; vague/ambiguous; | objections other than relevance and 403 waived by failure to assert at depositions; testimony relevant to the knowledge of Red Roof and its co-conspirator, Varahi, of sex trafficking occurring at Red Roof Smyrna, and probative value of that testimony not | | | | | | | | | | |
| 72 | 20 | 73 | 21 | speculation; lack of personal knowledge; (73:13 - misstates prior testimony; improper attorney testimony); unduly prejudicial under 403; | objections waived by failure to assert at deposition; probative value as to Red Roof's knowledge not substantially outweighed by risk of unfair prejudice | 184 | 13 | 184 | 23 | | | | | | |
| 74 | 9 | 74 | 23 | foundation; speculation; lack of personal knowledge; non-responsive; | Objections to 74:9-74:21 waived by failure to assert at deposition; 74:22-23 asks deponent about his observations, response has sufficient foundation, is not speculative, is based on personal knowledge, and responds to question asked | | | | | | | | | | |

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | |
| 74 | 25 | 77 | 22 | unduly prejudicial under 403; lay witness opinion; foundation; relevance; leading; speculation; assumes facts not in evidence; | See response above for 75:25-75:3; all objections to 75:4-77:22, other than 403, waived by failure to assert at deposition; probative value of testimony as to Red Roof's knowledge of sex trafficking at Smyrna location not substantially outweighed by risk | | | | | | | | | |
| 78 | 1 | 78 | 9 | Relevance; non-responsive; misstates prior testimony; improper attorney testimony; | Objection other than relevance waived by failure to assert at deposition; testimony is relevant to Red Roof's knowledge of sex trafficking occurring at Smyrna location | | | | | | | | | |
| 79 | 16 (begin with "did") | 80 | 4 | relevance; unduly prejudicial under 403; speculation; hearsay; | Relevant to explaining deponent's course of conduct and Red Roof's knowledge of sex trafficking at Smyrna location; testifying as to his observations, not hearsay or speculative; probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | |
| 80 | 7 | 80 | 9 | | | | | | | | | | | |
| 80 | 12 | 81 | 10 | Non-responsive; | Objection waived as to 80:12-81:3; response at 81:6-10 is responsive to question at 81:4-5 | | | | | | | | | |
| 81 | 12 | 81 | 12 | non-responsive; | Answer responsive to question at 81:4-5 | | | | | | | | | |
| 81 | 20 | 82 | 14 | Non-responsive; speculation; relevance | Objection to responsiveness and speculation waived by failure to assert at deposition; relevant to Red Roof's knowledge of sex trafficking at Smyrna location | | | | | | | | | |
| 82 | 21 | 83 | 15 | Speculation | objection waived by failure to assert at deposition | | | | | | | | | |
| 83 | 17 | 84 | 4 | Speculation; relevance; unduly prejudicial under 403; non-responsive; | no speculative, based on deponent's observations; answers responsive to questions asked; relevant to Red Roof's knowledge of prostitution and sex trafficking at Red Roof Smyrna, and probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | |
| 84 | 7 | 84 | 11 | non-responsive; | objection waived by failure to assert at deposition | 84 | 12 | 84 | 16 | | | | | |
| 84 | 17 | 85 | 2 | Non-responsive; | answer is responsive to question asked | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | |
| 85 | 17 | 86 | 6 | relevance; speculation; hearsay; | Relevant to Varahi's, Red Roof's co-conspirator, decision to terminate deponent; not speculating, based on his observations; not hearsay, not offered for truth | | | | | | | | | | | | |
| 87 | 6 | 88 | 24 | relevance; speculation; foundation; hearsay; Assumes facts not in evidence; (88:22-24 - misstates prior testimony, improper attorney testimony); | objections other than relevance to 87:6 to 88:21 waived by failure to assert at deposition; entire designation relevant to what Red Roof knew or should have known, a deponent is employee of Red Roof's co-conspirator | 96 98 | 20 13 | 97 98 | 7 (end at house) 25 | | | | | | | | | |
| 89 | 3 | 89 | 5 | calls for speculation; leading; | Does not call for speculation, asks for deponents observations; not leadings, asks "how did you know they were minors?" | | | | | | | | | | | | |
| 89 | 21 (begin with "could") | 89 | 21 | leading; | Withdrawn | | | | | | | | | | | | |
| 89 | 23-24 | 90 | 7 | foundation; speculation - lack of personal knowledge; legal conclusion; lay witness opinion; unduly prejudicial under 403; | Withdraw 89:23; objections to 89:24-90:7, other than 403, waived by failure to assert at deposition; probative of Red Roof's knowledge of ongoing sex trafficking at Smyrna location and probative value not outweighed by risk of unfair prejudice | 145 146 | 17 6 | 145 146 | 25 8 | | | | | | | | |
| 92 | 11 | 92 | 13 | | | | | | | | | | | | | | |
| 92 | 15 | 92 | 25 | | | | | | | | | | | | | | |
| 93 | 2 | 93 | 5 | | | | | | | | | | | | | | |
| 93 | 8 | 93 | 20 | foundation; speculation; | objections waived by failure to assert at deposition | | | | | | | | | | | | |
| 94 | 8 | 94 | 12 | Relevance | Relevant for jury to understand who is questioning deponent regarding following designations | | | | | | | | | | | | |
| 114 | 18 | 114 | 19 | | | | | | | | | | | | | | |
| 119 | 13 | 119 | 15 | | | | | | | | | | | | | | |
| 120 | 3 | 120 | 14 | | | 121 | 5 | 120 | 25 | | | | | | | | |
| 122 | 1 | 122 | 7 | | | | | | | | | | | | | | |
| 122 | 21 | 123 | 21 | | | | | | | | | | | | | | |
| 124 | 24 | 125 | 19 14 | foundation; hearsay; speculation - lack of personal knowledge; non-responsive; | Withdraw 125:15-19; Questioning is by Red Roof's counsel; objections waived by failure to assert at deposition. | 124 | 19 | 124 | 23 | | | | | | | | |
| 126 | 6 | 126 | 15 | | | 126 | 16 | 127 | 9 | | | | | | | | |
| 127 | 10 | 127 | 14 | non-responsive; | objection waived by failure to assert at deposition | | | | | | | | | | | | |

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | | |
| **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | 17 | 128 | 14 | foundation; speculation; lack of personal knowledge; legal conclusion; | See response above | 129<br>129<br>129 | 1<br>7<br>11 | 129<br>129<br>129 | 5<br>9<br>13 | | | 129 | 9 | 129 | 11 | |
| 130 | 11 | 131 | 11 | foundation; speculation- lack of personal knowledge; hearsay; | Objections other than hearsay waived by failure to assert at deposition; not hearsay, statements of party opponent | 129<br>154<br>157<br>157<br><br>158<br>159<br>204<br>204 | 15<br>7<br>13<br>18<br><br>18<br>13<br>1<br>23 | 129<br>154<br>157<br>158<br><br>158<br>160<br>204<br>204 | 20<br>14<br>14<br>9 (end at "prostitute.")<br>21<br>6<br>21<br>23 | | | 154<br>157<br>158 | 15<br>15<br>17 | 154<br>157<br>158 | 22<br>17<br>17 | non-responsive; speculation; lack of personal knowledge |
| 141 | 7 | 141 | 19 | | | 139<br>141<br>214<br>216 | 8<br>20<br>15<br>22 | 139<br>142<br>214<br>217 | 25<br>11<br>25<br>20 | | | | | | | |
| 146 | 18 | 147 | 6 | | | | | | | | | | | | | |
| 147 | 10 | 147 | 22 | | | | | | | | | | | | | |
| 148 | 4 | 148 | 13 | | | | | | | | | | | | | |
| 149 | 23 | 150 | 16 | | | | | | | | | | | | | |
| 150 | 19 | 151 | 18 | foundation; speculation; lack of personal knowledge; | Red Roof counsel is questioning; objections waived by failure to assert at deposition | 152<br>152 | 2<br>7 | 152<br>152 | 5<br>11 | | | | | | | |
| 152 | 18 | 152 | 25 | | | | | | | | | | | | | |
| 153 | 4 | 153 | 13 | foundation; speculation; | Testimony is based on his observations over many years of working at Red Roof Smyrna and interacting with Varahi owners, and corporate representatives of Red Roof | 153<br>153<br>153 | 16<br>22<br>24 | 153<br>153<br>153 | 19<br>22<br>25 (end at "recall.") | | | 153 | 25 (start at | 154 | 5 | |
| 155 | 20 | 157 | 9 | | | 159<br>161 | 13<br>17 | 160<br>162 | 6<br>23 | | | 161 | 10 | 161 | 16 | relevance; |
| 179 | 12 (begin with "Who") | 179 | 22 | Relevance; | Relevant to knowledge of Red Roof's co-conspirator, Varahi, of trafficking of Plaintiff | 179<br>179<br>181<br>182 | 4<br>23<br>6<br>3 | 179<br>180<br>181<br>183 | 11<br>6<br>19<br>7 | | | | | | | |
| 218 | 8 | 218 | 9 | | | | | | | | | | | | | |
| 218 | 15 | 218 | 22 | | | | | | | | | | | | | |
| 222 | 18 | 222 | 23 | Vague/ambiguous; | Not vague or ambiguous, asking deponent about identity of individual whose photo is in exhibit | | | | | | | | | | | |
| 223 | 3 | 223 | 8 | Foundation; speculation; | Not speculation, based on deponent's observations of individual | 224 | 8 | 225 | 2 | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Castille, Forrest | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/22/21 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 230 | 1 | 231 | 10 | Relevance; foundation; | Relevant to knowledge of Red Roof's co-conspirator, Varahi, of trafficking at Red Roof Smyrna; testimony is based on deponent's experience and observations over many years as an employee at location | | | | | | | | | | | |
| 240 | 15 | 240 | 24 (end with "Atlanta") | Relevance; foundation; | Relevant to Varahi's ability to manage a safe hotel, knowledge that was known to Red Roof | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Cole, Vanessa | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 10/18/21 | | | | | | | | | | | | | | |
| | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | | |

| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | | *COUNTER DESIGNATIONS* | | | | | | *REPLY DESIGNATIONS* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 14 | 9 (begin with "All") | 14 | 14 | | | | | | | | | | | | |
| 14 | 20 | 14 | 21 | | | | | | | | | | | | |
| 15 | 18 (begin with "Can") | 15 | 24 | | | 68 | 15 | 69 | 3 | | | | | | |
| 16 | 3 | 16 | 7 | | | 31 | 16 | 31 | 21 (end at week) | | | | | | |
| 17 | 22 (begin with "Can") | 20 | 10 | | | | | | | | | | | | |
| 20 | 23 | 22 | 14 | | | | | | | | | | | | |
| 23 | 10 | 24 | 18 | hearsay | 23:22-23 (beginning with "and") not hearsay, not offered for truth of the matter asserted and statement of party opponent; if hearsay, subject to exception under 803(3), as to deponent's intent and plan; no other portion of designation contains statement | 20 | 11 | 20 | 19 | | | | | | |
| 25 | 3 | 26 | 6 | misstates prior testimony; improper attorney testimony; | Does not misstate prior testimony; attorney not testifying, but summarizing understanding of testimony to ask question | 24 26 | 19 7 | 25 26 | 2 18 | | | | | | |

| WITNESS NAME: | | | | Cole, Vanessa | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/18/21 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 26 | 19 | 28 | 13 | speculation; foundation; lack of personal knowledge | all objections waived by failure to assert at deposition; not speculation and proper foundation as witness is testifying to her interactions with Moyer and her conclusions from those interactions | 28 | 14 | 28 | 19 | | | | | | | |
| 28 | 20 | 28 | 22 | | | 28 | 23 | 29 | 5 | | | | | | | |
| 29 | 6 | 30 | 6 | | | 30 | 9 | 30 | 12 | | | | | | | |
| 30 | 13 | 31 | 15 | | | | | | | | | | | | | |
| 32 | 15 | 32 | 22 | | | 32 | 23 | 34 | 13 | | | | | | | |
| 34 | 14 (begin with "And") | 34 | 22 | hearsay; vague and ambiguous; | not hearsay, not offered for truth of matter asserted; if hearsay, explains state of mind and course of conduct | 34 134 | 23 19 | 35 136 | 4 23 | | | | | | | |
| 35 | 5 | 35 | 14 | hearsay; lack of personal knowledge/speculation | not hearsay, statement of party opponent; objection to personal knowledge and speculation are waived by failuer to assert at deposition | 139 140 144 | 16 3 14 | 139 140 144 | 22 6 19 | | | | | | | |
| 36 | 18 | 38 | ~~13~~ 10 | speculation/lack of personal knowledge; improper attorney testimony; misstates prior testimony; | all objections to 36:18 to 38:10 waived by failure to assert at deposition; 36:11-13 withdrawn | 44 | 16 | 45 | 5 | | | | | | | |
| 38 | 16 | 39 | 23 | speculation/lack of personal knowledge; | objections waived by failure to assert at deposition | | | | | | | | | | | |
| 40 | 9 (begin with"you") | 40 | 18 | hearsay | not hearsay, statement of party opponent | 40 | 19 | 41 | 1 | | | | | | | |

| WITNESS NAME: | Cole, Vanessa | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 10/18/21 | | | | | | | | | | | | | | | |
| | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | | | |
| 41 | 2 | 41 | 19 | | | | | | | | | | | | | |
| 42 | 14 | 43 | 3 | | | 43 | 4 | 43 | 13 | | | | | | | |
| 43 | 14 | 43 | 23 | | | | | | | | | | | | | |
| 45 | 7 | 46 | 2 | | | | | | | | | | | | | |
| 46 | 4 (begin with "I") | 47 | 23 | foundation; misstates prior testimony; speculation/lack of personal knowledge; | all objections waived by failure to assert at deposition | 47 | 24 | 48 | 1 | | | | | | | |
| 50 | 1 (begin with "Can") | 50 | 3 | | | | | | | | | | | | | |
| 50 | 5 | 52 | 4 | hearsay; foundation; speculation; lack of personal knowledge; unduly prejudicial under 403; | | 139 | 4 | 139 | 15 | | | | | | | |
| 55 | 19 (begin with "Did") | 56 | 8 | Relevance; unduly prejudicial under 403; | Relevant to Red Roof's knowledge of dangerous conditions at the hotel and totality of circumstances analysis during period deponent was at hotel; probative value not substantially outweighted by risk of unfair prejudice | 56 56 99 | 10 17 25 | 56 56 100 | 13 25 7 | | | | | | | |
| 57 | 1 | 57 | 6 | Relevance; unduly prejudicial under 403; | See response above. | | | | | | | | | | | |
| 57 | 11 (begin with "And") | 57 | 14 | Relevance; unduly prejudicial under 403; | See response above. | | | | | | | | | | | |

| WITNESS NAME: | Cole, Vanessa | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 10/18/21 | | | | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | |
| 71 | 18 | 71 | 19 | | | 71 82 84 | 14 10 25 | 71 83 85 | 17 10 7 (end at yes) | 85:4-85:7 (through "yes"): hearsay | not hearsay - not used to prove truth of the matter asserted, used to prove knowledge and availability of information to the witness; | 85 | 7 (start at "I") | 85 | 15 | |
| 71 | 23 | 71 | 25 | | | | | | | | | | | | | |
| 72 | 9 | 72 | 20 | | | 72 | 21 | 77 | 5 | 73:13-15 attorney testimony; 73:18-74:10, 74:24-75:7, 77:20-24 hearsay. | 73:13-15 - not attorney testimony, provides context; Not hearsay, not used to prove truth of the matter asserted, used to prove knowledge and availability of information to the witness; | 77 | 17 | 77 | 22 | 77:17-19 - hearsay; |
| 77 | 6 | 77 | 10 | | | 77 | 11 | 77 | 16 | | | | | | | |
| 93 | 1 | 93 | 12 | | | | | | | | | | | | | |
| 94 | 1 (begin aith "what") | 94 | 4 | | | 94 96 101 102 | 5 2 17 3 | 95 96 101 102 | 16 6 20 11 | | | 95 | 22 | 96 | 1 | |
| 103 | 24 | 104 | 2 | | | 104 | 3 | 104 | 21 | | | | | | | |

| WITNESS NAME: | | | | Cole, Vanessa | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/18/21 | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | |
| 108 | 21 | 108 | 25 | Foundation; Misstates prior testimony; legal conclusion; improper attorney testimony; speculation; lack of personal knowledge | Questioning is by Red Roof's counsel.  Having not objected to its own question at the deposition, Red Roof has waived all these objections. | 109 | 1 | 109 | 6 | | | | | | | | |
| 109 | 7 | 109 | 19 | Speculation; lack of personal knowledge; legal conclusion; | See response above. | 109 110 | 20 21 | 110 111 | 15 25 | | | 110 | 16 | 110 | 20 | | |
| 112 | 22 | 113 | 10 | Foundation; speculation; lack of personal knowledge; | See response above. | | | | | | | | | | | | |
| 113 | 25 | 114 | 9 | Hearsay; | questioning is by Red Roof's counsel; not hearsay, not offered for truth of the matter asserted and statement of party opponent | 114 | 10 | 114 | 16 | | | | | | | | |
| 115 | 15 | 116 | 9 | Hearsay; | questioning is by Red Roof's counsel; not hearsay, statement of party opponent | 116 | 10 | 117 | 2 | | | 117 | 3 | 117 | 11 | Relevance; | |
| 120 | 9 (begin with "I'm") | 120 | 13 | Hearsay | questioning is by Red Roof's counsel; not hearsay, statement of party opponent | 119 | 23 | 120 | 1 | | | | | | | | |
| 120 | 15 | 120 | 16 | Speculation; | Not speculation, relaying what Red Roof's executive told her | 117 119 | 18 23 | 119 120 | 4 1 | | | | | | | | |
| 122 | 1 | 122 | 10 | | | 122 | 11 | 122 | 18 | | | | | | | | |

| WITNESS NAME: | | Cole, Vanessa | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 10/18/21 | | | | | | | | | | | | |
| | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 122 | 23 | 123 | 10 | Speculation; lack of personal knowledge; unduly prejudicial under 403; | Questioning is by Red Roof's counsel; lack of personal knowledge objection waived by failure to assert at deposition; probative value is not substantially outweighed by danger of unfair prejudice, testimony shows that Red Roof prioritized revenue over saf | 125 | 24 | 126 | 4 | | | | | |
| 156 | 19 | 157 | 4 | Leading; misstates prior testimony; | objections waived by failure to assert at deposition | | | | | | | | | |
| 158 | 14 | 158 | 18 | Leading; misstates prior testimony; | Summarizing deponents' earlier testimony which deponent confirms | | | | | | | | | |
| 158 | 22 | 158 | 25 | misstates prior testimony; leading; | Summarizing deponents' earlier testimony which deponent confirms | | | | | | | | | |
| 159 | 2 | 160 | 13 | misstates prior testimony; | see response above; 159:2-160:13 objection waived by failure to assert at deposition | | | | | | | | | |

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | *COUNTER DESIGNATIONS* | | | | *REPLY DESIGNATIONS* | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Replies to Objections* | *Page/Line Begin* | | *Page/Line End* | *Objections* | *Replies to Objections* | *Page/Line Begin* | | *Page/Line End* | *Objections* | *Replies to Objections* |
| 7 | 13 | 7 | 15 | | | | | | | | | | |
| 7 | 18 | 7 | 20 | | | | | | | | | | |
| 8 | 21 | 8 | 23 | Hearsay | Withdrawn | | | | | | | | |
| 9 | 3 | 9 | 8 | Hearsay | Withdrawn | | | | | | | | |
| 10 | 22 (begin with "Did") | 10 | 24 | | | | | | | | | | |
| 11 | 3 | 11 | 19 | | | | | | | | | | |
| 11 | 21 | 11 | 21 | | | | | | | | | | |
| 11 | 23 | 12 | 6 | | | | | | | | | | |
| 12 | 13 (begin with "And") | 13 | 2 | Relevance (12:24-13:2) | Period of Conner's employment is relevant to her testimony about what she observed at the Smyrna Red Roof and its overlap with Plaintiffs' trafficking at that location. | 91 | 2 | 91 | 8 | Varahi and/or Red Roof have claimed that Conner's firing was related to the report of Anthony Shivers at the Red Roof Smyrna implying that she was somehow involved.  To the extent Varahi contends Conner was fired for malfeasance, it is relevant that it so | | | | |
| 13 | 13 | 13 | 15 | | | | | | | | | | |
| 13-14 | 22 (begin with "Have") 9 | 15 | 15 8 | Hearsay, relevance (13:22-14:8); non-responsive, speculation (15:9-15). | Withdraw 13:22-14:8; 15:9-15 testimony is responsive and is not speculative as deponent testifies to her own actions | | | | | | | | |
| 15 | 19 | 15 | 23 | | | | | | | | | | |
| 15 | 25 | 16 | 17 | speculation; lay opinion; relevance; vague/ambiguous and legal conclusion (16:16-17) | Not speculation, deponent is testifying as to her observations; not opinion testimony or legal conclusion, deponent is testifying as to her perception and understanding of terms, not any legal definition; not vague and ambiguous; relevant to what Red Roof | | | | | | | | |
| 16 | 19 | 16 | 19 | vague/ambiguous and legal conclusion (16:19) | Not vague, ambiguous, or legal conclusion.  Deponent has testified to what she observed and her understanding of certain terms, and asked about what she observed. | | | | | | | | |
| 16 | 21 | 17 | 3 | | | | | | | | | | |
| 17 | 5 | 17 | 5 | | | | | | | | | | |

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 17 | 7 | 17 | ~~14~~ 11 | vague/ambiguous (17:12-14 - "entire time" - but after objection clarifies 2013 forward) | 17:12-14 Withdrawn | | | | | | | | | | | |
| 17 | 21 (begin at "for") | 18 | 23 | | | | | | | | | | | | | |
| 19 | ~~3~~ 6 | 19 | 22 | Foundation/assumes facts not in evidence (19:3-5 cut 3-5 before "You said..." reference to "often" which was answer to question objected to and not designated); relevance; legal conclusion; speculation; | Withdraw 19:3-5 (ending at "often."); testimony of deponent's observations while working at Red Roof Smyrna are relevant to what Red Roof, and its co-conpirator, Varahi, knew or should have known about criminal activity at location; does not seek legal co | 19 48 49 | 23 5 4 | 20 48 49 | 10 8 12 | | | | | | | |
| 20 | 11 (begin with "And") | 20 | 18 | Relevance | Deponent distinguishes between the type of cars regular guests drive and the type of cars used by those seeking sexual services, relevant to the ability to observe and distinguish between the two types of guests; see also 87:14-17, counter designated by R | | | | | | | | | | | |
| 20 | 19 (begin with "did") | 20 | 21 | Relevance; speculation; legal conclusion | Deponents observations as an employee at Red Roof Smyrna are relevant to what Red Roof, and its co-conspirator Varahi knew or should have known; not speculating, testimony is based on personal observation over period of years; not legal conclusion, testif | 87 | 10 (start at "Througho ut") | 87 | 21 | | | 106 | 12 | 106 | 15 | |
| 20 | 24 | 20 | 24 | Relevance; speculation; legal conclusion | See response above | | | | | | | | | | | |
| 21 | 1 | 21 | 2 | Relevance; speculation; legal conclusion | See response above | 87 | 10 (start at "Througho ut") | 87 | 21 | | | | | | | |
| 21 | 5 | 21 | 5 | Relevance; speculation; legal conclusion | See response above | | | | | | | | | | | |

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 21 | 7 | 21 | 10 | Relevance; speculation; unduly prejudicial under 403 | Testimony on the widespread nature of what deponent believed to be prostitution and sex trafficking at Red Roof Smyrna relevant to what Red Roof and it's co-conspirator, Varahi, knew or should have known; not speculation, based on deponents observations o | | | | | | | | | | |
| 21 | 13 | 21 | 14 | Relevance; speculation; unduly prejudicial under 403 | See response above | | | | | | | | | | |
| 22 | 9 (begin with "and") | 22 | 21 | Speculation; | Not speculating, deponent is testifying as to her observations and interactions with guests and understanding based on those observations and interactions | | | | | | | | | | |
| 23 | 3 | 23 | 4 | | | | | | | | | | | | |
| 23 | 6 | 23 | 7 | | | | | | | | | | | | |
| 23 | 11 | 23 | 15 | Hearsay; | Not offered for truth of matter asserted | | | | | | | | | | |
| 24 | 6 | 24 | 18 | Relevance, unduly prejudicial under 403 (24:8-11 and 24:13 (starting at "we had to be") - 24:16); | Deponent's observations of signs of sex trafficking in rooms at Red Roof Smyrna relevant to Plaintiffs; claims; probative value not substantially outweighed by danger of unfair prejudice | 89 104 | 18 23 | 90 105 | 6 8 (end at "everythin g.") | | | | | | | |
| 24 | 20 | 24 | 24 | Seeking lay opinion | Not seeking lay opinion, asking about deponent's observations and reactions to observations, question does not seek information based on scientific, technical, or other specialized knowledge within the scope of Rule 702 | | | | | | | | | | |
| 25 | 1 | 25 | 2 | lay opinion | See response above | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 28 | 9 | 29 | 10 | Relevance, hearsay (28:19-24); | The lack of training is relevant to Plaintiffs' claims, including claim for punitive damages; knowledge of Varahi, as Red Roof's co-conspirator, is relevant to what Red Roof knew or should have known; not hearsay, not offered for truth of matter asserted | 50 73 | 7 (start at "You saw…") 2 | 51 73 | 2 19 | | | | | | |
| 29 | 12 | 29 | 18 | | | | | | | | | | | | |
| 29 | 20 (begin with "seeing") | 30 | 3 | Hearsay and relevance (29:24-30:3); | Not hearsay, not offered for truth of matter asserted, but for effect on listener and explaining course of conduct; that Red Roof's co-conspirator, Varahi instructed its employees not to call the police to report criminal activity is relevant to what Red | | | | | | | | | | |
| 34 | 19 | 35 | 21 | Relevance; speculation; | Relevant to what Varahi observed, knew or should have known about sex trafficking at Red Roof Smyrna; not speculation, based on deponent's observations and objection to speculation waived by failure to assert at deposition | 61 | 1 | 61 | 8 (end at "Yes.") | | | | | | |
| 36 | 2 (begin with "And") | 36 | 9 | Relevance; unduly prejudicial under 403 | Testimony relevant to Varahi and Red Roof's knowledge of sex trafficking at Red Roof Smyrna; probative value not substantially outweighed by risk of unfair prejudice | 61 | 11 | 61 | 21 | | | | | | |
| 36 | 10 (begin with "how") | 36 | 16 | Relevance; unduly prejudicial under 403 | See response above | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 52 | 7 | 52 | 19 | Speculation; Lay opinion; Legal Conclusion; unduly prejudicial under 403; Relevance; | Not speculation or lay opinion, deponent testifying as to what she observed and her understanding of those observations, and both objections waived by failure to assert at deposition; probative value not substantially outweighed by risk of unfair prejudic | 52 | 20 | 53 | 4 | | | | | | |
| 59 | 15 | 59 | 21 | Relevance; | Relevant to whether Varahi and Red Roof should have known of Plaintiff's trafficking at Red Roof Smyrna | 59 97 | 22 7 | 60 97 | 1 12 | | | | | | |
| 60 | 2 | 60 | 6 | | | 61 | 1 | 61 | 8 (end at "Yes.") | | | | | | |
| 61 | 22 | 62 | 14 | Speculation; lack of personal knowledge; | Objections waived by failure to assert at deposition, also witness not speculating as she explains what she knows to be true and what she is not certain about | 61 62 | 11 15 | 61 62 | 21 23 | | | | | | |
| 63 | 10 | 63 | 16 | Non-responsive; hearsay; relevance; unduly prejudicial under 403; speculation; | Responsive as deponent explains her conduct in response to policy; relevant to what Varahi and Red Roof knew or should have known; probative value not substantially outweighed by risk of unfair prejudice as Plaintiffs must prove Defendants knew or should | | | | | | | | | | |
| 64 | 2 (begin with "Do") | 64 | 10 | Relevance; Non-Responsive; | Testimony is responsive to question and relevant to what locations employees did to report criminal activity to Varahi, Red Roof's co-conspirator | 73 | 2 | 73 | 19 | | | | | | |
| 64 | 11 (begin with "Do") | 64 | 14 | Relevance; | Whether deponent recalls whether Varahi and/or Red Roof implemented purported policy is relevant to whether and how such policy was implemented and enforced | | | | | | | | | | |

| WITNESS NAME: | | | | Conner, Brenda | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/20/22 | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | |
| 81 | 13 (begin with "so") | 82 | 24 | Relevance; speculation; Relevance and unduly prejudicial under 403 (82:14-24); | Not speculating, testifying as to observations, and objection to speculation waived by failure to assert at deposition; relevant to whether Varahi and Red Roof knew or should have known of sex trafficking at location; probative value not substantially out | 70 71 83 84 88 | 5 (start at "Did you…") 9 7 16 3 | 70 71 83 85 88 | 12 23 18 17 5 | | | | |
| 91 | 9 | 91 | 14 | | | 64 91 92 94 | 15 15 8 3 | 64 91 92 94 | 21 23 17 6 | | | 92 18 | 92 21 |
| 109 | 24 | 110 | 14 | Relevance; | Testimony relevant to Red Roof's intent to continue to profit from criminal activity at Red Roof Smyrna; despite abundant notice of allegations of criminal activity at location, Red Roof fails to inquire about same from employees that work at location | | | | | | | | |

| WITNESS NAME: | | | Galbraith, Glen | |
|---|---|---|---|---|
| DEPOSITION DATE: | | | 9/20/22 | |

**Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 7 | 16 | 7 | 18 | | | | | | | | | | | | | | |
| 8 | 15 | 8 | 17 | | | | | | | | | | | | | | |
| 20 | 6 | 20 | 8 | | | | | | | | | | | | | | |
| 20 | 16 | 21 | 1 | | | | | | | | | | | | | | |
| 31 | 3 | 31 | 7 | | | | | | | | | | | | | | |
| 31 | 13 | 31 | 15 | | | | | | | | | | | | | | |
| 31 | 20 | 32 | 6 | | | | | | | | | | | | | | |
| 39 | 8 (begin with "there") | 39 | 16 | | | | | | | | | | | | | | |
| 39 | 21 | 40 | 16 | | | | | | | | | | | | | | |
| 40 | 19 | 40 | 20 | | | | | | | | | | | | | | |
| 41 | 6 (begin with "Is") | 41 | 8 | | | | | | | | | | | | | | |
| 41 | 11 | 41 | 22 | | | | | | | | | | | | | | |
| 42 | 4 | 42 | 9 | | | | | | | | | | | | | | |
| 42 | 12 | 42 | 14 | | | | | | | | | | | | | | |
| 42 | 22 | 43 | 9 | | | 43 | 19 | 43 | 22 | | | | | | | | |
| | | | | | | 44 | 1 | 44 | 3 | | | | | | | | |
| 46 | 2 | 46 | 6 | | | | | | | | | | | | | | |
| 46 | 13 | 46 | 15 | | | 46 | 16 | 46 | 22 | | | | | | | | |
| 46 | 23 | 48 | 19 | | | | | | | | | | | | | | |
| 48 | 24 | 49 | 1 | | | | | | | | | | | | | | |
| 49 | 3 | 49 | 5 | | | | | | | | | | | | | | |
| 49 | 7 | 49 | 8 | | | | | | | | | | | | | | |
| 49 | 10 | 49 | 12 | | | | | | | | | | | | | | |
| 50 | 3 | 50 | 7 | | | | | | | | | | | | | | |
| 50 | 13 | 50 | 20 | | | | | | | | | | | | | | |
| 51 | 3 | 51 | 17 | | | | | | | | | | | | | | |
| 53 | 1 | 54 | 8 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | Galbraith, Glen | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 9/20/22 | | | | | | | | | | | |
| | | | Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless | | | | | | | | | | | |
| 55 | 14 | 55 | 16 | | | | | | | | | | | |
| 55 | 19 | 55 | 21 | | | | | | | | | | | |
| 56 | 5 | 56 | 6 | | | | | | | | | | | |
| 56 | 9 | 56 | 23 | | | 56 57 | 24 2 | 56 57 | 25 4 | | | | | | |
| 56 | 19 | 56 | 21 | | | | | | | | | | | |
| 74 | 1 | 74 | 4 | | | | | | | | | | | |
| 74 | 24 (begin with "Is") | 75 | 2 | | | 75 | 3 | 75 | 6 | | | | | | |
| 76 | 24 | 77 | 7 | | | | | | | | | | | |
| 77 | 9 | 77 | 20 | | | | | | | | | | | |
| 77 | 22 | 78 | 22 | | | | | | | | | | | |
| 81 | 5 | 81 | 24 | | | 81 82 82 83 | 25 6 15 1 | 82 82 82 83 | 3 13 20 9 | | | | | | |
| 84 | 10 | 84 | 22 | | | | | | | | | | | |
| 84 | 25 | 85 | 6 | | | | | | | | | | | |
| 85 | 11 | 85 | 14 (end with "sir.") | | | | | | | | | | | |
| 85 | 24 | 86 | 10 | | | | | | | | | | | |
| 86 | 16 | 87 | 11 | | | 87 | 18 | 87 | 25 | | | | | | |
| 88 | 1 | 88 | 19 | | | | | | | | | | | |
| 88 | 24 | 89 | 10 | | | | | | | | | | | |
| 89 | 22 | 90 | 2 | | | 90 | 9 (starting at "despite the...") | 90 | 21 | | | | | | |
| 92 | 22 | 93 | 24 | | | | | | | | | | | |
| 99 | 9 | 99 | 13 | | | | | | | | | | | |
| 99 | 16 | 99 | 18 | | | | | | | | | | | |
| 99 | 20 | 99 | 22 | | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | Galbraith, Glen | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 9/20/22 | | | | | | | | | | | | | | |
| | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless** | | | | | | | | | | | | | | |
| 99 | 25 | 100 | 1 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Hamilton-Nash, Monica |
|---|---|
| DEPOSITION DATE: | 1/19/22 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 6 | 8 | 8 | | | | | | | | | | | | | | |
| 10 | 13 | 10 | 14 | | | | | | | | | | | | | | |
| 17 | 7 | 18 | 9 | | | 18<br>149<br>151 | 10<br>13<br>7 | 18<br>149<br>151 | 19<br>15<br>25 | | | 148 | 15 | 148 | 18 | Relevance; | |
| 18 | 20 | 18 | 23 | | | | | | | | | | | | | | |
| 19 | 14 | 19 | 22 | | | 24<br>190 | 3<br>23 | 24<br>191 | 24<br>1 | | | | | | | | |
| 25 | 11 | 26 | 22 | relevance and unduly prejudicial under 403 (26:5-22); | Relevant to showing widespread nature of criminal conduct at Buckhead location, goes to determining totality of circumstances for Plaintiffs' negligence claim and assessing credibility of Red Roof witnesses that testify they did not see crime at location; | 29<br>161<br>185<br>186 | 14<br>16<br>15<br>22 | 30<br>162<br>185<br>187 | 9<br>11<br>19<br>6 | 185:15-19 inadmissible under 608, 609; relevance; probative value substantially outweighed by risk of unfair prejudice; 186:22-187:7 inadmissible under 608, 609; relevance; probative value substantially outweighed by risk of unfair prejudice; | conviction/guilty plea is admissible under 609, not unduly prejudicial,and has not been more than 10 years since release from probation; | 162 | 12 | 162 | 23 | | |
| 30 | 22 | 31 | 18 | hearsay; | Not hearsay, not offered for truth of matter asserted, but for effect on listener and deponent's state of mind | 32 | 9 | 32 | 18 | | | 32 | 2 | 32 | 8 | Relevance; | |
| 68 | 22 (begin with "Ms.") | 70 | 18 | | | 64 | 15 (start at "Our job…" | 65 | 6 | | | | | | | | |
| 71 | 8 | 71 | 19 | | | 71<br>72 | 20<br>22 | 72<br>73 | 12<br>2 | | | | | | | | |
| 73 | 3 | 73 | 8 | | | 75<br>75<br>77<br>79 | 12<br>22<br>20<br>19 | 75<br>76<br>78<br>79 | 15<br>16<br>12<br>21 | | | | | | | | |
| 79 | 22 | 80 | 1 | | | 80 | 2 | 80 | 15 | | | | | | | | |
| 83 | 4 (begin with "every") | 83 | 8 | | | 83 | 9 | 83 | 21 | | | | | | | | |
| 83 | 25 | 84 | 6 | | | 85 | 10 | 85 | 23 | | | | | | | | |

| WITNESS NAME: | | | | Hamilton-Nash, Monica | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 1/19/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 86 | 22 | 86 | 23 | speculation; lay witness opinion; | Not speculating; deponent testified that as security guard at property she was trained by her employer to identify the signs of prostitution; see Red Roof's designation at 151:7-22; question does not seek information based on scientific, technical, or oth | | | | | | | | | | |
| 86 | 25 | 87 | 2 | speculation; lay witness opinion; | See response above | | | | | | | | | | |
| 88 | 23 | 91 | 20 (end with "shoes") | foundation; assumes facts not in evidence; improper attorney testimony; speculation; no personal knowledge; lay witness opinion; hearsay; | All objections other than hearsay waived by failure to assert at deposition; only arguable hearsay is at 90:24-91:5, but not hearsay because not offered for truth of matter asserted, offered for effect on listener | 91 | 23 | 93 | 10 (end at "room.") | | | 93 | 10 | 93 | 19 | relevance; unduly prejudicial under 403; speculation; |
| 95 | 1 | 96 | 4 | speculation; lay witness opinion; | Objections waived by failure to assert at deposition | 96 | 5 | 96 | 15 | | | 96 | 16 | 97 | 25 | 97:13-25: speculation; improper lay witness opinion testimony; hearsay; |
| 98 | 24 | 99 | 7 (end at "yes") | speculation; lay witness opinion; | See response above | | | | | | | | | | |
| 102 | 1 | 102 | 4 | | | | | | | | | | | | |
| 102 | 25 | 106 | 18 | 106:3-8 speculation, lack of personal knowledge; unverified statement; unduly prejudicial under 403; | all objections other than 403 waived by failure to assert at deposition; testimony is probative of what Red Roof knew or should have known of sex trafficking and prostitution at Buckhead location and probative value is not substantially outweighed by risk | | | | | | | | | | |
| 107 | 7 | 109 | 4 | speculation; (108:19-109:4 - non-responsive; unduly prejudicial under 403); | objections other than 403 waived by failure to assert at deposition; testimony probative of what Red Roof knew or should have known about sex trafficking, prostitution, and other criminal activity at Buckhead location and probative value not substantially | | | | | | | | | | |

| WITNESS NAME: | | | | Hamilton-Nash, Monica | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 1/19/22 | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | |
| 112 | 12 | 113 | 15 | foundation; assumes facts not in evidence; misstates designated testimony; speculation; relevance; unduly prejudicial under 403; hearsay; | Objections other than relevance, 403, and hearsay waived by failure to assert at deposition; not hearsay, statement of party opponent; relevant to what Red Roof knew of criminal activity at Buckhead location, and probative value not substantially outweigh | | | | | | | | | | | | |
| 116 | 5 | 117 | 3 | foundation; hearsay; speculation; | foundation and speculation objection waived by failure to assert at deposition; not hearsay, statement of party opponent | 117 | 4 | 118 | 13 | | | | | | | | |
| 120 | 18 | 121 | 20 | foundation; hearsay; speculation; | See response above | 121 | 21 | 122 | 19 | | | | | | | | |
| 137 | 4 (begin with "did") | 137 | 17 | | | 137 138 | 18 12 | 138 139 | 7 1 | | | 138 | 8 | 138 | 11 | hearsay; speculation |
| 139 | 3 (begin with "did") | 140 | 21 | speculation; hearsay; unduly prejudicial under 403; | speculation objection waived by failure to assert at deposition; not hearsay, not offered for truth of matter asserted and statement by opposing party's agent; probative value as to what Red Roof knew or should have known about sex trafficking and prostit | | | | | | | | | | | | |
| 142 | 17 | 143 | 19 | speculation; lay witness opinion; unduly prejudicial under 403; legal conclusion; | objections other than 403 waived by failure to assert at deposition; testimony probative of what Red Roof knew or should have known about sex trafficking, prostitution, and other criminal activity at Buckhead location and probative value not substantially | 143 144 154 | 20 13 12 | 144 145 154 | 3 1 17 | | | 144 145 154 | 4 2 18 | 144 145 154 | 9 8 23 | 144 - hearsay; 145 - hearsay; unduly prejudicial under 403; lay witness opinion testimony; 154 - hearsay; |
| 155 | 23 | 156 | 6 | speculation; lay witness opinion; legal conclusion; | | 156 | 7 | 156 | 12 | | | | | | | | |
| 160 | 2 (begin with "And") | 160 | 12 | Relevance; | | | | | | | | | | | | | |
| 168 | 4 | 168 | 16 | foundation; speculation; | | 163 | 20 | 164 | 17 | | | | | | | | |
| 171 | 18 | 172 | 8 | speculation; lay witness opinion; | | 172 | 9 | 172 | 17 | | | | | | | | |

| WITNESS NAME: | | | | Hamilton-Nash, Monica | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 1/19/22 | | | | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | | | | |
| 175 | 17 | 176 | 14 | Relevance; unduly prejudicial under 403; speculation/lack of personal knowledge; | | | | | | | | | | | | | |
| 178 | 18 (begin with "So") | 178 | 20 | | | | | | | | | | | | | | |
| 178 | 23 | 179 | 11 | | | | | | | | | | | | | | |
| 179 | 14 | 180 | 9 | Speculation/lack of personal knowledge; | | 121 156 | 21 7 | 122 156 | 19 12 | | | | | | | | |

| WITNESS NAME: | | Lam, Nha Luan "Vickie" | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 3/11/22 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 18 | 8 | 24 | | | | | | | | | | | | | | |
| 12 | 8 | 12 | 12 | | | | | | | | | | | | | | |
| 15 | 7 | 15 | 11 | | | | | | | | | | | | | | |
| 15 | 22 | 16 | 14 | | | | | | | | | | | | | | |
| 17 | 2 (begin with "in") | 17 | 13 | | | | | | | | | | | | | | |
| 24 | 22 | 25 | 2 (end with "Roof") | | | | | | | | | | | | | | |
| 25 | 4 (begin with "I") | 25 | 5 | | | | | | | | | | | | | | |
| 29 | 5 (begin with "what") | 30 | 5 | | | | | | | | | | | | | | |
| 30 | 22 | 30 | 23 (end with "now") | | | | | | | | | | | | | | |
| 30 | 25 (begin with "we'll") | 31 | 8 | | | | | | | | | | | | | | |
| 36 | 18 | 37 | 6 | | | | | | | | | | | | | | |
| 38 | 10 | 38 | 25 | | | | | | | | | | | | | | |
| 39 | 8 | 39 | 15 | | | | | | | | | | | | | | |
| 39 | 20 | 40 | 22 | | | | | | | | | | | | | | |
| 41 | 13 (begin with "And") | 41 | 18 | | | | | | | | | | | | | | |
| 41 | 20 | 42 | 15 (end with "2") | | | | | | | | | | | | | | |
| 42 | 17 (begin with "Do") | 43 | 20 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | | Lam, Nha Luan "Vickie" | | | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 3/11/22 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | 22 | 44 | 24 | | | 154 155 | 15 1 | 154 155 | 25 7 | Outside the scope of a proper Rule 32(a)(6) counter designation. Affirmative designation is about witness's employer. Counter is about the circumstances under which Bob Patel fired Forrest Castile. | | | | | | | |
| 45 | 10 | 45 | 25 | | | | | | | | | | | | | | |
| 48 | 4 | 48 | 9 | | | | | | | | | | | | | | |
| 49 | 6 | 49 | 6 | | | | | | | | | | | | | | |
| 49 | 17 (begin with "Do") | 50 | 17 | | | 51 52 | 24 1 | 51 52 | 25 4 | None | | | | | | | |
| 52 | 5 | 52 | 7 | | | | | | | | | | | | | | |
| 52 | 16 | 53 | 4 | | | | | | | | | | | | | | |
| 53 | 21 | 54 | 5 | | | | | | | | | | | | | | |
| 54 | 7 | 54 | 25 | | | | | | | | | | | | | | |
| 56 | 1 | 56 | 9 | | | | | | | | | | | | | | |
| 56 | 11 | 56 | 18 | (speculation; foundation; hearsay) | Foundation is a form objection that has been waived. Witness's account of her own conversations are not hearsay but admissions of a party opponent under FRE 801(d)(2). Witness is testifying to her personal knowledge, including its limitations. | 56 56 57 | 20 23 1 | 56 56 57 | 21 25 16 | | | | | | | | | |
| 60 | 6 | 60 | 16 | | | | | | | | | | | | | | |
| 60 | 18 | 60 | 20 | | | | | | | | | | | | | | |
| 61 | 25 | 62 | 2 | | | | | | | | | | | | | | |
| 62 | 4 | 62 | ~~11~~ 13 | 62:9-62:11 (either withdraw the question or add the answer at 62:13) | Agree to add answer at 62:13, which was inadvertently omitted in affirmative designations. | | | | | | | | | | | | |
| 65 | 2 | 66 | 5 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | Lam, Nha Luan "Vickie" | | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 3/11/22 | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 73 | 16 | 73 | 19 (end with "spreadsheet" | | | | | | | | | | | | | | |
| 74 | 23 | 75 | 18 | | | | | | | | | | | | | | |
| 75 | 22 | 76 | 4 | | | | | | | | | | | | | | |
| 76 | 20 | 76 | 21 | | | | | | | | | | | | | | |
| 80 | 7 (begin with "This") | 81 | 6 | | | | | | | | | | | | | | |
| 88 | 22 | 88 | 22 (end with "5") | | | | | | | | | | | | | | |
| 88 | 24 (begin with "Do") | 89 | 25 | | | | | | | | | | | | | | |
| 96 | 10 | 97 | 15 | | | | | | | | | | | | | | |
| 97 | 25 (begin with "the") | 98 | 4 | | | | | | | | | | | | | | |
| 98 | 8 | 98 | 12 | | | | | | | | | | | | | | |
| 98 | 22 | 98 | 25 | | | | | | | | | | | | | | |
| 99 | 2 | 100 | 12 | | | | | | | | | | | | | | |
| 100 | 14 | 100 | 18 | | | | | | | | | | | | | | |
| 100 | 20 | 101 | 9 | | | | | | | | | | | | | | |
| 101 | 12 | 101 | 15 | | | | | | | | | | | | | | |
| 103 | 7 | 103 | 21 | | | | | | | | | | | | | | |
| 104 | 10 | 105 | 7 | | | | | | | | | | | | | | |
| 105 | 20 | 106 | 10 | | | | | | | | | | | | | | |
| 106 | 14 | 107 | 17 | | | | | | | | | | | | | | |
| 122 | 10 (begin with "Do") | 122 | 16 | 122:6-122:7 (strike "do you know when Bob and Rita Patel became the franchisees" as there is no answer to this question and it is confusing) | Agree to strike 122:6 through "connected" at 122:10. | | | | | | | | | | | | |
| 123 | 7 | 124 | 25 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | Lam, Nha Luan "Vickie" | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 3/11/22 | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 125 | 19 | 125 | 20 | | | | | | | | | | | |
| 126 | 1 | 126 | 12 | | | | | | | | | | | |
| 126 | 16 | 126 | 23 | | | | | | | | | | | |
| 127 | 7 | 127 | 17 | | | | | | | | | | | |
| 130 | 2 | 130 | 6 | | | | | | | | | | | |
| 132 | 15 | 132 | 25 | | | | | | | | | | | |
| ~~135~~ | ~~17~~ | ~~136~~ | ~~1~~ | (foundation; opinion testimony) | Withdrawn | | | | | | | | | |
| 136 | 3 | 136 | 3 | | | | | | | | | | | |
| 137 | 10 | 138 | 11 | 137:10-25, 138:1-11 (foundation; opinion testimony) | Withdrawn as through 138:3. AS to 138:4-11, Witness is offering lay opinion--or absence thereof--about a topic about which she has extensive personal knowledge Foundation has been laid for her personal knowledge, having worked in franchise operations for | | | | | | | | | |
| 138 | 21 | 138 | 25 | (foundation; opinion testimony) | | | | | | | | | | |
| 139 | 4 | 139 | 7 | (foundation; opinion testimony) | | | | | | | | | | |
| 143 | 14 | 143 | 14 (end with "this") | | | | | | | | | | | |
| 143 | 16 (begin with "Ms.") | 143 | 19 | | | | | | | | | | | |
| 144 | 7 (begin with "Mariana") | 144 | 14 | | | | | | | | | | | |
| 145 | 15 | 145 | 25 | | | | | | | | | | | |

| WITNESS NAME: | | | | Lam, Nha Luan "Vickie" | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/11/22 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 147 | 8 (begin with "You") | 148 | 9 | | | 148 | 10 | 148 | 15 | None | | | | | | |
| 149 | 10 | 149 | 20 | | | | | | | | | | | | | |
| 151 | 20 | 152 | 12 | | | 152 153 | 13 1 | 152 153 | 25 3 | None | | | | | | |
| 155 | 8 | 155 | 10 | | | | | | | | | | | | | |
| 155 | 18 (begin with "do") | 155 | 20 | | | | | | | | | | | | | |
| 156 | 10 | 156 | 23 | | | | | | | | | | | | | |
| 158 | 4 (begin with "Is") | 158 | 23 | | | | | | | | | | | | | |
| 159 | 10 | 159 | 22 | | | | | | | | | | | | | |
| 163 | 9 | 163 | 9 | | | | | | | | | | | | | |
| 163 | 12 | 164 | 7 | | | | | | | | | | | | | |
| 165 | 4 (begin with "it's" | 166 | 4 | | | | | | | | | | | | | |
| 168 | 7 | 168 | 8 (end with "6" | | | | | | | | | | | | | |
| 168 | 10 (begin with "is") | 169 | 6 | | | 169 | 13 | 169 | 21 | None | | | | | | |
| 170 | 9 | 170 | 9 "end with "page") | | | 170 171 | 21 1 | 170 171 | 25 2 | None | | | | | | |
| 170 | 10 (begin with "And") | 170 | 20 | | | | | | | | | | | | | |
| 171 | 3 | 171 | 5 | | | | | | | | | | | | | |
| 171 | 7 | 171 | 15 | | | | | | | | | | | | | |
| 171 | 17 | 171 | 24 | | | | | | | | | | | | | |
| 173 | 4 | 173 | 6 | 173:4-173:25 (relevance for non Smyrna and Buckhead properties) | Testimony is probative of what is happening at Smyrna and Red Roof's differing responses based on express comparison between Atlanta Six Flags location, which is geogrpahically close, and Smyrna. | | | | | | | | | | | |

| WITNESS NAME: | Lam, Nha Luan "Vickie" | | | |
|---|---|---|---|---|
| DEPOSITION DATE: | 3/11/22 | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 173 | 9 (begin with "Do") | 174 | 7 | 173:4-173:25 (relevance for non Smyrna and Buckhead properties) | | | | | | | | | | |
| 175 | 18 | 176 | 11 | | | | | | | | | | | |
| 176 | 13 | 176 | 17 | | | | | | | | | | | |
| 177 | 2 | 177 | 3 | | | | | | | | | | | |
| 177 | 5 | 177 | 10 | | | | | | | | | | | |
| 177 | 13 | 177 | 15 (end with "attachments") | | | | | | | | | | | |
| 177 | 16 (begin with "Ms.") | 178 | 7 | | | | | | | | | | | |
| 179 | 21 | 180 | 14 | | | | | | | | | | | |
| 181 | 2 (begin with "the") | 181 | 6 | | | | | | | | | | | |
| 181 | 8 | 181 | 11 (end with "1263") | | | | | | | | | | | |
| 181 | 12 (begin with "it's") | 182 | 17 | | | | | | | | | | | |
| 182 | 19 | 182 | 22 | | | | | | | | | | | |
| 183 | 8 | 183 | 9 (end with "15") | | | | | | | | | | | |
| 183 | 11 (begin with "this") | 183 | 21 | | | | | | | | | | | |
| 184 | 18 | 185 | 1 | | | | | | | | | | | |
| 185 | 7 | 185 | 9 (end with "16") | | | | | | | | | | | |
| 185 | 10 (begin with "Do") | 185 | 23 | | | | | | | | | | | |
| 185 | 25 | 186 | 10 | | | | | | | | | | | |
| 187 | 22 | 188 | 6 | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Lam, Nha Luan "Vickie" | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 3/11/22 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 188 | 8 | 188 | 16 | | | | | | | | | | | | |
| 189 | 23 | 189 | 23 (end with "17") | | | | | | | | | | | | |
| 189 | 25 (begin with"Do") | 190 | 9 | | | | | | | | | | | | |
| 194 | 7 | 195 | 19 | | | | | | | | | | | | |
| 195 | 21 | 196 | 5 | 196:1-196:5 (hearsay) | Accounts of what officers said are offered not to prove the truth of the matter asserted but to show the effect on the listener. Red Roof's notice of such information, whether true or not, and its response to that report is probative of the reasonableness | | | | | | | | | | |
| 197 | 1 | 197 | 8 | | | | | | | | | | | | |
| 197 | 10 | 198 | 13 (end with "now") | | | | | | | | | | | | |
| 198 | 19 | 199 | 3 | | | | | | | | | | | | |
| 199 | 16 | 200 | 12 | | | | | | | | | | | | |
| 202 | 13 | 202 | 17 | | | | | | | | | | | | |
| 203 | 18 | 204 | 22 | | | | | | | | | | | | |
| 204 | 25 (begin with "The") | 205 | 15 | | | | | | | | | | | | |
| 205 | 17 | 205 | 18 | | | | | | | | | | | | |
| 205 | 23 (begin with "so") | 205 | 24 (end with "2017") | | | | | | | | | | | | |
| 205 | 25 (begin with "Do") | 206 | 5 | | | | | | | | | | | | |
| 206 | 12 (begin with"We") | 207 | 1 | | | | | | | | | | | | |
| 222 | 23 | 223 | 16 | (relevance as to time period, post period of trafficking) | Material discusses information occuring in 2016 and is therefore probative of that time period. | | | | | | | | | | |
| 224 | 14 | 225 | 22 | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Lam, Nha Luan "Vickie" | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 3/11/22 | | | | | | | | | | | | | | | |
| 226 | 19 | 226 | 24 | | | | | | | | | | | | | | | |
| 232 | 12 | 234 | 5 | | | | | | | | | | | | | | | |
| 234 | 22 | 234 | 25 | | | | | | | | | | | | | | | |
| 244 | 24 | 245 | 6 | | | | | | | | | | | | | | | |
| 245 | 8 | 245 | 10 | | | | | | | | | | | | | | | |

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 14 | 6 | 14 | 11 | | | | | | | | | | | | | | |
| 73 | 23 (begin with "Tell") | 74 | 14 | | | | | | | | | | | | | | |
| 74 | 16 | 74 | 17 | | | | | | | | | | | | | | |
| 75 | 11 | 75 | 14 | | | | | | | | | | | | | | |
| 75 | 16 | 75 | 17 | | | | | | | | | | | | | | |
| 75 | 19 | 75 | 21 | | | | | | | | | | | | | | |
| 76 | 1 | 76 | 2 | | | | | | | | | | | | | | |
| 96 | 17 (begin with "didn't" | 97 | 10 | | | 98<br>98 | 4<br>19 | 98<br>98 | 13<br>24 | | | | | | | | |
| 97 | 12 | 97 | 13 | | | | | | | | | | | | | | |
| 107 | 18 (begin with "If") | 108 | 4 | | | | | | | | | | | | | | |
| 108 | 9 | 109 | 4 | | | | | | | | | | | | | | |
| 111 | 1 | 111 | 6 | | | 111<br>112 | 7<br>2 | 111<br>112 | 12<br>10 | | | | | | | | |
| 143 | 4 | 143 | 14 | | | | | | | | | | | | | | |
| 178 | 23 | 178 | 23 | | | | | | | | | | | | | | |
| 179 | 1 | 179 | 15 | | | | | | | | | | | | | | |
| 179 | 19 | 179 | 22 | | | 179<br>181<br>181 | 23<br>4<br>11 | 180<br>181<br>181 | 12<br>7<br>13 | | | | | | | | |
| 183 | 1 | 183 | 4 | | | 183 | 5 | 183 | 7 | | | | | | | | |
| 319 | 11 | 320 | 8 | summarative counsel testimony | Counsel is asking a question at 319:11-14, that the deponent clarifies and expands upon at 3:19-15-21. Will withdraw 319:22-320:5 (ending with "way.") | | | | | | | | | | | | |
| 320 | 13 | 320 | 15 | | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Limbert, George | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | 4/27/22 | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 320 | 17 | 320 | 18 | | | | | | | | | | | | |
| 320 | 20 | 320 | 24 | | | | | | | | | | | | |
| 321 | 1 | 321 | 12 | | | | | | | | | | | | |
| 321 | 16 | 321 | 18 | | | | | | | | | | | | |
| 321 | 20 | 321 | 23 | | | | | | | | | | | | |
| 321 | 25 | 321 | 25 | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/28/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 7 | 10 (begin with "Am") | 7 | 12 | | | | | | | | | | | | | | |
| 7 | 20 | 7 | 22 | | | | | | | | | | | | | | |
| 8 | 1 (begin with "and") | 8 | 10 | | | | | | | | | | | | | | |
| 8 | 24 | 9 | 5 | | | | | | | | | | | | | | |
| 9 | 17 | 10 | 7 | | | | | | | | | | | | | | |
| 11 | 2 (begin with "what") | 11 | 6 | | | | | | | | | | | | | | |
| 12 | 2 | 12 | 23 | irrelevant | Deponents position as an officer and general counsel in multiple Red Roof entities, including Defendants in this action is relevant to relationship between Defendant Red Roof entities | | | | | | | | | | | | |
| 14 | 10 (begin with "Since") | 14 | 18 | | | | | | | | | | | | | | |
| 15 | 7 | 15 | 20 | | | | | | | | | | | | | | |
| 16 | 3 | 16 | 7 | | | | | | | | | | | | | | |
| 16 | 18 | 16 | 25 | | | | | | | | | | | | | | |
| 24 | 20 | 25 | 7 | | | | | | | | | | | | | | |
| 26 | 19 | 27 | 11 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | Limbert, George | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 4/28/22 | | | | | | | | | | | | | | | |
| 29 | 25 (begin with "this") | 30 | 2 | | | | | | | | | | | | | | | |
| 30 | 17 | 31 | 7 | not 30(b)(6) testimony; improper lay opinion | Question seeks the deponent's knowledge in his personal capacity as president of Red Roof; Question is to the President of Red Roof who has personal knowledge about issues hospitality employees must confront; question does not seek information based on sc | | | | | | | | | | | | | |
| 31 | 10 | 31 | 13 | not 30(b)(6) testimony; improper lay opinion | See response above | | | | | | | | | | | | | |
| 32 | 2 | 32 | 15 | not 30(b)(6) testimony; improper lay opinion | Question seeks the deponent's knowledge in his personal capacity as president of Red Roof; Question is to the President of Red Roof who has personal knowledge about Red Roof's policies; question does not seek information based on scientific, technical, or | | | | | | | | | | | | | |

| WITNESS NAME: | | | | Limbert, George | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 4/28/22 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 18 | 33 | 4 | not 30(b)(6) testimony; improper lay opinion | See response above | | | | | | | | | | | |
| 33 | 7 | 33 | 7 | | | | | | | | | | | | | |
| 33 | 17 | 33 | 23 | | | | | | | | | | | | | |
| 34 | 25 | 35 | 4 | | | | | | | | | | | | | |
| 42 | 12 | 42 | 17 | | | | | | | | | | | | | |
| 43 | 8 | 44 | 23 | | | | | | | | | | | | | |
| 45 | 5 | 45 | 6 | | | | | | | | | | | | | |
| 49 | 9 | 49 | 12 | | | | | | | | | | | | | |
| 49 | 18 (begin with "And") | 50 | 9 | | | | | | | | | | | | | |
| 50 | 13 | 50 | 22 | | | | | | | | | | | | | |
| 51 | 12 | 51 | 21 | | | | | | | | | | | | | |
| 52 | 6 | 52 | 8 | | | | | | | | | | | | | |
| 52 | 11 | 52 | 19 | | | | | | | | | | | | | |
| 53 | 1 | 53 | 10 | | | | | | | | | | | | | |
| 55 | 15 | 56 | 20 | | | | | | | | | | | | | |
| 57 | 25 | 58 | 3 | | | | | | | | | | | | | |
| 58 | 13 | 58 | 16 | | | | | | | | | | | | | |
| 59 | 7 | 61 | 25 | | | | | | | | | | | | | |
| 62 | 4 | 62 | 4 | | | | | | | | | | | | | |
| 63 | 8 | 63 | 9 | | | | | | | | | | | | | |
| 64 | 20 | 64 | 21 | | | | | | | | | | | | | |
| 65 | 3 | 65 | 5 | | | | | | | | | | | | | |
| 65 | 8 | 66 | 3 | | | 66 | 8 | 67 | 17 | | | | | | | |
| 66 | 6 | 66 | 7 | | | 66 | 8 | 67 | 17 | | | | | | | |
| 77 | 18 | 77 | 24 | | | | | | | | | | | | | |
| 78 | 15 | 78 | 22 | | | 78 | 23 | 79 | 12 | | | | | | | |
| 87 | 13 | 87 | 15 | | | 87 | 16 | 87 | 21 | | | | | | | |
| 89 | 12 | 89 | 22 | | | | | | | | | | | | | |
| 92 | 19 | 94 | 1 | | | | | | | | | | | | | |
| 94 | 9 | 94 | 18 | | | | | | | | | | | | | |

| WITNESS NAME: | | | | Limbert, George | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 4/28/22 | | | | | | | | | | | | |

| 104 | 22 | 105 | 23 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations; probative value not substa | | | | | | | | | | | |
| 106 | 22 | 106 | 25 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | See response above | 107 108 | 1 1 | 107 108 | 15 3 | | | | | | | | |
| 108 | 12 | 108 | 25 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | See response above | | | | | | | | | | | |
| 114 | 11 | 115 | 2 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | Limbert, George | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 4/28/22 | | | | | | | | | | | | | | |
| 115 | 5 | 115 | 19 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations, including location at issu | | | | | | | | | | | |
| 117 | 18 | 118 | 3 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations; probative value not substa | | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Limbert, George | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 4/28/22 | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 118 | 5 | 118 | 6 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | See response above | | | | | | | | | | | |
| 118 | 9 | 118 | 10 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Does not seek privileged information or work product, whether or not deponent relied upon report to make any decision is not privileged | | | | | | | | | | | |
| 118 | 20 | 119 | 5 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations; probative value not substa | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/28/22 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 119 | 11 | 119 | 13 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Does not seek privileged information or work product, whether or not report caused deponent to take action is not privileged | | | | | | | | | | |
| 119 | 16 | 119 | 17 | | | | | | | | | | | | |
| 120 | 22 | 120 | 24 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, document contains a statement given to a journalist, and any such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to demonstrating Red Roof's ability to t | | | | | | | | | | |
| 121 | 6 | 121 | 11 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | |

| WITNESS NAME: | | | Limbert, George | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 4/28/22 | | | | | | | | | | | | |
| 121 | 13 | 123 | 2 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | |
| 123 | 5 | 123 | 5 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | |
| 123 | 14 | 124 | 14 | attorney-client work product; irrelevant; unfarly prejudiced; subsequent remedial measure | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations, including locations at iss | | | | | | | | | | |
| 127 | 22 | 128 | 2 | | | | | | | | | | | | |

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/28/22 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | 16 | 129 | 10 | attorney-client privilege; work product | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; | | | | | | | | | | |
| 130 | 23 | 130 | 24 | | | | | | | | | | | | |
| 131 | 2 | 132 | 8 | attorney-client privilege; work product; irrelevant | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; shows Red Roof's knowledge of the danger of criminal activity occuring at its locations | | | | | | | | | | |
| 132 | 12 | 132 | 14 | | | | | | | | | | | | |
| 132 | 20 | 132 | 22 | irrelevant | Relevant to Red Roof's knowledge of the dangers posed by the presence of prostitution and related crimes at its hotels and relevant to imposition of punitive damages | | | | | | | | | | |
| 133 | 1 | 133 | 5 | irrelevant | See response above | | | | | | | | | | |
| 133 | 10 | 133 | 10 | irrelevant | See response above | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Limbert, George | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 4/28/22 | | | | | | | | | | | | | |
| 133 | 14 | 134 | 2 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations, including locations at iss | | | | | | | | | | | | |
| 134 | 14 | 134 | 22 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | | | |
| 135 | 13 | 136 | 13 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | | | |

| WITNESS NAME: | | | | Limbert, George | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 4/28/22 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 136 | 19 | 136 | 22 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | 136 | 23 | 136 | 24 | | | | | | | | |
| 138 | 19 | 138 | 21 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations; Not subsequent remedial me | | | | | | | | | | | | |
| 139 | 20 | 139 | 21 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | | | |

| WITNESS NAME: | | | | Limbert, George | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 4/28/22 | | | | | | | | | | | | |
| 139 | 25 | 140 | 19 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | | |
| 141 | 19 | 141 | 22 | attorney-client privilege; work product; subsequent remedial measure; irrelevant | See response above | | | | | | | | | | | |
| 151 | 15 | 154 | 16 | hearsay | Not hearsay, not offered for truth of matter asserted; offered to show notice and conduct in response to notice | | | | | | | | | | | |
| 160 | 21 | 162 | 22 | hearsay | Not hearsay, not offered for truth of matter asserted; offered to show notice and conduct in response to notice | | | | | | | | | | | |
| 163 | 12 | 164 | 12 | hearsay | Not hearsay, not offered for truth of matter asserted; offered to show notice and conduct in response to notice | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | Limbert, George | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 4/28/22 | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 165 | 2 | 165 | 18 | attorney-client privilege; work product | Does not seek privileged information or work product, whether or not report caused Red Roof to take action is not privileged | | | | | | | | | | | |
| 165 | 25 | 167 | 12 | attorney-client privilege; work product | See response above | | | | | | | | | | | |
| 167 | 15 | 169 | 13 | attorney-client privilege; work product | Whether Red Roof would want to know if a sex offender was staying at its property and would take any action in response is not privileged or protected by work product | | | | | | | | | | | |
| 169 | 16 | 171 | 25 | irrelevant; attorney-client privilege; work product | Action Red Roof would take in response to a report of a sex offender on its property is relevant to claims in action; only privilege objections are to 171:12-25, does not seek privileged information | | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Limbert, George | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 4/28/22 | | | | | | | | | | | | | | |
| 173 | 1 | 173 | 16 | irrelevant; attorney-client privilege; work product | Red Roof has a stated policy of zero tolerance towards sex trafficking, what that policy requires of Red Roof is relevant to the claims in this action; privilege objection is to 173:1-8, question does not seek privileged information | | | | | | | | | | |
| 174 | 3 (begin with "You're") | 174 | 23 | irrelevant; improper lay opinion; foundation | Red Roof has a stated policy of zero tolerance towards sex trafficking, what that policy requires of Red Roof is relevant to the claims in this action; improper lay opinion and foundation, objections to 174:3-21 are waived by failure to assert at depositi | | | | | | | | | | |
| 175 | 2 | 175 | 19 | irrelevant; improper lay opinion; foundation | Red Roof president's knowledge of the manner and means of information Red Roof receives about criminal activity at its locations is relevant to claims in action; improper lay opinion and foundation, objections to 175:4-19 are waived by failure to assert a | | | | | | | | | | |
| 176 | 10 | 177 | 10 | | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/28/22 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 186 | 14 | 186 | 21 | irrelevant; foundation; hearsay | Composite exhibit of Red Roof's own documents asserting its knowledge of criminal activity at its hotels in Atlanta, and reviews from its customers related to criminal conduct at its locations is relevant to claims in action; not hearsay, because not offe | | | | | | | | | | |
| 190 | 6 | 190 | 17 | attorney-client privilege; work product | question does not seek privileged information | | | | | | | | | | |
| 190 | 21 | 191 | 8 | attorney-client privilege; work product | question does not seek privileged information | | | | | | | | | | |
| 191 | 13 | 191 | 21 | hearsay; foundation | not hearsay, not offered for truth of matter asserted; foundation objection waived by failuer to assert at deposition | | | | | | | | | | |
| 193 | 18 (begin with "Do") | 194 | 15 | hearsay; foundation | not hearsay, not offered for truth of matter asserted; foundation objection waived by failuer to assert at deposition | | | | | | | | | | |

| WITNESS NAME: | Limbert, George |
|---|---|
| DEPOSITION DATE: | 4/28/22 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 194 | 24 | 196 | 8 | hearsay; foundation | not hearsay, not offered for truth of matter asserted; foundation objection waived by failure to assert at deposition | | | | | | | | | | |
| 198 | 1 (begin with "if") | 198 | 19 | hearsay; foundation; 404(5) | not hearsay, not offered for truth of matter asserted; foundation objection waived by failure to assert at deposition; 404(5) is not a valid objection, no such rule; Rule 404 also does not apply because testimony does not involve character evidence | | | | | | | | | | |
| 199 | 12 | 200 | 1 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |
| 201 | 14 (begin with "And") | 204 | 6 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |
| 204 | 12 | 204 | 25 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |
| 205 | 14 (begin with "All") | 206 | 22 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |
| 207 | 15 | 208 | 18 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |

| WITNESS NAME: | | | | | Limbert, George | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 4/28/22 | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 208 | 21 | 209 | 12 | hearsay; foundation; 404(5) | See response above | | | | | | | | | | |
| 209 | 18 | 209 | 22 | irrelevant; foundation | Customer reviews relating to prostitution at hotel at issue in action is relevant to showing notice to Red Roof of report of prostitution at location; foundation objection waived by failure to assert at deposition | | | | | | | | | | |
| 210 | 1 | 211 | 11 | hearsay; foundation; irrelevant; 404(5) | not hearsay, not offered for truth of matter asserted; foundation objection waived by failure to assert at deposition; Customer reviews relating to prostitution at hotel at issue in action is relevant to showing notice to Red Roof of report of prostitutio | | | | | | | | | | |
| 211 | 25 | 213 | 4 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | |
| 213 | 8 | 214 | 16 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | |

| WITNESS NAME: | | Limbert, George | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 4/28/22 | | | | | | | | | | | | | | |
| 214 | 23 | 215 | 7 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 216 | 1 | 216 | 1 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 216 | 19 | 217 | 9 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 217 | 12 | 218 | 20 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 221 | 15 | 223 | 9 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 223 | 14 | 224 | 19 | hearsay; foundation; irrelevant; 404(5) | See response above | | | | | | | | | | | |
| 224 | 21 (begin with "When") | 225 | 11 | | | | | | | | | | | | | |
| 225 | 14 | 225 | 24 | | | | | | | | | | | | | |
| 226 | 2 | 226 | 6 | | | | | | | | | | | | | |

| WITNESS NAME: | | | | | Limbert, George | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 4/28/22 | | | | | | | | | | |

| 227 | 5 | 228 | 17 | hearsay; foundation | not hearsay, not offered for truth of the matter asserted; foundation objection waived by failure to assert at deposition | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 228 | 20 | 229 | 1 | attorney-client privilege; work product | Does not seek information protected by privilege or work product | | | | | | | | | | |
| 229 | 9 | 229 | 10 | attorney-client privilege; work product | See response above | | | | | | | | | | |
| 229 | 17 | 229 | 18 | attorney-client privilege; work product | See response above | | | | | | | | | | |
| 229 | 22 (begin with "Composite") | 229 | 24 | hearsay; foundation | no hearsay, not offered for truth of the matter asserted; foundation objection waived by failure to assert at deposition | | | | | | | | | | |
| 230 | 7 | 231 | 4 | hearsay; foundation | See response above | | | | | | | | | | |
| 231 | 14 | 231 | 22 | hearsay; foundation | See response above | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | Marina MacDonald-Individual | |
|---|---|---|---|---|
| DEPOSITION DATE: | | | 6/14/22 | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 7 | 1 | 7 | 3 | | | | | | | | | | | | | | |
| 7 | 25 | 8 | 3 | | | | | | | | | | | | | | |
| 13 | 12 | 14 | 7 | | | | | | | | | | | | | | |
| 14 | 11 | 14 | 15 | | | 22 / 22 | 1 / 23 | 22 / 23 | 6 / 3 | None | | | | | | | |
| 28 | 16 | 28 | 22 | | | | | | | | | | | | | | |
| 30 | 2 | 30 | 13 | | | | | | | | | | | | | | |
| 32 | 13 (begin with "So") | 32 | 25 | | | | | | | | | | | | | | |
| 33 | 3 | 33 | 3 | | | | | | | | | | | | | | |
| 33 | 5 | 33 | 15 | | | | | | | | | | | | | | |
| 34 | 25 (begin with "This") | 35 | 2 | | | | | | | | | | | | | | |
| 35 | 8 | 35 | 15 | | | | | | | | | | | | | | |
| 36 | 11 | 36 | 21 | | | | | | | | | | | | | | |
| 37 | 6 | 37 | 21 | | | | | | | | | | | | | | |
| 38 | 8 | 38 | 14 | | | 38 | 3 | 38 | 7 | None | | | | | | | |
| 38 | 18 (begin with "So") | 39 | 1 | | | | | | | | | | | | | | |
| 54 | 6 (begin with "So") | 54 | 11 | | | | | | | | | | | | | | |
| 55 | 2 | 55 | 4 | | | | | | | | | | | | | | |
| 55 | 21 | 55 | 22 | | | | | | | | | | | | | | |
| 56 | 17 | 56 | 17 | | | | | | | | | | | | | | |
| 56 | 20 | 56 | 25 | (relevance; prejudice) | Amount spent on marketing contextualizes the comparatively small amount spent on security, as testified to by other witnesses; prejudice is not unfair and does not substantially outweigh the significant probative value. | | | | | | | | | | | | |
| 68 | 17 | 68 | 18 | | | | | | | | | | | | | | |

| WITNESS NAME: | Marina MacDonald-Individual | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 6/14/22 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | 5 | 71 | 21 | (relevance; prejudice) | Relevant to show the majority of her salary was based on bonus payments, which were, at least in part, based on Red Roof's revenue. Also relevant as a comparator to how Red Roof valued this role relative to others, like safety and security director. Proba | | | | | | | | | | |
| 72 | 6 | 72 | 15 | (relevance; prejudice) | | | | | | | | | | | |
| 72 | 22 (begin with "But") | 73 | 2 | (relevance; prejudice) | | | | | | | | | | | |
| 75 | 13 | 75 | 18 | | | | | | | | | | | | |
| 80 | 8 | 80 | 17 | | | | | | | | | | | | |
| 80 | 19 | 80 | 19 | | | | | | | | | | | | |
| 80 | 21 | 81 | 1 | | | | | | | | | | | | |
| 81 | 3 | 81 | 21 | | | | | | | | | | | | |
| 82 | 23 (begin with "there") | 83 | 4 | | | | | | | | | | | | |
| 83 | 6 | 83 | 19 | | | | | | | | | | | | |
| 83 | 21 | 84 | 13 | | | | | | | | | | | | |
| 84 | 18 | 84 | 18 | | | | | | | | | | | | |
| 84 | 20 | 84 | 21 | | | | | | | | | | | | |
| 84 | 23 | 85 | 1 | | | | | | | | | | | | |
| 88 | 19 | 88 | 22 | | | | | | | | | | | | |
| 89 | 3 | 89 | 7 | | | | | | | | | | | | |
| 90 | 4 | 90 | 25 | | | | | | | | | | | | |
| 92 | 19 | 92 | 22 | | | | | | | | | | | | |
| 92 | 24 | 93 | 9 | | | | | | | | | | | | |
| 93 | 11 | 93 | 19 | | | | | | | | | | | | |
| 93 | 22 | 94 | 13 | | | | | | | | | | | | |
| 97 | 11 | 97 | 18 | | | | | | | | | | | | |

| WITNESS NAME: | | | | | Marina MacDonald-Individual | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 6/14/22 | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 20 (begin with "in") | 98 | 18 | 98:2-18 (relevance; prejudice) | Relevant to showing what precipitated creation of crisis monitoring reports in which Red Roof, for the first time chose to aggregate data about a single hotel location from multiple sources; prejudice is not unfair and does not substantially outweigh prob | | | | | | | | | | | |
| 99 | 19 | 99 | 23 | | | | | | | | | | | | | |
| 100 | 6 (begin with Let's") | 100 | 19 | (relevance; prejudice) | Probative of how information was--and wasn't--disseminated within organization regarding reports of negative experiences, including witnessing suspected criminal activity, at locations. Q3 2015 represented watershed change in how RRI processed and dissemi | | | | | | | | | | | |
| 100 | 21 | 101 | 10 | | | | | | | | | | | | | |
| 101 | 15 | 102 | 9 | | | | | | | | | | | | | |
| 103 | 5 | 103 | 22 | | | | | | | | | | | | | |
| 106 | 19 | 107 | 25 | | | | | | | | | | | | | |
| 108 | 17 | 108 | 23 | | | 108 | 25 | 109 | 1 | None | | | | | | |
| 109 | 12 | 109 | 17 | | | | | | | | | | | | | |
| 110 | 9 | 110 | 19 | | | | | | | | | | | | | |
| 110 | 21 | 110 | 25 | | | | | | | | | | | | | |
| 112 | 9 | 112 | 17 | | | | | | | | | | | | | |
| 112 | 23 | 112 | 25 | | | | | | | | | | | | | |
| 113 | 2 | 114 | 5 | | | | | | | | | | | | | |
| 117 | 20 (begin with "And") | 117 | 24 | | | | | | | | | | | | | |
| 120 | 12 (begin with "So") | 121 | 19 | (privilege) | Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | | | | | | | | | | | |

| WITNESS NAME: | | | | | Marina MacDonald-Individual | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 6/14/22 | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 121 | 25 | 122 | 8 | | | | | | | | | | | | |
| 123 | 7 | 123 | 24 | | | | | | | | | | | | |
| 124 | 12 | 125 | 15 | | | | | | | | | | | | |
| 126 | 1 | 126 | 9 | | | | | | | | | | | | |
| 127 | 21 | 128 | 19 | | | | | | | | | | | | |
| 132 | 9 | 132 | 18 | | | | | | | | | | | | |
| 132 | 22 | 133 | 7 | (privilege) | Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | | | | | | | | | | |
| 133 | 14 (begin with "So") | 133 | 20 | (privilege) | | | | | | | | | | | |
| 134 | 9 (begin with | 134 | 13 | (privilege) | | | | | | | | | | | |
| 135 | 13 | 135 | 19 | (privilege) | | | | | | | | | | | |
| 136 | 3 | 137 | 20 | (privilege) | | | | | | | | | | | |
| 138 | 22 (begin with "So") | 138 | 25 | | | | | | | | | | | | |
| 139 | 13 | 139 | 16 | | | | | | | | | | | | |
| 139 | 19 | 139 | 25 | | | | | | | | | | | | |
| 140 | 24 | 141 | 9 | | | | | | | | | | | | |
| 147 | 17 | 147 | 19 | | | | | | | | | | | | |
| 153 | 23 | 153 | 25 (end at "one") | | | | | | | | | | | | |
| 154 | 1 | 154 | 1 | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Marina MacDonald-Individual | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 6/14/22 | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 154 | 10 | 154 | 14 | (relevance; other properties) | Document is relevant to show how information from crisis monitoring was being disseminated through operations team to "cure" problem properties. This goes directly to what defendants and their employees knew about reports of criminal activity on their pro | | | | | | | | | | |
| 155 | 1 | 155 | 12 | (relevance; other properties) | | | | | | | | | | | |
| 156 | 18 | 157 | 8 | (relevance; other properties) | | | | | | | | | | | |
| 157 | 10 | 157 | 10 | (relevance; other properties) | | | | | | | | | | | |
| 157 | 12 | 157 | 16 | (relevance; other properties) | | | | | | | | | | | |
| 158 | 25 | 159 | 1 | | | | | | | | | | | | |
| 160 | 10 | 161 | 4 | | | | | | | | | | | | |
| 161 | 9 | 162 | 1 | | | | | | | | | | | | |
| 169 | 5 (begin with "Donald") | 170 | 15 | | | | | | | | | | | | |
| 174 | 16 | 174 | 19 (end at "2016") | | | | | | | | | | | | |
| 175 | 6 (begin with "the") | 176 | 9 | | | | | | | | | | | | |
| 176 | 21 | 177 | 11 | | | | | | | | | | | | |
| 177 | 20 | 177 | 24 | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Marina MacDonald-Individual | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 6/14/22 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 178 | 1 | 180 | 17 | | | | | | | | | | | | | |
| 181 | 3 | 181 | 4 | | | | | | | | | | | | | |
| 181 | 12 | 181 | 18 | | | | | | | | | | | | | |
| 182 | 1 | 182 | 6 | | | | | | | | | | | | | |
| 182 | 8 | 182 | 15 | 182:9-182:15 (privilege) | Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | | | | | | | | | | | | |
| 182 | 23 | 183 | 12 | (privilege) | | | | | | | | | | | | |
| 189 | 10 | 189 | 14 | (relevance; privilege) | Relevant to whether Red Roof used any of the information it learned through the crisis monitoring reports to take action with regard to any Red Roof properties. Question does not call for or elicit communications with counsel or material prepared in anti | | | | | | | | | | | |
| 202 | 16 | 203 | 5 | | | | | | | | | | | | | |
| 203 | 20 | 203 | 25 | | | | | | | | | | | | | |
| 204 | 5 | 204 | 8 | | | | | | | | | | | | | |
| 204 | 10 | 204 | 17 | | | | | | | | | | | | | |
| 204 | 19 | 204 | 19 | | | | | | | | | | | | | |

| WITNESS NAME: | | | | | Marina MacDonald-Individual | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 6/14/22 | | | | | | | | | | | |
| 211 | 9 | 211 | 21 | (foundation; opinion testimony) | Foundation is a form objection that has been waived. Witness is offering a lay opinion based on her rationally based perception. The witness's understanding of what constitutes prostitution and sex trafficking goes to the quality, and ultimately reasonab | | | | | | | | | | | |
| 212 | 2 | 212 | 18 | (foundation; opinion testimony) | | 213 | 11 | 213 | 23 | None | | | | | | |
| 225 | 5 | 225 | 17 | (incomplete document; relevance; other properties; prejudice) | "Incomplete document" is not a basis for exclusion. To the extent the objection relies on the rule of completeness, the remedy is to admit the complete document. If defendants can explain what "complete" document they want to be considered along with this | | | | | | | | | | | |
| 226 | 17 | 227 | 4 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 228 | 4 | 229 | 8 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |

| WITNESS NAME: | | | | Marina MacDonald-Individual | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 6/14/22 | | | | | | | | | | | | |
| 233 | 25 | 234 | 13 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 234 | 15 | 234 | 21 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 236 | 14 | 236 | 24 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 237 | 2 | 237 | 6 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 240 | 22 | 240 | 23 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 241 | 2 | 241 | 22 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |

| WITNESS NAME: | Marina MacDonald-Individual | | | | |
| DEPOSITION DATE: | 6/14/22 | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 241 | 24 | 242 | 9 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 242 | 22 | 243 | 8 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 243 | 20 | 244 | 7 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 244 | 14 | 245 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 245 | 25 | 246 | 3 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 246 | 5 | 246 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |

| WITNESS NAME: | | | Marina MacDonald-Individual | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 6/14/22 | | | | | | | | | | | | |
| 246 | 13 | 246 | 13 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 246 | 15 | 248 | 4 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 248 | 6 | 248 | 16 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 248 | 24 | 249 | 22 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 249 | 24 | 249 | 25 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 250 | 19 | 251 | 14 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |

| WITNESS NAME: | | | | Marina MacDonald-Individual | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 6/14/22 | | | | | | | | | | | | |
| 251 | 16 | 251 | 18 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 251 | 20 (begin with "We") | 252 | 7 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 252 | 23 | 253 | 5 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 253 | 12 | 253 | 22 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 253 | 24 | 254 | 6 (end with "Okay") | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 254 | 10 | 254 | 12 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |

| WITNESS NAME: | | Marina MacDonald-Individual | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | 6/14/22 | | | | | | | | | | | | | | |
| 254 | 14 | 254 | 15 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 255 | 3 | 255 | 8 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 255 | 10 | 255 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 255 | 13 | 256 | 3 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 256 | 5 | 256 | 6 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 256 | 11 | 257 | 17 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |

| WITNESS NAME: | Marina MacDonald-Individual | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 6/14/22 | | | | | | | | | | | | | | |
| 257 | 20 (begin with "Do") | 258 | 1 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 258 | 4 | 258 | 6 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 259 | 2 | 259 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 260 | 21 | 260 | 25 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 261 | 2 | 261 | 24 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 264 | 2 | 264 | 18 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |

| WITNESS NAME: | Marina MacDonald-Individual | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 6/14/22 | | | | | | | | | | | | | | | |
| 264 | 20 | 264 | 21 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 264 | 23 | 265 | 3 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 265 | 10 | 266 | 1 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 266 | 3 | 266 | 7 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 266 | 18 | 267 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |
| 267 | 16 | 268 | 11 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | | |

| WITNESS NAME: | | | Marina MacDonald-Individual | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 6/14/22 | | | | | | | | | | | | |
| 268 | 15 | 268 | 23 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 268 | 25 | 269 | 3 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 269 | 19 | 271 | 4 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 271 | 9 | 271 | 10 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 271 | 14 | 272 | 5 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |
| 272 | 11 | 273 | 5 | (incomplete document; relevance; other properties; prejudice) | | | | | | | | | | | |

| WITNESS NAME: | | Marina MacDonald-Individual | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 6/14/22 | | | | | | | | | | | | | | | | |
| 273 | 7 | 273 | 21 | | | | | | | | | | | | | | | |
| 274 | 14 | 274 | 19 | | | | | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | Marina MacDonald 30(b)(6) | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 8/24/22 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 11 | 8 | 13 | | | | | | | | | | | | | | |
| 11 | 5 | 11 | 13 | | | 18 | 14 | 19 | 1 | None | | | | | | | |
| 12 | 12 | 12 | 14 | | | 18 | 14 | 19 | 1 | None | | | | | | | |
| 19 | 17 (begin with "I") | 19 | 22 | | | | | | | | | | | | | | |
| 19 | 24 | 20 | 10 | | | | | | | | | | | | | | |
| 21 | 6 | 21 | 11 | | | 21 | 12 | 21 | 20 | None | | | | | | | |
| 21 | 21 | 22 | 14 | | | | | | | | | | | | | | |
| 24 | 25 | 25 | 15 | | | | | | | | | | | | | | |
| 27 | 21 | 27 | 23 (end with "Franchising") | | | | | | | | | | | | | | |
| 27 | 25 | 28 | 4 | | | | | | | | | | | | | | |
| 28 | 7 | 28 | 11 | | | | | | | | | | | | | | |
| 29 | 6 | 29 | 11 | | | | | | | | | | | | | | |
| 31 | 9 (begin with "Red") | 31 | 12 | | | | | | | | | | | | | | |
| 36 | 5 | 37 | 5 | | | | | | | | | | | | | | |
| 37 | 8 (begin with "the") | 37 | 11 | | | 37 | 12 | 38 | 1 | Relevance, FRE 403. Limited probative value substantially outweighed by likelihood of confusion and unfair prejudice. | | | | | | | |
| 38 | 2 | 38 | 9 | | | | | | | | | | | | | | |
| 39 | 23 | 40 | 7 | | | | | | | | | | | | | | |

| WITNESS NAME: | | Marina MacDonald 30(b)(6) | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 8/24/22 | | | | | | | | | | | | | |
| 40 | 21 | 41 | 18 | | | | | | | | | | | | |
| 43 | 21 | 44 | 4 | | | | | | | | | | | | |
| 45 | 9 | 45 | 20 | | | | | | | | | | | | |
| 47 | 7 | 47 | 24 | | | | | | | | | | | | |
| 48 | 5 | 48 | 8 | | | | | | | | | | | | |
| 48 | 21 | 49 | 10 | | | | | | | | | | | | |
| 49 | 12 | 49 | 15 | | | | | | | | | | | | |
| 49 | 19 (begin with "Did") | 49 | 21 | | | | | | | | | | | | |
| 49 | 23 | 49 | 23 | | | | | | | | | | | | |
| 50 | 1 (begin with "did") | 50 | 16 | | | | | | | | | | | | |
| 50 | 19 | 51 | 5 | | | | | | | | | | | | |
| 51 | 16 | 51 | 21 | | | | | | | | | | | | |
| 53 | 18 (begin with "Ms.") | 54 | 2 | 53:18-54:6 (privileged; done at direction of counsel) | Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, | | | | | | | | | | |
| 54 | 5 | 54 | 6 | 53:18-54:6 (privileged; done at direction of counsel) | | | | | | | | | | | |
| 63 | 8 | 63 | 13 | | | | | | | | | | | | |
| 63 | 15 | 64 | 13 | | | | | | | | | | | | |
| 64 | 15 | 66 | 21 | | | | | | | | | | | | |
| 67 | 9 | 67 | 11 | | | | | | | | | | | | |
| 67 | 17 | 68 | 3 | | | | | | | | | | | | |
| 69 | 15 | 69 | 18 | | | | | | | | | | | | |

| WITNESS NAME: | Marina MacDonald 30(b)(6) | |
|---|---|---|
| **DEPOSITION DATE:** | 8/24/22 | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 70 | 2 | 70 | 9 | (privileged; done at direction of counsel) | | | | | | | | | | | | | |
| | | | | | | 72 | 6 | 73 | 25 | Outside scope of proper Rule 32(a)(6) counter designation. | | | | | | | |
| | | | | | | 79 | 3 | 79 | 13 | | | | | | | | |
| | | | | | | 79 | 24 | 80 | 3 | | | | | | | | |

| WITNESS NAME: | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 7/6/22 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 24 | 9 | 3 | | | | | | | | | | | | | | |
| 13 | 7 | 16 | 7 | 13:7-25, 14:1-25 and 15:1-19 Relevance; not designated as an expert witness | His prior experience in hotel security is relevant to his understanding of security issues facing hotels as well as his ability to identify those issues through visual observation, including during his time as safety and security director at Red Roof; que | 110 111 111 112 117 118 | 14 13 21 18 24 5 | 110 111 111 112 118 118 | 25 16 25 25 1 6 | 117:24-118:6 argumentative, mistates evidence, calls for legal conclusions | | | | | | | |
| 16 | 11 | 16 | 16 | Misleading; vague and ambiguous; likely to confuse the jury | Not misleading, see 7:2-7; does not assume any facts not in evidence, as the role of each Red Roof Defendants is clearly in the record. | | | | | | | | | | | | |
| 16 | 20 | 18 | 20 | 16:20-24 Misleading; vague and ambiguous; likely to confuse the jury | Not misleading, see 7:2-7; does not assume any facts not in evidence, as the role of each Red Roof Defendants is clearly in the record. | 110 111 111 112 117 118 | 14 13 21 18 24 5 | 110 111 111 112 118 118 | 25 16 25 25 1 6 | 117:24-118:6 argumentative, mistates evidence, calls for legal conclusions | The question is not argumentative, nor does it mistate the evidence or call for a legal conclusion; the witness answered yes because that is what OSHA found; | | | | | |
| 18 | 23 | 22 | 6 | | | 122 122 122 123 123 124 124 124 | 7 19 23 18 23 4 6 11 | 122 122 122 123 124 124 124 124 | 16 21 23 21 2 4 9 19 | 122:19-21-124:19 vague, confusing, misleading | This line of questioning is neither vague, confusing nor misleading. | 122 | 6 | 122 | 9 | Calls for expert opinion and not disclosed as an expert; improper and incomplete hypothetical; misleading; calls for speculation. | |
| | | | | | | | | | | | | 122 | 12 | 122 | 12 | Calls for expert opinion and not disclosed as an expert; improper and incomplete hypothetical; misleading; calls for speculation | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | McElroy, Tom |
|---|---|---|---|
| DEPOSITION DATE: | | | 7/6/22 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 122 | 14 | 122 | 18 | Calls for expert opinion and not disclosed as an expert; improper and incomplete hypothetical; misleading; calls for speculation. |
| 23 | 1 | 23 | 11 | | | | | | | | | | | | |
| 24 | 10 | 24 | 12 | | | | | | | | | | | | |
| 24 | 14 | 24 | 23 | | | | | | | | | | | | |
| 25 | 7 | 25 | 8 | Lines 7-22 calls for speculation; not disclosed as an expert and cannot use him as such | Deponent is the former safety and security director for Red Roof; among his job responsibilities was identifying criminal conduct at Red Roof locations and question asks whether he identified such conduct at Red Roof locations during his time in that role | | | | | | | | | | |
| 25 | 10 | 25 | 20 | p. 25 lines 23-25; p. 26, lines 1-4 Relevance; Not property at issue | The ability of the safety and security director to observe prostitution during his visits is relvant to the ability of the Red Roof Defendants to identify it occurring at the Buckhead and Smyrna locations, and their claims that identifying such activity w | | | | | | | | | | |
| 25 | 22 | 26 | 4 | | | | | | | | | | | | |
| 26 | 20 | 27 | 13 | 26:lines 20-23 Relevance; Speculation | Deponent is the former safety and security director for Red Roof; among his job responsibilities was identifying criminal conduct at Red Roof locations and question asks whether he identified such conduct at Red Roof locations during his time in that role | 118 119 119 119 120 120 137 | 7 5 8 14 16 7 9 23 | 118 119 119 120 120 120 138 | 19 6 12 14 5 7 13 2 | | 118 | 20 | 118 | 24 | |
| 27 | 15 | 27 | 25 | p. 25 lines 23-25; p. 26, lines 1-4 Relevance; Not property at issue; p. 27, lines 12-25; speculation; relevance; not property at issue | Deponent is the former safety and security director for Red Roof; among his job responsibilities was identifying criminal conduct at Red Roof locations and question asks whether he identified such conduct at Red Roof locations during his time in that role | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | McElroy, Tom | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 7/6/22 | | | | | | | | | | | | | | | |
| 28 | 3 | 28 | 9 | | | 120 134 137 | 14 7 16 | 120 134 137 | 25 21 22 | | | | | | | | | |
| 28 | 24 | 29 | 21 | 28:24-25 and 29:1-25 Relevance; hearsay; not related to property at issue in case | Relevant to Red Roof's knowledge of sex trafficking occurring at its properties; not hearsay, statement of party opoonent, not offered for truth, but notice | | | | | | | | | | | | | |
| 29 | 23 | 29 | 25 | 29:23-25 Relevance; hearsay; calls for speculation; Lack of foundation | Relevant to Red Roof's knowledge of sex trafficking occurring at its properties; not hearsay, statement of party opoonent | | | | | | | | | | | | | |
| 30 | 3 | 30 | 6 | Legal conclusion; speculation; relevance | Does not seek a legal conclusion, but whether he observed what he believed was sex trafficking; does not call for speculation, response is based on decades in law enforcement and hotel security; relevant to Red Roof's ability to identify sex trafficking o | 121 | 1 | 121 | 9 | | | | | | | | | |
| 30 | 8 | 30 | 8 | Legal conclusion; speculation; relevance | See response above | 121 | 1 | 121 | 9 | | | | | | | | | |
| 31 | 20 | 32 | 3 | 31:20-25 Relevance; not related to property at issue; hearsay | Relevant to Red Roof's knowledge of criminal activity occurring at its hotels and steps to take to remedy such issues; not hearsay, statement of party opponent | | | | | | | | | | | | | |
| 32 | 5 | 32 | 11 | 32:1-11 Relevance; not related to property at issue; speculation | Relevant to Red Roof's knowledge of criminal activity occurring at its hotels and steps to take to remedy such issues; not speculating, testify as to his knowledge of what steps were taken to reduce and prevent crime at location | | | | | | | | | | | | | |

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | | | |

| 32 | 13 | 33 | 18 | 32:12-13 Relevance, 33:1-18 Speculation; Relevance | relevant to the ability of Red Roof to identify prostitution, sex trafficking, and related criminal activity on its property; does not call for speculation, Red Roof's operating manual says as much with regard to prostitution and answer is based on decade | | | | | | | | | | | |
| 33 | 20 | 33 | 20 | Speculation; Relevance | See response above | | | | | | | | | | | |
| 34 | 8 | 34 | 10 | Speculation; Relevance | See response above | | | | | | | | | | | |
| 34 | 12 | 35 | 17 | 34:12-21 Relevance; Speculation; not disclosed as an expert witness | See response above; also question does not seek information based on scientific, technical, or other specialized knowledge within the scope of Rule 702 | 115 | 17 | 115 | 24 | | | | | | | |
| 34 | 22 | 35 | 17 | Relevance; Speculation; not disclosed as an expert witness | Relevant to Red Roof's knowledge of criminal activity occurring at its hotels and how certain criminal activity relates to other activity; not speculating, testify as to his knowledge as safety and security director at Red Roof, indeed testimony reflects | 137 | 23 | 138 | 2 | | | | | | | |
| 36 | 7 | 36 | 9 | Relevance; Speculation; not disclosed as an expert witness | Relevant to Red Roof's knowledge of criminal activity at its locations and steps it took, or failed to take to address those concerns; not speculating, testifying as to his experience as safety and security director of Red Roof, and thus also does not see | | | | | | | | | | | |
| 36 | 11 | 36 | 18 | Relevance; Speculation; not disclosed as an expert witness | See response above | | | | | | | | | | | |
| 37 | 5 | 37 | 17 | | | | | | | | | | | | | |

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | | | | |
| 37 | 19 | 37 | 25 | 37:20-25 Relevance; legal conclusion; improper expert opinion | Relevant to Red Roof's knowledge of criminal activity ocurring at its locations and the steps it took, or failed to take in response to that activity; neither calls for legal conclusion nor improper expert opinion as question simply askes whether he repor | | | | | | | | | | | | |
| 39 | 7 | 39 | 12 | Relevance; legal conclusion; improper expert opinion | Relevant to Red Roof's knowledge of criminal activity ocurring at its locations and the steps it took, or failed to take in response to that activity; neither calls for legal conclusion nor improper expert opinion as question simply askes whether he repor | | | | | | | | | | | | |
| 39 | 14 | 40 | 9 | 39:14-25 and 40:1-9 Relevance; legal conclusion; improper expert opinion | Relevant to Red Roof's knowledge of criminal activity ocurring at its locations and the steps it took, or failed to take in response to that activity; neither calls for legal conclusion nor improper expert opinion as question simply askes whether he repor | | | | | | | | | | | | |
| 39 | 19 | 40 | 9 | 40:1-9 Relevance; improper expert opinion | legal conclusion and improper expert opinion objections to 39:19-40:6 waived by failure to assert at deposition; that safety and security director shared concerns about prostitution and sex trafficking at Red Roof locations is relevant to Red Roof's knowl | | | | | | | | | | | | |

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | |

| 40 | 11 | 40 | 20 | 40:11 Relevance; improper expert opinion | Testimony is relevant to Red Roof's knowledge of steps to take to reduce criminal activity and its failure to take those steps at locations at issue in litigation; does not seek expert testimony, asks what recommendations he made to Red Roof to reduce cri | | | | | | | | | |
| 40 | 22 | 41 | 7 | 40:11 Relevance; improper expert opinion | See response above | | | | | | | | | |
| 44 | 6 | 44 | 12 | Relevance; Speculation | That Red Roof's Safety & Security Director made recommendations to Red Roof as to how it could help prevent and deter prostitution and sex trafficking and means for doing so is relevant, particularly in light of Red Roof's lack of action in this case | | | | | | | | | |
| 44 | 14 | 45 | 8 | 44:14-24 Relevance; Speculation; improper expert opinion | That Red Roof's Safety & Security Director made recommendations to Red Roof as to how it could help prevent and deter prostitution and sex trafficking and means for doing so is relevant, particularly in light of Red Roof's lack of action in this case; not | | | | | | | | | |
| 46 | 9 | 46 | 20 | 44:14-24 Relevance; Speculation;not the hotel at issue; misleading | Red Roof's actions taken in response to recommendations to reduce criminal activity at its locations is relevant to its ability to reduce such activity at locations at issue and failure to do so; question is not about a specific hotel location, but about | | | | | | | | | |

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | 23 | 47 | 1 | 46:23-25 Relevance, 47:1 Relevance; Improper Hypothetical; improper expert opinion | Relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages; not a hypothetical, based on his own experience at Red Roof and prior job; not expert testimony | | | | | | | | | | | |
| 47 | 3 | 47 | 17 | Relevance; Improper Hypothetical; improper expert opinion; speculation | Relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages; not a hypothetical, based on his own experience at Red Roof and prior job; not expert testimony; not speculation, based on his experience | | | | | | | | | | | |
| 47 | 19 | 47 | 25 | Relevance; Improper hypothetical; speculation | Relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages; not a hypothetical, based on his own experience at Red Roof and prior job;  not speculation, based on his experience | | | | | | | | | | | |
| 48 | 13 | 48 | 24 | Lines 13-18; Relevance; Misleading | Relevant to Red Roof's prioritization of revenue over safety, shows lack of resources given to safety and security; not misleading, deponent testifies as to his own experience | | | | | | | | | | | |
| 50 | 11 | 50 | 13 | Relevance; speculation; improper expert opinion | Relevant to why Red Roof GMs might not call law enforcement even when they saw criminal activity; not speculation, testifying to his own experience and interactions with GMs, not expert opinion | | | | | | | | | | | |
| 50 | 15 | 50 | 25 | Relevance; speculation; improper expert opinion | See response above | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | | |

| 53 | 1 | 53 | 4 | Relevance; calls for speculation | Relevant to the motive of Red Roof in taking preventative measures and why it failed to take such measures at Buckhead and Smyrna; does not call for speculation as question seeks his own knowledge of Red Roof's conduct | | | | | | | | | | |
| 53 | 6 | 53 | 11 | Relevance | Relevant to the motive of Red Roof in taking preventative measures and why it failed to take such measures at Buckhead and Smyrna | | | | | | | | | | |
| 53 | 13 | 54 | 7 | Relevance; calls for speculation; impoper expert opinion | Relevant to the motive of Red Roof in taking preventative measures and why it failed to take such measures at Buckhead and Smyrna; does not call for speculation as question seeks his own knowledge of Red Roof's conduct; not expert opinion, testimony about | | | | | | | | | | |
| 54 | 11 | 54 | 12 | Relevance; calls for speculation; impoper expert opinion | See response above | | | | | | | | | | |
| 54 | 14 | 54 | 18 | Relevance; calls for speculation; impoper expert opinion | See response above | | | | | | | | | | |
| 54 | 20 | 55 | 12 | Relevance; calls for speculation; impoper expert opinion | Relevant to the motive of Red Roof in taking preventative measures and why it failed to take such measures at Buckhead and Smyrna; does not call for speculation as question seeks his own knowledge of Red Roof's conduct and his belief based on his personal | | | | | | | | | | |
| 55 | 14 | 55 | 18 | Relevance; calls for speculation; impoper expert opinion | See response above. | | | | | | | | | | |
| 55 | 20 | 55 | 23 | 55:20 Impoper opinion | No question at 55:20; nothing improper about question at 55:22-23 | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | |

| 55 | 25 | 56 | 23 | 56:1-23 Speculation; Relevance | Not speculation, asks deponent's understanding based on his own experience; relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | 1 | 57 | 4 | Relevance; speculation | See response above | | | | | | | | | |
| 57 | 6 | 57 | 23 | 57:6-16, 17-23 Relevance; speculation | 57:6-16 See response above; 57:17-23 Relevant to deponents continued efforts even after leaving Red Roof to have Red Roof take steps to prevent trafficking occurring at its locations, including during the period in which Plaintiffs were trafficked at Red | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 81 | 1 6 8 21 23 2 | | | | | |
| 58 | 2 | 58 | 14 | Relevance | Relevant to deponents continued efforts even after leaving Red Roof to have Red Roof take steps to prevent trafficking occurring at its locations, including during the period in which Plaintiffs were trafficked at Red Roof locations, and Red Roof's respon | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 80 | 1 6 8 21 23 2 | 79: 5-6, 79:8 Argumentative, Mistates evidence, call for legal conclusion, vague; 79:17-21, 79:23-24 Argumentative, Mistates evidence, assumes facts not in evidence; 80:17-81:2 relevance, calls for legal conclusion, argumentative | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credibi | | | | |
| 58 | 16 | 58 | 20 | 58:16, 18-20 Relevance; hearsay | Relevant to deponents continued efforts even after leaving Red Roof to have Red Roof take steps to prevent trafficking occurring at its locations, including during the period in which Plaintiffs were trafficked at Red Roof locations, and Red Roof's respon | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 80 | 1 6 8 21 23 2 | See objection above | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credib | | | | |

| WITNESS NAME: | | McElroy, Tom | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 7/6/22 | | | | | | | | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 58 | 22 | 60 | 2 | 58:22-25, 59:1-25 and 60:1-2 Relevance; hearsay | Relevant to deponents continued efforts even after leaving Red Roof to have Red Roof take steps to prevent trafficking occurring at its locations, including during the period in which Plaintiffs were trafficked at Red Roof locations, and Red Roof's respon | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 81 | 1 6 8 21 23 2 | See objection above | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credib | | | |
| 61 | 1 | 61 | 8 | Relevance; Speculation; Lack of; Assumes facts not in evidence | Posts were being made during period in which Plaintiffs were trafficked at Red Roof locations, Red Roof's actions to prevent trafficking during that period are relevant; does not call for speculation or assume facts not in evidence, deponent is testifying | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 81 | 1 6 8 21 23 2 | See objection above | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credib | | | |
| 61 | 10 | 61 | 14 | 61:10-11 Relevance; Speculation; Lack of Foundation, 61:13-14 Relevance; Lack of Foundation | Posts were being made during period in which Plaintiffs were trafficked at Red Roof locations, Red Roof's actions to prevent trafficking during that period are relevant; does not call for speculation or assume facts not in evidence, deponent is testifying | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 81 | 1 6 8 21 23 2 | See objection above | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credib | | | |
| 61 | 16 | 61 | 19 | Relevance; Lack of Foundation | Posts were being made during period in which Plaintiffs were trafficked at Red Roof locations, Red Roof's actions to prevent trafficking during that period are relevant; does not call for speculation or assume facts not in evidence, deponent is testifying | 70 78 79 80 80 80 | 14 24 8 10 23 25 | 71 79 79 80 80 81 | 1 6 8 21 23 2 | See objection above | This testimony is not argumentative; does not misstate the evidence and does not call for a legal conclusion; it is relevant to show not only bias by the witness but also the dishonesty of the witness. Which are relevant for the jury to assess his credib | | | |
| 62 | 2 (begin with "You") | 62 | 20 | Relevance; hearsay | Tweet is attached to email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not hearsay, not offered for truth of matter asserted | | | | | | | | | |
| 62 | 22 | 63 | 7 | 62:22-25 and 63:1-7 Relevance; hearsay | See response above | | | | | | | | | |

| WITNESS NAME: | | | | | | McElroy, Tom | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | | 7/6/22 | | | | | | | | | | | |

| 64 | 19 | 64 | 20 | Relevance; hearsay | Message is contained within email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not hearsay, not offered for truth of matter asserted | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | 24 | 65 | 1 | 64:24-25 Relevance; hearsay; 65:1 Relevance; Speculation; Lack of Foundation; Legal conclusion | The question is whether the deponent has reviewed a document produced by Red Roof; none of these objections are applicable; also see response above | | | | | | | | | | | | |
| 65 | 18 | 66 | 4 | 65:18-25 and 66:1-4 Relevance; Speculation; Lack of Foundation; Legal conclusion | Message is contained within email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not speculation, statement is based on deponent's experience as safety and sec | 128 129 | 16 13 | 128 129 | 24 15 | | | | | | | | |
| 66 | 6 | 66 | 10 | Relevance; Speculation; Lack of Foundation; Legal conclusion; relevance; subject to release | Message is contained within email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not speculation, statement is based on deponent's experience as safety and sec | | | | | | | | | | | | |
| 66 | 12 | 66 | 16 | 66:12 Relevance; Speculation; Lack of Foundation; Legal conclusion; relevance; subject to release, 66:14-16 Speculation; Lack of Foundation; Legal conclusion; Improper opinion; relevance; subject to release | See response above; also not opinion testimony, based on his own experience at Red Roof | 128 129 | 16 13 | 128 129 | 24 15 | | | | | | | | |
| 66 | 18 | 66 | 18 | 66:18 Speculation; Lack of Foundation; Legal conclusion; Improper opinion | See response above | 128 129 | 16 13 | 128 129 | 24 15 | | | | | | | | |

| WITNESS NAME: | | | | McElroy, Tom | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 7/6/22 | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 67 | 20 | 67 | 22 | Improper opinion; speculation; lack of foundation; legal conclusion; subject to release; relevance | Not opinion, not speculation, sufficient foundation; testimony is based on deponent's experience as director of safety and security at Red Roof duing period in which Plaintiffs were trafficked at Red Roof locations | | | | | | | | | | |
| 67 | 24 | 68 | 4 | 67:24 Improper opinion; speculation; lack of foundation; legal conclusion; subject to release; relevance, 68:1-4 Speculation; legal conclusion; lack of foundation;subject to release; relevance | Not opinion, not speculation, sufficient foundation, not legal conclusion; testimony is based on deponent's experience as director of safety and security at Red Roof duing period in which Plaintiffs were trafficked at Red Roof locations; subject to releas | | | | | | | | | | |
| 68 | 6 | 68 | 12 | 68:6-8 Speculation; legal conclusion; lack of foundation; subject to release; relevance, 68:10-12 Relevance; subject to release | See response above | | | | | | | | | | |
| 68 | 14 | 68 | 18 | 68:14 Relevance; subject to release | See response above | | | | | | | | | | |
| 68 | 20 | 68 | 20 | Speculation; Relevance improper expert opinion; subject to release | See response above | | | | | | | | | | |
| | | | | | | 81 82 84 85 85 | 20 7 13 2 13 | 81 82 84 85 85 | 22 8 24 2 16 | | | | | | |
| | | | | | | 126 | 15 | 127 | 1 | | | | | | |
| | | | | | | 144 | 7 | 144 | 18 | | | | | | |

| WITNESS NAME: | | | Moyer, James (Jay) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 3/18/22 | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | |

| **AFFIRMATIVE DEPOSITION DESIGNATIONS** | | | | | **COUNTER DESIGNATIONS** | | | | | **REPLY DESIGNATIONS** | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 1 | 9 | 11 | | | | | | | | | | | | | | |
| 14 | 12 | 14 | 15 | | | | | | | | | | | | | | |
| 19 | 15 | 20 | 1 | | | 18 | 24 | 19 | 7 | | | | | | | | |
| 22 | 11 | 23 | 1 | | | | | | | | | | | | | | |
| 24 | 21 | 24 | 25 | | | | | | | | | | | | | | |
| 26 | 1 | 26 | 9 | | | | | | | | | | | | | | |
| 26 | 17 | 26 | 25 | | | | | | | | | | | | | | |
| 30 | 3 | 31 | 7 | | | | | | | | | | | | | | |
| 32 | 10 | 33 | 7 | | | 33<br>34<br>35 | 8<br>8<br>1 | 33<br>34<br>35 | 24<br>12<br>10 | None | | | | | | | |
| 45 | 15 | 46 | 23 | | | 31<br>49 | 8<br>4 | 31<br>49 | 16<br>20 | As to 31:8-31:14, FRE 403. Whatever the witness's recollection on this, it is untrue. The location was not franchised by a third party franchisee in this time period, and thus Moyer's testimony to this effect has no probative value and would only exist to | As to 31:8-31:14, it completes the line of questioning Plaintiffs designated and says the same thing Plaintiff included in their initial designations i.e. that he didn't not oversee the property for 18 months (see Plaintiff's designation at 45:15-21). To | | | | | | |
| 49 | 23 | 50 | 17 | | | 50 | 18 | 51 | 4 | None | | | | | | | |
| 66 | 8 | 66 | 22 (end with "think." | | | ~~80~~ | ~~1~~ | ~~80~~ | ~~16~~ | Outside the scope of a proper Rule 32(a)(6) counter designation. The affirmative testimony is about the identity of a manager and his performance review. The counter designation is about cleaniless audits for rooms. | counter withdrawn. | | | | | | |
| 87 | 9 | 87 | 17 | | | 47 | 18 | 48 | 9 | None | | | | | | | |
| 95 | 23 | 95 | 25 | | | | | | | | | | | | | | |
| 101 | 12 | 103 | 18 | | | | | | | | | | | | | | |
| 119 | 2 | 119 | 5 | Foundation | Lack of proper foundation is a form objection that has been waived. In any case, foundation was laid that witness was aware of security services being offered at the location. His lack of familiarity with the document goes to the credibility of his opinio | | | | | | | | | | | |
| 119 | 12 | 120 | 5 | Foundation | | | | | | | | | | | | | |
| 124 | 24 | 125 | 9 | Foundation | | | | | | | | | | | | | |
| 125 | 13 | 125 | 20 | Foundation | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Moyer, James (Jay) |
|---|---|---|---|
| DEPOSITION DATE: | | | 3/18/22 |

**Designations Can Only be Used if Witness Is Unavailable to Testify Live**

| P | L | P | L | | | P | L | P | L | | | P | L | P | L | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 125 | 22 | 126 | 8 | | | 126 | 9 | 126 | 19 | None | | | | | | |
| | | | | | | 126 | 21 | 126 | 23 | | | | | | | |
| 127 | 7 | 128 | 19 | | | | | | | | | | | | | |
| 129 | 23 | 130 | 13 | | | | | | | | | | | | | |
| 130 | 16 | 131 | 1 | | | | | | | | | | | | | |
| 131 | 3 | 131 | 13 | | | | | | | | | | | | | |
| 131 | 16 | 133 | 4 | | | | | | | | | | | | | |
| 133 | 6 | 133 | 18 | | | | | | | | | | | | | |
| 133 | 24 | 134 | 21 | | | | | | | | | | | | | |
| 136 | 4 | 136 | 16 | | | | | | | | | | | | | |
| 136 | 20 | 137 | 17 | | | | | | | | | | | | | |
| 137 | 19 | 138 | 2 | | | | | | | | | | | | | |
| 138 | 5 | 138 | 5 | | | | | | | | | | | | | |
| 138 | 8 | 138 | 9 | | | | | | | | | | | | | |
| 141 | 1 | 141 | 5 | | | | | | | | | | | | | |
| 141 | 8 | 141 | 16 | | | 142 | 1 | 142 | 12 | None | | 142 | 13 | 142 | 23 | NONE |
| 142 | 24 | 142 | 25 | | | | | | | | | | | | | |
| 143 | 16 | 143 | 22 | | | 143 | 4 | 143 | 15 | None | | | | | | |
| 143 | 24 | 144 | 5 | | | | | | | | | | | | | |
| 144 | 10 | 144 | 16 | | | | | | | | | | | | | |
| 145 | 13 | 146 | 4 | | | | | | | | | | | | | |
| 147 | 2 | 147 | 9 | | | 147 | 10 | 148 | 11 | None | | | | | | |
| 148 | 15 | 149 | 22 | | | | | | | | | | | | | |
| 149 | 24 | 150 | 16 | | | | | | | | | | | | | |
| 150 | 18 | 151 | 20 | | | 151 | 21 | 152 | 15 | None | | | | | | |
| | | | | | | 152 | 25 | 153 | 21 | | | | | | | |
| 155 | 13 | 155 | 16 | | | 155 | 24 | 156 | 6 | None | | 156 | 15 | 157 | 2 | To complete the Mr. Moyer's answer, line 157:4-11 need to be added. If Plaintiffs agree to add those lines, there is no objected. Otherwise, it is unfairly prejudicial to end a designation in the middle of an answer. |
| | | | | | | 156 | 11 | 156 | 14 | | | | | | | |
| 155 | 19 | 155 | 23 | | | | | | | | | | | | | |
| 156 | 7 | 156 | 10 | | | | | | | | | | | | | |
| 164 | 5 | 164 | 6 | | | 162 | 5 | 164 | 2 | None | | | | | | |
| 164 | 21 | 165 | 20 | | | | | | | | | | | | | |
| 166 | 18 | 169 | 6 | | | | | | | | | | | | | |
| 169 | 18 | 170 | 15 | | | 329 | 7 | 329 | 11 | None | | | | | | |
| 170 | 25 | 171 | 1 | | | | | | | | | | | | | |
| 171 | 23 | 172 | 12 | Argumentative ("again to our friend Michelle wehrle") | This is not unnecessarily hostile or argumentative for a witness on cross. | | | | | | | | | | | |
| 173 | 5 | 174 | 8 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Moyer, James (Jay) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/18/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 174 | 11 | 176 | 13 | Foundation, improper lay opinion | Witness is testifying as a lay witness regarding his personal knowledge, and his personal knowledge and rationally based perception on what constitutes sex trafficking is relevant to the quality of the training Red Roof employees received and how easy or | | | | | | | | | | |
| 177 | 7 | 178 | 14 | | | 179 | 1 | 179 | 12 | None | | | | | |
| 180 | 6 | 181 | 17 | | | | | | | | | | | | |
| 181 | 25 | 182 | 2 | | | | | | | | | | | | |
| 183 | 7 | 183 | 18 | Hearsay, relevance foundation | Police report is not hearsay, as it is not offered to prove the truth of the matter asserted but effect on the listener. All of this is offered to show Red Roof's notice of likely or suspected criminal activity at its locations and the reasonableness of i | | | | | | | | | | |
| 184 | 25 | 185 | 25 | | | | | | | | | | | | |
| 186 | 3 | 186 | 24 | | | | | | | | | | | | |
| 188 | 21 | 190 | 1 | Foundation | Foundation is a form objection that has been waived as to nearly all of this testimony. In any case, foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete | | | | | | | | | | |
| 190 | 3 | 190 | 17 | Foundation, | | | | | | | | | | | |
| 190 | 19 | 191 | 12 | foundation, hearsay | Police report is not hearsay, as it is not offered to prove the truth of the matter asserted but effect on the listener. All of this is offered to show Red Roof's notice of likely or suspected criminal activity at its locations and the reasonableness of i | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Moyer, James (Jay) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/18/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 191 | 14 | 192 | 23 | foundation | | 192 | 24 | 193 | 7 | None | | | | | |
| 193 | 8 | 193 | 9 | foundation | Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports | | | | | | | | | | |
| 193 | 15 | 193 | 19 | foundation | | | | | | | | | | | |
| 194 | 12 | 194 | 22 | foundation | | | | | | | | | | | |
| 195 | 1 | 195 | 10 | improper hypothetical | As to improper hypothetical objection, this is a lay witness offering his rationally based perception regarding facts of which he has personal knowledge. And witness's expectations regarding | | | | | | | | | | |
| 195 | 12 | 196 | 2 | improper hypothetical, argumentative | | | | | | | | | | | |
| 196 | 5 | 197 | 19 | foundation, improper hypothetical | | | | | | | | | | | |
| 198 | 1 | 199 | 10 | Hearsay, foundation, irrelevant, improper hypothetical | | | | | | | | | | | |
| 199 | 12 | 199 | 21 | Hearsay, foundation, irrelevant, improper hypothetical | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Moyer, James (Jay) | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/18/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 199 | 23 | 200 | 9 | Hearsay, foundation, irrelevant, improper hypotehtical | | | | | | | | | | | | |
| 200 | 11 | 200 | 23 | | | | | | | | | | | | | |
| 201 | 3 | 201 | 5 | | | | | | | | | | | | | |
| 201 | 15 | 201 | 20 | | | | | | | | | | | | | |
| 201 | 23 | 202 | 1 | | | | | | | | | | | | | |
| 204 | 13 | 204 | 21 | | | | | | | | | | | | | |
| 205 | 1 | 205 | 22 | | 202 | 6 | 202 | 22 | None | | | | | | | |
| 205 | 25 | 206 | 15 | | | | | | | | | | | | | |
| 206 | 17 | 206 | 20 | | | | | | | | | | | | | |
| 207 | 14 | 208 | 4 | | | | | | | | | | | | | |
| 208 | 7 | 209 | 9 | | | | | | | | | | | | | |
| 209 | 14 | 210 | 5 | 403 | Witness's own characterization of guests at Buckhead location as "pimps and hos," even if made in jest or parroting others' words, are not unfairly prejudicial, confusing, or duplicative. Witness's characterization belies his own knowledge of actual or su | | | | None | | | | | | | |
| 211 | 11 | 211 | 21 | 403 | | | | | | | | | | | | |
| 211 | 23 | 213 | 11 | 403 | | | | | | | | | | | | |
| 213 | 13 | 213 | 14 | 403 | | 213 | 16 | 214 | 24 | | | | | | | |
| 215 | 1 (start with "nwb..") | 215 | 13 (end with "Sure.") | 403 | | 215 | 13 (start w | 215 | 24 | | | | | | | |
| 215 | 25 | 217 | 19 | 403 | | | | | | | | | | | | |
| 218 | 6 | 218 | 11 | 403 | | 218 | 12 | 219 | 10 | | | | | | | |
| 219 | 11 | 219 | 21 | 403 | | 219 | 11 | 220 | 19 | | | | | | | |
| 228 | 4 | 228 | 5 | | | | | | | | | | | | | |
| 228 | 14 | 229 | 1 | | | | | | | | | | | | | |
| 229 | 8 | 230 | 11 | | | 230 | 12 | 231 | 11 | None | | | | | | |
| 231 | 13 (start with "So") | 232 | 19 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WITNESS NAME:** | | | Moyer, James (Jay) | | | | | | | | | | | | |
| **DEPOSITION DATE:** | | | 3/18/22 | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 232 | 22 | 233 | 20 | | | 234 | 7 | 235 | 4 | Not relevant, argumentative. | This counter completed the prior line of questioning that was based on a hypothetical poised by Plaintiffs' counsel. Not including Mr. Moyer's full answer to the hypothetical poised would unfairly prejudical. | | | | |
| 235 | 7 (start with "If") | 235 | 23 | | | 236 | 5 | 237 | 2 | None | | | | | |
| 250 | 25 | 251 | 6 | | | | | | | | | | | | |
| 251 | 12 | 252 | 23 | | | | | | | | | | | | |
| 253 | 14 | 253 | 24 | | | 253 | 25 | 255 | 3 | None | | | | | |
| 256 | 16 (start with "It") | 256 | 19 | | | | | | | | | | | | |
| 256 | 22 | 261 | 1 | | | 261 | 2 | 261 | 10 | None | | | | | |
| 261 | 12 (start with "You") | 262 | 13 | | | | | | | | | | | | |
| 263 | 4 | 264 | 15 | | | 264 | 16 | 265 | 4 | None | | | | | |
| 265 | 5 (start with "On") | 265 | 11 | | | 266 | 12 | 267 | 13 | Not a proper counter designation. This is a portion of a question--not even the complete quesiton and none of the answer. It appears this is intended to be 266:12-267:13, to which there is no objection as to admissibilty. | You are correct, thank you for flagging. The counter has been updated to reflect 266:12-267:13. | | | | |
| 268 | 13 (start with "I'm") | 268 | 14 | | | | | | | | | | | | |
| 268 | 22 (start with"And") | 270 | 1 | | | | | | | | | | | | |
| 270 | 4 | 270 | 9 | | | | | | | | | | | | |
| 270 | 13 | 271 | 6 | | | | | | | | | | | | |
| 278 | 1 | 278 | 2 | | | | | | | | | | | | |
| 278 | 6 | 279 | 8 | foundation, relevance | Foundation is a form objection that has been waived as to nearly all of this testimony. As to relevance, this all goes to notice and Defendants' knowledge of reported or suspected criminal activity at the location and the reasonableness of its response in | 279 | 8 | 279 | 21 | None | | | | | |
| 281 | 9 | 281 | 10 | | | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | Moyer, James (Jay) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/18/22 | | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | | |
| 281 | 14 | 282 | 16 | hearsay | The testimony is not offered to prove the truth of the matter asserted but instead to show notice of the report. Whether facts reported are true, Defendants' knowledge of reported or suspected criminal activity at the location and the reasonbleness of its | 282 | 17 | 283 | 24 | None | | | | | |
| 284 | 13 | 284 | 14 | | | | | | | | | | | | |
| 285 | 4 (start with "this") | 287 | 2 | Hearsay | The testimony is not offered to prove the truth of the matter asserted but instead to show notice of the report. Whether facts reported are true, Defendants' knowledge of reported or suspected criminal activity at the location and the reasonbleness of its | | | | | | | | | | |
| 287 | 5 | 287 | 13 | Foundation, hearsay | | | | | | | | | | | |
| 287 | 16 | 288 | 16 (end at "128") | Foundation, hearsay | | | | | | | | | | | |
| 289 | 7 (start with "The") | 290 | 24 | Hearsay, foundation | The testimony is not offered to prove the truth of the matter asserted but instead to show notice of the report. Whether facts reported are true, Defendants' knowledge of reported or suspected criminal activity at the location and the reasonbleness of its | | | | | | | | | | |
| 291 | 2 | 292 | 14 | Hearsay, foundation | | | | | | | | | | | |
| 293 | 13 (start with "Smyrna") | 293 | 22 | No objection | | | | | | | | | | | |
| 294 | 11 | 295 | 23 | | | | | | | | | | | | |
| 298 | 9 | 298 | 10 (end at "130") | | | | | | | | | | | | |
| 298 | 18 | 301 | 7 | Hearsay | The testimony is not offered to prove the truth of the matter asserted but instead to show notice of the report. Whether facts reported are true, Defendants' knowledge of reported or suspected criminal activity at the location and the reasonbleness of its | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | | Moyer, James (Jay) | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 3/18/22 | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | |
| 301 | 19 | 301 | 21 | | | | | | | | | | | |
| 302 | 7 | 303 | 21 | | | | | | | | | | | |
| 304 | 3 | 305 | 22 | | | | | | | | | | | |
| 306 | 10 | 308 | 11 | | | | | | | | | | | |
| 310 | 4 | 311 | 18 | Hearsay, foundation, | The testimony is not offered to prove the truth of the matter asserted but instead to show notice of the report. Whether facts reported are true, Defendants' knowledge of reported or suspected criminal activity at the location and the reasonbleness of its | | | | | | | | | | |
| 311 | 23 | 312 | 21 | Hearsay, foundation, | | | | | | | | | | |
| 312 | 24 | 312 | 25 | Foundation | The basis for a foundation objection is unclear, but testimony shows that witness received guest reviews at regular intervals and was responsible for assuring "qualty" at this location, which was measured within the organization by, among other things, co | | | | | | | | | | |
| 313 | 2 | 313 | 6 | No objection | | | | | | | | | | |
| 313 | 8 | 313 | 17 | | | | | | | | | | | |
| 313 | 19 | 314 | 8 | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Moyer, James (Jay) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 3/18/22 | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | |
| 314 | 10 | 315 | 17 | Vague, foundation, improper lay opinion | Witness is testifying as a lay witness regarding his personal knowledge, and his personal knowledge and rationally based perception regarding whether the Buckhead location had problems with prostitution and sex trafficking. This is an opinion that doesn' | | | | | | | | | |
| 315 | 20 | 315 | 22 | Vague, foundation, improper lay opinion | | | | | | | | | | |
| 315 | 25 | 316 | 6 | Vague, foundation, improper lay opinion | | | | | | | | | | |

| WITNESS NAME: | | | Park, John |
|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3)

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 9 | 22 | 9 | 24 | | | 93 | 23 | 94 | 2 | | | | | | | | |
| 10 | 6 | 10 | 8 | | | 94 | 4 | 94 | 8 | | | | | | | | |
| 14 | 14 (begin with "these") | 14 | 18 | | | | | | | | | | | | | | |
| 15 | 1 | 15 | 12 | | | | | | | | | | | | | | |
| 26 | 1 | 26 | 6 | foundation | Proper foundation; see 27:12-28:3 and 38:10-16, 41:4-7, 41:21-48:4, PX 226 at 6. | | | | | | | | | | | | |
| 27 | 7 | 27 | 7 | foundation | Proper foundation; see 27:12-28:3 and | | | | | | | | | | | | |
| 27 | 12 | 28 | 3 | foundation | objection waived by failure to assert at deposition; also proper foundation, see designation and and 38:10-16, 41:4-7, 41:21-48:4, PX 226 at 6. | | | | | | | | | | | | |
| 31 | 18 | 31 | 25 | | | | | | | | | | | | | | |
| 34 | 23 | 35 | 7 | | | | | | | | | | | | | | |
| 38 | 10 | 38 | 16 | | | | | | | | | | | | | | |
| 39 | 25 | 40 | 5 | | | | | | | | | | | | | | |
| 41 | 4 | 41 | 7 | | | | | | | | | | | | | | |
| 41 | 21 | 42 | 6 | | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Park, John | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. *See* FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | |
| 43 | 6 | 43 | 12 | foundation | objection waived by failure to assert at deposition; also proper foundation, see 27:12-28:3 and 38:10-16, 41:4-7, 41:21-48:4, PX 226 at 6. | | | | | | | | | |
| 43 | 22 | 44 | 3 | | | | | | | | | | | |
| 45 | 9 | 45 | 20 | | | | | | | | | | | |
| 46 | 6 | 46 | 8 | | | | | | | | | | | |
| 46 | 21 | 46 | 24 | | | | | | | | | | | |
| 47 | 18 | 47 | 21 | | | | | | | | | | | |
| 51 | 4 (begin with "we'll") | 51 | 9 | | | | | | | | | | | |
| 51 | 25 | 52 | 3 | | | 52 | 6 | 53 | 10 | | | | | |
| 53 | 11 | 54 | 9 | | | | | | | | | | | |
| 55 | 6 | 56 | 2 | | | | | | | | | | | |
| 56 | 22 | 57 | 11 | | | | | | | | | | | |
| 57 | 14 | 57 | 18 | | | | | | | | | | | |
| 58 | 22 | 59 | 13 | | | | | | | | | | | |
| 60 | 9 | 60 | 12 | | | | | | | | | | | |
| 60 | 14 | 60 | 16 (end with "office") | | | 60 | 16 | 60 | 17 | | | | | |
| 61 | 24 | 62 | 7 | | | | | | | | | | | |
| 63 | 1 | 63 | 12 | | | | | | | | | | | |
| 63 | 22 | 64 | 3 | | | | | | | | | | | |
| 65 | 17 | 65 | 20 | | | | | | | | | | | |
| 65 | 24 | 65 | 25 | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Park, John | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | |
| 66 | 5 (begin with "we") | 66 | 12 | | | 66 | 19 | 66 | 25 | | | |
| 66 | 9 | 66 | 10 | | | | | | | | | |
| 67 | 1 | 67 | 22 | | | | | | | | | |
| 68 | 11 | 68 | 19 | | | | | | | | | |
| 68 | 22 | 69 | 1 | | | | | | | | | |
| 69 | 14 | 69 | 19 | | | 69 70 71 72 | 20 12 22 3 | 69 70 71 72 | 25 14 24 3 | | | |
| 72 | 4 | 72 | 6 | | | | | | | | | |
| 72 | 9 | 72 | 13 | | | | | | | | | |
| 73 | 24 | 74 | 2 | | | | | | | | | |
| 75 | 9 | 75 | 11 | | | | | | | | | |
| 75 | 14 | 75 | 17 | | | | | | | | | |
| 75 | 20 | 75 | 25 | | | | | | | | | |
| 77 | 24 | 80 | 4 | | | | | | | | | |
| 80 | 13 | 81 | 7 | | | | | | | | | |
| 81 | 20 | 82 | 1 | | | | | | | | | |
| 83 | 24 (begin with "We") | 84 | 13 | | | | | | | | | |
| 84 | 23 | 86 | 6 | | | | | | | | | |
| 86 | 14 | 87 | 8 | | | | | | | | | |
| 87 | 16 | 89 | 9 | | | | | | | | | |
| 89 | 11 | 89 | 12 | | | 89 90 91 | 13 25 12 | 90 91 91 | 2 2 16 | | | |

6423341.1

| WITNESS NAME: | | | Park, John | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | | |
| 91 | 17 | 91 | 19 | form - vague | not vague, precise language used by Red Roof to describe the Smyrna location, see 92:11-19 | | | | | | | | | | |
| 91 | 21 | 92 | 1 | | | | | | | | | | | | |
| 92 | 7 | 92 | 13 | | | | | | | | | | | | |
| 92 | 17 | 92 | 23 | | | | | | | | | | | | |
| 92 | 25 | 93 | 5 | | | | | | | | | | | | |
| 93 | 19 | 93 | 22 | | | | | | | | | | | | |
| 94 | 9 | 94 | 12 | outside the scope of notice personal knowledge only | Not outside scope of notice as topic 5 includes revenue derived from or attributable to Smyrna and North Druid Hills Red Roof locations | | | | | | | | | | |
| 94 | 23 | 94 | 23 | outside the scope of notice personal knowledge only | See response above | | | | | | | | | | |
| 98 | 1 | 98 | 7 | | | | | | | | | | | | |
| 98 | 14 | 98 | 16 | | | | | | | | | | | | |
| 98 | 18 | 98 | 18 | | | | | | | | | | | | |
| 99 | 2 | 99 | 11 | | | | | | | | | | | | |
| 101 | 2 | 101 | 7 | | | | | | | | | | | | |

6423341.1

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | Park, John | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | |
| 101 | 13 | 101 | 19 | relevance; 403; no finding of punitives | Relevant to providing context to Red Roof's lack of investment in safety and security and its failure to invest in sex trafficking prevention, and in particular, it's statement that $9,500 was too much to spend on sex trafficking training; probative value | | | | | | | | | |
| 104 | 13 | 105 | 11 | relevance; 403; | See response above | | | | | | | | | |
| 105 | 14 | 106 | 4 | relevance; 403; | See response above; also relevant to showing how RRF derives revenue from Smyrna and North Druid Hills locations | | | | | | | | | |
| 107 | 5 | 108 | 3 | relevance; 403; | Relevant to providing context to Red Roof's lack of investment in safety and security and its failure to invest in sex trafficking prevention, and in particular, it's statement that $9,500 was too much to spend on sex trafficking training and also relevan | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Park, John | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* **FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | |
| 108 | 15 | 108 | 18 | relevance; 403; | relevant to showing that major component of executive compensation was through bonus, based at least in part, on Red Roof revenue and thus relevant to motive to not take steps to eliminate revenue generating criminal activity; probative value not substant | | | | | | | | | | |
| 109 | 1 (begin with "And") | 109 | 21 | relevance; 403; no finding of punitives | See response above | | | | | | | | | | |
| 109 | 25 | 111 | 19 | relevance; 403; | See response above | | | | | | | | | | |
| 111 | 22 | 112 | 3 | relevance; 403; | See response above | | | | | | | | | | |
| 112 | 5 | 112 | 10 | relevance; 403; | See response above | | | | | | | | | | |
| 114 | 14 | 115 | 15 | relevance; prejudicial; personal information | See response above; also information relates to a Red Roof executive, not unrelated third-party | 114 | 2 | 114 | 9 | | | 114 | 10 | 114 | 13 | |

| WITNESS NAME: | | | | Park, John | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | | |
| 116 | 22 | 117 | 2 | relevance; 403; | relevant to showing that major component of executive compensation was through bonus, based at least in part, on Red Roof revenue and thus relevant to motive to not take steps to eliminate revenue generating criminal activity; probative value is not subst | | | | | | | | | | | |
| 117 | 5 | 117 | 5 | relevance; 403; | See response above | | | | | | | | | | | |
| 117 | 8 | 117 | 23 | relevance; 403; | See response above | | | | | | | | | | | |
| 118 | 9 | 119 | 18 | relevance; 403; | See response above | | | | | | | | | | | |
| 122 | 17 | 122 | 25 | relevance; 403; | See response above | 123 | 1 | 123 | 5 | | | | | | | |

| WITNESS NAME: | | | Park, John | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* **FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | | | | |
| 124 | 14 | 125 | 17 | relevance; 403; | Relevant to Red Roof's ability to terminate a franchise for not complying with applicable laws and Red Roof's failure to terminate either Smyrna or North Druid Hills locations; probative value is not substantially outweighed by danger of unfair prejudice, | | | | | | | | | | | | |
| 125 | 22 | 126 | 20 | | | | | | | | | | | | | | |
| 127 | 14 | 129 | 4 | | | | | | | | | | | | | | |
| 129 | 13 | 130 | 3 | | | | | | | | | | | | | | |
| 130 | 8 | 130 | 18 | relevance as other properties; prejudicial | Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and North Druid Hills, in particular its desire to continue to profit from the criminal activity at those locations; probative | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Park, John | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. _See_ FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | | |
| 131 | 9 | 132 | 6 | relevance as other properties; prejudicial | See response above | | | | | | | | | | | |
| 132 | 13 | 132 | 17 | relevance as other properties; prejudicial | See response above | | | | | | | | | | | |
| 132 | 19 (begin with "let's") | 133 | 22 | relevance as other properties; prejudicial | See response above | | | | | | | | | | | |
| 134 | 4 | 134 | 5 | relevance as other properties; prejudicial | See response above | | | | | | | | | | | |
| 134 | 7 | 134 | 9 | relevance as other properties; prejudicial | See response above | | | | | | | | | | | |
| 134 | 14 | 134 | 25 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Park, John | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | | |
| 135 | 2 | 135 | 9 | relevance as other properties; prejudicial | See response above | | | | | | | | | | |
| 135 | 17 | 135 | 21 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |
| 136 | 3 | 136 | 11 | relevance as other properties; prejudicial | this is the only property at which Red Roof pulled the flag for sex trafficking, the circumstances surrounding that decision and how they differ from Red Roof's decision making regarding Buckhead and Smyrna are relevant to Red Roof's motive and intent in | | | | | | | | | | |
| 137 | 15 | 137 | 17 | relevance as other properties; prejudicial | See response above | | | | | | | | | | |
| 137 | 24 | 138 | 4 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Park, John | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/25/22 | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | | |
| 138 | 14 | 138 | 19 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |
| 138 | 21 | 138 | 25 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |
| 139 | 11 | 140 | 6 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |
| 140 | 13 | 141 | 14 | relevance as other properties; prejudicial | See response above | | | | | | | | | | |
| 141 | 18 | 142 | 8 | relevance as other properties; prejudicial | See response above | | | | | | | | | | |
| 142 | 12 | 143 | 1 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |

| WITNESS NAME: | | | | Park, John | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | |
| 143 | 5 | 143 | 10 | relevance as other properties; prejudicial | See response above | | | | | | | | | | |
| 143 | 20 | 143 | 21 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | | |
| 143 | 23 | 144 | 20 | relevance as other properties; prejudicial | 144:23-144:1 see response above; 144:2-144:20 Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and North Druid Hills, in particular its desire to continue to profit from the cr | | | | | | | | | | |

| WITNESS NAME: | | | | Park, John | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness.** *See* FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | |
| 144 | 24 | 145 | 2 | relevance as other properties; prejudicial | Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and North Druid Hills, in particular its desire to continue to profit from the criminal activity at those locations; probative | | | | | | | | | |
| 145 | 12 | 145 | 13 | relevance as other properties; prejudicial; privileged | See response above | | | | | | | | | |
| 145 | 16 | 145 | 23 | relevance as other properties; prejudicial | See response above | | | | | | | | | |
| 146 | 3 | 148 | 12 | relevance as other properties; prejudicial | 146:3-146:17 see response above; 146:18-148:3 is about document concerning Smyrna location, probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | |

| WITNESS NAME: | | | | Park, John | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/25/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. *See* FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | |
| 148 | 24 | 149 | 7 | Privilege | Does not seek privileged information, deponent is corporate representative, see Lam 233:11-20 | | | | | | | | | | |
| 149 | 12 | 149 | 16 | Privilege | Does not seek privileged information, deponent is corporate representative, see Red Roof testimony about allegation of sex trafficking at Smyrna | | | | | | | | | | |
| 149 | 19 | 149 | 25 | Privilege | Does not seek privileged information, deponent is corporate representative, see Red Roof testimony about allegation of sex trafficking at Smyrna | | | | | | | | | | |
| 151 | 1 | 151 | 4 | outside the scope of notice personal knowledge only; privilege | Not outside the scope off notice, Topic 10 was "Any and all franchise terminations or contemplated franchise terminations between 2010 and 2018," Lam testified she recommended Smyrna be terminated | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Sarkisian, Michelle | | | | |
|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 10/20/21 | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | |

| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | | *COUNTER DESIGNATIONS* | | | | | *REPLY DESIGNATIONS* | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Replies to Objections* | *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Replies to Objections* | *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Replies to Objections* |
| 14 | 22 | 14 | 24 | | | | | | | | | | | | | | |
| 15 | 3 | 15 | 7 | | | | | | | | | | | | | | |
| 16 | 1 (begin with "So") | 19 | 11 | (foundation; opinion testimony) | Foundation is a form objection that has been waived. Witness is offering a lay opinion. Testimony does not rely on information based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Witness's professional and educati | | | | | | | | | | | | |
| 20 | 23 (begin with"And") | 20 | 24 (end with "Code.") | (foundation; opinion testimony) | Foundation is a form objection that has been waived. Witness is offering a lay opinion. Testimony does not rely on information based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Professional and educational back | | | | | | | | | | | | |

| WITNESS NAME: | | | | | Sarkisian, Michelle | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 10/20/21 | | | | | | | | | | | | |
| | | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |

| 21 | 5 | 21 | 14 | (foundation; opinion testimony) | Foundation is a form objection that has been waived. The Code, and what Red Roof knew or didn't about it and about ECPAT, the group which promulgated it, are probative of what Red Roof knew or should have known about the prevalence sex trafficking as a p | 78 | 2 | 78 | 17 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 6 (begin with "At") | 25 | 4 | (hearsay; foundation; lack of personal knowledge) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | 67 69 73 75 83 84 86 87 88 88 | 13 25 7 7 24 12 8 1 17 25 | 68 70 73 76 84 84 86 87 88 89 | 15 10 25 22 4 14 23 11 20 3 | | | | | | | | |

| WITNESS NAME: | | | | Sarkisian, Michelle | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/20/21 | | | | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live | | | | | | | | | | | | | |
| 25 | 9 | 26 | 22 | (hearsay; foundation; lack of personal knowledge) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | 83 84 | 24 12 | 84 84 | 4 14 | | | | | | | | |
| 27 | 1 | 27 | 8 | (hearsay; foundation; lack of personal knowledge) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | | | | | | | | | | | | |
| 27 | 14 (begin with "And") | 27 | 20 | (hearsay; foundation; lack of personal knowledge) | | | | | | | | | | | | | |
| 28 | 1 (begin with "Can") | 28 | 19 | (hearsay; foundation; lack of personal knowledge) | | | | | | | | | | | | | |
| 31 | 21 (Begin with "So") | 32 | 10 | 31:21-31:25 (hearsay; lack of foundation) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | | | | | | | | | | | | |

| WITNESS NAME: | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| WITNESS NAME: | | | Sarkisian, Michelle | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | | 10/20/21 | | | | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | | |
| 32 | 21 | 33 | 3 | | | 32 | 11 | 32 | 17 | None | | | | | | | |
| 33 | 9 (begin with "And") | 34 | 15 | (hearsay) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | 83 84 | 24 12 | 84 84 | 4 14 | | | | | | | | |
| 35 | 6 (begin with "And") | 35 | 10 | | | | | | | | | | | | | | |
| 35 | 11 (begin with "if") | 35 | 25 | 35:13-35:25 (hearsay; foundation; lack of personal knowledge) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | | | | | | | | | | | | |
| 36 | 3 | 36 | 7 | | | | | | | | | | | | | | |
| 36 | 10 (begin with "Could") | 37 | 17 | (hearsay; foundation; lack of personal knowledge; misstates prior testimony) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | | | | | | | | | | | | |

| WITNESS NAME: | | | | Sarkisian, Michelle | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 10/20/21 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 38 | 12 | 39 | 10 | (hearsay; foundation; lack of personal knowledge) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony is offered to show the reasonableness of Red Roof's response in light of the information reported to executives by the w | 67 87 | 13 24 | 68 88 | 15 13 | | | | | | |
| 39 | 15 | 39 | 19 | | | 67 87 | 13 24 | 68 88 | 15 13 | | | | | | |
| 39 | 23 | 39 | 23 | | | 67 87 | 13 24 | 68 88 | 15 13 | | | | | | |
| 39 | 25 (begin with "on") | 40 | 2 | | | | | | | | | | | | |
| 40 | 11 | 40 | 11 | | | | | | | | | | | | |
| 40 | 12 (begin with "And") | 40 | 21 | | | | | | | | | | | | |
| 40 | 22 (begin with "yes") | 40 | 25 | | | | | | | | | | | | |
| 41 | 6 (begin with "And") | 42 | 20 | (relevance; hearsay; unduly prejudicial) | Testimony is not hearsay because it is not offered to prove the truth of the matter asserted but effect on the listener. The testimony, including the exhibit it recounts, is offered to show the reasonableness of Red Roof's response in light of the informa | | | | | | | | | | |
| 43 | 5 | 43 | 8 | (relevance; hearsay; unduly prejudicial) | | | | | | | | | | | |

| WITNESS NAME: | | | | Sarkisian, Michelle | | | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 10/20/21 | | | | | | | | | | | | | |

| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | 13 (begin with "And") | 43 | 24 | (relevance; hearsay; unduly prejudicial; speculation; foundation) | | 64 | 21 | 65 | 4 | | | | | | | | |
| 47 | 10 (Begin with "In") | 48 | 9 | 47:10-47:25 (relevance; hearsay; unduly prejudicial; opinion testimony); 48:1-48:9 (relevance) | Probative of why Ms. Sarkisian took the step to contact Red Roof Inn regarding claims of trafficking at the Red Roof. The risk of unfair prejudice does not substantially outweigh the probative value of her testimony. And she does not provide an improper | 65 | 10 | 65 | 22 | | | | | | | | |
| 92 | 15 | 92 | 23 | | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Stocker, Gregory |
|---|---|
| DEPOSITION DATE: | 5/11/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 9 | 8 | 11 | | | | | | | | | | | | | | |
| 8 | 14 | 8 | 16 | | | | | | | | | | | | | | |
| 18 | 25 | 19 | 16 | | | 19 | 17 | 19 | 24 | | | | | | | | |
| 20 | 1 | 20 | 16 | | | 20 | 17 | 20 | 25 | | | | | | | | |
| 21 | 17 | 22 | 2 | | | 21 | 1 | 21 | 16 | | | | | | | | |
| 22 | 10 | 22 | 16 | | | | | | | | | | | | | | |
| 23 | 10 | 23 | 24 | Asked and Answered | Fails to specify what was previously asked and answered, not previously asked and answered | 23 24 | 25 1 | 23 24 | 25 4 | | | | | | | | |
| 28 | 3 | 29 | 17 | | | 26 27 | 11 1 | 26 27 | 25 21 | | | | | | | | |
| 30 | 5 | 32 | 16 | | | | | | | | | | | | | | |
| 32 | 24 | 33 | 11 | | | | | | | | | | | | | | |
| 33 | 16 | 33 | 19 | | | | | | | | | | | | | | |
| 33 | 21 | 33 | 25 | | | | | | | | | | | | | | |
| 34 | 2 | 34 | 6 | | | | | | | | | | | | | | |
| 34 | 16 | 35 | 3 | Relevance; Improper attempt to use witness as expert not disclosed | The deponent description of his role as Red Roof's safety and security director is relevant to his time in that role, nothing improper about asking deponent about his role with the company | | | | | | | | | | | | |
| 35 | 7 | 36 | 18 | Relevance; Improper attempt to use witness as expert not disclosed | See response above | | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Stocker, Gregory | | | | | | | | | | | | | | | |

| DEPOSITION DATE: | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 5/11/22 | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | 18 | 37 | 22 | | | 36<br>37 | 19<br>1 | 36<br>37 | 25<br>7 | | | | | | | | | |
| 37 | 24 | 39 | 22 | | | | | | | | | | | | | | | |
| 40 | 10 | 40 | 18 | | | | | | | | | | | | | | | |
| 41 | 3 (begin with "sure") | 41 | 11 | | | | | | | | | | | | | | | |
| 41 | 14 | 42 | 1 | Relevance; Not property at issue; (lines 14-23) | Relevant to understanding scope of deponent's role with Red Roof and his ability perform his duties and responsibilities | | | | | | | | | | | | | |
| 42 | 9 | 42 | 19 | Relevance; Not property at issue; Post events alleged in complaint | See response above; also deponent began working with Red Roof in May 2017, during the period of Plaintiffs' trafficking at Red Roof locations | | | | | | | | | | | | | |
| 43 | 4 | 43 | 1810 | Relevance; Not property at issue; Post events alleged in complaint | 43:4-10 see response above; 43:11-18 Will withdraw | | | | | | | | | | | | | |
| 44 | 11 | 45 | 25 | Relevance; Not property at issue; Post events alleged in complaint | Testimony about the red flags associated with prostitution and sex trafficking at hotel locations is relevant, testimony does not address any specific property, testimony asks about red flags in 2017, during period of Plaintiffs' trafficking | | | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Stocker, Gregory |
|---|---|
| DEPOSITION DATE: | 5/11/22 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 49 | 17 | 50 | 1 | Relevance; Not property at issue; post events alleged in complaint; ambiguous as to time frame | Testimony about how Red Roof's safety and security director learns about criminal activity at Red Roof locations and how often that occurs is relevant to Red Roof's knowledge; deponent served as safety and security director during period of Plaintiffs' tr | | | | | | | | | | |
| 50 | 3 | 50 | 5 | Relevance; Not property at issue; post events alleged in complaint; ambiguous as to time frame | Testimony about how Red Roof's safety and security director learns about criminal activity at Red Roof locations and how often that occurs is relevant to Red Roof's knowledge; deponent served as safety and security director during period of Plaintiffs' tr | | | | | | | | | | |
| 50 | 7 | 50 | 22 | Relevance; Not property at issue; post events alleged in complaint; ambiguous as to time frame | Testimony about how Red Roof's safety and security director learns about criminal activity at Red Roof locations and how often that occurs is relevant to Red Roof's knowledge; deponent served as safety and security director during period of Plaintiffs' tr | | | | | | | | | | |
| 51 | 5 | 51 | 10 | | | | | | | | | | | | |

| WITNESS NAME: | | | | Stocker, Gregory | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/11/22 | | | | | | | | | | | | |
| 53 | 24 | 54 | 2 | Relevance; Not property at issue; post events alleged in complaint | Question and answer are relevant to Red Roof's knowledge of criminal activity at its hotel locations, including Smyrna and Buckhead, and question concerns period that overlaps with period of Plaintiffs' trafficking | | | | | | | | | | | |
| 54 | 4 | 54 | 8 | Relevance; Not property at issue; post events alleged in complaint | See response above | | | | | | | | | | | |
| 54 | 14 | 55 | 6 | Relevance; Not property at issue; post events alleged in complaint | See response above; also deponent's access to guest reviews is relevant to Red Roof's knowledge of allegations of criminal conduct at its locations, including Smyrna and Buckhead | 57 | 2 | 57 | 7 | | | 57 | 8 | 57 | 12 | Not an appropriate counter designation according to your definition. |
| 58 | 4 | 59 | 14 | Relevance; Not property at issue; post events alleged in complaint | Deponent's access to guest reviews is relevant to Red Roof's knowledge of allegations of criminal conduct at its locations, including Smyrna and Buckhead; deponent's tenure as Safety and Security Director overlaps with period of Plaintiffs' trafficking | | | | | | | | | | | |

| WITNESS NAME: | | | | Stocker, Gregory | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | | | 5/11/22 | | | | | | | | | | | |

| 60 | 7 | 61 | 4 | Relevance; Not property at issue; post events alleged in complaint | See response above; also other Red Roof employee's access to guest reviews also relevant for reasons stated above and those employees worked for Red Roof during period of Plaintiffs' trafficking | | | | | | | | | | |
| 61 | 19 | 62 | 3 | Relevance; Not property at issue; post events alleged in complaint | The methods by which Red Roof learns of criminal activity at its locations is relevant to claims; deponent's tenure overlaps with period of Plaintiffs' trafficking | | | | | | | | | | |
| 62 | 8 | 62 | 19 | Relevance; Not property at issue; post events alleged in complaint | The methods by which Red Roof learns of criminal activity at its locations is relevant to claims; deponent's tenure overlaps with period of Plaintiffs' trafficking, and counter designation makes clear the answer applies to period during which Plaintiffs w | 62 | 20 | 62 | 21 | | | | | Not an appropriate counter designation according to your definition; taken out of context so it is misleading and confusing. | |

| WITNESS NAME: | Stocker, Gregory 30(b)(6) |
|---|---|
| DEPOSITION DATE: | 5/11/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 9 | 22 | 9 | 25 | | | | | | | | | | |
| 10 | 4 | 10 | 22 | | | | | | | | | | |
| 15 | 14 | 15 | 19 | | | | | | | | | | |
| 17 | 7 | 17 | 10 | Asked and answered;repetitive | Objection waived by failure to assert at deposition | | | | | | | | |
| 26 | 10 | 26 | 23 | | | | | | | | | | |
| 27 | 10 | 27 | 25 | Legal Conclusion | Objection waived by failure to assert at deposition | | | | | | | | |
| 28 | 11 | 28 | 14 | Legal conclusion; Improper hypothetical | Does not seek a legal conclusion, but rather Red Roof's knowledge of sex traffickers and the means by which they operate; reflects information contained within Red Roof's own documents | | | | | | | | |
| 28 | 16 | 29 | 1 | Legal conclusion; Improper hypothetical | 28:16-17 see response above; 28:18-29:1 objection waived by failure to assert at deposition | | | | | | | | |
| 29 | 3 | 29 | 3 | | | | | | | | | | |
| 29 | 5 | 29 | 11 | | | | | | | | | | |
| 29 | 21 | 29 | 22 | | | | | | | | | | |
| 31 | 3 (begin with "This") | 31 | 16 | | | | | | | | | | |
| 31 | 25 | 32 | 13 | Assumes facts not in evidence | Does not assume facts not in evidence, testimony reflects information contained within Red Roof's own documents | | | | | | | | |
| 33 | 3 | 33 | 15 | | | | | | | | | | |
| 34 | 6 | 34 | 9 | | | | | | | | | | |
| 34 | 11 | 34 | 19 | | | | | | | | | | |
| 36 | 17 | 37 | 14 | | | | | | | | | | |
| 37 | 19 | 37 | 22 | | | | | | | | | | |
| 38 | 8 | 38 | 11 | | | | | | | | | | |
| 38 | 15 | 38 | 19 | | | | | | | | | | |
| 38 | 22 | 38 | 23 | | | | | | | | | | |
| 39 | 1 | 39 | 3 | | | | | | | | | | |

| WITNESS NAME: | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | 5/11/22 | | | | | | | | | | | | | | | |
| 39 | 6 | 39 | 11 | | | | | | | | | | | | | |
| 39 | 14 | 39 | 15 | | | | | | | | | | | | | |
| 40 | 1 | 41 | 1 | | | | | | | | | | | | | |
| 42 | 18 | 42 | 24 | Relevance | | | | | | | | | | | | |
| 43 | 9 | 43 | 10 | Legal conclusion; Assumes duty that does not exist | Not a legal conclusion, doesn't assume a duty but rather inquires about the abilities of the hospitality industry and Red Roof confirms those abilities | | | | | | | | | | | |
| 43 | 12 | 43 | 16 | Legal conclusion; Assumes duty that does not exist | Not a legal conclusion, doesn't assume a duty but rather inquires about the abilities of the hospitality industry and Red Roof confirms those abilities | | | | | | | | | | | |
| 43 | 19 | 44 | 11 | 43:24-25 and 44:1-3 Legal conclusion; Assumes duty that does not exist | Objection waived by failure to assert at deposition; not legal conclusion, doesn't assume duty, asks about Red Roof's obligations which Red Roof affirms | | | | | | | | | | | |
| 55 | 9 (begin with "What") | 55 | 11 | Assumes facts not in evidence; improper hypothetical | Abundant facts in evidence that prostitution and sex trafficking occur at Red Roof locations, including Smyrna and Buckhead; question does not pose a hypothetical | | | | | | | | | | | |
| 55 | 13 | 55 | 15 | Assumes facts not in evidence; improper hypothetical | See response above | | | | | | | | | | | |
| 55 | 20 | 56 | 12 | Assumes facts not in evidence; improper hypothetical | See response above | | | | | | | | | | | |
| 57 | 4 | 57 | 14 | | | | | | | | | | | | | |
| 57 | 20 | 57 | 23 | | | | | | | | | | | | | |

| WITNESS NAME: | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 5/11/22 | | | | | | | | | | | | | | |
| 59 | 17 (begin with "In") | 60 | 7 | | | | | | | | | | | | |
| 60 | 13 | 60 | 15 | | | 61 | 2 | 61 | 23 | | Not a proper counter designation according to your definition; it does not complete the thought; not relevant; vague; | | | | |
| 61 | 24 | 62 | 7 | | | | | | | | | | | | |
| 63 | 2 | 63 | 16 | | | | | | | | | | | | |
| 64 | 14 | 64 | 14 | | | | | | | | | | | | |
| 64 | 16 | 64 | 17 | | | | | | | | | | | | |
| 65 | 21 | 66 | 2 | | | | | | | | | | | | |
| 66 | 7 | 66 | 13 | | | | | | | | | | | | |
| 66 | 15 | 66 | 17 | | | | | | | | | | | | |
| 66 | 19 | 66 | 24 | | | | | | | | | | | | |
| 67 | 24 | 67 | 25 | | | | | | | | | | | | |
| 68 | 2 | 68 | 2 | | | | | | | | | | | | |
| 68 | 13 | 68 | 15 | | | | | | | | | | | | |
| 68 | 17 | 68 | 22 | | | | | | | | | | | | |
| 70 | 15 | 70 | 20 | 70:15-20 Relevance; outside relevant period; privilege | Relvant to steps Red Roof took to verify allegations of criminal conduct at its locations, including Smyrna and Buckhead, trafficking period was prior to 2020 so not outside relevant period, not privileged | 71 72 73 74 | 15 7 1 3 | 71 72 73 74 | 21 25 19 9 | 71:20-21 is attorney dialogue, not witness testimony | Identifies the exhibit that is being discussed so necessary to the context | 73 | 20 | 73 | 23 |
| 77 | 5 | 77 | 19 | | | | | | | | | | | | |
| 78 | 4 | 78 | 13 | | | | | | | | | | | | |
| 82 | 9 | 82 | 14 | Relevance | Relvant to fact that for much of the period Plaintiffs were trafficked at Red Roof locations, Red Roof's director of safety and security position was vacant | | | | | | | | | | |
| 82 | 18 | 83 | 3 | Relevance | See response above | | | | | | | | | | |
| 83 | 12 | 83 | 14 | | | | | | | | | | | | |

| WITNESS NAME: | | | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 5/11/22 | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 83 | 16 | 83 | 25 | Relevance | Deponent's knowledge is relevant to Red Roof's testimony about its knowledge of criminal activities at its locations | 84 84 85 88 88 89 | 8 21 16 19 23 1 | 84 84 85 88 88 89 | 16 23 20 21 25 4 | | | 85 | 21 | 86 | 2 | Not a proper counter-designation according to your definition |
| 94 | 23 | 95 | 6 | | | | | | | | | | | | | |
| 95 | 8 | 95 | 14 | Relevance; not specific to this property | Relevant as to Red Roof's knowledge of steps necessary to prevent crime and applicable to Smyrna and Buckhead which lacked a sufficient security patrol | | | | | | | | | | | |
| 96 | 7 | 96 | 13 | | | | | | | | | | | | | |
| 96 | 15 | 96 | 16 | | | | | | | | | | | | | |
| 100 | 14 | 101 | 6 | | | | | | | | | | | | | |
| 102 | 3 | 102 | 5 | Lack of foundation (see page 101, lines 19-23) | Deponent is corporate representative of Red Roof, his personal lack of knowledge is irrelevant as question seeks Red Roof's knowledge; an insufficiently prepared 30(b)(6) witness is not a basis for a lack of foundation objection | | | | | | | | | | | |
| 102 | 9 | 102 | 13 | Lack of foundation (see page 101, lines 19-23) | See response above | | | | | | | | | | | |
| 121 | 5 | 122 | 4 | 121:17-15 and 122:1-2 Hearsay; relevance; speculation | Not hearsay, not offered for truth of the matter asserted; relevant to Red Roof's knowledge of allegations of prostitution at Buckhead location; does not seek speculation; also relevance and speculation objections waived by failure to assert at deposition | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 5/11/22 | | | | | | | | | | |
| 122 | 6 | 122 | 12 | Misleading; relevance | Relevant to Red Roof's knowledge of allegations of prostitution at Buckhead location and any action it took in response to thoes allegations, not misleading | | | | | | | | | | |
| 122 | 15 | 122 | 15 | Misleading; relevance | See response above | | | | | | | | | | |
| 123 | 4 | 123 | 15 | | | | | | | | | | | | |
| 123 | 19 | 123 | 23 | Lack of foundation (pg. 123, lines 19-23) | Can't object that corporate representative's answer lacked foundation | | | | | | | | | | |
| 124 | 4 | 124 | 7 | | | | | | | | | | | | |
| 124 | 9 (begin with "the") | 125 | 1 | 124:8-14 Hearsay; Relevance; speculation | speculation objection waived by failure to assert at deposition; not hearsay, not being offered for truth of the matter asserted; relevant to Red Roof's knowledge of allegations of criminal conduct at location at which Plaintiffs trafficked and action it | | | | | | | | | | |
| 125 | 3 | 125 | 3 | | | | | | | | | | | | |
| 125 | 8 (begin with "Exhibit") | 126 | 4 | 125:22-25 and 126:1-6 Hearsay; Relevance; speculation | speculation objection waived by failure to assert at deposition; not hearsay, not being offered for truth of the matter asserted; relevant to Red Roof's knowledge of allegations of criminal conduct at location at which Plaintiffs trafficked and action it | | | | | | | | | | |
| 126 | 6 | 126 | 19 | | | | | | | | | | | | |
| 127 | 5 | 127 | 15 | 127:5-11 Hearsay; speculation | speculation objection waived by failure to assert at deposition; not hearsay, not being offered for truth of the matter asserted; | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 5/11/22 | | | | | | | | | | | | | |
| 128 | 5 | 128 | 24 | | | | | | | | | | | | | |
| 129 | 9 | 129 | 10 | | | | | | | | | | | | | |
| 129 | 16 | 129 | 20 | | | | | | | | | | | | | |
| 129 | 22 | 129 | 23 | | | | | | | | | | | | | |
| 130 | 3 | 130 | 6 | | | 130 | 7 | 130 | 17 | | | | | | | |
| 132 | 19 | 133 | 21 | Relevance; hearsay; not related to property or plaintiffs at issue | Relevant to Red Roof's ability to learn of allegations of criminal conduct at its locations; specifically related to location at issue, see 133:19-21 | | | | | | | | | | | |
| 134 | 19 | 134 | 22 | Hearsay | not hearsay, not offered for truth of matter asserted | | | | | | | | | | | |
| 135 | 1 | 135 | 13 | 135:1-8 Hearsay; not related to plaintiffs at issue | not hearsay, not offered for truth of matter asserted; relevant to Red Roof's knowledge of allegations of prostitution at hotel at which Plaintiffs were trafficked during the period of their trafficking | | | | | | | | | | | |
| 136 | 2 | 136 | 10 | 136:1-6 Hearsay | not hearsay, not offered for truth of the matter asserted | | | | | | | | | | | |
| 136 | 13 | 137 | 18 | Relevance, hearsay, misleading (allegations) | Relevant to Red Roof's knowledge of allegations of prostitution at location at which Plaintiffs were trafficked during the period of their trafficking; not hearsay, not offered for truth of the matter asserted; not misleading, question states reports are | | | | | | | | | | | |
| 137 | 20 | 137 | 22 | Relevance, hearsay, misleading (allegations) | See response above | | | | | | | | | | | |
| 138 | 2 | 138 | 8 | | | | | | | | | | | | | |

| WITNESS NAME: | Stocker, Gregory 30(b)(6) |
|---|---|
| DEPOSITION DATE: | 5/11/22 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 138 | 12 | 138 | 23 | | | 138 139 | 24 3 | 138 139 | 25 11 | | | 139 | 12 | 139 | 15 | Argumentative; Not a proper counterdesignation according to your definition. Does not complete the thought |
| 140 | 13 | 140 | 16 | | | 140 140 | 19 23 | 140 140 | 21 24 | | | | | | | |
| 140 | 18 | 140 | 18 | | | | | | | | | | | | | |
| 140 | 25 | 141 | 2 | | | | | | | | | | | | | |
| 141 | 22 | 142 | 11 | | | 142 | 12 | 142 | 20 | | | | | | | |
| 144 | 3 | 144 | 6 | Relevance | Information about steps Red Roof took to respond to allegations of prostitution and other criminal activity at location at which Plaintiffs were trafficked and during the period of their trafficking is relevant | | | | | | | | | | | |
| 144 | 8 | 144 | 18 | Relevance | See response above | | | | | | | | | | | |
| 145 | 1 | 145 | 6 | | | | | | | | | | | | | |
| 145 | 11 | 145 | 20 | Hearsay | Not hearsay, not offered for truth of matter asserted | | | | | | | | | | | |
| 146 | 1 | 146 | 14 | Hearsay; Relevance as to other hotels | Not hearsay, not offered for truth of matter asserted; directly relevant to locations at which Plaintiffs were trafficked, see 146:1-6 | | | | | | | | | | | |
| 146 | 23 | 147 | 1 | | | | | | | | | | | | | |
| 153 | 24 | 154 | 17 | | | | | | | | | | | | | |
| 155 | 14 (Begin with "Plaintiffs' ") | 155 | 19 | | | | | | | | | | | | | |
| 156 | 23 | 157 | 12 | | | | | | | | | | | | | |
| 158 | 18 | 158 | 25 | | | | | | | | | | | | | |
| 159 | 6 | 159 | 8 | | | | | | | | | | | | | |
| 159 | 22 | 160 | 8 | | | | | | | | | | | | | |
| 161 | 7 | 161 | 25 | 161:12-18 Hearsay | not hearsay, not offered for truth of matter asserted | | | | | | | | | | | |

| WITNESS NAME: | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 5/11/22 | | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 162 | 24 | 163 | 13 | | | 163 164 | 14 11 | 163 164 | 19 23 | | | 163 | 20 | 163 | 22 | Not a proper counterdesignation according to your definition; not relevant; misleading | |
| 165 | 5 | 165 | 7 | | | | | | | | | | | | | | |
| 165 | 9 | 165 | 15 | | | | | | | | | | | | | | |
| 166 | 1 | 166 | 7 | | | | | | | | | | | | | | |
| 166 | 9 | 166 | 21 | | | | | | | | | | | | | | |
| 168 | 16 | 168 | 24 | | | | | | | | | | | | | | |
| 169 | 1 | 169 | 5 | | | | | | | | | | | | | | |
| 169 | 16 | 169 | 19 | | | | | | | | | | | | | | |
| 169 | 21 | 170 | 3 | | | | | | | | | | | | | | |
| 170 | 16 | 170 | 24 | Relevance; outside the relevant time frame | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its knowledge of criminal conduct at its hotel locations; 30(b)(6) topic is time limited to relevant period | | | | | | | | | | | | |
| 173 | 11 | 174 | 13 | 173:11-25 and 174:1-13 Relevance (not Smyrna or Buckhead) outside relevant time frame | objection to scope of question waived by failure to assert at deposition; relevant to Red Roof's lack of action in Buckhead and lack of action at Smyrna prior to nuisance abatement action | | | | | | | | | | | | |
| 174 | 22 | 175 | 6 | 174:22-25 Relevance (not Smyrna or Buckhead) 175:1-6 Relevance; outside relevant time frame | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its failure to do so and its knowledge of criminal conduct at its locations; question is limited to period of trafficking | | | | | | | | | | | | |

| WITNESS NAME: | | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | |
| DEPOSITION DATE: | | | | 5/11/22 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 175 | 10 | 176 | 3 | 175:10-25 Relevance, 176:1-3 Relevance (not Smyrna or Buckhead) | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its failure to do so and its knowledge of criminal conduct at its locations; question is limited to period of trafficking | | | | | | | | | | | |
| 177 | 24 | 178 | 5 | 177:24-25 and 178:1-5 Relevance | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its failure to do so and its knowledge of criminal conduct at its locations; question is limited to period of trafficking | | | | | | | | | | | |
| 180 | 6 | 180 | 24 | Relevance (not Smyrna or Buckhead); not relevant time frame | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its failure to do so and its knowledge of criminal conduct at its locations; objection to temporal scope of question waived by failure to assert at depositi | | | | | | | | | | | |
| 181 | 1 | 181 | 3 | 181:1-18 Relevance | See response above | | | | | | | | | | | |
| 181 | 6 | 181 | 18 | 181:1-18 Relevance | Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct and its failure to do so and its knowledge of criminal conduct at its locations; | | | | | | | | | | | |
| 183 | 17 | 183 | 20 | Relevance | Document concerns criminal activity, including pimping, at Red Roof Smyrna, also relevant to explaining Red Roof's conduct regarding Smyrna | | | | | | | | | | | |

| WITNESS NAME: | | | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 5/11/22 | | | | | | | | | | | |
| 183 | 25 | 184 | 13 | Relevance | See response above | | | | | | | | | | | |
| 185 | 4 | 186 | 1 | Relevance | See response above | | | | | | | | | | | |
| 189 | 16 | 189 | 21 | Relevance | Relevant to Red Roof's knowledge of criminal activity and alleged criminal activity at Smyrna location, and relevant to explaining Red Roof's conduct regarding Smyrna | 189 | 12 | 189 | 15 | | | | | | | |
| 190 | 8 | 190 | 10 | Relevance | See response above | | | | | | | | | | | |
| 190 | 18 | 190 | 20 | Relevance | See response above | | | | | | | | | | | |
| 191 | 25 | 192 | 16 | 191:25 Relevance, 192:1-16 Relevance; (Patel's ownership) | See response above; Smyrna location was continually franchised to Varahi by Defendants during this period; also Varahi is an alleged co-conspirator with the Red Roof Defendants and, if proven, is liable for the conduct of its alleged co-conspirators inclu | 191 | 6 | 191 | 15 | | | | | | | |
| 192 | 20 | 193 | 24 | 192:20-25 Relevance; (Patel's ownership), 193:1-24 Relevance; speculation | See response above; also does not call for speculation and any such objection waived by failure to assert at deposition | | | | | | | | | | | |
| 194 | 7 | 194 | 24 | 192:20-25 Relevance; (Patel's ownership), 193:1-24 Relevance; speculation | See response above | | | | | | | | | | | |

| WITNESS NAME: | | | | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | | | 5/11/22 | | | | | | | | | | | | | |
| 195 | 1 | 195 | 5 | 195:1-25 Relevance; hearsay; speculation | Relevant to Red Roof's knowledge of criminal activity and alleged criminal activity at Smyrna location, and relevant to explaining Red Roof's conduct regarding Smyrna; public record, 803(8) | | | | | | | | | | | | |
| 195 | 7 | 196 | 25 | 195:1-25 and 196:1-25 Relevance; hearsay | See response above; 196:19-25 not hearsay, not offered for truth of the matter asserted | | | | | | | | | | | | |
| 197 | 6 | 198 | 16 | 197:6-25 Relevance; hearsay, 198:1-16 Relevance | Relevant to Red Roof's knowledge of it allegations concerning its franchisees lack of cooperation with law enforcement; not hearsay, not offered for truth of the matter asserted | | | | | | | | | | | | |
| 199 | 8 | 200 | 2 | 199:8-25 and 200:1-2 Relevance | Relevant to Red Roof's knowledge of criminal activity at its hotel locations | | | | | | | | | | | | |
| 200 | 6 | 200 | 22 | Relevance | Relevant to Red Roof's decision to continue to maintain Smyrna as a franchise location | | | | | | | | | | | | |
| 204 | 7 | 204 | 14 | 203:1-7 and 204:7-14 Relevance | See response above | | | | | | | | | | | | |
| 204 | 25 | 205 | 7 | 204:25 Relevance | See response above | 205 206 | 8 1 | 205 206 | 17 10 | | | 206 | 11 | 206 | 18 | Not relevant; post period of alleed trafficking; misleading; not a proper counterdesignation |
| 207 | 1 | 207 | 18 | Relevance | See response above | | | | | | | | | | | | |
| 207 | 24 | 208 | 4 | Relevance | See response above | | | | | | | | | | | | |
| 208 | 10 | 208 | 15 | Relevance (post 2017; 2020 meeting) | See response above; plaintiffs' trafficking at Red Roof Smyrna continued during and after 2017; impeachment | | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | Stocker, Gregory 30(b)(6) | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | 5/11/22 | | | | | | | | | | | | | | | | |
| 208 | 20 | 209 | 12 | 208:23-25 Relevance (post 2017; 2020 meeting) | Relevant to Red Roof's decision to continue to maintain Smyrna as a franchise location; plaintiffs' trafficking at Red Roof Smyrna continued during and after 2017; impeachment | | | | | | | | | | | | | |
| 209 | 14 | 210 | 2 | 209:10-12; 14-25 Relevance | See response above | | | | | | | | | | | | | |
| 210 | 11 | 210 | 19 | 210:1-2; 11-25 Relevance | See response above | | | | | | | | | | | | | |
| 210 | 21 | 211 | 3 | 210:11-25 and 211:1-3 Relevance | See response above | | | | | | | | | | | | | |

| WITNESS NAME: | | Thomas, Michael |
|---|---|---|
| DEPOSITION DATE: | | 2/2/22 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 11 | 12 | 11 | 14 | | | | | | | | | | | | | | |
| 11 | 15 (begin with "This") | 11 | 18 (end with "Procedure") | Relevance | Giving the jury the deponent's name | | | | | | | | | | | | |
| 14 | 7 (begin with "Just") | 14 | 11 | | | | | | | | | | | | | | |
| 14 | 19 (begins with "And") | 15 | 5 | | | 15 127 127 | 14 2 15 | 15 127 128 | 16 5 2 | | | | | | | | |
| 15 | 17 | 16 | 1 | Leading, cumulative, speculation (15:22-16:1) | Objections to 15:17-15:24 waived by failuer to assert at deposition; 15:25-16:1 not speculation, based on his work experience at location | | | | | | | | | | | | |
| 16 | 4 (Begin with "who") | 16 | 13 | | | | | | | | | | | | | | |
| 17 | 10 (Begin with "And") | 19 | 12 | | | | | | | | | | | | | | |
| 19 | 16 | 19 | 18 | | | | | | | | | | | | | | |
| 20 | 8 | 20 | 11 | | | | | | | | | | | | | | |
| 21 | 8 | 21 | 18 | | | | | | | | | | | | | | |
| 21 | 22 | 22 | 8 | | | | | | | | | | | | | | |
| 22 | 18 | 22 | 21 | | | 22 | 22 | 23 | 6 | | | | | | | | |
| 23 | 11 | 25 | 15 | leading; | objection waived by failure to assert at deposition | | | | | | | | | | | | |
| 25 | 18 | 26 | 6 | speculation; | See response above | 26 | 3 | 26 | 20 | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | | | | Thomas, Michael | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 2/2/22 | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 26 | 21 (start with"And") | 27 | 7 | leading; speculation; lay opinion testimony; unduly prejudicial under 403 | Objections to 26:21-27:1 waived by failure to assert at deposition; 27:2-7, not leading, not opinion or speculation, based on deponent's observations at Red Roof Buckhead; probative value as to Red Roof's knowledge not substantially outweighed by risk of | | | | | | | | | | |
| 27 | 10 | 28 | 16 | speculation; unduly prejudicial under 403; | speculation objection to 27:10-28:12 waived by failure to assert at deposition; not speculation, based on what he observed as Red Roof's employee at location; probative value to what Red Roof knew or should have known about trafficking at location not sub | | | | | | | | | | |
| 28 | 18 | 29 | 7 | speculation; lack of personal knowledge; | not speculation, based on what he observed as Red Roof's employee at location | | | | | | | | | | |
| 29 | 15 | 29 | 18 | calls for speculation; vague/ambiguous | Does not call for speculation, asks deponent to respond based on his observations, not vague or ambiguous | | | | | | | | | | |
| 29 | 20 | 29 | 20 | speculation, lack of personal knowledge; | Does not call for speculation, asks deponent to respond based on his personal observations | | | | | | | | | | |
| 29 | 22 | 29 | 24 | speculation, lack of personal knowledge; | See response above | | | | | | | | | | |
| 30 | 1 | 30 | 1 | speculation, lack of personal knowledge; | See response above | | | | | | | | | | |

| WITNESS NAME: | | | | | Thomas, Michael | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 2/2/22 | | | | | | | | | | | |
| | | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 30 | 3 | 32 | 12 | speculation, lack of personal knowledge; unduly prejudicial under 403; vague/ambiguous; improper attorney testimony and leading (30:11-15, and 32:10-12); | Objections to 30:11-32:9, other than 403, waived by failure to assert at deposition; remaining designations not speculation, based on deponent's personal observations, not vague, abmiguous, improper attorney testimony or leading; probative value as to Red | | | | | | | | | | | |
| 32 | 15 | 33 | 11 | speculation; leading; hearsay; speculation; lack of personal knowledge; | Objections waived by failure to assert at deposition | | | | | | | | | | | |
| 34 | 1 | 35 | 8 | non-responsive; speculation; leading; hearsay; lack of personal knowledge; (35:5-8, unduly prejudicial under 403); | Objections other than 403 and hearsay waived as to 34:1-35:4 by failure to assert at deposition; probative value as to Red Roof's knowledge of sex trafficking at Buckhead location not substantially outweighed by risk of unfair prejudice; 35:5-8 question i | | | | | | | | | | | |
| 35 | 11 | 35 | 18 | speculation; no personal knowledge | Not speculation, response is based on deponent's personal observations | | | | | | | | | | | |
| 35 | 21 | 36 | 23 | speculation; no personal knowledge; leading; | Objections waived by failure to assert at deposition | | | | | | | | | | | |
| 37 | 1 | 37 | 5 | speculation; no personal knowledge; improper lay opinion; | See response above | | | | | | | | | | | |
| 37 | 10 | 37 | 23 | leading; improper attorney testimony; | Objections to 37:10-20 waived by failure to assert at deposition; 37:21-23 not leading or attorney testimony, simply confirming deponent's testimony | 38 | 1 | 38 | 13 | | | | | | | | |
| 38 | 14 | 38 | 17 | leading; | Not leading, simply confirming deponents testimony | | | | | | | | | | | |

| WITNESS NAME: | | | | Thomas, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 2/2/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 38 | 19 | 39 | 20 | speculation; no personal knowledge; improper lay opinion; | Objections to 38:20-39:20 waived by failure to assert at deposition; 38:19 is not speculation or lay opinion, based on what deponent observed | | | | | | | | | | | |
| 40 | 6 | 41 | 16 | misstates prior testimony; | Objections to 40:6-41:13 waived by failure to assert depositions; 40:14-16 does not misstate prior testimony | | | | | | | | | | | |
| 41 | 19 | 41 | 25 | non-responsive; | objection waived by failure to assert at deposition | | | | | | | | | | | |
| 42 | 2 | 42 | 18 | leading; non-responsive; | Objections to 42:2-16 waived by failure to assert at deposition; 42:17-18, not leading, asking witness to confirm prior testimony | | | | | | | | | | | |
| 42 | 20 | 42 | 20 | | | | | | | | | | | | | |
| 42 | 22 | 43 | 5 | speculation; | Not speculation, based on deponent's interactions with Moyer and his understanding of how Red Roof's reviews are received and reviewed by Moyer | | | | | | | | | | | |
| 43 | 7 | 44 | 6 | speculation; hearsay; leading and misstates prior testimony at 44:4-6; | Not speculation, based on personal observations and interactions with Moyer, does not misstate prior testimony, not leading, simply confirming prior testimony | | | | | | | | | | | |
| 44 | 8 | 44 | 20 | leading; hearsay; | Not hearsay, not offerd for truth of matter asserted, but notice to Red Roof; not leading, simply confirming deponent's prior testimony | | | | | | | | | | | |
| 44 | 24 (begins with "were") | 45 | 16 (end with "have") | speculation; | Not speculation, based on deponent's work and experience as Red Roof employee at Buckhead location | | | | | | | | | | | |

| WITNESS NAME: | | | | Thomas, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | | | 2/2/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | | |
| 45 | 25 | 46 | 4 | hearsay; | not hearsay, statement of party opponent | | | | | | | | | | | |
| 46 | 7 | 48 | 6 | | | | | | | | | | | | | |
| 48 | 12 | 48 | 15 | foundation; leading; improper attorney testimony; speculation; no personal knowledge; | foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not speculation, based on deponent's personal observations | 49 51 58 60 | 25 18 24 17 | 50 51 59 61 | 13 22 11 3 | | | 61 | 4 | 61 | 4 | |
| 48 | 17 | 48 | 21 | foundation; leading; improper attorney testimony; speculation; no personal knowledge; | foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not speculation, based on deponent's personal observations | 49 51 58 60 | 25 18 24 17 | 50 51 59 61 | 13 22 11 3 | | | | | | | |
| 48 | 23 | 49 | 2 | foundation; leading; improper attorney testimony; speculation; no personal knowledge; | foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not speculation, based on deponent's personal observations | 49 51 58 60 | 25 18 24 17 | 50 51 59 61 | 13 22 11 3 | | | | | | | |
| 51 | 23 | 52 | 24 | hearsay; | not hearsay, statement of party opponent, employees of Red Roof | | | | | | | | | | | |
| 53 | 7 | 53 | 10 | | | | | | | | | | | | | |
| 54 | 4 | 54 | 15 | relevance | Relevant to jury understanding that questioning has transitioned from Plaintiffs' counsel to Defendants' counsel | | | | | | | | | | | |
| 76 | 17 | 76 | 25 | | | | | | | | | | | | | |
| 77 | 20 | 78 | 15 | | | 77 78 | 12 16 | 77 78 | 19 20 | | | | | | | |
| 78 | 21 | 79 | 18 | | | 79 | 19 | 80 | 5 | | | | | | | |
| 83 | 7 (begin with "And") | 84 | 1 | | | 84 86 88 89 | 10 12 24 (begin with "this") 11 | 85 86 89 89 | 21 25 1 22 (end with "some") | | | 86 89 | 9 22 | 86 90 | 11 5 | as to 89:22-90:5 - relevance; |
| 84 | 6 | 85 | 18 | | | | | | | | | | | | | |

| WITNESS NAME: | | | Thomas, Michael | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 2/2/22 | | | | | | | | | | | |
| | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live** | | | | | | | | | | | |
| 96 | 7 | 97 | 18 | speculation; lack of personal knowledge; | Questioning is by Red Roof's counsel; objections waived by failure to assert at deposition | | | | | | | | | |
| 98 | 4 | 98 | 10 | speculation; lack of personal knowledge; | See response above | 98 | 11 | 98 | 12 | | | | | |
| 98 | 13 (begin with "how") | 98 | 21 | speculation; lack of personal knowledge; | See response above | | | | | | | | | |
| 98 | 25 | 99 | 17 | speculation; lack of personal knowledge; | See response above | | | | | | | | | |
| 99 | 19 | 99 | 23 | speculation; lack of personal knowledge; | See response above | 99 | 24 | 100 | 23 | | | | | |
| 100 | 24 | 101 | 5 | speculation; | See response above | 101 | 6 | 101 | 12 | | | | | |
| 103 | 4 | 103 | 19 | speculation; | See response above | 103 104 105 | 20 21 18 | 104 105 106 | 5 9 7 | | | 104 105 | 6 10 | 104 105 | 20 17 | 104:18-20: speculation; lack of personal knowledge; |
| 106 | 8 | 108 | 23 | hearsay; speculation; lack of personal knowledge; unduly prejudicial under 403 | Questioning is by Red Roof's counsel; objections to speculation and lack of personal knowledge waived by failure to assert at deposition; not hearsay, statement of party opponent; probative value of Red Roof executive's plan as to Red Roof's knowledge not | | | | | | | | | |
| 109 | 8 (begin with "did") | 111 | 4 | hearsay; speculation; lack of personal knowledge | Questioning is by Red Roof's counsel; objections other than hearsay waived by failure to assert at deposition; not hearsay, not offered for truth of matter asserted; if hearsay, testimony is elicited by Red Roof's counsel by aking deponent what individual | 111 | 5 | 111 | 23 | | | 111 | 24 | 112 | 12 | speculation; lack of personal knowledge; non-responsive. |

| WITNESS NAME: | Vittatoe, Vincent |
|---|---|
| DEPOSITION DATE: | 5/3/22 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: Witness is a former employee that lives in TX; can revisit if he plans to be in Court during Plaintiff's case**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 5 | 4 | 5 | 5 | | | | | | | | | | | | | | |
| 6 | 12 (begin with "Will") | 6 | 14 | | | | | | | | | | | | | | |
| 22 | 3 (begin with "Is") | 22 | 4 | | | 21 | 5 | 21 | 18 | | | | | | | | |
| 22 | 6 | 22 | 7 | | | | | | | | | | | | | | |
| 22 | 21 | 22 | 22 | | | | | | | | | | | | | | |
| 22 | 24 | 22 | 24 | | | 22 | 25 | 23 | 4 | | | | | | | | |
| 23 | 16 | 23 | 17 | | | 23 | 11 | 23 | 15 | | | | | | | | |
| 23 | 19 | 23 | 21 | | | | | | | | | | | | | | |
| 24 | 8 | 24 | 10 | Completeness - Selective inclusion of background and employment information - need full background and employment information as noted in counters. | Testimony is complete | 12 / 25 / 27 / 28 | 1 / 9 / 3 / 12 | 16 / 26 / 27 / 29 | 20 / 17 / 17 / 9 | 12:1-16:17 Outside scope of proper Rule 32(a)(6) counter designation | These counter designations are related to the same subject matter of Plaintiff's affirmative designations - that is Mr. Vittatoe's background and qualifications. It would be improper and unfairly prejudicial for the jury to hear Mr. Vittatoe's testimony w | | | | | | |
| 24 | 25 | 25 | 4 | | | | | | | | | | | | | | |
| 29 | 15 | 29 | 25 | | | 30 | 1 | 30 | 7 | | | | | | | | |
| 37 | 13 (begin with "Accor") | 37 | 23 | Relevance | Relevant to understanding how deponent came to work for Red Roof | | | | | | | | | | | | |
| 38 | 1 | 38 | 3 | | | | | | | | | | | | | | |
| 47 | 1 | 47 | 16 | | | | | | | | | | | | | | |
| 48 | 13 | 49 | 1 | | | 49 | 1 | 49 | 21 | | | 49 | 22 | 50 | 2 | No objection. | |
| 62 | 14 | 62 | 20 | | | 62 | 21 | 63 | 12 | | | | | | | | |
| 66 | 6 | 66 | 8 | | | 66 | 13 | 67 | 15 | | | | | | | | |
| 66 | 10 | 66 | 12 | | | | | | | | | | | | | | |
| 70 | 6 | 70 | 22 | Page 70: lines 6-22 (relevance; speculation; more prejudicial than probative) | Relevant to Red Roof's knowledge of criminal activity at its hotel locations; not speculative, deponent is former Red Roof safety and security director; probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | | | | |
| 70 | 24 | 70 | 24 | | | | | | | | | | | | | | |
| 71 | 4 | 71 | 6 | | | | | | | | | | | | | | |
| 71 | 8 | 71 | 16 | | | 71 | 17 | 73 | 3 | | | | | | | | |
| 73 | 4 | 73 | 14 | | | 74 | 20 | 75 | 3 | | | | | | | | |
| 77 | 13 | 77 | 20 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/3/22 | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: Witness is a former employee that lives in TX; can revisit if he plans to be in Court during Plaintiffs' case** | | | | | | | | | | | | | |
| 78 | 24 | 79 | 12 | | | | | | | | | | | | | | |
| 79 | 25 | 80 | 21 | | | 141 | 23 | 143 | 23 | Highlighting goes through 145:23; if more is intended to be designated as a counter, please let us know | Thank you for flagging, the correct designation is 141:23-143:23, which has been corrected in the counter columns | | | | | | |
| 101 | 13 | 101 | 16 | Completeness- only selective testimony designated on Exhibit 195. Counters should be included for completeness. | Designation withdrawn | 103 150 152 | 2 13 8 | 115 151 153 | 21 13 3 | Designation withdrawn | | | | | | | |
| 102 | 9 | 103 | 1 | | Designation withdrawn | | | | | | | | | | | | |
| 115 | 22 | 116 | 9 | | Designation withdrawn | | | | | | | | | | | | |
| 116 | 12 | 117 | 12 | Completeness- only selective testimony designated on Exhibit 195. Counters should be included for completeness. | Designation withdrawn | 117 | 13 | 117 | 25 | Designation withdrawn | | | | | | | |
| 118 | 4 | 118 | 14 | | Designation withdrawn | | | | | | | | | | | | |
| 118 | 16 | 118 | 19 | | Designation withdrawn | | | | | | | | | | | | |
| 120 | 20 | 121 | 6 | | | | | | | | | | | | | | |
| 121 | 8 | 121 | 12 | | | | | | | | | | | | | | |
| 121 | 14 | 122 | 2 | | | | | | | | | | | | | | |
| 122 | 4 | 122 | 5 | Personal capacity - not designated as 30(b)(6) | No indication he's testifying in corporate capacity | | | | | | | | | | | | |
| 131 | 20 | 133 | 4 | Page 131: lines 20-25 (hearsay; relevance; more prejudicial than probative); Page 132: lines 1-25 (hearsay; relevance; more prejudicial than probative); Page 133: lines 1-4 (hearsay; relevance; more prejudicial than probative) | Designation withdrawn | | | | | | | | | | | | |
| 133 | 6 | 133 | 23 | Page 133: lines 6-23 (hearsay; relevance; more prejudicial than probative) | Designation withdrawn | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Vittatoe, Vincent | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/3/22 | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: Witness is a former employee that lives in TX; can revisit if he plans to be in Court during Plaintiffs' case** | | | | | | | | | | |
| 137 | 18 | 137 | 25 | Page 137: Lines 21-25 (relevance; improper lay opinion; speculation; assumes facts not in evidence) | Objection to improper lay opinion, speculation, and assumes facts not in evidence are waived by failure to assert at deposition; deponent's knowledge of sex trafficking, as former safety and security director of red roof, is relevant to Red Roof's knowled | | | | | | | | | |
| 138 | 7 | 138 | 9 | Page 138: Lines 7-9 (relevance; legal conclusion; more prejudicial than probative) | Multiple witnesses identified by Defendants contend that the hotel industry generally, and Red Roof in particular, should not be held accountable due to the purported challenges of identifying sex trafficking, testimony rebuts that position; does not seek | | | | | | | | | |
| 138 | 11 | 138 | 11 | Page 138: Line 11 (relevance; legal conclusion; more prejudicial than probative) | See response above | | | | | | | | | |
| 138 | 13 | 138 | 16 | | | | | | | | | | | |
| 138 | 19 | 139 | 10 | Page 138: Lines 19-26 (relevance; legal conclusion; more prejudicial than probative) | Multiple witnesses identified by Defendants contend that the hotel industry generally, and Red Roof in particular, should not be held accountable due to the purported challenges of identifying sex trafficking, testimony rebuts that position; does not seek | | | | | | | | | |
| 139 | 12 | 140 | 7 | Page 139: lines 23-25 (relevance) | Relevant to witness bias | | | | | | | | | |

| WITNESS NAME: | | | | | Vittatoe, Vincent | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | | 5/3/22 | | | | | | | | | | | |
| | | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: Witness is a former employee that lives in TX; can revisit if he plans to be in Court during Plaintiffs' case** | | | | | | | | | | | |
| 140 | 23 | 141 | 8 | Relevance; more prejudicial than probative | Relevant to Red Roof's motive in not taking action in response to criminal activity at Smyrna and Buckhead; probative value not substantially outweighed by risk of unfair prejudice | | | | | | | | | | | |
| 141 | 10 | 141 | 19 | | | 141 | 23 | 143 | 23 | | | | | | | |
| 144 | 4 | 145 | 5 | Relevance; more prejudicial than probative; legal conclusion | Testimony of Red Roof's former safety and security director as to importance of training to preventing trafficking is relevant to claims; probative value not substantially outweighed by risk of unfair prejudice; not legal conclusion, but such objection wa | | | | | | | | | | | |
| 145 | 10 | 145 | 12 | Relevance | Relevant to Red Roof's lack of commitment of resources to safety and security at its locations | | | | | | | | | | | |
| 145 | 16 | 145 | 19 | Relevance | See response above | | | | | | | | | | | |
| 145 | 21 | 146 | 7 | Relevance | See response above | | | | | | | | | | | |

Attachment J-1 Plaintiffs' Deposition Designations

| WITNESS NAME: | Wehrle, Michelle |
|---|---|
| DEPOSITION DATE: | 8/9/22 |

**Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3)**

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 8 | 1 | 8 | 3 | | | | | | | | | | | | | | |
| 9 | 10 | 9 | 13 | | | | | | | | | | | | | | |
| 15 | 22 | 16 | 2 | | | 12 | 21 | 13 | 11 | | | | | | | | |
| 16 | 5 | 16 | 14 | | | 16 17 | 15 7 | 16 18 | 25 5 | | | | | | | | |
| 18 | 6 | 18 | 9 | | | | | | | | | | | | | | |
| 19 | 23 | 20 | 2 | | | | | | | | | | | | | | |
| 33 | 14 | 33 | 21 | | | 33 | 22 | 34 | 4 | | | | | | | | |
| 34 | 5 (begin with "so") | 36 | 21 | | | 157 158 | 5 8 (begin with "Mr.") | 158 160 | 2 24 | | | | | | | | |
| 53 | 23 | 54 | 6 | | | | | | | | | | | | | | |
| 54 | 11 | 54 | 11 | | | | | | | | | | | | | | |
| 54 | 15 | 55 | 5 | 55:4-5 - argumentative, | Objection waived by failure to assert at deposition | | | | | | | | | | | | |
| 55 | 8 (begin with "So") | 55 | 19 | | | | | | | | | | | | | | |
| 56 | 5 | 56 | 9 | | | | | | | | | | | | | | |
| 57 | 5 | 57 | 10 | | | 57 | 11 | 57 | 14 | | | | | | | | |
| 57 | 19 (begin with "Section") | 58 | 3 | | | | | | | | | | | | | | |

| WITNESS NAME: | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WITNESS NAME: | | Wehrle, Michelle | | | | | | | | | | | | | | |
| DEPOSITION DATE: | | 8/9/22 | | | | | | | | | | | | | | |
| | | | | Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3) | | | | | | | | | | | | |
| 58 | 7 | 58 | 19 | | | 41 41 42 43 43 43 44 48 52 | 15 25 22 5 10 19 18("so lets say" 18 21 | 41 42 43 43 43 43 44 48 53 | 23 6 2 5 12 21 23 25 14 | | | | | | | |
| 58 | 25 | 59 | 7 | | | | | | | | | | | | | |
| 59 | 12 | 59 | 19 | | | | | | | | | | | | | |
| 59 | 21 | 60 | 9 | | | | | | | | | | | | | |
| 60 | 17 | 61 | 5 | | | | | | | | | | | | | |
| 61 | 9 (begin with "you said") | 61 | 16 | | | | | | | | | | | | | |
| 61 | 19 | 61 | 21 | | | | | | | | | | | | | |
| 62 | 14 | 62 | 17 | | | | | | | | | | | | | |
| 67 | 1 | 67 | 13 | | | 67 | 14 | 67 | 23 | | | | | | | |
| 67 | 24 | 68 | 1 | | | | | | | | | | | | | |
| 68 | 3 | 68 | 4 | | | | | | | | | | | | | |
| 68 | 6 | 68 | 7 | | | | | | | | | | | | | |
| 82 | 22 (begin with "if") | 82 | 23 | | | | | | | | | | | | | |
| 83 | 1 | 84 | 14 | | | | | | | | | | | | | |
| 85 | 4 | 86 | 4 | | | | | | | | | | | | | |
| 86 | 17 | 87 | 12 | | | | | | | | | | | | | |
| 87 | 15 (begin with "This") | 88 | 3 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WITNESS NAME: Wehrle, Michelle | | | | | | | | | | | | | | | | |
| DEPOSITION DATE: 8/9/22 | | | | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | | |
| 88 | 16 (begin with "This") | 89 | 8 | | | | | | | | | | | | | |
| 90 | 25 | 91 | 3 | | | | | | | | | | | | | |
| 91 | 6 | 91 | 6 | | | | | | | | | | | | | |
| 94 | 18 | 94 | 23 | | | 95 | 8 (begin with "And") | 95 | 10 | | | | | | | |
| 95 | 14 | 95 | 15 (end with "231") | | | | | | | | | | | | | |
| 95 | 17 | 95 | 25 | | | 96 96 | 1 24 (begin with "As") | 96 97 | 3 5 | | | | | | | |
| 98 | 8 | 100 | 5 | | | 100 | 6 | 100 | 14 | | | | | | | |
| 100 | 23 | 101 | 8 | | | 101 | 9 | 101 | 23 | | | | | | | |
| 102 | 19 | 104 | 15 | Foundation; hearsay | foundation objection waived by failure to assert at deposition; not hearsay, statement of party opponent | | | | | | | | | | | |
| 104 | 24 (begin with "So") | 105 | 7 | | | 105 105 105 | 8 13 16 | 105 105 106 | 9 14 15 | | | | | | | |
| 107 | 23 | 108 | 6 | | | 108 108 | 21 25 | 108 109 | 23 16 | | | | | | | |

6423341.1

| WITNESS NAME: | | | | Wehrle, Michelle | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 8/9/22 | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | | |
| 109 | 17 | 111 | 8 | hearsay; | Wehrle's statements are not hearsay as they were statements of party opponent; AHLA rep's statements are not hearsay, not being offered for truth of the matter asserted | | | | | | | | | | | |
| 111 | 25 | 113 | 2 | hearsay; | See response above | | | | | | | | | | | |
| 113 | 4 | 113 | 5 | misstates prior testimony | Does not misstate prior testimony | | | | | | | | | | | |
| 113 | 7 | 113 | 13 | | | | | | | | | | | | | |
| 113 | 17 | 113 | 24 | | | | | | | | | | | | | |
| 114 | 1 | 114 | 7 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 114 | 10 | 114 | 18 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 114 | 20 | 114 | 24 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 115 | 2 | 115 | 23 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 116 | 5 | 116 | 13 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 116 | 15 | 117 | 4 | | | 159 | 23 | 160 | 24 | | | | | | | |
| 117 | 20 | 119 | 13 | | | 119 | 14 | 119 | 25 | | | | | | | |
| 120 | 8 | 121 | 7 | | | | | | | | | | | | | |
| 121 | 13 | 121 | 19 | | | | | | | | | | | | | |
| 121 | 23 | 121 | 25 | | | 122 | 1 | 122 | 7 | | | 122 | 8 | 122 | 10 | |
| | | | | | | | | | | | | 122 | 13 | 122 | 13 | |
| 122 | 14 | 126 | 21 | | | | | | | | | | | | | |
| 126 | 24 | 127 | 1 | | | | | | | | | | | | | |

| WITNESS NAME: | | | Wehrle, Michelle | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | 8/9/22 | | | | | | | | | | | | | |
| | | | | **Designations Can Only be Used if Witness is Unavailable to Testify Live - RESPONSE: 30(b)(6) testimony of Defendant can be used regardless of availability of witness. See FRE 801(d)(2), FRCP 32(a)(3)** | | | | | | | | | | | | | |
| 127 | 4 | 128 | 11 | | | 128 132 133 150 | 23 4 18 3 (begin at "preventing") | 130 132 134 150 | 15 9 1 5 | 128:23-130:15, 132:4-132:9, 133:18-134:1 are outside the scope of Rule 32(g)(6), affirmative designations does not discuss Ex. 168. | | | | | | |
| 128 | 13 | 128 | 13 | | | 151 | 8 | 152 | 12 | | | | | | | |
| 136 | 22 | 138 | 4 | foundation; speculation; hearsay | Deponent is corporate represenative, document is internal Red Roof email, proper foundation; does not call for speculation; and regardless, objections to foundation and speculation waived by failure to assert at deposition; not hearsay, statement of party | | | | | | | | | | | |
| 138 | 6 | 138 | 6 | | | | | | | | | | | | | |

6423341.1

| WITNESS NAME: | Andrew Alexander |
|---|---|
| DEPOSITION DATE: | 6/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 10 | 21 | 10 | 23 | | | | | | | | | | | | | | |
| 13 | 4 | 14 | 1 | | | | | | | | | | | | | | |
| 15 | 2 | 15 | 14 | | | | | | | | | | | | | | |
| 23 | 1 | 23 | 12 | | | 25 | 4 | 25 | 9 | No objection | | 26 | 25 | 27 | 10 | | |
| | | | | | | 25 | 14 | 25 | 18 | | | 27 | 19 | 27 | 25 | | |
| | | | | | | 25 | 20 | 25 | 20 | | | | | | | | |
| | | | | | | 25 | 22 | 26 | 1 | | | | | | | | |
| | | | | | | 26 | 4 | 26 | 24 | | | | | | | | |
| | | | | | | 27 | 14 | 27 | 18 | | | | | | | | |
| | | | | | | 28 | 1 | 28 | 7 | | | | | | | | |
| 36 | 5 | 36 | 22 | | | 36 | 23 | 37 | 13 | | | | | | | | |
| 49 | 6 | 49 | 11 | | | 45 | 16 | 46 | 5 | No objection | | 48 | 20 | 49 | 1 | | |
| | | | | | | 46 | 7 | 46 | 14 | | | | | | | | |
| | | | | | | 47 | 25 | 48 | 9 | | | | | | | | |
| 49 | 15 | 50 | 2 | | | | | | | | | | | | | | |
| 72 | 11 | 73 | 1 | | | | | | | | | | | | | | |
| 73 | 5 | 73 | 10 | | | 74 | 8 | 74 | 20 | Duplicative, not a counter designation under Plaintiff's definition, irrelevant | not duplicative; proper counter under Rule 32(a)(6) | 76 | 3 | 76 | 6 | | |
| | | | | | | 78 | 16 | 78 | 19 | | | 76 | 17 | 77 | 18 | | |
| | | | | | | 82 | 1 | 82 | 4 (end at "it.") | | | 88 | 9 | 88 | 13 | | |
| | | | | | | 82 | 16 | 82 | 20 | | | 88 | 15 | 88 | 17 | | |
| | | | | | | 86 | 11(begin at "But") | 86 | 23 | | | | | | | | |
| | | | | | | 86 | 25 | 87 | 1 | | | | | | | | |
| | | | | | | 87 | 3 | 87 | 11 | | | | | | | | |
| 93 | 13 | 94 | 17 | | | 92 | 25 | 93 | 3 | | | | | | | | |
| | | | | | | 93 | 6 | 93 | 12 | | | | | | | | |
| 95 | 15 | 95 | 24 | | | 95 | 8 (begin at "So") | 95 | 14 | Duplicative, not a counter designation under Plaintiff's definition, irrelevant | not duplicative; proper counter under Rule 32(a)(6); relevant to deponent's involvement in addressing sex trafficking at smyrna which is subject of designation | 94 | 18 | 94 | 23 | | |
| | | | | | | 98 | 1 | 98 | 4 | | | 95 | 1 | 95 | 6 | | |
| | | | | | | 98 | 6 | 98 | 15 | | | 98 | 16 | 98 | 20 | | |
| | | | | | | 100 | 17(begin at "When") | 101 | 8 | | | 101 | 22 | 102 | 6 | | |
| | | | | | | 102 | 7 | 102 | 16 | | | 103 | 11 | 103 | 20 | | |
| | | | | | | 102 | 19 | 102 | 25 | | | | | | | | |
| 105 | 4 | 105 | 11 | | | 104 | 19 | 104 | 24 | | | | | | | | |
| 105 | 20 | 105 | 23 | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 106 | 12 | 106 | 18 | | | 107 | 19 | 107 | 21 | Duplicative, not a counter designation under Plaintiff's definition, irrelevant | not duplicative; proper counter under Rule 32(a)(6) | | | | | |
| | | | | | | 108 | 1 | 108 | 2 | | | | | | | |
| | | | | | | 108 | 4 | 108 | 7 | | | | | | | |
| | | | | | | 108 | 10 | 108 | 11 | | | | | | | |
| | | | | | | 108 | 19 | 108 | 25 | | | | | | | |
| 106 | 20 | 107 | 14 | | | | | | | | | | | | | |
| 112 | 1 | 112 | 4 | | | 110 | 25 | 111 | 25 | Duplicative, not a counter designation under Plaintiff's definition, irrelevant | not duplicative; prover counter under Rule 32(a)(6) | | | | | |
| 112 | 6 | 112 | 6 | | | | | | | | | | | | | |
| 116 | 3 | 116 | 10 | | | 114 | 13 | 114 | 22 | | | | | | | |
| | | | | | | 117 | 1 | 117 | 7 | | | | | | | |
| 190 | 20 | 191 | 6 | | | 190 | 13 | 190 | 20 (end with "police.") | Duplicative, not a counter designation under Plaintiff's definition, irrelevant, hearsay, improper attorney testimony | not duplicative; proper counter under Rule 32(a)(6); relevant to designated testimony; not improper attorney testimony, summarizing earlier questions and information contained in red roof documents; not hearsay, statement of party opponent | | | | | |
| | | | | | | 191 | 7 | 191 | 9 (end with "minor.") | | | | | | | |
| 191 | 9 | 191 | 11 | | | | | | | | | | | | | |
| 191 | 16 | 191 | 24 | | | | | | | | | | | | | |
| 229 | 21 | 229 | 23 | | | 229 | 13 | 229 | 16 | Irrelevant, unfairly prejudicial, improper legal standard, improper lay opinion | Relevant to designation and provides context for designation; probative value not substantially outweighed by risk of unfair prejudice; does not ask legal question or pose standard; not lay opinion | | | | | |
| | | | | | | 229 | 19 | 229 | 19 | | | | | | | |
| 229 | 25 | 230 | 2 | | | | | | | | | | | | | |

| 230 | 12 | 231 | 8 | Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | | | | | | | | | |
| 232 | 2 | 232 | 9 | Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | | | | | | | | | |
| 233 | 17 | 234 | 2 | | | | | | | | | | | |
| 234 | 4 | 234 | 8 | | | | | | | | | | | |
| 234 | 10 | 235 | 15 | 234:25-236:7 Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | | | | | | | | | |
| 235 | 17 | 235 | 17 | See objection above | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 235 | 19 | 236 | 2 | See objection above | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | | | | | | | | | | | |
| 236 | 4 | 236 | 7 | See objection above | Relevant to issues of Plainitff's case, including allegations that RRI should have noticed "red flags" or provided different training | 236 237 237 238 | 25 18 21 12 | 237 237 238 238 | 16 19 8 13 | | | | | | | |
| 239 | 1 | 239 | 10 | 239:5-6, 8-10 Leading | | | | | | | | | | | | |
| 239 | 12 | 239 | 12 | | | | | | | | | | | | | |
| 239 | 14 | 239 | 16 | Leading | | | | | | | | | | | | |
| 239 | 18 | 239 | 18 | | | | | | | | | | | | | |
| 239 | 20 | 240 | 5 | Leading | Objection waived | | | | | | | | | | | |
| 240 | 11 | 240 | 23 | | | | | | | | | | | | | |
| 240 | 25 | 240 | 25 | | | | | | | | | | | | | |
| 241 | 2 | 241 | 25 | | | 242 242 242 | 1 9 17 | 242 242 242 | 3 14 25 | | | | | | | |

6414969.1

Attachment J-2 Defendants' Deposition Designations

| WITNESS NAME: | Michael Beene | |
|---|---|---|
| DEPOSITION DATE: | 9/26/22 | |

Plaintiffs object on hearsay ground because Mr. Beene lives within the district, and Defendants have made no showing that he's unavailable.

Plaintiffs also object to the disclosure of Plaintiffs' names. (27:15; 27:23-24; 28:8; 35:9; 40:13; 40:20; 43:22; 47:7; 48:10; 48:21; 49:1; 49:3-5; 49:10-11; 49:14; 50:6; 54:6; 55:20; 57:10; 57:17; 57:18; 58:2; 58:8; 65:22; 66:1; 66:8; 66:11; 66:13; 66:16; 66:21; 66:23-24; 67:1; 67:5; 67:9; 67:15; 67:20; 67:22; 67:1; 68:2; 68:8-10; 68:12-13; 68:20; 80:20; 94:4; 94:9; 94:14; )

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 10 | 21 | 12 | 9 | | | | | | | | | |
| 13 | 11 | 13 | 19 | | | | | | | | | |
| 14 | 6 | 14 | 12 | | | | | | | | | |
| 14 | 24 | 15 | 13 | | | | | | | | | |
| 16 | 20 | 17 | 2 | | | | | | | | | |
| 17 | 9 | 17 | 15 | | | | | | | | | |
| 18 | 2 | 18 | 5 | | | | | | | | | |
| 18 | 25 | 19 | 7 | | | | | | | | | |
| 20 | 8 | 20 | 15 | | | | | | | | | |
| 20 | 23 | 21 | 7 | 23 | 17 | 23 | 23 | | | | | |
| 27 | 14 | 28 | 19 | | | | | | | | | |
| 31 | 6 | 31 | 8 | Calls for speculation; prejudicial | Does not call for speculation and not prejudicial based on Plaintiff's testimony | | | | | | | |
| 31 | 14 | 31 | 15 | Calls for speculation; prejudicial | Does not call for speculation and not prejudicial based on Plaintiff's testimony | | | | | | | |
| 31 | 17 | 32 | 1 | | | | | | | | | |
| 33 | 7 | 33 | 9 | | | | | | | | | |
| 33 | 19 | 39 | 24 | | | | | | | | | |
| 40 | 8 | 41 | 2 | | | | | | | | | |
| 41 | 12 | 41 | 24 | | | | | | | | | |
| 42 | 5 | 43 | 1 | | | | | | | | | |
| 43 | 21 | 44 | 18 | | | | | | | | | |
| 45 | 7 | 45 | 14 | | | | | | | | | |
| 46 | 19 | 50 | 13 | | | | | | | | | |
| 52 | 3 | 52 | 7 | | | | | | | | | |
| 52 | 11 | 52 | 14 | | | | | | | | | |
| 52 | 52 | 53 | 23 | | | | | | | | | |
| 54 | 5 | 54 | 18 | | | | | | | | | |
| 55 | 5 | 56 | 5 | | | | | | | | | |
| 56 | 17 | 56 | 25 | | | | | | | | | |
| 57 | 8 | 59 | 14 | | | | | | | | | |
| 63 | 2 | 63 | 13 | | | | | | | | | |
| 65 | 4 | 65 | 6 | | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | 7 | 69 | 5 | 66:23-69:5 (Rule 412; Rule 403; Rule 404; prejudicial, irrelevant, confusing) | Rule 412(b)(2), relevant to issues of Plaintiff's case, admissible for other purposes under Rule 404, not unfairly prejudicial | | | | | | | | | | | | | | |
| 71 | 10 | 71 | 17 | | | | | | | | | | | | | | | | |
| | | | | | | 73 | 15 | 73 | 25 | Not a question | If the video is played, this will be helpful so the jury knows who's asking the questions (just as would be the case if testifying live). | | | | | | | | |
| | | | | | | 77 | 6 | 77 | 9 | | | | | | | | | | |
| | | | | | | 78 | 8 | 78 | 13 | | | | | | | | | | |
| 80 | 12 | 80 | 22 | | | | | | | | | | | | | | | | |
| 84 | 1 | 85 | 8 | | | | | | | | | | | | | | | | |
| 85 | 17 | 86 | 2 | | | 86 | 3 | 86 | 14 | | | 86 | 15 | 86 | 17 | | | | |
| | | | | | | | | | | | | 86 | 20 | 87 | 2 | | | | |
| 87 | 16 | 87 | 18 | | | 87 | 7 | 87 | 12 | | | | | | | | | | |
| | | | | | | 87 | 22 | 87 | 22 | Speculation | He's testifying he saw people he would identify as "crackheads," and not speculating as to what they were or were not doing at the time. | 88 | 1 | 88 | 3 | | | |
| | | | | | | 87 | 24 | 87 | 24 | | | | | | | | | | |
| 87 | 20 | 87 | 20 | | | | | | | | | | | | | | | | |
| 88 | 4 | 88 | 10 | | | | | | | | | | | | | | | | |
| | | | | | Cross-Examination: | 88 | 13 | 88 | 17 | Not a counter designation under Plaintiff's definition, irrelevnat, confusing issues | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. Relevant for the jury's assessment of Beene's credibility, including that he previously said he didn't want to be a snitch. | 92 | 4 | 92 | 12 | | | |
| | | | | | | 89 | 5 | 92 | 3 | Not a counter designation under Plaintiff's definition, irrelevnat, confusing issues | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. Relevant for the jury's assessment of Beene's credibility, including that he previously said he didn't want to be a snitch. | | | | | | | |
| | | | | | | 93 | 18 | 95 | 11 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | | 95 | 21 | 95 | 25 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 96 | 11 | 96 | 16 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 97 | 8 | 97 | 10 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 97 | 19 | 98 | 4 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 107 | 16 | 107 | 20 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 110 | 9 | 110 | 19 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 110 | 23 | 111 | 14 | | | 111 | 18 | 111 | 25 | | | |
| | | | | | 143 | 16 | 144 | 6 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 144 | 9 | 145 | 11 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 145 | 13 | 145 | 14 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 145 | 19 | 146 | 15 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 146 | 19 | 147 | 20 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | | |
| | | | | | 147 | 22 | 148 | 15 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | 148 | 19 | 148 | 23 | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | 149 | 1 | 150 | 2 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | 150 | 6 | 151 | 17 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | |

| WITNESS NAME: | Tradelle Lacy | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 9/26/22 | | | | | | | | | | |

Plaintiffs object on hearsay ground because Mr. Lacy lives within the district, and Defendants have made no showing that he's unavailable.

Plaintiffs also object to the disclosure of Plaintiffs' names. (20:25-21:1; 21:4; 24:5; 27:19; 28:13; 29:5; 29:12; 29:18; 29:23; 30:1; 31:8; 30:22; 32:11; 33:2; 33:17; 41:5-6; 41:13; 67:21; 68:25)

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 9 | 25 | 12 | 7 | | | | | | | | |
| 16 | 5 | 18 | 20 | | | | | | | | |
| 20 | 19 | 25 | 8 | | | | | | | | |
| 25 | 23 | 27 | 17 | | | | | | | | |
| 27 | 18 | 31 | 11 | | | | | | | | |
| 32 | 5 | 32 | 14 | Authenticty (as to Ex. 2); hearsay | Not being used for a hearsay purpose and Mr. Lacy authenticated the exhibit | | | | | | |
| 32 | 20 | 34 | 24 | | | | | | | | |
| 34 | 25 | 35 | 19 | | | | | | | | |
| 36 | 6 | 36 | 14 | | | | | | | | |
| 36 | 15 | 38 | 22 | | | | | | | | |
| 38 | 23 | 39 | 9 | | | | | | | | |
| 40 | 16 | 41 | 18 | | | | | | | | |
| 42 | 12 | 43 | 12 | | | 42 | 2 | 42 | 11 | | |
| 44 | 1 | 44 | 8 | | | 43 | 21 | | | | |
| | | | | | | 43 | 25 | | | | |
| 47 | 23 | 49 | 13 | Rule 403/Confusing and prejudicial because attorney falsely claims that RK accused Lacy of trafficking (47:23-48:3); Cumulative (48:4-5) | Relevant and not unfairly prejudicial as it goes directly to claims raised by Plainitff in this case. Not comunulative. | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 55 | 12 | 56 | 9 | Cumulative (55:12-25; 58:8-9). | Not cumulative. | 56 | 13 | 56 | 16 | Not a counter designation under Plaintiff's definition and not a question. | If the video is played, this will be helpful so the jury knows who's asking the questions (just as would be the case if testifying live). | | | | |
| 67 | 10 | 68 | 8 | | | | | | | | | | | | |
| 68 | 12 | 68 | 16 | | | | | | | | | | | | |
| 68 | 19 | 68 | 19 | | | | | | | | | | | | |
| 68 | 21 | 69 | 9 | | | | | | | | | | | | |
| 69 | 12 | 69 | 13 | | | | | | | | | | | | |
| 71 | 14 | 71 | 16 | | | 71 | 4 | 71 | 13 | | | | | | |
| 72 | 5 | 73 | 7 | | | 71 | 17 | 72 | 4 | | | | | | |
| 92 | 24 | 93 | 13 | | | | | | | | | | | | |
| 129 | 20 | 130 | 16 | | | | | | | | | | | | |
| | | | | | Cross-Examination: | 76 | 15 | 76 | 24 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | |
| | | | | | | 77 | 20 | 78 | 2 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | |
| | | | | | | 78 | 21 | 79 | 4 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | |

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 79 | 7 | 79 | 7 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | 79 79 80 | 9 18 16 | 79 79 80 | 10 18 20 | | |
| | | | | | | 80 | 24 | 81 | 14 | Not a counter designation under Plaintiff's definition | This would be played as part of Plaintiffs' cross-examination of the witness and not in line with Defendants' designations. | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| WITNESS NAME: | Nha Luan (Vickie) Lam |
|---|---|
| DEPOSITION DATE: | 3/11/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 12 | 8 | 12 | 12 | | | | | | | | | |
| 15 | 7 | 16 | 18 | | | | | | | | | |
| 19 | 21 | 20 | 16 | | | | | | | | | |
| 21 | 2 | 21 | 4 | | | | | | | | | |
| 31 | 2 | 32 | 7 | | | | | | | | | |
| 32 | 9 | 32 | 10 | | | | | | | | | |
| 39 | 8 | 40 | 22 | | | | | | | | | |
| 42 | 9 | 43 | 20 | | | | | | | | | |
| 43 | 22 | 43 | 23 | | | | | | | | | |
| 43 | 25 | 44 | 24 | | | | | | | | | |
| 45 | 8 | 46 | 9 | | | | | | | | | |
| 46 | 11 | 46 | 12 | | | | | | | | | |
| 48 | 4 | 48 | 13 | | | | | | | | | |
| 48 | 15 | 48 | 18 | | | | | | | | | |
| 49 | 23 | 50 | 17 | 49 | 6 | 49 | 6 | | | | | |
| | | | | 49 | 17 (begin with "do") | 49 | 22 | | | | | |
| 51 | 7 | 51 | 9 | | | | | | | | | |
| 51 | 11 | 52 | 12 | | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | 16 | 53 | 20 | | | 56<br>56<br>57<br>58 | 1<br>11<br>23<br>9 | 56<br>56<br>58<br>58 | 9<br>18<br>6<br>25 | Speculation;<br>foundation;<br>hearsay | Witness's account of her own conversations are not hearsay but admissions of a party opponent under FRE 801(d)(2). Statements of franchisee and those within customer review referred to are not hearsay because they are not offered to prove the truth of the matter asserted, but to show the effect on the listener--in this case, the reasonableness of Ms. Lam's response in light of the information received.<br>Witness is testifying to her personal knowledge, including its limitations. Unclear what the basis for a foundation objection would be, but again, witness is qualified to testify regarding both her personal knowledge and its limitations. | | | | | | |
| 88 | 22 | 90 | 15 | | | | | | | | | | | | | | |
| 90 | 24 | 91 | 13 | | | | | | | | | | | | | | |
| 91 | 15 | 91 | 16 | | | | | | | | | | | | | | |
| 95 | 12 | 95 | 23 | | | | | | | | | | | | | | |
| 96 | 10 | 96 | 15 | | | 96 | 16 | 96 | 20 | | | | | | | | |
| 96 | 21 | 97 | 15 | | | 97<br>99<br>100<br>100<br>101 | 25 (begin with "But")<br>14<br>14<br>20<br>12 | 98<br>100<br>100<br>101<br>101 | 21<br>12<br>18<br>9<br>15 | | | | | | | | |
| 102 | 23 | 102 | 25 | | | | | | | | | | | | | | |
| 150 | 10 | 151 | 19 | | | 151 | 20 | 152 | 12 | | | | | | | | |
| 190 | 22 | 191 | 3 | | | 190<br>192 | 10<br>3 (begin with "There") | 190<br>192 | 21<br>10 | | | 190<br>191<br>191<br>191<br>192 | 22<br>8<br>16<br>20<br>1 | 191<br>191<br>191<br>191<br>192 | 6<br>14<br>18<br>24<br>3 | None | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 224 | 14 | 224 | 21 | | | 224 226 226 226 | 22 3 7 17 | 225 226 226 226 | 22 5 15 24 | | | | | | | | |
| 229 | 18 | 229 | 22 | | | 229 | 12 | 229 | 17 | Not a proper counter objection; given your instructions this can be played in your affirmative designations, not ours | We agree it will not be played twice. | | | | | | |
| 229 | 24 | 230 | 7 | | | | | | | | | | | | | | |
| 230 | 18 | 230 | 20 | | | 230 230 | 21 24 | 230 231 | 22 15 | Not a proper counter objection; given your instructions this can be played in your affirmative designations, not ours | We agree it will not be played twice. | | | | | | |
| 231 | 16 | 231 | 22 | | | 231 232 | 23 4 | 232 232 | 1 6 | Not a proper counter objection; given your instructions this can be played in your affirmative designations, not ours | We agree it will not be played twice. | | | | | | |
| 232 | 8 | 232 | 19 | | | | | | | | | | | | | | |
| 237 | 18 | 240 | 1 | | | | | | | | | | | | | | |

| 277 | 21 | 227 | 24 | | | 277 | 25 | 278 | 19 | Not a proper counter objection; given your instructions this can be played in your affirmative designations, not ours | We agree it will not be played twice. | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 316 | 18 | 317 | 14 | | | | | | | | | | | | | | |

| WITNESS NAME: | George Limbert |
|---|---|
| DEPOSITION DATE: | 4/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 16 | 7 | 17 | 23 | | | | | | | | | | | | | | |
| 24 | 4 | 24 | 14 | | | | | | | | | | | | | | |
| 29 | 14 | 29 | 21 | | | 29 | 11 (start with "You") | 29 | 13 | | | | | | | | |
| 30 | 21 | 31 | 5 | | | | | | | | | | | | | | |
| 34 | 14 | 34 | 15 | | | 34 | 24 (start with "The") | 35 | 10 | | | | | | | | |
| 34 | 17 | 34 | 17 | | | | | | | | | | | | | | |
| 34 | 19 | 34 | 20 | | | | | | | | | | | | | | |
| 37 | 19 | 37 | 22 | | | | | | | | | | | | | | |
| 38 | 2 | 38 | 4 | | | | | | | | | | | | | | |
| 39 | 25 | 40 | 13 | | | | | | | | | | | | | | |
| 40 | 22 | 41 | 4 | | | 41<br>41 | 5<br>12 | 41<br>41 | 7<br>17 | Not a counter designation under Plainitff's definition (41:12 41:17) | proper counter under Rule 32(a)(6) | | | | | | |
| 42 | 2 | 42 | 6 | | | | | | | | | | | | | | |
| 50 | 12 | 50 | 17 | | | | | | | | | | | | | | |
| 52 | 13 | 52 | 16 | | | 53 | 1 | 53 | 4 | | | | | | | | |
| 29 | 14 | 29 | 21 | Previously designated above | agree | | | | | | | | | | | | |
| 37 | 19 | 37 | 22 | Previously designated above | agree | | | | | | | | | | | | |
| 38 | 2 | 38 | 4 | Previously designated above | agree | | | | | | | | | | | | |
| 39 | 25 | 40 | 13 | Previously designated above | agree | | | | | | | | | | | | |
| 40 | 22 (beginning with so) | 41 | 4 | Previously designated above | agree | | | | | | | | | | | | |
| 52 | 13 | 52 | 16 | Previously designated above | agree | | | | | | | | | | | | |

6414969.1

Attachment J-2 Defendants' Deposition Designations

| WITNESS NAME: | George Limbert |
|---|---|
| DEPOSITION DATE: | 4/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 53 | 10 | 53 | 17 | | | 53 54 | 18 10 | 54 54 | 2 13 | Not a counter designation under Plaintiff's definition | proper counter under Rule 32(a)(6) | | | | | | |
| 68 | 2 | 68 | 17 | | | 68 68 | 18 25 | 68 69 | 22 2 | | | | | | | | |
| 85 | 2 | 85 | 10 | | | 85 | 11 | 85 | 25 | | | | | | | | |
| 86 | 1 | 86 | 12 | | | 86 86 87 87 | 13 19 12 20 | 86 87 87 87 | 16 1 15 25 | Not a counter designation under Plaintiff's definition (86:19 87:20) | proper counter under Rule 32(a)(6) | | | | | | |
| 98 | 4 | 98 | 13 | | | 96 97 98 99 | 17 12 14 5 | 97 97 99 99 | 9 13 2 7 | Improper lay opinion (97:6 - 97:13) | Not lay opinion | | | | | | |
| 114 | 21 | 115 | 7 | | | 113 | 3 | 113 | 13 | Not a counter designation under Plaintiff's definition | proper counter under Rule 32(a)(6) | | | | | | |
| 139 | 12 | 139 | 22 | | | 139 | 23 | 140 | 22 | Irrelevant, improper lay opinion | Relevant to designation; not improper lay opinion; testimony of president of hotel chain | | | | | | |
| 184 | 6 | 184 | 16 | | | | | | | | | | | | | | |
| 184 | 18 | 184 | 21 | | | | | | | | | | | | | | |
| 184 | 23 | 185 | 3 | | | 185 185 | 4 7 | 185 185 | 5 15 | Attorney-Client Privilege | not privileged | | | | | | |
| 185 | 22 | 186 | 25 | | | 185 | 18 | 185 | 21 | Attorney-Client Privilege | not privileged, because affirmative designation discusses steps deponent took | | | | | | |

6414969.1

| WITNESS NAME: | George Limbert |
|---|---|
| DEPOSITION DATE: | 4/27/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 186 | 2 | 186 | 13 | | | | | | | | | | | |
| 187 | 1 | 187 | 6 | | | | | | | | | | | |
| 187 | 19 | 188 | 3 | | | 188 | 4 | 188 | 10 | | | | | |
| 189 | 8 | 189 | 14 | | | 188 | 18 | 189 | 5 | Attorney-Client Privilege | not privileged | | | | |
| 190 | 2 | 190 | 15 | | | 192 (begin with "Did")<br>193<br>193<br>193 | 3<br>6<br>10<br>13 | 192<br>193<br>193<br>193 | 5<br>8<br>11<br>16 | Not a counter designation under Plaintiff's definition; attorney-client privilege | proper counter under Rule 32(a)(6) | | | | |
| 191 | 5 | 191 | 7 | | | 197<br>197<br>199<br>200<br>204<br>204 | 6<br>15<br>10<br>12<br>3<br>20 | 197<br>197<br>200<br>201<br>204<br>206 | 12<br>20<br>1<br>4<br>9<br>5 | Not a counter designation under Plaintiff's definition; irrelevant | should be listed as counter to 197:21-198:9 below, not here; proper counter under Rule 32(a)(6); relevant to contents of affirmative designation | | | | |
| 192 | 6 | 192 | 17 | | | | | | | | | | | |
| 197 | 21 | 198 | 9 | | | | | | | | | | | |

6414969.1

| WITNESS NAME: | M.H. |
|---|---|
| DEPOSITION DATE: | 10/5/22 |

Plaintiffs object on hearsay ground because M.H. lives within the district, and Defendants have made no showing that she's unavailable.
Plaintiffs also object to the disclosure of Plaintiffs' names or the names of other sex trafficking victims (e.g., Jane Doe 1 and Jane Doe 2).
Plaintiffs also object to M.H.'s testimony as irrelevant and confusing. M.H. is testifying about J.D.2 and the Jane Doe case, not this one. She testified that she was not aware of JD1 or JD2 approaching anyone other than her about joining the lawsuit (69:14-70:9). And  if J.D.2 does not testify as a witness in this case, none of M.H.'s testimony is relevant, and instead it would confuse the jury.
DEFENDANTS' RESPONSE: M.H.'s October 5, 2024 deposition was specifically taken for use in the W.K. case. Further, specifically testifies to being involved with an alleged trafficker named "Kwan" who at least two of the Plaintiffs also claim was involved with their alleged trafficking. Finally, M.H. testified she was present at the subject hotel during the relevant time period and can speak to issues of general relevance to the claims and defenses in the WK case. Therefore, Plaintiff's objecitons go to the weight of the testimony, not its  relationship to the key issues in this case and just because this testimony is prejudicial to Plaintiff, it does not rise to the level of being unfairly prejudicial under 403.

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COU | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Li | Objections | Replies to Objections | Page/Li | Page/Li | Objections | Replies to Objections | | Page/Li | Page/Li | Objections | Replies to Objections | |
| 8 | 23 | 9 | 3 | | | | | | | | | | | |
| 10 | 12 | 16 | 1 | 11:8-14 (Irrelevant, prejudicial, confusing and misleading. Her testimony is not that the "plaintiffs" tried to get her "in on something," only JD2) | Defendants incorporate their response to Plaintiff's general objection in row 6. | | | | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| 16 | | 4 | 16 | 11 | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | | 22 | 17 | 5 | Nonresponsive, speculative, and asks for information she does not possess | Defendants incorporate their response to Plaintiff's general objection in row 6. Further, MH is testifying to her experience in the same geographical locaitons, during the same time periods, making her testimony squarely relevant to the claims and defenses in this case. | | | | | | | | | | | |
| 18 | | 15 | 18 | 19 | | | | | | | | | | | | | |
| 18 | | 21 | 18 | 21 | | | | | | | | | | | | | |
| 19 | | 3 | 19 | 7 | Speculation; asks for information she can't know | Defendants incorporate their response to Plaintiff's general objection in row 6. Further, MH is testifying to her experience in the same geographical locaitons, during the same time periods, making her testimony squarely relevant to the claims and defenses in this case. | | | | | | | | | | | |
| 19 | | 9 | 19 | 12 | Speculation; asks for information she can't know | Defendants incorporate their response to Plaintiff's general objection in row 6. Further, MH is testifying to her experience in the same geographical locaitons, during the same time periods, making her testimony squarely relevant to the claims and defenses in this case. | | | | | | | | | | | |
| 19 | | 14 | 19 | 25 | | | | | | | | | | | | | |

| 20 | | 2 | 21 | 17 | Irrelevant, prejudicial, confusing and misleading. The witness recants this testimony as to Kristin; Hearsay (21:7-14) | Defendants incorporate their response to Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case. | | | | | | | | | | | |
| 21 | | 20 | 21 | 25 | Irrelevant/Prejudicial/confusing | | | | | | | | | | | | |
| 22 | | 2 | 27 | 10 | Speculation; asks for information she can't know as to Kristin having sex with Bob Patel; Hearsay re what Micaela said; prejudicial, irrelevant and confusing. | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period, including the discretion that was taken to avoid detection. MH's testimony about Bob Patel is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | | |

| 27 | 20 | 27 | 23 | Speculation; asks for information she can't know as to Micaela having sex with Bob Patel | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period, including the discretion that was taken to avoid detection. MH's testimony about Bob Patel is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | | | |
| 27 | 25 | 27 | 25 | Speculation; asks for information she can't know as to Micaela having sex with Bob Patel | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period, including the discretion that was taken to avoid detection. MH's testimony about Bob Patel is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | | | |

| 28 | | 2 | 28 | 3 | Irrelevant, confusing (Kristin is not testifying in this case); speculation | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period. MH's testimony about Bob Patel is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | | | |
| 28 | | 6 | 30 | 21 | Speculation; asks for information she can't know as to pimps ever paying employees | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period. MH's testimony about her experience at the Red Roof Inn is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | | | |

| 30 | | | | 23 | 30 | 24 | Speculation; asks for information she can't know about anyone ever paying any employee | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period. MH's testimony about her experience at the Red Roof Inn is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | |
| 31 | | | | 1 | 31 | 1 | Speculation; asks for information she can't know about anyone ever paying any employee | Defendants incorporate their response to the Plaintiff's general objection in row 6. MH testifies to the same hotels at issue in this case and what occurred at those hotels during the same time period. MH's testimony about her experience at the Red Roof Inn is based on her own personal experience, and witnesses can testify to their knowledge. | | | | | | | | | | |
| 31 | | | | 10 | 32 | 18 | | | | | | | | | | | | |
| 32 | | | | 20 | 35 | 18 | | | | | | | | | | | | |
| 37 | | | | 21 | 37 | 23 | Irrelevant, prejudicial, confusing and misleading. That hotel is not at issue in this case. | Defendants will withdraw this testimony. | | | | | | | | | | |

| 38 | 12 | 44 | 12 | Cumulative; these questions were asked and answered as to history with pimps and JD2 contacting her about the lawsuit. | Defendants incorporate their response to Plaintiff's general objection in row 6. This line of questioning goes to MH's lack of bias. Further, this testimony relates to Kwan, who is claimed to be an alleged trafficer by at leas two of the WK Plaintiffs. Therefore, MH's tesitmony regarding how these "pimps" provided for her, and how the operation was conducted is directly relevant to this case. | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 44 | 14 | 46 | 12 | | | | | | | | | | | | | | | |
| 46 | 19 | 51 | 10 | Cumulative; these questions were asked and answered as to which hotels she stayed at with which pimps and her drug history, keeping money from Shivers and spending it, keeping it "quiet." | Defendants incorporate their response to Plaintiff's general objection in row 6. This testimony is about he same Inns at isssue in this case, and the same time period.  Therefore, MH's tesitmony regarding how these "pimps" provided for her, and how the operation was conducted is directly relevant to this case. | | | | | | | | | | | | | |
| 51 | 12 | 54 | 20 | | | | | | | | | | | | | | | |
| 55 | 5 | 55 | 7 | | | | | | | | | | | | | | | |
| 55 | 9 | 55 | 12 | | | | | | | | | | | | | | | |
| 56 | 10 | 56 | 25 | | | | | | | | | | | | | | | |

| 57 | | 7 | 58 | 4 | Calls for legal conclusion. | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief that Micaela was a "bottom" for Kwan and what the position entailed. | | | | | | | | | | | |
| 58 | | 8 | 58 | 10 | Calls for legal conclusion. | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief that Micaela was a "bottom" for Kwan and what the position entailed. | | | | | | | | | | | |
| 58 | | 12 | 58 | 12 | Calls for legal conclusion. | MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief that Micaela was a "bottom" for Kwan and what the position entailed. | | | | | | | | | | | |

| 58 | | 16 | 58 | 19 | Calls for legal conclusion. | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief based on personal experience, regarding the role drugs played in this lifestyle. | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 58 | | 21 | 60 | 3 | Calls for legal conclusion. | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief based on personal experience, regarding the role drugs played in this lifestyle. So is her personal belief that Micaela was a "bottom" for Kwan and what the position entailed. | 60 | 4 | 60 | 9 | | | | | | | |
| 60 | | 17 | 60 | 23 | Speculation; asks for information she can't possess as to wether Kwan was ever violent; and whether Micaela ever threatened violence or withheld drugs. | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony about how one of the alleged traffickers in this case, Kwan, treated her is directly relevant to the claims and defenses at issue. | | | | | | | | | | |

| 60 | | 25 | 62 | 23 | Cumulative; these questions were already asked and answered. | Defendants incorporate their response to Plaintiff's general objection in row 6. Further, this testimony is not cumulative but instead adds more detail to why MH did not sue even though she had similar experiences to other Plaintiffs. This testimony also goes directly to a lack of bias. | | | | | | | | | | | |
|----|---|----|----|----|----|----|---|---|---|---|---|---|---|---|---|---|---|
| 63 | | 15 | 64 | 7 | Cumulative. | Defendants incorporate their response to Plaintiff's general objection in row 6. Further, this testimony is not cumulative but instead adds more detail to why MH did not sue even though she had similar experiences to other Plaintiffs. This testimony also goes directly to a lack of bias. | | | | | | | | | | | |
| 66 | | 2 | 66 | 24 | | | | | | | | | | | | | |
| 67 | | 2 | 68 | 19 | Irrelevant, prejudicial, confusing and misleading. The Microtel is not at issue in this lawsuit. | Defendants withdraw as to 68:9-19. Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. | 68 | 9 | 68 | 19 | Relevance - relates to another hotel not at issue in this case. | Withdraw 68:9-19 | 60 | 10 | 60 | 16 | Withdrawn 68:9-16; irrelevant, confusing, prejudicial; this relates to JD1 (not a witness) and different hotel |

| 69 | 14 | 70 | 9 | Irrelevant, prejudicial, confusing and misleading as to asking if Kristin called anyone about joining the lawsuit, which the witness already testified never happened and vague, speculative, and leading as "she was involved in it in some way" after witness testified she had never talked to Kristin about it. | Defendants incorporate their response to the Plaintiff's general objection in row 6. Further, there were no form objections on the record to these questions, which means those were waived. MH's testimony about being approached and that other women were approached about these lawsuits is relevant given her involvement with the same people, properties, and timeframes. | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | 4 | 71 | 15 | Irrelevant; confusing | Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony about how one of the alleged traffickers in this case, Kwan, treated her is directly relevant to the claims and defenses at issue. | | | | | | | | | |
| 75 | 22 | 79 | 3 | | | 79 79 80 | 4 10 5 | 79 79 80 | 8 18 21 | Irrelevant - relates to a hotel not at issue in this case. MH testified CB was never at Red Roof Inns. | the preceding portion and other parts you've designated deal with CB. If that comes in, the whole discussion should come in. | 79 80 | 20 1 | 79 80 | 22 4 |

6414969.1

| 81 | | 12 | 83 | 10 | | | 81 | 2 | 81 | 12 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | This is part of your counter-counter; if any of this comes in (and again we object to MH's testimony wholesale), then this should be played in line for clarity purposes. | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 83 | | 17 | 84 | 1 | | | | | | | | | | | | | | |
| 83 | | 21 | 84 | 7 | | | | | | | | | | | | | | |
| 85 | | 9 | 85 | 18 | | | 84 | 20 (begin with "before") | 85 | 8 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | The questions are about how many girls were with each pimp. (87:14-25); this goes with that and is a proper counter. | | | | | |
| 87 | | 14 | 87 | 25 | | | 86 | 3 | 86 | 22 | | | | | | | | |
| 88 | | 1 | 89 | 13 | | | 89 | 14 | 89 | 19 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | the conversation is about her stays at the RRI Smyrna and this is part of that; it's a proper counter if she's permitted to discuss her time at the Smyrna Red Roof. | 90 | 12 | 90 | 22 | |
| | | | | | | | 89 | 24 | 90 | 12 | | | | | | | |
| 91 | | 21 | 92 | 4 | | | | | | | | | | | | | | |
| 92 | | 9 | 92 | 12 | | | | | | | | | | | | | | |
| 92 | | 14 | 92 | 19 | | | | | | | | | | | | | | |

6414969.1

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 92 | | | 21 | 92 | 21 | | | 93 | 1 | 93 | 6 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | This would be used solely for cross if she's allowed to testify about Jane Doe 2 asking her to join in the lawsuit. | | | | | | |
| 93 | | | 9 | 93 | 23 | | | | | | | | | | | | | | |
| 94 | | | 25 | 95 | 1 | | | | | | | | | | | | | | |
| 95 | | | 25 | 96 | 19 | | | 95 | 16 | 95 | 24 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Withdraw | | | | | | |

| 97 | 6 | 97 | 8 | | | 99 100 | 16 21 | 100 101 | 14 4 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. This counter designates testimony regarding an exhibit that was not used in Defendants' affirmative designation, highlighting the inappropriate nature of Plaintiff's counter per Plaintiff's counter designation "rules." | Withdraw | | | | | | |
| 103 | 18 | 103 | 21 | | | 103 103 | 2 8 | 103 103 | 5 12 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | This relates to 103:18-21, 108:24-104:13 about whether the hotel knew or should have known about prostitution so it is proper counter | 101 | 18 | 101 | 21 | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 103 | | 24 | 104 | 13 | | | 103 | 15 | 103 | 16 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | This relates to 103:18-21, 108:24-104:13 about whether the hotel knew or should have known about prostitution so it is proper counter | | | | | |
| 104 | | 16 | 104 | 16 | | | 104 105 106 107 107 108 109 | 20 3 2 1 18 12 21 | 104 105 106 107 108 109 110 | 24 10 5 6 11 13 5 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. This counter designates testimony regarding an exhibit that was not used in Defendants' affirmative designation, highlighting the inappropriate nature of Plaintiff's counter per Plaintiff's counter designation "rules." | 104:20-24 relates to 103:18-21, 108:24-104:13 about whether the hotel knew or should have known about prostitution so it is proper counter. Withdraw 105:3-10. 106:2-112:14 would be for purposes of cross-examination and could be played after Defendants play their designations | | | | | |

| 114 | | 25 | 115 | 7 | Irrelevant as to where she lives (also unsafe) and what she wears there. | Withdraw as to 115:3-4 (hotel name). Defendants incorporate their response to Plaintiff's general objection in row 6. MH's testimony regarding Kwan, who is an alleged trafficker in this case, is relevant. So is her personal belief based on personal experience, regarding the role drugs played in this lifestyle. | 111 111 | 14 23 | 111 112 | 20 14 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. This counter designates testimony regarding an exhibit that was not used in Defendants' affirmative designation, highlighting the inappropriate nature of Plaintiff's counter per Plaintiff's counter designation "rules." | see note above re: 111:14-111:20 and 111:23-112:14 | | | | |
| 115 | | 11 | 115 | 19 | | | | | | | | | | | | |
| 115 | | 23 | 116 | 6 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 117 | | 4 | 118 | 5 | | | 118 | 11 | 118 | 15 | | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | this relates precisely to the question before and many other questions about JD1 JD2 (i.e., MH wasn't always with them); if her testimony about either of the two comes in, this should be played at the conclusion of the deposition video | | |

6414969.1

| WITNESS NAME: | Tom McElroy |
|---|---|
| DEPOSITION DATE: | 7/6/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 8 | 4 | 8 | 9 | Attorney testimony; not admissible | Required to clarify record given Plaintiffs' efforts to combine Red Roof entities even though they are separate corporate entities | | | | | | |
| 8 | 24 | 8 | 25 | | | | | | | | |
| 9 | 1 | 9 | 3 | | | | | | | | |
| 15 | 23 | 15 | 25 | | | | | | | | |
| 17 | 4 | 17 | 9 | | | | | | | | |
| 18 | 10 | 18 | 20 | | | | | | | | |
| 21 | 25 | 21 | 25 | | | | | | | | |

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 1 | 22 | 16 | | | 22<br>24<br>24 | 17<br>10<br>14 | 23<br>24<br>24 | 11<br>12<br>23 | Page 22; lines 23-25; Not a proper counter-designation according to your definition of counter-designations; improper expert opinion; not designated as an expert; Page 23, lines 1-11 Not a proper counter-designation according to your definition of counter-designations; improper expert opinion; not designated as an expert; Page 24, lines 10-23: Not a proper counter-designation according to | deponent is Red Roof's former safety and security director, not offering expert opinion; designations proper under Rule 32(a)(6) | | | | | | |
| 27 | 23 | 27 | 25 | | | 26<br>27 | 20<br>15 | 27<br>27 | 13<br>21 | Relevance; Not a proper counter-designation based upon your definition of counter-designations; improper expert opinion; lack of foundation during relevant time period; | Relevant and provides context for affirmative designation; former Red Roof Safety and security director, proper foundation; proper designation under Rule 32(a)(6) | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 3 | 28 | 9 | | | 30 30 | 3 8 | 30 30 | 6 8 | Not a proper counter-designation based upon your definition of counter-designations; improper expert opinion; lack of foundation during relevant time period; | Withdraw as counter | | | | | |
| 48 | 25 | 48 | 25 | | | | | | | | | | | | | |
| 49 | 1 | 49 | 6 | | | | | | | | | | | | | |
| 49 | 25 | 49 | 25 | | | | | | | | | | | | | |
| 50 | 1 | 50 | 2 | | | | | | | | | | | | | |
| 50 | 4 | 50 | 9 | | | 50 50 | 11 15 | 50 50 | 13 25 | Not a proper counter-designation based upon your definition of counter-designations; improper expert opinion; lack of foundation during relevant time period; | proper counter under Rule 32(a)(6); not expert opinion, describing his experience as Red Roof Safety and Security Director; does not lack foundation; discussing the period of his employment, which overlaps with period of trafficking | | | | | |
| 55 | 22 | 55 | 23 | | | | | | | | | | | | | |
| 55 | 25 | 55 | 25 | | | 56 57 57 | 2 1 6 | 56 57 57 | 23 4 16 | Relevance; Speculation; | Not speculation, asks deponent's understanding based on his own experience; relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages | | | | | |
| 70 | 14 | 70 | 25 | | | | | | | | | | | | | |
| 71 | 1 | 71 | 1 | | | | | | | | | | | | | |
| 78 | 24 | 78 | 25 | | | | | | | | | | | | | |

| 79 | 1 | 79 | 6 | 5-6 Argumentative, Mistakes evidence, call for legal conclusion, vague | Not argumentative; accurately states improper conduct of witness to show his bias against RRI; not vague and not a legal conclusion | | | | | | | | | |
|----|---|----|---|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 8 | 79 | 8 | see objection above | See response above. | | | | | | | | | |
| 79 | 17 | 79 | 21 | Argumentative, Mistakes evidence, assumes facts not in evidence | Same as above; does not include facts not in evidence | | | | | | | | | |
| 79 | 23 | 79 | 24 | see objection above | Same as above. | | | | | | | | | |
| 80 | 10 | 80 | 13 | | | | | | | | | | | |
| 80 | 14 | 80 | 21 | 17-21 call for legal conclusion, assumes facts not in evidence, vague | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 80 | 23 | 80 | 23 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 80 | 25 | 80 | 25 | call for legal conclusion, assumes facts not in evidence, vague | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 81 | 1 | 81 | 2 | call for legal conclusion, assumes facts not in evidence, vague | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 81 | 20 | 81 | 25 | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 82 | 1 | 82 | 2 | | | | | | | | | | | |
| 82 | 16 | 82 | 25 | | | | | | | | | | | |
| 83 | 1 | 83 | 3 | | | | | | | | | | | |
| 83 | 6 | 82 | 25 | | | | | | | | | | | |
| 84 | 1 | 84 | 25 | 23-25 - Argumentative, Mistates evidence, assumes facts not in evidence | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 85 | 2 | 85 | 2 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 85 | 13 | 85 | 24 | | | | | | | | | | | |
| 88 | 8 | 88 | 14 | 14 - Argumentative, Mistates evidence, assumes facts not in evidence | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 88 | 16 | 88 | 19 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 88 | 23 | 88 | 23 | Argumentative, Mistates evidence, assumes facts not in evidence | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |
| 88 | 25 | 88 | 25 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 89 | 1 | 89 | 1 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | | | |
| 89 | 11 | 89 | 13 | assumes facts not in evidence, vague | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | | | |
| 89 | 24 | 89 | 25 | Argumentative, Mistates evidence, assumes facts not in evidence | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | | | |
| 90 | 1 | 90 | 1 | see objection above | Shows bias of witness; no legal conclusion or facts assumed; not vague | | | | | | | | | | | |
| 90 | 4 | 90 | 16 | | | | | | | | | | | | | |
| 91 | 4 | 91 | 8 | misstates evidence, assumes facts not in evidence | Witness admits facts as true | | | | | | | | | | | |
| 110 | 14 | 110 | 25 | | | | | | | | | | | | | |
| 111 | 24 | 111 | 25 | | | | | | | | | | | | | |
| 112 | 1 | 112 | 25 | | | 113 | 5 | 114 | 13 | Not a proper counter-designation according to your definition of counter-designations; relevance; | proper counter under Rule 32(a)(6); relevant to duties as Red Roof Safety and Security Director | | | | | |
| 115 | 17 | 115 | 24 | | | | | | | | | | | | | |

6414969.1

| 117 | 1 | 117 | 25 | 117:24-118:1: argumentative, misstates evidence | Not argumentative; witness admitted the statements were true | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 118 | 1 | 118 | 1 | see objection above | Same | | | | | | | | | | | |
| 118 | 5 | 118 | 16 | | | 118 | 17 | 118 | 24 | | | | | | | |
| 119 | 5 | 119 | 6 | | | 119 | 2 | 119 | 3 | Unnecessary to repeat question; confusing; | not confusing | | | | | |
| 119 | 8 | 119 | 12 | | | | | | | | | | | | | |
| 119 | 14 | 119 | 14 | | | | | | | | | | | | | |
| 119 | 16 | 119 | 25 | | | | | | | | | | | | | |
| 120 | 1 | 120 | 5 | | | | | | | | | | | | | |
| 120 | 7 | 120 | 7 | | | | | | | | | | | | | |
| 120 | 9 | 120 | 25 | | | | | | | | | | | | | |
| 121 | 1 | 121 | 9 | | | | | | | | | | | | | |
| 121 | 25 | 121 | 25 | | | | | | | | | | | | | |
| 122 | 1 | 122 | 5 | | | 122 | 6 | 122 | 9 | Improper expert opinion; calls for speculation; not a proper counter-designation based upon your definition of counter-designations; | Questioning is by Red Roof's counsel; objections to expert opinion and speculation waived by failure to raise at deposition; proper counter under Rule 32(a)(6) | | | | | |
| 122 | 19 | 122 | 21 | | | 122 | 12 | 122 | 18 | Improper expert opinion; calls for speculation; not a proper counter-designation based upon your definition of counter-designations; | See response above | | | | | |
| 122 | 23 | 122 | 23 | | | | | | | | | | | | | |
| 123 | 10 | 123 | 21 | | | | | | | | | | | | | |
| 123 | 23 | 123 | 25 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 124 | 1 | 124 | 2 | | | | | | | | | | | |
| 124 | 6 | 124 | 9 | Question is at line 4: vague | Witness answered question including narrative response; not vague | | | | | | | | | |
| 124 | 11 | 124 | 19 | | | | | | | | | | | |
| 126 | 15 | 126 | 25 | | | | | | | | | | | |
| 127 | 1 | 127 | 1 | | | | | | | | | | | |
| 128 | 16 | 128 | 25 | | | | | | | | | | | |
| 129 | 1 | 128 | 15 | | | 129 | 16 | 129 | 17 | Lack of foundation; speculation; improper legal opinion and improper expert opinion; | Questioning is by Red Roof's counsel; all objections waived by failure to assert at deposition | 129 | 18 | 129 | 19 | | |
| 134 | 7 | 134 | 21 | | | 134 | 22 | 135 | 14 | Improper expert opinion; not a proper counter-designation according to your definition of counter-designations; | expert opinion objection waived by failuer to assert at deposition; proper counter under Rule 32(a)(6) | | | | | | |
| 137 | 16 | 137 | 25 | | | | | | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 138 | 1 | 138 | 2 | | | | | 139 | 12 | 139 | 19 | Improper expert opinion; improper counter-designation based upon your definition of counter-designations; relevance; | not improper opinion; proper counter under Rule 32(a)(6); relvant to subject matter of Red Roof's designations | 135 136 | 20 1 | 135 136 | 25 2 |
| | | | | | | | | 139 | 25 | 140 | 7 | | | | | | |
| | | | | | | | | 140 | 14 | 140 | 21 | | | | | | |
| | | | | | | | | 140 | 24 | 140 | 24 | | | | | | |
| | | | | | | | | 141 | 1 | 141 | 3 | | | | | | |
| | | | | | | | | 141 | 5 | 141 | 12 | | | | | | |
| | | | | | | | | 141 | 15 | 141 | 17 | | | | | | |
| | | | | | | | | 141 | 21 | 141 | 24 | | | | | | |
| | | | | | | | | 142 | 1 | 142 | 12 | | | | | | |
| | | | | | | | | 142 | 14 | 142 | 20 | | | | | | |
| | | | | | | | | 142 | 22 | 143 | 1 | | | | | | |
| | | | | | | | | 143 | 3 | 143 | 7 | | | | | | |
| | | | | | | | | 143 | 9 | 143 | 13 | | | | | | |
| | | | | | | | | 143 | 15 | 143 | 19 | | | | | | |
| | | | | | | | | 143 | 21 | 143 | 21 | | | | | | |
| 144 | 7 | 144 | 18 | | | | | 144 | 19 | 145 | 20 | Relevance; hearsay; not a proper counter-designation according to your definition of counter-designation; speculation; | proper counter under Rule 32(a)(6); relevant to subject matter of Red Roof's designations; not hearsay, not offered for truth of matter asserted; not speculation | | | | |
| | | | | | | | | 145 | 22 | 146 | 1 | | | | | | |
| | | | | | | | | 146 | 3 | 146 | 3 | | | | | | |

| WITNESS NAME: | James Moyer |
|---|---|
| DEPOSITION DATE: | 3/18/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 14 | 12 | 14 | 15 | | | | | | | | | | | | | | |
| 18 | 18 | 19 | 7 | | | | | | | | | | | | | | |
| 19 | 14 | 19 | 24 | | | | | | | | | | | | | | |
| 20 | 5 | 22 | 23 | | | | | | | | | | | | | | |
| 23 | 2 | 23 | 8 | | | | | | | | | | | | | | |
| 26 | 1 | 26 | 9 | | | 26 | 10 | 26 | 16 | | | | | | | | |
| 26 | 17 | 26 | 21 | | | | | | | | | | | | | | |
| 29 | 22 | 30 | 18 | | | | | | | | | | | | | | |
| 31 | 5 | 31 | 21 | | | | | | | | | | | | | | |
| 32 | 10 | 32 | 19 | | | 32 | 20 | 33 | 9 | | | | | | | | |
| 33 | 10 | 33 | 23 | | | | | | | | | | | | | | |
| 34 | 8 | 34 | 12 | | | | | | | | | | | | | | |
| 34 | 23 | 34 | 25 | | | 35 | 1 | 35 | 12 | | | | | | | | |
| 35 | 13 | 35 | 24 | | | | | | | | | | | | | | |
| 36 | 9 | 36 | 13 | | | | | | | | | | | | | | |
| 38 | 3 | 38 | 7 | | | | | | | | | | | | | | |
| 40 | 15 | 41 | 17 | | | | | | | | | | | | | | |
| 45 | 25 | 46 | 23 | | | 45 | 15 | 45 | 22 | | | | | | | | |
| 48 | 10 | 48 | 23 | | | 47 | 18 | 48 | 9 | | | | | | | | |
| 48 | 25 | 49 | 2 | | | | | | | | | | | | | | |
| 49 | 4 | 51 | 4 | | | 51 | 5 | 51 | 18 | | | | | | | | |
| 52 | 11 | 53 | 14 | | | 51 | 25 (begin with "did") | 52 | 10 | | | | | | | | |
| 58 | 19 | 59 | 1 | | | 59 | 2 | 59 | 19 | | | | | | | | |
| 63 | 7 | 64 | 9 | | | | | | | | | | | | | | |
| 64 | 23 | 65 | 25 | | | 66 | 3 | 66 | 4 | | | | | | | | |
| 80 | 1 | 80 | 16 | | | | | | | | | | | | | | |
| 81 | 13 | 81 | 20 | | | | | | | | | | | | | | |
| 118 | 5 | 118 | 12 | | | | | | | | | | | | | | |
| 121 | 9 | 122 | 13 | | | 122 | 14 | 122 | 23 | | | | | | | | |
| 123 | 20 | 124 | 4 | | | 124 | 11 | 124 | 23 | | | | | | | | |
| 130 | 9 | 130 | 13 | | | 129 | 23 | 130 | 8 | | | | | | | | |
| 130 | 16 | 131 | 1 | | | | | | | | | | | | | | |
| 131 | 3 | 131 | 8 | | | 133 | 1 | 133 | 4 | | | | | | | | |
| | | | | | | 133 | 6 | 133 | 7 | | | | | | | | |
| 134 | 15 | 134 | 16 | | | | | | | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 135 | 1 | 135 | 3 | | | | | | | | | | | | | | | |
| 135 | 7 | 135 | 16 | | | | | | | | | | | | | | | |
| 136 | 4 | 136 | 13 | | | 136 | 115 (begin with "can") | 136 | 19 | | | | | | | | | |
| 136 | 20 | 136 | 25 | | | | | | | | | | | | | | | |
| 137 | 2 | 137 | 17 | | | | | | | | | | | | | | | |
| 137 | 19 | 137 | 21 | | | | | | | | | | | | | | | |
| 141 | 1 | 141 | 12 | | | 141 | 13 | 141 | 16 | | | | | | | | | |
| 143 | 4 | 143 | 8 | | | 143 | 9 | 143 | 15 | | | | | | | | | |
| 143 | 16 | 143 | 20 | | | | | | | | | | | | | | | |
| 143 | 24 | 143 | 25 | | | | | | | | | | | | | | | |
| 144 | 2 | 144 | 5 | | | 144 | 10 | 145 | 11 | | | | | | | | | |
| 145 | 13 | 145 | 23 | | | 145 | 24 | 146 | 4 | | | | | | | | | |
| 147 | 10 | 147 | 16 | | | 147 | 2 | 147 | 9 | | | | | | | | | |
| | | | | | | 147 | 17 | 148 | 3 | | | | | | | | | |
| | | | | | | 148 | 6 | 148 | 11 | | | | | | | | | |
| 149 | 24 | 150 | 16 | | | 148 | 15 | 149 | 22 | | | | | | | | | |
| 150 | 18 | 151 | 14 | | | | | | | | | | | | | | | |
| 151 | 16 | 152 | 5 | | | | | | | | | | | | | | | |
| 153 | 13 | 153 | 16 | | | 152 | 6 | 152 | 15 | | | | | | | | | |
| | | | | | | 152 | 17 | 152 | 23 | | | | | | | | | |
| | | | | | | 152 | 25 | 153 | 10 | | | | | | | | | |
| 154 | 11 | 154 | 16 | | | | | | | | | | | | | | | |
| 154 | 18 | 155 | 1 | | | | | | | | | | | | | | | |
| 155 | 3 | 155 | 5 | | | | | | | | | | | | | | | |
| 155 | 7 | 155 | 9 | | | | | | | | | | | | | | | |
| 155 | 13 | 155 | 16 | | | | | | | | | | | | | | | |
| 155 | 22 | 156 | 6 | | | 156 | 7 | 156 | 10 | | | | | | | | | |
| 156 | 11 | 156 | 14 | | | 156 | 15 | 157 | 2 | | | | | | | | | |
| 159 | 4 | 159 | 15 | | | | | | | | | | | | | | | |
| 160 | 5 | 161 | 7 | | | 161 | 8 | 161 | 11 | | | | | | | | | |
| 161 | 13 | 161 | 21 | | | 161 | 22 | 162 | 1 | | | | | | | | | |
| 162 | 5 | 163 | 10 | | | | | | | | | | | | | | | |
| 163 | 12 | 163 | 13 | | | | | | | | | | | | | | | |
| 163 | 15 | 163 | 19 | | | | | | | | | | | | | | | |
| 163 | 23 | 164 | 2 | | | | | | | | | | | | | | | |
| 164 | 5 | 164 | 6 | | | | | | | | | | | | | | | |
| 164 | 16 | 164 | 19 | | | | | | | | | | | | | | | |
| 164 | 21 | 164 | 25 | | | 165 | 1 | 165 | 2 | | | | | | | | | |
| 165 | 3 | 165 | 10 | | | 165 | 11 | 165 | 20 | | | | | | | | | |
| 167 | 3 | 167 | 16 | | | 166 | 18 | 167 | 2 | | | | | | | | | |
| | | | | | | 167 | 17 | 167 | 18 | | | | | | | | | |
| 167 | 19 | 168 | 5 | | | 168 | 6 | 168 | 22 | | | | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 168 | 23 | 169 | 6 | | | 169<br>169 | 7<br>13 | 169<br>170 | 11<br>15 | | | | | | | | |
| 171 | 23 | 172 | 7 | | | 172<br>172 | 8<br>21 | 172<br>173 | 14<br>4 | | | | | | | | |
| 173 | 5 | 175 | 13 | | | 175 | 14 | 176 | 13 | | | | | | | | |
| 179 | 1 | 179 | 5 | | | | | | | | | | | | | | |
| 179 | 7 | 179 | 12 | | | 179 | 25 | 181 | 4 | | | | | | | | |
| 181 | 9 | 181 | 16 | | | | | | | | | | | | | | |
| 192 | 8 | 193 | 7 | | | 191 | 23 | 192 | 7 | | | | | | | | |
| 195 | 19 | 195 | 21 | | | | | | | | | | | | | | |
| 213 | 16 | 217 | 10 | | | 209<br>211<br>213 | 14<br>23<br>13 | 211<br>213<br>213 | 21<br>11<br>14 | Rule 403. | Witness's own characterization of guests at Buckhead location as "pimps and hos," even if made in jest or parroting others' words, are not unfairly prejudicial, confusing, or duplicative. Witness's characterization belies his own knowledge of actual or suspected criminal activity at the location, which is probative of defendants' knowledge of the same. There is no 403 factor that would substantially outweigh the significant probative value. | | | | | | |
| 218 | 12 | 219 | 21 | | | | | | | | | | | | | | |
| 229 | 2 | 230 | 16 | | | 228 | 14 | 229 | 1 | | | | | | | | |
| 230 | 18 | 231 | 11 | | | | | | | | | | | | | | |
| 231 | 13 | 231 | 17 | | | | | | | | | | | | | | |
| 231 | 25 | 232 | 11 | | | | | | | | | | | | | | |
| 232 | 14 | 232 | 19 | | | | | | | | | | | | | | |
| 232 | 22 | 233 | 1 | | | 233<br>233 | 2<br>24 | 233<br>235 | 22<br>23 | Improper hypothetical; argumentative | Witness is a lay witness testifying to his rationally based perception regarding facts about which he has personal knowledge. He is testifying regarding the contents of Red Roof's training on prostitution and sex trafficking and what that training directed employees to do in response to certain guest conduct. He is not being asked to offer an opinion about a topic that requires expert knowledge under FRE 702.<br>As to argumentative, the questioning and the testimony are within the limits of a normal, searching cross examination. | | | | | | |
| 236 | 5 | 236 | 11 | | | | | | | | | | | | | | |
| 236 | 13 | 236 | 15 | | | | | | | | | | | | | | |
| 236 | 17 | 236 | 23 | | | | | | | | | | | | | | |
| 239 | 6 | 240 | 22 | | | 240 | 23 | 241 | 17 | | | | | | | | |
| 246 | 16 | 247 | 11 | Highlighting goes through line 17. | The designation is inteded to stop at line 11 | 246 | 6 | 246 | 15 | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 247 | 12 | 247 | 25 | | | | | | | |
| 248 | 1 | 248 | 13 | | | 248 | 14 | 248 | 18 | | | | | | | |
| 248 | 19 | 249 | 8 | | | 249 | 9 | 250 | 9 | | | | | | | |
| 250 | 10 | 250 | 23 | | | | | | | | | | | | | |
| 253 | 14 | 254 | 25 | | | 251 | 2 | 251 | 6 | | | | | | | |
| | | | | | | 251 | 12 | 252 | 23 | | | | | | | |
| 257 | 23 | 258 | 11 | | | 255 | 1 | 256 | 8 | Foundation; improper lay opinion; duplicative; hearsay; R. 404 | As to foundation, it is unclear what the basis of such an objection would be. Further, as to much of the testimony, any foundation objection would be waived as foundation is a form objection and it was not raised during the deposition. As to lay opinion, the witness is a lay witness being asked to testify to his rationally based perception regarding facts about which he has personal knowledge. In particular, the witness is being questioned about an email he received and forwarded to a colleague with his comments. He is not offering opinions about areas that require specialized knowledge, education, or experience under Rule 702. The testimony is not needlessly duplicative such that the cumulative effect would substantially outweight the probative value under Rule 403. The probative value is significant, and Plaintiffs are not proposing that the material actually be played twice. | | | | | |
| | | | | | | 256 | 10 | 256 | 19 | | | | | | | |
| | | | | | | 256 | 22 | 257 | 22 | | | | | | | |
| 257 | 23 | 258 | 11 | | | 258 | 12 | 262 | 9 | Hearsay; R. 404 | As to hearsay, the testimony is not hearsay. First, it is not offered to prove the truth of the matter asserted--that is, that the events occurred precisely as reported--but to show the effect on the listener. They are offered to show that the witness had notice of the reported information and to show the reasonableness of his response in light of that information. Second, statements made by Red Roof employees are statements of a party opponent and therefore not hearsay. It is unclear what the basis for a Rule 404 objection would be, but again, the testimony is not offered for its truth and therefore is not offered to show prior bad action and conformity therewith. Instead, it is offered to show Mr. Moyer's notice of the information as reported to him and the reasonableness of his response, in turn. | | | | | |

| 264 | 16 | 264 | 24 | | | 263 | 4 | 264 | 15 | | As to hearsay, the testimony is not hearsay. First, it is not offered to prove the truth of the matter asserted--that is, that the events occurred precisely as reported--but to show the effect on the listener. They are offered to show that the witness had notice of the reported information and to show the reasonableness of his response in light of that information. Second, statements made by Red Roof employees are statements of a party opponent and therefore not hearsay.<br><br>It is unclear what the basis for a Rule 404 objection would be, but again, the testimony is not offered for its truth and therefore is not offered to show prior bad action and conformity therewith. Instead, it is offered to show Mr. Moyer's notice of the information as reported to him and the reasonableness of his response, in turn. | | | | | | |
| 265 | 12 | 266 | 18 | | | | | | | | | | | | | | |
| 266 | 20 | 267 | 13 | | | | | | | | | | | | | | |
| 281 | 9 | 283 | 2 | | | | | | | | | | | | | | |
| 283 | 10 | 283 | 24 | | | 283 | 25 | 284 | 4 | | | | | | | | |
| | | | | | | 284 | 7 | 284 | 9 | | | | | | | | |
| 285 | 8 | 286 | 25 | | | 285 | 3 | 285 | 7 | | | | | | | | |

| | | | | | | 287 | 1 | 287 | 2 | Improper lay | As to foundation, it is unclear what the basis of such an objection would be. Further, as to much of the testimony, any foundation objection would be waived as foundation is a form objection and it was not raised during the deposition. | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 287 | 5 | 287 | 13 | opinion; | | | | | | |
| | | | | | | 287 | 16 | 288 | 14 | foundation; hearsay | As to lay opinion, the witness is a lay witness being asked to testify to his rationally based perception. In particular, the witness is being questioned about an email he received and responded to. He is not offering opinions about areas that require specialized knowledge, education, or experience under Rule 702. As to hearsay, the testimony is not hearsay. It is not offered to prove the truth of the matter asserted--that is, that the events occurred precisely as reported--but to show the effect on the listener. They are offered to show that the witness had notice of the reported information and to show the reasonableness of his response in light of that information. It is unclear what the basis for a Rule 404 objection would be, but again, the testimony is not offered for its truth and therefore is not offered to show prior bad action and conformity therewith. Instead, it is offered to show Mr. Moyer's notice of the information as reported to him and the reasonableness of his response, in turn. | | | | | |
| 304 | 12 | 304 | 20 | | | 301 | 19 | 301 | 22 | Hearsay; R. 404 | As to hearsay, the testimony is not hearsay. First, it is not offered to prove the truth of the matter asserted--that is, that the events occurred precisely as reported--but to show the effect on the listener. They are offered to show that the witness had notice of the reported information and to show the reasonableness of his response in light of that information. Second, statements of Red Roof employees are not hearsay because they are statements of a party opponent. It is unclear what the basis for a Rule 404 objection would be, but again, the testimony is not offered for its truth and therefore is not offered to show prior bad action and conformity therewith. Instead, it is offered to show Mr. Moyer's notice of the information as reported to him and the reasonableness of his response, in turn | | | | | |
| | | | | | | 302 | 7 | 304 | 11 | Hearsay; R. 404 | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 313 | 15 | 313 | 24 | | | 312 | 17 | 312 | 21 | Improper lay opinion; foundation | Witness is testifying as a lay witness regarding his personal knowledge, and his personal knowledge and rationally based perception regarding whether the Buckhead location had problems with prostitution and sex trafficking. Testimony shows that witness received guest reviews at regular intervals and was responsible for assuring "quality" at this location, which was measured within the organization by, among other things, consumer reviews. This is an opinion that doesn't require particular education, experience, or expertise. Juries are capable of understanding what "problem with prostitution" means in general terms. Witness certainly has sufficient personal knowledge to render such an opinion, given the time he worked for Red Roof and was specifically responsible for the location at issue. | | | | | | |
| | | | | | | 312 | 24 | 312 | 25 | | | | | | | |
| | | | | | | 313 | 2 | 313 | 6 | | | | | | | |
| | | | | | | 313 | 8 | 313 | 14 | | | | | | | |
| | | | | | | 314 | 1 | 314 | 8 | | | | | | | |
| | | | | | | 314 | 10 | 315 | 17 | | | | | | | |
| | | | | | | 315 | 20 | 315 | 22 | | | | | | | |
| | | | | | | 315 | 25 | 316 | 7 | | | | | | | |
| 327 | 23 | 328 | 7 | | | | | | | | | | | | | |
| 329 | 7 | 329 | 11 | | | | | | | | | | | | | |
| 330 | 2 | 330 | 12 | | | | | | | | | | | | | |
| 330 | 14 | 330 | 16 | | | | | | | | | | | | | |
| 330 | 18 | 332 | 12 | | | | | | | | | | | | | |
| 344 | 11 | 345 | 16 | | | | | | | | | | | | | |

| WITNESS NAME: | | | Gregory E. Stocker | | | | | | | | |
| DEPOSITION DATE: | | | 5/11/22 | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 14 | 8 | 16 | | | | | | | | | | | | | | |
| 18 | 25 | 18 | 25 | | | | | | | | | | | | | | |
| 19 | 1 | 19 | 7 | | | | | | | | | | | | | | |
| 19 | 13 | 19 | 24 | | | | | | | | | | | | | | |
| 21 | 3 | 21 | 16 | | | | | | | | | | | | | | |
| 22 | 17 | 22 | 23 | | | 22 | 24 | 23 | 8 | Relevance; | Relevant to the affirmative designation | | | | | | |
| 24 | 9 | 24 | 23 | | | 24 | 24 | 26 | 3 | Relevance; not a proper counter-designation in light of your definition of counter-designations; | Withdrawn | | | | | | |
| 26 | 4 | 26 | 25 | | | | | | | | | | | | | | |
| 27 | 1 | 27 | 25 | | | | | | | | | | | | | | |
| 28 | 1 | 28 | 25 | | | | | | | | | | | | | | |
| 29 | 1 | 29 | 3 | | | 29 | 4 | 29 | 17 | Improper hypothetical; expert opinion; not a proper counter-designation according to your definition of counter-designations; calls for speculation; | objections waived by failure to assert at depo; proper counter under Rule 32(a)(6) | | | | | | |

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 10 | 36 | 25 | | | 30 32 33 33 34 35 | 5 24 16 21 16 7 | 32 33 33 33 35 36 | 16 11 19 25 3 9 | Improper hypothetical; expert opinion; not a proper counter-designation according to your definition of counter-designations; calls for speculation; | objections waived by failure to assert at depo; proper counter under Rule 32(a)(6); designations on pages 30-33 are responsive to 28:1-29:3 | | | | | | | | |
| 37 | 1 | 37 | 7 | | | 37 37 | 8 11 | 37 37 | 9 11 | Relevance; improper hypothetical; not a proper counter-designation according to your definition of counter-designations; | Relevant to affirmative designation; not improper hypotehtical; proper counter under Rule 32(a)(6) | 37 37 | 12 15 | 37 37 | 13 17 | | |
| 38 | 8 | 38 | 25 | | | 37 37 | 18 24 | 37 38 | 22 7 | Relevance; improper hypothetical; not a proper counter-designation according to your definition of counter-designations; | Designations are responsive to 36:10-37:7; relevant to affirmative designation; not improper hypothetical | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | 1 | 39 | 3 | | | 39 40 41 | 4 10 3 (start at "So") | 39 40 41 | 22 18 11 | Relevance; improper hypothetical; not a proper counter-designation according to your definition of counter-designations; | Relevant to designation at 38:8-39:3; not improper hypothetical; proper counter under Rule 32(a)(6) | | | | | |
| 62 | 22 | 62 | 25 | | | 63 64 | 23 11 | 64 64 | 1 25 | Relevance; improper hypothetical; not a proper counter-designation according to your definition of counter-designations; | Relevant to affirmative designation; not improper hypotehtical; proper counter under Rule 32(a)(6) | | | | | |
| 63 | 1 | 63 | 22 | | | | | | | | | | | | | |
| 68 | 12 | 68 | 20 | | | | | | | | | | | | | |
| 68 | 25 | 68 | 25 | | | | | | | | | | | | | |
| 69 | 1 | 69 | 15 | | | 69 69 70 | 21 25 11 | 69 70 70 | 23 9 12 | Relevance; vague; not a proper counter-designation according to your definition of counter-designations; | Relevant to affirmative designation; not vague; proper counter under Rule 32(a)(6) | | | | | |

| WITNESS NAME: | Gregory E. Stocker - 30(b)(6) Vol II |
| DEPOSITION DATE: | 9/21/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | REPLY DESIGNATIONS | | | |
| Page/Line Begin | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 243 | 22 | 243 | 24 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | |
| 244 | 1 | 244 | 1 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 244 | 3 | 244 | 6 | Leading | Objection waived (not asserted);Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | |
| 244 | 23 | 244 | 25 | Leading | Objection waived (not asserted); Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | |

6414969.1

| 245 | 1 | 245 | 1 | Leading | Objection waived (not asserted); Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | |
|-----|---|-----|---|---------|------|--|--|--|--|--|--|--|--|--|--|--|
| 245 | 4 | 245 | 7 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | |
| 245 | 9 | 245 | 9 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | 245 | 19 | 245 | 25 | | | | | | | |
| 245 | 11 | 245 | 18 | | | | | | | | | | | | | |
| 247 | 8 | 247 | 11 | | | | | | | | | | | | | |

6414969.1

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 249 | 13 | 249 | 17 | Compound, irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | | | | | | | | | | | | |
| 249 | 20 | 249 | 24 | Irrelvant, confusing, and misleading.  See prior objection. | Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | | | | | | | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 250 | 3 | 250 | 5 | See prior objection. | Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | | | | | | | | | | |
| 250 | 7 | 250 | 19 | 250:7-10 - see prior objection. | Objections waived; Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | | | | | | | | | | |
| 250 | 21 | 250 | 23 | | | | | | | | | | | | |
| 250 | 25 | 250 | 25 | | | | | | | | | | | | |
| 251 | 1 | 251 | 14 | | | | | | | | | | | | |
| 251 | 22 | 251 | 25 | | | | | | | | | | | | |
| 252 | 1 | 252 | 2 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 260 | 19 | 260 | 20 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | |
| | | | | | 260 | 22 | 260 | 22 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | |
| | | | | | 260 | 24 | 260 | 25 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | Withdraw | | | | | |
| | | | | | 261 | 2 | 261 | 2 | Unnecessary; duplicative' | Withdraw | | | | | |
| | | | | | 261 | 4 | 261 | 5 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | |
| | | | | | 261 | 7 | 261 | 7 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 261 | 9 | 261 | 9 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | | |
| | | | | | | 261 | 11 | 261 | 12 | Not proper counter-designation according to your definition of counter-designations; lack of foundation; assumes facts not in evidence; misleading; | proper counter under Rule 32(a)(6); proper foundation; facts in evidence; not misleading | | | | | | |
| | | | | | | 261 | 14 | 261 | 16 | Relevance; vague; not a proper counter-designation according to your definition of counter-designations; | Relevant to affirmative designations; proper counter under Rule 32(a)(6) | | | | | | |
| | | | | | | 262 | 5 | 262 | 7 | Relevance; hearsay; misleading; assumes facts not in evidence; not a proper counter-designation according to your definition of counter-designations; | Relevant to affirmative designations; not hearsay; facts in evidence; proper counter under Rule 32(a)(6) | | | | | | |
| | | | | | | 262 | 9 | 262 | 11 | Relevance; hearsay; misleading; assumes facts not in evidence; not a proper counter-designation according to your definition of counter-designations; | See response above | | | | | | |

| | | | | | | 262 | 13 | 262 | 14 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; confusing and unfairly prejudicial; | Not misleading; not hearsay, not based on truth of matter; facts in evidence; does not call for speculation, question is to Red Roof; proper counter under Rule 32(a)(6) | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 262 | 16 | 262 | 16 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; | See response above | | | | | |
| | | | | | | 262 | 18 | 262 | 18 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See response above | | | | | |
| | | | | | | 262 | 21 | 262 | 22 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; | See response above | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | 262 | 24 | 263 | 1 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; confusing and unfairly prejudicial; | See response above | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 263 | 4 | 263 | 14 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; | See response above | | | | | | |
| | | | | | 263 | 16 | 263 | 19 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; confusing and unfairly prejudicial; | See response above | | | | | | |
| | | | | | 263 | 21 | 263 | 21 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; confusing and unfairly prejudicial; | See response above | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 263 | 23 | 263 | 23 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; | See response above | | | | | |
| | | | | | 263 | 25 | 264 | 3 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See response above | | | | | |
| | | | | | 264 | 5 | 264 | 8 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See response above | | | | | |
| | | | | | 264 | 10 | 264 | 11 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See response above | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 265 | 10 | 265 | 18 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | Not misleading; not hearsay,asking about own counsel's questioning of witness; facts in evidence; not speculation; proper counter under Rule 32(a)(6); not confusing; probative value not outweighed by risk of unfair prejudice | | | |
| | | | | | 265 | 20 | 265 | 21 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See response above | | | |
| | | | | | 266 | 23 | 267 | 1 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations; | See response above | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 267 | 11 | 268 | 3 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; argumentative; | See response above; not argumentative | | | | | |
| | | | | | | 268 | 6 | 268 | 11 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | see response above | | | | | |
| | | | | | | 269 | 7 | 269 | 24 | page 269, lines 7-19: Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | not misleading; not based on hearsay, not for truth of matter asserted; facts in evidence; does not call for speculation; proper counter under Rule 32(a)(6); probative value not substantially outweighed by risk of unfair prejudice | | | | | |
| | | | | | | 270 | 1 | 270 | 1 | | | | | | | |

6414969.1

| | | | | | 270 | 3 | 270 | 5 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | not misleading; not based on hearsay, not for truth of matter asserted; facts in evidence; does not call for speculation; proper counter under Rule 32(a)(6) - Red Roof chose to designate material on this subject matter; probative value not substantially outweighed by risk of unfair prejudice | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 270 | 11 | 271 | 5 | Misleading; based upon hearsay, and assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | not misleading; not based on hearsay, not for truth of matter asserted; facts in evidence; does not call for speculation; proper counter under Rule 32(a)(6) - Red Roof chose to designate material on this subject matter; probative value not substantially outweighed by risk of unfair prejudice | | | | | |
| | | | | | 271 | 7 | 271 | 7 | Relevance; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | relevant to affirmative designation; not improper hypothetical; facts in evidence; does not call for speculation; Red Roof chose to designate material on this subject matter, proper counter under Rule 32(a)(6); probative value not substantially outweighed by risk of unfair prejudice | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 271 | 9 | 271 | 11 | Relevance; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; | See Response above | | | | | | |
| | | | | | 271 | 13 | 271 | 13 | Relevance; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | | |
| | | | | | 271 | 15 | 271 | 15 | Relevance; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 271 | 17 | 271 | 18 | Relevance; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |
| | | | | | | 272 | 6 | 272 | 8 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |
| | | | | | | 272 | 11 | 272 | 15 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 272 | 17 | 272 | 21 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |
| | | | | | | 272 | 23 | 273 | 1 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |
| | | | | | | 273 | 4 | 273 | 10 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | |

6414969.1

| | | | | | | 273 | 13 | 273 | 16 | Relevance; Misleading; improper hypothetical; assumes facts not in evidence; calls for speculation; not a proper counter-designation according to your definition of counter-designations;confusing and unfairly prejudicial; calls for speculation | See response above | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

6414969.1

| WITNESS NAME: | Vincent Vittatoe |
|---|---|
| DEPOSITION DATE: | 5/3/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 6 | 12 | 6 | 14 | | | | | | | | | | | | | | | |
| 12 | 2 | 12 | 11 | | | | | | | | | | | | | | | |
| 13 | 7 | 13 | 13 | | | | | | | | | | | | | | | |
| 14 | 3 | 14 | 23 | | | | | | | | | | | | | | | |
| 15 | 15 | 15 | 25 | | | | | | | | | | | | | | | |

6414969.1

| 16 | 1 | 16 | 20 | | | 17 | 15 | 18 | 7 | Page 17, lines 15-25; Page 18, lines 1-7: Relevance; Not an expert witness; Not a proper counter-designation based upon your interpretation of counter-designation; Page 19, lines 18-23: Relevance; Not a proper counter-designation based upon your interpretaation of counter-designation; confusing introduction of completely unrelated event and no context; hearsay; | Relevant to portions on deponents background with Dallas PD; withdraw 19:1-23. | | | | | |
| | | | | | | 19 | 1 | 19 | 5 | | | | | | | |
| | | | | | | 19 | 18 | 19 | 23 | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 5 | 21 | 18 | | | 20 | 6 | 20 | 13 | Relevance; Not a proper counter-designation based upon your interpretaation of counter-designation; confusing introduction of completely unrelated event and no context; hearsay; not an expet witness | Withdraw | | | |
| 22 | 3 | 22 | 7 | | | 22 22 22 23 23 24 | 8 19 24 16 19 25 | 22 22 22 23 24 24 | 17 22 24 17 10 25 | Relevance; Not a proper counter-designation based upon your interpretaation of counter-designation; confusing introduction of completely unrelated event and no context; hearsay; not an expert witness | Withdraw 22:8-24, 23:22-24:6; remainder is relevant to affirmative designation; proper counter; not confusing; not more expert testimony than what is covered in affirmative designation | | | |
| 25 | 1 | 25 | 4 | | | | | | | | | | | |
| 25 | 9 | 25 | 25 | | | | | | | | | | | |
| 26 | 1 | 26 | 4 | | | | | | | | | | | |
| 26 | 15 | 26 | 22 | | | | | | | | | | | |
| 27 | 3 | 27 | 17 | | | | | | | | | | | |
| 28 | 12 | 28 | 25 | | | | | | | | | | | |
| 29 | 1 | 29 | 9 | | | | | | | | | | | |
| 29 | 15 | 29 | 25 | | | | | | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | 1 | 30 | 7 | | | | | | | | | | | | |
| 30 | 21 | 30 | 24 | | | | | | | | | | | | |
| 31 | 20 | 31 | 25 | | | | | | | | | | | | |
| 32 | 1 | 32 | 11 | | | | | | | | | | | | |
| 35 | 2 | 35 | 19 | | | | | | | | | | | | |
| 36 | 16 | 36 | 24 | | | | | | | | | | | | |
| 37 | 1 | 37 | 3 | | | | | | | | | | | | |
| 37 | 22 | 37 | 23 | | | | | | | | | | | | |
| 38 | 1 | 38 | 3 | | | 39 40 40 40 41 41 | 19 3 6 10 6 12 | 39 40 40 40 41 41 | 25 4 8 16 8 22 | Relevance; Not a proper counter-designation based upon your interpretaation of counter-designation; confusing introduction of completely unrelated event and no context; hearsay; not an expert witness | Withdraw | | | | |
| 47 | 1 | 47 | 16 | | | | | | | | | | | | |
| 48 | 13 | 48 | 25 | | | | | | | | | | | | |
| 49 | 1 | 49 | 14 | | | | | | | | | | | | |
| 49 | 22 | 49 | 25 | | | | | | | | | | | | |
| 50 | 1 | 50 | 2 | | | | | | | | | | | | |
| 53 | 15 | 53 | 25 | | | | | | | | | | | | |
| 54 | 1 | 54 | 8 | | | | | | | | | | | | |
| 54 | 10 | 54 | 23 | | | | | | | | | | | | |
| 56 | 4 | 56 | 15 | | | | | | | | | | | | |
| 56 | 22 | 56 | 25 | | | | | | | | | | | | |
| 57 | 1 | 57 | 2 | | | | | | | | | | | | |
| 57 | 12 | 57 | 25 | | | | | | | | | | | | |
| 58 | 1 | 58 | 15 | | | | | | | | | | | | |
| 58 | 17 | 58 | 19 | | | | | | | | | | | | |
| 60 | 12 | 60 | 25 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | 1 | 61 | 15 | | | | | | | | | | | | |
| 61 | 17 | 61 | 18 | | | | | | | | | | | | |
| 62 | 14 | 62 | 25 | | | | | | | | | | | | |
| 63 | 1 | 63 | 12 | | | 64 | 22 | 64 | 25 | Relevance; Not a proper counter-designation based upon your interpretation of counter-designations; | Relevant to affirmative designation at 65:1-8; proper counter under Rule 32(a)(6) | | | | |
| 65 | 1 | 65 | 8 | | | | | | | | | | | | |
| 65 | 10 | 65 | 17 | | | | | | | | | | | | |
| 66 | 6 | 66 | 8 | | | | | | | | | | | | |
| 66 | 10 | 66 | 25 | | | | | | | | | | | | |
| 67 | 2 | 67 | 8 | | | | | | | | | | | | |
| 67 | 16 | 67 | 17 | | | | | | | | | | | | |
| 67 | 19 | 67 | 24 | | | 67 | 25 | 68 | 5 | | | | | | |
| 69 | 9 | 69 | 18 | | | 69 | 19 | 70 | 5 | Relevance; not a proper counter-designation according to your interpretation of counter-designation; | Relevant to affirmative designation; proper counter under Rule 32(a)(6) | | | | |
| 70 | 6 | 70 | 11 | | | 70 70 | 12 24 | 70 70 | 22 24 | Relevance; Not a proper counter-designation based upon your interpretation of counter-designations; | Relevant to affirmative designation; proper counter under Rule 32(a)(6) | | | | |

Attachment J-2 Defendants' Deposition Designations

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | 17 | 71 | 25 | | | 71 | 4 | 71 | 6 | Not a proper counter-designation based upon your interpretation of counter-designations; | Relevant to affirmative designation; proper counter under Rule 32(a)(6) | | | | |
| | | | | | | 71 | 8 | 71 | 16 | | | | | | |
| 72 | 1 | 72 | 3 | | | | | | | | | | | | |
| 72 | 8 | 72 | 19 | | | | | | | | | | | | |
| 72 | 23 | 72 | 25 | | | | | | | | | | | | |
| 73 | 1 | 73 | 16 | | | | | | | | | | | | |
| 73 | 18 | 73 | 25 | | | | | | | | | | | | |
| 74 | 1 | 74 | 15 | | | | | | | | | | | | |
| 74 | 18 | 74 | 22 | | | | | | | | | | | | |
| 74 | 24 | 74 | 25 | | | | | | | | | | | | |
| 75 | 1 | 75 | 3 | | | 75 | 11 | 76 | 3 | Not a proper counter-designation based upon your interpretation of counter-designations; | Withdraw | | | | |
| 76 | 24 | 76 | 25 | | | 76 | 18 | 76 | 23 | Not a proper counter-designation based upon your interpretation of counter-designations; | Withdraw | | | | |
| 77 | 1 | 77 | 2 | | | | | | | | | | | | |
| 77 | 13 | 77 | 20 | | | | | | | | | | | | |
| 77 | 25 | 77 | 25 | | | | | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | 1 | 78 | 2 | | | 78 79 | 24 23 | 79 80 | 12 21 | Not a proper counter-designation based upon your interpretation of counter-designations; improper hypothetical; | Proper counter under Rule 32(a)(6); not improper hypo | | | | | | |
| 81 | 7 | 81 | 25 | | | | | | | | | | | | | | |
| 82 | 1 | 82 | 19 | | | | | | | | | | | | | | |
| 83 | 4 | 83 | 7 | | | | | | | | | | | | | | |
| 83 | 14 | 83 | 25 | | | | | | | | | | | | | | |
| 84 | 1 | 84 | 19 | | | | | | | | | | | | | | |
| 84 | 25 | 84 | 25 | | | | | | | | | | | | | | |
| 85 | 1 | 85 | 3 | | | | | | | | | | | | | | |
| 85 | 5 | 85 | 16 | | | 85 | 20 | 85 | 23 | Not a proper counter-designation based upon your interpretation of counter-designations; unnecessary and improper to reference counsel's objection; next answer defines words. | Withdraw | | | | | | |
| 85 | 24 | 85 | 25 | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 86 | 1 | 86 | 1 | | | 86 | 2 | 86 | 8 | Not a proper counter-designation based upon your interpretation of counter-designations; improper hypothetical; | Proper counter; not improper hypothetical | | | | |
| 86 | 9 | 86 | 14 | | | 86 | 15 | 86 | 20 | Relevance; not an expert witness | Relevant to 86:21-25, designated by Red Roof: "We note that you served as subject matter expert . . . " | | | | |
| 86 | 21 | 86 | 25 | | | | | | | | | | | | |
| 87 | 1 | 87 | 2 | | | 87 | 3 | 87 | 15 | Relevance; not a proper-counterdesignation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | |
| 87 | 16 | 87 | 25 | | | | | | | | | | | | |
| 88 | 1 | 88 | 1 | | | | | | | | | | | | |
| 88 | 13 | 88 | 25 | | | | | | | | | | | | |
| 89 | 1 | 89 | 23 | | | 89 | 24 | 90 | 2 | | | | | | |
| 90 | 6 | 90 | 13 | | | 90 90 91 91 | 14 17 1 8 | 90 90 91 91 | 15 24 6 15 | Improper hypothetical; relevance; Not a proper counter-designation based upon your interpretation of counter-designations; | Withdraw 90:21-91:15; remainder proper counter; relevant to designation at 92:14-21; not improper hypothetical | | | | |
| 92 | 14 | 92 | 21 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 93 | 2 | 93 | 19 | | | 93 93 | 20 24 | 93 94 | 22 1 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | |
| 94 | 9 | 94 | 20 | | | 94 | 21 | 94 | 23 | Not a proper counter-designation based upon your interpretation of counter-designations | Proper counter under Rule 32(a)(6) | | | | |
| 95 | 17 | 95 | 25 | | | | | | | | | | | | |
| 96 | 1 | 96 | 18 | | | | | | | | | | | | |
| 96 | 21 | 96 | 25 | | | | | | | | | | | | |
| 97 | 1 | 97 | 19 | | | | | | | | | | | | |
| 98 | 15 | 98 | 17 | | | | | | | | | | | | |
| 98 | 19 | 98 | 22 | | | | | | | | | | | | |
| 99 | 15 | 99 | 23 | | | | | | | | | | | | |
| 100 | 5 | 100 | 10 | | | | | | | | | | | | |
| 100 | 11 | 100 | 18 | | | | | | | | | | | | |
| 101 | 13 | 101 | 16 | | | | | | | | | | | | |
| 102 | 5 | 102 | 8 | | | 102 | 9 | 102 | 19 | Relevance; Not a proper counter-designation based upon your interpretation of counter-designations; | relevant to affirmative designation at 102:20-23; proper counter under Rule 32(a)(6) | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | 20 | 102 | 23 | | | 102 | 24 | 103 | 1 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | | |
| 103 | 2 | 103 | 10 | | | 103 | 21 | 103 | 25 | | | | | | | |
| 105 | 22 | 105 | 25 | | | | | | | | | | | | | |
| 106 | 1 | 106 | 15 | | | 106 107 | 16 21 | 106 108 | 25 8 | Relevance; Not a proper counter-designation based upon your interpretation of counter-designations; | Relevant to affirmative designation; proper counter under Rule 32(a)(6) | | | | | |
| 108 | 9 | 108 | 17 | | | 108 | 18 | 108 | 25 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | | |
| 109 | 1 | 109 | 25 | | | | | | | | | | | | | |
| 110 | 1 | 110 | 10 | | | 110 | 11 | 110 | 18 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | | |
| 110 | 19 | 110 | 23 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | 5 | 111 | 16 | | | 111 | 17 | 112 | 1 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | |
| 112 | 2 | 112 | 4 | | | | | | | | | | | | |
| 112 | 6 | 112 | 20 | | | 113 | 5 | 113 | 6 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | |
| | | | | | | 113 | 8 | 113 | 12 | | | | | | |
| 114 | 5 | 114 | 9 | | | 114 | 21 | 114 | 23 | | | | | | |
| | | | | | | 114 | 25 | 115 | 4 | | | | | | |
| 115 | 5 | 115 | 9 | | | 115 | 10 | 115 | 15 | | | | | | |
| 115 | 22 | 115 | 25 | | | | | | | | | | | | |
| 116 | 1 | 116 | 5 | | | 116 | 6 | 116 | 8 | Relevance; Post-trafficking period events; Not a proper counter-designation based upon your interpretation of counter-designations; Improper hypothetical | Relevant to affirmative designation; not post trafficking; proper counter under Rule 32(a)(6) | | | | |
| | | | | | | 116 | 12 | 117 | 12 | | | | | | |
| | | | | | | 118 | 4 | 118 | 19 | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 120 | 20 | 120 | 22 | | | 120<br>121<br>121<br>122 | 23<br>8<br>14<br>4 | 121<br>121<br>122<br>122 | 6<br>12<br>2<br>5 | Not a proper counter-designation based upon your interpretation of counter-designations; relevance; improper expert opinion; | Proper counter under Rule 32(a)(6); relevant to affirmative designation; not improper expert opinion | | | | | |
| 123 | 21 | 123 | 25 | | | | | | | | | | | | | |
| 124 | 1 | 124 | 2 | | | 124 | 10 | 124 | 15 | Not a proper counter-designation based upon your interpretation of counter-designations; | Proper counter under Rule 32(a)(6) | | | | | |
| 126 | 12 | 126 | 24 | | | | | | | | | | | | | |
| 131 | 3 | 131 | 6 | | | | | | | | | | | | | |
| 131 | 8 | 131 | 18 | | | 131<br>133 | 20<br>6 | 133<br>133 | 4<br>23 | Relevance; Not a proper counter-designation based upon your definition of counter-designations; hearsay | Withdrawn | | | | | |
| 135 | 8 | 135 | 11 | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 135 | 13 | 135 | 21 | | | 135 | 23 | 137 | 2 | Relevance; Not a proper counter-designation based upon your definition of counter-designations; hearsay; not identified as an expert; | Withdraw 135:23-137:12; remainder relevant to affirmative designations; not hearsay; not expert testimony | | | | | |
| | | | | | | 137 | 4 | 137 | 12 | | | | | | | |
| | | | | | | 137 | 18 | 137 | 25 | | | | | | | |
| | | | | | | 140 | 23 | 141 | 5 | | | | | | | |
| 141 | 6 | 141 | 8 | | | | | | | | | | | | | |
| 141 | 10 | 141 | 19 | | | 141 | 20 | 142 | 7 | Relevance; Not a proper counter-designation based upon your definition of counter-designations; hearsay; | Relevant to affirmative designation; not hearsay, not offered for truth, proper counter under Rule 32(a)(6) | | | | | |
| | | | | | | 142 | 16 | 142 | 24 | | | | | | | |
| | | | | | | 143 | 5 | 143 | 8 | | | | | | | |
| | | | | | | 143 | 12 | 143 | 23 | | | | | | | |
| 150 | 12 | 150 | 25 | | | | | | | | | | | | | |
| 151 | 1 | 151 | 7 | 3-7, 9 - Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | |

| 151 | 9 | 151 | 13 | 10-13 - Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 151 | 20 | 151 | 22 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | | |
| 151 | 24 | 151 | 25 | | | | | | | | | | | | | | |
| 152 | 1 | 152 | 3 | Leading | Appropriate to orient witness and restate prior testimony; objection did not advise of purported issue with question at deposition; no prejudice; | | | | | | | | | | | | |
| 152 | 5 | 152 | 5 | | | | | | | | | | | | | | |
| 152 | 8 | 152 | 25 | | | | | | | | | | | | | | |

| 153 | 1 | 153 | 3 | | | 153 | 11 | 154 | 12 | Lack of foundation; relevance; Not a proper counter-designation based upon your definition of counter-designations | Relevant to affirmative designation; seeks deponent's knowledge; proper counter under Rule 32(a)(6) | | | | | | |

| WITNESS NAME: | Michelle Wehrle 30(b)(6) |
|---|---|
| DEPOSITION DATE: | 8/9/22 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COU | | | | | | REPLY DESIGNATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page /Line | | Page /Line | | Objections | Replies to Objections | Page/Li | | Page/Li | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 9 | 10 | 9 | 13 | | | | | | | | | | | | |
| 12 | 23 | 13 | 14 | | | | | | | | | | | | |
| 15 | 22 | 16 | 2 | | | 16 | 5 | 16 | 12 | | | | | | |
| 16 | 15 | 16 | 25 | | | | | | | | | | | | |
| 17 | 7 | 17 | 13 | | | | | | | | | | | | |
| 17 | 17 | 18 | 9 | | | | | | | | | | | | |
| 19 | 23 | 20 | 2 | | | 24 | 5 | 24 | 13 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. | Will play in affirmative | | | | |
| 28 | 20 | 29 | 20 | | | 30 | 8 | 30 | 13 | vague as to "Above them," compound. | Not vague, question is clear what it is asking | | | | |
| 30 | 14 | 32 | 4 | | | 32 | 5 | 32 | 8 | | | | | | |
| 32 | 14 | 33 | 3 | | | 33 33 | 4 8 | 33 33 | 5 13 | | | | | | |
| 33 | 14 | 33 | 21 | | | | | | | | | | | | |
| 34 | 5 | 35 | 9 | | | 35 | 10 | 35 | 14 | | | | | | |
| 35 | 15 | 35 | 21 | | | 35 | 22 | 35 | 25 | | | | | | |
| 36 | 1 | 36 | 6 | | | 36 | 7 | 36 | 10 | | | | | | |
| 36 | 11 | 37 | 10 | | | 37 37 | 11 18 | 37 37 | 15 18 | | | | | | |
| 40 | 1 | 40 | 8 | | | | | | | | | | | | |
| 40 | 10 | 40 | 20 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 1 | 41 | 23 | | | | | | | | | | | | |
| 41 | 25 | 42 | 6 | | | | | | | | | | | | |
| 42 | 18 | 43 | 2 | | | | | | | | | | | | |
| 43 | 5 | 43 | 6 | | | | | | | | | | | | |
| 43 | 8 | 43 | 12 | | | | | | | | | | | | |
| 43 | 14 | 43 | 17 | | | | | | | | | | | | |
| 43 | 19 | 43 | 21 | | | | | | | | | | | | |
| 44 | 11 | 47 | 21 | | | | | | | | | | | | |
| 48 | 1 | 48 | 14 | | | | | | | | | | | | |
| 48 | 18 | 48 | 25 | | | | | | | | | | | | |
| 49 | 25 | 50 | 18 | | | | | | | | | | | | |
| 50 | 21 | 51 | 13 | | | | | | | | | | | | |
| 51 | 15 | 53 | 14 | | | | | | | | | | | | |
| 57 | 5 | 59 | 11 | | | 59 59 | 12 21 | 59 60 | 19 9 | Exhibit 1 (Guest-Ready expectations) was not included in RRI's affirmative designations. Therefore, Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. | Will withdraw as counter | | | | |
| 60 | 17 | 61 | 21 | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 63 | 25 | 63 | 25 | | | 64 | 1 | 64 | 2 | This affirmative designation (63:25) was a mistake and is withdrawn. There is nothing to counter, and the Plaintiff's counter designations should also be withdrawn. | Okay | | | | | | | |
| | | | | | | 64 | 5 | 64 | 13 | | | | | | | | | |
| 65 | 15 | 65 | 23 | | | | | | | | | | | | | | | |
| 67 | 1 | 68 | 1 | | | 68 | 3 | 68 | 4 | | | | | | | | | |
| 68 | 6 | 68 | 7 | | | | | | | | | | | | | | | |
| 68 | 11 | 68 | 21 | | | | | | | | | | | | | | | |
| 69 | 22 | 70 | 16 | | | | | | | | | | | | | | | |
| 71 | 4 | 71 | 14 | | | | | | | | | | | | | | | |
| 72 | 2 | 72 | 14 | | | 72 | 15 | 72 | 21 | Compound, attorney testifying, | objections waived by failure to assert at deposition | | | | | | | |
| 72 | 22 | 73 | 19 | | | | | | | | | | | | | | | |
| 73 | 22 | 73 | 25 | | | | | | | | | | | | | | | |
| 74 | 13 | 74 | 23 | | | 74 | 24 | 75 | 6 | | | | | | | | | |
| 82 | 16 | 84 | 18 | | | | | | | | | | | | | | | |
| 84 | 20 | 85 | 17 | | | 85 | 18 | 86 | 4 | | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 86 | 5 | 89 | 8 | | | 89 89 90 91 | 9 15 25 6 | 89 89 91 91 | 13 15 3 6 | attorney testifying, compound, Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Will withdraw as counter | | | | | |
| 94 | 18 | 94 | 25 | | | | | | | | | | | | |
| 95 | 8 | 95 | 10 | | | | | | | | | | | | |
| 95 | 14 | 95 | 19 | | | 95 | 20 | 95 | 25 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | |
| 96 | 1 | 96 | 10 | | | 96 | 11 | 96 | 22 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 96 | 23 | 98 | 15 | | | 98 | 16 | 98 | 18 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | |
| 98 | 19 | 98 | 21 | | | | | | | | | | | | |
| 99 | 1 | 99 | 7 | | | 99 | 8 | 99 | 17 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | |
| 99 | 18 | 100 | 17 | | | | | | | | | | | | |
| 100 | 20 | 100 | 22 | | | 100 | 23 | 101 | 4 | | | | | | |
| 101 | 5 | 101 | 25 | | | | | | | | | | | | |
| 102 | 15 | 105 | 9 | | | | | | | | | | | | |
| 105 | 13 | 106 | 10 | | | 106 | 11 | 106 | 15 | | | | | | |
| 107 | 23 | 108 | 23 | | | | | | | | | | | | |
| 108 | 25 | 109 | 7 | | | | | | | | | | | | |
| 109 | 17 | 112 | 10 | | | 112 | 11 | 112 | 18 | | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 112 | 19 | 112 | 24 | | | 112 | 25 | 113 | 2 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | | |
| | | | | | | 113 | 4 | 113 | 5 | | | | | | | | |
| | | | | | | 113 | 7 | 113 | 13 | | | | | | | | |
| | | | | | | 113 | 17 | 113 | 17 | | | | | | | | |
| 113 | 23 | 113 | 24 | | | | | | | | | | | | | | |
| 114 | 1 | 114 | 7 | | | | | | | | | | | | | | |
| 114 | 10 | 114 | 18 | | | | | | | | | | | | | | |
| 114 | 20 | 114 | 24 | | | | | | | | | | | | | | |
| 115 | 2 | 115 | 13 | | | | | | | | | | | | | | |
| 115 | 24 | 116 | 1 | | | | | | | | | | | | | | |
| 116 | 5 | 116 | 13 | | | | | | | | | | | | | | |
| 116 | 15 | 117 | 4 | | | | | | | | | | | | | | |
| 117 | 20 | 117 | 25 | | | 118 | 1 | 118 | 15 | | | | | | | | |
| 118 | 16 | 119 | 10 | | | 119 | 11 | 119 | 13 | | | | | | | | |
| 119 | 14 | 122 | 10 | | | | | | | | | | | | | | |
| 122 | 13 | 126 | 21 | | | | | | | | | | | | | | |
| 126 | 24 | 127 | 18 | | | 127 | 19 | 128 | 1 | | | | | | | | |
| 128 | 23 | 131 | 3 | | | 131 | 4 | 131 | 16 | | | 131 | 20 | 132 | 3 | | |
| | | | | | | 131 | 19 | 131 | 19 | | | | | | | | |
| 132 | 4 | 132 | 17 | | | | | | | | | | | | | | |
| 132 | 21 | 132 | 21 | | | 133 | 7 | 133 | 9 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | | |
| | | | | | | 133 | 12 | 133 | 15 | | | | | | | | |

6414969.1

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 133 | 18 | 134 | 3 | | | | | | | | | | | | | | | |
| 134 | 5 | 134 | 10 | | | | | | | | | | | | | | | |
| 134 | 12 | 135 | 1 | | | 135 3<br>135 15<br>135 20<br>136 22<br>138 6 | | 135 11<br>135 17<br>135 20<br>138 4<br>138 6 | | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours. For example, Plaintiff's counter designations on page 136-138 relate to a an exhibit that wasnot mentioned in RRI's affirmative designations, which makes Plaintiff's counter inappropriate. | Withdraw 136:22-138:6; remainder are proper counters under Rule 32(a)(6) | 135 | 21 | 135 | 25 | responsive designation withdrawn so reply no longer proper |
| 138 | 14 | 138 | 20 | | | | | | | | | | | | | | | |
| 139 | 2 | 139 | 9 | | | 139 10<br>139 14 | | 139 11<br>140 8 | | | | 140 | 15 | 140 | 19 | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 140 | 24 | 141 | 21 | | | 141 | 22 | 142 | 7 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | |
| 142 | 8 | 142 | 11 | | | 142 | 12 | 142 | 20 | Not a proper counter designation given Plaintiff's parameters for counter designation; this can be played in your affirmative designations, not ours | Proper counter under Rule 32(a)(6) | | | | | |
| 145 | 8 | 146 | 17 | | | | | | | | | | | | | |
| 146 | 21 | 147 | 5 | | | | | | | | | | | | | |
| 147 | 25 | 148 | 1 | | | 148 | 2 | 148 | 5 | | | | | | | |
| 149 | 14 | 149 | 21 | | | | | | | | | | | | | |
| 149 | 23 | 150 | 6 | | | | | | | | | | | | | |
| 150 | 15 | 150 | 16 | | | | | | | | | | | | | |
| 150 | 22 | 152 | 12 | | | | | | | | | | | | | |
| 154 | 18 | 156 | 11 | | | 154 | 13 | 154 | 17 | | | | | | | |
| 157 | 2 | 158 | 2 | | | | | | | | | | | | | |
| 158 | 8 | 160 | 15 | | | | | | | | | | | | | |
| 161 | 7 | 161 | 20 | | | | | | | | | | | | | |
| 161 | 22 | 162 | 3 | | | | | | | | | | | | | |
| 162 | 7 | 162 | 7 | | | | | | | | | | | | | |
| 162 | 13 | 162 | 17 | | | | | | | | | | | | | |
| 162 | 21 | 163 | 9 | | | | | | | | | | | | | |
| 163 | 12 | 163 | 16 | | | | | | | | | | | | | |

Attachment J-2 Defendants' Deposition Designations

| 163 | 18 | 164 | 1 | | | 164 | 2 | 164 | 4 | | | | | | | |

6414969.1