UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K.,<br><br>                Plaintiff<br><br>v.<br><br>RED ROOF INNS, INC., ET AL.,<br><br>                Defendants | Civil Action File No.<br>1:20-CV-05263-VMC |

**BRIEF IN SUPPORT OF RRI DEFENDANTS' UNOPPOSED MOTION TO SEAL AND FOR LEAVE TO FILE UNDER SEAL**

**I.    Introduction**

Defendants Red Roof Inns, Inc., FMW RRI, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC (RRI Defendants) ask this Court to seal the Motion to Admit and Use at Trial Certain Evidence Under Rule 412 and related exhibits including Exhibit A (listing all identifying evidence and information), Exhibit B (expert report of Dr. Matthew Norman), and Exhibit C (Expert rebuttal report of Dr. Kimberly Mehlman-Orozco).[1] The Motion/Notice includes information, documents, and testimony that is subject to a protective order, and that must be sealed und Rule 412(c). [ECF No. 33 and ECF 74].[2] The topics include

---

[1] The Advisory Notes for Fed. R. Evid. 412 states: "All papers connected with the motion must be kept and remain under seal during the course of trial and appellate proceedings unless otherwise ordered."

[2] ECF 33 orders that the Plaintiffs' identities shall be kept confidential, while ECF 74 protects "not only Discovery Materials but also (i) any information extracted from

1

confidential information and personal identifying information. These filings should be sealed to protect this privileged information and to ensure no party faces prejudice or harm.

## II.     Law & Argument

A party seeking to have material sealed can overcome the common-law right of access by a showing of good cause where there is a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 365 (11th Cir. 1987). Good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information ... overcomes the interest of the public in accessing the information." *Id.; Crea v. Krzyzanski*, No. 1:18-CV-00861-JPB, 2020 WL 12214695, at *1 (N.D. Ga. June 19, 2020). This burden is met.

---

Discovery Material; (ii) all copies, excerpts, summaries or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material."

This Court has already granted protective orders for any information that includes "confidential personal information of the Parties" and any information about the Plaintiffs' Identity. *See* ECF 33 and 73. These excerpts contain extensive information about the Plaintiffs' identity as well as "Confidential Information." In fact, redactions are impractical given the amount of information in these documents that contains personal identifying information. This Court should apply the same practices it has for other filings including this information and testimony and should permit RRI Defendants to seal the referenced document.

### III. Conclusion

For these reasons, the RRI Defendants ask this Court to allow it to file Motion to Admit and Use at Trial Certain Evidence Under Rule 412, including Exhibits A-C, under seal.

Dated: May 31, 2024                            Respectfully submitted,

/s/ *Marcella C. Ducca*
Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

Sandra J. Wunderlich (pro hac vice)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102-1822
Telephone:  314.256.2550
Facsimile:   314.256.2549
sandra.wunderlich@tuckerellis.com

Chelsea Mikula (pro hac vice)
C. Ashley Saferight (pro hac vice)
Elisabeth C. Arko (pro hac vice)
Joseph A. Manno (pro hac vice)
Spencer E. Krebs (pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com
elisabeth.arko@tuckerellis.com
joseph.manno@tuckerellis.com
spencer.krebs@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC*

4

## RULE 7.1D CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that the submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: May 31, 2024

                                                             */s/ Marcella C. Ducca*
                                                             Marcella C. Ducca

                                                             *Attorneys for Defendants Red Roof Inns, Inc., FMW RRI, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, a copy of the forgoing was filed electronically. Service of this filing will be made pursuant to Civ. R. 5(b)(2)(e) through this Court's electronic filing system. Parties may access the filing through the Court's system.

Dated: May 31, 2024

                                            */s/ Marcella C. Ducca*
                                            Marcella C. Ducca

                                            *Attorneys for Defendants Red Roof Inns, Inc., FMW RRI, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC*