IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P, and T.H., <br><br> Plaintiffs <br><br> v. <br><br> RED ROOF INNS, INC., et al., <br><br> Defendants. | Civil Action No. 1:20-cv-05263-VMC |

**ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine to Exclude Evidence that Defendants Withheld During Discovery on the Basis of Privilege ("Motion") (Doc. 465). For the reasons given below, the motion is **DENIED**.

**I.     Facts**

Plaintiffs move *in limine* to exclude evidence that the Defendants previously withheld as protected by the attorney-client privilege. Plaintiffs claim that the "Defendants asserted privilege to avoid answering questions about their response to reports of prostitution and sex trafficking at their hotels." (Doc. 465 at 8). Therefore, Plaintiffs argue that the Defendants should not be allowed to change course and introduce evidence that was previously shielded by the attorney-client privilege, including Defendants' Exhibit 618 ("DX618"), which was produced on March 22, 2024, after discovery ended. (*Id.* at 14–15). Additionally, Plaintiffs state

1

that they would be prejudiced by the admission of DX618 because they did not have the opportunity to question witnesses about DX618 during discovery. (*Id.* at 13).

In response, the Defendants assert that a blanket exclusion of all privileged information would be procedurally and substantively improper and that there is no basis to exclude DX618. (Doc. 474 at 2–3). Defendants also argue that they produced DX618 after they discovered it, in compliance with Rule 26, and there is no prejudice to Plaintiffs. (*Id.* at 4). At the pretrial conference, Defendants confirmed their position that DX618 is not a privileged document and they have no intention of waiving the attorney-client privilege.

Recognizing that Plaintiffs do not know the content of the documents on Defendants' privilege log, the Court agreed to review a small number of documents to determine whether Defendants' production of DX618 amounted to a selective waiver of the attorney-client privilege. Plaintiffs identified six documents on Defendants' privilege log which the Defendants then provided to the Court, both unredacted and as they were produced to Plaintiffs, for an *in camera* review.[1]

---

[1] For purposes of the record, the Court reviewed RRI_WK_00045172-74, RRI_WK_00045060-61, RRI_WK_00045109-10, RRI_WK_00045175-77, RRI_WK_00045166-68, and RRI_WK_00045163-65.

**II.     Discussion**

"The attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977)). With this principle in mind, the Court concludes that DX618 does not involve a request for, or receipt of, legal advice; instead, the document appears to discuss public relations. *See e.g.*, *Brantley Cnty. Dev. Partners v. Brantley Cnty.*, No. 5:19-cv-109, 2021 WL 2678197, at *2 (S.D. Ga. June 29, 2021) ("The discussions in the instant emails between counsel, clients, and others is standard lobbying and public relations advice, which is inadequate to invoke the attorney-client privilege."). By contrast, the emails on Defendants' privilege log do involve the transmission of legal advice. Therefore, DX618 is not privileged, and its production to Plaintiffs did not amount to a selective waiver of the attorney-client privilege.

Plaintiffs also argue that they are prejudiced by Defendants' late disclosure of DX618 because they have no "chance to explore what Defendants did—or, importantly, did not do—in response to reports of prostitution and sex trafficking at their hotels, including specifically the locations where Plaintiffs were trafficked." (Doc. 465 at 13). However, after careful review of portions of Andrew

3

Alexander, Vickie Lam's, and George Limbert's depositions, the Court agrees with Defendants that they did not make blanket assertions of privilege over entire topics. Indeed, Plaintiffs received much of the same information that is discussed in DX618 during the aforementioned depositions. These depositions demonstrate that Plaintiffs did ask questions that indicate what Defendants did (and did not do) in response to reports of prostitution and sex trafficking. For these reasons, even though Defendants' disclosure of DX618 was untimely[2], Plaintiffs are not prejudiced. Fed. R. Civ. Pro. 37(c)(1).

Finally, Plaintiffs argue that DX618 is inadmissible hearsay, and Defendants argue to the contrary. (Doc. 465 at 14–15; Doc. 474 at 6–7). While the Court expressed some concerns about whether DX618 is admissible at the pretrial conference, ruling on that issue now would be premature. Instead, Plaintiffs can renew their objection when Defendants seek to admit DX618.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion *in limine* to exclude evidence that Defendants withheld during discovery on the basis of privilege is **DENIED**. The Court further finds that DX618 is not privileged and Plaintiffs suffered no

---

[2] At the pretrial conference, Defendants' current counsel (who entered appearances after the close of discovery) indicated that they did not know why DX618 had not been produced by their predecessor. However, whether or not the late disclosure was justified was not a focus of the parties' briefing or arguments and the Court makes no finding on this issue.

prejudice in its untimely disclosure warranting exclusion under Rule 37(c). Therefore, Plaintiffs' motion to exclude DX618 is **DENIED without prejudice** as to evidentiary challenges to its admissibility.

    **SO ORDERED** this 3rd day of June, 2024.

                                              _____
                                              Victoria Marie Calvert
                                              United States District Judge