IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P, and T.H.,<br><br>    Plaintiffs<br><br>v.<br><br>RED ROOF INNS, INC., et al.,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-05263-VMC |

**ORDER**

The Court held a pretrial conference in this case on Wednesday, May 29, 2024. During the conference, the Court heard arguments from both parties on several pending motions. Following arguments, the Court issued oral rulings as to most of those matters. This Order is entered to formally memorialize those oral rulings, as well as to provide the parties with a ruling that the Court deferred at the pretrial conference.

**I.    Discussion**

    **A.    Plaintiffs' Motion for Protective Order to Extend Protections for Plaintiffs' Anonymity Through Trial (Doc. 483)**

Plaintiffs' motion is **GRANTED** with the modification that first names and/or initials can be used (except as to A.F.). The parties are **DIRECTED** to confer on how to identify for the jury panel Plaintiffs and any of their family

1

members who may be called as witnesses, and a process for handling exhibits that identify Plaintiffs and are published in the courtroom. Any proposed instructions regarding anonymity should be provided to the Court by **noon on June 7, 2024**.

### B. Defendants' Brief on Joint and Several Liability Under the Trafficking Victims Protection Reauthorization Act (Doc. 482)

The Court **DEFERRED** ruling. Defendants are **ORDERED** to file a reply brief by **June 5, 2024**. Plaintiffs and Defendants are **ORDERED** to file their proposed verdict forms by **June 5, 2024**.

### C. Defendants' Motion to Exclude Melanie J. Bliss, Ph.D. (Doc. 362)

At the pretrial conference, the Court deferred ruling pending a review of Dr. Bliss's report as compared to Dr. Whitmore's report. After conducting that review, the Court concludes that Dr. Bliss could provide relevant and non-cumulative testimony. Therefore, Defendants' Motion is **DENIED without prejudice**.

### D. Defendants' Motion in Limine to Preclude Plaintiffs' Expert Anique Whitmore from Offering Unhelpful and Duplicative Opinions at Trial (Doc. 479-1) and Plaintiffs' Request for Leave to Recall Expert Anique Whitmore (Doc. 484)

Defendants' Motion in limine is **DENIED without prejudice** and Plaintiffs' request for leave to recall Dr. Whitmore is **DENIED**.

E.  **Defendants' Motions in Limine (Doc. 467)**

Defendants' motion in limine #1 to exclude certain post-2014 evidence is **DENIED without prejudice**. The Court also **DENIED** Defendants' request for a severance for the reasons given in a previous Order (Doc. 487).

Defendants' motion in limine #2 to exclude evidence of incidents and crimes at properties other than Smyrna and Buckhead is **DENIED without prejudice**.

Defendants' motion in limine #3 to exclude evidence of unrelated crimes and incidents at Smyrna and Buckhead was **DENIED** as to a blanket exclusion after Plaintiffs stated they would only seek to introduce evidence that relates to prostitution and sex trafficking.

Defendants' motion in limine #4 was **DENIED without prejudice** though the Court noted that it would not allow statements from 40 police reports to be admitted.

Defendants' motion in limine #5 to exclude evidence of unauthenticated or unverified customer reviews is **DENIED without prejudice**. The Court also cautioned Plaintiffs to use reviews that were relevant to the issue of Defendants' knowledge.

Defendants' motion in limine #6 to exclude evidence of newspaper articles and media reports is **DENIED without prejudice**.

Defendants' motion in limine #7 to exclude evidence of economic damages is **GRANTED in part** as to redaction of Plaintiffs' Trial Exhibit 338 and the admission of Defendants' consolidated financial statements, but **DENIED in part** as to testimony about Defendants' financial status as it relates to the Smyrna and Buckhead properties.

### F.   Plaintiffs' Motions in Limine (Doc. 465)

The Court deferred ruling on Plaintiffs' motion in limine #1 to exclude evidence that Defendants withheld during discovery on the basis of privilege and will address it in a separate Order.

Plaintiffs' motion in limine #2 to exclude evidence of certain witness's criminal conduct was **GRANTED** as to Monica Hamilton's conviction and **DENIED** as to Michael Thomas's conviction. The parties reached agreements on the remaining issues.

The Court **DEFERRED** ruling on Plaintiffs' motion in limine #3 to exclude evidence as to Plaintiffs' sexual conduct. Defendants were directed to provide Plaintiffs with the specific incidents they intend to introduce so that Plaintiffs can raise their specific concerns. The Court **DENIED without prejudice** the motion as to images of Plaintiffs and/or customers.

Plaintiffs' motion in limine #4 to exclude evidence of certain plaintiffs' settlement with Varahi is **GRANTED** as to admission of the settlement agreements and amounts but **DENED without prejudice** as to testimony.

Plaintiffs' motion in limine #5 to preclude Mehlman-Orozco from offering irrelevant and unduly prejudicial testimony is **GRANTED** as to secondary exploitation and **DENIED** as a limited testimony on misidentification of sex trafficking at the airports.

Plaintiffs' motion in limine #6 to prohibit defendants from making erroneous and improper RICO arguments is **DENIED**.

II.  Conclusion

In conclusion, the Court entered the following rulings: Plaintiffs' Motion for a Protective Order (Doc. 483) is **GRANTED**; Defendants' Motion to Exclude to Exclude Dr. Bliss (Doc. 362) is **DENIED**; Defendant's Motions in limine (Doc. 467) is **DENIED in part and GRANTED in part**; and Plaintiffs' Motion in limine (Doc. 465) is **DENIED in part and GRANTED in part**.

**SO ORDERED** this 3rd day of June, 2024.

_____
Victoria Marie Calvert
United States District Judge