**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P. and T.H.,<br><br>  Plaintiffs,<br>v.<br><br>RED ROOF INNS, INC. et al.,<br><br>  Defendants. | Civil Action No.<br>1:20-CV-05263-VMC |

## DEFENDANTS' PROPOSED PRELIMINARY TRIAL JURY INSTRUCTIONS

Pursuant to this Court's May 29, 2024, pretrial and its June 3, 2024, Order (Doc. 506). Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC (Red Roof Defendants) submit these Proposed Preliminary Trial Jury Instructions to the Court.

# PROPOSED PRELIMINARY INSTRUCTIONS

## Proposed Jury Instruction No. 1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**<u>The jury's duty</u>:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

**<u>What is evidence</u>:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence— and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**<u>Credibility of witnesses</u>:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

6252678.1

**Description of the case**:

This is a civil case. To help you follow the evidence, I will summarize the parties' positions. This case has eleven Plaintiffs: Whitney, Rebecca K, Rebekah P, Tiffeny, Kazia, Chelsea, Melanie, Liz, Melissa, Delann, and Alexa. Each Plaintiff seeks damages arising from their alleged sex trafficking at multiple locations and at varying times between 2009 and 2018.

These locations include two Red Roof Inn-branded properties: one in Smyrna and one in Buckhead. Both locations are local Atlanta hotels that operated as franchised properties under the Red Roof brand-name. Defendant Red Roof Franchising LLC was the franchisor of both. RRI West operated Buckhead and operated Smyrna until December 2012. Red Roof Inns Inc., employed certain employees at Buckhead and employed certain employees at Smyrna until December 2012. After December 2012, Smyrna was owned, operated, managed, and employed by former Defendant, and independent third-party franchisee, Varahi Hotels LLC.

Plaintiffs allege the Defendants: Red Roof Franchising LLC, RRI West, and Red Roof Inns Inc., are responsible for their damages because these entities knew or should have known of prostitution and Plaintiffs' alleged sex trafficking. Plaintiffs assert civil claims under federal and state law, including the Trafficking Victims Protection Reauthorization Act (TVPRA"), Georgia's Civil Racketeer Influenced and Corrupt Organizations Act (RICO), and negligence.

The Defendants deny that they knew, or were involved in any way, Plaintiffs or their allegations relating to sex trafficking and prostitution. Thus, Plaintiffs are not entitled to damages on any claim. Moreover, the Defendants assert multiple affirmative defenses that could limit or foreclose Plaintiffs claims. These include that Plaintiffs' claims are time barred, that their claims were released, and that Plaintiffs caused and contributed to their own injuries based on their own conduct and action.

**<u>Burden of proof</u>:**

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendants on opposite sides of balancing scales, Plaintiffs needs to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

7
6252678.1

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

**<u>Taking notes</u>:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

6252678.1

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

## Course of the trial

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendants may ask the witness questions—this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.1.[1]

---

[1] Unless otherwise noted, citations to the "11th Cir. Pattern Instruction" refers to Eleventh Circuit Civil Pattern Jury Instruction (2022 revision).

6252678.1

**Proposed Instruction No. 2**

**Anonymity**

The Plaintiffs in this case, except for Alexa Foster, will proceed by using only their first name, and in some instances, their first name and last initial. You should not allow this to influence or sway your decision on the claims and issues in this case. The reason I have allowed the Plaintiffs to proceed with only their first name or first name and last initial is that the evidence in this case is likely to include sensitive information about the plaintiffs that could cause embarrassment if publicly disseminated outside this Court, as well as the fact that Plaintiffs' testimony may require them to admit to engaging in illegal conduct, which could expose them to the risk of criminal prosecution.

While you learned the names of the Plaintiffs during voir dire, you will not hear any last names throughout the trial for that reason. Some documents that may be shown in Court will have redactions that are consistent with this instruction but exhibits submitted to you at the end of this case will not include redactions. Allowing Plaintiffs to use only their first names in no way provides insight into this Court's opinion on the viability or veracity of Plaintiffs' claims.

6252678.1

# TRIAL INSTRUCTIONS

## Proposed Jury Instruction No. 3
## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Red Roof Inn Corporate Structure and Ownership**

During the entire time period the Plaintiffs have testified they were trafficked there, the Buckhead Red Roof Inn was owned and operated by Red Roof corporate affiliates.

RRI III, a real estate holding company, owned the land. Defendant RRI West was a management company that operated the Buckhead hotel and employed the regional staff, like regional managers and regional vice presidents. Defendant Red Roof Inns, Inc. employed the hotel staff working at the location, like front desk employees and housekeepers.

The Smyrna Red Roof Inn was owned and operated by Red Roof corporate affiliates until December 14, 2012. Prior to December 14, 2012, FMW, a real estate holding company, owned the land. Also prior to December 14, 2012, Defendant RRI West operated the hotel and Defendant Red Roof Inns, Inc. employed the hotel staff working at the Smyrna hotel.

Varahi, LLC purchased the Smyrna location on December 14, 2012. After that date, Varahi owned the land and employed the staff who worked at the location.

From December 14, 2012, until the end of the time any Plaintiff has testified she was trafficked at the Smyrna location, Varahi contracted with Defendant Red Roof Franchising through a Franchise Agreement to use the Red Roof Inn brand.

**Red Roof Inn Companies and their employees**

Andrew Alexander, who served as the Red Roof Inn brand's general counsel from 2007-2013 and its president from 2009 to 2020, was employed by Defendant RRI West Management, LLC.

Vanessa Cole, who worked as a floating general manager primarily at Smyrna, but occasionally at Buckhead from 2009 to 2013, was employed by Defendant Red Roof Inns, Inc. until 2016.

Vickie Lam, a franchise operations director whose territory included the Smyrna Red Roof Inn during the time it was owned by Varahi, was employed by Defendant Red Roof Franchising, LLC.

George Limbert, who served as the Red Roof Inn brand's general counsel from 2017 to 2023 and then its president from 2021 to 2023, was employed by Defendant RRI West Management, LLC, from approximately February 2014 through 2016. In or around 2016, he became an employee of Defendant Red Roof Franchising, LLC.

Marina MacDonald, who has worked in marketing for the Red Roof Inn brand since 2010 and served as the Red Roof Inn brand's Chief Marketing Officer since 2013, is an employee of Defendant Red Roof Franchising, LLC.

Tom McElroy, was the Red Roof Inn brand's security director from December 2012 through December 2013

Jay Moyer was a regional vice president of operations whose territory included the Smyrna Red Roof Inn until it was sold to Varahi in December 2012 and the Buckhead Red Roof Inn during the entirety of the time any Plaintiff has testified she was trafficked there. Mr. Moyer was employed by Defendant RRI West.

Greg Stocker, the Red Roof Inn brand's safety and security director since May 2017, was initially employed by Defendant RRI West Management, LLC from 2017 to 2018, and in 2019 became an employee of Red Roof Franchising, LLC.


AUTHORITY:

11th Cir. Civil Pattern Instruction 2.1.

**Proposed Jury Instruction No. 4**
**Official English Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know the language to be interpreted, you must accept the English interpretation provided and disregard any different meaning.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.3.

**Proposed Jury Instruction No. 5**
**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of certain witnesses have been presented to you by a video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.2.

**Proposed Jury Instruction No. 6**
**Demonstratives & Summary Exhibits**

Generally:

Witnesses have used visual aid(s) often referred to as a demonstratives to assist in explaining or illustrating their testimony. The testimony of the witness is evidence; however, demonstrative(s) are not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. A demonstrative is not to be confused with a summary exhibit, which are admitted into evidence. Only items received in evidence will be available to you for consideration during your deliberations.

Generally:

Summary exhibits are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY:

Ninth Circuit Civil Jury Instruction 2.15 (2022 revision).

**Proposed Jury Instruction No. 7**
**Use of Interrogatories**

You'll hear answers that Plaintiffs and Defendants gave in response to written questions the other side submitted. The questions are called "interrogatories." Before trial, Plaintiffs and Defendants gave the answers in writing under oath.

You must consider the Plaintiffs' and Defendants' answers as though they gave the answers on the witness stand.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.6.

**Proposed Jury Instruction No. 8**
**In-Trial Instructions on News Coverage**

Reports about this trial [or about sex trafficking more generally²] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.7 (modified).

---

² Modifications to pattern instructions are indicated by underlined text for added language and strikethrough text for deletions.

Dated: June 7, 2024                        Respectfully submitted,


                                           */s/ Marcella C. Ducca*
                                           Marcella C. Ducca (Ga Bar No. 115079)
                                           Brandon D. Cox (Ga Bar No. 832025)
                                           GREENBERG TRAURIG LLP
                                           Terminus 200
                                           3333 Piedmont Road NE, Suite 2500
                                           Atlanta, GA  30305
                                           Telephone:     678.553.2100
                                           duccam@gtlaw.com
                                           coxb@gtlaw.com

                                           Sandra J. Wunderlich (pro hac vice)
                                           TUCKER ELLIS LLP
                                           100 South Fourth Street, Suite 600
                                           St. Louis, MO 63102-1822
                                           Telephone:     314.256.2550
                                           Facsimile:     314.256.2549
                                           sandra.wunderlich@tuckerellis.com

                                           Chelsea Mikula (pro hac vice)
                                           C. Ashley Saferight (pro hac vice)
                                           Elisabeth C. Arko (pro hac vice)
                                           Joseph A. Manno (pro hac vice)
                                           Spencer E. Krebs (pro hac vice)
                                           TUCKER ELLIS LLP
                                           950 Main Avenue, Suite 1100
                                           Cleveland, OH  44113-7213
                                           Telephone:     216.592.5000
                                           Facsimile:     216.592.5009
                                           chelsea.mikula@tuckerellis.com
                                           ashley.saferight@tuckerellis.com
                                           elisabeth.arko@tuckerellis.com
                                           joseph.manno@tuckerellis.com
                                           spencer.krebs@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc.,*
*FMW RRI, Red Roof Franchising, LLC, RRI*
*West Management, LLC, and RRI III, LLC*

6252678.1

## <u>RULE 7.1D CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the United States District Court of the Northern District of Georgia, the undersigned certifies that submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: June 7, 2024

/s/ Marcella C. Ducca
Marcella C. Ducca

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI NC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC*

6252678.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made under Civ. R. 5(b)(2)(E) through electronic mail.


Dated: June 7, 2024

/s/ *Marcella C. Ducca*
Marcella C. Ducca

*Attorneys for Defendants Red Roof Inns, Inc., FMW RRI NC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC*

6252678.1