## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P, and T.H., <br><br> Plaintiffs <br><br> v. <br><br> RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, and RRI WEST MANAGEMENT, LLC, <br><br> Defendants. | Civil Action No. <br> 1:20-cv-05263-VMC |

### ORDER

This matter is before the Court on the Red Roof Defendants' Motion to Admit and Use at Trial Certain Evidence Under Rule 412 ("Motion") (Doc. 500). Plaintiffs filed a response opposing the Motion. (Doc. 513).

### I.      Facts

This is a sex trafficking lawsuit based on events that allegedly took place at the Smyrna Red Roof Inn and Buckhead Red Roof Inn. Plaintiffs allege that the Red Roof Defendants (1) violated the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. § 16-14-4(a) and (c), and are subject to civil liability for their operation of the hotels; (2) violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and are subject to

civil liability for their operation of the hotels; and (3) were negligent in failing to keep the hotels safe for guests.

In preparation for trial, Plaintiffs moved to limit the universe of admissible evidence regarding their sexual conduct, relying on Rule 412 of the Federal Rules of Evidence. (Doc. 465 at 24–34). Specifically, Plaintiffs moved to exclude: 1) evidence of commercial sex outside of trafficking; 2) evidence of other sexual conduct; and 3) graphic images and testimony regarding plaintiffs. Defendants responded that the evidence does not fall under Rule 412 but if it did, would fall under its exception because it is relevant to Plaintiffs' damages, including whether Plaintiffs were wrongdoers and therefore unable to recover, Plaintiffs' credibility[1], Plaintiffs' membership in the alleged RICO conspiracy, and whether Defendants knew or should have known that Plaintiffs were allegedly being trafficked at any time. (Doc. 474 at 12–19).

At the pretrial conference, the Court denied Plaintiffs' motion in limine without prejudice as to images of Plaintiffs and/or customers and deferred ruling on the other items. (Doc. 506 at 4). However, Defendants were directed to provide Plaintiffs with the specific incidents they seek to introduce. (*Id.*). Defendants then

---

[1] At the pretrial conference, the Court indicated that Defendants could not introduce Plaintiffs' other sexual conduct to attack their credibility, and it appears from the Motion that Defendants are no longer relying on credibility. Therefore, Plaintiffs' motion in limine is **GRANTED** as to using evidence of other sexual conduct to challenge Plaintiffs' credibility.

filed the Motion with an exhibit listing the specific evidence they would like to introduce, and Plaintiffs responded with their objections. Defendants' Motion asserts that the evidence is relevant to: 1) to the predicate acts underlying the civil RICO claims, which Plaintiffs have put at issue; 2) to the TVPRA claims in terms of whether Plaintiffs were actually coerced and whether Defendants knew or should have known that Plaintiffs were being trafficked; 3) that Plaintiffs were *in pari delicto* with the wrongdoers, and therefore barred from recovery; and 4) damages. (Doc. 500-1).

## II. Discussion

### A. Rule 412's Requirements

Rule 412 prohibits the following evidence in a case involving alleged sexual misconduct: "1) evidence offered to prove that a victim engaged in other sexual behavior; or 2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, in civil cases there is an exception:

> the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

Fed. R. Evid. 412(b)(2). If a party intends to offer evidence under the exception, that party must file, at least 14 days before trial, a motion that specifically describes the evidence and the purpose for which it is being offered. Fed. R. Evid.

3

412(c)(1)(A)–(B). The party seeking to offer the evidence must serve the motion on all parties and notify the victim. Fed. R. Evid. 412(c)(1)(C)-(D). Finally, the court must conduct an in camera hearing and give the victim the right to attend and be heard. Fed. R. Evid. 412(c)(2).

Defendants did not file a motion at least 14 days prior to trial because the evidence they seek to introduce falls outside of Rule 412. By contrast, Plaintiffs argue that the evidence Defendants want to introduce falls squarely within Rule 412 and the Court should disallow all of it because Defendants failed to comply with Rule 412's procedures. The Court finds that Plaintiffs seek too rigid an approach. Though it might have been more prudent for Defendants to file a Rule 412 motion, they should not be required to do so when the evidence at issue is not offered to prove that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition. *See* Fed. R. Evid. 412(c) advisory committee note to 1994 amendment ("The amended rule provides that before admitting evidence *that falls within that prohibition of Rule 412(a)*…) (emphasis added).

Additionally, the Court notes that this case is different from the criminal cases Plaintiffs rely on where courts have disallowed Rule 412 when a timely motion is not filed. In a criminal case, the alleged victim is not a party to the proceedings and is not directly involved in the discovery process, which is much more limited than civil discovery. By contrast, in a civil proceeding such as this

one, Plaintiffs were required to turn over evidence, sit for depositions, and participate in evaluations by experts. Furthermore, as Plaintiffs point out, they lodged several Rule 412 objections to Defendants' exhibit list so they were on notice of these issues. *See Judd v. Rodman*, 105 F.3d 1399, 1343 n. 8 (11th Cir. 1997) (finding conditional motion and questions asked during discovery provided notice). Finally, as Defendants point out, some of this evidence relates directly to the issues in the case and indeed, the Court notes that it is likely Plaintiffs will seek to introduce a lot of it to prove their case. Therefore, exclusion for failing to follow the procedures in Rule 412 is not warranted.

## B. Analysis of Defendants' Reasons for Admissibility

As noted above, Defendants have provided several reasons why evidence of Plaintiffs' other sexual acts that is outside of their alleged trafficking period at the two Red Roof locations should be admitted.[2] *See* (Doc. 500-2). The Court analyzes each justification separately.

### i. The Civil RICO Claims

Since Plaintiffs have asserted civil RICO claims against them and allege predicate acts of prostitution, keeping a place of prostitution, and pimping, all of

---

[2] In their motion in limine, Plaintiffs did not move to exclude evidence of commercial sex or other sexual conduct during the periods they were trafficked as violating  Rule 412 (*See* Doc. 465 at 22, 32). Therefore, the Court presumes that this evidence is admissible unless Plaintiffs object to its admission at trial.

which require proof of prostitution, Defendants assert that they must be able to introduce evidence of Plaintiffs' full history of commercial sex and prostitution. Plaintiffs have agreed that Defendants can get into any commercial sex activities Plaintiffs engaged in during the alleged trafficking period and don't need to go beyond that. Defendants don't explain why they need to go beyond the trafficking periods. Therefore, the Court agrees with Plaintiffs that there is no reason for Defendants to introduce Plaintiffs' full history to defend themselves against the civil RICO claims.

### ii.  The TVPRA Claims

Defendants make two arguments in support of introducing evidence of Plaintiffs' other sexual acts. First, Defendants state this evidence is relevant to whether the Plaintiffs suffered "serious harm" as defined by 18 U.S.C. § 1591(e)(5). The Court acknowledges that Plaintiffs' vulnerabilities could be relevant to whether they suffered serious harm, but Plaintiffs have the burden of proof on that issue, and Defendants will have to wait and see how Plaintiffs address this issue at trial. To the extent Defendants are arguing that Plaintiffs' histories constitute "surrounding circumstances," the Court disagrees. The surrounding circumstances are the circumstances that existed at the time the Plaintiffs alleged they were trafficked at the Red Roof hotels, not the entire circumstances of Plaintiffs' lives. Therefore, Defendants cannot affirmatively introduce evidence of

Plaintiffs' other sexual acts to disprove the coercion element of the TPVRA claims. To allow otherwise would violate Rule 412.

Defendants also argue that Plaintiffs' conduct during the alleged trafficking period, along with their appearance and outward profile, is relevant to whether Defendants had actual or constructive knowledge that they were being trafficked. Plaintiffs don't dispute that such activity is relevant, to the extent it occurred during the alleged trafficking periods. Indeed, the Court expects that Plaintiffs will introduce this evidence during their case-in-chief. However, to the extent Plaintiffs do not, Defendants are cautioned that this evidence should only be introduced to the extent it relates to their knowledge of Plaintiffs' trafficking. As a hypothetical, if one of the Plaintiffs posted an online ad offering commercial sex, it would only be relevant to Defendants' knowledge if Defendants knew or should have known about the ad. The Defendants cannot introduce this evidence simply to prove that they did *not* know about it; a contrary holding would contravene the purposes of Rule 412.

### iii.  *In Pari Delicto*

Defendants assert that evidence of commercial sex and prostitution both inside and outside of the trafficking period would show that Plaintiffs were *in pari delicto* with the wrongdoers, which bars recovery. "In its classic formulation, the *in pari delicto* defense was narrowly limited to situations where the plaintiff truly

bore at least substantially equal responsibility for his injury, because 'in cases where both parties are in delicto, concurring in an illegal act, it does not always follow that they stand in pari delicto; for there may be, and often are, very different degrees in their guilt.'" *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306–07 (1985). Though the Court is skeptical this doctrine is applicable, to the extent it is, it would only permit evidence of Plaintiffs' conduct as it relates to the two Red Roof hotels during the trafficking periods. The Plaintiffs are seeking to recover for injuries suffered during specific time periods at two specific hotels. Defendants cannot rely on *in pari delicto* to introduce evidence beyond the injuries Plaintiffs allege because it would be irrelevant and run afoul of Rule 412.

### iv.  Plaintiffs' Damages

Defendants argue that they are entitled to introduce evidence of Plaintiffs' other sexual acts to identify other sources of Plaintiffs' emotional distress. Plaintiffs argue that Defendants rely on an expert opinion that prostitution *could* result in post-traumatic stress disorder, but such an opinion is inadmissible where there is no evidence that other incidents of commercial sex caused Plaintiffs harm. On that point, the Court agrees with Plaintiffs. Plaintiffs are seeking damages for the harm they suffered as a result of being trafficked by force, fraud or coercion. As long as Plaintiffs do not present evidence or argument that they were harmed by voluntary sex acts (whether commercial or not), then the fact that they might

have engaged in such voluntary acts is irrelevant to their damages and veers into the areas that are prohibited by Rule 412.

Plaintiffs also argue that to the extent Plaintiffs experienced other sexual trauma, it is irrelevant to the trauma they suffered at the Red Roof hotels, and that prior trauma would not render their trauma at the Red Roof hotels any less painful. While the Court agrees with Plaintiffs that prior trauma does not lessen subsequent trauma, that is a separate issue from whether and how much damages Plaintiffs should receive. Defendants should be allowed to present evidence that Plaintiffs suffered other sexual trauma, either before or after they were allegedly trafficked at the Red Roof hotels, as a way to contest causation and the amount of damages Plaintiffs are seeking. *See Judd*, 105 F.3d at 1343 (holding that evidence of prior relationships was highly relevant to the defendant's liability where plaintiff alleged the defendant gave her herpes); *Lane v. Am. Airlines*, No. 18-CV-6110 (MKB), 2024 WL 12000074, at *3 (E.D.N.Y. March 20, 2024) ("[W]hen a plaintiff alleges emotional or psychological injury, evidence of prior sexual abuse or assaults is admissible to show other sources of that injury and to determine damages") (citations omitted); *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2023 WL 3098824, at *3 (ruling that with respect to discovery disputes, the question of whether plaintiff suffered abuse in other relationships is relevant to her damages). Defendants have a right to present a defense that challenges causation and

damages, and the jury should know about the full extent of Plaintiffs' sexual trauma as they consider causation and damages. To hold otherwise would be unfair to Defendants and misleading to the jury. Therefore, the Court finds that the danger of harm or prejudice to Plaintiffs by the introduction of their history of sexual trauma is outweighed by its probative value.

Although the Court will allow the admission of evidence regarding the other sexual trauma Plaintiffs suffered, Defendants are cautioned that the Court will not permit inquiry into unnecessary details regarding these traumatic events. The goal of Defendants' questioning should be related to contesting causation or damages, not Plaintiffs' credibility or victimization.

### III.    Conclusion

In conclusion, outside of the sex trafficking periods alleged by Plaintiffs, and absent Plaintiffs opening the door by introducing it, Defendants can only admit evidence of Plaintiffs' other sexual trauma, either before or after the alleged trafficking period, to the extent it relates to causation and damages. The Court finds that this evidence is admissible for reasons other than the prohibited uses in Rule 412 and that the probative value of this evidence outweighs the prejudice to Plaintiffs. As noted at the outset, the Court is only ruling on the admissibility of the evidence under Rule 412 and not foreclosing additional objections by Plaintiffs.

Therefore, Plaintiffs' motion in limine #3 (Doc. 465) is **GRANTED IN PART and DENIED IN PART**, and Defendants' Motion to Admit and Use at Trial Certain Evidence Under Rule 412 (Doc. 500-1) is **GRANTED IN PART and DENIED IN PART**.

**SO ORDERED** this 10th day of June, 2024.

_____
Victoria Marie Calvert
United States District Judge

11