IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P, and T.H.,<br><br>    Plaintiffs<br><br>v.<br><br>RED ROOF INNS, INC., RED ROOF FRANCHISING, LLC, and RRI WEST MANAGEMENT, LLC,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-05263-VMC |

## OPINION

This case is scheduled for trial on June 11, 2024. Ahead of trial, the Parties have submitted briefs regarding the applicable law for the jury's damages calculations. Plaintiffs W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., and C D ("Plaintiffs") argue that joint and several liability applies to a damages award under Section 1595(a) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (Doc. 493 at 1). Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC ("RRI Defendants") argue that the TVPRA is silent on the issue of joint and several liability, so instead the Court should apportion damages under O.C.G.A. § 51-12-33. (Doc. 482 at 1–2).

Plaintiffs have brought claims against the RRI Defendants under the TVPRA, Georgia's civil RICO Act, and for negligence. The TVPRA was enacted "to combat trafficking in persons, . . . to ensure just and effective punishment of traffickers, and to protect their victims." Pub. L. 106-386, § 102(a), 114 Stat. 1464, 1466. In 2008, Congress expanded the scope of the TVPRA's civil liability statute, 18 U.S.C. § 1595(a), to allow sex-trafficking victims to sue individuals or entities who knowingly benefitted from their exploitation. The statute instructs that sex-trafficking victims "may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). Since the statute only provides that plaintiffs "may recover damages and reasonable attorneys fees," the Parties disagree over the proper interpretation of this instruction.

Having reviewed the briefs and the applicable case law, the Court finds that damages awarded under the TVPRA and Georgia's RICO Act are joint and several between the RRI Defendants. However, any damages awarded for negligence may be apportioned.

### I.     Damages under the TVPRA are joint and several.

Joint and several liability is the traditional rule for federal torts. *See Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 164–65 (2003) (applied to the Federal Employers' Liability Act ("FELA")); *FTC v. WV Universal Mgmt., LLC*, 877 F.3d 1234, 1236 (11th Cir. 2017) (applied to the Federal Trade Commission Act, "aiding and abetting in tort can result in joint and several liability"); *Finch v. City of Vernon*, 877 F.2d 1497, 1503 (11th Cir. 1989) (applied to 42 U.S.C. § 1983). In *Ayers*, the Supreme Court rejected RRI Defendants' argument that apportionment should apply to a federal tort because "the modern trend is to apportion damages between multiple tortfeasors." *Id.* at 164. ("[R]ecent changes away from the traditional rule have come through legislative enactments rather than judicial development of common-law principles[.] Congress, however, has not amended the FELA [to adopt the 'modern trend' of apportionment]."). Indeed, silence about the traditional rule does not abrogate it. For Congress "to abrogate a common-law principle, the statute must speak directly to the question addressed by the common law." *United States v. Texas*, 507 U.S. 529, 534 (1993).

The TVPRA's text does not abrogate the traditional rule, but simply directs that plaintiffs "may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). Although this is the first court to directly address whether damages under the TVPRA are joint and several, other courts have looked to the common

law to interpret the damages provision. *See Ditullio v. Boehm,* 662 F.3d 1091, 1098 (9th Cir. 2011) (holding that "punitive damages are generally appropriate under the TVPA civil remedy provision because it creates a cause of action for tortious conduct that is ordinarily intentional and outrageous"); *Warfaa v. Ali*, 1 F.4th 289, 296 (4th Cir. 2021) (affirming punitive damages award under § 1595); *Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019) (same). As discussed, joint and several liability is the traditional rule for federal torts, so the TVPRA is properly understood to follow this rule absent language to the contrary.

The TVPRA's statutory scheme also confirms this conclusion. Liability for a civil beneficiary of sex-trafficking requires the involvement of multiple parties, but § 1595 says nothing about apportionment. Elsewhere in the statute, the criminal restitution provision "plainly does allow for apportionment." *K.M. v. Reva Props., LLC*, No. 1:22-CV-3991-TWT, 2024 WL 1217420, at *2 (N.D. Ga. Mar. 21, 2024). It requires criminal restitution to be "issued and enforced in accordance with section 3664." 18 U.S.C. § 1593(b)(2).  In turn, 18 U.S.C. § 3664(h) provides courts *an option* between "mak[ing] each defendant liable for payment of the full amount of restitution" *or* "apportion[ing] liability among the defendants." This demonstrates that when Congress wants to abrogate the traditional rule of joint and several liability, it knows how to do so.

Since joint and several liability is the traditional rule for federal torts, the Court does not have to develop a new federal common law rule to reach this conclusion. *See, e.g., United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979). Defendants argue that when "the federal statute is silent and a uniform rule is unnecessary, state law should apply unless it is 'inconsistent with the federal constitution or laws' or would frustrate specific objectives of the federal statute." (Doc. 519 at 7 (citing *Kimbell Foods,* 440 U.S. at 728–29)). However, the Court notes that apportionment would frustrate the purpose of the TVPRA's civil beneficiary provision. As Judge Thrash recently observed, it would "be surprising that Congress intended to permit apportionment without saying so since it was foreseeable that others would be involved in these claims and since allowing civil beneficiary defendants to apportion fault to traffickers, individuals who sexually assault victims, and other beneficiaries would drastically undermine the effect of the civil beneficiary provision." *K.M.*, 2024 WL 1217420, at *2. *Cf. Ayers*, 538 U.S. at 165 ("[R]eading the FELA to require apportionment would handicap plaintiffs and could vastly complicate adjudications, all the more so if, as [defendant] sometimes suggests manufacturers and suppliers, as well as other employers, should come within the apportionment pool.").

## II. Joint and several liability for the TVPRA would be appropriate under Georgia law.

Even if Georgia law applied to the TVPRA, Georgia's apportionment statute, O.C.G.A. § 51-12-33, would not apply. Contrary to Defendants' representations, damages would be joint and several. Under Georgia law, the apportionment statute does not abrogate the common law of joint and several liability when tortfeasors engage in concerted action or a civil conspiracy. *See FDIC v. Loudermilk*, 826 S.E.2d 116, 129 (Ga. 2019). "[T]he touchstone inquiry set forth by the apportionment statute [is] whether fault is divisible" and the Georgia Supreme Court directed courts to apply this inquiry when determining whether it applies. *Id.*

Applying this inquiry to the TVPRA, the fault would be indivisible among the RRI Defendants. To state a claim for beneficiary liability, plaintiffs must prove that defendants knowingly "benefit[ed], or attempt[ed] or *conspire[d] to benefit*, financially or by receiving anything of value from *participation in a venture* . . . ." § 1595(a) (emphasis added). The Eleventh Circuit has interpreted section 1595(a) according to its plain meaning:

> The ordinary meaning of "venture" is an undertaking or enterprise involving risk and potential profit. *See Venture*, Black's Law Dictionary (11th ed. 2019) ("[a]n undertaking that involves risk; esp., a speculative commercial enterprise"); *Venture*, Oxford English Dictionary 520 (2d ed. 1989) ("[a]n enterprise of a business nature in which there is considerable risk of loss

6

> as well as chance of gain; a commercial speculation"). The ordinary meaning of participate or participation is to take part in or share with others in common or in an association. *See Participation*, Black's Law Dictionary (11th ed. 2019) ("[t]he act of taking part in something"); *Participate*, Oxford English Dictionary 268 (2d ed. 1989) ("[a] taking part, association, or sharing (with others) in some action or matter").

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724–25 (11th Cir. 2021).

Thus, if the jury finds the RRI Defendants liable under the TVPRA, the jury will have found that they participated in a common venture with others "predicated on the idea that wrongdoers 'in pursuance of a common plan or design to commit a tortious act . . . are equally liable,' and that through 'joint enterprise' and 'mutual agency . . . the act of one is the act of all.'" *Loudermilk*, 826 S.E.2d at 127 (citing W. Page Keeton, Prosser and Keeton on the Law of Torts § 46, at 323 (5th ed. 1984); *id.* § 52, at 346). "Under that legal theory, where the act (and thus the fault) of one person is imputed to all other members of the same joint enterprise, liability for all that is done is visited upon each." *Loudermilk*, 826 S.E.2d at 127 (internal citations omitted). "[W]here the fault of one person is legally imputed to another person who is part of the same joint enterprise, we cannot say that there is a legal means of dividing fault 'among the persons who are liable.'" *Id.* Thus, O.C.G.A. § 51-12-33 could not apply to damages awarded under the

7

TVPRA's civil beneficiary provision because the wrongdoing it requires is not legally divisible.[1]

### III.    Joint and several liability applies to Georgia RICO claims.

Similarly, there is no apportionment for Plaintiffs' state law claims for violating the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-4(a), (c). (Doc. 38, Counts I, II, V, VI, IX, and X). Based on *Loudermilk*, the Georgia Court of Appeals has held that damages recovered from a Georgia civil RICO claim are joint and several, not subject to apportionment under O.C.G.A. § 51-12-33(b). *Hansford v. Veal*, 894 S.E.2d 215, 229 (Ga. App. 2023).

### IV.    Plaintiffs' negligence claims can be apportioned.

Finally, any damages awarded for Plaintiffs' negligence claims may be apportioned under O.C.G.A. § 51-12-33. *See Couch v. Red Roof Inns, Inc.*, 729 S.E.2d 378, 380 (Ga. 2012) (permitting the jury to apportion damages for a negligence claim based on premises liability). Although a plaintiff cannot "recover multiple times for a single injury," in a multi-claim case where Plaintiffs assert different theories of recovery from the same Defendants, varying liability standards are unavoidable. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th

---

[1] Defendants argue that *Loudermilk* does not apply to the TPRA because Congress did not "require a conspiracy or concerted action" but chose the word "venture" instead. (Doc. 519 at 15). The Court rejects this argument, for the reasons already outlined, but also because the statute does use the word "conspires." § 1595(a) ("whoever knowingly benefits, or attempts or conspires to benefit").

8

Cir. 2008). In this circumstance, the jury may be instructed to apportion fault for negligence while applying joint and several liability for the other claims. In *Alston & Bird, LLP v. Hatcher Management Holdings, LLC*, the Georgia Supreme Court considered a case where the jury was instructed to apportion fault for negligence claims but not for other claims. 862 S.E.2d 295, 303–304 (Ga. 2021). Although it remanded the case for consideration of whether another claim may have been subject to apportionment, the Georgia Supreme Court did not raise any doubts regarding the jury's ability to award damages under different theories of liability for different claims. *See id.* at 303 ("The issue in *Loudermilk*, then, was not one of factual indivisibility of the claim but of *legal* indivisibility, because the nature of the claim was such that there was no means of dividing fault as a matter of law. Whether fault is divisible as a matter of *fact*, by contrast, is for the trier of fact to determine so long as some evidence is presented that would allow a rational division.") (internal citations omitted). Thus, the application of joint and several liability for Plaintiffs' TVPRA and Georgia RICO claims does not "displace" the RRI Defendants' "right" to apportion damages for Plaintiffs' negligence claims. (Doc. 482 at 9).

**SO ORDERED** this 10th day of June, 2024.

_____
Victoria Marie Calvert
United States District Judge