# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| W.K., et al.<br><br>Plaintiffs,<br><br>v.<br><br>RED ROOF INNS, INC., et al.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-5263-VMC<br><br>JURY TRIAL DEMANDED<br><br>Pursuant to Fed. R. Civ. P. 38 |

**PLAINTIFFS' AND DEFENDANTS' DEPOSITION DESIGNATION AND EXHIBIT
OBJECTIONS AND RESPONSES**

I.  **Andrew Alexander**

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 125:18-126:17 | **Defendants' Objection**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response**<br><br>This is the only property at which Red Roof pulled the flag for sex trafficking, the circumstances surrounding that decision and | |

1

| | | how they differ from Red Roof's decision making regarding Buckhead and Smyrna are relevant to Red Roof's motive and intent in failing to act at Buckhead or Smyrna; probative value not substantially outweighed by unfair prejudice. | |
|---|---|---|---|
| 230:12-231:8 | **<u>Plaintiffs' Objection</u>**<br><br>Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | **<u>Defendants' Response:</u>** Relevant to issues of Plaintiff's case, including allegations that RRI should have noticed "red flags" or provided different training, including testimony of Dr. Mehlman-Orozco on the sufficiency of "red flags" providing notice. | |
| 232:2-9 | **<u>Plaintiffs' Objection</u>**<br><br>Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to | **<u>Defendants' Response:</u>** Relevant to issues of Plaintiffs' case, including allegations that RRI should have noticed "red flags" or provided different training including testimony of Dr. | |

| | identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | Mehlman-Orozco on the sufficiency of "red flags" providing notice. | |
|---|---|---|---|
| 234:10-235:15; 235:17; 235:19-236:2; 236:4-236:7 | **Plaintiffs' Objection**<br><br>Irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | **Defendants' Response:** Relevant to issues of Plaintiff's case, including allegations that RRI should have noticed "red flags" or provided different training including testimony of Dr. Mehlman-Orozco on the sufficiency of "red flags" providing notice. | |
| 239:8-10 | **Plaintiffs' Objection**<br><br>Leading | **Defendants' Response:**<br><br>Summarizing prior testimony (including at page 91 of the transcript) | |
| 239:14-239:16 | **Plaintiffs' Objection**<br><br>Leading | **Defendants' Response:** | |

|  |  | Summarizing prior testimony (including at page 91 of the transcript) |  |
|---|---|---|---|
| 240:1-5 | **Plaintiffs' Objection**<br><br>Leading | **Defendants' Response:**<br>Objection waived/not asserted |  |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX138<br><br>(110:25-112:6) | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 – Post-trafficking information where notice is not relevant to Plaintiff's claims. Cannot be used to prove a conspiracy with Varahi. | Document concerns a report of sex trafficking at the Smyrna Red Roof during the period of Plaintiffs' trafficking at that hotel – Plaintiffs were trafficked at the Smyrna Red Roof through 2018; probative value not substantially outweighed by risk of unfair prejudice or confusion; Red Roof may be liable for its own conduct (and Varahi's conduct as a co-conspirator) at Smyrna Red Roof under the TVPRA and RICO during the period in which Varahi owned that hotel |  |

| PX305<br><br>(82:1-4, 16-20,<br>86:11-87:11) | Relevance as to time. | Relevant to Red Roof's knowledge of its role in combating sex trafficking and its knowledge of how to do so; relevant to punitive damages; also relevant to rebut certain opinions offered by Defendants' expert Dr. Mehlman-Orozco, particularly about the efficacy of training hotel staff to identify sex trafficking; while after period of trafficking, during period of continuing pattern of racketeering activity. | |
| --- | --- | --- | --- |
| PX308<br><br>(121:11-13,<br>122:2-11,<br>123:20-125:3) | Relevance as to other properties, improper 404(b) evidence. | Relevant to showing that online review of Red Roof properties were sent directly to the President of Red Roof; document contains reviews related to both Smyrna and Buckhead properties; permitted under Rule 404(b)(2) to show knowledge; also not offered for truth of any matter asserted, simply notice, so cannot be used for prohibited 404(b)(1) purpose | |

## II.   Monica Hamilton (Nash)

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 97:13-97:25 | **Defendants' Objection:**<br>speculation; improper lay witness opinion testimony; hearsay; | **Plaintiffs' Response**<br>Objections other than hearsay waived by failure to assert at deposition; not hearsay, statement of party opponent | |
| 98:24-99:7 | **Defendants' Objection:**<br>speculation; lay witness opinion; | **Plaintiffs' Response:**<br>Objections waived by failure to assert at deposition | |
| 107:7-109:4 | **Defendants' Objection:**<br>speculation; (108:19-109:4 - non-responsive; unduly prejudicial under 403); | **Plaintiffs' Response:**<br>objections other than 403 waived by failure to assert at deposition; testimony probative of what Red Roof knew or should have known about sex trafficking, prostitution, and other criminal activity at Buckhead location and probative value not substantially outweighed by risk of unfair prejudice | |

| | | | |
|---|---|---|---|
| 112:12-113:15 | **<u>Defendants' Objection:</u>**<br><br>foundation; assumes facts not in evidence; misstates designated testimony; speculation; relevance; unduly prejudicial under 403; hearsay; | **<u>Plaintiffs' Response:</u>**<br><br>Objections other than relevance, 403, and hearsay waived by failure to assert at deposition; not hearsay, statement of party opponent; relevant to what Red Roof knew of criminal activity at Buckhead location, and probative value not substantially outweighed by risk of unfair prejudice | |
| 116:5-117:3 | **<u>Defendants' Objection:</u>**<br><br>foundation; hearsay; speculation; | **<u>Plaintiffs' Response:</u>**<br><br>foundation and speculation objection waived by failure to assert at deposition; not hearsay, statement of party opponent | |
| 120:18-121:20 | **<u>Defendants' Objection:</u>**<br><br>foundation; hearsay; speculation; | **<u>Plaintiffs' Response:</u>**<br><br>foundation and speculation objection waived by failure to assert at deposition; not hearsay, statement of party opponent | |

| | | | |
|---|---|---|---|
| 138:8 – 138:11 | **Defendants' Objection:**<br><br>hearsay; speculation | **Plaintiffs' Response:**<br><br>foundation and speculation objection waived by failure to assert at deposition; not hearsay, statement of party opponent | |
| 139:3- 140:21 | **Defendants' Objection:**<br><br>speculation; hearsay; unduly prejudicial under 403; | **Plaintiffs' Response:**<br><br>speculation objection waived by failure to assert at deposition; not hearsay, not offered for truth of matter asserted and statement by opposing party's agent; probative value as to what Red Roof knew or should have known about sex trafficking and prostitution at Buckhead location not substantially outweighed by risk of unfair prejudice | |
| 142:17- 143:19 | **Defendants' Objection:**<br><br>speculation; lay witness opinion; unduly prejudicial under 403; legal conclusion; | **Plaintiffs' Response:**<br><br>objections other than 403 waived by failure to assert at deposition; testimony probative of what Red Roof knew or should have known about sex | |

| | | | |
|---|---|---|---|
| | | trafficking, prostitution, and other criminal activity at Buckhead location and probative value not substantially | |
| 144:4 – 144:9 | **Defendants' Objection:**<br><br>hearsay | **Plaintiffs' Response:**<br><br>not hearsay, statement of party opponent | |
| 155:23-156:6 | **Defendants' Objection:**<br><br>speculation; lay witness opinion; legal conclusion; | **Plaintiffs' Response:**<br><br>Objections waived by failure to assert at deposition | |
| 175:17-176:14 | **Defendants' Objection:**<br><br>Relevance; unduly prejudicial under 403; speculation/lack of personal knowledge; | **Plaintiffs' Response:**<br><br>Deponent is responding to questioning by Defendants' counsel; objections to speculation and lack of personal knowledge waived by failure to assert at deposition; testimony directly relevant to whether sex trafficking was occurring at hotel, including because Defendants have acknowledged that pimps are sex traffickers; probative value not substantially | |

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| | | outweighed by any unfair prejudice | |
| 179:14-180:9 | **<u>Defendants' Objection:</u>**<br><br>Speculation/lack of personal knowledge; | **<u>Plaintiffs' Response:</u>**<br><br>Deponent is responding to questioning by Defendants' counsel; objections to speculation and lack of personal knowledge waived by failure to assert at deposition | |

## III.   Vickie Lam

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 56:11 – 56:18 | **<u>Defendant's Objection:</u>**<br><br>speculation; foundation | **<u>Plaintiff's Response:</u>**<br><br>Foundation is a form objection that has been waived.<br><br>Witness's account of her own conversations are not hearsay but admissions of a party opponent under FRE 801(d)(2). | |

| | | Witness is testifying to her personal knowledge, including its limitations. | |
|---|---|---|---|
| 138:21 – 138:25 | **Defendant's Objection:**<br><br>Foundation, law opinion testimony | **Plaintiff's Response:**<br><br>Foundation: deponent is Red Roof's regional VP in charge of franchise locations, she has sufficient knowledge of the issues faced by Red Roof locations, including prostitution to testify as to her thoughts on appropriate training; does not seek legal opinion, question based on deponent's knowledge and experience | |
| 139:4 – 139:7 | **Defendant's Objection:**<br><br>Foundation, law opinion testimony | **Plaintiff's Response:**<br><br>See response above | |
| 173:4 – 173:6 | **Defendant's Objection:**<br><br>Relevance for non Smyrna and Buckhead properties | **Plaintiff's Response:**<br><br>Testimony is probative of what is happening at Smyrna and Red Roof's differing responses based on express comparison between | |

|  |  | Atlanta Six Flags location, which is geographically close, and Smyrna. |  |
|---|---|---|---|
| 173:9 – 174:7 | **Defendant's Objection:**<br><br>Relevance for non Smyrna and Buckhead properties | **Plaintiff's Response:**<br><br>Testimony is probative of what is happening at Smyrna and Red Roof's differing responses based on express comparison between Atlanta Six Flags location, which is geographically close, and Smyrna. |  |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX2 | Relevance as to other properties (other property reviews should be redacted); R. 404 as to other properties | This document demonstrates how Red Roof executives are notified of online guest reviews, and in particular how it follows up with its location about those reviews, in this case, the Smyrna property; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is |  |

| | | | |
|---|---|---|---|
| | | relevant to the totality of circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; permissible under 404(b)(2) to show knowledge/notice | |
| PX4 | Relevance as to other properties (should be redacted) | This document demonstrates how Red Roof tracks negative feedback from guests that is provided directly to Red Roof by those guests, including as to the Smyrna property and complaints of prostitution; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is relevant to the totality of circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; | |
| PX10 | Relevance as to other properties; R. 404; unfairly prejudicial | This document demonstrates how Red Roof tracks negative feedback from guests that is provided directly to Red Roof by those guests, including as to the Smyrna property; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is | |

| | | relevant to the totality of circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; | |
|---|---|---|---|
| PX6 | Relevance as to properties not at issue (no objection if those properties are redacted) | This document demonstrates how Red Roof tracks negative feedback from guests that is provided directly to Red Roof by those guests, including as to the Smyrna property; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is relevant to the totality of circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; | |
| PX13 | Relevance as to properties not at issue (no objection if those properties are redacted) | This document demonstrates how Red Roof executives are notified of online guest reviews, this document also demonstrates Red Roof's knowledge of the problems at the Smyrna property; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is relevant to the totality of | |

| | | circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; | |
|---|---|---|---|
| PX14 | Relevance as to properties not at issue (no objection if those properties are redacted) | This document demonstrates how Red Roof monitors activities at its franchise locations, including Smyrna, and its awareness of sex trafficking incidents at that location; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is relevant to the totality of circumstances analysis for Plaintiffs' negligence claim as well as punitive damages; | |
| PX21 | Relevance as to properties not at issue (no objection if those properties are redacted) | This document demonstrates how Red Roof monitors activities at its franchise locations, including through on-site visits to assess issues, including Smyrna, and its "problems with human trafficking in 2016"; further, knowledge of criminal activity, particularly prostitution or sex trafficking at other properties is relevant to the totality of circumstances analysis | |

| | | for Plaintiffs' negligence claim as well as punitive damages; | |
|---|---|---|---|

## IV.   George Limbert (4/28/22)

| Page:line | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| 104:22 – 105:23 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 108:12 – 108:25 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 115:5 - 115:19 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 117:18 – 118:3; 118:5 – 118:6; 118:9 – 118:10 | Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv-5263, Doc. 133, and privilege claim was waived long ago; relevant to showing importance of customer reviews in detecting crime at locations; deponent also follows counsel's instruction not to answer; jury should understand | |

| | | that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
|---|---|---|---|
| 118:20 – 119:5 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 119:11-13; 119:16-17 | Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | Does not seek privileged information or work product, whether or not report caused deponent to take action is not privileged; no assertion of privilege contained within designation; attorney's objection on that basis is not designated, regardless deponent refused to answer; jury should understand that Plaintiffs' sought the information and Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |

| 120:22 – 120:24 | Objection withdrawn based on Court's decision at Doc. 153 | | |
|---|---|---|---|
| 121:6 – 121:11 | Relevance (unrelated property); 403 (unfairly prejudicial); 404 | Relevant to demonstrating Red Roof's ability to terminate franchise for sex trafficking and showing motive in not terminating two locations at issue in this litigation; probative value not substantially outweighed by danger of unfair prejudice; Used for permissible purpose under 404(b) to show knowledge, intent and motive | |
| 121:13 – 123:2 | Relevance (unrelated property); 403 (unfairly prejudicial); 404 | See response above; also 122:16-123:2 elicits testimony about Red Roof's policy, not separate property | |
| 123:5 | Relevance (unrelated property); 403 (unfairly prejudicial); 404 | See response above | |
| 123:14 – 124:14 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 128:16 – 129:10 | Attorney-Client Privilege (inappropriate to play for the jury | Not privileged or work product, such claims were already rejected, see Case No. 1:20-cv- | |

| | | | |
|---|---|---|---|
| | assertions of attorney-client privilege) | 5263, Doc. 133, and privilege claim was waived long ago; despite Court overruling privilege assertion as to document, deponent nonetheless asserts privilege and refuses to answer; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
| 131:2 – 132:8 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 132:20 – 132:22 | Irrelevant; improper lay opinion | Relevant to Red Roof's knowledge of the dangers posed by the presence of prostitution and related crimes at its hotels and relevant to imposition of punitive damages; not improper lay opinion, question is to President of Red Roof, a hotel chain, about a statement made in an email by one of its agents | |

| | | | |
|---|---|---|---|
| 133:1 – 133:5; 133:10 | Irrelevant; improper lay opinion | See response above | |
| 133:14 – 134:2 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 134:14 – 134:22 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 135:13 – 136:13 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 136:19 – 136:22 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 138:19 – 138:21; 139:20-21; 139:25 – 140:19 | Irrelevant as to properties not at issue | Relevant to showing importance of customer reviews in detecting crime at locations contrary to Red Roof's subsequent denials that customer reviews are one way to detect crime at its hotels; | |
| 141:19-22 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| 151:15 – 154:16 | Irrelevant as to reviews from properties not at issue (reviews from unrelated properties should | Testimony is about statements made about the Smyrna location, not other locations, and document is also a report on sex trafficking | |

| | | | |
|---|---|---|---|
| | be redacted); 403 (unfairly prejudicial); 404. | activity at the Smyrna location; probative value is not substantially outweighed by risk of unfair prejudice; permissible to show knowledge/notice under 404(b)(2) | |
| 160:21 – 162:22 | Irrelevant | Red Roof contends it had no ability to verify the information contained within the customer feedback it received, that it purports not to have the ability to do so, and that it failed to do so is relevant to whether Red Roof was diligent in responding, or took any steps to respond, to reports of criminal activity at its hotels, including Smyrna and Buckhead | |
| 163:12 – 164:12 | Irrelevant | Relevant to the lack of action Red Roof took in response to reports of sex trafficking at the Smyrna property, relevant to its intent and motive | |
| 165:25 – 167:12 | Irrelevant | Relevant to the lack of action Red Roof took in response to reports of sex trafficking at the Smyrna | |

| | | property, relevant to its intent and motive | |
|---|---|---|---|
| 165:25 – 167:10 | Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | Does not seek privileged information or work product, whether or not report caused Red Roof to take action is not privileged; deponent also follows counsel's instruction not to answer; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
| 167:15 – 169:13 | Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | Whether Red Roof would want to know if a sex offender was staying at its property and would take any action in response is not privileged or protected by work product; deponent also follows counsel's instruction not to answer; jury should understand that Plaintiffs' sought the | |

| | | information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in **front of the jury** | |
|---|---|---|---|
| 169:16 – 171:25 | Irrelevant; Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | Action Red Roof would take in response to a report of a sex offender on its property is relevant to claims in action; only privilege objections are to 171:12-25, does not seek privileged information; deponent also follows counsel's instruction not to answer; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
| 173:1 – 173:16 | Irrelevant, Attorney-Client Privilege (inappropriate to play | Red Roof has a stated policy of zero tolerance towards sex trafficking, what that policy | |

| | for the jury assertions of attorney-client privilege) | requires of Red Roof is relevant to the claims in this action; privilege objection is to 173:1-8, question does not seek privileged information; deponent also follows counsel's instruction not to answer; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
|---|---|---|---|
| 174:3 – 174:23 | irrelevant; improper lay opinion; foundation | Red Roof has a stated policy of zero tolerance towards sex trafficking, what that policy requires of Red Roof is relevant to the claims in this action; improper lay opinion and foundation, objections to 174:3-21 are waived by failure to assert at deposition; question seeks president's knowledge of what Red Roof's policies require; question does not seek | |

| | | | |
|---|---|---|---|
| | | information based on scientific, technical, or other specialized knowledge within the scope of Rule 702 | |
| 175:2 – 175:19 | irrelevant; improper lay opinion; foundation | Red Roof president's knowledge of the manner and means of information Red Roof receives about criminal activity at its locations is relevant to claims in action; improper lay opinion and foundation, objections to 175:4-19 are waived by failure to assert at deposition; question seeks president's knowledge of what Red Roof's policies require; question does not seek information based on scientific, technical, or other specialized knowledge within the scope of Rule 702 | |
| 186:14 – 186:21 | irrelevant; foundation; hearsay | Composite exhibit of Red Roof's own documents asserting its knowledge of criminal activity at its hotels in Atlanta, and reviews from its customers related to | |

| | | | |
|---|---|---|---|
| | | criminal conduct at its locations is relevant to claims in action; not hearsay, many statements are statements of party opponent, statements of guests not offered for the truth of the matter asserted, but for notice; foundation objection waived by failure to assert at deposition | |
| 190:6 – 190:17; 190:21 – 191:8 | Attorney-Client Privilege (inappropriate to play for the jury assertions of attorney-client privilege) | question does not seek privileged information; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
| 193:18 – 194:15 | hearsay; foundation | not hearsay, not offered for truth of matter asserted, but for notice; foundation objection waived by failure to assert at deposition | |

| | | | |
|---|---|---|---|
| 194:24 – 196:8 | hearsay; foundation | not hearsay, not offered for truth of matter asserted; foundation objection waived by failure to assert at deposition | |
| 198:1 – 198:19 | hearsay; foundation; 404(5) | not hearsay, not offered for truth of matter asserted, but for notice; foundation objection waived by failure to assert at deposition; 404(5) is not a valid objection, no such rule; Rule 404 also does not apply because testimony does not involve character evidence | |
| 199:12 – 200:1 | hearsay; foundation; 404(5) | See response above | |
| 201:14 – 204:6 | hearsay; foundation; 404(5) | See response above | |
| 204:12 – 204:25 | hearsay; foundation; 404(5) | See response above | |
| 205:14 – 206:22 | hearsay; foundation; 404(5) | See response above | |
| 207:15 – 208:18 | hearsay; foundation; 404(5) | See response above | |

| 208:21 – 209:12 | hearsay; foundation; 404(5) | See response above | |
|---|---|---|---|
| 209:18 – 209:22 | irrelevant; foundation | Customer reviews relating to prostitution at hotel at issue in action is relevant to showing notice to Red Roof of report of prostitution at location; foundation objection waived by failure to assert at deposition | |
| 210:1 – 211:11 | hearsay; foundation; irrelevant; 404(5) | not hearsay, not offered for truth of matter asserted, but for notice; foundation objection waived by failure to assert at deposition; Customer reviews relating to prostitution at hotel at issue in action is relevant to showing notice to Red Roof of report of prostitution; 404(5) is not a valid objection, and permissible under 404(b)(2) | |
| 211:25 – 213:4 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 213:8 – 214:16 | hearsay; foundation; irrelevant; 404(5) | See response above | |

| | | | |
|---|---|---|---|
| 214:23 – 215:7 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 216:19 – 217:9 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 217:12 – 218:20 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 221:15 – 223:9 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 223:14 – 224:19 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 227:5 – 228:17 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 228:20 – 229:1 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 229:9 – 229:10 | hearsay; foundation; irrelevant; 404(5) | See response above | |
| 229:17 – 229:18 | attorney-client privilege; work product | See response above | |
| 229:22 – 229:24 | hearsay; foundation | no hearsay, not offered for truth of the matter asserted, but for notice; foundation objection | |

|  |  | waived by failure to assert at deposition |  |
|---|---|---|---|
| 230:7 – 231:4 | hearsay; foundation | See response above |  |
| 231:14 – 231:22 | hearsay; foundation | See response above |  |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX165 | Hearsay, Relevance (including post trafficking period) | Not hearsay, statement of party opponent; exhibit is a story about Red Roof's president and quotes him extensively, including about his experience as the leader of the crisis management team |  |
| PX135 | Relevance (unrelated property); 403 (unfairly prejudicial); 404 | Relevant to demonstrating Red Roof's ability to terminate franchise for sex trafficking and showing motive in not terminating two locations at issue in this litigation; probative value not substantially outweighed by danger of unfair prejudice; Used for permissible purpose under 404(b) to show knowledge, intent and motive |  |

| PX166 | Hearsay, Relevance (including post trafficking period) | Not hearsay, statement of party opponent; exhibit is a story about Red Roof's president and quotes him extensively, including about his experience as the leader of the crisis management team, including quote that what Red Roof has done best over the last decade is listening to its customers | |
| PX167 | Hearsay, Relevance (including post trafficking period) | Not hearsay, statement of party opponent; exhibit is a story about Red Roof's president and quotes him extensively, including about his experience as the leader of the crisis management team | |
| PX173 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| PX175 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| PX176 | Irrelevant (unrelated properties); R. 404 | | |
| PX177 | Objection withdrawn based on Court's decision at Doc. 153 | | |
| PX178 | Objection withdrawn based on Court's decision at Doc. 153 | | |

| PX180 | Irrelevant (other property not at issue in case); 403 (unfairly prejudicial); 404 | Relevant to Red Roof's knowledge of the dangers posed by prostitution at its properties, including that "lives are at risk" when such criminal activity is pervasive | |
| PX138 | Irrelevant as to notice; 403 (unfairly prejudicial) | This document is a detailed report about sex trafficking at the Smyrna property, relevant to Red Roof's notice of the same; probative value not substantially outweighed by unfair prejudice | |
| PX183 | Foundation; 403 (unfairly prejudicial) | This is a composite exhibit made up of documents produced by Red Roof, related to notice to Red Roof of allegations of prostitutions at the Smyrna property | |

## V.   Marina MacDonald (30(b)(6))

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 53:18-54:2 | **Defendants' Objection:**<br><br>Privileged; done at direction of counsel | **Plaintiffs' Response:**<br><br>Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | |
| 54:5-54:6 | **Defendants' Objection:**<br><br>Privileged; done at direction of counsel) | **Plaintiffs' Response:**<br><br>Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | |

| 70:2-70:9 | **Defendants' Objection:** Privileged; done at direction of counsel | **Plaintiffs' Response:** **See response above** | |
| --- | --- | --- | --- |

## VI.   Marina MacDonald (Individual)

| Page:line | Objection | Response | Ruling |
| --- | --- | --- | --- |
| 56:20 – 56:25 | **Defendant's Objection** relevance; unfair prejudice | **Plaintiff's Response** Amount spent on marketing contextualizes the comparatively small amount spent on security, as testified to by other witnesses; prejudice is not unfair and does not substantially outweigh the significant probative value. | |
| 71:5 – 71:21 | **Defendant's Objection** relevance; unfair prejudice | **Plaintiff's Response** Relevant to show the majority of her salary was based on bonus payments, which were, at least in part, based on Red Roof's revenue. Also relevant as a comparator to how Red Roof | |

| | | valued this role relative to others, like safety and security director. Probative value is not substantially outweighed by unfair prejudice | |
|---|---|---|---|
| 72:6 – 72:15 | **Defendant's Objection**<br><br>relevance; unfair prejudice | **Plaintiff's Response**<br><br>See Response above. | |
| 72:22 – 73:2 | **Defendant's Objection**<br><br>relevance; unfair prejudice | **Plaintiff's Response**<br><br>See Response above. | |
| 97:20 – 97:25 | **Defendant's Objection**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **Plaintiff's Response**<br><br>Relevant to showing what precipitated creation of crisis monitoring reports in which Red Roof, for the first time chose to aggregate data about a single hotel location from multiple sources; prejudice is not unfair and does not substantially outweigh probative value | |
| 154:10 – 154:14 | **Defendant's Objection**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **Plaintiff's Response**<br><br>Document is relevant to show how information from crisis | |

| | | monitoring was being disseminated through operations team to "cure" problem properties. This goes directly to what defendants and their employees knew about reports of criminal activity on their properties, including specifically the two properties at the center of this suit and including franchised properties over which defendants have argued they lacked information on day-to-day operations.<br><br>No properties are mentioned specifically by name in Exhibit 296, but both Smyrna and Buckhead properties are among the top properties in the report that is being referenced. | |
|---|---|---|---|
| 155:1 – 155:12 | **Defendant's Objection**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 156:18 – 157:8 | **<u>Defendant's Objection</u>**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 157:10 | **<u>Defendant's Objection</u>**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 157:12 – 157:16 | **<u>Defendant's Objection</u>**<br><br>Objection withdrawn based on the Court's decision at Doc. 153. | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 182:23 – 183:12 | **<u>Defendant's Objection</u>**<br><br>Privilege (witness exercising attorney-client privilege and inappropriate to play this to the jury) | **<u>Plaintiff's Response</u>**<br><br>Material is not privileged or work product, pursuant to court's April 25, 2022 order, because Defendants did not carry their burden of showing that it was made for the purpose of seeking legal, rather than business advice. Case No. 1:20-cv-5263, Doc. 133. | |

| | | | |
|---|---|---|---|
| | | In any event, there was no privilege objection at deposition, privilege is waived. | |
| 225:5 – 225:17 | **Defendant's Objection**<br><br>relevance; other properties; unfair prejudice | **Plaintiff's Response**<br><br>As to relevance and "other properties," the entire line of questioning regarding the MacDonald composite exhibit is probative of how press accounts of criminal activity at Red Roof-branded hotels was disseminated within the organization. This is relevant to what defendants knew about the volume and frequency of reports of criminal activity at their locations, whether their response to that knowledge was reasonable, and whether the abuse plaintiffs endured was foreseeable to plaintiffs.<br><br>The prejudice is not unfair and, in any case, does not substantially outweigh the significant probative value. | |

| | | | |
|---|---|---|---|
| 226:17 – 227:4 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 228:4 – 229:8 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 233:25 – 234:13 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 234:15 – 234:21 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 236:14 – 236:24 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 237:2 – 237:6 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 240:22 – 240:23 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 241:2 – 241:22 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 241:24 – 242:9 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 242:22 – 243:8 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 243:20 – 244:7 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 244:14 – 245:11 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 245:25 – 246:3 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 246:5 – 246:11 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 246:13 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| 246:15 – 248:4 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
|---|---|---|---|
| 248:6 – 248:16 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 248:24 – 249:22 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 249:24 – 249:25 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 250:19 – 251:14 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 251:16 – 251:18 | **<u>Defendant's Objection</u>**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 251:20 – 252:7 | **<u>Defendant's Objection</u>**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 252:23 – 253:5 | **<u>Defendant's Objection</u>**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 253:12 – 253:22 | **<u>Defendant's Objection</u>**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |
| 253:24 – 254:6 | **<u>Defendant's Objection</u>**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>**<br><br>See Response above. | |

| 254:10 – 254:12 | **<u>Defendant's Objection</u>** Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>** See Response above. | |
|---|---|---|---|
| 254:14 – 254:15 | **<u>Defendant's Objection</u>** Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>** See Response above. | |
| 255:3 – 255:8 | **<u>Defendant's Objection</u>** Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>** See Response above. | |
| 255:10 – 255:11 | **<u>Defendant's Objection</u>** Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>** See Response above. | |
| 255:13 – 256:3 | **<u>Defendant's Objection</u>** Relevance (other unrelated properties); unfair prejudice; R. 404 | **<u>Plaintiff's Response</u>** See Response above. | |

| | | | |
|---|---|---|---|
| 256:5 – 256:6 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 256:11 – 257:17 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 257:20 – 258:1 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 258:4 – 258:6 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 259:2 – 259:11 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 260:21 – 260:25 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 261:2 – 261:24 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 264:2 – 264:18 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 264:20 – 264:21 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 264:23 – 265:3 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 265:10 – 266:1 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 266:3 – 266:7 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 266:18 – 267:11 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 267:16 – 268:11 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 268:15 – 268:23 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |

| | | | |
|---|---|---|---|
| 268:25 – 269:3 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 269:19 – 271:4 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 271:9 – 271:10 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 271:14 – 272:5 | **Defendant's Objection**<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | **Plaintiff's Response**<br><br>See Response above. | |
| 271:14 – 272:5 | Defendant's Objection<br><br>Relevance (other unrelated properties); unfair prejudice; R. 404 | Plaintiff's Response<br><br>See Response above. | |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---------|----------------------|---------------------|--------|
| PX45 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) | Relevant to show that top Red Roof executive was monitoring media reports regarding Red Roof and had knowledge of those reports (32:13-25), including "CRISIS" reports (PX45 at …5997); <br><br> probative of how press accounts of criminal activity at Red Roof-branded hotels was disseminated within the organization. This is relevant to what defendants knew about the volume and frequency of reports of criminal activity at their locations, whether their response to that knowledge was reasonable, and whether the abuse plaintiffs endured was foreseeable to plaintiffs. <br><br> The prejudice is not unfair and, in any case, does not substantially outweigh the significant probative value. | |
| PX624 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 | Relevant to showing how Red Roof executives tracked negative | |

| | | | |
|---|---|---|---|
| | (unrelated properties and incidents); R. 404 | customer feedback (35:8-15, 36:11-21, 37:6-21, 38:3-39:1), including feedback for the Smyrna and Buckhead locations; Used for permissible purpose under 404(b) to show knowledge | |
| PX303 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated properties) | As to relevance and "other properties," the entire line of questioning regarding the MacDonald composite exhibit is probative of how press accounts of criminal activity at Red Roof-branded hotels was disseminated within the organization. This is relevant to what defendants knew about the volume and frequency of reports of criminal activity at their locations, whether their response to that knowledge was reasonable, and whether the abuse plaintiffs endured was foreseeable to plaintiffs.<br><br>The prejudice is not unfair and, in any case, does not substantially outweigh the significant probative value. | |

## VII.   Tom McElroy

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| | | | |
| 8:4-9 | **Plaintiffs' Objection:**<br><br>Attorney testimony; not admissible | **Defendants' Response:** Required to clarify record given Plaintiffs' efforts to combine Red Roof entities even though they are separate corporate entities | |
| 28:24-25 and 29:1-25 | **Defendants' Objection**<br><br>Relevance; hearsay; not related to property at issue in case | **Plaintiffs' Response:** Relevant to Red Roof's knowledge of sex trafficking occurring at its properties which is relevant to each of Plaintiffs' substantive claims and punitive damages; not hearsay, statement of party opponent, not offered for truth, but notice | |
| 29:23-25 | **Defendants' Objection**<br><br>Relevance; hearsay; calls for speculation; Lack of foundation | **Plaintiffs' Response:** Relevant to Red Roof's knowledge of sex trafficking occurring at its properties; not hearsay, statement of party opponent; does not lack | |

| | | | |
|---|---|---|---|
| | | foundation, exhibit is an email deponent sent – deponent is Red Roof's former safety and security director; does not call for speculation, ask deponent about the email he sent | |
| 30:3-6 | **Defendants' Objection**<br><br>Legal conclusion; speculation; relevance | **Plaintiffs' Response:**<br><br>Does not seek a legal conclusion, but whether he observed what he believed was sex trafficking; does not call for speculation, response is based on decades in law enforcement and hotel security; relevant to Red Roof's ability to identify sex trafficking on its properties | |
| 30:8 | **Defendants' Objection**<br><br>Legal conclusion; speculation; relevance | **Plaintiffs' Response:**<br><br>See response above | |
| 31:20-25 | **Defendants' Objection**<br><br>Relevance; not related to property at issue; hearsay | **Plaintiffs' Response:** Relevant to Red Roof's knowledge of criminal activity occurring at its hotels and steps to take to remedy such issues, and feasibility of | |

| | | | |
|---|---|---|---|
| | | those steps, and places in context its failure to take such steps at Smyrna and Buckhead; not hearsay, statement of party opponent | |
| 32:1-11 | **Defendants' Objection**<br><br>Relevance; not related to property at issue; speculation | **Plaintiffs' Response:**<br><br>See response above as to relevance; not speculating, deponent testifying as to his knowledge of what steps were taken to reduce and prevent crime at location | |
| 32:12-13,33:1-18 | **Defendants' Objection**<br><br>Relevance, Speculation; Relevance | See response above; also relevant to the ability of Red Roof to identify prostitution, sex trafficking, and related criminal activity on its property; does not call for speculation, Red Roof's operating manual says as much with regard to prostitution and answer is based on decades in law enforcement and hotel security | |

| | | | |
|---|---|---|---|
| 33:20 | **Defendants' Objection**<br><br>Speculation; Relevance | **Plaintiffs' Response:**<br><br>See response above | |
| 34:12-35:17 | **Defendants' Objection**<br><br>Speculation; Relevance | **Plaintiffs' Response:**<br><br>See response above | |
| 34:12-21 | **Defendants' Objection**<br><br>Relevance; Speculation; not disclosed as an expert witness | **Plaintiffs' Response:**<br><br>See response above; also question does not seek information based on scientific, technical, or other specialized knowledge within the scope of Rule 702, deponent is Red Roof's former safety and security director | |
| 36:7-9 | **Defendants' Objection**<br><br>Relevance; Speculation; not disclosed as an expert witness | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's knowledge of criminal activity at its locations and steps it took, or failed to take to address those concerns; not speculating, testifying as to his experience as safety and security director of Red Roof, and thus also does not seek expert testimony | |

| | | |
|---|---|---|
| 36:11-18 | **Defendants' Objection**<br><br>Relevance; Speculation; not disclosed as an expert witness | **Plaintiffs' Response:**<br><br>See response above | |
| 46:23-25, 47:1 | **Defendants' Objection**<br><br>46:23-25 Relevance, 47:1 Relevance; Improper Hypothetical; improper expert opinion | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages; not a hypothetical, based on his own experience at Red Roof and prior job; not expert testimony | |
| 47:3-15 | **Defendants' Objection**<br><br>Relevance; Improper Hypothetical; improper expert opinion; speculation | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's prioritization of revenue over safety, relevant to punitive damages; not a hypothetical, based on his own experience at Red Roof and prior job; not expert testimony; not speculation, based on his experience | |
| 48:13-18 | **Defendants' Objection**<br><br>Relevance; Misleading | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's prioritization of revenue over | |

| | | | |
|---|---|---|---|
| | | safety, shows lack of resources given to safety and security; not misleading, deponent testifies as to his own experience | |
| 54:11-12 | **Defendants' Objection**<br><br>Relevance; calls for speculation; improper expert opinion | **Plaintiffs' Response:**<br><br>See response above | |
| 54:14-18 | **Defendants' Objection**<br><br>Relevance; calls for speculation; improper expert opinion | **Plaintiffs' Response:**<br><br>See response above | |
| 54:20-55:12 | **Defendants' Objection**<br><br>Relevance; calls for speculation; improper expert opinion | **Plaintiffs' Response:**<br><br>Relevant to the motive of Red Roof in taking preventative measures and why it failed to take such measures at Buckhead and Smyrna; does not call for speculation as question seeks his own knowledge of Red Roof's conduct and his belief based on his personal experience at Red Roof; not expert opinion, testimony about what he did in | |

| | | role as Red Roof safety and security director | |
|---|---|---|---|
| 55:14-18 | **Defendants' Objection**<br><br>Relevance; calls for speculation; improper expert opinion | **Plaintiffs' Response:**<br><br>See response above. | |
| 55:20 | **Defendants' Objection**<br><br>Improper opinion | **Plaintiffs' Response:**<br><br>No question at 55:20; answer at 55:20 in response to question at 55:16-18 is not an improper opinion, asks deponent for his belief based on his personal experience; nothing improper about question at 55:22-23 | |
| 62:2-20 | **Defendants' Objection**<br><br>Relevance; hearsay | **Plaintiffs' Response:**<br><br>Tweet is attached to email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not hearsay, not offered for truth of matter asserted | |

| | | | |
|---|---|---|---|
| 62:22-25 and 63:1-7 | **Defendants' Objection**<br><br>Relevance; hearsay | **Plaintiffs' Response:**<br><br>See response above | |
| 64:19-64:20 | **Defendants' Objection**<br><br>Relevance; hearsay | **Plaintiffs' Response:**<br><br>Message is contained within email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not hearsay, not offered for truth of matter asserted, but for notice | |
| 64:24-25, 65:1 | **Defendants' Objection**<br><br>64:24-25 Relevance; hearsay, 65:1 Relevance; Speculation; Lack of Foundation; Legal conclusion | **Plaintiffs' Response:**<br><br>The question is whether the deponent has reviewed a document produced by Red Roof; none of these objections are applicable; also see response above | |
| 65:18-25 and 66:1-4 | **Defendants' Objection**<br><br>Relevance; Speculation; Lack of Foundation; Legal conclusion | **Plaintiffs' Response:**<br><br>Message is contained within email produced by Red Roof; Relevant to Red Roof's | |

| | | knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not speculation, statement is based on deponent's experience as safety and security director of Red Roof; not a legal conclusion; also for 65:18-66:1 objections to speculation, foundation, and legal conclusion are waived by failure to object at deposition | |
|---|---|---|---|
| 66:6-12 | **Defendants' Objection**<br><br>Relevance; Speculation; Lack of Foundation; Legal conclusion; relevance; subject to release | **Plaintiffs' Response:**<br><br>Message is contained within email produced by Red Roof; Relevant to Red Roof's knowledge of sex trafficking occurring at its hotel locations and its response to such knowledge; not speculation, statement is based on deponent's experience as safety and security director of Red Roof; not a legal conclusion; subject to release is not a proper objection – to the | |

| | | | |
|---|---|---|---|
| | | extent this references certain Plaintiffs' limited release of certain claims, there is no basis to withhold the evidence for those Plaintiffs' other claims as well as claims of other Plaintiffs not a party to the release (Plaintiffs incorporate this portion of this response in response to all "subject to release" objections identified herein) | |
| 66:12 | **Defendants' Objection** Relevance; Speculation; Lack of Foundation; Legal conclusion; relevance; subject to release, 66:14-16 Speculation; Lack of Foundation; Legal conclusion; Improper opinion; relevance; subject to release | **Plaintiffs' Response:** See response above; also not opinion testimony, based on his own experience at Red Roof | |
| 66:18 | **Defendants' Objection** Speculation; Lack of Foundation; Legal conclusion; Improper opinion | **Plaintiffs' Response:** See response above | |

| 67:20-22 | **Defendants' Objection**<br><br>Improper opinion; speculation; lack of foundation; legal conclusion; subject to release; relevance | **Plaintiffs' Response:**<br><br>Not opinion, not speculation, sufficient foundation; testimony is based on deponent's experience as director of safety and security at Red Roof during period in which Plaintiffs were trafficked at Red Roof locations; relevant to showing Red Roof's knowledge of sex trafficking and its intent to profit from it | |
|---|---|---|---|
| 67:24 | **Defendants' Objection**<br><br>Improper opinion; speculation; lack of foundation; legal conclusion; subject to release; relevance, 68:1-4 Speculation; legal conclusion; lack of foundation; subject to release; relevance | **Plaintiffs' Response:**<br><br>Not opinion, not speculation, sufficient foundation, not legal conclusion; testimony is based on deponent's experience as director of safety and security at Red Roof during period in which Plaintiffs were trafficked at Red Roof locations; relevant to showing Red Roof's knowledge of sex trafficking and its intent to profit from it, and its failure to take steps to prevent it | |

| | | | |
|---|---|---|---|
| 68:6-8 | **Defendants' Objection**<br><br>Speculation; legal conclusion; lack of foundation; subject to release; relevance, 68:10-12 Relevance; subject to release | **Plaintiffs' Response:**<br><br>See response above | |
| 68:14 | **Defendants' Objection**<br><br>Relevance; subject to release | **Plaintiffs' Response:**<br><br>See response above | |
| 68:20 | **Defendants' Objection**<br><br>Speculation; Relevance improper expert opinion; subject to release | **Plaintiffs' Response:**<br><br>See response above | |
| 79:1-6; 79:8 | **Plaintiffs' Objection:**<br><br>5-6 Argumentative, Mistates evidence, call for legal conclusion, vague | **Defendants' Response:**<br><br>Not argumentative; accurately states improper conduct of witness to show his bias against RRI; not vague and not a legal conclusion | |
| 79:17-21, 79:24 | **Plaintiffs' Objection:** Argumentative, Mistates evidence, assumes facts not in evidence | **Defendants' Response:** Same as above; does not include facts not in evidence | |

| | | | |
|---|---|---|---|
| 80:14-21, 80:23 | **Plaintiffs' Objection:** 17-21 call for legal conclusion, assumes facts not in evidence, vague | **Defendants' Response:** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 80:25-81:2 | **Plaintiffs' Objection:** call for legal conclusion, assumes facts not in evidence, vague | **Plaintiffs' Response:** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 84:23-25, 85:2 | **Plaintiffs' Objection:** Argumentative, Mistates evidence, assumes facts not in evidence | **Defendants' Response:** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 88:8-14, 16-19 | **Plaintiffs' Objection:** Argumentative, Mistates evidence, assumes facts not in evidence | **Defendants' Response:** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 88:23, 25, 89:1 | **Plaintiffs' Objection:** Argumentative, Mistates evidence, assumes facts not in evidence | **Defendants' Response:** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 89:11-13 | **Plaintiffs' Objection:** | **Defendants' Response:** Shows bias of witness; no legal | |

| | | |
|---|---|---|
| | assumes facts not in evidence, vague | conclusion or facts assumed; not vague | |
| 89:24-90:1 | **<u>Plaintiffs' Objection:</u>** Argumentative, Mistates evidence, assumes facts not in evidence | **<u>Defendants' Response:</u>** Shows bias of witness; no legal conclusion or facts assumed; not vague | |
| 91:4-8 | **<u>Plaintiffs' Objection:</u>** misstates evidence, assumes facts not in evidence | **<u>Defendants' Response:</u>** Witness admits facts as true | |
| 117:24-118:1 | **<u>Plaintiffs' Objection:</u>** argumentative, misstates evidence, calls for legal conclusion | **<u>Defendants' Response:</u>** Not argumentative; witness admitted the statements were true | |
| 122:6-9 | **<u>Defendants' Objection</u>** Improper expert opinion; calls for speculation | **<u>Plaintiffs' Response:</u>** Questioning is by Red Roof's counsel; objections to expert opinion and speculation waived by failure to raise at deposition | |
| 122:12-18 | **<u>Defendants' Objection</u>** Improper expert opinion; calls for speculation | **<u>Plaintiffs' Response:</u>** Questioning is by Red Roof's counsel; objections to expert | |

| | | opinion and speculation waived by failure to raise at deposition | |
|---|---|---|---|
| 129:16-17 | **<u>Defendants' Objection</u>**<br><br>Lack of foundation; speculation; improper legal opinion and improper expert opinion; | **<u>Plaintiffs' Response:</u>**<br><br>Questioning is by Red Roof's counsel; all objections waived by failure to assert at deposition | |
| 134:22-135:14 | **<u>Defendants' Objection</u>**<br><br>Improper expert opinion; | **<u>Plaintiffs' Response:</u>**<br><br>expert opinion objection waived by failure to assert at deposition | |
| 144:19-145:20, 145:22-146:1, 146:3-146:3 | **<u>Defendants' Objection</u>**<br><br>Relevance; hearsay | **<u>Plaintiffs' Response:</u>**<br><br>relevant to subject matter of Red Roof's designations; not hearsay, not offered for truth of matter asserted; not speculation | |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX152 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403, Hearsay | Relevant to Red Roof's knowledge of allegations of sex trafficking occurring at its properties which is relevant to each of Plaintiffs' substantive claims and punitive | |

| | | | |
|---|---|---|---|
| | | damages, statement made by Red Roof's former safety and security director; not hearsay, offered for notice, not truth of the matter asserted; probative value not substantially outweighed by prejudice or confusion of issues | |
| PX353 | Relevance (unrelated property) under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 | Relevant to Red Roof's knowledge of sex trafficking occurring at its properties which is relevant to each of Plaintiffs' substantive claims and punitive damages; probative value not substantially outweighed by prejudice or confusion of issues | |

## VIII.  Jay Moyer

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 183:7-183:18 | **Defendants' Objection:**<br><br>Hearsay, relevance foundation | **Plaintiffs' Response:**<br><br>Police report is not hearsay, as it is not offered to prove the truth of the matter asserted but effect on the listener. All of this is offered to show Red Roof's notice of likely or suspected criminal | |

| | | activity at its locations and the reasonableness of its response to police activity at its locations.<br><br>Foundation is a form objection that has been waived. | |
|---|---|---|---|
| 188:21-190:1 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation is a form objection that has been waived as to nearly all of this testimony.<br><br>In any case, foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |

| 190:3-190:17 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation is a form objection that has been waived as to nearly all of this testimony.<br><br>In any case, foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |
| 190:19-191:12 | **Defendants' Objection:**<br><br>Foundation, hearsay | **Plaintiffs' Response:**<br><br>Police report is not hearsay, as it is not offered to prove the truth of the matter asserted but effect on the listener. All of this is offered to show Red Roof's notice of likely or suspected criminal | |

| | | | |
|---|---|---|---|
| | | activity at its locations and the reasonableness of its response to police activity at its locations.<br><br>Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |
| 191:14<br>192:23 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to | |

| | | regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |
|---|---|---|---|
| 193:8-193:9 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |
| 193:15-193:19 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to | |

| | | | |
|---|---|---|---|
| | | complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |
| 194:12-194:22 | **Defendants' Objection:**<br><br>Foundation | **Plaintiffs' Response:**<br><br>Foundation has been laid. Testimony establishes that it was, at a minimum, a best practice for Red Roof location employees to complete incident reports when there was police activity at locations, and such incident reports were to be forwarded to regional vice presidents like Moyer. Whether this was done is probative of knowledge and reasonableness of Defendants' conduct. | |

| | | | |
|---|---|---|---|
| 195:1-195:10 | **Defendants' Objection:** improper hypothetical | **Plaintiffs' Response:** As to improper hypothetical objection, this is a lay witness offering his rationally based perception regarding facts of which he has personal knowledge. And witness's expectations regarding location employees' responses to police activity are informed by best practices regarding reporting such activity, to which witness also testified, thus further establishing the foundation for his testimony. | |
| 195:12-196:2 | **Defendants' Objection:** improper hypothetical, argumentative | | |
| 196:5-197:19 | **Defendants' Objection:** foundation, improper hypothetical | | |
| 198:1-199:10 | **Defendants' Objection:** Hearsay, foundation, irrelevant, improper hypothetical | | |
| 199:12-21 | **Defendants' Objection:** Hearsay, foundation, irrelevant, improper hypothetical | As to argumentative, the witness is being examined on cross examination. | |
| 199:23-200:9 | **Defendants' Objection:** Hearsay, foundation, irrelevant, improper hypothetical | As to relevance and hearsay, this all goes to notice and Defendants' knowledge of reported or suspected criminal activity at the location. The testimony is not offered to prove the truth of the matter asserted but instead to show notice of reported | |

72

| | | | |
|---|---|---|---|
| | | circumstances. And witness's inability to recall any specific interaction goes to both his credibility and the reasonableness of Red Roof's response to these reports. activity are informed by | |
| 209:14-210:5 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | **Plaintiffs' Response:**<br><br>Witness's own characterization of guests at Buckhead location as "pimps and hos," even if made in jest or parroting others' words, are not unfairly prejudicial, confusing, or duplicative. Witness's characterization belies his own knowledge of actual or suspected criminal activity at the location, which is probative of defendants' knowledge of the same. There is no 403 factor that would substantially outweigh the significant probative value. | |
| 211:11-211:21 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | | |
| 211:23-213:11 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | | |
| 213:13-14 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | | |
| 215:1-215:13 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | | |
| 215:25-217:19 | **Defendants' Objection:**<br>Civ.R. 403 (unfairly prejudicial) | | |

| 218:6-11 | **Defendants' Objection:** Civ.R. 403 (unfairly prejudicial) | | |
|---|---|---|---|
| 219:11-219:21 | **Defendants' Objection:** Civ.R. 403 (unfairly prejudicial) | | |
| 233:34-235:23 | **Defendants' Objection:** Improper hypothetical; argumentative | **Plaintiffs' Response:** Witness is a lay witness testifying to his rationally based perception regarding facts about which he has personal knowledge. He is testifying regarding the contents of Red Roof's training on prostitution and sex trafficking and what that training directed employees to do in response to certain guest conduct. He is not being asked to offer an opinion about a topic that requires expert knowledge under FRE 702. As to argumentative, the questioning and the testimony are within the limits of a normal, searching cross examination. | |

| 255:1-256:8, 256:10-19, 256:22-257:22, 258:12-262:9, 303:22-304:2 | **Defendants' Objection:**<br><br>Foundation; improper lay opinion; duplicative; hearsay; R. 404 | **Plaintiffs' Response:**<br><br>As to foundation, it is unclear what the basis of such an objection would be. Further, as to much of the testimony, any foundation objection would be waived as foundation is a form objection and it was not raised during the deposition.<br>As to lay opinion, the witness is a lay witness being asked to testify to his rationally based perception regarding facts about which he has personal knowledge. In particular, the witness is being questioned about an email he received and forwarded to a colleague with his comments. He is not offering opinions about areas that require specialized knowledge, education, or experience under Rule 702.<br>The testimony is not needlessly duplicative such that the cumulative effect would substantially outweigh the | |

| | | | |
|---|---|---|---|
| | | probative value under Rule 403. The probative value is significant, and Plaintiffs are not proposing that the material actually be played twice.<br><br>As to hearsay, the testimony is not hearsay. First, it is not offered to prove the truth of the matter asserted--that is, that the events occurred precisely as reported--but to show the effect on the listener. They are offered to show that the witness had notice of the reported information and to show the reasonableness of his response in light of that information. Second, statements made by Red Roof employees are statements of a party opponent and therefore not hearsay.<br><br>It is unclear what the basis for a Rule 404 objection would be, but again, the testimony is not offered for its truth and therefore is not offered to show prior bad action and conformity therewith. | |

| | | Instead, it is offered to show Mr. Moyer's notice of the information as reported to him and the reasonableness of his response, in turn. | |
|---|---|---|---|
| 312:17-21-312:21, 312:24-312:25, 313:3-313:6, 313:8-313:14, 314:1-314:8, 314:10, 315:17, 315:20-315:22, 315:25-316:7 | **<u>Defendants' Objection:</u>**<br>Improper lay opinion; foundation | **<u>Plaintiffs' Response:</u>**<br><br>Witness is testifying as a lay witness regarding his personal knowledge, and his personal knowledge and rationally based perception regarding whether the Buckhead location had problems with prostitution and sex trafficking. Testimony shows that witness received guest reviews at regular intervals and was responsible for assuring "quality" at this location, which was measured within the organization by, among other things, consumer reviews<br><br>This is an opinion that doesn't require particular education, experience, or expertise. Juries are capable of understanding | |

| | | | |
|---|---|---|---|
| | | what "problem with prostitution" means in general terms.<br><br>Witness certainly has sufficient personal knowledge to render such an opinion, given the time he worked for Red Roof and was specifically responsible for the location at issue. | |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX110 | Hearsay to narrative reports/statements within, irrelevant | As to the objections regarding narrative statements, Plaintiffs have prepared, and included with this submission, redacted police reports that remove statements of third parties, except to the extent that those parties are unavailable and make statements against interest that are admissible under FRE 804(b)(3).<br><br>Specifically, declarants Tamara Quinn (PX110) and Karesma Hendrix (PX113) are beyond the | |

| | | Court's subpoena range and make statements against interest in the noted exhibits.<br><br>And though the Court may accept counsel's representations as sufficient to establish unavailability, *see Castilleja v. S. Pac. Co.*, 445 F.2d 183, 186 (5th Cir. 1971), Plaintiffs have also submitted herewith standard background reports showing that these declarants reside beyond the Court's subpoena range and are thus unavailable under FRE804(a). PX 110 is relevant as it is a police report regarding an incident at the Buckhead Red Roof in which the unavailable declarant states individuals were involved in solicitation activity and frequent the Buckhead Red Roof. | |
| PX111 | Hearsay to narrative reports/statements within | As to the objections regarding narrative statements, Plaintiffs have prepared, and included with this submission, redacted police reports that remove statements of third | |

| | | parties, except to the extent that those parties are unavailable and make statements against interest that are admissible under FRE 804(b)(3).<br><br>Specifically, declarants Tamara Quinn (PX110) and Karesma Hendrix (PX113) are beyond the Court's subpoena range and make statements against interest in the noted exhibits.<br><br>And though the Court may accept counsel's representations as sufficient to establish unavailability, *see Castilleja v. S. Pac. Co.*, 445 F.2d 183, 186 (5th Cir. 1971), Plaintiffs have also submitted herewith standard background reports showing that these declarants reside beyond the Court's subpoena range and are thus unavailable under FRE804(a). | |
| PX112 | Hearsay to narrative reports/statements within | See response above. | |

| | | | |
|---|---|---|---|
| PX113 | Hearsay to narrative reports/statements within, authentication | See response above. | |

## IX.   John Park (30(b)(6))

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 104:13-105:11 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>The Court has excluded admission into evidence of the referenced document for phase 1 and Plaintiffs have already agreed not to display the document in Phase 1 during this testimony. None of the actual numbers in the document are discussed in the testimony. Nonetheless, the testimony is relevant to showing that revenue from the Smyrna and Buckhead properties were received by Red Roof Franchising in every year from 2010-2018 (105:21-106:4), and | |

| | | | |
|---|---|---|---|
| | | Plaintiffs must prove this Defendant benefitted financially from these properties for both their TVPRA and RICO claims; the probative value is not substantially outweighed by any 403 factors | |
| 105:14 | **Defendants' Objection:** relevance; 403; | **Plaintiffs' Response:** See response above | |
| 107:5-108:3 | **Defendants' Objection:** relevance; 403; | **Plaintiffs' Response:** The Court has excluded admission into evidence of the referenced document for phase 1 and Plaintiffs have already agreed not to display the document in Phase 1 during this testimony. None of the actual numbers in the document are discussed in the testimony. Nonetheless, the testimony is relevant to showing that revenue from the Smyrna and Buckhead properties were received by Red Roof Inns, Inc. in every year | |

| | | | |
|---|---|---|---|
| | | from 2010-2018 (107:13-108:3), and Plaintiffs must prove this Defendant benefitted financially from these properties for both their TVPRA and RICO claims; the probative value is not substantially outweighed by any 403 factors | |
| 108:15-108:18 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>Relevant to showing that majority of executive compensation was through bonus payments, based at least in part, on Red Roof revenue and thus relevant to motive to not take steps to eliminate revenue generating criminal activity; probative value not substantially outweighed by any 403 factor | |
| 109:3-6 | **Defendants' Objection:**<br><br>relevance; 403; no finding of punitives | **Plaintiffs' Response:**<br><br>See response above | |

| | | | |
|---|---|---|---|
| 109:25-111:1 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>See response above | |
| 111:22-112:3 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>See response above | |
| 112:5-112:10 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>See response above | |
| 114:14-115:15 | **Defendants' Objection:**<br><br>relevance; prejudicial; personal information | **Plaintiffs' Response:**<br><br>See response above; also information relates to a Red Roof executive, not unrelated third-party | |
| 117:14-23 | **Defendants' Objection:**<br><br>relevance; 403; | **Plaintiffs' Response:**<br><br>Relevant to showing that majority of executive compensation was through bonus payments, based at least in part, on Red Roof revenue and thus relevant to motive to not take steps to eliminate revenue generating criminal activity; probative value not | |

| | | substantially outweighed by any 403 factor | |
|---|---|---|---|
| 118:9-119:9 | **Defendants' Objection:** relevance; 403; | **Plaintiffs' Response:** See response above | |
| 122:17-25 | **Defendants' Objection:** relevance; 403; | **Plaintiffs' Response:** See response above | |
| 124:14-125:13 | **Defendants' Objection:** relevance; 403; | **Plaintiffs' Response:** Relevant to Red Roof's ability to terminate a franchise for not complying with applicable laws and Red Roof's failure to terminate either Smyrna or North Druid Hills locations; Red Roof president testifies he does not know whether he can terminate a property for sex trafficking without reviewing the specific franchise contract at issue, this rebuts that statement; probative value is not substantially outweighed by any 403 factor | |

| | | | |
|---|---|---|---|
| 130:8-18 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and Buckhead, in particular its desire to continue to profit from the criminal activity at those locations; also relevant to punitive damages; probative value is not substantially outweighed by any 403 factor | |
| 132:13-17 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 132:19-22 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 134:4-5 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |

| | | | |
|---|---|---|---|
| 134:7-9 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 134:14 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 135:2-9 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 135:17-21 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 136:3-11 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>this is the only property Red Roof terminated for sex trafficking, the circumstances surrounding that decision and how they differ from Red Roof's decision making regarding Buckhead and Smyrna are relevant to Red Roof's motive and intent in failing to act at | |

| | | | |
|---|---|---|---|
| | | Buckhead or Smyrna; probative value not substantially outweighed by unfair prejudice | |
| 137:15-17 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 137:24-138:4 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 138:14-138:19 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 138:21-25 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 139:11-13 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 141:18-142:6 | **Defendants' Objection:** | **Plaintiffs' Response:**<br><br>See response above | |

| | | | |
|---|---|---|---|
| | relevance as other properties; prejudicial | | |
| 142:12-143:1 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 143:5-10 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 143:20-143:21 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 143:23-144:20 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>143:23-144:1 see response above; 144:2-144:20 Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and Buckhead, in particular its desire to continue to profit from the criminal activity at those locations; probative value is not | |

| | | substantially outweighed by danger of unfair prejudice | |
|---|---|---|---|
| 144:24-142:2 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's ability to terminate a franchise location, its reasons for doing so, and its failure to terminate Smyrna and Buckhead, in particular its desire to continue to profit from the criminal activity at those locations; probative value is not substantially outweighed by danger of unfair prejudice | |
| 145:12-13 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial | **Plaintiffs' Response:**<br><br>See response above | |
| 145:16-23 | **Defendants' Objection:**<br><br>relevance as other properties; prejudicial; privileged | **Plaintiffs' Response:**<br><br>See response above | |
| 146:3-17 | **Defendants' Objection:** | **Plaintiffs' Response:** 146:3-146:17 see response above; 146:18-148:3 is about document | |

| | relevance as other properties; prejudicial | concerning Smyrna location, specifically Red Roof's knowledge of the criminal activity occurring at that property; probative value not substantially outweighed by risk of unfair prejudice | |
|---|---|---|---|

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX344 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct) | Relevant to Red Roof's ability to terminate a franchise for not complying with applicable laws and Red Roof's failure to terminate either Smyrna or North Druid Hills locations; Red Roof president testifies he does not know whether he can terminate a property for sex trafficking without reviewing the specific franchise contract at issue, this rebuts that statement; probative value is not substantially outweighed by any 403 factor | |

| PX346 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property), R. 404 | Relevant to Red Roof's ability to terminate a franchise for sex trafficking (relates to the only property Red Roof terminated for sex trafficking), its motive for doing so, and Red Roof's failure to terminate either Smyrna or North Druid Hills locations; Red Roof president testifies he does not know whether he can terminate a property for sex trafficking without reviewing the specific franchise contract at issue, this rebuts that statement; Red Roof's corporate representative testified that no prostitution or sex trafficking occurs at Red Roof properties, so also necessary to rebut that testimony; probative value is not substantially outweighed by any 403 factor; not for prohibited use under 404(b)(1), but to show motive, intent, and knowledge 404(b)(2) | |
| PX347 | Relevance under Rule 401 and unfair prejudice and confusion of | Relevant to Red Roof's ability to terminate a franchise for sex trafficking (relates to the only | |

| | the issues under Rule 403 (unrelated properties), R. 404 | property Red Roof terminated for sex trafficking), its motive for doing so, and Red Roof's failure to terminate either Smyrna or North Druid Hills locations; Red Roof president testifies he does not know whether he can terminate a property for sex trafficking without reviewing the specific franchise contract at issue, this rebuts that statement; Red Roof's corporate representative testified that no prostitution or sex trafficking occurs at Red Roof properties, so also necessary to rebut that testimony; probative value is not substantially outweighed by any 403 factor; not for prohibited use under 404(b)(1), but to show motive, intent, and knowledge 404(b)(2) | |
|---|---|---|---|
| PX348 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (unrelated property), R. 404 | Relevant to Red Roof's ability to terminate a franchise for sex trafficking (relates to the only property Red Roof terminated for sex trafficking), its motive for doing so, and Red Roof's failure to | |

| | | | |
|---|---|---|---|
| | | terminate either Smyrna or North Druid Hills locations; Red Roof president testifies he does not know whether he can terminate a property for sex trafficking without reviewing the specific franchise contract at issue, this rebuts that statement; Red Roof's corporate representative testified that no prostitution or sex trafficking occurs at Red Roof properties, so also necessary to rebut that testimony; probative value is not substantially outweighed by any 403 factor; not for prohibited use under 404(b)(1), but to show motive, intent, and knowledge 404(b)(2) | |
| PX487 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (Varahi conduct)**,** R. 404 | Relevant to Red Roof's knowledge of sex trafficking at its properties – "Bringing awareness as sex trafficking is a serious allegation; Red Roof's corporate representative testified that no prostitution or sex trafficking occurs at Red Roof properties, so also necessary to rebut that testimony; probative | |

| | | value is not substantially outweighed by any 403 factor; not for prohibited used under 404(b)(1), but to show motive, intent, and knowledge 404(b)(2) | |
|---|---|---|---|

## X.   Greg Stocker (30(b)(6))

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 42:18-24 | **Defendants' Objection:**<br><br>Relevance | **Plaintiffs' Response:**<br><br>Red Roof corporate representative testifies that "when drugs sales are suspected, it's Red Roof's policy to look for increased complaints or observations of possible prostitution" because the two activities are possibly related – relevant to Red Roof's knowledge of and ability to detect prostitution at its locations. | |
| 102:3-5 | **Defendants' Objection:**<br><br>Lack of foundation (see page 101, lines 19-23); relying on attorney- | **Plaintiffs' Response:**<br><br>Deponent is corporate representative of Red Roof, his | |

| | | | |
|---|---|---|---|
| | client privilege not to answer should not be played to the jury | personal lack of knowledge is irrelevant as question seeks Red Roof's knowledge; an insufficiently prepared 30(b)(6) witness is not a basis for a lack of foundation objection; deponent also follows counsel's instruction not to answer; jury should understand that Plaintiffs' sought the information and the basis on which Defendants refused to provide it – a live witness would have to assert the privilege and refuse to answer in front of the jury | |
| 102:9-13 | **Defendants' Objection:**<br><br>Lack of foundation (see page 101, lines 19-23); relying on attorney-client privilege not to answer should not be played to the jury | **Plaintiffs' Response:**<br><br>See response above | |
| 136:2-6 | **Defendants' Objection:**<br><br>Hearsay | **Plaintiffs' Response:**<br><br>Testimony does not seek hearsay; seeks information | |

| | | about what Red Roof employees did, further statements of Red Roof | |
|---|---|---|---|
| 180:6-24 | **Defendants' Objection:**<br><br>Relevance (not Smyrna or Buckhead); R. 404 | **Plaintiffs' Response:**<br><br>Relevant timeframe, within period of Plaintiffs' trafficking and Charlotte location was terminated in September 2015 for sex trafficking less than 3 months before Sarkisian contacted Red Roof President about sex trafficking at Smyrna location; this is the only Red Roof location it terminated for sex trafficking and its reason for terminating this location and directly relevant to its motive in not terminating Smyrna or Buckhead; relevant to Red Roof's motive for taking action in response to allegations of criminal conduct, specifically sex trafficking, and its failure to do so and its knowledge of criminal conduct at its locations; not for prohibited used under | |

| | | 404(b)(1), but to show motive, intent, and knowledge 404(b)(2) | |
|---|---|---|---|
| 181:1-3 | **Defendants' Objection:** Relevance; R. 404 | **Plaintiffs' Response:** See response above | |
| 181:6-18 | **Defendants' Objection:** Relevance; R. 404 | **Plaintiffs' Response:** Relevant to Red Roof's motive for taking action in response to allegations of criminal conduct, its failure to do so, and its knowledge of criminal conduct at its locations; not for prohibited used under 404(b)(1), but to show motive, intent, and knowledge | |
| 191:25-192:13 | **Defendants' Objection:** Relevance, hearsay | **Plaintiffs' Response:** Relevant to Red Roof's knowledge of criminal activity and alleged criminal activity at Smyrna location, and relevant to explaining Red Roof's conduct regarding Smyrna; Smyrna location was continually franchised to Varahi by Defendants during this period; | |

| | | also Varahi is an alleged co-conspirator with the Red Roof Defendants and, if proven, is liable for the conduct of its alleged co-conspirators including Varahi; Defendants may also be liable under the TVPRA during Varahi's ownership period; public record exception to hearsay 803(8) | |
|---|---|---|---|
| 193:23-24 | **Defendants' Objection:** <br><br> Relevance; hearsay | **Plaintiffs' Response:** <br><br> See response above | |
| 194:7-24 | **Defendants' Objection:** <br><br> 192:20-25 Relevance; (Patel's ownership), hearsay | **Plaintiffs' Response:** <br><br> See response above | |
| 195:1-5 | **Defendants' Objection:** <br><br> 195:1-25 Relevance; hearsay; speculation | **Plaintiffs' Response:** <br><br> Relevant to Red Roof's knowledge of criminal activity and alleged criminal activity at Smyrna location, and relevant to explaining Red Roof's conduct regarding Smyrna; not speculation, asking deponent to | |

| | | interpret documents provided to Red Roof by Cobb County police department; public record exception to hearsay 803(8) | |
|---|---|---|---|
| 195:7-196:25 | **Defendants' Objection:**<br><br>195:1-25 and 196:1-25 Relevance; hearsay | **Plaintiffs' Response:**<br><br>See response above; | |
| 197:6-198:16 | **Defendants' Objection:**<br><br>197:6-25 Relevance; hearsay, 198:1-16 Relevance | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's knowledge of allegations concerning its franchisees lack of cooperation with law enforcement; not hearsay, not offered for truth of the matter asserted, but for notice | |
| 199:8-200:2 | **Defendants' Objection:**<br><br>199:8-25 and 200:1-2 Relevance, **hearsay** | **Plaintiffs' Response:**<br><br>Relevant to Red Roof's knowledge of criminal activity at its hotel locations | |
| 244:23-245:1 | **Plaintiffs' Objection:**<br><br>Leading | **Defendants' Response** | |

| | | | |
|---|---|---|---|
| | | Not leading as it is summarizing prior testimony, including at 209:10 – 20. | |
| 245:4-7, 9 | **Plaintiffs' Objection:**<br><br>Leading | **Defendants' Response**<br><br>Not leading as it is summarizing prior testimony, including at 209:10 – 20. | |
| 249:13-17 | **Plaintiffs' Objection:**<br><br>Compound, irrelevant, prejudicial, confusing, and misleading.  There has been no evidence offered in this case that racial profiling is related to identifying prostitution and/or sex trafficking taking place at hotels, other than by Defendants to introduce irrelevant, prejudicial, and confusing evidence and to mislead the jury. | **Defendants' Response**<br><br>Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | |
| 249:20-24 | **Plaintiffs' Objection:** | **Defendants' Response**<br><br>Relevant; no prejudice; there has been evidence introduced along | |

| | | | |
|---|---|---|---|
| | Irrelevant, confusing, and misleading.  See prior objection. | these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | |
| 250:3-5 | **<u>Plaintiffs' Objection:</u>**<br><br>See prior objection. | **<u>Defendants' Response</u>**<br><br>Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | |
| 250:7-12 | **<u>Plaintiffs' Objection:</u>**<br><br>See prior objection; 401 and 403 objections are not waived by failure to assert at deposition, see 8:23-9:1 (agreement to reserve all objections except to form and responsiveness) | **<u>Defendants' Response:</u>**<br><br>Objections waived; Relevant; no prejudice; there has been evidence introduced along these lines contrary to these assertions; not misleading or confusing but appropriate to respond to allegations | |

| Exhibit | Defendants' Objection | Plaintiffs' Response | Ruling |
|---|---|---|---|
| PX214 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking); R. 404 | While cover email is from 2020, the attachments aggregate guest complaints at the Smyrna and Buckhead properties from 2014 to 2016, including multiple complaints of prostitution at each property, including complaint of a pimp; relevant to Red Roof's knowledge of criminal activity at these properties; probative value not substantially outweighed by any risk of unfair prejudice of confusion; Not for impermissible 404(b)(1) purpose, but to show knowledge/notice under 404(b)(2) | |
| PX218 | Relevance under Rule 401 and unfair prejudice and confusion of the issues under Rule 403 (post alleged period of trafficking and Varahi conduct); hersay | Exhibit is used for impeachment and contradicts testimony of Red Roof's corporate representative, including with regard to portion of Plaintiffs' trafficking period at property (207:1-211:3), and relevant to period of continued racketeering activity; probative value not substantially outweighed by risk of any unfair prejudice or confusion; | |

| | | not hearsay, statement of party opponent | |
|---|---|---|---|

## XI.   Michael Thomas

| Page:line | Objection | Response | Ruling |
|---|---|---|---|
| 27:2-7 | **Defendants' Objection:**<br><br>leading; speculation; lay opinion testimony; unduly prejudicial under 403 | **Plaintiffs' Response:**<br><br>Objections to 26:21-27:1 waived by failure to assert at deposition; 27:2-7, not leading, not opinion or speculation, based on deponent's observations at Red Roof Buckhead; probative value as to Red Roof's knowledge not substantially outweighed by risk of unfair prejudice | |
| 27:10-28:16 | **Defendants' Objection:**<br><br>speculation;  unduly prejudicial under 403; | **Plaintiffs' Response:**<br><br>speculation objection to 27:10-28:12 waived by failure to assert at deposition; not speculation, based on what he observed as Red Roof's employee at | |

| | | location; probative value to what Red Roof knew or should have known about trafficking at location not substantially outweighed by risk of unfair prejudice | |
|---|---|---|---|
| 28:18-29:9 | **Defendants' Objection:**<br><br>speculation; lack of personal knowledge; | **Plaintiffs' Response:**<br><br>not speculation, based on what he observed as Red Roof's employee at location | |
| 29:15-18 | **Defendants' Objection:**<br><br>calls for speculation; vague/ambiguous | **Plaintiffs' Response:**<br><br>Does not call for speculation, asks deponent to respond based on his observations, not vague or ambiguous | |
| 29:20 | **Defendants' Objection:**<br><br>speculation, lack of personal knowledge | **Plaintiffs' Response:**<br><br>Does not call for speculation, asks deponent to respond based on his personal observations | |
| 29:22-29:24 | **Defendants' Objection:**<br><br>speculation, lack of personal knowledge | **Plaintiffs' Response:**<br><br>See response above | |

| | | | |
|---|---|---|---|
| 30:1 | **Defendants' Objection:**<br><br>speculation, lack of personal knowledge | **Plaintiffs' Response:**<br><br>See response above | |
| 30:3-32:12 | **Defendants' Objection:**<br><br>speculation, lack of personal knowledge; unduly prejudicial under 403; vague/ambiguous; improper attorney testimony and leading (30:11-15, and 32:10-12) | **Plaintiffs' Response:**<br><br>Objections to 30:11-32:9, other than 403, waived by failure to assert at deposition; remaining designations not speculation, based on deponent's personal observations, not vague, ambiguous, improper attorney testimony or leading; probative value as to Red Roof's knowledge of sex trafficking at Buckhead location not substantially outweighed by risk of unfair prejudice | |
| 32:15-3:11 | **Defendants' Objection:**<br><br>speculation; leading; hearsay; speculation; lack of personal knowledge | **Plaintiffs' Response:**<br><br>Objections waived by failure to assert at deposition | |

| 34:1-35:8 | **Defendants' Objection:**<br><br>non-responsive; speculation; leading; hearsay; lack of personal knowledge; (35:5-8, unduly prejudicial under 403) | **Plaintiffs' Response:**<br><br>Objections other than 403 and hearsay waived as to 34:1-35:4 by failure to assert at deposition; probative value as to Red Roof's knowledge of sex trafficking at Buckhead location not substantially outweighed by risk of unfair prejudice; 35:5-8 question is not leading, answer is responsive, not speculative, based on deponent's personal observations; no hearsay in designation | |
| --- | --- | --- | --- |
| 35:11-18 | **Defendants' Objection:**<br><br>speculation; no personal knowledge | **Plaintiffs' Response:**<br><br>Not speculation, response is based on deponent's personal observations | |
| 35:21-36:2 | **Defendants' Objection:**<br><br>speculation; no personal knowledge; leading | **Plaintiffs' Response:**<br><br>Objections waived by failure to assert at deposition | |

| 37:1-5 | **Defendants' Objection:**<br><br>speculation; no personal knowledge; improper lay opinion; | **Plaintiffs' Response:**<br><br>See response above | |
| 37:10-23 | **Defendants' Objection:**<br><br>leading; improper attorney testimony | **Plaintiffs' Response:**<br><br>Objections to 37:10-20 waived by failure to assert at deposition; 37:21-23 not leading or attorney testimony, simply confirming deponent's testimony | |
| 38:14-17 | **Defendants' Objection:**<br><br>leading | **Plaintiffs' Response:**<br><br>Not leading, simply confirming deponents testimony | |
| 38:19-20 | **Defendants' Objection:**<br><br>speculation; no personal knowledge; improper lay opinion | **Plaintiffs' Response:**<br><br>Objections to 38:20-39:20 waived by failure to assert at deposition; 38:19 is not speculation or lay opinion, based on what deponent observed | |
| 40:6-41:16 | **Defendants' Objection:**<br><br>misstates prior testimony | **Plaintiffs' Response:**<br><br>Objections to 40:6-41:13 waived by failure to assert | |

| | | | |
|---|---|---|---|
| | | depositions; 40:14-16 does not misstate prior testimony | |
| 41:19-25 | **Defendants' Objection:** non-responsive | **Plaintiffs' Response:** objection waived by failure to assert at deposition | |
| 42:2-18 | **Defendants' Objection:** leading; non-responsive | **Plaintiffs' Response:** Objections to 42:2-16 waived by failure to assert at deposition; 42:17-18, not leading, asking witness to confirm prior testimony | |
| 42:22-43:5 | **Defendants' Objection:** speculation | **Plaintiffs' Response:** Not speculation, based on deponent's interactions with Moyer and his understanding of how Red Roof's reviews are received and reviewed by Moyer | |
| 43:7-44:6 | **Defendants' Objection:** speculation; hearsay; leading and misstates prior testimony at 44:4-6 | **Plaintiffs' Response:** Not speculation, based on personal observations and interactions with Moyer, does | |

| | | not misstate prior testimony, not leading, simply confirming prior testimony | |
|---|---|---|---|
| 44:8-20 | **Defendants' Objection:** leading; hearsay | **Plaintiffs' Response:** Not hearsay, not offered for truth of matter asserted, but notice to Red Roof; not leading, simply confirming deponent's prior testimony | |
| 44:24-45:16 | speculation | **Plaintiffs' Response:** Not speculation, based on deponent's work and experience as Red Roof employee at Buckhead location | |
| 45:25-46:4 | **Defendants' Objection:** hearsay | **Plaintiffs' Response:** not hearsay, statement of party opponent | |
| 48:12-48:15 | **Defendants' Objection:** foundation; leading; improper attorney testimony; speculation; no personal knowledge | **Plaintiffs' Response:** foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not | |

| | | speculation, based on deponent's personal observations | |
|---|---|---|---|
| 48:17-21 | **Defendants' Objection:** <br><br> foundation; leading; improper attorney testimony; speculation; no personal knowledge | **Plaintiffs' Response:** <br><br> foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not speculation, based on deponent's personal observations | |
| 48:23-49:2 | **Defendants' Objection:** <br><br> foundation; leading; improper attorney testimony; speculation; no personal knowledge | **Plaintiffs' Response:** <br><br> foundation is laid in deponent's prior testimony, not leading, not attorney testimony, not speculation, based on deponent's personal observations | |
| 51:23-52:24 | **Defendants' Objection:** <br><br> hearsay | **Plaintiffs' Response:** <br><br> not hearsay, statement of party opponent, employees of Red Roof | |
| 54:4-54:15 | **Defendants' Objection:** <br><br> relevance | **Plaintiffs' Response:** <br><br> Relevant to jury understanding that questioning has transitioned | |

| | | from Plaintiffs' counsel to Defendants' counsel | |
|---|---|---|---|
| 96:7-97:18 | **Defendants' Objection:** speculation; lack of personal knowledge | **Plaintiffs' Response:** Questioning is by Red Roof's counsel; objections waived by failure to assert at deposition | |
| 98:4-10 | **Defendants' Objection:** speculation; lack of personal knowledge | **Plaintiffs' Response:** See response above | |
| 98:13-21 | **Defendants' Objection:** speculation; lack of personal knowledge | **Plaintiffs' Response:** See response above | |
| 98:25-99:17 | **Defendants' Objection:** speculation; lack of personal knowledge | **Plaintiffs' Response:** See response above | |
| 99:19-23 | **Defendants' Objection:** speculation; lack of personal knowledge | **Plaintiffs' Response:** See response above | |
| 100:24-101:5 | **Defendants' Objection:** speculation | **Plaintiffs' Response:** See response above | |

| 103:4-19 | **Defendants' Objection:**<br><br>speculation | **Plaintiffs' Response:**<br><br>See response above | |
|---|---|---|---|
| 106:8-108:23 | **Defendants' Objection:**<br><br>hearsay; speculation; lack of personal knowledge; unduly prejudicial under 403 | **Plaintiffs' Response:**<br><br>Questioning is by Red Roof's counsel; objections to speculation and lack of personal knowledge waived by failure to assert at deposition; not hearsay, statement of party opponent; probative value of Red Roof executive's plan as to Red Roof's knowledge not substantially outweighed by danger of unfair prejudice | |
| 109:8-111:4 | **Defendants' Objection:**<br><br>hearsay; speculation; lack of personal knowledge | **Plaintiffs' Response:**<br><br>Questioning is by Red Roof's counsel; objections other than hearsay waived by failure to assert at deposition; not hearsay, not offered for truth of matter asserted; if hearsay, testimony is elicited by Red Roof's counsel | |

| | | by asking deponent what individual said | |
|---|---|---|---|
| 111:24 – 112:12 | **Defendant's Objection:**<br><br>Speculation; lack of personal knowledge | **Plaintiffs' Response:**<br><br>Questioning is by Red Roof's counsel; objections waived by failure to assert at deposition; further, not speculation or lack of personal knowledge, based on deponent's personal experience and observations | |
| 128:3-130:3 | **Plaintiffs' Objection:**<br><br>Irrelevant; improper hypothetical | **Defendants' Response:**<br><br>Relevant to whether Mr. Thomas would have called the police if he witnessed crime that occurred at the Red Roof Inn while an employee, as trained to do by Red Roof. This goes to the heart of his testimony | |