# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P. and T.H., <br><br> Plaintiffs, <br> v. <br><br> RED ROOF INNS, INC. et al., <br><br> Defendants. | Civil Action No. <br> 1:20-CV-05263-VMC |

## <u>PROPOSED TRIAL JURY INSTRUCTIONS</u>

Pursuant to this Court's Instruction and Standing Order, Plaintiffs Whitney, Elizabeth, Melanie, Delann, Rebekah P., Melissa, Alexa Foster, Chelsea, Rebecca K., Kazia, and Tiffney (collectively, "Plaintiffs"), and Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, and RRI West Management, LLC submit these Proposed Trial Jury Instructions to the Court, which indicate objections, authorities, and alternative instructions.[1] Further, the Parties anticipate that the evidence, and this Court's rulings throughout trial will impact these instructions and both Parties reserve the right to amend, add, or alter their instructions and objections prior to the jury charge.

---

[1] The Parties submitted their pretrial instructions on June 7, 2024 (Doc. 534, 535). Those are included in this set and the competing instructions noted below.

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... I

PRE-TRIAL INSTRUCTIONS ............................................................................... 1

  Proposed Jury Instruction No. 1 ......................................................................... 1

    General Preliminary Instruction ....................................................................... 1

    The jury's duty: ................................................................................................. 1

    What is evidence: .............................................................................................. 1

    Credibility of witnesses: ................................................................................... 3

    Description of the case: ..................................................................................... 4

    Burden of proof: ................................................................................................ 7

    Conduct of the jury: .......................................................................................... 7

    Taking notes: ..................................................................................................... 9

    Course of the trial: ............................................................................................ 9

  Proposed Jury Instruction No. 2 ....................................................................... 11

    Anonymity ....................................................................................................... 11

TRIAL INSTRUCTIONS ...................................................................................... 13

  Proposed Jury Instruction No. 3 ....................................................................... 13

    Stipulations ...................................................................................................... 13

    Red Roof Inn Corporate Structure and Ownership ......................................... 13

    Red Roof Inn Companies and their employees ................................................ 14

  Proposed Jury Instruction No. 4 ....................................................................... 16

    Official English Interpretation ........................................................................ 16

  Proposed Jury Instruction No. 5 ....................................................................... 17

    Use of Depositions .......................................................................................... 17

  Proposed Jury Instruction No. 6 ....................................................................... 18

    Demonstratives & Summary Exhibits ............................................................ 18

  Proposed Jury Instruction No. 7 ....................................................................... 19

    Use of Interrogatories ..................................................................................... 19

  Proposed Jury Instruction No. 8 ....................................................................... 20

    In-Trial Instructions on News Coverage ......................................................... 20

BASIC INSTRUCTIONS ...................................................................................... 21

  Proposed Jury Instruction No. 9 ....................................................................... 21

    Basic Instructions Following the Close of the Evidence ................................. 21

  Proposed Jury Instruction No. 10 ..................................................................... 22

    Duty to Follow Instructions ............................................................................ 22

  Proposed Jury Instruction No. 11 ..................................................................... 23

    Consideration of Evidence – Direct & Circumstantial; Argument of Counsel;
    Comments by the Court ................................................................................... 23

  Proposed Jury Instruction No. 12 ..................................................................... 25

Credibility of Witnesses ............................................................................25

Proposed Jury Instruction No. 13 ..............................................................26

Impeachment of Witnesses Because of Inconsistent Statements.....................26

Proposed Jury Instruction No. 14 ..............................................................27

Expert Witnesses .....................................................................................27

Proposed Jury Instruction No. 15 ..............................................................28

Responsibility for Proof ...........................................................................28

Proposed Jury Instruction No. 16 ..............................................................29

Duty to Deliberate When Only the Plaintiff Claims Damages .........................29

PLAINTIFFS' NEGLIGENCE CLAIMS .....................................................30

Proposed Jury Instruction No. 17 ..............................................................30

Negligence.............................................................................................30

Proposed Jury Instruction No. 18 ..............................................................31

Torts; Ordinary Negligence (Ordinary Diligence)........................................31

Proposed Jury Instruction No. 19 ..............................................................32

Torts; Negligence; One Act Sufficient........................................................32

Proposed Jury Instruction No. 20 ..............................................................33

Torts; Proximate Cause; Definition ............................................................33

Proposed Jury Instruction No. 21 ..............................................................34

Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence;
Intervening Cause Rules (Chain Reaction Situation) ......................................34

Proposed Jury Instruction No. 22 ..............................................................35

Negligence Amplified; Employee................................................................35

Proposed Jury Instruction No. 23 ..............................................................36

Negligence Amplified; Willful Torts ..........................................................36

Proposed Jury Instruction No. 24 ..............................................................37

Negligence Amplified; Employees, When Employer Not Liable for..............37

Proposed Jury Instruction No. 25 ..............................................................39

Licensees; General Test ...........................................................................39

Proposed Jury Instruction No. 26 ..............................................................41

Licensees; Definition ...............................................................................41

Proposed Jury Instruction No. 27 ..............................................................42

Licensee; Duty to ...................................................................................42

Proposed Jury Instruction No. 28 ..............................................................43

Invitees; Definition .................................................................................43

Proposed Jury Instruction No. 29 ..............................................................44

Invitees; Duty to ....................................................................................44

Proposed Jury Instruction No. 30 ..............................................................45

Invitees; Implied Invitation ......................................................................45

Proposed Jury Instruction No. 31 ..............................................................46

6489869.1

Invitees; Actual or Constructive Knowledge ...................................................46
Proposed Jury Instruction No. 32 ....................................................................51
Duty to protect invitees against criminal conduct.........................................51
Proposed Jury Instruction No. 33 ....................................................................54
Varahi Limiting Instruction...........................................................................54
PLAINTIFFS' RICO CLAIMS .........................................................................57
Proposed Jury Instruction No. 34 ....................................................................57
RICO; Introduction .......................................................................................57
Proposed Jury Instruction No. 35 ....................................................................59
RICO; Acquisition or Maintenance of Control Over Money ...........................59
Proposed Jury Instruction No. 36 ....................................................................62
RICO; Acquiring Interest ..............................................................................62
Proposed Jury Instruction No. 37 ....................................................................64
RICO; Racketeering Activity Defined ............................................................64
Proposed Jury Instruction No. 38 ....................................................................66
RICO; Party to Crime Defined.......................................................................66
Proposed Jury Instruction No. 39 ....................................................................67
Criminal responsibility of corporations .........................................................67
Proposed Jury Instruction No. 40 ....................................................................70
RICO; Predicate Acts; Prostitution ...............................................................70
Proposed Jury Instruction No. 41 ....................................................................72
RICO; Predicate Acts; Keeping a Place of Prostitution..................................72
Proposed Jury Instruction No. 42 ....................................................................75
RICO; Predicate Acts; Trafficking for Sexual Servitude ...............................75
Proposed Jury Instruction No. 43 ....................................................................80
Liability of a Corporation...............................................................................80
Proposed Jury Instruction No. 44 ....................................................................82
RICO; Predicate Acts; Pimping .....................................................................82
Proposed Jury Instruction No. 45 ....................................................................85
RICO; Pattern of Racketeering Activity Defined ...........................................85
Proposed Jury Instruction No. 46 ....................................................................88
Limited Predicate Act Evidence ....................................................................88
Proposed Jury Instruction No. 47 ....................................................................90
RICO Conspiracy; RICO Conspiracy Defined ...............................................90
Conspiracy; Conspiracy Defined....................................................................94
Proposed Jury Instruction No. 49 ....................................................................96
Conspiracy; Common Design and Type of Agreement Necessary ..................96
Proposed Jury Instruction No. 50 ....................................................................99
RICO; Overt Act ............................................................................................99
Proposed Jury Instruction No. 51 ..................................................................101

RICO; Proximate Cause ................................................................................101
PLAINTIFFS' TVPRA (TRAFFICKING VICTIMS PROTECTION
REAUTHORIZATION ACT) CLAIM ...........................................................104
    Proposed Jury Instruction No. 52 ..........................................................104
    TVPRA; Sex Trafficking Defined ...........................................................104
    Proposed Jury Instruction No. 53 ..........................................................106
    TVPRA; Elements of the Civil Claim for Damages ............................106
    Proposed Jury Instruction No. 54 ..........................................................109
    TVPRA; Knowingly Benefits Defined ....................................................109
    Proposed Jury Instruction No. 55 ..........................................................111
    TVPRA; Participation in Venture, Defined ...........................................111
    Proposed Jury Instruction No. 56 ..........................................................113
    TVPRA; Venture Violated TVPRA, Defined..........................................113
    Proposed Jury Instruction No. 57 ..........................................................117
    TVPRA; Defendants' Knowledge of TVPRA Violation.........................117
AFFIRMATIVE DEFENSES ...........................................................................120
    Proposed Jury Instruction No. 58 ..........................................................120
    Affirmative Defenses Explained .............................................................120
    Proposed Jury Instruction No. 59 ..........................................................121
    Statute of Limitations; Explanation .......................................................121
    Proposed Jury Instruction No. 60 ..........................................................122
    Negligence statute of limitations.............................................................122
    Proposed Jury Instruction No. 61 ..........................................................125
    Georgia RICO; Statute of Limitations ...................................................125
    Proposed Jury Instruction No. 62 ..........................................................128
    Assumption of Risk .................................................................................128
    Proposed Jury Instruction No. 63 ..........................................................130
    Affirmative Defenses; In Pari Delicto ...................................................130
DAMAGES .......................................................................................................134
    Proposed Jury Instruction No. 64 ..........................................................134
    Tort Damages; Preliminary Instructions ...............................................134
    Proposed Jury Instruction No. 65 ..........................................................135
    Damages; Introduction ...........................................................................135
    Proposed Jury Instruction No. 66 ..........................................................136
    Pain and Suffering; Generally; Mental; Future.....................................136
    Proposed Jury Instruction No. 67 ..........................................................139
    Pain and Suffering; Future .....................................................................139
    Proposed Jury Instruction No. 68 ..........................................................140
    Pain and Suffering; Preexisting Injury; Aggravation............................140
    Proposed Jury Instruction No. 69 ..........................................................141

Tort Damages; Apportionment of Damages .................................................141
Proposed Jury Instruction No. 70 ...........................................................144
Attorney's Fees ..................................................................................144
Proposed Jury Instruction No. 71 ...........................................................145
Punitive Liability; Negligence and RICO Claims .........................................145
Proposed Jury Instruction No. 72 ...........................................................146
Clear and Convincing Evidence................................................................146
Proposed Jury Instruction No. 73 ...........................................................147
Punitive Liability; Georgia RICO and Negligence Claims ...........................147
Proposed Jury Instruction No. 74 ...........................................................149
Punitive Liability; TVPRA Claims .........................................................149
FINAL INSTRUCTIONS .........................................................................151
Proposed Jury Instruction No. 75 ...........................................................151
Duty to Deliberate ..............................................................................151
Proposed Jury Instruction No. 76 ...........................................................152
Election of Foreperson – Verdict Forms ..................................................152
PHASE II .............................................................................................153
Proposed Jury Instruction No. 1 .............................................................153
Punitive Damages; Amount; Generally .....................................................153
Proposed Jury Instruction No. 2 .............................................................154
Punitive Damages; Measure....................................................................154
Proposed Jury Instruction No. 3 .............................................................155
Intent to Harm; Acting With ..................................................................155
Proposed Jury Instruction No. 4 .............................................................156
Intent to Harm; Amplified......................................................................156
Proposed Jury Instruction No. 5 .............................................................157
Punitive Damages; Amount; Guidelines......................................................157
Proposed Jury Instruction No. 6 .............................................................159
Reprehensibility; Amplified....................................................................159
Proposed Jury Instruction No. 7 .............................................................161
Damages; Conclusion............................................................................161

PRE-TRIAL INSTRUCTIONS

**Proposed Jury Instruction No. 1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

### **The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

### **What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence**:

During the trial, you'll hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

## **Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

3

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

### **Description of the case**:

**PLAINTIFFS' PROPOSED DESCRIPTION:**

This case has eleven Plaintiffs. Their names are Whitney, Rebecca K, Rebekah P, Tiffeny, Kazia, Chelsea, Melanie, Elizabeth, Melissa, Delann, and Alexa. Each Plaintiff alleges that she was a victim of sex trafficking at either the Smyrna Red Roof Inn, the Buckhead Red Roof Inn, or both. Plaintiffs each allege that they were trafficked at various times between the years of 2009 and 2018.

According to Plaintiffs, Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, and RRI West Management, LLC (together the "Red Roof Defendants") knew of prostitution and sex trafficking at the Smyrna Red Roof and the Buckhead Red Roof. Plaintiffs allege that the Red Roof Defendants regularly received reports of prostitution and sex trafficking from their own employees, from guests who stayed at the hotels, and from their own monitoring of online reviews. Plaintiffs further allege that the Red Roof Defendants did not properly investigate or

4

respond to these reports and instead received and profited from revenue generated by room rentals to pimps and sex traffickers.

The Defendants deny that they knew, or were involved in any way, Plaintiffs or their allegations relating to sex trafficking and prostitution. Thus, Defendants argue Plaintiffs are not entitled to damages on any claim. Moreover, the Defendants assert multiple affirmative defenses that could limit or foreclose Plaintiffs' claims. These include that Plaintiffs' claims are time-barred, that their claims were released, and that Plaintiffs caused and contributed to their own injuries based on their own conduct and action.

Plaintiffs assert civil claims under federal and state law, including the Trafficking Victims Protection Reauthorization Act ("TVPRA"), Georgia civil RICO, and negligence.

**DEFENDANTS' PROPOSED DESCRIPTION:**

This is a civil case. To help you follow the evidence, I will summarize the parties' positions. This case has eleven Plaintiffs: Whitney, Rebecca K, Rebekah P, Tiffeny, Kazia, Chelsea, Melanie, Liz, Melissa, Delann, and Alexa. Each Plaintiff seeks damages arising from their alleged sex trafficking at multiple locations and at varying times between 2009 and 2018.

These locations include two Red Roof Inn-branded properties: one in Smyrna and one in Buckhead. Both locations are local Atlanta hotels that operated as

6489869.1

franchised properties under the Red Roof brand-name. Defendant Red Roof Franchising LLC was the franchisor of both. RRI West operated Buckhead and operated Smyrna until December 2012. Red Roof Inns Inc., employed certain employees at Buckhead and employed certain employees at Smyrna until December 2012. After December 2012, Smyrna was owned, operated, managed, and employed by former Defendant, and independent third-party franchisee, Varahi Hotels LLC.

Plaintiffs allege the Defendants: Red Roof Franchising LLC, RRI West, and Red Roof Inns Inc., are responsible for their damages because these entities knew or should have known of prostitution and Plaintiffs' alleged sex trafficking. Plaintiffs assert civil claims under federal and state law, including the Trafficking Victims Protection Reauthorization Act (TVPRA"), Georgia's Civil Racketeer Influenced and Corrupt Organizations Act (RICO), and negligence.

The Defendants deny that they knew, or were involved in any way, Plaintiffs or their allegations relating to sex trafficking and prostitution. Thus, Plaintiffs are not entitled to damages on any claim. Moreover, the Defendants assert multiple affirmative defenses that could limit or foreclose Plaintiffs claims. These include that Plaintiffs' claims are time barred, that their claims were released, and that Plaintiffs caused and contributed to their own injuries based on their own conduct and action.

6489869.1

**<u>Burden of proof</u>:**

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendants on opposite sides of balancing scales, Plaintiffs needs to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**<u>Conduct of the jury</u>:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence,

the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is

not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

### Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

### Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

6489869.1

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendants may ask the witness questions—this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.1.[2]

**PARTIES CONSENT TO THIS INSTRUCTION**

---

[2] Unless otherwise noted, citations to the "11th Cir. Pattern Instruction" refers to Eleventh Circuit Civil Pattern Jury Instruction (2024 revision).

6489869.1

**Proposed Jury Instruction No. 2**
**Anonymity**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

In this proceeding, some of the Plaintiffs have been allowed to proceed using only their first names. This has been done only for the purpose of protecting their privacy. The fact that some Plaintiffs are so identified is not evidence and should not be considered by you for any purpose in this trial.

There will be times, however, when you may hear or see these Plaintiffs' full names. Just as you must not discuss this case with anyone, including your fellow jurors, you must not disclose Plaintiffs' identity or last names to anyone, even after this proceeding has ended.

AUTHORITY:

Adapted from Cal. Jury Instr. Crim. 1.12, Anonymity of Alleged Victim.

**DEFENDANTS' PROPOSED INSTRUCTION:**

The Plaintiffs in this case, except for Alexa Foster, will proceed by using only their first name, and in some instances, their first name and last initial. You should not allow this to influence or sway your decision on the claims and issues in this case. The reason I have allowed the Plaintiffs to proceed with only their first name or first name and last initial is that the evidence in this case is likely to include sensitive information about the plaintiffs that could cause embarrassment if publicly disseminated outside this Court, as well as the fact that Plaintiffs' testimony may

11

require them to admit to engaging in illegal conduct, which could expose them to the risk of criminal prosecution.

      While you learned the names of the Plaintiffs during voir dire, you will not hear any last names throughout the trial for that reason. Some documents that may be shown in Court will have redactions that are consistent with this instruction but exhibits submitted to you at the end of this case will not include redactions. Allowing Plaintiffs to use only their first names in no way provides insight into this Court's opinion on the viability or veracity of Plaintiffs' claims.

TRIAL INSTRUCTIONS

**Proposed Jury Instruction No. 3**
**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Red Roof Inn Corporate Structure and Ownership**

During the entire time period the Plaintiffs have testified they were trafficked there, the Buckhead Red Roof Inn was owned and operated by Red Roof corporate affiliates.

RRI III, a real estate holding company, owned the land. Defendant RRI West was a management company that operated the Buckhead hotel and employed the regional staff, like regional managers and regional vice presidents. Defendant Red Roof Inns, Inc. employed the hotel staff working at the location, like front desk employees and housekeepers.

The Smyrna Red Roof Inn was owned and operated by Red Roof corporate affiliates until December 14, 2012. Prior to December 14, 2012, FMW, a real estate holding company, owned the land. Also prior to December 14, 2012, Defendant RRI West operated the hotel and Defendant Red Roof Inns, Inc. employed the hotel staff working at the Smyrna hotel.

Varahi, LLC purchased the Smyrna location on December 14, 2012. After that date, Varahi owned the land and employed the staff who worked at the location.

6489869.1

From December 14, 2012, until the end of the time any Plaintiff has testified she was trafficked at the Smyrna location, Varahi contracted with Defendant Red Roof Franchising through a Franchise Agreement to use the Red Roof Inn brand.

### Red Roof Inn Companies and their employees

Andrew Alexander, who served as the Red Roof Inn brand's general counsel from 2007–2013 and its president from 2009–2020, was employed by Defendant RRI West Management, LLC.

Vanessa Cole, who worked as a floating general manager primarily at Smyrna, but occasionally at Buckhead from 2009 to 2013, was employed by Defendant Red Roof Inns, Inc. until 2016.

Vickie Lam, a franchise operations director whose territory included the Smyrna Red Roof Inn during the time it was owned by Varahi, was employed by Defendant Red Roof Franchising, LLC.

George Limbert, who served as the Red Roof Inn brand's general counsel from 2017 to 2023 and then its president from 2021 to 2023, was employed by Defendant RRI West Management, LLC, from approximately February 2014 through 2016. In or around 2016, he became an employee of Defendant Red Roof Franchising, LLC.

6489869.1

Marina MacDonald, who has worked in marketing for the Red Roof Inn brand since 2010 and served as the Red Roof Inn brand's Chief Marketing Officer since 2013, is an employee of Defendant Red Roof Franchising, LLC.

Tom McElroy, was the Red Roof Inn brand's security director from December 2012 through December 2013

Jay Moyer was a regional vice president of operations whose territory included the Smyrna Red Roof Inn until it was sold to Varahi in December 2012 and the Buckhead Red Roof Inn during the entirety of the time any Plaintiff has testified she was trafficked there. Mr. Moyer was employed by Defendant RRI West.

Greg Stocker, the Red Roof Inn brand's safety and security director since May 2017, was initially employed by Defendant RRI West Management, LLC from 2017 to 2018, and in 2019 became an employee of Red Roof Franchising, LLC.


AUTHORITY:

11th Cir. Civil Pattern Instruction 2.1.

**Proposed Jury Instruction No. 4**
**Official English Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know the language to be interpreted, you must accept the English interpretation provided and disregard any different meaning.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.3.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 5**
**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of certain witnesses have been presented to you by a video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.2.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**Proposed Jury Instruction No. 6**
**Demonstratives & Summary Exhibits**

Generally:

Witnesses have used visual aid(s) often referred to as a demonstratives to assist in explaining or illustrating their testimony. The testimony of the witness is evidence; however, demonstrative(s) are not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. A demonstrative is not to be confused with a summary exhibit, which are admitted into evidence. Only items received in evidence will be available to you for consideration during your deliberations.

Generally:

Summary exhibits are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY:

Ninth Circuit Civil Jury Instruction 2.15 (2022 revision).

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 7**
**Use of Interrogatories**

You'll hear answers that Plaintiffs and Defendants gave in response to written questions the other side submitted. The questions are called "interrogatories." Before trial, Plaintiffs and Defendants gave the answers in writing under oath.

You must consider the Plaintiffs' and Defendants' answers as though they gave the answers on the witness stand.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.6.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 8**
**In-Trial Instructions on News Coverage**

Reports about this trial [or about sex trafficking more generally[3]] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.7 (modified).

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

BASIC INSTRUCTIONS

**Proposed Jury Instruction No. 9**
**Basic Instructions Following the Close of the Evidence**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

21

**Proposed Jury Instruction No. 10**
**Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.2.2.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 11**
**Consideration of Evidence – Direct & Circumstantial; Argument of Counsel;**
**Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.3.

**PARTIES CONSENT TO THIS INSTRUCTION**

## Proposed Jury Instruction No. 12
## Credibility of Witnesses

When I say you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.4.

**PARTIES CONSENT TO THIS INSTRUCTION**

25

6489869.1

## Proposed Jury Instruction No. 13
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.5.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 14**
**Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.6.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

27

6489869.1

**Proposed Jury Instruction No. 15**
**Responsibility for Proof**

In this case it is the responsibility of the party bringing any claim to prove every essential part of the claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff making that claim.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.7.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

28

6489869.1

**Proposed Jury Instruction No. 16**
**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.8.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

## PLAINTIFFS' NEGLIGENCE CLAIMS

### Proposed Jury Instruction No. 17
### Negligence

Torts Introduction

Plaintiffs Melanie and Alexa assert claims of negligence against Defendants as to Smyrna, Rebecca K., Tiffeny, Kazia, Chelsea, Whitney, and Rebekah P., assert claims of negligence against Defendants as to Buckhead. Plaintiffs must prove by a preponderance of the evidence that the negligence of Defendants, if any, was a proximate cause of the injuries to Plaintiffs.

AUTHORITY:

Ga. Civil Pattern Instruction 60.001.[4]

**PARTIES CONSENT TO THIS INSTRUCTION**

---

[4] Unless otherwise noted, citations to "Ga. Civil Pattern Instruction" refer to Georgia Suggested Pattern Jury Instruction, Vol. I: Civil Cases, 5th ed. (2007) (2024 revision). Similarly, citations to "Ga. Crim. Pattern Instruction" refer to Georgia Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 4th ed. (2007) (2024 revision).

**Proposed Jury Instruction No. 18**
**Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before Plaintiffs can recover damages from a Defendant in a case such as this, there must be injury to the Plaintiffs resulting from the Defendants' negligence.

AUTHORITY:

Ga. Civil Pattern Instruction 60.010.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 19**
**Torts; Negligence; One Act Sufficient**

The Plaintiffs must prove that the Defendants were negligent in one or more ways alleged in order to recover. It is not necessary for the Plaintiffs to prove that the Defendants were negligent in every way that the Plaintiffs claim. If you find no negligence at all on the part of any of the Defendants, then the Plaintiffs' case against that Defendant ends.

AUTHORITY:

Ga. Civil Pattern Instruction 60.060.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 20**
**Torts; Proximate Cause; Definition**

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause. When I use the expression "proximate cause," I mean a cause that in the natural or ordinary course of events, produced Plaintiffs' injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

AUTHORITY:

Ga. Civil Pattern Instruction 60.200.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

## Proposed Jury Instruction No. 21
## Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation)

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the Defendants' alleged negligence, if any, meets the above tests, then the Plaintiff may recover.

AUTHORITY:

Ga. Civil Pattern Instruction 60.202**.**

**THE PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**Proposed Jury Instruction No. 22**
**Negligence Amplified; Employee**

Every person shall be liable for the wrongful conduct or torts committed by an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

AUTHORITY:

Ga. Civil Pattern Instruction 60.310.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**Proposed Jury Instruction No. 23**
**Negligence Amplified; Willful Torts**

An employer is liable for the willful torts or willful wrongful conduct of an

employee committed in the course of the employment.

If an employee should do something in furtherance of a lawful direction given

by the employer, the employer would be liable for any injury suffered by another,

whether caused by the employee's negligence or by the wanton and reckless conduct

of the employee in an attempt to accomplish the employer's business in an unlawful

matter.

AUTHORITY:

Ga. Civil Pattern Instruction 60.320.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**Proposed Jury Instruction No. 24**
**Negligence Amplified; Employees, When Employer Not Liable for**

**DEFENDANTS' PROPOSED INSTRUCTION:**

However, if an employee should injure another person either negligently or on purpose but at the time of the injury, is not engaged in the employer's business and is not within the scope of the employment, then the employee's negligence or misconduct would not be chargeable to the employer.

This condition is true even when the employee commits a tort or wrongful act while the employee is working on the job because if the commission of the tort or wrongful act had no reference to or connection with the job, then the employer would not be liable.

AUTHORITY:

Ga. Civil Pattern Instruction 60.330.

**PLAINTIFFS' OBJECTION:**

This instruction is not supported by the evidence. There is no evidence that Defendants' employees were acting outside the scope of their employment, which would require employees to be "commit[ting] an act entirely disconnected from" their employment, undertaken for "purely personal reasons." *Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1333–34 (11th Cir. 2010) (applying Georgia law and quoting *Piedmont Hosp., Inc. v. Palladino*, 276 Ga. 612, 614 (2003)).

Under Georgia law, an employee's violation of his employer's policies does not remove his conduct from the scope of his employment. "Where a servant disobeys instructions of his master, the fact of disobedience alone does not insulate the master from liability for the servant's negligence." *Barfield v. Royal Ins. Co. of Am.*, 228 Ga. App. 841, 844 (1997) ("*Royal Ins. I*"); *see also Royal Ins. Co. of Am. v. Fisher*, 238 Ga. App. 595, 595 (1999) ("We held [in *Royal Ins. I*] that the trial court erred

when it found that Fisher was outside the scope of employment merely because he violated Single Source's rule against driving and drinking.") ("*Royal Ins. II*").

The employee conduct Plaintiffs claim was tortious was, in each case, connected to the Red Roof Defendants' business, which is renting hotel rooms. Even if evidence shows these or other employees were violating Defendants' policies, there is nothing from which a jury could find that employees, who were paid by Red Roof to sustain its business, were acting for "purely personal reasons" when they were facilitating the operation of hotels and the renting of rooms.

**DEFENDANTS' RESPONSE:**

There is evidence, and a jury could find, that certain employees, including Michael Thomas who worked at Buckhead, and Forrest Castille who was employed at Smyrna for a time before Varahi's ownership was not acting within the course and scope of their employment. These are just examples; the jury could find the same for other employees. This instruction should be given.

**Proposed Jury Instruction No. 25**
**Licensees; General Test**

**DEFENDANTS' PROPOSED INSTRUCTION:**

The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had business relations with the owner of the premises that would cause his/her presence to be beneficial to both. In the absence of some relationship with the owner or occupier of the premises, no invitation may be implied, and the injured person must be regarded as a licensee.

AUTHORITY:

Ga. Civil Pattern Instruction 60.720 (modified).

**PLAINTIFFS' OBJECTION:**

This instruction is not supported by the evidence. There is no evidence that Plaintiffs were licensees, as opposed to invitees. There is "no question that one who rents a hotel room is an invitee on the hotel's premises." *J.G. v. Northbrook Indus., Inc.*, 1:20-CV-05233-SEG, 2022 WL 4482735, at *7 (N.D. Ga. Aug. 2, 2022). Likewise, under Georgia law a tenant's guest "is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises." *Frazier v. Godley Park Homeowners Ass'n, Inc.*, 345 Ga. App. 608, 609 (2017). Further, "[a]n invitation may arise from known customary use" or "be inferred from conduct." *Id.* Because evidence will show Plaintiffs rented rooms themselves or their traffickers rented rooms for their use, they were either tenants or a tenant's guest. Either way, they were invitees.

Further, the fact that Plaintiffs were engaging in (involuntary) commercial sex in the hotel rooms does not change Plaintiffs' status as invitees. O.C.G.A. § 51-3-1 "does not preclude those who commit—or are victims of—unlawful acts from being invitees; rather, the plain language of the statute applies when the *'owner or occupier of the land*, by express or implied invitation, *induces or leads* others to come upon his premises *for any lawful purpose*." *J.G.*, 2022 WL 4482735, at *8 (citing *Stephens v. Clairmont Ctr., Inc.*, 230 Ga. App. 793 (1998); emphasis added).

**DEFENDANTS' RESPONSE:**

Defendants disagree. The Plaintiffs status is for the jury to decide. One issue in this case is whether the Plaintiffs were engaged in commercial sex under force fraud or coercion. 18 U.S.C. 1595; O.C.G.A. 16-5-46. This instruction should be given, and the jury should be entitled to determine the Plaintiffs status at the time of the alleged negligence. *Card v. Dublin Constr. Co., Inc.*, 788 S.E.2d 845, 850 (Ga. App. 2016) (status was for the jury to determine and precluded summary judgment); *Rubio v. Davis*, 500 S.E.2d 367, 370 (Ga. App.1998). Moreover, Plaintiffs' cited authority states that "Georgia law appears at best unsettled as to whether a hotel invitee's guest is an invitee, licensee, or something else." *J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1239 (N.D. Ga. 2022).

## Proposed Jury Instruction No. 26
## Licensees; Definition

**DEFENDANTS' PROPOSED INSTRUCTION:**

A licensee is a person who

(1) is not a customer, employee, or trespasser;

(2) does not stand in any contractual relation with the owner of the premises;
and

(3) is permitted expressly or impliedly to go on the premises merely for
his/her own interests, convenience, or gratification.

AUTHORITY:

Ga. Civil Pattern Instruction 60.710; O.C.G.A. § 51-3-2.

**PLAINTIFFS' OBJECTION:**

This instruction is not supported by the evidence. there is no evidence that Plaintiffs
were licensees, as opposed to invitees, for the reasons outlined above.

**DEFENDANTS' RESPONSE:**

Defendants disagree. The Plaintiffs status is for the jury to decide. One issue in this
case is whether the Plaintiffs were engaged in commercial sex under force fraud or
coercion. 18 U.S.C. 1595; O.C.G.A. 16-5-46. This instruction should be given, and
the jury should be entitled to determine the Plaintiffs status at the time of the alleged
negligence. *Card v. Dublin Constr. Co., Inc.*, 788 S.E.2d 845, 850 (Ga. App. 2016)
(status was for the jury to determine and precluded summary judgment); *Rubio v.
Davis*, 500 S.E.2d 367, 370 (Ga. App.1998).

6489869.1

**Proposed Jury Instruction No. 27**
**Licensee; Duty to**

**DEFENDANTS' PROPOSED INSTRUCTION:**

A licensee enters on the premises at her own risk, and the owner owes the licensee no duty as to the conditions of the premises, except that the owner should not knowingly let the licensee run into a hidden peril or willfully or wantonly cause her injury.

AUTHORITY:

Ga. Civil Pattern Instruction  60.730.

**PLAINTIFFS' OBJECTION:**

This instruction is not supported by the evidence. There is no evidence that Plaintiffs were licensees, as opposed to invitees, for the reasons outlined above.

**DEFENDANTS' RESPONSE:**

Defendants disagree. The Plaintiffs status is for the jury to decide. One issue in this case is whether the Plaintiffs were engaged in commercial sex under force fraud or coercion. 18 U.S.C. 1595; O.C.G.A. 16-5-46. This instruction should be given, and the jury should be entitled to determine the Plaintiffs status at the time of the alleged negligence. *Card v. Dublin Constr. Co., Inc.*, 788 S.E.2d 845, 850 (Ga. App. 2016) (status was for the jury to determine and precluded summary judgment); *Rubio v. Davis*, 500 S.E.2d 367, 370 (Ga. App.1998).

**Proposed Jury Instruction No. 28**
**Invitees; Definition**

A person who enters the premises of another for any purpose connected with the business of the owner or occupier is an invitee, and the owner or occupier of the premises owes that person a duty to exercise ordinary care in keeping the premises safe. That duty would extend to all portions of the premises that are reasonably necessary for the invitee to use in the course of the business for which the invitation was given.

AUTHORITY:

Ga. Civil Pattern Instruction 60.610.

**THE PARTIES CONSENT TO THIS INSTRUCTION.**

6489869.1

**Proposed Jury Instruction No. 29**
**Invitees; Duty to**

When the owner or occupier of land, by express or implied invitation, induces or leads others to come upon the premises for any lawful purpose, then the owner is liable in damages to such persons for injuries caused by the failure to exercise ordinary care in keeping the premises and approaches safe.

AUTHORITY:

Ga. Civil Pattern Instruction 60.620.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**Proposed Jury Instruction No. 30**
**Invitees; Implied Invitation**

An implied invitation is one that is extended because of the owner doing something or permitting something to be done, fairly indicating to the person entering that the entry and use of property is consistent with the interests and purposes of the owner.

AUTHORITY:

Ga. Civil Pattern Instruction 60.630.

**PARTIES CONSENT TO THIS INSTRUCTION**

45

**Proposed Jury Instruction No. 31**
**Invitees; Actual or Constructive Knowledge**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has ~~superior knowledge~~ <u>actual or constructive knowledge</u>. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not expose the invitees to unreasonable risk (or to lead them into a dangerous trap). The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. ~~The true ground of liability is the owner/occupier's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted.~~

In order to prevail, the person injured, the Plaintiff, must prove by a preponderance of the evidence that the owner/occupier, the Defendants, had actual or constructive knowledge of the hazard. The pertinent question is whether the totality of the circumstances relevant to the premises gave the proprietor sufficient reason to anticipate the criminal act giving rise to the Plaintiff's injuries on the premises. ~~and that the plaintiff lacked knowledge of the hazard or for some reason,~~

46

6489869.1

~~attributable to the defendant, was prevented from discovering it. To establish~~

~~constructive knowledge, the plaintiff must show that (1) the defendant or the~~

~~defendant's employee was in the immediate area of the hazard and could have easily~~

~~seen the substance or (2) the foreign substance remained long enough that ordinary~~

~~diligence by the defendant or the defendant's employees should have discovered it.~~

~~Constructive knowledge may be inferred by you, the jury, when there is evidence~~

~~that the owner lacked a reasonable inspection procedure, but if the plaintiff produces~~

~~no evidence that the substance could have been discovered during a reasonable~~

~~inspection, then no inference arises that the defendant's failure to discover the defect~~

~~was the result of any alleged failure to inspect.~~

AUTHORITY:

Ga. Civil Pattern Instruction 60.625 (modified to conform with *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718 (2023)).

**DEFENDANTS' OBJECTION:**

If needed, pattern instructions should be given, *Carmichael* does not speak on this issue.

**PLAINTIFFS' RESPONSE:**

In *Carmichael*, the Supreme Court of Georgia "clarif[ied]" that "the knowledge relevant to the question of reasonable foreseeability is the proprietor's knowledge" and not the plaintiffs' knowledge. *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 727 n.7 (2023). "Determining the reasonable foreseeability of a crime asks simply whether the proprietor had sufficient reason to anticipate the criminal act." *Id.*

In three of our cases, we said that the duty was to protect against harms of which the proprietor has 'superior knowledge'…This articulation

invites confusion, because 'superior knowledge,' properly understood, involves the relative knowledge of the proprietor *and the plaintiff*….The plaintiffs' knowledge is relevant to the ultimate question of liability, but it has nothing to do with the proprietor's knowledge—and thus, the proprietor's duty.

*Id.* (internal citations omitted).

*Carmichael* was handed down by the Georgia Supreme Court after the summary judgment briefing in this case and binds this Court on questions of Georgia law. Pattern instructions must be modified to reflect current law. As the preface to the Georgia Suggested Pattern Jury Instruction acknowledges, "The law is constantly changing…. Although the committee meets frequently…it is possible that a change may occur before the committee can adequately respond with a caveat or revised charge." The use of a pattern charge referencing outdated law on the preponderance of the evidence standard is erroneous. *White v. Stanley,* 369 Ga. App. 330, 333 (2023).

**DEFENDANTS' OBJECTION:**

A deviation from the pattern charge is not needed based on *Carmichael*. *Carmichael* clarified a premise owner's duty when an invitee is harmed by a crime on its premises. "*Georgia CVS Pharmacy, LLC v. Carmichael*, 890 S.E.2d 209, 219 (Ga.2023) (cleaned up) ("Under longstanding precedent, '[i]f the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters.'"). This does not require a change to the pattern instruction. And *Carmichael*'s "clarification" on knowledge in a footnote, quoted above, is not dispositive. In fact, that quote makes clear that for liability both the proprietor and the plaintiff's knowledge are relevant.

Further, Plaintiffs' proposed instruction misstates *Carmichael*. *Carmichael* considered when a premise owner has a duty to protect an invitee from foreseeable criminal conduct. In coming to this conclusion, it explicitly found that foreseeability of a crime does not establish liability: "[o]f course, a finding that third-party criminal conduct was reasonably foreseeable and thereby gave rise to a duty to protect invitees from that harm does not itself establish the proprietor's liability for the plaintiff's injury." *Id.* at 220. Thus, Plaintiffs' requested charge stating: "The pertinent question is whether the totality of the circumstances relevant to the premises gave the proprietor sufficient reason to anticipate the criminal act giving rise to the Plaintiff's injuries on the premises" is incorrect as an instruction.

Moreover, this Court noted in its order denying summary judgment that Plaintiffs' superior knowledge and potential participation in the activities taking place are relevant for the jury to consider. *W.K. v. Red Roof Inns, Inc.*, No. 1:20-CV-05263-VMC, 2023 WL 6290523, at *12 (N.D. Ga. Sept. 14, 2023) ("Similarly, such evidence creates a fact issue on whether Plaintiffs exercised ordinary care in spite of their allegedly superior knowledge of the traffickers' propensities and intent.").

Further, Plaintiffs' pretrial order lists no less than 12 items of alleged ways the Defendants were "negligent." This pattern instruction should be given.

**DEFENDANTS' PROPOSED INSTRUCTION:**

While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not expose the invitees to unreasonable risk (or to lead them into a dangerous trap). The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. The true ground of liability is the owner/occupier's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted.

In order to prevail, the person injured, the plaintiff, must prove by a preponderance of the evidence that the owner/occupier, the defendant, had actual or

constructive knowledge of the hazard and that the Plaintiff lacked knowledge of the hazard or for some reason, attributable to the Defendants, was prevented from discovering it. To establish constructive knowledge, the plaintiff must show that (1) the defendant or the Defendant's employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the defendant or the defendant's employees should have discovered it. Constructive knowledge may be inferred by you, the jury, when there is evidence that the owner lacked a reasonable inspection procedure, but if the plaintiff produces no evidence that the substance could have been discovered during a reasonable inspection, then no inference arises that the defendant's failure to discover the defect was the result of any alleged failure to inspect.

AUTHORITY:

    Ga. Civil Pattern Instruction 60.625.

**PLAINTIFFS' OBJECTION:**

The pattern instruction must be modified to conform with the Georgia Supreme Court's ruling in *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718 (2023), holding that the knowledge relevant to the question of reasonable foreseeability is the proprietor's knowledge and not the plaintiffs' knowledge. Pattern instructions must be modified to reflect current law. As the preface to the Georgia Suggested Pattern Jury Instruction acknowledges, "The law is constantly changing…. Although the committee meets frequently…it is possible that a change may occur before the committee can adequately respond with a caveat or revised charge."

**DEFENDANTS' RESPONSE:**

Defendants disagree that the pattern instruction needs to be modified. Defendants offer a proposed instruction on *Carmichael* below.

6489869.1

## Proposed Jury Instruction No. 32
## Duty to protect invitees against criminal conduct

**PLAINTIFFS' PROPOSED INSTRUCTION**:

Defendants have a duty to protect invitees from the reasonably foreseeable criminal acts of third parties on their premises. A third party's criminal act is reasonably foreseeable when the totality of the circumstances gives a defendant sufficient reason to anticipate the criminal act giving rise to the plaintiff's injuries.

AUTHORITY:

> *Ga. CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 722 (2023) ("It is well-settled that a landlord only has a duty to protect tenants form the criminal attacks of third parties if those attacks are foreseeable." (quoting *Doe v. Prudential-Bache/A.G. Spanos Realty Partners, LP*, 268 Ga. 604, 605 (1997); *id.* at 727 n.7 ("Determining the reasonable foreseeability of a criminal asks simply whether the proprietor had sufficient reason to anticipate the criminal act.")

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction as being incomplete and an oversimplification of *Ga. CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 722 (2023). Defendants state that Carmichael applies only if Plaintiffs are invitees and as worded Plaintiffs instruction is confusing. Further, Defendants note that this authority is not limited to duty.

**PLAINTIFFS' RESPONSE:**

For the reasons stated below in their objection to Defendants' proposed instruction, Plaintiffs believe their proposed charge should be given.

**DEFENDANTS' PROPOSED INSTRUCTION.**

Plaintiffs allege the owner and occupiers were negligent by failing to protect Plaintiffs from criminal conduct by third parties. Defendants only have this

obligation, or duty, if Plaintiffs prove by a preponderance of the evidence that (1) Plaintiffs were invitees, as I have defined that term, and (2) the totality of the circumstances relevant to the premises gave the owner and occupier sufficient reason to anticipate the criminal act giving rise to the Plaintiffs' injuries on the premises.

If you find an obligation exists, you must then consider whether the owner and occupier's security measures were reasonable in light of the circumstances. In making this determination you may consider factors such as: the severity and foreseeability of the harm and the cost and feasibility of additional security measures. Plaintiffs, however, are not permitted to recover if you find the Plaintiffs had equal or superior knowledge of the risk and fails to exercise ordinary care for their safety.

AUTHORITY:

> *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718 (2023); *Brookview Holdings v. Suarez*, 645 S.E.2d 559, 566 (Ga. App. 2007).

**PLAINTIFFS' OBJECTION:**

As an initial matter, Plaintiffs believe that any instruction on the duty that arising from the foreseeability of third party criminal acts is better placed above, following Proposed Instruction No. 21 on intervening causes, given that third party criminal acts are an intervening cause against which Defendants have no duty to guard unless, as set forth in *Carmichael*, those third party criminal acts are reasonably foreseeable.

Beyond that, Plaintiffs object to the substance of Defendants' charge as unbalanced. The jury is otherwise instructed on the other elements of negligence, including the duty of reasonable care, breach of that duty, and causation. It is unnecessary and suggestive to repeat those elements here. Moreover, in no other instruction does the

Court set out factors for considering reasonableness or breach. Again, this is suggestive and unnecessary.

**DEFENDANTS' RESPONSE:**

Defendants stand on their objections stating that its instruction is not unnecessary or suggestive, but a correct statement of *Carmichael*.

**Proposed Jury Instruction No. 33**
**Varahi Limiting Instruction**

**DEFENDANTS' PROPOSED INSTRUCTION:**

Throughout this trial you have heard evidence relating to Varahi Hotels including the conduct of its employees. You are not permitted to consider this evidence when determining if the Defendants breached a legal duty owed to the Plaintiffs under negligence.

AUTHORITY:

ECF No. 419 dismissing claims against Varahi and Red Roof Inn Defendants as to Melissa, Delann, Whitney, Rebecca P., and Elizabeth with prejudice.

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to a limiting instruction like this as unnecessary and confusing because there are no claims for negligence stemming from the Smyrna hotel after the start of Varahi's ownership in December 2012. Plaintiffs do not have a negligence claim arising from the Smyrna hotel for the period after Varahi's ownership began, and the verdict form will reflect this, making clear which Plaintiffs have negligence claims against the Defendants.

Moreover, Plaintiffs object to this instruction as a misstatement of the law. The jury is allowed to consider evidence "relating to Varahi Hotels including the conduct of its employees." The jury is not, however, allowed to impute any conclusion that Varahi Hotels was negligent onto the Red Roof Defendants and determine the Red Roof Defendants were negligent solely based on Varahi's negligence. But the verdict form, which will not direct jurors to enter a negligence finding for Defendants during the Varahi period, can prevent this from happening.

To the extent a limiting instruction on Varahi's conduct is permitted, then it should include instructions on the reasons the jury may consider this evidence. Although Plaintiffs believe a limiting instruction on Varahi's conduct should not be given, if the Court allows for such an instruction, Plaintiffs suggest the language below.

54

**PLAINTIFF'S PROPOSED INSTRUCTION (if Court deems limiting instruction on Varahi's conduct appropriate):**

Throughout this trial, you have heard evidence relating to Varahi Hotels, including the conduct of its employees. While you may consider this evidence, you may not impute any conclusion that Varahi was negligent onto the Red Roof Defendants and decide that the Red Roof Defendants are liable for negligence solely on the basis of Varahi's negligence. You may still consider evidence relating to Varahi Hotels, including the conduct of its employees, as it relates to other claims that Plaintiffs have asserted against Defendants, including their TVPRA and Georgia RICO claims.

**DEFENDANTS' OBJECTION:**

Defendants disagree with this instruction and believe it should be read as drafted by the Defendants. Defendants' instruction is not a misstatement of the law. It clearly states that the jury cannot consider evidence of Varahi including its employees when determining breach and negligence. It does not state the evidence cannot be considered for other claims. Further, Defendants request individual verdict forms. This instruction should remind the jury which Plaintiffs' have negligence claims given that there are eleven Plaintiffs and four of them no longer have any negligence claim as to Smyrna and Varahi. Further, Plaintiffs' instruction references other claims that the Court has not instructed on, which will confuse and mislead the jury. But even had they are, it is incorrect to instruct the jury that this evidence can be considered under the TVPRA. That is misleading given that Plaintiffs released all vicarious liability for the TVPRA as to the Smyrna-Varahi Plaintiffs.

**PLAINTIFFS' RESPONSE:**

To begin, the verdict forms will make clear which Plaintiffs have negligence claims remaining against which Defendants, and thus an instruction "reminding" the jury of this is unnecessary and less likely to accomplish the effect intended than the verdict form itself.

Secondly, Plaintiffs are not proceeding on a vicarious liability theory that relies solely on Varahi's conduct to make the Red Roof Defendants liable under the TVPRA. Rather, Varahi's conduct is relevant to Red Roof's liability because the jury could find that Varahi was a participant in the same venture that violated the TVPRA and in which the Red Roof Defendants also participated.

PLAINTIFFS' RICO CLAIMS

**Proposed Jury Instruction No. 34**
**RICO; Introduction**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Plaintiffs allege that Defendants violated the Georgia Racketeer Influenced and Corruption Organizations Act. The Act is commonly referred to as the "Georgia RICO Act."

The word "racketeering" has certain implications in our society, but in this case, it is not necessary that Plaintiff demonstrates any sort of connection with organized crime to prove a violation of the RICO Act. Racketeering activity has a specific legal definition, which I will give you shortly. That is the definition you should apply in this case.

AUTHORITY:

> O.C.G.A. § 16-14-4; *Cotton, Inc. v. Phil-Dan Trucking*, 270 Ga. 95 (1998); *Patterson v. Proctor*, 237 Ga. App. 244, 246 (1999); *Dee v. Sweet*, 218 Ga. App. 18 (1995); *Larson v. Smith*, 194 Ga. App. 698, 699 (1990).

**DEFENDANTS' OBJECTION:**

Defendants object to the reference to "organized crime." This contention has no place in the jury instructions. The authority cited arises in the context of a preliminary injunction (*Cotton*), summary judgment (*Patterson & Larson*), and JNOV (*Sweet*). In all cases the defendants argued that the RICO claim failed as a matter of law because there was no evidence that they were part of "organized crime." In response, the courts explained that a "nexus to organized crime" is not a legal requirement. Nothing, however, in these cases supports the assertion that this statement belongs in jury instructions. Presenting this authority through a jury

instruction is incorrect and prejudicial. The Defendants object to this instruction as written.

**PLAINTIFFS' RESPONSE:**

As Defendants acknowledge, the cited cases make clear that "organized crime" is not a legal requirement, and the jury should be instructed on that law.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Plaintiffs assert claims against Defendants for allegedly violating Georgia's Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Plaintiffs specifically claim that Defendants violated and conspired to violate Georgia's RICO under O.C.G.A. 16-14-4(a) and (c). Racketeering activity has a specific legal definition, which I will give you shortly. That is the definition you should apply in this case.

AUTHORITY:

O.C.G.A. § 16-14-4(a) & (c); 7.1 Pattern Civ. Jury Instr. 11th Cir. 7.4 (2020) (modified).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction as incomplete to the extent it does not instruct that the law does not require a Plaintiff to demonstrate a connection with organized crime. Plaintiffs also object to the reference to the statute (O.C.G.A. § 16-14-4(a) and (c))) as unnecessary and confusing for the jury.

**DEFENDANTS RESPONSE:**

Defendants do not agree "organized crime" belongs in the instruction. RRI Defendants contend the Eleventh Circuit's pattern instruction as modified should be given.

## Proposed Jury Instruction No. 35
### RICO; Acquisition or Maintenance of Control Over Money

**PLAINTIFFS' PROPOSED INSTRUCTION:**

It is a violation of the Georgia RICO Act for a person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of property, which includes money.

The Georgia RICO Act does not require that every act of racketeering within the pattern result in a person actually acquiring or maintaining an interest in or control of money. It is sufficient that one or more acts of racketeering within the pattern resulted, or were intended to result, in a Defendant acquiring money.

AUTHORITY:

O.C.G.A. § 16-14-4(a) & (c); *Dorsey v. State*, 279 Ga. 534, 540 (2005).

**DEFENDANTS' OBJECTION:**

The claims for conspiracy and violations are separate causes of action and the jury should be instructed separately. Defendants do not agree that one can just say "or conspire to do so" as that is not a correct statement of the law under O.C.G.A. 16-14-4(a). O.C.G.A. 16-14-4(c) makes clear that more than "to conspire" is required. It states that it unlawful under O.C.G.A. 16-14-4(c) for a person to conspire, which occurs when:

(1) He or she together with one or more persons conspires to violate any of the provisions of subsection (a) or (b) of this Code section and any one or more of such persons commits any overt act to effect the object of the conspiracy; or

(2) He or she endeavors to violate any of the provisions of subsection (a) or (b) of this Code section and commits any overt act to effect the object of the endeavor.

Given this, Defendants do not agree to this instruction as written and do not agree to instruct on O.C.G.A. 16-14-4 (a) and (c) together.

Moreover, Defendants object to the second paragraph as it is not supported by the cited authority. *Dorsey v. State*, 279 Ga. 534, 540 (2005) states only that "[i]t is sufficient that the predicate acts be related to each other and that one or more of the acts which form the *pattern* result in the defendant acquiring or maintaining the prohibited control." This assertion does not support the paragraph cited and Defendants do not agree to this instruction.

**PLAINTIFFS' RESPONSE:**

Plaintiffs' proposed instruction are accurate statements of Georgia RICO law. The specific elements of Plaintiffs' RICO conspiracy claim are set forth in detail in subsequent instructions. And contrary to Defendants' objection, Plaintiffs' statement is supported by *Dorsey,* which provides:

> Dorsey also asserts that the State failed to offer evidence that he acquired personal property and money "through a pattern of racketeering." It is sufficient that the predicate acts be related to each other and that one or more of the acts which form the *pattern* result in the defendant acquiring or maintaining the prohibited control.

*Dorsey v. State*, 279 Ga. 534, 540 (2005).

**DEFENDANTS' PROPOSED INSTRUCTION:**

GEORGIA RICO O.C.G.A. 16-14-4(a)

It is a violation of O.C.G.A. 16-14-4(a) for a person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest or control in property, which includes money.

To succeed on a claim under O.C.G.A. 16-14-4(a), Plaintiffs must prove each element of their claim by a preponderance of evidence. Now I'll provide you with some additional instructions to apply as you consider the facts that Plaintiffs must prove.

6489869.1

AUTHORITY:

> O.C.G.A. § 16-14-4(a); 7.1 Pattern Civ. Jury Instr. 11th Cir. 7.4 (2020) (modified)

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this charge as an incomplete and misleading statement of the law. As noted in Plaintiffs' proposed charge, Plaintiffs are not required to prove that each Defendant acquired money from each predicate act. Plaintiffs also object to the reference to the statute (O.C.G.A. § 16-14-4(a)) as unnecessary and confusing for the jury. Plaintiffs' proposed instruction provides the correct statement of law as adjusted to the evidence in this case.

**DEFENDANTS' RESPONSE:**

Defendants state that the first paragraph of its instruction is a statement of the statutory requirements in O.C.G.A. 16-14-4(a). It is unclear how relying on statutory language is "incomplete" or "misleading." Further, instructing the jury that the claim alleged is statutory, and providing that citation is not misleading or confusing.

**Proposed Jury Instruction No. 36**
**RICO; Acquiring Interest**

**DEFENDANTS' PROPOSED INSTRUCTION:**

ACQUIRING INTEREST

Plaintiffs must prove by a preponderance of the evidence that Defendants, through the pattern of racketeering activity, acquired or maintained an interest in, or control of, an enterprise, real property, or personal property of any nature, including money. To find that Plaintiffs have established this element, you must find by a preponderance of the evidence not only that Defendants had some interest in or control over an enterprise, real property, or personal property of any nature, including money, but also that this interest or control was connected to the pattern of racketeering activity.

It isn't sufficient that Defendants engaged in racketeering activities if they acquired an interest in, or control of, the enterprise, real property, or personal property of any nature, including money, through legitimate activities.

AUTHORITY:

O.C.G.A. 16-6-9; O.C.G.A. 16-6-10; O.C.G.A. 16-14-3(5)(A)(vii); *Ahn v. State*, 279 Ga. App. 501, 503, 631 S.E.2d 711, 713 (2006); *J.C. v. I Shri Khodiyar, LLC*, 624 F. Supp. 3d 1307, 1321 (N.D. Ga. 2022); O.C.G.A. 16-2-1; O.C.G.A. 16-5-46; Pattern Civ. Jury Instr. 11th Cir. 7.2 (2022).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction because it is duplicative of the instruction that immediately precedes it, does not fit the facts of this case, and is an incorrect statement of the law. The Court will have already instructed the jury on Plaintiffs'

burden of proof, and it is unnecessary to repeat the burden of proof in every instruction. Further, Plaintiffs object to including "real property, or personal property of any nature" in the instruction, as this is not fit to the facts of the case.

Further, the second sentence is a misstatement of O.C.G.A. § 16-4-4(a), which requires that a person, through a pattern of racketeering activity, have acquired property "directly or indirectly" and does not speak in terms of a "connection" to the pattern. The omission of "directly or indirectly" and inclusion of "connected to the pattern of racketeering activity" is thus incorrect.

Additionally, Plaintiffs object to the final paragraph of the instruction, which is an incorrect and argumentative statement of the law, unsupported by the cited cases. Legitimate and argumentative. Instead, it is clear that legitimate businesses "enjoy neither an inherent incapacity for criminal activity nor immunity from its consequences." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985); *Reaugh v. Inner Harbour Hosp., Ltd.,* 214 Ga. App. 259, 264 (1994) ("The fact that [defendant] was a legitimate corporation does not insulate it from RICO liability").

**DEFENDANTS' RESPONSE:**

Defendants disagree that the instructions do not fit the facts. The statute states, "real property, or personal property" and it should be given as written. Further, the second paragraph is part of the Eleventh Circuit Pattern Instructions on Federal Civil RICO, which Georgia RICO is modeled after—making this authority persuasive. *Williams Gen. Corp. v. Stone*, 614 S.E.2d 758 (Ga. 2005). And Plaintiffs cited authority does little more than state that legitimate businesses can violate RICO. That is not what the instruction states. The instruction correctly states that it is not enough to show racketeering activity occurred, Plaintiffs must show that the control of an "enterprise, real property, or personal property of any nature, including money" came through the racketeering activity. Proof of racketeering activity along with legitimately acquiring money is not enough. This instruction should be given.

## Proposed Jury Instruction No. 37
## RICO; Racketeering Activity Defined

I will now instruct you concerning what constitutes racketeering activity in this case.

Plaintiffs assert that the Defendants committed certain criminal offenses that are defined by Georgia law as racketeering activity. If you find that a Defendant violated any of the following criminal prohibitions, that conduct would constitute an act of racketeering activity.

(A)   Keeping a place of prostitution;

(B)   Engaging in trafficking for sexual servitude;

(C)   Pimping; and

(D)   Prostitution.

I will define the relevant criminal offenses—sometimes known or referred to as "predicate acts" under the Georgia RICO Act—for you.

A Defendant committed these offenses if it did so directly, or as a party to the crime.

AUTHORITY:

O.C.G.A. § 16-14-3(5)(A); *Williams General Corp. v. Stone*, 279 Ga. 428 (2005).

**DEFENDANTS' OBJECTION:**

Defendants object because this instruction states that Plaintiffs have asserted the "TVPRA" as a predicate act. Not true. Plaintiffs never pled or asserted the "TVPRA" as a predicate act under Civil RICO, nor could they. Section 1595, which is the

alleged violation of the TVPRA here, is not an enumerated predicate act under O.C.G.A. 16-14-3(c). This is true even though O.C.G.A. 16-14-3(c) incorporates the definition of "racketeering activity" under 18 U.S.C. 1961(1). Section 1961(1) does not include 18 U.S.C. 1595. At most, it lists 18 U.S.C. 1591. But Plaintiffs never pled 1591 as a predicate act in their Amended Complaint (Doc. 38) and Plaintiffs cannot use the Joint Pretrial Order to expand their predicate acts. *See Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 597 (11th Cir. 2008); (Doc. 499).

65

**Proposed Jury Instruction No. 38**
**RICO; Party to Crime Defined**

Every party to a crime may be charged with and convicted of commission of

the crime.  A person is a party to a crime only if that person:

(A)    Directly commits the crime;

(B)    Intentionally helps in the commission of the crime; or

(C)    Intentionally advises, encourages, hires, counsels, or procures another
to commit the crime.

AUTHORITY:

Ga. Crim. Pattern Instructions § 1.42.10.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 39**
**Criminal responsibility of corporations**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A corporation is a "person" for purposes of the Georgia civil RICO Act. Thus, a corporation can be held directly liable for the acts of its employees, officers, and agents. A corporation may also conspire with its employees, officers, and agents.

AUTHORITY:

*Williams General Corp. v. Stone*, 280 Ga. 631, 631 (2006) (citing O.C.G.A. §§ 16-1-3(12), 1-3-3(14)).

**DEFENDANTS' PROPOSED INSTRUCTION:**

The Defendants' are corporations, and a corporation may be prosecuted for the act or omission constituting a crime only if:

(1) The crime is defined by a statute which clearly indicates a legislative purpose to impose liability on a corporation, and an agent of the corporation performs the conduct which is an element of the crime while acting within the scope of his office or employment and on behalf of the corporation; or

(2) The commission of the crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment in behalf of the corporation.

6489869.1

"Agent" means any director, officer, servant, employee, or other person who is authorized to act in behalf of the corporation.

"Managerial official" means an officer of the corporation or any other agent who has a position of comparable authority for the formulation of corporate policy or the supervision of subordinate employees.

AUTHORITY:

O.C.G.A. 16-2-22

**PLAINTIFFS' OBJECTION:**

This Court has already rejected Defendants' argument that, as corporations, they cannot be liable under Georgia RICO. *See* Order on MSJ. Doc. 421 at 28–29.

Similarly, the Georgia Supreme Court specifically rejected this argument when it held that "O.C.G.A. § 16-2-22 does not pertain to civil suits brought under the Georgia civil RICO Act." *Williams General Corp. v. Stone*, 280 Ga. 631, 632–33 (2006). Instead, a corporation is liable under civil RICO for the acts of its agents just as any other person would be. *Id*; *see also Faillace v. Columbus Bank & Tr. Co.,* 269 Ga. App. 866, 869 (2004) ("Although some participation in the racketeering activity is clearly required, there is nothing in OCGA § 16–14–4(b) to suggest that each participant must hold a directorial or managerial position concerning that activity before criminal liability attaches. In this respect, the Georgia statute is significantly broader than the federal statute on which it was modeled.).

**DEFENDANTS' RESPONSE:**

Defendants disagree. In *Williams General Corp. v. Stone*, 280 Ga. 631 (2006), the Georgia Supreme Court considered whether O.C.G.A. 16-2-22 applied to O.C.G.A. 16-14-4. In other words, it considered whether a corporation was a "person" under O.C.G.A. 16–14–1, et seq. *Williams General Corp.*, did not comment on, or consider, the application of O.C.G.A. 16-2-22 to the alleged predicate acts at issue here. Rather, O.C.G.A. 16-2-22 applies to determine whether a corporation can be charged with or "indicted" for committing a predicate act in the first place. This matters because an act is only "racketeering activity" under O.C.G.A. 16-14-3, if it is "chargeable by indictment under the laws of this State[.]" Thus, whether a

corporation can be indicted under a specific criminal statute is directly at issue. This instruction must be given.

## Proposed Jury Instruction No. 40
## RICO; Predicate Acts; Prostitution

**PLAINTIFFS' PROPOSED INSTRUCTION**:

One kind of racketeering activity, or predicate act, alleged by the Plaintiffs in this case is prostitution.

A person, 18 years of age or older, commits the offense of prostitution when he or she:

(1)    Performs or offers or consents to perform;

(2)    a sexual act;

(3)    for money or something else of value.

If you find that any Defendant committed or was a party to the crime of prostitution, that conduct would constitute an act of racketeering activity.

AUTHORITY:

O.C.G.A. § 16-6-9.

**PLAINTIFFS' RESPONSE:**

Plaintiffs pleaded a predicate act of aiding and abetting prostitution. SAC ¶¶ 393–95.

**DEFENDANTS RESPONSE:**

Aiding and abetting is covered by defining parties to a crime. This response is unnecessary. Defendants note that in WK, Plaintiffs plead prostitution. Defendants object to the first paragraph of this instruction.

**DEFENDANTS' PROPOSED INSTRUCTION**

One kind of racketeering activity, or predicate act, alleged by the Plaintiffs in this case is prostitution.

A person, 18 years of age or older, commits the offense of prostitution when he or she:

(1) Performs or offers or consents to perform;

(2)    a sexual act;

(3)    for money or something else of value.

The Plaintiffs bear the burden of proving the following by a preponderance of the evidence as to each Defendant.

AUTHORITY:

O.C.G.A. § 16-6-9.

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to Defendants' proposed instruction to the extent it includes instruction regarding the burden of proof. The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof here.

Additionally, Plaintiffs object to the extent this instruction omits language explaining the consequence of finding, or not, that Plaintiffs have proven a Defendant committed or was party to the offense of prostitution. The language from Plaintiffs' proposed instruction ("If you find that any Defendant committed or was a party to the crime of prostitution, that conduct would constitute an act of racketeering activity."), or something like it, should be included.

**Proposed Jury Instruction No. 41**
**RICO; Predicate Acts; Keeping a Place of Prostitution**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A person commits the offense of keeping a place of prostitution when a person has control over the use of any place offering seclusion or shelter and that person knowingly permits the use of that place for the purpose of prostitution.

If you find that any Defendant committed the offense of keeping a place of prostitution or was a party to the crime of keeping a place of prostitution, that conduct would constitute an act of racketeering activity.

AUTHORITY:

> O.C.G.A. § 16-6-10; *Coleman v. State*, 5 Ga. App. 766 (1909); *Fitzgerald v. State*, 10 Ga. App. 70, 77 (1911); *Peters v. State*, 72 Ga. App. 157, 158 (1945); *Shealy v. State*, 142 Ga. App. 850, 850 (1977); *Brannan v. State*, 43 Ga. App. 231 (1931); *Ward v. State*, 22 Ga. App. 786 (1918).

**DEFENDANTS' OBJECTION:**

Defendants object to this phrasing as it does not provide critical definitions and omits the burden Plaintiffs must prove to prove this as a predicate act.

**PLAINTIFFS' RESPONSE:**

The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof in every instruction. Plaintiffs' instruction tracks the language in O.C.G.A. § 16-6-10 and is modified only for clarity.

**DEFENDANTS' PROPOSED INSTRUCTION:**

One kind of racketeering activity, or predicate act, alleged by the Plaintiffs in this case is keeping a place of prostitution. To prove that any Defendant kept a place of prostitution, the Plaintiffs bear the burden of proving each of the following elements by a preponderance of the evidence as to each Defendant:

(1) that the Defendant had or exercised control over the use of any place or conveyance,

(2) that the place or conveyance offered seclusion or shelter for the practice of prostitution, and

(3) that the Defendant knowingly granted or permitted the use of that place for the purpose of prostitution.

Prostitution occurs when a person performs or offers or consents to perform a sexual act, including but not limited to sexual intercourse or sodomy, for money or other items of value.

Further, under Georgia law, for purposes of keeping a place of prostitution, Plaintiffs must prove that each Defendant acted knowingly, that is each Defendant is aware and deliberately granted or permitted the use of a place under its control for the purpose of prostitution.

AUTHORITY:

O.C.G.A. §§ 16-6-9,; O.C.G.A. 16-6-10; KNOWINGLY, Black's Law Dictionary (11th ed. 2019).

**PLAINTIFFS' OBJECTION:**

6489869.1

The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof here. Similarly, Plaintiffs object to including a definition of "knowledge" within this instruction, as the jury will also be instructed on that elsewhere.

Moreover, Defendants' definition of "knowledge" is incomplete. Georgia cases make clear that, in this context, willful blindness is sufficient to establish knowledge. As the Georgia Court of Appeals held in *Fitzgerald v. State*, a defendant "cannot shut his eyes to what was going on around him, for the purpose of avoiding knowledge, and then defend on the ground of his lack of knowledge." 10 Ga. 70, 77 (1911). If the Court determines that an instruction on "knowledge" is appropriate here, then Plaintiffs request it includes a full definition, including the above quoted language from *Fitzgerald*.

Lastly, it is an inaccurate statement of the law to say that "[t]o prove *any* Defendant" committed the predicate act of keeping a place of prostitution, Plaintiffs must prove that "each Defendant['s]" conduct satisfied the elements of the crime. Instead, to prove that any *one* Defendant committed the predicate act of pimping, Plaintiffs need only prove that *that* Defendant's conduct satisfied the elements.

**DEFENDANTS' RESPONSE:**

The burden of proof should be included. It is not enough to simply provide one instruction that Plaintiffs' have the burden. Georgia RICO involves multiple elements including proof of predicate acts within the cause of action itself. The Eleventh Circuit Pattern Instructions include the burden of proof on each instruction under the Federal Civil RICO. The same should be done here. Further, Plaintiffs' reliance on *Fitzgerald* is misplaced. This case occurred in 1911. Over the last 100 years, the law has developed. Including providing a pattern criminal instruction on knowledge. Under Georgia's pattern instruction the standard is knowledge, it states nothing about constructive knowledge. Ga. Crim. Pattern Instruction 1.43.10. Moreover, *Fitzgerald* does not use the word "willful blindness" let alone state that this is sufficient such that a pattern instruction on the same would be correct. Defendants instruction should be given as written.

**Proposed Jury Instruction No. 42**
**RICO; Predicate Acts; Trafficking for Sexual Servitude**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A person commits the offense of trafficking a person for sexual servitude when that person knowingly:

(1)     Subjects an individual to or maintains an individual in sexual servitude; or

(2)     Recruits, entices, harbors, transports, provides, solicits, patronizes, or obtains by any means an individual for the purpose of sexual servitude.

"Sexual servitude" means

(1)     any sexually explicit conduct; or

(2)     any performance involving sexually explicit conduct for which anything of value is directly or indirectly given, promised to, or received by any individual;

(3)     where the conduct described is induced or obtained by coercion or deception.

"Coercion" includes a wide range of physical and nonphysical harms, including those that are psychological, reputational, and financial. "Coercion" includes, but is not limited to:

(1)     Actual or threatened bodily harm, physical restraint, legal restraint, or confinement, to the alleged victim or any other individual;

(2)     Providing a controlled substance to the alleged victim to compel the victim to engage in sexual servitude against her will; or

(3)     Causing or threatening to cause financial harm to the alleged victim or any individual or using financial control over any individual.

"Deception" means:

(1)     Creating or confirming another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; or

(2)     Promising benefits or the performance of services which the accused does not intend to deliver or perform or knows will not be delivered or performed.

The age of consent for sexual activity shall not constitute a defense in a prosecution for a violation involving sexual servitude.

If you find that any Defendant committed the offense of trafficking for sexual servitude or was a party to the crime of trafficking for sexual servitude, that conduct would constitute an act of racketeering activity.

AUTHORITY:

> O.C.G.A. §§ 16-5-46(c) (defining the offense of trafficking an individual for sexual servitude), 16-5-46(a)(8) (defining sexual servitude), 16-5-46(a)(1) (defining coercion), 16-5-46(a)(3) (defining deception); 16-15-46(d) (noting that age of consent is not a defense); *see also Lemery v. State*, 330 Ga. App. 623, 624 (2015) (interpreting "coercion" as used in § 16-45-46(a)(1) to "include a wide range of nonphysical harms, including those that are psychological, reputational, and financial").

**DEFENDANTS' OBJECTION:**

Defendants do not dispute that the definitions are correctly quoted, however, Defendants object to this phrase as it does not provide critical definitions and omits the burden Plaintiff must prove to prove this as a predicate act. Further, Defendants have revised their instruction to remove subsection (3) which states sexual servitude exists if a person "[b]enefits financially or by receiving anything of value from the sexual servitude of another." This portion of the statute was added in 2019. None of Plaintiffs' allegations go beyond 2018. In other words, this statute did not exist at the time of Plaintiffs' alleged trafficking. And O.C.G.A. 16-5-46(c) does not apply retroactively. *Deal v. Coleman*, 751 S.E.2d 337, 342 (Ga. 2013) (noting that laws do not apply retroactively unless there is "some clear indication in the statutory text").

**PLAINTIFFS' RESPONSE:**

The court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof.

**DEFENDANTS' PROPOSED INSTRUCTION:**

For sexual servitude to be a predicate act, Plaintiffs must prove by a preponderance of the evidence that a Defendant knowingly:

(1) Subjects an individual to or maintains an individual in sexual servitude;

(2) Recruits, entices, harbors, transports, provides, solicits, patronizes, or obtains by any means an individual for the purpose of sexual servitude; or

"Sexual servitude" means any (a) sexually explicit conduct or (b) any performance involving sexually explicit conduct for which anything of value is directly or indirectly given, promised to, or received by any individual, and where the conduct is induced or obtained by coercion or deception.

"Coercion" includes a wide range of physical and nonphysical harms, including those that are psychological, reputational, and financial. "Coercion" includes, but is not limited to:

(1) Actual or threatened bodily harm, physical restraint, legal restraint, or confinement, to the alleged victim or any other individual;

(2)    Providing a controlled substance to the alleged victim to compel the victim to engage in sexual servitude against her will; or

(3)    Causing or threatening to cause financial harm to the alleged victim or any individual or using financial control over any individual.

"Deception" means:

(1) Creating or confirming another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; or

(2) Promising benefits or the performance of services which the accused does not intend to deliver or perform or knows will not be delivered or performed

The age of consent for sexual activity shall not constitute a defense in a prosecution for a violation involving sexual servitude.

AUTHORITY:

O.C.G.A. §§ 16-5-46(c) (defining the offense of trafficking an individual for sexual servitude), 16-5-46(a)(8) (defining sexual servitude), 16-5-46(a)(1) (defining coercion), 16-5-46(a)(3) (defining deception); 16-15-46(d) (noting that age of consent is not a defense); *Lemery v. State*, 330 Ga. App. 623, 624 (2015) (interpreting "coercion" as used in § 16-45-46(a)(1) to "include a wide range of nonphysical harms, including those that are psychological, reputational, and financial").

**PLAINTIFFS' OBJECTION:**

Defendants' proposed instruction tracks Plaintiffs' instruction, except for removing Plaintiffs' last paragraph and repeating the burden of proof. The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof. The Court should include the last paragraph in Plaintiffs' proposed instruction as it explains the consequence of finding, or not, that a Defendant committed the offense of trafficking a person for sexual servitude would constitute an act of racketeering activity.

**DEFENDANTS' RESPONSE:**

Defendants disagree that the concluding paragraph is needed. Further, Defendants have revised their instruction to remove subsection (3) which states sexual servitude exists if a person "[b]enefits financially or by receiving anything of value from the sexual servitude of another." This portion of the statute was added in 2019. None of Plaintiffs' allegations go beyond 2018. In other words, this statute did not exist at the time of Plaintiffs' alleged trafficking. And O.C.G.A. 16-5-46(c) does not apply retroactively. *Deal v. Coleman*, 751 S.E.2d 337, 342 (Ga. 2013) (noting that laws do not apply retroactively unless there is "some clear indication in the statutory text").

**Proposed Jury Instruction No. 43**
**Liability of a Corporation**

**DEFENDANTS' PROPOSED INSTRUCTION:**

Defendants are corporations, and as a corporation, Defendants can only

commit a violation of sexual servitude if:

(1) an agent of the Defendant performs the conduct which is an element of
the crime while acting within the scope of his or her office or employment
and on behalf of the Defendant; and

(2) the commission of the crime was either authorized, requested,
commanded, performed, or within the scope of his or her employment on
behalf of the corporation or constituted a pattern of illegal activity that an
agent of the Defendant knew or should have known was occurring.

AUTHORITY:

O.C.G.A. 16-5-46(j).)

**PLAINTIFFS' OBJECTION:**

Plaintiffs' object to this instruction because this subsection of Georgia's trafficking
for sexual servitude statute relates to the criminal prosecution of corporations.  As a
civil action, this case does not involve the criminal prosecution of a corporation and
therefore O.C.G.A. § 16-5-46(j) does not apply. The Georgia Supreme Court
established this in *Williams General Corp. v. Stone*, where it ruled that O.C.G.A.
§ 16-2-22, another statute relating to criminal liability for corporations, did not apply
to civil suits brought under the state RICO Act. 280 Ga. 631, 631 (2006).

Likewise, the Georgia Court of Appeals has confirmed that "[a]lthough some
participation in the racketeering activity is clearly required," "nothing" in Georgia's
civil RICO Act "suggest[s] that each participant must hold a directorial or
managerial position concerning that activity before criminal liability attaches. In this
respect, the Georgia statute is significantly broader than the federal statute on which
it was modeled." *Faillace v. Columbus Bank & Tr. Co.,* 269 Ga. App. 866, 869
(2004).

**DEFENDANTS RESPONSE:**

The instructions should be given. O.C.G.A. 16-5-46 is clear and specifically lists when a corporation can be charged criminally for sexual servitude. An act is only "racketeering activity" under O.C.G.A. 16-14-3, if it is "chargeable by indictment under the laws of this State[.]" In other words, O.C.G.A. 16-5-46(j) sets forth when a corporation can be indicted for sexual servitude. This standard does not change because Plaintiffs' allegations are civil. The plain language of the statute controls. And the Georgia Supreme Court's holding in *Williams General Corp. v. Stone*, 280 Ga. 631 (2006) does not alter this analysis. In *Williams General Corp.*, the Georgia Supreme Court considered whether O.C.G.A. 16-2-22 applied to O.C.G.A. 16-14-4. In other words, it considered whether a corporation was a "person" under O.C.G.A. 16–14–1, et seq. *Williams General Corp.*, did not comment on, or consider, the application of O.C.G.A. 16-2-22 to sexual servitude. In fact, it states that a corporation "may be prosecuted for the act or omission constituting a crime only if… [t]he crime is defined by statute which clearly indicates a legislative purpose to impose liability on a corporation…" The legislature set forth its intent under O.C.G.A. 16-5-46(j) when a corporation can be charged with sexual servitude under Georgia law. RICO does not alter the statutory language. This instruction must be given.

**Proposed Jury Instruction No. 44**
**RICO; Predicate Acts; Pimping**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A person commits the offense of pimping when they perform any of the following acts:

(1)   Offered or agreed to obtain a prostitute for someone else;

(2)   Offered or agreed to arrange a meeting for the purpose of prostitution;

(3)   Directed or transported another person to a place when he or she knows or should know that the direction or transportation is for the purpose of prostitution;

(4)   Received money or something else of value from a prostitute without lawful consideration, knowing it was earned partly or completely from prostitution; or

(5)   Aided, abetted, counseled, or commanded another person to commit prostitution, when the proceeds from the prostitution would be divided between the pimp and the prostitute.

If you find that any Defendant committed the offense of pimping or was a party to the crime of pimping, that conduct would constitute an act of racketeering activity.

AUTHORITY:

O.C.G.A. § 16-6-11.

**DEFENDANTS' OBJECTION:**

Defendants further object to the phrasing of this instruction as it omits the burden of proof and additional instructions. Defendants further object to the concluding paragraph as it is unnecessary.

**PLAINTIFFS' RESPONSE:**

The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof here.

**DEFENDANTS' PROPOSED INSTRUCTION:**

PIMPING O.C.G.A. 16-6-11

The second kind of racketeering activity, or predicate act, alleged by the Plaintiffs in this case is pimping. To prove that any Defendant committed pimping, the Plaintiffs bear the burden of proving by a preponderance of the evidence that each Defendant:

(1) Offered or agreed to procure a prostitute for another;

(2) Offered or agreed to arrange a meeting of persons for the purpose of prostitution;

(3) Receives money or other thing of value from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or

(4) Aids or abets, counsels, or commands another in the commission of prostitution or aids or assists in prostitution where the proceeds or profits derived therefrom are to be divided on a pro rata basis.

AUTHORITY:

O.C.G.A. 16-6-11; *J.C. v. I Shri Khodiyar, LLC*, 624 F. Supp. 3d 1307, 1323 (N.D. Ga. 2022).

**PLAINTIFFS' OBJECTION:** The Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof here.

Further, it is an inaccurate statement of the law to say that "[t]o prove *any* Defendant" committed the predicate act of pimping, Plaintiffs must prove that "each Defendant['s]" conduct satisfied the elements of the crime. Instead, to prove that any one Defendant committed the predicate act of pimping, Plaintiffs need only prove that *that* Defendant's conduct satisfied the elements.

**DEFENDANTS' RESPONSE**: The burden of proof should be given.

6489869.1

**Proposed Jury Instruction No. 45**
**RICO; Pattern of Racketeering Activity Defined**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A pattern of racketeering activity means engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission. Acts of racketeering are also related if they have common distinguishing characteristics and are not isolated events. To be related, the acts of racketeering do not have to be the same kind of act, nor do they have to have the same objective.

And while at least two incidents of racketeering activity areis required to form a pattern, this does not mean that each RICO defendant must itself commit at least two acts. What matters is the existence of a pattern of criminal activity, including at least two related acts, and each defendant's participation in that pattern, whether by one act or more.

AUTHORITY:

> O.C.G.A. § 16-14-3(4)(A); *Dorsey v. State*, 279 Ga. 534, 540–41 (2005); *Faillace v. Columbus Bank & Trust Co*., 269 Ga. App. 866, 869 (2004).

**DEFENDANTS OBJECTION:**

Defendants object to this instruction as incomplete and recommend the addition below.

**PLAINTIFFS' RESPONSE:**

Plaintiffs' instruction is not incomplete and, for the reasons stated below, Defendants' addition renders the instruction an inaccurate statement of Georgia law.

**DEFENDANTS' PROPOSED INSTRUCTION:**

A Defendant engages in a pattern of racketeering activity when that Defendant commits two or more related acts of racketeering—that is, two or more related predicate acts as I have just defined them.

Acts of racketeering or predicate acts are related to one another if they have the same or similar purposes, results, participants, victims, or methods of commission. Acts of racketeering are also related if they have common distinguishing characteristics and are not isolated events. To be related, the acts of racketeering do not have to be the same kind of act, nor do they have to have the same objective.

But it's insufficient if you don't all agree to the finding of what two or more predicate acts a Defendant committed. Some of you can't find that the predicate acts are A, B, and C and the rest of you find that the predicate acts are X, Y, and B. Put another way, you can't find that a Defendant has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that Plaintiffs have proved by a preponderance of the evidence that Defendants committed each of the two or more predicate acts that you find make up that pattern.

AUTHORITY:

6489869.1

O.C.G.A. § 16-14-3(5)(A)(vii); 7.1 Pattern Civ. Jury Instr. 11th Cir. 7.4 (2020) (modified).

## PLAINTIFFS' OBJECTION:

Plaintiffs object because Defendants' proposed instruction is not an accurate statement of the Georgia civil RICO Act, O.C.G.A. § 16-14-4(a), (c).

Under the Georgia Act, a plaintiff does not need to prove that each RICO defendant committed at least two predicate acts. "Since the core purpose of the Act is to reach collective action, what matters is the existence of a pattern of criminal activity (including at least two interrelated acts) and each defendant's participation in that pattern, whether by one act or more." *Faillace v. Columbus Bank & Trust Co.* 269 Ga. App. 866, 868 (2004). "[T]his does not mean that *each* RICO defendant must commit at least two acts to come under the Act's prohibitions." *Id.* (emphasis in original). Thus, while a pattern requires at least two predicate acts, an individual defendant need only have committed one predicate act within the pattern. *Id.*

Similarly, Georgia RICO does not require unanimity from the jury regarding which predicate acts form part of the pattern. In fact, the Georgia Supreme Court has held in the criminal context that even if certain predicate offenses were improperly charged, so long as the proof is generally sufficient to support finding a pattern, the conviction will stand. *E.g. Dorsey v. State*, 279 Ga. 534, 540 (2005) (collecting authority); *Cotman v. State*, 342 Ga. App. 569, 581 (2017) (affirming RICO conspiracy conviction and rejecting challenge to instruction that jury, to convict, needed only to find that the defendants conspired to violate the RICO act in one of the two ways alleged, with no unanimity requirement). If in the criminal context the Georgia Supreme Court will not vacate a conviction based on the possibility that a jury relied on an improper predicate act to find a pattern, then there can be no requirement that the jury be unanimous regarding which predicate acts support their verdict. After all, if unanimity were required, possible reliance on an improper predicate would require retrial.

## DEFENDANTS' RESPONSE:

The instruction is a correct statement of the law. Defendants dispute Plaintiffs assertion that "under Georgia RICO, a plaintiff does not need to prove that each RICO defendant committed at least two predicate acts." Defendants' instruction should be given.

**Proposed Jury Instruction No. 46**
**Limited Predicate Act Evidence**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Throughout this trial you have heard evidence in the form of customer complaints, emails, newspaper articles, and other communications to Defendants regarding crimes including prostitution or sex trafficking. You are not permitted to use or consider this evidence as truth or proof that a crime occurred or was committed. You may, however, consider this as evidence of notice of the reported crimes to the Defendants.

AUTHORITY:

*Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718 (2023);
*Whaley v. State,* 343 Ga. App. 701 (2017).

**DEFENDANTS' OBJECTION:**

This is unnecessary and is inherently prejudicial. This is a curative instruction reminding the jury that the reviews and other items cannot be used to prove a crime was committed. It does not need to be instructed on what it can be considered for. Moreover, Plaintiffs assertions are replete with misstatements of law.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Throughout this trial you have heard evidence in the form of customer complaints, emails, newspaper articles, and other communications to the Defendants regarding crimes including prostitution or sex trafficking. You are not permitted to use or consider this evidence as truth or proof that a crime occurred or was committed.

88

6489869.1

AUTHORITY:

> Pretrial transcript at 86:6-17.

**PLAINTIFFS' OBJECTION:**

Plaintiffs' object to this instruction as incomplete because it does not instruct the jury on the permissible reasons to consider the evidence.

**Proposed Jury Instruction No. 47**
**RICO Conspiracy; RICO Conspiracy Defined**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Under Georgia law, a person may be found liable for RICO conspiracy if that person knowingly and willfully joins a conspiracy which itself contains a common plan or purpose to commit two or more acts of racketeering activity. I will instruct you shortly on what "conspiracy" means for these purposes.

You may find that a Defendant has entered into an agreement to violate RICO if that Defendant agreed with at least one other co-conspirator that at least two racketeering acts would be committed by a member of the conspiracy in order to obtain money.

A RICO conspiracy does not require that a Defendant personally committed two racketeering acts or that a Defendant agreed to commit two racketeering acts themselves. Rather, it is sufficient that a Defendant had the knowledge and intent that at least one member of the RICO conspiracy would commit at least two predicate racketeering acts.

You may consider evidence of racketeering acts committed or agreed to be committed by any co-conspirator to determine whether a Defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

AUTHORITY:

> O.C.G.A. § 16-14-4(c)(1); *Cotman v. State*, 342 Ga. App. 569, 584 (2017); *Jackson v. State*, 225 Ga. 39, 44 (1969); *Wylie v. Denton*, 323 Ga. App. 161, 165 (2013); *Pasha v. State*, 273 Ga. App. 788, 790 (2005); *Brown v. State*, 177 Ga. App. 284, 296 (1985).); *United States v. Hein*, 395 F. App'x 652, 656 (11th Cir. 2010); *United States v. Applins*, 637 F.3d 59, 80-82 (2d Cir. 2011); *United States v. Randall*, 661 F.3d 1291, 1296 (10th Cir. 2011).

**DEFENDANTS' OBJECTION:**

Defendants state that this objection is a misstatement of O.C.G.A. 16-14-4(c)(1). Defendants specifically object to the final paragraph because it is both an oversimplification and misstatement of the law.

**PLAINTIFFS' RESPONSE:**

Plaintiffs stand by their instruction and the inclusion of the final paragraph for the reasons stated below, in their objection to Defendants' proposed instruction.

**DEFENDANTS PROPOSED INSTRUCTION:**

Under Georgia law, a person may be found liable for RICO conspiracy if that person knowingly and willfully joins a conspiracy which itself contains a common plan or purpose to commit two or more predicate acts. The predicate acts you may consider are those that I instructed you on previously. You may not consider additional predicate acts. You may find that a Defendant has entered into the requisite agreement to violate RICO if that Defendant agreed with at least one other co-conspirator that at least two racketeering acts would be committed by a member of the conspiracy to obtain money.

For purposes of RICO, a corporation or other legal entity is a person.

6489869.1

A RICO conspiracy does not require that Defendants personally committed two racketeering acts or that Defendants agreed to commit two racketeering acts themselves. Rather, it is sufficient that Defendants had the knowledge and intent that at least one member of the RICO conspiracy would commit at least two predicate racketeering acts and at least one member committed an overt act to further the objective of the conspiracy.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. Whether or not a conspiracy existed is for you to determine, and it is the Plaintiffs' burden to prove such a conspiracy by a preponderance of the evidence. If you conclude that a conspiracy existed as alleged, you should next determine whether each Defendant willfully and knowingly became a member of that conspiracy.

AUTHORITY:

> O.C.G.A. 16-14-4(c)(1); *Wylie v. Denton*, 323 Ga. App. 161, 165 (2013); *Brown v. State*, 177 Ga. App. 284, 295, 339 S.E.2d 332, 343 (1985); Pattern Civ. Jury Instr. 11th Cir. 7.2 (2022).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to Defendants' proposed instruction as incomplete to the extent it does not include language instructing the jury that they may consider evidence of acts committed or agreed to be committed by any co-conspirator to determine whether a Defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

Additionally, the Court will have already instructed the jury on Plaintiffs' burden of proof, and it is unnecessary to repeat the burden of proof in this instruction. Similarly, Plaintiffs object to the last sentence's inclusion. The charge, as proposed

by both Plaintiffs and Defendants, already states that to be found liable, a Defendant must "knowingly and willfully join[] a conspiracy, and repeating the instruction that the jury must determine whether each Defendant "willfully and knowingly" became a member of the conspiracy leaves the charge unbalanced.

**DEFENDANTS' RESPONSE:**

Defendants stand on their objection and disagree that its proposed instruction is incomplete or incorrect. Georgia RICO was modeled after the Federal RICO statute, thus citation to and reliance on the Eleventh Circuit Pattern Instructions on this issue is valid and persuasive. *Williams Gen. Corp. v. Stone*, 614 S.E.2d 758 (Ga. 2005).

Proposed Jury Instruction No. 48

## Conspiracy; Conspiracy Defined

**PLAINTIFFS' PROPOSED CHARGE:**

A conspiracy is an agreement between two or more persons either to do some unlawful act and requires that any one or more of such persons does any overt act to bring about the object of the conspiracy. Each actor in a conspiracy is responsible for the overt actions undertaken by all the other co-conspirators in furtherance of the conspiracy.

Whether or not a conspiracy existed in this case is a matter for you to determine.

AUTHORITY:

> Proposed instruction adapted from Ga. Crim. Pattern Instructions 2.02.10 (citing O.C.G.A. § 16-4-8), 2.02.20; O.C.G.A. § 51-1-1; *Metro Atlanta Task Force for the Homeless, Inc v. Ichthus Cmty. Trust*, 298 Ga. 221, 225 (2015); *Pasha v. State,* 273 Ga. App. 788, 790 (2005).

**DEFENDANTS' OBJECTION:**

Defendants dispute the reliance on the conspiracy definition under O.C.G.A. 51-1-1, as Plaintiffs do not assert any claim under this statute. At most, they have a conspiracy to commit a RICO violation under O.C.G.A. 16-14-4(c). This statute provides the definition of a conspiracy in this context. This instruction, as a standalone instruction is which blends principles of tort and criminal conspiracy standards is misleading. Defendants object this instruction.

**PLAINTIFFS' RESPONSE:**

The principles of conspiracy law included in Plaintiffs' instruction apply to Plaintiffs' claims that Defendants conspired to violate Georgia RICO and

Defendants have cited no authority to the contrary. *See Whaley v. State*, 343 Ga. App. 701, 704 (2017) (quoting and relying on a non-RICO conspiracy case *Hicks v. State*, 295 Ga. 268, 272 (2014), for general conspiracy principles as applied in RICO conspiracy case); *Pasha v. State,* 273 Ga. App. 788, 790 (2005) (same).

95

**Proposed Jury Instruction No. 49**
**Conspiracy; Common Design and Type of Agreement Necessary**

**PLAINTIFFS' PROPOSED CHARGE:**

The essence of a conspiracy is an agreement. The agreement that forms the basis of a conspiracy may be an unspoken, tacit understanding between two conspirators, or it could be an express agreement between two conspirators.

It is not necessary for each conspirator to know each detail of the conspiracy or the identity of each co-conspirator. When persons agree to do an unlawful act, any act done by any party to further the agreement is considered an act of all the conspirators. However, each person is responsible for the acts of others only insofar as such acts are naturally or necessarily done to further the conspiracy.

An agreement may be proved by circumstantial evidence. This means the agreement may be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances, such as presence, companionship and conduct before and after the commission of the alleged offense.

AUTHORITY:

> *J.C.Hilton v. I Shri Khodiyar, LLC*, 624 F. Supp. 3d 1307, 1324 (N.D.*State*, 288 Ga. 2022) ("An agreement to join a [Georgia RICO] 201, 205 (2010) ("The essence of conspiracy need not be express, nor does it require a meeting of is a common design, and conduct which discloses a common design may give rise to an inference of conspiracy."); *Johnson v. State*, 275 Ga. 650, 654 (2002) ("The agreement that forms the minds to the same degree necessary to form a

96

6489869.1

contract, but there must at least be a basis of a conspiracy may be a tacit mutual understanding between conspirators." (quoting *Avery v. State*, 269 Ga. 584, 585 (1998)), *Johnson overruled in part on other grounds by Colton v. State*, 292 Ga. 509 (2013); *Williams v. State*, 267 Ga. 308, 309 (1996) ("The essence of conspiracy ... is an *agreement* ...." (emphasis in original)); *Drane v. State*, 265 Ga. 255, 257 (1995) ("[U]nlike its meaning in contract law," the agreement that forms essence of conspiracy "may be a mere tacit understanding."); *Manhertz v. State*, 317 Ga. App. 856, 863 (2012) ("[I]t is possible for various persons to pursuebe parties to a commonsingle criminal objective."agreement (and thus one conspiracy) even though they do not know the identity of one another, and even though they are not all aware of the details of the plan of operation." (internal quotation marks and alterations omitted)); *Doe 4 v. Red Roof Inns, Inc.*, No. 1:19-CV-03845-WMR, 2021 WL 12104819, at *9 (N.D. Ga. 3, 2021) ("There is no requirement that a [Georgia] RICO conspirator personally commit the underlying predicate offenses, only that some member of the conspiracy does so." (cleaned up)); *WhaleyState*, 343 Ga. App. 701, 704 (2017) (observing that "joint responsibility" for a conspiracy under Georgia RICO "extends not only to what is done by any of the conspirators pursuant to the original agreement but also to collateral acts incident to and growing out of the original purpose, so long as they are a natural and probable consequence of the conspiracy"); *Williamson v. State*, 300 Ga. App. 538, 547-48 (2009) ("Conspiracy may be shown through circumstantial evidence. The conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators and other circumstances, such as presence, companionship and conduct before and after the commission of the alleged offense." (internal citations omitted)); *Aguilera v. State*, 293 Ga. App. 523, 526 (2008) (quoting same language quoted in *Williamson*); *McWilliams v. State*, 177 Ga. App. 447, 449 (1985) ("It is not necessary for each conspirator to know each detail of the conspiracy or the identity of each co-conspirator.").

**DEFENDANTS' OBJECTION:**

Defendants dispute the reliance on the conspiracy definition under O.C.G.A. 51-1-1, as Plaintiffs do not assert any claim under this statute. At most, they have a

conspiracy to commit a RICO violation under O.C.G.A. 16-14-4(c). This statute provides the definition of a conspiracy in this context. This instruction is inappropriate and misleading as a standalone instruction. Defendants object to this instruction in its entirety.

**PLAINTIFFS' RESPONSE:**

The principles of conspiracy law included in Plaintiffs' instruction apply to Plaintiffs' claims that Defendants conspired to violate Georgia RICO and Defendants have cited no authority to the contrary. *See Whaley v. State*, 343 Ga. App. 701, 704 (2017) (quoting and relying on a non-RICO conspiracy case *Hicks v. State*, 295 Ga. 268, 272 (2014), for general conspiracy principles as applied in RICO conspiracy case); *Pasha v. State,* 273 Ga. App. 788, 790 (2005) (same).

**Proposed Jury Instruction No. 50**
**RICO; Overt Act**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

An act in furtherance of a conspiracy is called an overt act. While an overt act may be a crime in itself, such as an act of racketeering activity, it is not required to be a crime.

If you find that there is a conspiracy, you should ask whether any member of the conspiracy committed an overt act in furtherance of the conspiracy. There is no requirement that each member of the conspiracy commit an overt act—one overt act by any member of the conspiracy is sufficient.

AUTHORITY:

> *McCright v. State*, 176 Ga. App. 486, 487 (1985) ("Of course, the overt act need not be a crime in itself. But what is alleged must be an overt act. Thus the question is not whether it is a crime but whether it is an act."); *Pasha v. State*, 273 Ga. App. 788, 790 (2005) (applying general conspiracy principles in RICO conspiracy case); *Wireman v. State*, 163 Ga. App. 439, 440 (1982); *Jackson v. State*, 225 Ga. 39, 44 (1969); *Fincher v. State*, 211 Ga. 89, 90 (1954); *Ingram v. State*, 204 Ga. 164, 182 (1948).

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction, and specifically the first paragraph. None of the cited authorities support or stand for this proposition. Further, the second paragraph of this instruction is duplicative. The jury has already been instructed on the statutory language under O.C.G.A. 16-14-4(c)(1) "[h]e or she together with one or more persons conspires to violate any of the provisions of subsection (a) or (b) of this Code section and any one or more of such persons commits any overt act to effect the object of the conspiracy."

**DEFENDANTS' PROPOSED INSTRUCTION:**

An overt act is any act performed by any member of the conspiracy which is done for the purpose of furthering or carrying out the ultimate intent of the conspiracy.

AUTHORITY:

OVERT ACT, Black's Law Dictionary (11th ed. 2019)

**PLAINTIFFS' OBJECTION:**

Defendants' instruction is incomplete, as it both omits the explanation that there is no requirement that each member of the conspiracy commit an overt act and the explanation that an overt act need not, itself, be a crime.

6489869.1

## Proposed Jury Instruction No. 51
## RICO; Proximate Cause

**PLAINTIFFS' PROPOSED INSTRUCTION:**

If you find that a Defendant violated or conspired to violate the RICO Act, you must decide whether that violation proximately caused Plaintiffs' injuries. Plaintiff may recover against Defendants if her injuries resulted from Defendants' violation of or conspiracy to violate the RICO Act. Specifically, Defendants are liable to Plaintiff if Defendants' violation of or conspiracy to violate the RICO Act was the proximate cause of Plaintiff's injury.

A Defendant proximately caused a Plaintiff's injury if the Plaintiff's injury flowed directly from at least one of the predicate acts targeted toward a group of people, such as women sold for sex, that included Plaintiff.

AUTHORITY:

> *Wylie v. Denton*, 323 Ga. App. 161, 166 (2013); *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 41 (1997).

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction as it is not a correct statement of Georgia law and is not supported by the cited authority. Neither case cited stands for the proposed that a Plaintiff's injuries must directly flow from "at least one of the predicate acts targeted toward a class of people." *Wylie* clearly states "[t]o satisfy the proximate cause element of RICO, a plaintiff must show that her injury flowed directly from at least one of the predicate acts." *Wylie v. Denton*, 323 Ga. App. 161, 166, 746 S.E.2d 689, 694 (2013). It goes on to state that: "a plaintiff asserting a RICO claim must allege more than that an act of racketeering occurred and that she was injured. Rather, she must show that her injury was the direct result of a predicate act targeted

toward her, such that she *was the intended victim*." Defendants do not agree to this instruction.

**PLAINTIFFS' RESPONSE:**

The Court has already rejected Defendants' argument when it denied Defendants' motions for summary judgment, specifically denying summary judgment on Plaintiffs' RICO claims. MSJ Order [ECF 421 at 27-28]. Judge Ray, in the *Jane Doe* case, likewise rejected this argument:

> Contrary to Defendants' contention, *Wylie* does not hold that a RICO defendant is liable only if it specifically targets that Plaintiff as its intended victim. Instead, *Wylie* stands for the non-controversial proposition that "a plaintiff must show that her injury flowed directly from at least one of the predicate acts[,]" and where the plaintiff is not among those who were directly affected by the predicate acts, then the plaintiff's injury is to attenuated.

*Jane Doe 2 et al. v. Red Roof Inns, Inc., et al.*, 1:21-cv-04278, Doc. 301 at 15.

**DEFENDANTS' PROPOSED INSTRUCTION:**

If you find that Defendants violated O.C.G.A. 16-14-4(a) or (c), you must decide whether that violation proximately caused an injury to each Plaintiff individually. Proximate cause requires Plaintiffs to show that their injuries flowed directly from at least one of the predicate acts. This burden is not met if Plaintiffs merely show that their injuries were an eventual consequence of the predicate act or that they would not have been injured but for the predicate act. Rather, Plaintiffs each must show that their injuries were the direct result of at least one predicate act targeted toward each of them, such that they were the intended victim.

AUTHORITY:

*Wylie v. Denton*, 746 S.E.2d 689, 694 (Ga. App. 2013); *Overlook Gardens Properties*, 884 S.E.2d 433 (Ga. App. 2023); *Benevolent Lodge No. 3 v. Davis*, 878 S.E.2d 760 (Ga. App. 2022); *Five Star Athlete Mgmt. v. Davis*, 845 S.E.2d 754 (Ga. App. 2020); *Najarian Capital*, 357 Ga. App. at 694 (4), 849 S.E.2d 262; *Cox v. Mayan Lagoon Estates Ltd.*, 319 Ga. App. 101, 109 (2) (b), 734 S.E.2d 883 (2012).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction because Georgia law does not make a RICO defendant liable only if it specifically targets an individual plaintiff as its intended victim. *Wylie v. Denton*, 323 Ga. App. 161, 169 (2013) (plaintiff must be member of class of victims targeted by predicate acts); *Nicholson v. Windham*, 257 Ga. App. 429, 430 (2002) (employee fired from law firm not directly injured by law firm's operation of "real estate transaction closing mill"); *Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987) (employee fired for reporting bank's illegal scheme not directly injured by its violation of banking regulations)

Instead, Georgia law requires only that a plaintiff show her injury flowed directly from at least one of the predicate acts, and that the plaintiff be directly affected by those acts. *Jane Doe 2 et al. v. Red Roof Inns, Inc., et al.*, 1:21-cv-04278, Doc. 301 at 15.

**PLAINTIFFS' TVPRA**
**(TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT) CLAIM**

**Proposed Jury Instruction No. 52**
**TVPRA; Sex Trafficking Defined**

## PLAINTIFFS' PROPOSED INSTRUCTION:

The Trafficking Victims Protection Reauthorization Act ("TVPRA") prohibits sex trafficking.

A perpetrator commits the offense of sex trafficking if he or she recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person knowing or in reckless disregard of the fact:

(a)     that the person is under the age of 18 and will be caused to engage in a commercial sex act; or

(b)     if the person is 18 or older, that means of force, threats of force, fraud, or coercion or any combination of those means will be used to cause the person to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

"Coercion" means:

(1) threats of serious harm to or physical restraint against any person;

(2) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(3) the abuse or threatened abuse of law or the legal process.

6489869.1

"Serious harm" means any harm—physical or nonphysical—that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background as the Plaintiff and in the same circumstances as the Plaintiff to perform or to continue performing commercial sexual activity to avoid that harm. The harm may be psychological, financial, or reputational harm.

AUTHORITY:

> 18 U.S.C. § 1591; *United States v. Walker*, 73 F.4th 915, 929 (11th Cir. 2023); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021).

## DEFENDANTS' OBJECTION:

This instruction, while consistent with 1591 is misleading and prejudicial. Defendants believe that 1591 should be defined within element #3, discussing the violation of the venture. Stating this at the beginning is confusing and misleading when there is no claim that the Defendants are the "perpetrators" under Section 1591.

## PLAINTIFFS' RESPONSE:

This instruction is appropriate as an introduction to the TVPRA section. This instruction is also appropriate as it defines key terms, consistent with Section 1591, which the jury will need to apply when deciding whether Defendants violated the TVPRA.

## Proposed Jury Instruction No. 53
## TVPRA; Elements of the Civil Claim for Damages

**PLAINTIFFS' PROPOSED INSTRUCTION:**

The TVPRA allows trafficking victims to recover money damages from any Defendant who knowingly benefits—whether by receiving money or anything else of value—from that Defendant's participation in a venture which that Defendant knew or should have known has engaged in an act in violation of the TVPRA.

AUTHORITY:

18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021).

**DEFENDANTS' OBJECTION:**

Defendants maintain that its proposed instruction should be given and maintain their objection.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Defendants violated the TVPRA if they:

(1) knowingly benefited;

(2) from participating in a venture;

(3) that the venture violated the TVPRA as to Plaintiff; and

(4) Defendants had constructive or actual knowledge that the venture violated the TVPRA as to Plaintiff.

I will now instruct you further on the meaning of those four elements.

AUTHORITY:

6489869.1

18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).

## PLAINTIFFS' OBJECTIONS:

The "as to the Plaintiff" language is dicta that will be unnecessarily confusing and misleading to the jury. "[D]icta is defined as those portions of an opinion that are not necessary to deciding the case," and likewise, a holding "can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1244 (11th Cir. 2017). As the Seventh Circuit observed in *G.G. v. Salesforce.com*, the Eleventh Circuit simply did not affirm dismissal in Doe #1 based on a lack of knowledge of a particular plaintiff's specific circumstances. 76 F.4th 544, 561–62 (7th Cir. 2023). Instead, the court held that the plaintiffs failed to allege knowing participation in a venture (elements 1 and 2).

Moreover, including the "as to the Plaintiff" language would confuse the jury about the degree of knowledge necessary to support a TVPRA claim. It is true that Plaintiffs must prove that the venture violated the TVPRA and that a violation injured the Plaintiffs. A beneficiary claim also requires constructive knowledge that the venture "engaged in *an act* in violation" of the TVPRA. 18 U.S.C. § 1595(a). It does not, however, require that the venture have engaged in *the* act that injured the Plaintiffs. *Id.* Indeed, requiring that a defendant have constructive knowledge of a particular plaintiff specifically would lead to the "odd result" of making it harder to prove a beneficiary claim in situations like this one where there are a greater number of trafficking victims, because in that case, it would be increasingly "less likely" for a defendant to "have known the specifics of individual victims." *Salesforce*, 76 F.4th at 556. As the Seventh Circuit explained, the interpretation Defendants demand would allow a defendant to "bury its head in the sand with respect to individual victims." *Id.* at 557; *see also* Doc. 477 PDF at 19–22.

## DEFENDANTS' RESPONSE:

The elements in *Doe #1* are clear. They are binding. They are not dicta. Judge Thrash rejected this in *Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *6 (N.D. Ga. Dec. 14, 2023) noting that *Doe #1* also found the allegations on knowledge were insufficient and rejecting the claim it was dicta. Judge Thrash also affirmed the plaintiff-specific knowledge requirement. Moreover, *Doe #1* has been cited 120 times and no court has found its articulation of the elements to be dicta. A TVPRA claim requires Plaintiffs to prove the Defendants participated in a venture that engaged in a violation of Section 1591. *Doe #1 v. Red*

*Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021). It also requires plaintiffs to show the defendant knew or should have known the venture it was participating in violated Section 1591 as to the Plaintiffs. *Id.* Further, *Salesforce* does not control, but even if it did, it confirms what the Eleventh Circuit held: that no matter what, the venture must violate the TVPRA. *See G.G. v. Salesforce.com*, 76 F.4th 544, 561–62 (7th Cir. 2023).

108

**Proposed Jury Instruction No. 54**
**TVPRA; Knowingly Benefits Defined**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Plaintiffs must prove that Defendants knowingly benefitted from their participation in the venture. A Defendant may benefit financially, by receiving money, or by receiving anything of value. A Defendant knowingly benefits when it receives some value from participating in the venture.

Knowingly refers to actual knowledge, which is an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.

AUTHORITY:

18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021).

**DEFENDANTS' OBJECTION:**

This instruction does not adequately define the terms found within this element.

**PLAINTIFFS' RESPONSE:**

Plaintiffs amended their initial proposal in an effort to compromise, but stand by their (amended) instruction. The jury will be separately instructed on constructive knowledge and emphasizing the difference in the standards here leaves the charge unbalanced.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Knowingly refers to actual knowledge, actual knowledge is "[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no

substantial doubt about the existence of a fact." Constructive knowledge, as defined

above, is insufficient to establish this element.

AUTHORITY:

> *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021)
> Knowledge, Black's Law Dictionary (11th ed. 2019).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to including the last sentence as unnecessary. Plaintiffs' proposed
instruction, which Plaintiffs have amended to respond to Defendants' objections, is
sufficient to instruct the jury on the knowledge requirement.

**DEFENDANTS RESPONSE:**

Defendants stand by their instruction as written.

## Proposed Jury Instruction No. 55
## TVPRA; Participation in Venture, Defined

**PLAINTIFFS' PROPOSED INSTRUCTION:**

For the purpose of the TVPRA, "participation in a venture" means to take part in a common undertaking or enterprise involving risk and potential profit.

AUTHORITY:

> *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021) ("Accordingly, we conclude that the phrase 'participation in a venture' requires that the Does allege that the franchisors took part in a common undertaking or enterprise involving risk and potential profit.").

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction as incomplete. *Doe #1* provides definitions of these terms and those are the definitions that should be provided to the jury.

**PLAINTIFFS' RESPONSE:**

Plaintiffs' proposed instruction states the definition of participation in a venture as stated by the Eleventh Circuit in *Doe*.

**DEFENDANTS' PROPOSED INSTRUCTION:**

If you find Plaintiffs proved there was a violation of Section 1591 and that Plaintiffs were victims of that violation, you must then determine whether each Defendant participated in a venture with a person that violated Section 1591. "Venture" is an undertaking or enterprise involving risk and potential profit. Participation is to take part in or share with others in common or in an association. Participation must be active and voluntary, merely failing to perform is not enough.

AUTHORITY:

6489869.1

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021) (citing Venture, Black's Law Dictionary (11th ed. 2019); Venture, Oxford English Dictionary 520 (2d ed. 1989)); *id.* (citing *Participation*, Black's Law Dictionary (11th ed. 2019) ("[t]he act of taking part in something"); *Participate*, Oxford English Dictionary 268 (2d ed. 1989) ("[a] taking part, association, or sharing (with others) in some action or matter").

**PLAINTIFFS' OBJECTION:**

The Eleventh Circuit defined this term in *Doe #1*, and the Court should instruct the jury based on this definition. *Doe*, for example, does not state that "participation must be active and voluntary." In fact, neither "active" nor "voluntary" appear within the Court's opinion. Further, Plaintiffs object to the reference to "Section 1591" as unnecessarily confusing for the jury.

**Proposed Jury Instruction No. 56**
**TVPRA; Venture Violated TVPRA, Defined**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

A violation of the TVPRA, as required to support a civil claim, occurs when a participant in the venture knowingly recruits, entices, harbors, transports, provides, obtains, or maintains, by any means a person to engage in a commercial sex act knowing or recklessly disregarding that means of force, threats of force, fraud, coercion or any combination of such will be used to cause the person to engage in a commercial sex act.

AUTHORITY:

18 U.S.C. § 1591(a).

**DEFENDANTS' OBJECTION:**

This is an oversimplification of the requirements. We recommend that the definitional statute of 1591 listed above be removed, and statutory violation is discussed in this section as requiring Plaintiff to carry her burden to prove there was a violation as to each one.

**PLAINTIFFS' RESPONSE:**

Plaintiffs stand by their proposed instruction as drafted for the reasons stated in their objection to Defendants' proposed instruction.

**DEFENDANTS' PROPOSED INSTRUCTION:**

To sustain their burden, Plaintiffs each must show that Section 1591 was violated as to them. To show a violation of Section 1591(a), Plaintiffs must prove by a preponderance of the evidence that:

(1) an individual either:

knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained Plaintiffs by any means, or

knowingly benefited, financially or by receiving anything of value, from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, or maintained Plaintiffs.

(2) that an individual did so knowingly or in reckless disregard of the fact that by means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; and

(3) that the individual's acts were in or affected interstate commerce.

Knowing or "knowingly," means the person is conscious and aware of their actions, realized what they were doing or what was happening around them, and did not act because of ignorance, mistake or accident.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

"Coercion" means (1) threats of serious harm to or physical restraint against any person; (2) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (3) the abuse or threatened abuse of law or the legal process.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

Plaintiffs are victims of Section 1591 only if you find that each Plaintiff engaged in commercial sex by means of force, threats of force, fraud, coercion, or any combination of such.

AUTHORITY:

> *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021) (citing *Knowledge*, Black's Law Dictionary (11th ed. 2019)); 18 U.S.C. § 1591(a) & (c); Eleventh Cir. Pattern Jury Instr., Criminal Cases, No. 63 (2020) (modified).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to Defendants' proposed instruction as unnecessary to the extent it repeats the burden of proof, which the jury will have already been instructed on.

Plaintiffs also object to the proposed instruction as confusing because of how Defendants rearranged and otherwise modified the statutory language.

Plaintiffs also object to including the definition of "knowing" as unsupported by the language in the statute or *Doe* #1.

Plaintiffs object to the inclusion of any definition for "knowing," "commercial sex act," "coercion," and "serious harm," because these terms should be defined before the discussion of this element. Plaintiffs object to the reference to "Section 1591" as unnecessarily confusing for the jury.

**DEFENDANTS' RESPONSE:**

Defendants stand by their instruction and believe the instruction order should be as outlined by Defendants.

6489869.1

**Proposed Jury Instruction No. 57**
**TVPRA; Defendants' Knowledge of TVPRA Violation**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Defendants violated the TVPRA if they either knew or should have known that the venture in which it participated violated the TVPRA. That is, a Defendant violated the TVPRA if it had actual knowledge or constructive knowledge that the venture in which it participated "engaged in an act in violation" of the criminal provisions of the TVPRA.

Actual knowledge is an awareness or understanding of a fact or circumstance.

Constructive knowledge is that knowledge which one using reasonable care or diligence should have. If the Defendant has information that would normally lead a reasonably careful person to make inquiry through which such a person would surely learn certain facts, then the Defendant may be found to have actual knowledge of those facts just as though he had made such inquiry and had actually learned those facts.

Actual knowledge or constructive knowledge may be proved by direct evidence and by circumstantial evidence, based on the totality of the circumstances.

AUTHORITY:

> *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *Hecht v. R.J. Reynolds Tobacco Co.*, 710 F. App'x. 794, 799–800 (11th Cir. 2017);). *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000); *United States v. Perez*, 698 F.2d 1168, 1171 (11th Cir. 1983).

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction and specifically the constructive knowledge definition. The Eleventh Circuit defined this term in the context of the TVPRA, this instruction should follow that binding authority. Moreover, Defendants object to the use of "'engaged in an act in violation' of the criminal provisions of the TVPRA" given that the only violation Plaintiffs have asserted or alleged is Section 1591 (Doc. 38). This is misleading and confusing.

**PLAINTIFFS' RESPONSE:**

Plaintiffs stand by their proposed instruction as drafted for the reasons set out below in their objection to Defendants' proposed instruction.


**DEFENDANTS' PROPOSED INSTRUCTION:**

KNEW OR SHOULD HAVE KNOWN

Section 1595(a) also requires Plaintiffs to prove by a preponderance of the evidence that each Defendant knew or should have known that they were participating in a venture that violated Section 1591 as to Plaintiffs.

This requires proof that the Defendants had either actual or constructive knowledge that they were participating in a venture that violated Section 1591 as to the Plaintiffs.  Actual knowledge requires "[a]n awareness or understanding of a fact or circumstance." Constructive knowledge is knowledge which "one using reasonable care or diligence should have."

A general awareness of commercial sex is not enough to establish knowledge. Rather Plaintiffs must prove the Defendants knowledge, actual or constructive, as specific to each Plaintiff.

AUTHORITY:

> *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021) (citing *Constructive Knowledge*, Black's Law Dictionary (11th ed. 2019)).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to the instruction on constructive knowledge as incomplete. Plaintiffs object to Defendants' instruction imposing a requirement that knowledge is "specific to each Plaintiff" because that requirement as stated is incorrect.

Finally, Plaintiffs object to the last paragraph of this instruction to the extent it refers to a "general awareness" standard. That language is not supported by *Doe # 1* or other authority, and it is confusing when contrasted against the actual or constructive knowledge standard actually imposed by the TVPRA.

**DEFENDANTS' RESPONSE:**

Defendants stand by its instruction and state that it is a correct recitation of the Eleventh Circuit's binding holding in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021) and affirmed in *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *2 (11th Cir. Feb. 9, 2024). Defendants assert this instruction should be given.

**AFFIRMATIVE DEFENSES**

**Proposed Jury Instruction No. 58
Affirmative Defenses Explained**

**PLAINTIFFS' PROPOSED INSTRUCTIONS:[5]**

~~The defendant has filed what is/are~~ Defendants have raised what are known as affirmative defenses ~~(s) to the claim of the plaintiff~~, specifically:

[List affirmative defenses ultimately charged]

As to these defenses, Defendants bear the burden of proof, by a preponderance of the evidence.

AUTHORITY:

Ga. Civil Pattern Instruction 00.040 (Burden of Proof) (modified).

**DEFENDANTS' OBJECTIONS:**

---

[5] Consistent with the burden of proof instruction on Plaintiffs' claims, Plaintiffs propose that the Court instruct on Defendants' burden as to affirmative defenses once, rather than within the charge for each affirmative defense. But if the Court elects to instruction on the burden within each instruction regarding Plaintiffs' claims, then Plaintiffs would request that the Court also include an instruction on Defendants' burden within each of its instructions on Defendants' affirmative defenses.

6489869.1

**Proposed Jury Instruction No. 59**
**Statute of Limitations; Explanation**

Lawsuits upon claims must be filed within specified periods of time after the claims arise, and if not filed within that time, they are barred by the statute of limitations and no recovery shall be allowed.

AUTHORITY:

Ga. Civil Pattern Georgia Superior Court Instruction 3860.001, 60.010.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 60**
**Negligence statute of limitations**

**PLAINTIFFS' PROPOSED INSTRUCTION**

A Georgia negligence claim is subject to a two-year statute of limitations, but when a Plaintiff's negligence claim arises out of facts and circumstances related to the commission of an alleged crime, the limitations period does not begin to run until six years after the last time the Plaintiff was the victim of a crime.

This means that if you find that any person trafficked a Plaintiff for sex by means of force, fraud, coercion, or control, or you find that a Plaintiff was trafficked for sex while before the age of 18, and you find that when that Plaintiff brought this action on December 29, 2020, it was within 8 years of the last time the Plaintiff was trafficked for sex, then the Plaintiff's negligence claim is timely.

AUTHORITY:

> O.C.G.A § 9-3-99 (tolling the statute of limitations for up to six years based on the statute of limitations of the underlying crime); *Harrison v. McAfee*, 338 Ga. App. 393, 399 (2016) (availability of tolling does not depend "on the identity of the of the civil defendant"); 18 U.S.C. § 1591(a) (setting out the elements of the criminal offense of sex trafficking); 18 U.S.C.§ 3299 (providing that "an indictment may be found or an information instituted at any time without limitation for any offense under … section 1591").

**DEFENDANTS PROPOSED CHARGE:**

A Georgia negligence claim is subject to a two-year statute of limitations. Again, the Plaintiffs filed this action on December 29, 2020. Thus, if you determine

that Plaintiffs alleged injuries ended and Plaintiffs could have maintained a cause of

action before December 29, 2018, then Plaintiffs cannot recover for negligence.

AUTHORITY:

> *U-Haul Co. of W. Georgia v. Abreu & Robeson, Inc.*, 277 S.E.2d 497, 499
> (Ga. 1981); *Mobley v. Murray Cnty.*, 173 S.E. 680 (Ga. 1933); *G.W. v.
> Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2022 WL 1644923, at *4
> (N.D. Ga. May 24, 2022); O.C.G.A. 9-3-33.

## PLAINTIFFS' OBJECTION:

Plaintiffs object to this instruction because under O.C.G.A. § 9-3-99, Plaintiffs'
trafficking claims were tolled for six years after their last injury. This statute tolls
the statutes of limitations for "any cause of action in tort that may be brought by the
victim of an alleged crime" arising out of the same facts as that crime. The statute
tolls the claim until a prosecution "has become final or otherwise terminated" or six
years, whichever is shorter.

As now-Justice Peterson wrote in *Harrison v. McAfee*, the statute's application does
not depend "on the identity of the civil defendant." 338 Ga. App. 393, 399 (2016).
It applies "regardless of whether the defendant in the case has been accused of
committing the crime from which the cause of action arises." *Id.* at 402. And nothing
in the statute suggests that a prosecution must actually be instituted, as long as there
"could" be a prosecution "in the future," the tolling statute applies. *Cf Jenkins v.
Keown*, 351 Ga. App. 428, 433 (2019) (holding that, where there was no possibility
of a prosecution in the future, the tolling under O.C.G.A. § 9-3-99 does not apply).

Because a criminal violation of 18 U.S.C. § 1591 is not subject to a statute of
limitations, pursuant to 18 U.S.C. § 3299, that crime would receive the full six-year
tolling period under O.C.G.A. § 9-3-99.

## DEFENDANTS' RESPONSE:

Defendants dispute that O.C.G.A. 9-3-99 applies only when the crime "could" be
prosecuted or investigated. *See A.G. v. Northbrook Indus., Inc.*, No. 1:20-CV-05231-
JPB, 2022 WL 1644921, at *5 (N.D. Ga. May 24, 2022) ("The Court of Appeals of
Georgia has held that [O.C.G.A. 9-3-99] contemplates extending the time in which
a victim may file a tort action where there are pending criminal charges arising out

of the same facts or circumstances."). Moreover, Defendants state that this instruction is premature and is dependent on the evidence.

**Proposed Jury Instruction No. 61**
**Georgia RICO; Statute of Limitations**

**PLAINTIFFS' PROPOSED INSTRUCTION**

A Georgia RICO claim is subject to a five-year statute of limitations. Under this statute, a RICO plaintiff must bring her action within five years after the conduct in violation of the RICO statute terminates. The Plaintiffs filed their actions on December 29, 2020. Thus, if you determine that a Defendant did not commit a predicate act targeting a Plaintiff after December 29, 2014, then that Plaintiff cannot recover on her RICO claim. For purpose of this determination, any predicate act that is part of the Defendant's pattern of racketeering activity must be considered, even acts occurring after Plaintiffs' injuries.

Plaintiffs have also brought a separate Georgia RICO conspiracy claim. A Georgia RICO conspiracy claim must be brought within 5 years of the last overt act committed by any member of the RICO conspiracy. Thus, a Plaintiff's RICO conspiracy claim against a Defendant is timely if you find that Defendant or any other member of the conspiracy committed an overt act at some point after December 29, 2015.

AUTHORITY:

> O.C.G.A. § 16-14-8 (providing a 5-year statute of limitations that runs, not from when "the conduct in violation of a provision of this chapter terminates"); *Harper v. State*, 292 Ga. 557, 564 (2013) (holding that a RICO count was timely where there was evidence showing that one or more of the alleged conspirators committed acts of racketeering activity

within five years of the indictment); *State v. Conzo*, 293 Ga. App. 72, 74 (2008); *Whaley v. State*, 343 Ga. App. 701, 705 (2017) (holding that because the defendant "was responsible for all acts committed in furtherance of the criminal endeavor," the five-year period did not begin to run until the last overt act of the defendant's co-conspirator).

**DEFENDANTS' OBJECTION:**

Defendants object to this instruction as it is not Plaintiff specific and is unsupported by the evidence. Further, Defendants dispute that this is a correct statement of the law or the statute of limitations under Georgia law.

**PLAINTIFFS' RESPONSE:**

For the reasons set out below in Plaintiffs' objection to Defendants' proposed instruction, Plaintiffs' proposed instruction is a correct statement of Georgia law.

**DEFENDANTS' PROPOSED CHARGE:**

A Georgia RICO claim is subject to a five-year statute of limitations. The

Plaintiffs filed their actions on December 29, 2020. Thus, if you determine that a

Defendant did not commit a predicate act after December 29, 2015, then Plaintiffs

cannot recover on their RICO claim.

AUTHORITY:

O.C.G.A. 16-14-8.

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction because it fails to acknowledge the accrual rules for a Georgia RICO. Under the version of O.C.G.A. § 16-14-8 applicable here, there is a 5-year statute of limitations running from when "the conduct in violation of a provision of this chapter terminates."

Before 2015, the limitations period for a civil RICO case began to run when the "cause of action accrue[d]," which was interpreted to be when a plaintiff discovered,

or reasonably should have discovered, that she had been injured and that her injury was part of a pattern. *See, e.g., Blalock v. Anneewakee, Inc.*, 206 Ga. App. 676, 677 (1992). The General Assembly changed  that in 2015 when it removed the "cause of action accrues" language from the statute. 2015 Ga. Laws 693. Thus, now the sole point of measurement is when the "conduct in violation of a provision of this chapter terminates." O.C.G.A. § 16-14-8. This amendment became effective on July 1, 2015, but at that time, none of the Plaintiffs' RICO claims were time-barred. That is, as of July 1, 2015, each of the Plaintiffs had live RICO claims. Accordingly, the 2015 version of the statute governs limitations issues for Plaintiffs' claims. *Cf. Glock, Inc. v. Harper*, 340 Ga. App. 65, 66 (2017) (holding that a claim that had expired before July 1, 2015, was not revived by the amendment to the statute).

Unlike a substantive RICO claim, for which the limitations period runs from the last predicate act committed *by the defendant*, the limitations period for a RICO conspiracy claim runs from the last *overt* act committed by *any* member of the conspiracy or party to the crime. *Whaley v. State*, 343 Ga. App. 701, 705 (2017) (holding that because the defendant "was responsible for all acts committed in furtherance of the criminal endeavor," the five-year period did not begin to run until the last overt act of the defendant's co-conspirator); *State v. Conzo*, 293 Ga. App. 72, 74 (2008) ("It is well established that the statute of limitations, unless suspended, runs from the last overt act during the existence of the conspiracy.") (cleaned up). As the Georgia Court of Appeals held in *Pasha v. State*, "each actor in a conspiracy is responsible for the overt actions undertaken by all the other co-conspirators in furtherance of the conspiracy." 273 Ga. App. 788, 790 (2005). There is no requirement that each conspirator personally commit an overt act. *Id.*; *see also Akintoye v. State*, 340 Ga. App. 777, 780 (2017) ("It is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more of the conspirators is in legal contemplation the act of all."). And an "overt act" is not the same as a "predicate act."

Defendants' proposed instruction is wrong because it fails to instruct the jury about these statute of limitations rules regarding Georgia RICO and incorrectly instructs the jury regarding the date by which Plaintiffs must have filed suit.

**DEFENDANTS' RESPONSE:**

Defendants state that Plaintiffs' objection is premature as it is dependent on the evidence. Moreover, Plaintiffs' objection inappropriately blends and focuses on RICO conspiracy when Plaintiffs' allege claims for both.

**Proposed Jury Instruction No. 62**
**Assumption of Risk**

**PLAINTIFFS' PROPOSED CHARGE:**

When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

<u>You should consider whether this defense applies only as to Plaintiffs' negligence claims. It does not apply to Plaintiffs' other claims.</u>

AUTHORITY:

Ga. Pattern Instruction 60.130 (modified).

**DEFENDANTS' RESPONSE:**

Plaintiffs' do not offer any authority stating that assumption of the risk is limited to negligence. Defendants state that the pattern instruction should not be modified.

**PLAINTIFFS' RESPONSE:**

For the reasons set out below in Plaintiffs' objection to Defendants' proposed instruction, Plaintiffs' proposed instruction is a correct statement of Georgia law.

**DEFENDANTS' PROPOSED CHARGE:**

When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts

128

to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

AUTHORITY:

      Pattern Georgia Superior Court Instruction 60.130.

**PLAINTIFFS' OBJECTION:**

Plaintiffs do not object to the language of this pattern charge. Plaintiffs object only on the grounds that any instruction on assumption of the risk must also inform the jury that it is an affirmative defense applicable only to Plaintiffs' negligence claims and not to their statutory claims.

Under Georgia law, "assumption of the risk is not a defense to an intentional tort." *Soundara v. AMB Sports & Entertainment*, --- Ga. App. ----, 899 S.E.2d 428, 434 (2024); *Harvey Freeman & Sons, Inc. v. Stanley*, 259 Ga. 233, 234 (1989) (assumption of the risk was a defense available only to defendants against whom plaintiffs had brought negligence claims). The pattern charge's situation among other charges relevant only to negligence claims further confirms this point. *E.g.,* Ga. Civil Pattern Instruction 60.120 (instruction on avoidance of consequences, which states that "[i]f the plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the defendant's negligence, then plaintiff is not entitled to recover."); *id.* 60.150 (instruction on emergency, which states that "[t]he requirement is that the person act with ordinary care under all particular facts and circumstances surrounding the situation").

For this reason, Plaintiffs propose adding a concluding sentence to the instruction, as indicated above.

**DEFENDANTS' RESPONSE**

Defendants dispute that Plaintiffs' cited authority is controlling. *Soundara v. AMB Sports & Ent.*, 899 S.E.2d 428, 434 (Ga. Ct. App. 2024), found assumption of the risk did not apply to intentional torts, including "assault and battery." Plaintiffs have not asserted any intentional torts and offer no authority that this defense is unavailable to their civil RICO or TVPRA claims.

**Proposed Jury Instruction No. 63**
**Affirmative Defenses; In Pari Delicto**

**DEFENDANTS' PROPOSED INSTRUCTION:**

The verdict form will ask you whether the Plaintiffs are at least equally at fault for the damages they claim in this case. This refers to the affirmative defense of *in pari delicto*. If the Plaintiffs and Defendants are equally at fault (or *in pari delicto*) for the Plaintiffs' damages, the Plaintiffs are not entitled to legal or equitable relief for such damages.

**AUTHORITY:**

> *Eidson v. Maddox*, 195 Ga. 641, 643, 24 S.E.2d 895, 897 (1943); *Off. Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006) (citing Black's Law Dictionary 794 (7th ed.1999).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object because the *in pari delicto* doctrine has no application in this case and, to the extent it does, it is duplicative of Georgia's apportionment statute, if not supplanted by it. The jury will be instructed on those principles and the claims to which they apply, and further instruction would serve only to confuse both the jury and the legal principles at issue.

As an initial matter, Defendants failed to assert *in pari delicto* as a separate defense in their answers. *E.g.*, Doc.60 (Red Roof Inns, Inc.'s answer to Plaintiffs' second amended complaint); Doc. 62 (Red Roof Franchising, LLC's answer to Plaintiffs' second amended complaint); Doc. 63 (RRI West Management Company, LLC's answer to Plaintiffs' second amended complaint). Federal Rule of Civil Procedure 8(c)(1) requires a defendant to "affirmatively state any avoidance or affirmative defense" in their pleadings, and the failure to do so "generally results in a waiver of that defense." *Latimer v. Raoring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010).

Beyond that, the doctrine is entirely duplicative of the Georgia apportionment statute, which states that "the plaintiff shall not be entitled to receive any damages

130

if the plaintiff is 50% or more responsible for the injury or damages claimed." O.C.G.A. § 51-12-33(g). Though no Georgia appellate court has had occasion to consider the question, there is every reason to believe that the *in pari delicto* doctrine does not survive suits in law following the passage of Georgia's apportionment statute, which provides a comprehensive scheme for the jury to compare *all* allegations of fault, regardless of source. O.C.G.A. § 51-12-33(c) ("the trier of fact shall consider the fault of *all persons* or entities … regardless of whether the person or entity was, or could have been, named as a party" (emphasis added)). The jury will receive instruction on the apportionment statute, and the verdict form will direct the jury to apportion fault, including to Plaintiffs if the jury determines Plaintiffs bear fault for their injuries. Instruction on a separate doctrine that is of questionable relevance after the apportionment statute's passage is at a minimum unnecessary and at worse, likely to confuse the jury.

Finally, *in pari delicto* does not apply "where there is no real consent on [the plaintiff's] part to the illegal transaction, as where it is induced by fraud or the like." *Gaines v. Wolcott*, 119 Ga. App. 313, 318 (1969). Thus, the doctrine does not apply to Plaintiffs' TVPRA or RICO claims which, in each case, depend on the jury finding that Plaintiffs were victims of sex trafficking, rather than individuals engaged in voluntary and consensual sex work.

Plaintiffs object to the giving of any *in pari delicto* instruction separate from that connected to O.C.G.A. § 51-12-33(g), but if the Court elects to give an instruction, it should give the instruction Plaintiffs propose below, which—unlike Defendants' instruction—accurately states the limits of the doctrine as expressed under Georgia law prior to the apportionment statute.

**DEFENDANTS' RESPONSE:**

Defendants note that Plaintiffs have been aware Defendants intent to assert the defense of *in pari delicto* and have not objected or asserted that the defense was waived. *See* Doc. 499 (asserting the defense); Doc. 467 (same); Doc. 474 (same); Doc. 508 (same). This is sufficient and Plaintiffs have not and will not be prejudiced by assertion of this defense at trial. *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 (11th Cir. 1995) (stating that failure to assert an affirmative defense in the answer is curable by insertion of defense in pretrial order). Defendants continue to assert and maintain this defense. Moreover, Defendants note that the evidence has not been submitted and an issue in this case is whether Plaintiffs' engaged in commercial sex under force, fraud, or coercion. This will be for the jury to decide, as will Plaintiffs' being *in pari delicto*.

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Defendants have asserted the defense that Plaintiffs' claims are barred by *in pari delicto*, which prevents a plaintiff from recovering if the Plaintiff is equally at fault. This defense applies only if you find that the Plaintiff and Defendant both were engaged in the same illegal transaction. This defense does not apply simply because the Plaintiff may have engaged in some illegal conduct, even if of the same character and contemporaneous with the Defendant's. To apply, the Defendant must establish that a Plaintiff's engagement in illegal conduct was the cause of her injury. This defense does not apply where there is no real consent on the Plaintiff's part to the illegal transaction, as where it is induced by fraud or the like.

AUTHORITY:

> *Wallace v. Cannon*, 38 Ga. 199, 204–05 (1868) ("To bring the parties within the rule of the law applicable to such cases, they must *both* have been engaged *in the same illegal* transaction; it is such cases only, that the maxim … applies."); *Gaines v. Wolcott*, 119 Ga. App. 313, 318, *aff'd*, 225 Ga. 373 (1969) (holding that the *in pari dilecto* defense does not apply "where there is no real consent on [the plaintiff's] part to the illegal transaction, as where it is induced by fraud or the like").

**DEFENDANTS' OBJECTION:**

Defendants' object to this instruction as it is not a correct statement of the law. Moreover, the cited authority does not support this instruction. For example, *Gaines v. Wolcott*, 167 S.E.2d 366, 368 (Ga. App. 1969), states that a person cannot recover when "one is engaged with another in the simultaneous and wilful violation of the same penal statute." It does not state that the conduct must be "illegal." Moreover,

while Wallace uses the words "illegal transaction" it goes on to state that one cannot recover for "the carelessness or negligence" of another. It does not support Plaintiffs' instruction as written.

**PLAINTIFFS' RESPONSE:**

*Gaines* includes the quoted language. The Georgia Court of Appeals ultimately determined that the plaintiff was not engaged in violation of the penal statute at issue—the prohibition on abortion—because the statute did not make patients undergoing abortions criminally liable. 199 Ga. App. at 314–15. Further, the application of *in pari delicto* to a negligence claim in *Wallace*, a case decided nearly 150 years before the passage of Georgia's apportionment statute, says nothing about whether the doctrine survives and applies in negligence actions independent of the apportionment statute after its passage.

DAMAGES

**Proposed Jury Instruction No. 64**
**Tort Damages; Preliminary Instructions**

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover, you should award the Plaintiff such sums as you believe are reasonable and just in this case.

AUTHORITY:

Ga. Civil Pattern Instruction 66.001.

**PARTIES CONSENT TO THIS INSTRUCTION**

## Proposed Jury Instruction No. 65
## Damages; Introduction

**PLAINTIFFS' PROPOSED CHARGE**:

If you find for Plaintiff on any of her claims for negligence, RICO, or TVPRA, you must consider the matter of damages.

If you find for Plaintiff on her claims for negligence, RICO, or TVPRA, you should award an amount that the evidence shows will fairly and adequately compensate Plaintiff for her damages. This is known as compensatory damages.

AUTHORITY:

18 U.S.C. § 1595; *Williams Gen. Corp. v. Stone*, 279 Ga. 428, 430 (2005); *Dee v. Sweet*, 268 Ga. 346, 349 (1997).

**DEFENDANTS' OBJECTION:**

This instruction is not needed, Defendants object to its introduction.

**Proposed Jury Instruction No. 66**
**Pain and Suffering; Generally; Mental; Future**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

(a)    Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long a Plaintiff has suffered or will suffer are for you to decide.

(b)    Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating a Plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which a Plaintiff must limit activities.

Damages <u>for mental suffering</u> may be recovered<u>, even where there is no physical suffering,</u> in those cases in which the pain and suffering are caused by a willful or wanton act.

<u>To establish willful and wanton conduct, Plaintiffs must demonstrate that the</u> <u>Defendants' actions showed an entire want of care and conscious indifference to the</u> <u>consequences of their actions.</u>

AUTHORITY:

> Ga. Civil Pattern Instruction  66.501 (modified for clarity, adding language from Ga. Civil Pattern Instruction  66.700).

**DEFENDANTS' PROPOSED INSTRUCTION:**

(a)     Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the Plaintiff has suffered or will suffer are for you to decide.

(b)     Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating Plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the Plaintiff must limit activities.

Damages <u>for mental suffering</u> may be recovered<u>, even where there is no</u> <u>physical suffering,</u> in those cases in which the pain and suffering are caused by a willful or wanton act.

<u>To establish willful and wanton conduct, Plaintiffs must demonstrate that the</u> <u>Defendants engaged in conduct such as to evidence a willful intention to inflict the</u> <u>injury, or else was so reckless or so charged with indifference to the consequences</u> <u>as to justify the jury in finding a wantonness equivalent in spirit to actual intent.</u>

AUTHORITY:

> Ga. Civil Pattern Instruction 66.501 (modified for clarity). *Brownman v. Kendall Patient Recovery U.S., LLC*, No. CV 121-112, 2022 WL 4451339, at *9 (S.D. Ga. Sept. 23, 2022), *reconsideration denied sub nom. Browman v. Kendall Patient Recovery U.S., LLC*, No. CV 121-112, 2023 WL 6161893 (S.D. Ga. Aug. 15, 2023); *Watson Used Cars, LLC v. Kirkland*, 805 S.E.2d 920, 923 (Ga. Ct. App. 2017).

**PLAINTIFFS' OBJECTION:**

Plaintiffs' object to the last paragraph of Defendants' addition of language beyond the pattern charge. The better source of language for the willful and wanton conduct standard is another provision of the Georgia pattern charge defining that standard, namely Ga. Civil Pattern Instruction 66.700.

**DEFENDANTS' RESPONSE:**

Additions are needed for the jury to fully understand the issues. Specifically, willful and wanton must be defined.

## Proposed Jury Instruction No. 67
## Pain and Suffering; Future

If you find that Plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe Plaintiff will endure. In making such an award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that Plaintiff is receiving a present cash award for damages not yet suffered.

AUTHORITY:

Ga. Civil Pattern Instruction  66.503.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 68**
**Pain and Suffering; Preexisting Injury; Aggravation**

No Plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of Defendants in this case. There can be no recovery for a particular Plaintiff for any injury or disability that was not proximately caused by the incidents in question.

If you should find that, at the time of the incidents, Plaintiffs had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that Plaintiffs received an injury as a result of the negligence of Defendants and that the injury resulted in any aggravation of a condition already pending, then Plaintiffs could recover damages for aggravation of the preexisting condition.

AUTHORITY:

Ga. Civil Pattern Instruction  66.504.

**PARTIES CONSENT TO THIS INSTRUCTION**

## Proposed Jury Instruction No. 69
## Tort Damages; Apportionment of Damages

**PLAINTIFFS' PROPOSED INSTRUCTION:**

If you believe that ~~the Plaintiffs~~ a Plaintiff sustained damages, you must determine the amount of those damages. Do not make any reduction in the amount of damages because of the negligence, if any, of the Plaintiff~~s~~ or of any non-party.

You must also decide the percentage of fault, if any, of all parties and any non-parties whose negligence contributed to the alleged injury or damages. For any person or entity, you find did not contribute to the alleged injury or damages, enter 0%. The total of the fault assessed must equal 100%.

The court will enter a judgment based on your verdict and, if you find that a Plaintiff ~~the plaintiff~~ was negligent in any degree, the court will reduce the total amount of damages awarded by the percentage of negligence which you attribute to that Plaintiff ~~the plaintiff~~. If you find that the negligence of a Plaintiff ~~any Plaintiff~~ is equal to or greater than the <u>combined</u> negligence of <u>the Defendants</u>, then <u>that Plaintiff</u> ~~the plaintiff~~ is not entitled to recover damages.

AUTHORITY:

Ga. Civil Pattern Instruction  66.810 (modified).

**DEFENDANTS' OBJECTION:**

O.C.G.A.  51-12-33 states fault and this instruction should reflect the same. Defendants do not agree to this instruction and believe the pattern instruction should

be used. Defendants further object to the use of "combined negligence" as it is misleading.

**DEFENDANTS' PROPOSED INSTRUCTION:**

If you believe that the Plaintiffs sustained damages, you must determine the amount of those damages. Do not make any reduction in the amount of damages because of the negligence, if any, of the Plaintiffs or of any non-party.

You must also decide the percentage of fault, if any, of all parties and any non-parties whose negligence contributed to the alleged injury or damages. For any person or entity, you find did not contribute to the alleged injury or damages, enter 0%. The total of the fault assessed must equal 100%.

The court will enter a judgment based on your verdict and, if you find that the plaintiff was negligent in any degree, the court will reduce the total amount of damages awarded by the percentage of negligence which you attribute to the plaintiff. If you find that the negligence of <u>any Plaintiffs</u> is equal to or greater than the negligence of <u>the Defendants</u>, then the plaintiff is not entitled to recover damages.

AUTHORITY:

Ga. Civil Pattern Instruction  66.810 (modified).

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction because, without modifications like those proposed by Plaintiffs, it does not adequately account for a multi-plaintiff case like this one.

## Proposed Jury Instruction No. 70
## Attorney's Fees

**PLAINTIFFS' PROPOSED INSTRUCTION:**

The expenses of litigation are not generally allowed as part of the damages. But if the Defendants has acted in bad faith or has been stubbornly litigious or has caused the Plaintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.

AUTHORITY:

Ga. Civil Pattern Instruction  18.020.

**DEFENDANTS' OBJECTION:**

Defendants do not agree to this instruction. This pattern instruction relates to attorney fees where there is a contract. Defendants further object to this instruction as it is not supported by the evidence. There is no evidence that Defendants acted with bad faith. Further, there is evidence of a bona fide controversy, which forecloses Plaintiffs ability to request attorney fees based on being stubbornly litigious and/or causing unnecessary trouble. *See Sims v. G.T. Architecture Contractors Corp.*, 663 S.E.2d 797, 799 (Ga. App. 2008); *4WD Parts Ctr., Inc. v. Mackendrick*, 579 S.E.2d 772, 778 (Ga. App. 2003).

**PLAINTIFFS' RESPONSE:**

Although Plaintiffs used Pattern Charge 18.020 Contract Damages; Attorney's Fees (Expenses of Litigation) as a guide for the language used in this instruction, attorneys' fees under O.C.G.A. § 13-6-11 may be awarded in tort actions. *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC,* 312 Ga. 350, 362 (2021); *see also Willis v. Blunt*, No. 1:21-CV-03334-ELR, 2022 WL 1714857, at *3 (N.D. Ga. May 4, 2022) (recognizing that Georgia's appellate courts have applied O.C.G.A. § 13-6-11 and its predecessors to both contract *and* tort actions since at least 1873, *citing Vogtle v. Coleman*, 259 Ga. 115, 117 n.2 (1989) (collecting cases); *see also SRM Grp., Inc.*

144

*v. Travelers Prop. Cas. Co. of Am.,* 308 Ga. 404, 406 n.4 (Ga. 2020); *Selma, Rome & Dalton R. Co. v. Fleming, 48* Ga. 514, 515 (1873)).

## Proposed Jury Instruction No. 71
## Punitive Liability; Negligence and RICO Claims

~~In tort actions, t~~There may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may impose punitive damages <u>under the negligence claims or RICO claims</u>, Plaintiffs must prove that Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The Plaintiffs must prove that the Defendants are liable for punitive damages <u>related to their negligence and RICO claims</u> by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

AUTHORITY:

Ga. Civil Pattern Instruction  66.700 (modified).

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 72**
**Clear and Convincing Evidence**

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

AUTHORITY:

Ga. Civil Pattern Instruction  66.701.

**PARTIES CONSENT TO THIS INSTRUCTION**

## Proposed Jury Instruction No. 73
## Punitive Liability; Georgia RICO and Negligence Claims

**PLAINTIFFS' PROPOSED INSTRUCTION:**

If the Plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise a presumption of conscious indifference to consequences, then you would not be authorized to impose punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an imposition of punitive damages.

Punitive damages, when authorized, are imposed not as compensation to a Plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide to impose punitive damages.

AUTHORITY:

Ga. Civil Pattern Instruction  66.702.

**DEFENDANTS' OBJECTION:**

Defendants believe the pattern instruction should not be altered.

**PLAINTIFFS' RESPONSE:**

The above is the pattern.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Punitive Liability, Continued

147

6489869.1

If the Plaintiffs fail to prove, by clear and convincing evidence, that the Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to impose punitive damages. Mere negligence, although amounting to gross negligence, will not alone authorize an imposition of punitive damages. Punitive damages, when authorized, are imposed not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide to impose punitive damages.

AUTHORITY:

Pattern Georgia Superior Court Instruction 66.702.

**Proposed Jury Instruction No. 74**
**Punitive Liability; TVPRA Claims**

**PLAINTIFFS' PROPOSED INSTRUCTION:**

Before you may impose punitive damages under the TVPRA as to any Plaintiff, that Plaintiff must prove by a preponderance of the evidence that Defendants acted with either malice or with reckless indifference.

AUTHORITY:

> Adapted from 11th Cir. Civil Pattern Instruction 4.1; *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011) (concluding that punitive damages are available under the TVPRA because Section 1595 creates a claim that "sounds in tort"); *Francisco v. Susano*, 525 F. App'x. 828, 834 (10th Cir. 2013) (concluding that Section 1595 allows trafficking victims to recover compensatory and punitive damages).

**DEFENDANTS' OBJECTION:**

Defendants do not agree that punitive damages are permitted under the TVPRA. The United States Supreme Court in *Batterton* set forth a test to determine whether punitive damages were permitted under federal law. *Batterton* created a three-part test for evaluating whether a remedy is available under federal law. *Batterton*, 139 S. Ct. at 2283. Under this test, damages are available only if one of the following is met:

> (1) The damages "have traditionally been awarded" for this claim;
> (2) "Conformity with parallel statutory schemes would require such damages"; or
> (3) The court is "compelled on policy grounds" to allow the damages.

*Id.* at 2278, 2283.

Punitive damages under the TVPRA fail this test.

Further, Congress did not intend the phrase "damages" to include punitive damages. To be sure, both the legislative history and parallel statutory compilations make clear that Congress knew how to award punitive damages in a civil action relating to a

149

crime, and when it intended to, it clearly stated that intent. *See, e.g.*, 18 U.S.C. § 2710 (listing punitive damages); 18 U.S.C. § 2724 (same); 18 U.S.C. § 2707 (same); ! 18 U.S.C. § 2520 (same); 18 U.S.C.A. § 2255 (same). Further, as discussed in the *Ditullio* dissent, "[a] review of the TVPA's legislative history shows that far from deferring to federal common law, Congress in 2003, when it created a private cause of action under TVPA, considered and declined to adopt language authorizing punitive damages." *Ditullio v. Boehm*, 662 F.3d 1091, 1104–05 (9th Cir. 2011) (J. Callahan, dissenting).

In addition, Defendants object to this instruction to the extent that it states the standard of proof for punitive damages is a preponderance of the evidence. Plaintiffs cite no authority for applying this standard. (the cited instruction relates to individual Section 1983 claims, which are not at issue). Further, even if punitives were permitted (which we disagree with) the United States Supreme Court states that when federal law if silent on an issue, to preserve uniformity within a State, courts should apply state law of the forum state. Here, that is Georgia. Thus, any clear and convincing would apply. *See Wilson v. Garcia*, 471 U.S. 261, 261 (1985).

Moreover, Defendants object to this instruction as Plaintiffs are not entitled to two separate punitive damage awards. Plaintiffs cite no authority that stands for the proposition that Plaintiffs can recover two separate punitive damage awards on separate claims. !

**PLAINTIFFS' RESPONSE:**

Punitive damages are available under the TVPRA. *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011) (concluding punitive damages are available under the TVPRA because Section 1595 creates a claim that "sounds in tort"); *Francisco v. Susano*, 525 F. App'x 828, 834 (10th Cir. 2013) (concluding that Section 1595 allows trafficking victims to recover compensatory and punitive damages).

Where a federal statute is silent as to the burden of proof, federal courts are to apply a preponderance of the evidence standard. *White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 805 (6th Cir. 2004), *aff'd sub nom. Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (applying a preponderance of the evidence standard to punitive damages claim where Title VII "is silent concerning the evidentiary standard"); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99 (2003) (holding that Title VII's silence with respect to an evidentiary standard suggests that a conventional preponderance of the evidence standard applies); *Sepulveda v. Burnside*, 432 F. App'x 860, 864 (11th Cir. 2011) (applying preponderance of the evidence standard to punitive damages claim in 1983 case).

**FINAL INSTRUCTIONS**

**Proposed Jury Instruction No. 75**
**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.8.1.

**PARTIES CONSENT TO THIS INSTRUCTION**

**Proposed Jury Instruction No. 76**
**Election of Foreperson – Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.9.

**PARTIES CONSENT TO THIS INSTRUCTION**

6489869.1

**PHASE II**

**Proposed Jury Instruction No. 1**
**Punitive Damages; Amount; Generally**

You have decided to impose punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. The sole purpose of punitive damages is to punish, penalize, or deter Defendants, and the amount you should impose should reflect that purpose only.

AUTHORITY:

　　Ga. Civil Pattern Instruction  66.740.

**DEFENDANTS' OBJECTION:**

This instruction may be appropriate for phase 2, but it does not need to be included in this set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants do not believe these damages are available. Defendants reserve the right to object to this instruction based on the evidence.

**PLAINTIFFS' RESPONSE:**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with any other proposed instructions under the header "Phase II." For the reasons explained above, Plaintiffs maintain that punitive damages are available under the TVPRA.

6489869.1

**Proposed Jury Instruction No. 2**
**Punitive Damages; Measure**

The measure of such damages is your enlightened conscience as an impartial

jury.

AUTHORITY:

Ga. Civil Pattern Instruction  66.741.

**DEFENDANTS' OBJECTION:**

This instruction is appropriate for phase 2, but it does not need to be included in this
set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants
do not believe these damages are available. Defendants reserve the right to object to
this instruction based on the evidence.

**PLAINTIFFS' RESPONSE:**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with
any other proposed instructions under the header "Phase II." For the reasons
explained above, Plaintiffs maintain that punitive damages are available under the
TVPRA.

6489869.1

**Proposed Jury Instruction No. 3**
**Intent to Harm; Acting With**

You have decided to impose punitive damages; you should further specify whether you find that Defendants acted with specific intent to cause harm. A party possesses specific intent to cause harm when that party desires to cause the consequences of its acts or believes that the consequences are substantially certain to result from it. Intent is always a question for the jury. Intent may be shown by direct or circumstantial evidence.

The Plaintiff must prove by a preponderance of the evidence that the defendant acted with "specific intent" to harm.

AUTHORITY:

Ga. Civil Pattern Instruction  66.711, 66.730.

**DEFENDANTS' OBJECTION:**

This instruction is likely appropriate for phase 2, but it does not need to be included in this set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants do not believe these damages are available. Defendants reserve the right to object to this instruction based on the evidence.

**PLAINTIFFS' RESPONSE:**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with any other proposed instructions under the header "Phase II." For the reasons explained above, Plaintiffs maintain that punitive damages are available under the TVPRA.

6489869.1

**Proposed Jury Instruction No. 4**
**Intent to Harm; Amplified**

Intent is ordinarily ascertained from acts and conduct. You may not presume Defendants acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced. The jury may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances with the alleged act.

AUTHORITY:

Ga. Civil Pattern Instruction  66.712.

**DEFENDANTS' OBJECTION:**

This instruction is likely appropriate for phase 2, but it does not need to be included in this set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants do not believe these damages are available. Defendants reserve the right to object to this instruction based on the evidence.

**PLAINTIFFS' RESPONSE:**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with any other proposed instructions under the header "Phase II." For the reasons explained above, Plaintiffs maintain that punitive damages are available under the TVPRA.

6489869.1

## Proposed Jury Instruction No. 5
## Punitive Damages; Amount; Guidelines

Where additional or punitive damages are sought to penalize, punish, or deter a defendant, you are not to measure the award as compensation to the Plaintiffs. Rather, you should fix the award in the amount which you as jurors find necessary to punish or penalize the Defendants for such conduct which threatens rights within the State of Georgia and to deter such conduct in the future. In considering the amount of punitive damages, you may consider the following factors:

(a) The nature and egregiousness of Defendants' conduct;

(b) The extent and duration of Defendants' wrongdoing and the likelihood of its recurrence;

(c) The intent of Defendants in committing the wrong;

(d) The profitability of Defendants' wrongdoing;

(e) The amount of actual damages awarded;

(f) The financial circumstances, that is, the financial condition and or the net worth of the defendant.

AUTHORITY:

Ga. Civil Pattern Instruction 66.750 (modified); O.C.G.A § 51-12-5.1; *Lyman v. Cellchem Int'l, Inc.*, 300 Ga. 475, 477 (2017).!

**DEFENDANTS' OBJECTION:**

This instruction is likely appropriate for phase 2, but it does not need to be included in this set. Defendants dispute its inclusion as to the TVPRA because Defendants do

157

not believe these damages are available. Defendants reserve the right to object to this instruction based on the evidence.

**PLAINTIFFS' RESPONSE:**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with any other proposed instructions under the header "Phase II." For the reasons explained above, Plaintiffs maintain that punitive damages are available under the TVPRA.

**Proposed Jury Instruction No. 6**
**Reprehensibility; Amplified**

In making your award, you should consider the degree of reprehensibility of Defendants' wrongdoing. You should consider all the evidence, both aggravating and mitigating to decide how much punishment the Defendant's conduct deserves. In assessing reprehensibility, you may consider whether

(a) The harm caused was physical, as opposed to economic

(b) The conduct showed indifference to or a reckless disregard of the health or safety of others

(c) The target of the conduct had financial vulnerability

(d) The harm was the result of intentional malice, trickery, or deceit.

AUTHORITY:

Ga. Civil Pattern Instruction  66.760.

**DEFENDANTS' OBJECTION:**

This instruction is likely appropriate for phase 2, but it does not need to be included in this set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants do not believe these damages are available. Defendants reserve the right to object to this instruction based on the evidence.

**PLAINTIFFS' RESPONSE**

Plaintiffs agree that this instruction should be given, if at all, at Phase II, along with any other proposed instructions under the header "Phase II." For the reasons explained above, Plaintiffs maintain that punitive damages are available under the TVPRA.

6489869.1

160

**Proposed Jury Instruction No. 7**
**Damages; Conclusion**

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the Defendant, and the purpose of punitive damages.

AUTHORITY:

Ga. Civil Pattern Instruction  66.780.

**DEFENDANTS' OBJECTION:**

This instruction is likely appropriate for phase 2, but it does not need to be included in this set. Defendants, however, dispute its inclusion as to the TVPRA because Defendants do not believe these damages are available.

Defendants reserve the right to object to this instruction based on the evidence.

This 11th day of June, 2024.


/s/ Marcella C. Ducca

Marcella C. Ducca (Ga Bar No. 115079)
Brandon D. Cox (Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone: 678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com


Sandra J. Wunderlich (pro hac vice)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102-1822
Telephone: 314.256.2550
Facsimile:  314.256.2549
sandra.wunderlich@tuckerellis.com


Chelsea Mikula (pro hac vice)
C. Ashley Saferight (pro hac vice)
Elisabeth C. Arko (pro hac vice)
Joseph A. Manno (pro hac vice)
Spencer E. Krebs (pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
chelsea.mikula@tuckerellis.com
ashley.saferight@tuckerellis.com
elisabeth.arko@tuckerellis.com
joseph.manno@tuckerellis.com
spencer.krebs@tuckerellis.com


/s/  Amanda Kay Seals

John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com
Manoj S. Varghese
Georgia Bar No. 734668
varghese@bmelaw.com
Amanda Kay Seals
Georgia Bar No. 502720
seals@bmelaw.com
Michael R. Baumrind
Georgia Bar No. 960296
baumrind@bmelaw.com
Juliana Mesa
Georgia Bar No. 585087
mesa@bmelaw.com

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree St., NW, Ste 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Rory A. Weeks
Georgia Bar No. 113491
rweeks@atclawfirm.com

Signature Page 1

6489869.1

*Attorneys for Defendants Red Roof*
*Inns, Inc., Red Roof Franchising,*
*LLC,* and *RRI West Management,*
*LLC*

Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiffs*

Signature Page 2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the within and foregoing **PARTIES' PROPOSED TRIAL JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 11th day of June, 2024.

*/s/ Amanda Kay Seals*
Amanda Kay Seals
Georgia Bar No. 502720
