**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P. and T.H., <br><br> Plaintiffs, <br> v. <br><br> RED ROOF INNS, INC.; <br> FMW RRI NC, LLC; <br> RED ROOF FRANCHISING, LLC; <br> RRI WEST MANAGEMENT, LLC; <br> and RRI III, LLC, <br><br> Defendants. | Civil Action No. <br> 1:20-CV-05263-VMC |

## <u>SUPPLEMENTAL PROPOSED CONSOLIDATED PRETRIAL ORDER</u>

Plaintiffs W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., K.P., and T.H. and Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Red Roof Franchising, LLC, RRI West Management, LLC, and RRI III, LLC, by and through their undersigned counsel, submit this supplemental proposed consolidated pretrial order. This supplemental order replaces the pretrial order submitted on October 13, 2023 (Doc. 425) and reflects the parties' further efforts to prepare the case for trial.

1

6407014.1

## 1.

**There are no motions or other matters pending for consideration by the court except as noted:**

Upon review of the Court's order on the Parties' summary judgment motions (Doc. 421), the Parties noticed what appears to be an error. In Footnote 4, the Court stated that it was "omit[ting] background information about Plaintiffs E.H., M.B., and D.P., as each of them only held claims against Defendant Varahi." However, all three of these Plaintiffs have the following live claims against the Red Roof Inn Defendants relating to trafficking at the Smyrna Red Roof:

- Count 1 (RICO, OCGA § 16-14-4(a))
- Count 2 (RICO, OCGA § 16-14-4(c))
- Count 3 (TVPRA)

(See Am. Compl., Doc. 31 at PDF 102–115.)

As part of their settlement with Varahi, these plaintiffs agreed to dismiss count 4 (the negligence count relating to the Smyrna Red Roof) against the Red Roof Inn Defendants, which the Court did when it adopted Plaintiffs' proposed order on September 8, 2023. (Doc. 420.) But the settlement with Varahi had no impact on Plaintiffs' claims in Counts 1, 2 and 3 against the Red Roof Inn Defendants relating to the Smyrna Red Roof.

6407014.1

The Parties see no need for reconsideration or even an amended summary judgment order because the order denied the Red Roof Inn Defendants' motions for summary judgment as to E.H., M.B., and D.P. (Docs. 271, 275, and 282). (Doc. 421 at 2–3, 32.) Plaintiffs also believe that such denial is consistent with the Court's substantive rulings, rejecting the Defendants' arguments.

Defendants' Motion to Sever (Doc. 434) remains pending. Plaintiffs oppose that motion. The parties are aware of no other motions or matters pending for consideration by the court.

Plaintiffs' intend to file a motion for protective order to permit Plaintiffs to be referred to by their initials during trial. Defendants intend to oppose this motion.

Defendants' motion to strike portions of Dr. Bliss' opinion is still outstanding. The parties did meet and confer and were unable to reach agreement. Further, Defendants intend to move to strike portions of Dr. Whitmore's testimony, whose deposition was just completed. Plaintiffs intend to oppose these motions.

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Pursuant to agreement, the parties are completing the depositions of expert witnesses and will cooperate to schedule trial depositions, if any.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under 18 U.S.C. § 1595(a), and pursuant to 28 U.S.C. § 1367 because Plaintiffs' state law claims form part of the same case or controversy as their federal law claims.  There is no dispute as to jurisdiction.

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Patrick J. McDonough

4

6407014.1

Georgia Bar No. 489855
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

**Defendants:**
Chelsea R. Mikula
Ohio Bar No. 0086453
chelsea.mikula@tuckerellis.com
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
(216) 592-5000 – Telephone
(216) 592-5009 – Facsimile

Sandra J. Wunderlich
Missouri Bar No. 39019
sandra.wunderlich@tuckerellis.com
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO 63102
(314) 256-2544 - Telephone

6407014.1

**Other parties:**

None

## 6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

## 7.

**The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

## 8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

Plaintiffs request to bifurcate the consideration of punitive damages pursuant to O.C.G.A. §51-12-5.1(d), which provides that "the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made." Then, "[i]f it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case."

6407014.1

Defendants agree the issue of punitive damages will be bifurcated to the extent the procedure is consistent with O.C.G.A. 51-12-5.1.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

The parties do not request any additions to Judge Calvert's standard jury qualification questions.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

**11.**

**State any objections to plaintiff's voir dire questions:** *See* below.

**State any objections to defendant's voir dire questions:** *See* below.

**State any objections to the voir dire questions of the other parties, if any:**

7

6407014.1

The parties filed their voir dire questions and objections, per the Court's instructions.

**12.**

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by <u>28 U.S.C. § 1870</u>.  *See* <u>Fed.R.Civ.P. 47(b)</u>.**

Given the potentially sensitive nature of the subject matter of the lawsuit, which may involve discussion of sex trafficking and prostitution, including physical violence, sexual violence, and sexual trauma, the parties propose a larger panel of 40 potential jurors and a total of 6 peremptory challenges.

Furthermore, given the nature of the facts at issue, the parties also propose that the jurors complete a questionnaire in advance of voir dire. A questionnaire permits jurors to disclose sensitive information in a more discreet manner than if questions were posed in open court. The parties will confer with the goal of submitting a joint questionnaire in advance of the pre-trial conference.

**13.**

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

6407014.1

**Plaintiffs' position**: *Jane Does 1–4 v. Red Roof Inns, Inc. et al,* civil action no. 1:21-cv-4278-WMR, involved similar factual allegations and legal claims arising out of alleged sex trafficking and prostitution at the same two Red Roof Inn hotels. This case has now settled.

**Defendants' position**: There are no related cases. The *Jane Doe* case involved

different plaintiffs, different traffickers, at different time periods and therefore did

not arise out of the same or similar occurrences as this case.

## 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

## 15.

**Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.   All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed:  (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that**

particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

### 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

The parties are in the process of meeting and conferring on stipulations of fact and will submit any in advance of the pre-trial conference.

### 17.
The legal issues to be tried are as follows:

**By Plaintiffs:**

(1) Whether Defendants engaged in racketeering activity, in violation of state and federal law, including but not limited to O.C.G.A. §§ 16-6-9, 16-6-10, 16-6-11, 16-14-3, 16-5-46, 18 U.S.C. § 1591, and 18 U.S.C. § 1595.

(2) Whether FMW, RRI West, RRI, and Red Roof Franchising (Collectively "Smyrna Red Roof Defendants") are liable to Plaintiffs under the TVPRA, 18 U.S.C. § 1595.

(3) Whether RRI III, RRI West, RRI, and Red Roof Franchising (Collectively "Buckhead Red Roof Defendants") are liable to Plaintiffs under the TVPRA, 18 U.S.C. § 1595.

(4) Whether Smyrna Red Roof Defendants RRI, and Red Roof Franchising, and RRI West are liable to Plaintiffs for violating the

Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. §§ 16-14-4, 16-14-6.

(5) Whether Buckhead Red Roof Defendants are liable to Plaintiffs for violating the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. §§ 16-14-4, 16-14-6.

(6) Whether Smyrna Red Roof Defendants are liable to Plaintiffs in negligence for the time period prior to December 14, 2012.

(7) Whether Buckhead Red Roof Defendants are liable to Plaintiffs in negligence.

(8) Whether the totality of the circumstances show that the Smyrna Red Roof Defendants were negligent in the operation of the Smyrna hotel.

(9) Whether the totality of the circumstances show that the Buckhead Red Roof Defendants were negligent in the operation of the Buckhead hotel.

(10)    Whether the Defendants are liable to Plaintiffs for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, punitive damages and treble damages under Georgia RICO.

(11)    Whether the Defendants are liable to Plaintiffs for costs, expenses and reasonable attorneys' fees including fees pursuant to the TVPRA, Georgia RICO, O.C.G.A. § 13-6-11, and O.C.G.A. §9-11-68(e) and any other fee-shifting statute.

(12)    Whether Georgia law, O.C.G.A. § 51-12-33, permits Defendants to apportion damages to non-parties for Plaintiffs claims under the TVPRA, 18 U.S.C. § 1595, a federal statute to which the default rule of joint and several liability applies.

(13)    Whether Plaintiffs are entitled to punitive damages against Defendants.

(14)    Any additional legal issues raised by any affirmative defenses or counterclaims Defendants may assert.

**By Defendants:**

(1) Whether Plaintiffs' negligence claims are time-barred by the two-year statute of limitations, which accrued when there was a negligent act coupled with a proximately resulting injury. O.C.G.A. § 9-3-33.

(2) Whether Plaintiffs' Georgia civil RICO claims are time-barred by the five-year statute of limitations. O.C.G.A. § 16-14-8.

(3) Whether Defendants can be held liable for allegations of trafficking occurring at the Smyrna location after Varahi Hotels, LLC (Varahi) franchised Smyrna on December 14, 2012 or thereafter, including whether franchisee Varahi was an agent or apparent agent of Defendants, and whether Defendants owed a duty to Plaintiffs after that time.

(4) Whether Defendant Red Roof Franchising, as the franchisor of the Smyrna property after December 14, 2012, or any Red Roof Defendant can be held vicariously liable for the acts or omissions of the franchisee, Varahi, including whether any Defendant obligated itself to pay the debts of Varahi, and whether Varahi was an alter ego of the franchisor.

(5) Whether Red Roof Defendants maintained ownership, operation, and/or control of the Smyrna property after it was franchised to Varahi on December 14, 2012.

(6) Whether Plaintiffs can meet their burden to prove that Defendants are liable for negligence, including whether the intervening criminal actions of third parties (the traffickers, John Doe Johns, and John/Jane Doe Accomplices) were reasonably foreseeable, which would trigger a duty to take ordinary precautions to protect against a third party's intervening criminal acts. O.C.G.A. § 51-3-1.

(7) Whether Plaintiffs had superior knowledge of the specific dangers of the commercial sex trade as compared to Defendants.

(8) Whether and what percentage of fault should be apportioned to various non-parties identified in Defendants' Notices of Intent to Seek Apportionment of Fault Against Non-Parties (ECF Doc. Nos. 66, 67, 68, 69, 302, and 312), including: Plaintiffs' various alleged traffickers; the

6407014.1

alleged purchasers of sex and sexual acts performed by Plaintiffs (John Doe Johns); individuals who allegedly provided help and assistance to Plaintiffs' traffickers (John and Jane Doe Accomplices); owners and operators of additional hotels where Plaintiffs were allegedly trafficked; online websites were Plaintiffs were allegedly subjected to online advertising for the sale of illegal commercial sex; Varahi Hotels, LLC (Varahi) franchisee and owner/operator of the Smyrna location starting on December 14, 2012; and security companies providing security services at the Smyrna and Buckhead locations during some or all of the time periods of Plaintiffs' alleged trafficking. O.C.G.A. § 51-12-33.

(9) Whether the acts or omissions of any third party (including those for whom apportionment of fault is sought) constitutes a superseding/intervening cause such that the alleged causal connection was broken between Defendants' alleged acts or omissions and Plaintiffs' alleged injuries.

(10) Whether Plaintiffs engaged in acts of voluntary commercial sex (prostitution) or were trafficked as required by the TVPRA by means of force, threats of force, fraud, or coercion. 18 U.S.C. § 1591.

(11) Whether Defendants can be held liable as a beneficiary under the TVPRA, including whether Defendants directly and knowingly participated in a venture with Plaintiffs' alleged traffickers, which they knew or should have known was a violation of the TVPRA, whether Defendants knowingly benefitted from Plaintiffs' alleged trafficking, and whether Defendants knew or should have known that each individual Plaintiff was being trafficked in violation of the TVPRA. 18 U.S.C. § 1595.

(12) Whether Plaintiffs' recovery is barred because they engaged in the commission of any alleged predicate act under GA RICO, and cannot recover for any crimes that they committed.

(13) Whether recovery for each Plaintiff's injuries should be limited or barred as a result of her own contributory and comparative fault, due to her own intentional, negligent, or criminal conduct which contributed to or caused her alleged injuries and damages, including whether each Plaintiff assumed the risk of injury.

(14) Whether Plaintiffs' alleged injuries and damages are fully or partially due to pre-existing and subsequent conditions and events unrelated to the alleged trafficking, including but not limited to health or mental health conditions, physical, mental, and sexual abuse, and drug use, abuse, and dependence.

(15) Whether Defendants can be held liable for claims by W.K., R.P., E.H., M.B., and D.P., with respect to allegations of trafficking occurring at the Smyrna location, including whether franchisee Varahi (or any agent or employee of Varahi) was an agent or apparent agent of any of the Defendants.

(16) Whether Plaintiffs can meet their burden to prove that Defendants violated GA RICO, including whether Defendants were involved in a pattern of racketeering activity, whether each Plaintiff was the intended target of any alleged predicate act, and whether each Plaintiff's injury was the direct result of a predicate act targeted toward her, such that she was the intended victim. O.C.G.A § 16-14-4.

(17) Whether Plaintiffs can meet their burden to prove that Defendants directly and knowingly engaged in trafficking an individual for sexual servitude or keeping a place of prostitution in violation of GA RICO, or intentionally encouraged, aided, or abetted another to commit those crimes. O.C.G.A. § 16-14-1, *et. seq.*

(18) Whether Plaintiffs can meet their burden to prove that any act or omission allegedly committed by an agent or employee of Defendants, and that is alleged to constitute evidence of negligence, a violation of the TVPRA, or of Georgia RICO, whether such act was committed within the course and scope of his employment and on behalf of Defendants.

(19) Whether Plaintiffs can meet their burden to prove that Defendants knowingly and willfully joined a conspiracy with a common plan or purpose to commit two or more predicate acts in violation of GA RICO, and whether an overt act to effect the object of the conspiracy was committed.

(20) Whether Plaintiffs' claims are barred or limited by the doctrines of acquiescence, waiver, estoppel, or laches.

(21) Whether Plaintiffs' GA RICO claims are barred by the defense of *in pari delicto*, which prohibits a plaintiff from recovering from a conspiracy that they participated in.

(22) Whether Plaintiffs' claims are barred because they have released, settled, entered into accord and satisfaction, or otherwise compromised their claims.

(23) The amount and extent of alleged injuries and damages incurred by each Plaintiff, and whether Plaintiffs' alleged injuries and damages were proximately caused by Defendants.

(24) Whether fault should be apportioned under the TVPRA because joint and several liability does not apply.

(25) Whether Plaintiffs are entitled to an award of punitive damages under any claim, and if so if the punitive damages are capped.

(26) Whether Plaintiffs are entitled to an award of attorney's fees.

**18.**

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

**19.**

**Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.**

**Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.**

**Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

For the Court's convenience, the Parties' objections to the other sides' exhibits are noted in an "Objections" column on each exhibit list, rather than on a separate page attached to the exhibit list. The parties will confer in an attempt to resolve or

16

6407014.1

reduce the number of objections in advance of trial and believe many should be resolved by this Court's rulings on the various motions in limine.

**20.**

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

The Parties exchanged their proposed deposition designations, attached hereto

as Attachment J-1 and J-2.  The Parties are continuing to confer and anticipate that

the Court's rulings on motions in limine will assist the parties in resolving additional

objections.  The parties will submit any remaining objections to the Court in advance

of trial.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

**21.**

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

6407014.1

The parties will submit trial briefs, if any, to the Court at least fourteen (14)

days before the start of the trial.

**22.**

  **In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.**

  **Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

**23.**

  **If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

  The parties will submit proposed verdict forms to the Court pursuant to the

Court's Instructions.

**24.**

  **Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

6407014.1

The parties request that they be permitted up to one hour (for each side) for opening statements and closing arguments.

## 25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

## 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on March 14, 2023, and plan to meet again on May 13, 2024, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (___X_) has not discussed settlement of this case with counsel.  It appears at this time that there is: (_____) A good possibility of settlement. (_____) Some possibility of settlement. (__X__) Little possibility of settlement. (_____) No possibility of settlement.

## 27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

## 28.

The plaintiff estimates that it will require 7–10 days to present its evidence.  The defendant estimates that it will require 5-7 days to present its evidence.  The other parties estimate that it will require _____ days to present their evidence.  It is estimated that the total trial time is 12–17 days.

## 29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (x) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it

6407014.1

**supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court. IT IS SO  ORDERED  this  13th day of June, 2024.**

_____
**UNITED STATES DISTRICT JUDGE**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

_/s/ Tiana S. Mykkeltvedt_                                    _/s/ Chelsea R. Mikula_
Tiana S. Mykkeltvedt                                    Chelsea R. Mikula
**Counsel for Plaintiffs**                                    **Counsel for Defendants**